IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PA ADVISORS, LLC, | |
| Plaintiff, | |
| v. | CASE NO. 2:07-CV-480 (TJW) |
| GOOGLE INC., et al. | JURY TRIAL DEMANDED |
| Defendants. | |

### DEFENDANT YAHOO! INC.'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT

Defendant Yahoo! Inc. ("Yahoo!") hereby moves, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the claims against Yahoo! in Plaintiff PA Advisors, LLC's ("Plaintiff") Original Complaint for Patent Infringement ("Complaint") for failure to state a claim upon which relief can be granted. In the alternative, Yahoo! hereby moves for a more definite statement of Plaintiff's claims against Yahoo! pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. Pursuant to Rule 12(b), Yahoo! files this motion in lieu of an answer and without waiving its right to answer the allegations in Plaintiff's Complaint.

### I.     SUMMARY OF ARGUMENT

The Complaint fails to comply with the requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Plaintiff's pleadings of patent infringement are conclusory and lack supporting facts, thus failing to state a claim upon which relief can be granted.

1

The allegations in the Complaint provide no facts showing that Yahoo! directly infringes, contributorily infringes, or induces infringement of U.S. Patent No. 6,199,067 (the "'067 patent"). Instead, the Complaint merely states unsupported legal conclusions that fail to identify the legal elements of the infringements purportedly alleged, particularly with respect to Plaintiff's allegations of contributory infringement and induced infringement. Moreover, the description of accused products is indecipherable, open-ended and vague, placing the burden on determining the accused products on Yahoo!. Further obscuring their allegations, the Plaintiff describes in a letter sent to the Defendants, an even larger, open ended, and more varied description of accused products. *See* Exhibit 1. This motion to dismiss should be granted because the claims against Yahoo! amount to legal conclusions, made without any supporting facts, and comprise vague and indefinite descriptions of allegedly infringing products.

In the alternative, and for the same reasoned outlined above, Plaintiff should provide a more definite statement concerning Yahoo!'s alleged infringement. A more definite statement is further needed because there is no factual showing of how any of Yahoo!'s products and services infringe the '067 patent.

## II.    STATEMENT OF FACTS

Plaintiff filed its Complaint on November 2, 2007, against Yahoo! and twelve additional Defendants alleging infringement of the '067 patent. Compl. ¶¶ 20-36. The '067 patent purportedly relates to methods of performing internet searches utilizing the linguistic patterns of an internet searcher. No Defendant has yet answered this Complaint.

The Complaint includes a single statement in support of its infringement claims against Yahoo!. The Complaint alleges that

> Yahoo! has been and now is directly, literally and/or, upon information and belief, jointly, equivalently and/or indirectly infring[ing] by way of inducing infringement by others and/or contributing to the infringement by others of the '067 Patent in the State of Texas and elsewhere in the United States by providing, among other things, methods and systems (including, but not limited to, Yahoo Search Marketing) implemented by and through various websites (including, but not limited to www.yahoo.com) that comprise systems and methods for automatically generating personalized user profile and for utilizing the generated profiles to perform adaptive internet or computer data searches as covered by one or more claims of the '067 patent.

Compl. ¶ 21.

Shortly after the complaint was filed and before any discovery was due, Plaintiff sent a letter to Yahoo!'s counsel pertaining to the parties' discovery obligations. *See* Exhibit 1, pp. 1-6. The letter attempts to describe accused products and services that are both different and broader than what was stated in the Complaint. The letter states that the

> accused methods and systems in this case comprise websites, search engines, and other hosted software products and services for data processing (collectively "products") made, used, sold (or licensed), offered for sale (or license), or imported into the United States by or for Yahoo from November 2, 2000 to the present that are involved in automatically generating personalized user profiles and utilizing the generated profiles to perform adaptive Internet or computer data searches (collectively, the "Relevant Systems"). Such Relevant Systems include without limitation, www.yahoo.com, Yahoo! Search Marketing, Sponsored Search, Y!Q Search, Yahoo! Behavioral Targeting, Fusion, Impulse, Shoppers, Engagers, Yahoo! Publisher Network, and furthermore, all products that communicate with, interact with, connect to, serve as an adapter for interface with, or exchange data with the foregoing. The Relevant Systems further include, without limitation, products, including, without limitation, predecessor and/or successor products, which function at least reasonably similarly to the Relevant Systems, including any product that would reasonably fall within the scope of the claims of the patent-in-suit if at least www.yahoo.com, Yahoo! Search Marketing, Sponsored Search, Y!Q

3

Search, Yahoo! Behavioral Targeting, Fusion, Impulse, Shoppers, Engagers, and Yahoo! Publisher Network are found to fall within such scope.

Exhibit 1, pp. 1-2.

### III.    ARGUMENT

**A.    The Court Should Dismiss the Complaint Against Yahoo! Because Plaintiff's Infringement Allegations Are Conclusory And Are So Devoid of Facts That They Fail To State A Claim Upon Which Relief Can Be Granted**

**1.    The Applicable Standard for a Motion to Dismiss**

The Federal Rules of Civil Procedure require more than blanket assertions to comply with the pleadings standard of Rule 8(a). Rule 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must contain "more than labels and conclusions, and a formulaic recitation of a cause of action's elements." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations and footnote omitted). A complaint can be attacked by motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure if it does not comply with the requirements of Rule 8(a). *See Id*. Plaintiff's Complaint with respect to Yahoo! consists of legal conclusions instead of factual allegations and are patently vague and ambiguous. As a result, the Complaint fails to meet the minimum pleading standard and should be dismissed.

In *Bell Atlantic*, the Supreme Court affirmed the district court's decision to dismiss an antitrust complaint that did not allege the facts needed to plausibly suggest the existence of a contract that violated § 1 of the Sherman Act. *Id*. at 1964-70. The Court explained that more than blanket assertions are needed to comply with Fed. R. Civ. P. 8(a) and a factual

4

"showing" is necessary not only to provide "fair notice of the nature of the claim, but also [the] grounds on which the claim rests." *Id*. at 1965 n. 3 (citations omitted). Accordingly, a proper complaint must allege enough facts to state of claim for relief that is plausible on its face to "nudge [the plaintiff's] claims across the line from conceivable to plausible." *Id.* at 1974; *see also Rios v. City of Del Rio*, 444 F.3d 417, 421 (5th Cir. 2006) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.") (quoting *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)); *Beenal v. Freeport McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999) ("[A] complaint, which contains a 'bare bones' allegation that a wrong occurred and which does not plead any of the facts giving rise to the injury, does no provide adequate notice.").

*Bell Atlantic* clarified the pleading standard originally considered the "no set of facts" standard of *Conley*. *See Bell Atl. Corp.*, 127 S. Ct. at 1968. The Court warned against the literal application of the *Conley* standard and explained that the case merely "described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival." *Id*. at 1969. In its consideration of a Rule 12(b)(6) motion, the 5th Circuit has held that "in *Bell Atlantic*, the Supreme Court made clear that the *Conley* rule is not 'the minimum standard of adequate pleading to govern a complaint's survival.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 n. 10 (5th Cir. 2007) (quotations omitted).[1] As such, Plaintiff is required to at least

---

[1] The Federal Circuit applies the law of the regional circuit when reviewing a rule 12(b)(6) ruling. *C & F Packing Co. v. IBP, Inc.*, 224 F.3d 1296, 1306 (Fed. Cir. 2000).

5

plead facts that allege how Yahoo! allegedly infringes the '067 patent in more than just conclusory fashion.

The pleading standard, as clarified in *Bell Atlantic*, has been applied specifically to pleadings made in patent infringement actions. *See AntiCancer Inc. v. Xenogen Corp., et al.*, 2007 U.S. Dist. LEXIS 59811, *9-10 (C.D. Cal. Aug. 13, 2007). In *AntiCancer*, the Court ruled that in patent infringement cases, the pleading standard calls for parties to "demonstrate a plausible entitlement to relief." *Id*. at *10. The Court granted the defendants' motion to dismiss the two claims of infringement as the plaintiff "failed to plead any further facts beyond a bare statement of direct and indirect infringement so as to demonstrate a plausible entitlement to relief." *See Id*. at *11.

In addition, patent infringement allegations that include an open ended description of allegedly infringing products have been found to not meet the basic pleading standard. *See Ondeo Nalco Co. v. EKA Chemicals, Inc.*, No. 01-537 SLR, 2002 U.S. Dist. LEXIS 26195, *3-4, n.2 (D. Del. Aug 10, 2002). In *Ondeo Nalco*, the defendant filed a counterclaim alleging infringement against the plaintiff. *Id*. The defendant identified the allegedly infringing products as "Nalco's products, including the 8692 product" and "products, including the product numbered 8692, . . . that are used in paper-making processes." *Id*. *4, n. 2. The Court ruled that such descriptions insufficiently identified which products were being accused of infringement with the exception of the 8692 product itself. *Id*. at *4.

### 2. Plaintiff's Allegations of Infringement Fail to Satisfy the Pleading Requirements of Rule 8(a) and Should be Dismissed

Plaintiff's allegations of infringement against Yahoo! are as scarce as the allegations pleaded in *Anticancer* and *Ondeo Nalco,* which failed to meet the Rule 8(a) standard. The

6

Complaint alleges that Yahoo! directly, literally, jointly, equivalently, and indirectly infringes by way of inducing infringement by others and/or contributing to the infringement by others of the '067 Patent. Compl. ¶ 21. Instead of providing sufficient facts supporting the allegation that Yahoo!'s accused products or services infringe the '067 patent, the Complaint merely states conclusory allegations that Yahoo! provides systems and methods that are covered by one or more claims of the '067 patent. Thus, the Complaint fails to provide sufficient facts showing culpable conduct on Yahoo!'s part. *Bell Atl. Corp.*, 127 S. Ct. at 1965 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement or relief.").

Further, the Complaint provides vague and overbroad descriptions of Yahoo!'s accused products and services. After accusing the extensive website, www.yahoo.com, the Complaint refers generally to "methods and systems . . . implemented by and through various websites . . . that comprise systems and method for automatically generating personalized user profiles and for utilizing the generated profiles to perform adaptive Internet or computer data searches as covered by one or more claims of the '067 patent." Compl. ¶ 21. [2]

> Plaintiff failed to clarify the ambiguity as to the accused products, and further obscured any attempt to decipher such products in a letter to Yahoo!, which states that the accused systems "further include, without limitation, products, including, without limitation, predecessor and/or successor products, which function at least reasonably similarly to the [accused products], including any products that would reasonably fall within the scope of the claims of the patent-in-suit."

---

[2] The Complaint also provides less notice of infringement as Form 16 of the Appendix of Forms in the Federal Rules of Civil Procedure. The sample allegations in Form 16 are not open ended but provide a clear connection between the patented item and a discrete list of accused products. Fed. R. Civ. P., App. of Forms, Form 16.

7

*See* Exhibit 1, pp. 1-2.  The statements provided in the Complaint and Plaintiff's letter are too vague to provide Yahoo! with fair notice of the accused products.  Moreover, these statements improperly transfer the burden of deciphering Plaintiff's infringement claims to Yahoo!.  Thus, Plaintiff's factual allegations do not satisfy Rule 8(a)(2).  *See Ondeo Nalco*, 2002 U.S. Dist. LEXIS 26195, at *1-2.

### 3. Plaintiff's Allegations of Contributory Infringement Should be Dismissed for Lack of any Factual Support

The Complaint fails to adequately plead facts sufficient to support a claim of contributory infringement.  An accused infringer may be held liable as a contributory infringer under 35 U.S.C. § 271(c) if it is shown that (1) the defendant made or practiced the patented device or process, (2) that the device or process has no substantial non-infringing uses, (3) and that the defendant sold or provided the device or process within the United States to a customer, and (4) whose use constituted an act of direct infringement.  *See, e.g., DSU Med. Corp. v. JMS, Co.*, 471 F.3d 1293, 1303 (Fed. Cir. 2006) (sitting *en banc* on inducement only).  Failure to adequately plead facts supporting contributory infringement can lead to a dismissal of that claim.  *See Performance Aftermarket Parts Group, LTD. v. TI Group Automotive Systems, LLC*, 2007 U.S. Dist. LEXIS 70974, at *8 (S.D. Tex. Sep. 25, 2007) (The Court ruled that the defendant's contributory infringement counterclaim was inadequate under Fed. Rule Civ. Pr. 8(a) and dismissed Defendant's counterclaim because there were no factual allegations that would have supported a contributory infringement claim).

The patentee also has the burden of "show[ing] direct infringement of each instance of indirect infringement." *DSU Med. Corp.*, 471 F.3d at 1303.  As such, Plaintiff's

Complaint must allege facts that plausibly show that the elements for contributory infringement are met. Instead of pleading such factual allegations, the Complaint merely makes the conclusory statement that Yahoo! is "contributing to the infringement by others of the '067 patent." Compl. ¶ 21. The Complaint does not identify a particular entity that directly infringes the patent, nor does it provide any facts pertaining to the lack of non-infringing uses of the methods in the '067 patent.

The facts necessary to state a claim of contributory infringement according to the standards applied in *Bell Atlantic* and *DSU* are not alleged in Plaintiff's Complaint. Therefore, the Court should dismiss any claim against Yahoo! based upon contributory infringement.

### 4. Plaintiff's Allegations of Inducing Infringement Should be Dismissed for Lack of any Factual Support

The Complaint fails to plead facts sufficient to support a claim for inducing infringement. An accused infringer who "actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). A properly plead complaint alleging inducement to infringe must contain facts that plausibly show that (1) the accused infringer knew of the patent in suit, (2) the accused infringer knowingly and actively aided and abetted another's direct infringement, (3) the accused infringer possessed the *specific intent* to encourage another's direct infringement, and (4) that the direct infringement which was encouraged actually occurred. *See DSU Med. Corp.*, 471 F.3d at 1304-06. The intent element must be plead with "evidence of culpable conduct, not merely, that the inducer had knowledge of the direct infringer's activities." *Id*. at 1306.

The Complaint simply states that Yahoo! has been "indirectly infringing by way of inducing infringement by others" of the '067 patent. Compl. ¶ 21. Plaintiff's Complaint is devoid of any facts that, even if accepted as true, would support a claim of inducing infringement. Specifically, there are no factual allegations of knowledge or intent.

Plaintiff's Complaint fails to plead facts that are necessary to state a claim of inducing infringement according to the standards set forth in *Bell Atlantic* and *DSU*. Accordingly, the Court should dismiss any claim against Yahoo! for inducing infringement of the '067 patent.

### B.     Alternatively, The Court Should Order Plaintiff To Provide A More Definite Statement About Yahoo!'s Alleged Infringement

If the Court determines that Plaintiff's claims against Yahoo! should not be dismissed, Yahoo! requests, under Fed. Rule Civ. P. 12(e), that Plaintiff be ordered to provide a more definite statement setting forth the Plaintiff's infringement allegations against Yahoo!. Rule 12(e) allows a party to move for a more definite statement when a complaint contains infringement allegations, such as in the present Complaint, that are so vague and ambiguous that they must be amended so that the responding party can draft a responsive pleading. Fed. Civ. P. 12(e), *see also Beanal*, 197 F.3d 161, 164 ("If a complaint is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed, the property remedy is a motion for a more definite statement under Rule 12(e)."). A motion for more definite statement is appropriate when the complaint is "so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself." *Sefton v. Jew*, 204 F.R.D. 104, 106 (W.D. Tex. 2000) (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1376 (2d ed. 1990)).

Courts have often requested that a plaintiff provide a more definite statement when the plaintiff's complaint contains only "bald, conclusory statements." *Diabetes Centers of America, Inc. v. Health PIA America, Inc.*, 2007 U.S. Dist. LEXIS 41427, *8 (S.D. Tex. June 7, 2007). Patentee plaintiffs have also been required to provide a more definite statement when the plaintiff has failed to accurately identify the accused infringing product or service. *See, e.g., In re Papst Licensing GmbH Patent Litig.*, MDL 1298, 2001 U.S. Dist. LEXIS 2255, at *4 (E.D. La. Feb. 22, 2001) (granting a motion for a more definite statement where the allegations of infringement encompassed any IBM product that contained a hard disk drive); *Bay Indus., Inc. v. Tru-Arx Mfg., LLC*, No. 06-C-1010, 2006 U.S. Dist. LEXIS 86757, at *5-6 (E.D. Wis. Nov. 29, 2006)(granting a motion for a more definite statement where the plaintiff failed to identify any allegedly infringing product or set forth a limiting parameter). It is reasonable for a district court to "insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." *Bell Atl. Corp.*, 127 S. Ct. at 1967; *see also Performance Aftermarket Parts Group*, 2007 U.S. Dist. LEXIS 70974 at *5.

Plaintiff's Complaint attempts to "foist the burden of discerning what products it believes infringe the patent onto defense counsel." *See eSoft v. Astaro Corp.*, 2006 U.S. Dist. LEXIS 52336, at *4 (D. Colo. July 31, 2006). As discussed above, Plaintiff's Complaint provides ambiguous and open ended references to "other things, methods and systems" and "various websites" as allegedly infringing the '067 patent. Plaintiff's December 11th letter goes further and describes the accused products as "websites, search engines, and other hosted software products and services for data processing (collectively 'products') made, used, sold (or licensed), offered for sale (or license), or imprinted into the United States by or for Yahoo from November 2, 2000 to the present." *See* Ex. 1, at p. 1. To respond to the

ambiguous allegations in the Complaint, particularly in view of the "everything under the sun" product descriptions in the Complaint and letter, Yahoo! would have to scour its entire portfolio of products and services distributed across all of its websites to determine whether any "methods and systems" among any of its "various websites" allegedly infringe the '067 patent. Such a search would place an unreasonable burden on Yahoo! when that burden should properly rest with Plaintiff. *See In re Papst*, 2001 U.S. Dist. LEXIS 2255 at * 4-5; *see also Bay Indus., Inc. v. Tru Arx Mfg., LLC*, U.S. Dist. LEXIS 86757, at *5 (E.D. Wis. Nov. 29, 2006) ("Defendant should not have to guess which of its products infringes nor guess how its products might fall within plaintiff's interpretations of the claims of the patent."). [3]

Additionally, Plaintiff should provide a more definite statement because the complaint lacks a sufficient factual showing of how any of Yahoo!'s products or services allegedly infringe the '067 patent. As argued above, a more definite statement is further needed also because the Complaint's allegations of contributory and induced infringement are deficient and, to the extent other infringement allegations are presented, they are merely conclusory statements of infringement.

## IV. CONCLUSION

For the aforementioned reasons, Yahoo! respectfully requests that the Court dismiss Plaintiff's claims of patent infringement against Yahoo!. In the alternative, Plaintiff should be ordered to provide a more definite statement of its claims, including an identification of

---

[3] Although the Plaintiff's December 11th letter contains open ended and ambiguous product descriptions, it lists ten "Relevant Systems" that, inexplicably, are not listed in the Complaint. *Compare* Ex. 1. p. 1-2 and Compl. ¶ 21.

the particular aspect or aspects of Yahoo!'s products and services that allegedly infringe the '067 patent, and an explanation of how those aspects of Yahoo!'s products and services allegedly infringe the '067 patent.

Respectfully submitted,

Dated: December 21, 2007

By: */s/ Michael E. Jones*
Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
POTTER MINTON
110 N. College, Suite 500
PO Box 359
Tyler, TX 75710
Telephone: 903-597-8311
Fax: 903-593-0846

Jason C. White
jwhite@usebrinks.com
Richard D. Watkins
rwatkins@usebrinks.com
Miyoung Shin
mshin@usebrinks.com
BRINKS HOFER GILSON & LIONE
NBC Tower-Suite 2500
455 N. Cityfront Plaza Dr.
Chicago, IL 60611
Telephone: 312-321-4200
Fax: 312-321-4299

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 21st day of December 2007. Any other counsel of record will be served by first class U.S. mail on this same date.

*/s/ Michael E. Jones*

13