# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

|  |  |
|---|---|
| PA ADVISORS, LLC., )<br>)<br>v. )<br>)<br>(1) GOOGLE INC. )<br>(2) YAHOO! INC. )<br>(3) FACEBOOK, INC. )<br>(4) CONTEXTWEB, INC. )<br>(5) SPECIFIC MEDIA, INC. )<br>(6) FAST SEARCH & TRANSFER ASA )<br>(7) FAST SEARCH & TRANSFER, INC. )<br>(8) AGENTARTS, INC. )<br>(9) SEEVAST CORPORATION )<br>(10) PULSE 360, INC. )<br>(11) WPP GROUP USA, INC. )<br>(12) WPP GROUP PLC )<br>(13) 24/7 REAL MEDIA, INC. ) | Civil Action No. 2:07-CV-480 TJW<br><br>**JURY** |

## SPECIFIC MEDIA, INC.'S ANSWER AND COUNTERCLAIMS

Defendant Specific Media, Inc. hereby responds to the Complaint dated November 2, 2007 filed by PA Advisors LLC, states counterclaims against PA Advisors, and demands a trial by jury on all issues so triable.

### PARTIES

1. Specific Media lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 of the Complaint, and on that basis denies those allegations.

2. Specific Media lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2 of the Complaint, and on that basis denies those allegations.

- 1 -

3. Specific Media lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 3 of the Complaint, and on that basis denies those allegations.

4. Specific Media lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 4 of the Complaint, and on that basis denies those allegations.

5. Specific Media lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 5 of the Complaint, and on that basis denies those allegations.

6. Admitted.

7. Specific Media lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 7 of the Complaint, and on that basis denies those allegations.

8. Specific Media lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 of the Complaint, and on that basis denies those allegations.

9. Specific Media lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 9 of the Complaint, and on that basis denies those allegations.

10. Specific Media lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 10 of the Complaint, and on that basis denies those allegations.

11. Specific Media lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 11 of the Complaint, and on that basis denies those allegations.

12. Specific Media lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 12 of the Complaint, and on that basis denies those allegations.

13. Specific Media lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 13 of the Complaint, and on that basis denies those allegations.

14. Specific Media lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 14 of the Complaint, and on that basis denies those allegations.

## JURISDICTION AND VENUE

15. Admitted.

16. Specific Media denies the allegations contained in Paragraph 16 of the Complaint as they relate to Specific Media. Specific Media lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 16 of the Complaint as they relate to the other defendants named in the Complaint, and on that basis denies those allegations.

17. Specific Media admits that this Court has personal jurisdiction over Specific Media. Specific Media denies the remainder of the allegations contained in Paragraph 17 of the Complaint as they relate to Specific Media. Specific Media lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 17 of the Complaint as they relate to the other defendants named in the Complaint, and on that basis denies those allegations.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 6,199,067

18. Specific Media admits that U.S. Patent No. 6,199,067 (the '067 patent) is titled "System and Method for Generating Personalized User Profiles and for Utilizing the Generated User Profiles to Perform Adaptive Internet Searches," that the cover page of the patent states the patent issued on March 6, 2001, and that a copy of the patent is attached as Exhibit A to the Complaint. Specific Media lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 18 of the Complaint, and on that basis denies those allegations.

19. Admitted.

20. Specific Media lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 20 of the Complaint, and on that basis denies those allegations.

21. Specific Media lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 21 of the Complaint, and on that basis denies those allegations.

22. Specific Media lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 22 of the Complaint, and on that basis denies those allegations.

23. Specific Media lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 23 of the Complaint, and on that basis denies those allegations.

24. Denied.

25. Specific Media lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 25 of the Complaint, and on that basis denies those allegations.

26. Specific Media lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 26 of the Complaint, and on that basis denies those allegations.

27. Specific Media lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 27 of the Complaint, and on that basis denies those allegations.

28. Specific Media lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 28 of the Complaint, and on that basis denies those allegations.

29. Specific Media lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 29 of the Complaint, and on that basis denies those allegations.

30. Specific Media lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 30 of the Complaint, and on that basis denies those allegations.

31. Specific Media lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 31 of the Complaint, and on that basis denies those allegations.

32. Specific Media lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 32 of the Complaint, and on that basis denies those allegations.

33. Specific Media admits that PA Advisors is seeking by its statement in Paragraph 33 of the Complaint to reserve the right to request at the time of trial a finding that Defendants' alleged infringement has been willful based upon facts that may be learned in discovery, but Specific Media does not admit the propriety of that request.  Specific Media denies that it has infringed the '067 patent willfully or otherwise.  Specific Media lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 33 of the Complaint, and on that basis denies those allegations.

34. Specific Media lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 34 of the Complaint, and on that basis denies those allegations.

35. Specific Media denies the allegations contained in Paragraph 35 of the Complaint as they relate to Specific Media.  Specific Media lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 35 of the Complaint as they relate to the other defendants named in the Complaint, and on that basis denies those allegations.

36. Specific Media denies the allegations contained in Paragraph 36 of the Complaint as they relate to Specific Media.  Specific Media lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 36 of the Complaint as they relate to the other defendants named in the Complaint, and on that basis denies those allegations.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense – Non-Infringement

Specific Media has not infringed any valid claim of the '067 patent.

### Second Affirmative Defense – Invalidity

One or more claims of the '067 patent are invalid under 35 U.S.C. §§ 102, 103 and/or 112.

## COUNTERCLAIMS

Specific Media makes the following allegations in support of its counterclaims against PA Advisors.

### The Parties

1.      Specific Media is a California corporation having a principal place of business at 4 Park Place, Suite 1900, Irvine, California 92614.

2.      Based on information stated in the Complaint filed by PA Advisors in this action, PA Advisors is a Texas limited liability company with its principal place of business at 207 C North Washington Avenue, Marshall, Texas 75670.

### Jurisdiction and Venue

3.      PA Advisors has submitted to the personal jurisdiction of this Court by filing its Complaint.

4.      By virtue of PA Advisors' suit against Specific Media for alleged infringement of U.S. Patent No. 6,199,067 ("the '067 patent"), there exists an actual controversy between Specific Media and PA Advisors.

5.      This is an action for declaration of patent non-infringement and patent invalidity arising under the Patent Laws of the United States, 35 U.S.C. § 100, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, based on an actual controversy between Specific

Media and PA Advisors. This Court has subject matter jurisdiction over Specific Media's counterclaims under at least 28 U.S.C. §§ 1331, 1338(a), and 2201.

6. Venue is proper pursuant to 28 U.S.C. § 1391 and by PA Advisors' choice of forum in filing its Complaint.

### Count I – Declaratory Judgment of Non-Infringement of the '067 Patent

7. Specific Media realleges and incorporates by reference the allegations set forth in Paragraphs 1-6 above.

8. There exists an actual case or controversy between Specific Media and PA Advisors concerning Specific Media's alleged infringement of the '067 patent by virtue of the allegations of PA Advisors' Complaint in this action.

9. Specific Media has not infringed and does not infringe in any way, including directly or indirectly, any valid claim of the '067 patent.

10. Specific Media seeks a declaration of the Court that it does not infringe any valid claim of the '067 patent.

### Count II – Declaratory Judgment of Invalidity of the '067 Patent

11. Specific Media realleges and incorporates by reference the allegations set forth in Paragraphs 1-10 above.

12. There exists an actual case or controversy between Specific Media and PA Advisors concerning the validity of the '067 patent by virtue of the allegations of PA Advisors' Complaint in this action.

13. One or more claims of the '067 patent are invalid for failure to meet one or more of the provisions governing patentability specified in 35 U.S.C. §§ 102, 103 and/or 112.

14. Specific Media seeks a declaration of the Court that one or more claims of the '067 patent are invalid.

**PRAYER FOR RELIEF**

WHEREFORE, Specific Media prays for the following relief:

A. That PA Advisors take nothing by way of its Complaint and that the same be dismissed with prejudice;

B. A judgment declaring that Specific Media has not and does not infringe any valid claim of the '067 patent;

C. A judgment declaring the invalidity of one or more claims of the '067 patent;

D. A judgment declaring this case exceptional under 35 U.S.C. § 285 and that Specific Media is entitled to recovery of its reasonable attorneys' fees and costs in defense of PA Advisors' claims;

E. That Specific Media be awarded costs, attorneys' fees and other relief, both legal and equitable, to which it may be justly entitled;

F. That Specific Media be awarded relief under 28 U.S.C. § 2202; and

G. Such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: December 21, 2007

By: */s/ Melvin R. Wilcox, III*
Melvin R. Wilcox, III
mrw@smeadlaw.com
SMEAD, ANDERSON & DUNN
2110 Horseshoe Lane
Longview, Texas 75606-3343
Telephone: (903) 232-1892
Facsimile: (903) 232-1889
Attorney for Defendant
SPECIFIC MEDIA, INC.

**JURY DEMAND**

Pursuant to Fed. R. Civ. P. Rule 38, Specific Media demands a trial by jury on all issues so triable in this action.

Respectfully submitted,

Dated: December 21, 2007   By*: /s/ Melvin R. Wilcox, III*
Melvin R. Wilcox, III
mrw@smeadlaw.com
SMEAD, ANDERSON & DUNN
2110 Horseshoe Lane
Longview, Texas 75606-3343
Telephone: (903) 232-1892
Facsimile: (903) 232-1889

Attorney for Defendant
SPECIFIC MEDIA, INC.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this the 21st day of December, 2007.

*/s/ Melvin R. Wilcox, III*
MELVIN R. WILCOX, III

4668481
121807