UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PA ADVISORS, LLC,<br><br>                 Plaintiff,<br><br>v.<br><br>GOOGLE, INC; YAHOO!, INC.;<br>FACEBOOK, INC; CONTEXTWEB,<br>INC.; SPECIFIC MEDIA, INC.; FAST<br>SEARCH & TRANSFER ASA; FAST<br>SEARCH & TRANSFER, INC.;<br>AGENTARTS, INC.; SEEVAST<br>CORPORATION; PULSE 360, INC.;<br>WPP GROUP USA, INC.; WPP GROUP<br>PLC; and 24/7 REAL MEDIA, INC,<br><br>                 Defendants. | C.A. No. 2-07CV-480TJW |

**MOTION OF DEFENDANTS FAST SEARCH & TRANSFER, INC.
AND AGENTARTS, INC. TO DISMISS AND TO STRIKE, OR,
IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT;
AND MOTION TO STAY DISCOVERY**

Defendants Fast Search & Transfer, Inc. ("Fast, Inc.") and AgentArts, Inc. ("AgentArts") request the Court dismiss the claims against them pursuant to Fed. R. Civ. P. 12(b)(6) based on plaintiff's failure to meet the minimal pleading requirements of Fed. R. Civ. P. 8 as interpreted by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1995 (2007).

Alternatively, Movants seek a more definite statement of allegations in the Original Complaint for Patent Infringement ("Complaint") pursuant to Fed. R. Civ. P. 12(e).

Further, to avoid unnecessary and unreasonable expense associated with time-consuming discovery and disclosures, Movants request all its disclosure obligations be stayed until Plaintiff meets its pleading requirements.

465368.2

In addition to the grounds stated in this Motion, Movants rely on the legal authorities and arguments set forth in the *Motion to Dismiss Or, In The Alternative, For A More Definite Statement; Motion To Strike; And Motion to Stay Discovery; And Memorandum of Points And Authorities In Support Thereof* filed by Defendant Facebook, Inc. ("*Facebook Motion*").

Movants have submitted a Proposed Order herewith as Exhibit A.

## MEMORANDUM OF LAW

### Background

Fast, Inc. and AgentArts license products and services in the computer data search field. Fast, Inc. provides enterprise-wide search capabilities to its customers through a variety of software and service-based solutions.  AgentArts, which was recently acquired by Fast, Inc.'s parent,  recommends various services to its online and mobile users.  Collectively, Fast, Inc. and AgentArts offer more than 25 different products to their users.

Plaintiff, PA Advisors, LLC ("PA Advisors") claims only to be an assignee of  United States Patent No. 6,199,067 ("'067 Patent"), entitled "System and Method for Generating Personalized User Profiles and for Utilizing the Generated User Profile to Perform Adaptive Internet Searches."

On November 2, 2007, PA Advisors filed a Complaint against 13 separate defendants for allegedly infringing of the '067 Patent.   Among the named defendants are Fast, Inc. and AgentArts.

PA Advisors asserts the exact same conclusory assertions of infringement for every one of the 13 defendants:

> Upon information and belief, Defendant [] has been and now is directly, literally and/or, upon information and belief, jointly, equivalently and/or indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '067 Patent in the State of

Texas, in this judicial district, and elsewhere in the United States by providing, among other things, methods and systems implemented by and through various websites that comprise systems and methods for automatically generating personalized user profiles and for utilizing the generated profiles to perform adaptive Internet or computer data searches as covered by one or more claims of the ' 067 Patent Defendant [] is thus liable for infringement of the ' 067 Patent pursuant to 35 U S.C. § 271.

The Complaint lacks *any* factual assertions to support these conclusory allegations.  It fails to identify any allegedly infringing device.  It fails to identify any allegedly infringing product.  It fails to identify or any allegedly infringing service.  The Complaint is deficient without specific allegations as to an infringing device, product, or services, and should be dismissed.  *See, e.g., Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) ("conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss")(internal citations omitted).  Likewise, the Complaint fails to allege how any device, product or service infringes the '067 Patent, as it must.  As a result, Under the *Bell Atlantic case*, the Complaint fails to plead sufficient facts to give adequate notice of the nature of the claims asserted or the grounds on which they rest, and should be dismissed.

## Argument

I.    **PA ADVISORS' CLAIMS AGAINST FAST, INC. AND AGENTARTS SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

The United States Supreme Court has clearly held that a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007).   In *Bell Atlantic*, the Court rejected the prior standard under which a Complaint was deemed sufficient "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *See*

465368.2

*Id.*, at 1964, 1968-69 (*quoting Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  *Followed*, with

complaints dismissed, *Palomino v. Miller*, No. 3-06-CV-0932-M; 2007 U.S. Dist.  LEXIS 41403

at 7 (N.D. Tex. Dallas Div. June 7, 2007) (per Lynn, J.); *Hydril Co., L.P. v. Grant Prideco, L.P.*,

No. H-05-0337; 2007-2 Trade Cas. (CCH) P75,769; 2007 U.S. Dist. LEXIS 44278 at 16 (S.D.

Tex. June 19, 2007) (per Atlas, J.); *Dell v. This Old Store, Inc.*, No. H-07-0561; 2007 U.S. Dist.

LEXIS 47818 at 5 (S.D. Tex. July 2, 2007) (per Atlas, J.).

 Simply stated, the Bell Atlantic standard requires more specificity than the old standard,

and it applies to patent infringement cases:

> The Court FINDS that the new *Bell Atlantic* pleading standard applies to
> pleadings in patent infringement actions such as the present action and
> holds that pleadings must allege enough facts so as to demonstrate a
> plausible entitlement to relief.  . . .
>
> Therefore, the Court FINDS that, in this patent infringement action,
> parties must demonstrate a plausible entitlement to relief in all pleadings,
> including claims, counterclaims, cross-claims, third party claims, and
> separate affirmative defenses.

*AntiCancer, Inc. v. Xenogen Corp.*, No. 05-CV-0448-B (AJB); 2007 U.S. Dist. LEXIS 59811 at

*9-10 (S.D. Cal. Aug. 13, 2007).

 As noted above, the Complaint here provides nothing more than a blanket allegation of

infringement.  It is devoid of any specific facts providing any notice of which of Movants more-

than 25 different products/services allegedly infringe PA Advisors' '067 Patent, or how.  The

*Facebook Motion* explains in greater detail the deficiency of PA Advisors' approach, and its

arguments apply here with even greater force because Fast, Inc. and AgentArts have a wider

array of products offered to their users beyond the singular social networking website offered by

Facebook.

 The Complaint lacks any factual support, and thus, fails to provide the requisite

"showing" that Plaintiff is entitled to any relief, and it fails to provide any factual allegations to

support its claim of direct infringement, inducement or contributory infringement. (See, *Facebook Motion*, §§I.A, I.B, I.C and I.D, pp. 6-16).

The Complaint also fails to provide any factual support for its assertion of willful infringement by Movants. (See, *Facebook Motion,* §I.F, p. 17-18). In fact, PA Advisors does not even claim anyone else with any interest in the '067 Patent ever complained to Movants prior to filing suit, nor can it (it most certainly did not). Thus, it cannot meet the bare minimum threshold of pleading the elements necessary to make out a showing of willfulness.

Further, the allegations PA Advisors did make (and repeated, essentially word for word for each Defendant) are made upon information and belief, strongly suggesting that the deficiency in PA Advisor's case is not a mere case of poor draftsmanship, but an absence of supporting facts. (*See, Facebook Motion*, §I.E, p. 17).

PA Advisor's conclusory Complaint not only fails to meet the Bell Atlantic requirements, it doesn't even meet the pre- *Bell Atlantic* pleadings standards. Specifically, "[b]road and sweeping allegations without supporting factual assertions have been held to be insufficient. *See Marvullo v. Gruner & Jahr*, 105 F.Supp.2d 225, 230 (S.D.N.Y. 2000)." *Arista Records LLC v. Greubel*, 453 F. Supp. 2d 961, 964 (N.D. Tex. 2006).

Finally, by analogy, in copyright infringement cases, an allegation that "something infringes something" fails to meet the requirements. *Kaye Homes, Inc. v. Original Custom Homes Corp.*, No. 2:07-cv-392-FtM-29SPC; 2007 U.S. Dist. LEXIS 60847 at 8 n.2 (M.D. Fla. August 20, 2007) (copyright case in which Court granted "Defendants' Motion to Dismiss or, Alternatively, Motion for More Definite Statement" stating that "the Complaint does not comply with FED. R. CIV. P. 8 as it constitutes a shotgun pleading"). *Accord, Flynn v. Health Advocate, Inc.*, No. 03-3764; 2004 U.S. Dist. LEXIS 293 at 36-37 (E.D. Pa. Jan. 13, 2004)

465368.2

("[M]erely alleging that Plaintiffs own certain copyrights and that Defendants have infringed on such copyrights in their written material is insufficient to meet the Rule 8 requirement of pleading in the Complaint the 'specific' original work that is the subject of the copyright claim.") (citation omitted); *Sharp v. Patterson*, 03 Civ. 877s (GEL); 73 U.S.P.Q.2d (BNA) 1481; 2004 U.S. Dist. LEXIS 22311 at 41-42 & n. 19; 47-49 (S.D.N.Y. Nov. 3, 2004). "'Broad, sweeping allegations of infringement do not comply with Rule 8.'" *Reid v. ASCAP*, 92 Civ. 270 (SWK); 1994 U.S. Dist. LEXIS 21510 at 5 (S.D.N.Y. Jan. 5, 1994) (citation omitted). Reading Rule 12(b)(6) in tandem with Rule 8, FRCP, it is necessary to identify the "specific work [which] is the subject of the copyright claim." *Felix the Cat Productions, Inc. v. California Clock Co.*, 04 Civ. 5714 (DAB); 2007 U.S. Dist. LEXIS 25290 at 9-10 (S.D.N.Y. March 30, 2007).

Under this analogous copyright rationale, the Complaint here fails to state a patent infringement claim upon which relief can be granted under Rules 8 & 12(b)(6), FRCP, because it does not identify the allegedly infringing works or how they are infringing, and it must be dismissed.

## II.    IN THE ALTERNATIVE, THE COURT SHOULD REQUIRE PA ADVISORS TO AMEND ITS CLAIMS TO PROVIDE A MORE DEFINITE STATEMENT

Alternatively, the Court should require PA Advisors to provide a more definite statement regarding its allegations that Fast, Inc. and AgentArts (a) directly infringed the '067 Patent; (b) induced infringement of the '067 Patent; (c) contributorily infringed the '067 Patent; and (d) engaged in willful infringement of the '067 Patent. Such a request for a more definite statement is appropriate under Fed. R. Civ. P. 12(e), which provides:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired.

PA Advisors must amend to make factual assertions regarding each of these aspects of its infringement claims against both Fast, Inc. and AgentArts to comply with *Bell Atlantic*.   It must provide the fair notice of the nature and basis for PA Advisors' infringement claims, including without limitation, fair notice of the device, product or process PA Advisors alleges infringes the '067 Patent.  (*See, Facebook Motion,* §II, pp. 18-19).  *See also McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 and n. 5 (Fed. Cir. 2007)(even under more relaxed standard applied to pro se plaintiff's complaint, plaintiff identified the infringing device).  Even though motions for more definite statements are generally discouraged, "if a complaint is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed, the proper remedy is a motion for more definite statement under Rule 12(e), F.R.C.P."  *Sisk v. Texas Parks & Wildlife Dep't*, 644 F.2d 1056, 1059 (5th Cir. 1981) (citation omitted).

Again, copyright cases are instructive on this issue. For example, in *Tom Kelley Studios* the Court held that "A motion for a more definite statement should be granted where a complaint is 'so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading.' . . . [finding ] that the Complaint fail[ed] to satisfy these minimum pleading requirements.  Though the Complaint d[id] allege copyright infringement by the individual defendants, there [were] no allegations of specific acts of infringement."  *Tom Kelley Studios Inc. v. International Collectors Society Inc.*, 97 Civ. 0056 (WK); 44 U.S.P.Q.2d (BNA) 1799; 1997 U.S. Dist. LEXIS 14571 at 1-2, 3 (S.D.N.Y. Sept. 15, 1997) (emphasis in the original; citation omitted).

Therefore, at a minimum, PA Advisors should be required to make a more definite statement of its patent infringement claim.

7

III.   **THE COURT SHOULD STAY DISCOVERY AND PATENT DISCLOSURE OBLIGATIONS OF FAST, INC. AND AGENTARTS PENDING DISPOSITION OF THIS MOTION TO DISMISS AND THE FILING OF A COMPLAINT THAT SATISFIES BELL ATLANTIC**

The rationale of the *Bell Atlantic* Court for requiring pleadings adequate to provide defendants with fair notice of the nature of, and grounds for the claims against them is, at least in part, to expose fundamental deficiencies in a claim "at the point of minimum expenditure of time and money by the parties and the court." *Bell Atlantic*, 127 S.Ct. at 1966 (citations omitted). Accordingly, Fast, Inc. and AgentArts seek a stay of its discovery and disclosure obligations until such time as (a) the Court has ruled upon the instant motion as it relates to dismissal of PA Advisors' claims or amendment of the Complaint to provide a more definite statement; and (b), to the extent this Court orders amendment of the Complaint, the time after such an Amended Complaint has been filed with the Court.

Discovery can be stayed when there is a dispositive motion pending, or also anytime the Complaint is so deficient and ambiguous that it is impossible to comprehend the claims in a meaningful way to know what evidence is relevant to the case.  In that event, "resolution of the motion may narrow the causes of action and relevant issues" and postponing discovery until the motion to dismiss is resolved is appropriate. *Williams v. Scottrade, Inc.*, No. 06-10677; 2006 U.S. Dist. LEXIS 44438 *4 (E.D. Mich. June 19, 2006)(Even if the Court does not dismiss Plaintiff's claims entirely, a resolution of the motion may narrow the causes of action and relevant issues in this lawsuit).   "The scope of permissible discovery is limited by the requirement of relevance." *Wyatt v. Kaplan*, 686 F.2d 276, 284 (5th Cir. 1982).  Until what is "relevant" is determined, it would be a significant waste of resources to allow sweeping discovery or disclosures to proceed.

8

Moreover, a Plaintiff is not permitted to use discovery to determine if it has a cause of action:

> In an apparent effort to uncover other fraudulent transactions, Segan sought discovery, before filing a more definite statement, of virtually the entire business history of defendants for a period of several years. Predicated on an allegation of a single fraudulent transaction, plaintiff's interrogatories constituted a fishing expedition of large proportions. Judge Cannella properly denied the motion for discovery.

*Segan v. Dreyfus Corp.*, 513 F.2d 695, 696 (2d Cir. 1975).

Similarly here, Plaintiff should not be permitted to "leapfrog" over its *Bell Atlantic* obligation to first state a presumptively valid cause of action with factual support before inundating Defendants with discovery and disclosure obligations designed to "dredge up" a cause of action.

A more complete explanation of the rationale for such a stay may be found at *Facebook Motion*, §III, pp. 19-21.

### Conclusion

For the reasons set forth herein, and in the *Facebook Motion*, the Court should dismiss PA Advisors' claims against Fast, Inc. and AgentArts and strike the related prayers for relief. In the alternative, the Court should require PA Advisors to provide a more definite statement of its claims. In the interim, Fast, Inc. and AgentArts should not be required to respond to discovery or provide its patent local rules disclosures unless and until PA Advisors can demonstrate compliance with Rule 8 and *Bell Atlantic*.

9

Respectfully Submitted,

FAST SEARCH & TRANSFER, INC.
and AGENTARTS, INC.

By Their Attorneys,

_____/s/_____
Lee T. Gesmer (BBO No. 190260)
Joseph J. Laferrera (BBO No. 564572)
Gesmer Updegrove LLP
40 Broad Street
Boston MA 02109
Lee.Gesmer@Gesmer.com
Telephone:  617.350.6800

David R. Childress
TBA #04199480
Mack Ed Swindle
TBA #19587500

**WHITAKER, CHALK, SWINDLE & SAWYER, L.L.P.**
3500 City Center Tower II
301 Commerce St.
Fort Worth, Texas 76102-4186
Telephone:  (817) 878-0500
Facsimile:  (817) 878-0501
dchildress@whitakerchalk.com

**ATTORNEYS FOR DEFENDANTS FAST SEARCH &
TRANSFER, INC. AND AGENTARTS, INC.**

Date:  December 21, 2007

10

## <u>CERTIFICATE OF CONFERENCE</u>

On December 5, 2007, below-signed counsel conferred with Eric M. Albritton, counsel for PA Advisors, in a good faith attempt to resolve without Court intervention the matters set out in the foregoing motion.  Specifically, counsel informed Mr. Albritton that because the complaint did not identify the allegedly infringing product or service (out of numerous products and services offered by Fast, Inc. and AgentArts) the Complaint failed to state a cause of action.  Counsel emailed Mr. Albtitton a copy of the recently Federal Circuit decision in *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007) to illustrate the pleading requirements in patent infringement cases under recent federal law.  No agreement was reached, so it is my understanding that the Motion is opposed.



_____/s/_____
Lee T. Gesmer

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who have consented to electronic service, Local Rule CV-5(a)(3)(A), on this the 21st day of December, 2007.

_____/s/_____
Lee T. Gesmer

11