IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PA Advisors, LLC,<br><br>   **Plaintiff**<br><br>vs.<br><br>Google Inc. et al,<br><br>   **Defendants.** | §<br>§<br>§<br>§<br>§  NO.  2:07-cv-00480-TJW<br>§<br>§<br>§<br>§ |

**FACEBOOK, INC.'S MOTION TO DISMISS OR, IN THE ALTERNATIVE,
FOR A MORE DEFINITE STATEMENT; MOTION TO STRIKE;
AND MOTION TO STAY DISCOVERY; AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

  Defendant Facebook, Inc. ("Facebook") respectfully moves the Court for entry of an order dismissing the claims against it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or, in the alternative, requiring a more definite statement pursuant to Rule 12(e), and striking certain allegations against it pursuant to Rule 12(f). In addition, Facebook moves this Court for entry of an order staying Facebook's discovery obligations and patent local rule disclosures at least until the Court rules on Facebook's motion and more broadly, unless and until plaintiff PA Advisors, LLC meets the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure as recently interpreted by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007).

  This Motion is based upon the accompanying Memorandum filed herewith, such other oral or written submissions as the Court shall entertain, and upon the papers and pleadings filed in this matter.

**MEMORANDUM OF POINTS AND AUTHORITIES**

The complaint filed by plaintiff PA Advisors, LLC ("PA Advisors") fails to plead sufficient facts to give fair notice of the nature of the claims asserted and the grounds on which they rest, as required by the United States Supreme Court's recent decision in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007), which has been applied by district courts and the Federal Circuit to patent litigation. PA Advisors' claims of patent infringement against defendant Facebook, Inc. ("Facebook") are devoid of *any* factual allegations that plausibly suggest PA Advisors is entitled to relief. PA Advisors alleges merely that its patent directed to Internet searching is infringed by Facebook's websites, which are completely different and do not at all function like the subject matter taught by PA Advisors' patent.

Plaintiff attempts to gloss over the incongruity between the subject matter of its patent and Facebook's websites it claims are at issue[1] by merely asserting that these websites "infringe," without articulating any factual basis for *how* they infringe. As *Bell Atlantic* makes clear, however, Rule 8 of the Federal Rules of Civil Procedure requires more than the formulaic recitation of the elements of a claim. A plaintiff must allege sufficient facts about the defendant's actions and the plaintiff's rights to raise the claim above the level of the speculative and conclusory. PA Advisors' complaint fails to meet this standard because it asserts that Facebook infringes without indicating which of Facebook's technologies are accused or how they function in an infringing manner. Consequently, the complaint does not provide sufficient notice of how Facebook is harming PA Advisors and it should be dismissed for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6). In the alternative, the Court should require PA Advisors to provide a more definite statement of its claims, pursuant to Rule

---

[1] Although plaintiff alleges that Facebook's "various websites" infringe, plaintiff only refers specifically to one in its complaint, namely, www.facebook.com. Compl. ¶22.

12(e). Absent sufficiently pled allegations of fact, PA Advisors is not entitled to the relief it requests and all such requests should thus be stricken pursuant to Rule 12(f). In any event, Facebook seeks relief from the expensive and time-consuming discovery and disclosures otherwise required by federal and local rules unless and until PA Advisors pleads its claims with the sufficiency contemplated by Rule 8 and *Bell Atlantic*.

## BACKGROUND

On November 2, 2007, PA Advisors filed a complaint for patent infringement against Facebook and twelve unrelated companies. The complaint alleges infringement of U.S. Patent No. 6,199,067 ("the '067 Patent"). Compl. ¶¶ 18-32. The '067 Patent is directed to a system that analyzes linguistic patterns in documents as a basis for creating user profiles and then uses these profiles to perform "adaptive" searches. *See id.* at ¶ 18, Exhibit A, col. 3:26-36.

### A.  The Patent-in-Suit Describes Linguistic Analyses of Text.

The patent contains five independent claims: 1, 44, 45, 59, and 60. The independent claims can be grouped into two types. The first type (claims 1, 44, 59, and 60) generally are similar to each other and describe systems and methods for performing a search based on linguistic analysis. These claims include two types of profiles: user profiles and data profiles. User profiles are based on linguistic analyses of texts provided by users (which the patent distinguishes from a user's background). *See* Compl. Ex. A col. 4:23–27. A set of data items (such as an online article) with corresponding data profiles also exists. The data profiles are based on a linguistic analysis of the data items' text. When a user provides a search request, the search request is evaluated against both the user profile and each data profile. The results of all the evaluations are used to determine which data items to present to the user. *See generally* '067 Patent, Abstract.

The second type (claim 45) is directed to a method for creating a user data profile to be used in the system described above. The user provides text to a system that implements the claimed method. The text is separated into sentences, and segments from those sentences are retrieved. The segments are grouped, and a linguistic analysis is performed. *See, e.g.*, Compl. Ex. A col. 5:11–20. The results of the linguistic analysis are stored for the user profile.

### B. The Complaint Does Not Contain Any Facts Providing Notice to Facebook of How it Allegedly Infringes.

Facebook operates the website www.facebook.com. This website functions primarily as a social networking tool that allows users to connect, communicate, and share information with friends and communities of other people.[2] Facebook's website does not use or rely at all on linguistic patterns as described and claimed by the '067 Patent. Not surprisingly then, the complaint lacks any facts to show how Facebook supposedly infringes the '067 Patent. The allegations regarding Facebook merely recite as follows:

> Upon information and belief, Defendant Facebook has been and now is directly, literally and/or, upon information and belief, jointly, equivalently and/or indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '067 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods and systems implemented by and through various websites (including, but not limited to, www.facebook.com) that comprise systems and methods for automatically generating personalized user profiles and for utilizing the generated profiles to perform adaptive Internet or computer data searches as covered by one or more claims of the '067 Patent. Defendant Facebook is thus liable for infringement of the '067 Patent pursuant to 35 U.S.C. § 271.

Compl. ¶ 22.

Nowhere in the complaint is there a single *fact* in support of these conclusory allegations of infringement. No *facts* are alleged regarding (1) how Facebook purportedly establishes user

---

[2] Facebook members can also use the service to play games, upload photographs, and share videos and links to other websites and data.

profiles or how this might fit within the patent in suit; (2) how searches are purportedly conducted on its websites; (3) the use of linguistic patterns as a basis for conducting searches; or (4) *anything* to indicate that Facebook uses linguistic patterns as a basis for anything.  In short, the complaint provides no specifics about how or when Facebook infringes the wholly unrelated patent purportedly covering "adaptive" Internet searching based on linguistic patterns and the generation of user profiles.

Furthermore, PA Advisors did not indicate which particular product, service, or specific area of Facebook's business it believes infringes the patent-in-suit.  The complaint alleges only that Facebook's "various" websites implement infringing systems and methods.  Facebook is an Internet company whose business exists almost entirely on its websites.  By failing to indicate what portion of its websites allegedly infringe, PA Advisors asserts essentially nothing more than the company is somehow infringing.  The complaint also says *nothing* about any knowledge by Facebook of infringement by others, nor does it allege any culpable state of mind on, both of which are necessary elements of PA Advisors' claims of indirect infringement and willfulness.

On the basis of these perfunctory allegations, PA Advisors makes far-reaching demands for relief against Facebook.  Compl. at pp. 11-12.  PA Advisors attempts to leverage these conclusory allegations into a device to burden Facebook with the expensive and time consuming process of discovery on all of its products or services, countless documents, and countless witnesses, in the hopes that Facebook will settle to avoid the expense of litigation.

## ARGUMENT

**I.     PA ADVISORS' CLAIMS AGAINST FACEBOOK SHOULD BE DISMISSED.**

The Supreme Court recently explained Rule 8's requirement that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007).  The *Bell Atlantic* Court held that

the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," and rejected the then-prevailing formulation of the pleading standard from the Court's 1957 decision in *Conley v. Gibson*, which held that a complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Bell Atlantic*, 127 S.Ct. at 1964, 1968-69 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Observing that the quoted passage from *Conley* had been misunderstood and misapplied for more than 50 years, the *Bell Atlantic* Court deemed it now "best forgotten." *Id.* at 1969.

Instead, *Bell Atlantic* made clear that Rule 8 requires more than a blanket assertion of entitlement to relief. *Id.* at 1965 n.3. The Court explained the applicable standard as follows:

> While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a *formulaic recitation of the elements of a cause of action will not do, . . . [f]actual allegations must be enough to raise a right to relief above the speculative level*, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Id.* at 1964-65 (citations and footnote omitted) (emphasis added). Pleadings compliant with Rule 8 must express enough facts to move plaintiff's claims "across the line from conceivable to plausible." *Id.* at 1974. If a complaint does not meet this standard, "this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 1966 (citation omitted).

Here, PA Advisors has failed to plead the necessary showing of enough facts to raise its claim from the conceivable to the plausible. PA Advisors has instead included a laundry list of possible types of infringement and a *pro forma* accusation of Facebook liability. As noted by one of the first appellate court decisions following *Bell Atlantic*, this strategy of throwing everything into a complaint, and hoping that something sticks, fails to meet a plaintiff's Rule 8

obligations.  *See In re Elevator Antitrust Litig.*, 2007 U.S. App. LEXIS 21086 (2d Cir. 2007) (affirming the dismissal of the complaint because it alleged every type of conspiratorial activity in general terms without specifying any particular activities, which the court held was "nothing more than a list of theoretical possibilities [that] one could postulate without knowing any facts whatever").

Accordingly, PA Advisors' claims against Facebook fail to meet the Rule 8 standard articulated by *Bell Atlantic*, and the complaint should be dismissed under Rule 12(b)(6).  *See Bell Atlantic*, 17 S.Ct. at 1973-1974; *Golden Bridge Tech., Inc v. Nokia, Inc.*, 416 F. Supp. 2d 525, 528 (E.D. Tex. 2006) ("[I]n order to avoid dismissal for failure to state a claim . . . a plaintiff must plead specific facts, not mere conclusory allegations.  A court will thus not accept as true conclusory allegations or unwarranted deductions of fact.") (internal citations and quotations omitted) (quoting *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000)).

### A. PA Advisors Does Not Plead Sufficient Facts to Support a Claim for Direct Patent Infringement.

PA Advisors' allegations of direct patent infringement by Facebook fall far short of the minimum pleading required by Rule 8.  PA Advisors fails to assert any *specific facts* plausibly suggesting that Facebook infringes any claim of the '067 Patent.  The only facts PA Advisors recites are that Facebook's "various websites" allegedly "comprise systems and methods for automatically generating personalized user profiles and for utilizing the generated profiles to perform adaptive Internet or computer data searches."  Compl. ¶ 22.  As with the deficient complaint in *Elevator Antitrust*, PA Advisor's pleading is a generic recitation that could be made without knowing any facts about features on Facebook.  If PA Advisors had a basis to contend

that one of the features on Facebook's public website entitled it to relief, it could simply have identified that feature by name, URL, or other identifying information.[3]

As *Bell Atlantic* makes clear, PA Advisors' mere recitation of a patent and allegation that Facebook practices its claims, *without any specifics* as to *how or when* defendants allegedly practice the patent, is not enough to raise a claim from the conceivable to the plausible. *See Bell Atlantic*, 17 S.Ct. at 1964-1965. The *Elevator Antitrust* court, applying the Rule 8 standard after *Bell Atlantic*, dismissed a complaint with substantially more specific facts than PA Advisors' allegations. For example, with respect to allegations of a conspiracy to fix prices, the plaintiff alleged *inter alia*: (1) meetings amongst the defendants at which price and market divisions were discussed and agreed to; (2) rigging of bids for sales and maintenance contracts; (3) collusively requiring customers to enter into similar long-term contracts; and (4) exclusionary conduct in acquiring a monopoly over the maintenance of their elevators.. *See Elevator Antitrust*, 2007 U.S. App. LEXIS 21086 at *6-9. The court nonetheless affirmed the dismissal of the complaint because the plaintiff was "unable to allege facts that would provide plausible grounds to infer an agreement." *Id*. at *6 (internal citations omitted).

It was not enough to allege that the *Elevator Antitrust* defendants conspired to fix prices because they had meetings to discuss the market, and it certainly is not enough to allege that Facebook infringes by claiming only that its "various websites" can automatically generate user profiles that are used to perform adaptive Internet searches. Such allegations of conspiracy or infringement amount to mere conclusory summaries of conceivable possibilities and are

---

[3] PA Advisors' allegations against Facebook are based on "information and belief," indicating that PA Advisors conducted some initial research and investigated Facebook's products. PA Advisors must have had some facts upon which to base its allegations, yet PA Advisors refrained from alleging any of these facts. *See* Fed.R.Civ.P. 11; *Q-Pharma, Inc. v. Andrew Jergens Co.*, 360 F.3d 1295 (Fed. Cir. 2004).

insufficient under Rule 8 and *Bell Atlantic*.  *Bell Atlantic*, 17 S.Ct. at 1974; *see also, Elevator Antitrust*, 2007 U.S. App. LEXIS 21086 at *8.

Likewise, district courts applying the Rule 8 standard in patent infringement cases after *Bell Atlantic* have rejected pleadings with such factually inadequate allegations as PA Advisors'. *See AntiCancer, Inc. v. Xenogen Corp.*, No. 05-CV-0448, 2007 U.S. Dist. LEXIS 59811, *11 (S.D. Cal. Aug. 13, 2007) (dismissing complaint where "[p]laintiff has failed to plead any further facts beyond a bare statement of direct and indirect infringement"); *see also Halo Elecs., Inc. v. Bel Fuse, Inc.*, No. 2:07-CV-00331, 2007 U.S. Dist. LEXIS 54419, *5 (D. Nev. July 26, 2007) (dismissing complaint because it "fails to allege the manner or means by which Defendants infringe the patents, instead alleging only the legally conclusory allegation that Defendants 'have been and are infringing' the patents, without any factual allegations in support").

The Federal Circuit has had only one occasion to consider application of the *Bell Atlantic* pleading standard in a patent infringement case, and that instance is distinguishable from this case.  In *McZeal v. Sprint Nextel Corp.*, No. 2006-1548, 2007 U.S. App. LEXIS 22025 (Fed. Cir. Sept. 14, 2007) the Federal Circuit vacated the dismissal of McZeal's ninety-five page complaint, holding that he had pled sufficient facts to support a claim of direct infringement.[4]  *Id.* at *5, *8-9.  McZeal, however, was a *pro se* litigant who was entitled to "leeway on procedural matters, such as pleading requirements," and whose complaint was subject to "less demanding standards" than those applied to the pleadings of represented parties, like PA Advisors.  *Id*.

Even so, *pro se* plaintiff McZeal made a greater "showing" in support of his infringement claims than PA Advisors does here.  The patent at issue in *McZeal* was directed at Walkie-Talkie devices and voice over internet protocol ("VOIP") communications.  *Id*. at * 7-8.  McZeal

---

[4] *McZeal* did not address requirements for sufficiently pleading indirect infringement (induced or contributory) or willful infringement.

limited his allegations to only those products that were clearly in the field of his invention—cellular phones, Walkie-Talkie machines, and wireless VOIP products. *Id.* Unlike PA Advisors, McZeal also explained how the defendant infringed ("purports to provide International Walkie Talkie® service or global wireless Voice over Internet Protocol (VoIP) communications"), and even specified the nature of what he believed was infringement by equivalents ("[w]hen used as any wireless apparatus over the internet or data network[,] telephone infringes plaintiff's patent via the Doctrine of Equivalents"). *Id.* With such a close link between the McZeal patent and the allegedly infringing product, McZeal provided the needed facts that raised his allegations to the necessary plausible claim for relief.

In contrast to *McZeal*, PA Advisors alleges only that Facebook's "various websites" implement "systems and methods for automatically generating personalized user profiles and for utilizing the generated profiles to perform adaptive Internet or computer data searches" as covered by the '067 Patent. Compl. ¶ 22. Alleging that various websites infringe and then parroting language out of the patent-in-suit is deficient because it provides Facebook with no notice as to what system or product allegedly infringes.

As mentioned above, Facebook is an Internet company that interacts with its users almost entirely through applications and services made available via the World Wide Web. Which applications or services(s) does PA Advisors claim entitle it to relief? Its complaint provides no way to know. Had PA Advisors in mind an application or service it believed entitled it to relief, pleading it in the complaint would not have been difficult. Given the disparity between the patent's narrowly focused technology (linguistic analysis applied to searches) and the broad-ranging social networking community the Facebook's web applications and services support, the allegations lobbed against Facebook's operations, *en masse*, are deficient.

Additionally, the complaint is devoid of any facts that allege how Facebook's websites supposedly generate profiles or perform any sort of Internet or computer data searches, let alone how or whether Facebook uses linguistic pattern analysis to perform these tasks. Before PA Advisors can open the door to burden Facebook through the expense and time of the discovery process or the requirements of the Patent Local Rules, PA Advisors should be required to plead specific facts as to *how* Facebook's websites infringe in order to provide some plausibility to its unsupported allegations. As it stands now, PA Advisors' complaint, consisting only of factually bare allegations regarding Facebook's websites, fails to meet the threshold bar of pleading enough specific facts to move the complaint across the line from the conceivable to the plausible.

Because PA Advisors' claims of infringement lack the minimum factual allegations required by *Bell Atlantic*, including how any of Facebook's websites or programs plausibly infringe any claim of its patent, the Court should dismiss PA Advisors' patent infringement claims against Facebook. In addition, the Court should strike PA Advisors' related prayers for relief against Facebook because these become immaterial once the claims upon which they are based are dismissed. *See* Fed. R. Civ. P. 12(f) (court may strike "any redundant, immaterial, impertinent, or scandalous matter").

### B.  PA Advisors Does Not Plead Sufficient Facts to Support a Claim for Inducement of Infringement.

A claim for inducement of infringement requires the patent holder to prove that the accused infringer had knowledge of the patent and that it "actively and knowingly aided and abetted another's direct infringement." *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006) (en banc, in relevant part). Mere knowledge of the acts alleged to constitute infringement is insufficient. *Id.* "*Specific intent and action to induce infringement*" must be shown, as well as the existence of the underlying *direct* infringement. *Id.* (emphasis added); *see*

*also Ondeo Nalco Co. v. EKA Chems., Inc.*, No. Civ. A. 01-537, 2002 WL 1458853 (D. Del. June 10, 2002) (inducement pleadings that fail to allege direct infringement by someone other than defendant are properly dismissed under Rule 8); *Coolsavings.com Inc. v. Catalina Mktg. Corp.*, No. 98 C 6668, 1999 WL 342431, at *2 (N.D. Ill. May 14, 1999) (dismissing complaint with leave to amend where complaint "alleges only the 'bald assertion' of active inducement, which, 'without the allegation of any facts supporting it,' does not satisfy the pleading requirements of the federal rules").

While *DSU Medical* was not decided on the pleadings, the elements of an inducement it outlines, when evaluated in the context of *Bell Atlantic*, requires that PA Advisors plead at least facts showing it is plausible that it can prove each of the elements, including intent and an underlying direct infringement. *See AntiCancer*, 2007 U.S. Dist. LEXIS 59811 at *11 (dismissing allegations of induced infringement because the plaintiff "failed to plead any further facts beyond a bare statement of . . . indirect infringement so as to demonstrate a plausible entitlement to relief," where the allegations consisted only of conclusions that "[e]ach of the defendants has . . . indirectly infringed the [] Patent by . . . inducing direct infringements of the [] Patents by others"). PA Advisors, however, does not allege that Facebook had knowledge of the patent, much less facts showing "evidence of culpable conduct, . . . not merely that the inducer had knowledge of the direct infringer's activities." *DSU Medical Corp.*, 471 F.3d at 1306. Indeed, because PA Advisors ultimately must prove that Facebook has "an affirmative intent to cause direct infringement," it must at the pleading stage at least allege facts showing such intent plausible. *Bell Atlantic*, 7 S.Ct. at 1964-1965.

Here, PA Advisors has not pled any facts showing such culpable intent by Facebook. PA Advisors has only pled that Facebook is "indirectly infringing by way of inducing infringement

- 12 -

by others" of the '067 Patent.  Compl. ¶ 22.  There is not a single allegation specific to Facebook's supposed knowledge of the patent or Facebook's intent to induce infringement.  PA Advisors also has not pled any infringement by others, or *any facts* showing that Facebook encouraged or promoted any infringement.  *See Ondeo Naclo Co.*, 2002 WL 1458853 at *1.

Because PA Advisors' allegations consist merely of "bare statements" that Facebook induced infringement of others, PA Advisors' claims of inducement of infringement should be dismissed, and the related prayer for relief should also be stricken.

### C. PA Advisors Does Not Plead Sufficient Facts to Support a Claim for Contributory Infringement.

"An accused infringer may be liable for contributory infringement under 35 U.S.C. § 271(c) if the patent holder proves that the defendant made the patented device, that the device has no substantial non-infringing uses, and that the defendant sold the device within the United States to a customer whose use of the device constituted an act of direct infringement."  *MGM Well Servs., Inc. v. Mega Lift Sys.*, LLC, No. H-05-1634, 2007 U.S. Dist. LEXIS 30536, at *6 (S.D. Tex. Apr. 25, 2007) (citing *DSU Medical Corp.*, 471 F.3d at 1303).  "The patentee always has the burden to show direct infringement for each instance of indirect infringement."  *DSU Medical Corp.*, 471 F.3d at 1303.

These cases read together with *Bell Atlantic* thus require that to satisfy the requirements of Rule 8, a complaint must contain, at a bare minimum, facts showing that: (1) Facebook makes and sells products or services that facilitate the infringement of the patent-in-suit; (2) Facebook's allegedly infringing products or services have no substantial non-infringing uses; and (3) Facebook made sales of such products or services in the United States that contributed to another's direct infringement.  *See id*.

PA Advisors pleads no such facts. Instead, PA Advisors alleges only that Facebook's various websites are "contributing to the infringement by others." Compl. ¶ 22. Such allegations are nothing more than labels and conclusions. *Bell Atlantic*, 127 S.Ct. at 1964-1965 ("a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions"). The Court should dismiss PA Advisors' claim for contributory infringement, and strike its corresponding prayer for relief.

### D. PA Advisors Does Not Plead Sufficient Facts to Support a Claim for Willful Infringement.

To establish a claim of willful infringement, a patent holder must show that the accused infringer acted despite an "objectively high likelihood that its actions constituted infringement of a valid patent." *In re Seagate Tech., LLC*, No. 06-M830, 2007 WL 2358677, at *5 (Fed. Cir. Aug. 20, 2007) (en banc). Mere negligence is not enough—*a plaintiff must plead facts that show a reckless disregard of its patents*. *See id.* at *4-5. An accused infringer is not objectively "reckless" unless the risk of infringement is "known or so obvious that it should have been known to the accused infringer." *Id.* at *5.

PA Advisors fails to plead even the *elements* of willfulness, let alone *facts* that plausibly suggest such a claim. The complaint requests a peculiar "reservation" of a willfulness claim that PA Advisors may or may not allege at some future time. Compl. ¶ 33. This reservation is especially curious since PA Advisors failed to even contact Facebook regarding the '067 Patent prior to filing suit. Because PA Advisors' complaint utterly fails to meet its pleading obligations for willfulness, and cannot meet them in light of *Seagate*, the Court should strike PA Advisors' attempted "reservation" of willfulness as immaterial. *See* Fed. R. Civ. P. 12(f).

## II. IN THE ALTERNATIVE, THE COURT SHOULD REQUIRE PA ADVISORS TO AMEND ITS CLAIMS TO PROVIDE A MORE DEFINITE STATEMENT.

In the event that the Court does not grant Facebook's motion to dismiss, the Court should alternatively require PA Advisors to provide a more definite statement of its allegations of direct infringement, inducement of infringement, contributory infringement, and any allegation of willful infringement. Rule 12(e) permits a defendant to challenge a complaint that is vague or ambiguous:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired.

Fed. R. Civ. P. 12(e); *see also Agilent Techs., Inc. v. Micromuse, Inc*., 2004 U.S. Dist. LEXIS 20723 * 12 (S.D.N.Y. Oct. 19, 2004).

PA Advisors's complaint is hopelessly vague with respect to its claims of direct infringement, inducement of infringement, and contributory infringement because as set forth above, PA Advisors has failed to plead facts that could plausibly support these claims. Likewise, PA Advisors' "reservation" with respect to willful infringement is so indefinite that it prevents Facebook from even knowing the extent to which PA Advisors alleges a willfulness claim.

## III. THE COURT SHOULD STAY DISCOVERY AND PATENT DISCLOSURES.

The *Bell Atlantic* Court observed that "[w]hen the allegations in a complaint, however true, could not raise a claim or entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Bell Atlantic*, 127 S.Ct. at 1966 (citations omitted). In keeping with this observation, Facebook seeks a stay of its discovery obligations under the Federal Rules of Civil Procedure and the Local Rules of this judicial district, as well as a stay of its obligations to make disclosures or produce

documents under the Patent Local Rules, pending PA Advisors' filing of a complaint that can pass muster under Rule 8 and *Bell Atlantic*. Facebook believes that PA Advisors cannot in good faith plead the requisite facts because of the fundamental differences between the asserted patent and Facebook's technology. As such, in light of *Bell Atlantic*, Facebook requests that discovery and its patent local rules obligations be suspended at least pending resolution of its motion to dismiss and its alternative motion for a more definite statement.

## CONCLUSION

PA Advisors has not sufficiently pled its claims for direct infringement, inducement of infringement, contributory infringement, and willful infringement under the pleading standards articulated by the Supreme Court and the Federal Circuit. Accordingly, the Court should dismiss those claims and strike the related prayers for relief. In the alternative, the Court should require PA Advisors to provide a more definite statement of its claims. In the meantime, Facebook should not be required to respond to discovery or provide its patent local rules disclosures unless and until PA Advisors can demonstrate compliance with Rule 8 and *Bell Atlantic*.

Dated: December 21, 2007

Respectfully submitted,

**FACEBOOK, INC.**

   /s/ Darryl M. Woo
------------------------------------
Darryl M. Woo,[5] California Bar No. 100513
Attorney-in-Charge
David Lacy Kusters, California Bar No. 241335
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:     (415) 875-2300
Facsimile:     (415) 281-1350
dwoo@fenwick.com
dlacykusters@fenwick.com

Attorneys for Defendant Facebook, Inc.

---

[5] Counsel are admitted to the Eastern District of Texas.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who have consented to electronic service, Local Rule CV-5(a)(3)(A), on this the 21st day of December, 2007.

           Respectfully submitted,

           /s/ Darryl M. Woo
           Darryl M. Woo