IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **PA Advisors, LLC,** § § **Plaintiff** § § **vs.** § **Google Inc. et al,** § § **Defendants.** § § § § § | NO.    2:07-cv-00480-TJW |

### [PROPOSED] ORDER GRANTING DEFENDANT FACEBOOK, INC.'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT; MOTION TO STRIKE; AND MOTION TO STAY DISCOVERY

Upon reviewing Defendant's Motion to Dismiss or, in the Alternative, For a More Definite Statement; Motion to Strike; and Motion to Stay Discovery, and it appearing that the allegations of Plaintiff's Complaint are insufficient under Rule 12(b)(6) and Rule 12(e), and good cause appearing therefor, the Court hereby **GRANTS** Defendant's Motion as follows:

1. Plaintiff PA Advisors, LLC's ("PA Advisors") allegations against Facebook, Inc. ("Facebook") of direct infringement are insufficient under Fed. R. Civ. P. 12(b)(6) and *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007), and are hereby dismissed;

2. PA Advisors' allegations against Facebook of inducement of infringement are insufficient under Fed. R. Civ. P. 12(b)(6) and *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007), and are hereby dismissed;

3. PA Advisors' allegations against Facebook of contributory infringement are insufficient under Fed. R. Civ. P. 12(b)(6) and *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007), and are hereby dismissed;

4. PA Advisors' reservation to claim willful infringement are insufficient under Fed. R. Civ. P. 12(b)(6) and *In re Seagate Tech., LLC*, No. 06-M830, 2007 WL 2358677, at *5 (Fed. Cir. Aug. 20, 2007) (en banc), and immaterial under Fed. R. Civ. P. 12(f), and are herby stricken;

5. Inasmuch as PA Advisors' prayer for enhanced damages are based on alleged willful infringement, and those claims are stricken, that portion of PA Advisors' prayer requesting enhanced damages and attorneys' fees are likewise stricken.

[Alternatively, the Court grants Defendant's motion and orders PA Advisors to provide a more definite statement of its allegations of direct infringement, inducement of infringement, contributory infringement, and any allegation of willful infringement as follows:

1. Plaintiff PA Advisors, LLC's ("PA Advisors") allegations against Facebook, Inc. ("Facebook") of direct infringement are insufficient under Fed. R. Civ. P. 12(b)(6) and *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007); PA Advisors is hereby granted 20 days leave to file a more definite statement wherein PA Advisors may attempt to plead facts sufficient under the standards articulated in *Bell Atlantic*, otherwise PA Advisors' claims of direct infringement are dismissed;

2. PA Advisors' allegations against Facebook of inducement of infringement are insufficient under Fed. R. Civ. P. 12(b)(6) and *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007); PA Advisors is hereby granted 20 days leave to file a more definite statement wherein PA Advisors may attempt to plead facts sufficient under the standards articulated in *DSU Med. Corp. v. JMS, Co.*,

      471 F.3d 1293, 1304-06 (Fed. Cir. 2006), otherwise, PA Advisors' claims of inducement of infringement are dismissed; and

3. PA Advisors' allegations of willful infringement are insufficient under Fed. R. Civ. P. 12(e) and *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007); PA Advisors is hereby granted 20 days leave to file a more definite statement wherein PA Advisors may attempt to plead facts sufficient under the standards articulated in *In re Seagate Tech.*, 2007 WL 2358677 (Fed. Cir. Aug. 20, 2007), otherwise, PA Advisors' claims of willful infringement are dismissed and that portion of PA Advisors' prayer requesting enhanced damages and attorneys' fees are likewise stricken.]

Facebook need not respond to any discovery requests served by PA Advisors and need not comply with disclosures, pending PA Advisors' filing of a complaint that meets the requirements of Rule 8 and *Bell Atlantic*.

**IT IS SO ORDERED.**