IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PA ADVISORS, LLC<br><br>  Plaintiff,<br><br>  v.<br><br>GOOGLE INC., ET AL.<br><br>  Defendants. | No. 2:07-cv-480-TJW<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S RESPONSE TO DEFENDANT CONTEXTWEB, INC.'S**
**<u>MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)</u>**

# EXHIBIT A

# THE LAVALLE LAW FIRM

Amy E. LaValle
214.732.7533
214.292.8831 fax
lavalle@lavallelawfirm.com

December 11, 2007

VIA E-MAIL

James Hanft
Hiep Huu Nguyen
Melvin C. Garner
Darby & Darby P.C.
7 World Trade Center
250 Greenwich Street
New York, NY 10007-0042
jhanft@darbylaw.com
hnguyen@darbylaw.com
mgarner@darbylaw.com

   Re: *PA Advisors, LLC v. Google Inc., et al.*, No. 2:07-cv-480-TJW (E.D. Tex.)

Dear Counsel:

  I am counsel for PA Advisors, LLC with respect to the above referenced litigation. This letter relates to discovery, including discovery of electronically stored information and data, in the above-referenced case. Plaintiff, PA Advisors, LLC ("PA Advisors"), expects Defendant, ContextWeb, Inc. ("ContextWeb") to fully comply with its obligations to preserve discoverable documents, tangible things, data and/or information ("documents") from being lost, overwritten, purged, deleted or otherwise destroyed. PA Advisors expects ContextWeb to disable any systems in its possession, custody or control that overwrite or purge discoverable documents, tangible things and information, including, without limitation, discoverable emails. In addition, PA Advisors expects ContextWeb to ensure that employees, contractors, suppliers and other persons or entities in ContextWeb's control to fully comply with ContextWeb's duties of preservation and production.

  The accused methods and systems in this case comprise websites, search engines, and other hosted software products and services for data processing (collectively "products") made, used, sold (or licensed), offered for sale (or license), or imported into the United States by or for ContextWeb from November 2, 2000 to the present that are involved in automatically generating personalized user profiles and utilizing the generated profiles to perform adaptive Internet or computer data searches (collectively, the "Relevant Systems"). Such Relevant Systems include, without limitation, ContextAd, ADSDAQ, Selling Desk, Buying Desk, and, furthermore, all products that communicate with, interact with, connect to, serve as an adapter for, interface with, or exchange data with the foregoing. The Relevant Systems further include, without limitation, products, including, without limitation, predecessor and/or successor products, which function at

least reasonably similarly to the Relevant Systems, including any products that would reasonably fall within the scope of the claims of the patent-in-suit if at least ContextAd, ADSDAQ, Selling Desk, and Buying Desk are found to fall within such scope.

Without limitation, relative to ContextWeb's disclosures and discovery responses in this case, PA Advisors seeks all discoverable information regarding the following:

1. Documents relating to PA Advisors.

2. Documents relating to the patent-in-suit.

3. Documents and data, including on storage media, including servers, databases, logs and/or backup tapes, comprising discoverable information, including relating to the categories of information described herein.

4. E-mails, instant messages, voice mail messages and/or other types of communications relating to the categories of information described herein.

5. Software, including executables, development tools and/or source code, including in native format, and further including archives, for all versions, modifications, updates, upgrades and/or changes for each Relevant System.

6. Documents comprising comments, change history and/or development history for the Relevant Systems, including any embedded within or included with software, source code and/or development tools.

7. Documents relating to any evaluations, justifications, budget requests, surveys, projections, proposals, forecasts, studies and/or analysis related to the Relevant Systems, including related to markets, market share, features, benefits, revenues, sales (or licensing or hosting), margins, profits and/or costs related to the Relevant Systems, including without limitation business cases, business plans, cost/benefit analysis, market studies, strategic plans, consumer or focus group testing or studies.

8. Documents related to consideration or decision-making regarding acquisition, funding, developing, operating, making, maintaining, selling, licensing, offering to sell, offering to license, marketing, advertising, using, hosting and/or importing into the United States any Relevant Systems, including without limitation documents relating to any evaluations, justifications, budget requests, surveys, projections, proposals, forecasts, studies and/or analysis related to the Relevant Systems.

9. Documents, including without limitation high and low level designs, diagrams, pseudo code, flow charts, architecture documents, manuals, datasheets, white papers, case studies, guides, training materials, webinars and/or instruction materials, relating to the

THE LAVALLE LAW FIRM

December 11, 2007
Page 3

      design, structure, features, flow, function, modification, upgrade, update and/or operation of the Relevant Systems.

10. Documents, including without limitation manuals, guides, instructional presentations and/or webinars relating to training, education, instruction, or information on the design, structure, features, flow, function, modification, upgrade, update and/or operation of the Relevant Systems.

11. Documents relating to the sale, lease, distribution, hosting, license and/or any other type of transfer, grant of access, and/or grant of rights to use any Relevant System.

12. Documents relating to feedback, evaluations or operational or financial metrics arising from or related to the use, functionality or operation of the Relevant Systems.

13. Documents relating to actual or potential liability or non-liability for infringement relating to the patent-in-suit.

14. Documents relating to the pricing (including franchise, licensing, subscriptions or any other fees charged to dealers, wholesalers, distributors or any other Third Parties) for the sale, license and/or maintenance of the Relevant Systems including, without limitation, any determination of what to charge for access to the Relevant Systems or/and any changes in pricing of the Relevant Systems.

15. Documents relating to the impact or value of the Relevant Systems, including relative to revenues, costs and/or profits or product volume, other financial or operating metrics.

16. Documents relating to the revenues (both gross and net), profitability, income, cost savings, reduction in overhead costs, labor cost savings, advertising cost savings, competitive advantages, or other financial or operating benefits relating to or arising from the use of the Relevant Systems in conducting business operations.

17. Documents relating to the revenues (gross and/or net) and any other number, kind or other operational or financial metrics relating to the Relevant Systems, including without limitation sales, licensing, maintenance, subscriptions, advertising fees, or any other fees. In this Request, "any other number, kind or other operational or financial metrics" includes, without limitation, value, cost basis, cost, or other unit of measure.

18. Documents relating to the cost savings realized from the use of the Relevant Systems or the patent-in-suit.

19. Documents relating to offers to sell, license, buy or maintain the Relevant Systems.

THE LAVALLE LAW FIRM

December 11, 2007
Page 4

20. Documents relating to measurements relating to the Relevant Systems, including, without limitation, any operational or financial metrics, performance measurements, effectiveness measurements, tracking, or any other evaluations.

21. Documents relating to any systems, websites, web pages, applications, and all other software or methods that link, communicate, exchange data, or interface with the Relevant Systems.

22. Documents relating to the revenues generated from the sale of all services or products depicted, described, supported, advertised, or in any way referred to by any Relevant System.

23. Documents relating to all systems that Defendants contends are acceptable non-infringing alternatives to the Relevant Systems, and documents that describe the structure, function and operation of such systems.

24. Documents relating to when ContextWeb first became aware of the patent-in-suit.

25. Copies of all agreements, covenants not to sue, settlement agreements, and all other forms of patent licenses entered into by ContextWeb since November 2, 2000.

26. Documents relating to marketing, promotions and/or advertisements relating to the Relevant Systems, including without limitation, advertisements, brochures, website content, pop-up ads, webinars, datasheets, white papers, case studies, press releases and/or commercials, including, without limitation, television and/or radio commercials.

27. Documents, including spreadsheets, electronic data compilations, reports, and/or memoranda relating to or indicating how, when, where, and/or by whom the Relevant Systems have been licensed, hosted for and/or used.

28. Documents relating to budgets relating to the Relevant Systems, including related to the operation, manufacture, maintenance, upgrade, update, sale, offer for sale, license, offer for license, use, or importation into the United States of the Relevant Systems.

29. Documents relating to commercial and/or technical benefits and/or improvements that contributed to any decision to operate, make, maintain, sell, offer for sale, license, offer for license, use, or import into the United States any Relevant System.

30. Documents relating to any consideration of any possible alternative to any Relevant System, including, without limitation, documents which refer to the actual or potential costs, revenues and profits relating to the development or use of such alternatives.

31. Documents relating to the effect or potential effect of any Relevant System on the markets, market potential, market demand, market growth, growth potential and

THE LAVALLE LAW FIRM

December 11, 2007
Page 5

      competition for any products and services sold or offered for sale, or licensed or offered for license by any Defendant.

32. Documents relating to any license or sale to ContextWeb relating to any Relevant System, including any functionality therein, including, without limitation, the documentation for such license or sale, and documents relating to fees, royalties, or other payments or consideration relating to such licenses or sales.

33. Documents relating to any mergers or acquisitions involving rights, licenses, or ownership relating to any Relevant System, including any functionality therein, including, without limitation, the documentation for such mergers or acquisitions, and documents relating to fees, royalties, or other payments or consideration relating to such licenses or sales.

34. Documents relating to the Relevant Systems provided to actual or potential investors or shareholders, and/or documents relating to communications with actual or potential investors or shareholders, relating to the Relevant Systems.

35. Documents relating to any licenses relating to any Relevant Systems, including, without limitation, license agreements and documents relating to royalties, fees, or other payments or consideration relating to such licenses.

36. Documents relating to ContextWeb's patent licensing practice and/or policies, including without limitation any non-litigation patent licenses relating to software or other computerized or computer-assisted methods, apparatuses, or systems since November 2, 2000.

37. For each and every Relevant System made, used, hosted, sold, licensed, or imported into the United States by any Defendant for each month from November 2, 2000 to the present, documents sufficient to show: (a) the number of uses or the number of units, including, without limitation, advertisements, sold, hosted, and/or licensed; (b) the revenues (gross and/or net) realized from such uses, sales, hosting and/or licenses; (c) the profits (gross and/or net) realized from such uses, sales, hosting and/or licenses; and (d) the direct and/or indirect costs incurred in connection with such uses, sales, hosting and/or licenses.

38. Documents relating to actual or potential product workarounds or re-designs relating to the patent-in-suit.

39. Documents relating to the actual or potential impact of the patent-in-suit, including, without limitation, damages, liability, injunctive relief, or required product changes related to or arising from the Relevant Systems.

40. To the extent not listed above, documents relating to reasonable royalties for the patent-in-suit, including relating to the *Georgia Pacific* factors.

Since ContextWeb is in the best position to know the nature and extent of discoverable documents, tangible things and information within its possession, custody or control, the foregoing list of materials should not be used to justify the loss, overwriting, purging, deletion, destruction or non-production of anything discoverable. Before ContextWeb permits any such loss, overwriting, purging, deletion, destruction, it should confer with PA Advisors so we can seek to resolve the issue in a manner consistent with the Federal Rules of Civil Procedure and orders of the Court.

In connection with the discovery process in this case, ContextWeb will be required to provide details of the measures taken to preserve and produce the discoverable documents, tangible things and information in its possession, custody and control. Such details will include, without limitation, a list of the persons from whom such things were requested and collected, when such requests took place, and what was requested and collected from each such person. In addition, such details will include the measures undertaken to preserve discoverable documents, tangible things and information, as well as a detailed explanation for any such things not preserved.

While ContextWeb should already be well aware of its discovery obligations, if it has any questions about the foregoing, please feel free to contact PA Advisors.

Sincerely,

Amy E. LaValle

cc:   Plaintiff's counsel of record