IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PA ADVISORS, LLC<br><br>    Plaintiff,<br><br>    v.<br><br>GOOGLE INC., ET AL.<br><br>    Defendants. | No. 2:07-cv-480-TJW<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S RESPONSE TO DEFENDANT 24/7 REAL MEDIA INC.'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6), OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT PURSUANT TO FED. R. CIV. P. 12(e)**

Plaintiff PA Advisors, LLC ("PA Advisors") files this Response in opposition to Defendant 24/7 Real Media Inc.'s Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(6), or in the Alternative, for a More Definite Statement Pursuant to FED. R. CIV. P. 12(e) ("24/7 Real Media's Motion") (Dkt. No. 52).

## I. INTRODUCTION

24/7 Real Media's Motion's Motion is essentially a "me too" Motion based entirely on similar motions previously filed by Defendants Yahoo! Inc., Facebook, Inc., Seevast Corporation, Pulse 360, Inc., Fast Search & Transfer, Inc., AgentArts, Inc., and ContextWeb, Inc. For at least the following reasons, including those stated in Plaintiff's Responses to Yahoo's, Facebook's, Seevast's, Pulse 360's, Fast's, AgentArts', and ContextWeb's Motions, the Court should deny 24/7 Real Media's Motion and order 24/7 Real Media to file an answer to PA Advisors' claims:

- 24/7 Real Media's Motion is simply without merit. It reflects an improper attempt to delay its answer. PA Advisors' Original Complaint meets all of the pleading requirements and can certainly be answered as it has been answered by

1

at least two other defendants in this case.[1] In addition, while PA Advisors' Original Complaint is adequate in all respects, in good faith, PA Advisors has filed an Amended Complaint that sets forth in more detail its claims against 24/7 Real Media than is required.[2]

- 24/7 Real Media's Motion improperly seeks to obtain a premature decision on the merits during the pleading stage of this case. 24/7 Real Media unreasonably demands the level of specificity from PA Advisors that would meet the standards of evidentiary proof at trial, not the pleading standard.

- 24/7 Real Media's Motion also improperly seeks to obtain early discovery from PA Advisors. All of the defendants, including 24/7 Real Media, will be provided with more specific infringement contentions when PA Advisors is required to serve its Patent Rule 3-1 disclosures, including claim charts detailing PA Advisors' specific claims of patent infringement in this case.

Because 24/7 Real Media's Motion lacks any legal or factual merit, it should be seen for what it is—a thinly veiled attempt to delay its answer, seek a decision on the merits at the pleading stage, and obtain premature discovery before PA Advisors' P.R. 3-1 disclosures are due.

## II.   FACTS

**A.   PA Advisors' Original Complaint adequately sets forth its contentions.**

PA Advisors' Original Complaint for Patent Infringement (Dkt. No. 1) pleads, *inter alia*, its ownership of U.S. Patent No. 6,199,067 ("the '067 Patent"), the means of 24/7 Real Media's infringement of the '067 Patent, a description of 24/7 Real Media's infringement, and the applicable statute. PA Advisors' contentions regarding 24/7 Real Media's infringement are set forth at paragraph 32, as follows:

> Upon information and belief, Defendant 24/7 Real Media has been and now is directly, literally and/or, upon information and belief, jointly, equivalently and/or indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '067 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by providing, among other things, methods and systems implemented by and through various websites

---

[1] *See* Dkt. No. 34, Specific Media, Inc.'s Answer and Counterclaims; Dkt. No. 39, Defendant Google Inc.'s Answer, Affirmative Defenses and Counterclaims to PA Advisors, LLC's Original Complaint for Patent Infringement.
[2] *See* Dkt. No. 58, First Amended Complaint for Patent Infringement.

> that comprise systems and methods for automatically generating personalized user profiles and for utilizing the generated profiles to perform adaptive Internet or computer data searches as covered by one or more claims of the '067 Patent. Defendant 24/7 Real Media is thus liable for infringement of the '067 Patent pursuant to 35 U.S.C. § 271.

Dkt. No. 1, ¶ 32.

In addition to the above, PA Advisors has filed an amended complaint in this action. PA Advisors' First Amended Complaint for Patent Infringement (Dkt. No. 58) pleads, *inter alia*, its ownership of the '067 Patent, the means of 24/7 Real Media's infringement of the '067 Patent, a description of 24/7 Real Media's infringement, and the applicable statute. PA Advisors' amended contentions regarding 24/7 Real Media's infringement are set forth at paragraph 32, as follows:

> Upon information and belief, Defendant 24/7 Real Media has been and now is directly, literally and/or, upon information and belief, jointly, equivalently and/or indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '067 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by providing, among other things, methods and systems (including, but not limited to, Open AdStream) implemented by and through various websites that comprise systems and methods for automatically generating personalized user profiles and for utilizing the generated profiles to perform adaptive Internet or computer data searches as covered by one or more claims of the '067 Patent. Defendant 24/7 Real Media is thus liable for infringement of the '067 Patent pursuant to 35 U.S.C. § 271.

Dkt. No. 58, ¶ 32.

It is clear from PA Advisors' Original Complaint and its Amended Complaint that it has pled infringement of the '067 Patent by 24/7 Real Media's described systems, namely Open AdStream, implemented by and through various websites.

**B.     The patent-in-suit adds even more detail to PA Advisors' contentions.**

Attached to PA Advisors' Original Complaint is a copy of the '067 Patent, which provides 24/7 Real Media additional detail regarding the scope of the '067 Patent and thus of PA

Advisors' infringement contentions. For example, Claim 1 of the '067 Patent covers the following:

> 1. A data processing method for enabling a user utilizing a local computer system having a local data storage system to locate desired data from a plurality of data items stored in a remote data storage system in a remote computer system, the remote computer system being linked to the local computer system by a telecommunication link, the method comprising the steps of:
>
> (a) extracting, by one of the local computer system and the remote computer system, a user profile from user linguistic data previously provided by the user, said user data profile being representative of a first linguistic pattern of the said user linguistic data;
>
> (b) constructing, by the remote computer system, a plurality of data item profiles, each plural data item profile corresponding to a different one of each plural data item stored in the remote data storage system, each of said plural data item profiles being representative of a second linguistic pattern of a corresponding plural data item, each said plural second linguistic pattern being substantially unique to each corresponding plural data item;
>
> (c) providing, by the user to the local computer system, search request data representative of the user's expressed desire to locate data substantially pertaining to said search request data;
>
> (d) extracting, by one of the local computer system and the remote computer system, a search request profile from said search request data, said search request profile being representative of a third linguistic pattern of said search request data;
>
> (e) determining, by one of the local computer system and the remote computer system, a first similarity factor representative of a first correlation between said search request profile and said user profile by comparing said search request profile to said user profile;
>
> (f) determining, by one of the local computer system and the remote computer system, a plurality of second similarity factors, each said plural second similarity factor being representative of a second correlation between said search request profile and a different one of said plural data item profiles, by comparing said search request profile to each of said plural data item profiles;
>
> (g) calculating, by one of the local computer system and the remote computer system, a final match factor for each of said plural data item profiles, by adding said first similarity factor to at least one of said plural second similarity factors in accordance with at least one intersection between said first correlation and said second correlation;

(h) selecting, by one of the local computer system and the remote computer system, one of said plural data items corresponding to a plural data item profile having a highest final match factor; and

(i) retrieving, by one of the local computer system and the remote computer system from the remote data storage system, said selected data item for display to the user, such that the user is presented with a data item having linguistic characteristics that substantially correspond to linguistic characteristics of the linguistic data generated by the user, whereby the linguistic characteristics of the data item correspond to the user's social, cultural, educational, economic background as well as to the user's psychological profile.

Dkt No. 1, Ex. A (Claim 1).

The '067 Patent generally relates to, among other things, "a system and method for automatically generating personalized user profiles and for utilizing the generated profiles to perform adaptive Internet or computer data searches." Dkt No. 1, Ex. A (Abstract of the '067 Patent).

### C. PA Advisors' letter regarding document retention and discovery provides more detail.

While PA Advisors' Original Complaint describes the accused systems, PA Advisors' Amended Complaint and follow-up letter regarding 24/7 Real Media's document retention and discovery obligations identifies one accused product by name: Open AdStream.[3] The point of the Amended Complaint and discovery letter was not to broaden PA Advisors' claims, and was in no way an acknowledgement of any deficiencies in the original Complaint, but was to provide 24/7 Real Media more detail and definition for purposes of relevant discovery.

### III. ARGUMENT

The Federal Rules require only a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). Rule 8 further requires pleadings "to be concise and direct." FED. R. CIV. P. 8(e). The Supreme Court has noted that, "[t]he Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he

---

[3] *See* Ex. A, Letter from A. LaValle to J. Blank, et al. (Dec. 11, 2007), at 1; Dkt. No. 58, ¶ 32.

bases his claim. To the contrary, all that the Rules require is a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

Patent infringement cases are governed by the same liberal, notice pleading standard. *See, e.g., Phonometrics, Inc. v. Hospitality Franchise Sys. Inc*., 203 F.3d 790, 794 (Fed. Cir. 2000). In *Phonometrics*, the Federal Circuit made clear that a complaint alleging patent infringement need only allege the following: (1) ownership of the asserted patent, (2) the names each individual defendant, (3) the patent that is allegedly infringed, (4) the means by which defendants allegedly infringe, and (5) the statute implicated. *Id.* at 794; *see also McZeal v. Sprint Nextel Corp.*, No. 99-1086, 2007 U.S. App. LEXIS 22025, * 5-9 (Fed. Cir. Sept. 14, 2007) (reaffirming *Phonometrics*).

In addition, a complaint alleging patent infringement is sufficient to withstand a motion for a more definite statement "if it provides at least as much information as Form 16 in the Federal Rules of Civil Procedure's Appendix of Forms." *Dome Patent L.P. v. Permeable Techs*., Inc., 190 F.R.D. 88, 90-91 (W.D.N.Y. 1999) (citing *OKI Elec. Indus. Co. v. LG Semicon Co.,* No. 97-20310, 1998 U.S. Dist. LEXIS 22507 (N.D. Cal. 1998); *Soli-Tech, Inc. v. Halliburton Co*., No. 91-CV-10232-BC, 1993 U.S. Dist. LEXIS 19602 (E.D. Mich. 1993); *see also* FED. R. CIV. P. 84 ("The forms contained in this Appendix of Forms are sufficient under the rules and are intended to indicate the simplicity and brevity of statement which the rules contemplate."). The only infringement allegation contained in Form 16 is that the defendant is infringing the plaintiff's patent "by making, selling, and using electric motors." Complaint for Infringement of Patent Form 16, FED. R. CIV. P. Appendix of Forms.

A motion for more definite statement is only proper when a pleading is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading . . . ." FED. R. CIV. P. 12(e). *See also* 5C WRIGHT & MILLER, FED. PRAC. & PROC., § 1376 at 311 (3d ed. 2004) (noting that Rule 12(e) applies only in limited circumstances where the pleading is "so vague or ambiguous that the opposing party cannot respond to it, even with a simple denial as permitted by Rule 8(b), with a pleading that can be interposed in good faith or without prejudice to himself"). "An underlying aim of the Federal Rules is 'to discourage motions to compel more definite complaints and to encourage the use of discovery procedures to apprise the parties of the basis for the claims made in the pleadings.'" *Home & Nature Inc. v. Sherman Specialty Co., Inc.*, 322 F.Supp.2d 260, 265 (E.D.N.Y. 2004). "Rule 12(e) is designed to prevent unintelligibility in complaints in order for a party to interpose a responsive pleading." *Id.* Rule 12(e) is not designed, however, to make it easier for the moving party to prepare its case. *Symbol Techs., Inc. v. Hand Held Prods.*, No. 03-102-SLR, 2003 U.S. Dist. LEXIS 21002, at *9 (D. Del. 2003) (citing FED. R. CIV. P. advisory committee's note). As such, motions for more definite statement are typically disfavored by the courts. *See, e.g., J&J Manuf. Inc. v. Logan*, 24 F.Supp.2d 692, 703 (E.D. Tex. 1998) (stating that "a motion for more definite statement is generally disfavored").

**A.     PA Advisors' Original Complaint meets all pleading requirements and can be answered.**

PA Advisors' Original Complaint fully complies with the requirements set forth by the Federal Circuit in *Phonometrics* and Form 16, and similar or less specific complaints have withstood motions to dismiss. *See, e.g., Constellation IP, LLC v. Marriott International, Inc., et al.*, Case 9:06-cv-00162-RHC (E.D. Tex. Nov. 6, 2006); *digiGan, Inc. v. iValidate, Inc.*, No. 02 Civ. 420 (RCC), 2004 U.S. Dist. LEXIS 1324, at *11-12 (S.D.N.Y. 2004); *One World Techs.,*

7

*Ltd. v. Robert Bosch Tool Corp.*, No. 04 C 0833, 2004 U.S. Dist. LEXIS 14035, at *6-7 (N.D. Ill. 2004); *Interdigital Technology Corp. v. OKI America, Inc.*, 845 F.Supp. 276, 283 (E.D. Pa. 1994).

24/7 Real Media cannot credibly maintain that PA Advisors' Original Complaint is unanswerable. For example, at least two defendants in this case—Specific Media, Inc. and Google, Inc.—have already filed answers. *See* Dkt. Nos. 34, 39. Additionally, PA Advisors' has now filed an Amended Complaint with even more specificity than the Original Complaint and more specificity than required.

Further, 24/7 Real Media relies on the arguments and case law set forth in Yahoo's, Facebook's, Seevast's, Pulse 360's, Fast's, AgentArts', and ContextWeb's Motions, but those cases do not support a dismissal of PA Advisors' Original Complaint and are factually distinguishable from this case. For example, *Bell Atlantic Corp. v. Twombly* was an antitrust case, and, in that case, the Supreme Court made it clear that it was "not requir[ing] heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929, 949 (2007); *see also Erickson v. Pardus*, 127 S.Ct. 2197, 167 L. Ed. 2d 1081 (2007) (two weeks after *Twombly*, reaffirming that under Rule 8 "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"). The Supreme Court found that the *Bell Atlantic* plaintiffs did not allege enough facts to plausibly suggest the existence of an agreement to support their claim under § 1 of the Sherman Act, which requires a "contract, combination . . . , or conspiracy, in restraint of trade or commerce" for liability. *Bell Atlantic*, 127 S. Ct. at 1961 (citing 15 U.S.C. § 1). Thus, the facts of *Bell Atlantic* cannot be applied precisely to the present case. This is a patent infringement case, and to the extent PA

Advisors had to allege the existence of anything, it has done so in its Original Complaint and in its Amended Complaint.

Several of the other cases that Yahoo and Facebook cite in their Motions to Dismiss also are not patent infringement cases and, as such, are not factually applicable. *See, e.g., Rios v. City of Del Rio*, 444 F.3d 417 (5th Cir. 2006) (action for recovery under 42 U.S.C. § 1983 and state law for damages for personal injuries); *Fernandez-Montez v. Allied Pilots Ass'n*, 987 F.2d 278 (5th Cir. 1993) (action under the Labor Management Reporting and Disclosure Act of 1959); *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161 (5th Cir. 1999) (action under 28 U.S.C.S. § 1332, the Alien Tort Statute, 28 U.S.C.S. § 1350, and the Torture Victim Protection Act of 1991, 28 U.S.C.S. § 1350); and *In re Katrina Canal Breaches Litig.*, 495 F.3d 191 (5th Cir. 2007) (breach of contract/insurance policy action regarding water damage resulting from the levee breaches during Hurricane Katrina); *In re Elevator Antitrust Litig.*, 502 F.3d 47 (2d Cir. 2007) (antitrust action alleging that defendants violated §§ 1 and 2 of the Sherman Act and monopolized the maintenance market for their elevators); *Golden Bridge Tech., Inc. v. Nokia, Inc.*, 416 F.Supp.2d 525 (E.D. Tex. 2006) (antitrust action alleging violation of §1 of Sherman Act, and state law claims of tortious interference with prospective economic advantage and unfair competition); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496 (5th Cir. 2000) (action for breach of contract, misrepresentation, fraud, and other similar causes of action). The so-called "analogous" copyright cases that Fast and AgentArts cite are also inapplicable. *See* Dkt. No. 36, Fast's and AgentArts' Motion, at 5-6.

Yahoo and Facebook did cite to a few patent infringement cases in support of their Motions to dismiss, but they are also factually distinguishable from this case because, in those cases, the plaintiffs did not provide the level of detail in their complaints that PA Advisors did.

9

In *AntiCancer Inc. v. Xenogen Corp.*, for example, the Southern District of California granted the defendants' motion to dismiss, but granted AntiCancer leave to amend its complaint, because AntiCancer scarcely pled infringement of the '159 and '038 patents-in-suit as follows:

> Each of the defendants has directly infringed the [] Patent and has indirectly infringed the [] Patent by contributing to or inducing direct infringements of the [] Patent by others.

No. 05-CV-0448-B(AJB), 2007 U.S. Dist. LEXIS 59811, at *11 (S.D. Cal. Aug. 13, 2007). Unlike PA Advisors, AntiCancer completely failed to plead ownership of the patents-in-suit, the means by which defendants allegedly infringe, and the statute implicated. Similarly, in *Ondeo Nalco Co. v. EKA Chemicals, Inc.*, the District of Delaware dismissed EKA's counterclaims but granted it leave to amend. No. 01-537-SLR, 2002 U.S. Dist. LEXIS 26195, at *5 (D. Del. Aug. 10, 2002). EKA had identified the allegedly infringing products as "Nalco's products, including the 8692 product" and "products, including the product numbered 8692, . . . that are used in the paper-making processes." *Id.* at *4. The court held that EKA's specific naming of the 8692 product was sufficient, but its description of Nalco's other products was too vague. *Id.* Unlike EKA, however, PA Advisors did not vaguely accuse "24/7 Real Media's products," or even "24/7 Real Media's Products used for Internet searches" but, rather, has specifically accused certain 24/7 Real Media products of infringement. Further, in *Halo Elecs., Inc. v. Bel Fuse, Inc.*, the District of Nevada dismissed Halo Electronics' claims but granted it leave to amend. No. 2:07-CV-00331-PMP-PAL, 2007 U.S. Dist. LEXIS 54419, at *6 (D. Nev. Jul. 26, 2007). Halo Electronics completely failed to allege the manner or means by which the Defendants infringed the patents and alleged only the legally conclusory allegation that Defendants "have been and are infringing" the patents. *Id.* at *5. In contrast, PA Advisors did not merely claim that 24/7 Real Media "has been and is infringing" the patent-in-suit but, rather, has specifically described 24/7 Real Media's infringing systems and the means of the infringement. Thus, the holdings in

*AntiCancer*, *Ondeo Nalco*, and *Halo Electronics* were based on entirely different facts and cannot support a dismissal of PA Advisors Original Complaint, which provides much more specificity.

**B.    24/7 Real Media applies the wrong standard to its arguments regarding PA Advisors' claims of contributory and inducing infringement.**

24/7 Real Media, by joining the other Defendants' Motions, asks the Court to hold PA Advisors' Original Complaint to a much higher standard than the pleading standard—the standard of evidentiary proof at trial—in arguing that PA Advisors' allegations of contributory infringement and inducing infringement should be dismissed for lack of factual support.  Dkt. No. 33, Yahoo's Motion, at 8-10; Dkt. No. 37, Facebook's Motion, at 11-14.  Rather than applying the relevant pleading standard, Yahoo and Facebook, for example, improperly list the elements that must be shown at trial to prove a claim of contributory infringement.  *See* Dkt. No. 33, Yahoo's Motion, at 8 (citing *DSU Med. Corp. v. JMS, Co.*, 471 F.3d 1293, 1303 (Fed. Cir. 2006); *see* Dkt. No. 37, Facebook's Motion, at 13 (citing same).  For inducing infringement, Yahoo and Facebook also improperly list the elements that must be proven at trial.  *See* Dkt. No. 33, Yahoo's Motion, at 9 (citing *DSU*, 471 F.3d at 1304-06); *see* Dkt. No. 37, Facebook's Motion, at 11-12 (citing same).  The *DSU* case, which Yahoo and Facebook cite for both theories of indirect infringement, is inapplicable to this case.  In *DSU*, the court was determining a ***motion for new trial***, not a motion to dismiss or a motion for a more definite statement due to a failure to adequately plead a claim.  *See DSU*, 471 F.3d at 1303.  Indeed, the *DSU* case does not hold that, for a claim of inducing infringement, the intent element must be ***plead*** with 'evidence of culpable conduct," as Yahoo argues. Dkt. No. 33, Yahoo's Motion, at 9.  Instead, the court in *DSU* states that "[i]t must be ***established*** that the defendant possessed specific intent to

11

encourage another's infringement." *DSU*, 471 F.3d at 1306. The court was, of course, referring to the plaintiff's burden of proof at trial.

Nevertheless, PA Advisors has adequately pleaded its claims of contributory and inducing infringement. PA Advisors specifically stated that:

> Defendant 24/7 Real Media has been and now is . . . infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '067 Patent . . . by providing, among other things, methods and systems implemented by and through various websites that comprise systems and methods for automatically generating personalized ***user profiles and for utilizing the generated profiles to perform adaptive Internet or computer data searches*** as covered by one or more claims of the '067 Patent.

Dkt. No. 1, ¶ 32 (emphasis added). 24/7 Real Media knows better than anyone the identity of the end users of its products, including Open AdStream, implemented by and through various websites. It goes without saying that the users, with "user profiles," are individual consumers who perform adaptive Internet or computer data searches. It would be impossible, and utterly unreasonable, for PA Advisors to name every single user of Open AdStream.

**C.    24/7 Real Media's request for a more definite statement is unwarranted, especially in view of this Court's rules for disclosure of infringement contentions and for early discovery.**

24/7 Real Media's Motion, by joining Yahoo's, Facebook's, Seevast's, Pulse 360's, Fast's, and AgentArts' Motions, alternatively asks the Court to order PA Advisors to provide a more definite statement setting forth its infringement allegations. As discussed above, PA Advisors has adequately pleaded its infringement allegations. 24/7 Real Media, Yahoo, and Facebook have provided no persuasive legal support for their position that PA Advisors should be required to provide even more specificity. *See generally Charles E. Beard, Inc. v. Cameronics Tech. Corp.*, 120 F.R.D. 40, 41-42 (E.D. Tex. 1988) (noting that the notice pleading requirements of the federal rules do not require a plaintiff set out the details of the facts on which

he bases his claim because "such detail is properly left to the many devices of discovery, such as interrogatories, requests for admissions, [and] depositions").

The additional cases that the other Defendants cite in support of their requests for a more definite statement are not applicable to this case. For example, several of the cases cited by Yahoo do not include claims of patent infringement. *See, e.g., Sefton v. Jew*, 204 F.R.D. 104, 106-07 (W.D. Tex. 2000) (noting that "[a]lthough Plaintiff's case appears to be about copyright infringement, Plaintiff's counsel saw fit to include the following: "This case is simply about child pornography . . . ."); *Diabetes Centers of America, Inc. v. Health PIA America, Inc.*, No. H-06-3457, 2007 U.S. Dist. LEXIS 41427 (S.D. Tex. Jun. 7, 2007) (action for fraud, negligent misrepresentation, and piercing the corporate veil by fraud).

Yahoo and Facebook additionally cite to a few patent infringement cases in support of their requests for a more definite statement, but these cases are from district courts which do not have local patent rules requiring the patentee to serve detailed infringement contentions and claim charts during discovery. They are also factually distinguishable from this case. *See, e.g.*, *In re Papst Licensing GmbH Patent Litig.*, No. MDL 1298, 2001 U.S. Dist. LEXIS 2255 (E.D. La. Feb. 22, 2001) (***multiple patents*** and accused products were asserted, requiring the plaintiff identify on a patent-by-patent basis the products which it alleges infringe upon one or more of the claims of each patent); *Bay Indus. Inc. v. Tru-Arx Mfg., LLC*, No. 06-C-1010, 2006 U.S. Dist. LEXIS 86757 (E.D. Wis. Nov. 29, 2006) (plaintiff failed to specifically identify an accused product); *Performance Aftermarket Parts Group, Ltd. v. TI Group Automotive Sys., LLC*, NO. H-05-4251, 2007 U.S. Dist. LEXIS 70974 (S.D. Tex. Sept. 25, 2007)[4] (defendant made ***no mention*** of "contributory infringement" in its pleadings or its Amended Preliminary Infringement

---

[4] The Southern District of Texas adopted local patent rules at the first of this month (after the holding in *Performance Aftermarket*).

Contentions); *eSoft, Inc. v. Astaro Corp.*, No. 06-cv-00441-REB-MEH, 2006 U.S. Dist. LEXIS 52336 (D. Colo. Jul. 31, 2006) (holding that plaintiff's complaint was sufficient to survive a motion to dismiss but requiring plaintiff to provide a more definite statement because plaintiff ***identified no particular product or service*** that allegedly infringed the patent-in-suit); *Agilent Techs., Inc. v. Micromuse, Inc.*, No. 04 Civ. 3090 (RWS), 2004 U.S. Dist. LEXIS 20723, at *15-16 (S.D.N.Y. Oct. 19, 2004) (plaintiff's complaint did not specify which products infringed plaintiff's patents; it merely stated that the alleged infringements occurred as a result of the fact that defendant "makes, sells, or offers products for sale . . . that infringe [plaintiff's] patents.").

In the present case, PA Advisors has not only described the accused products in the Original Complaint, but has specifically named several accused products in its follow-up letter regarding document retention and discovery and in its Amended Complaint.[5] Moreover, this Court's Patent Rules, in particular P.R. 3-1, provide for ample early disclosures relative to PA Advisors infringement contentions. There is, therefore, no need for the Court to require PA Advisors to amend its Original Complaint. PA Advisors' Original Complaint and its Amended Complaint adequately give 24/7 Real Media fair notice of its infringement claims, and, as required by P.R. 3-1, PA Advisors will be serving 24/7 Real Media very soon with its detailed infringement contentions and accompanying claim charts.

## IV. CONCLUSION

In sum, 24/7 Real Media's Motion has no merit. 24/7 Real Media is merely seeking to obtain a dismissal on the pleadings for issues related to the merits of the case, or to delay its answer for strategic reasons, or to conduct premature discovery under the guise of a Rule 12 motion. Under this Court's Local and Patent Rules for timely and comprehensive discovery,

---

[5] *See* Dkt. No. 1, ¶ 32; Ex. A, Letter from A. LaValle to J. Blank, et al. (Dec. 11, 2007), at 1 (identifying Open AdStream); Dkt. No. 58, ¶¶ 32 (identifying Open AdStream).

24/7 Real Media will obtain ample discovery of PA Advisors' infringement contentions at the appropriate time. PA Advisors, therefore, requests that the Court deny Defendant 24/7 Real Media Inc.'s Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), or in the Alternative, for a More Definite Statement Pursuant to Fed. R. Civ. P. 12(e). In the alternative, if the Court deems PA Advisors' current First Amended Complaint to be deficient in any way, then leave should be granted for PA Advisors to amend the First Amended Complaint to address any such issues. PA Advisors also requests such other relief to which it may be entitled.

Dated: January 11, 2008                                    Respectfully submitted,

**PA ADVISORS, LLC**

By: /s/ David M. Pridham
Eric M. Albritton
Texas State Bar No. 00790215
**ALBRITTON LAW FIRM**
P.O. Box 2659
Longview, Texas 75606
Telephone:  (903) 757-8449
Facsimile:  (903) 758-7397
E-mail:  ema@emafirm.com

David M. Pridham
R.I. State Bar No. 6625
**INTELLECTUAL PROPERTY NAVIGATION GROUP, LLC**
207 C North Washington Avenue
Marshall, Texas 75670
Telephone:  (903) 234-0507
Facsimile:  (903) 234-2519
E-mail:  david@ipnav.com

Amy E. LaValle
Texas State Bar No. 24040529
**THE LAVALLE LAW FIRM**
3811 Turtle Creek Boulevard
Suite 1620
Dallas, Texas 75219
Telephone: (214) 732-7533
Facsimile: (214) 292-8831
E-mail: lavalle@lavallelawfirm.com

Of Counsel:
Joseph Diamante
**JENNER & BLOCK LLP**
919 Third Avenue, 37th Floor
New York, New York 10022-3908
Telephone:  (212) 891-1600
Facsimile:  (212) 891-1699
E-mail:  jdiamante@jenner.com

**ATTORNEYS FOR PLAINTIFF PA ADVISORS, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served today with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.


Dated: January 11, 2008                                      /s/ Amy E. LaValle