UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PA ADVISORS, LLC,<br><br>                Plaintiff,<br><br>v.<br><br>GOOGLE, INC; YAHOO!, INC.;<br>FACEBOOK, INC; CONTEXTWEB,<br>INC.; SPECIFIC MEDIA, INC.; FAST<br>SEARCH & TRANSFER ASA; FAST<br>SEARCH & TRANSFER, INC.;<br>AGENTARTS, INC.; SEEVAST<br>CORPORATION; PULSE 360, INC.;<br>WPP GROUP USA, INC.; WPP GROUP<br>PLC; and 24/7 REAL MEDIA, INC,<br><br>                Defendants. | C.A. No. 2-07CV-480TJW |

### ANSWER OF DEFENDANT FAST SEARCH & TRANSFER, INC. AND AGENTARTS, INC. TO FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Defendant Fast Search & Transfer, Inc. ("Fast, Inc.") and AgentArts, Inc.

("AgentArts") hereby answer the First Amended Complaint for Patent Infringement

("First Amended First Amended Complaint") of Plaintiff PA Advisors, LLC. ("Plaintiff"

of "PA Advisors"), on their own personal knowledge as to their own activities and on

information and belief as to the activities of others, as set out below.

Answering the allegations of the first unnumbered paragraph, Fast, Inc. and

AgentArts admit that the instant action is styled as an action for patent infringement, but,

463960.2

except as otherwise set out below, denies the merit or validity of any claims or allegations asserted therein.

1. Fast, Inc. and AgentArts are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 1 of the First Amended Complaint.

2. Fast, Inc. and AgentArts are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 2 of the First Amended Complaint.

3. Fast, Inc. and AgentArts are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 3 of the First Amended Complaint.

4. Fast, Inc. and AgentArts are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 4 of the First Amended Complaint.

5. Fast, Inc. and AgentArts are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 5 of the First Amended Complaint.

6. Fast, Inc. and AgentArts are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 6 of the First Amended Complaint.

7. With respect to the allegations in the first sentence of Paragraph 7, Fast, Inc. and AgentArts are without knowledge or information sufficient to form a belief as to the allegations therein. The second sentence of Paragraph 7 states a legal conclusion for which no response is required.

8. Fast, Inc. admits the allegations in Paragraph 8 of the First Amended Complaint.

9. AgentArts admits the allegations in Paragraph 9 of the First Amended Complaint.

463960.2

10. Fast, Inc. and AgentArts are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 10 of the First Amended Complaint.

11. Fast, Inc. and AgentArts are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 11 of the First Amended Complaint.

12. Fast, Inc. and AgentArts are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 12 of the First Amended Complaint.

13. Fast, Inc. and AgentArts are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 13 of the First Amended Complaint.

14. Fast, Inc. and AgentArts are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 14 of the First Amended Complaint.

**Jurisdiction and Venue**

15. The allegations in Paragraph 15 of the First Amended Complaint state a legal conclusion for which no response is required.

16. The allegations in Paragraph 16 of the First Amended Complaint state a legal conclusion for which no response is required. To the extent a response is required, Fast, Inc. and AgentArts each deny the allegations therein.

17. The allegations in Paragraph 17 of the First Amended Complaint state a legal conclusion for which no response is required. To the extent a response is required, Fast, Inc. and AgentArts each deny the allegations as they relate to them.

**Count I**

18. Fast, Inc. and AgentArts are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 18 of the First Amended Complaint.

19. Fast, Inc. and AgentArts are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 19 of the First Amended Complaint.

20. The allegations in Paragraph 20 of the First Amended Complaint state a legal conclusions for which no response is required. To the extent a response is required, Fast, Inc. and AgentArts are without knowledge or information sufficient to form a belief as to the allegations therein.

21. The allegations in Paragraph 21 of the First Amended Complaint state a legal conclusions for which no response is required. To the extent a response is required, Fast, Inc. and AgentArts are without knowledge or information sufficient to form a belief as to the allegations therein.

22. The allegations in Paragraph 22 of the First Amended Complaint state a legal conclusions for which no response is required. To the extent a response is required, Fast, Inc. and AgentArts are without knowledge or information sufficient to form a belief as to the allegations therein.

23. The allegations in Paragraph 23 of the First Amended Complaint state a legal conclusions for which no response is required. To the extent a response is required, Fast, Inc. and AgentArts are without knowledge or information sufficient to form a belief as to the allegations therein.

24. The allegations in Paragraph 24 of the First Amended Complaint state a legal conclusions for which no response is required. To the extent a response is required, Fast, Inc. and AgentArts are without knowledge or information sufficient to form a belief as to the allegations therein.

25. The allegations in Paragraph 24 of the First Amended Complaint state a legal conclusions for which no response is required. To the extent a response is required, Fast, Inc. and AgentArts deny those allegations.

26. Fast, Inc. denies the allegations in Paragraph 25 of the First Amended Complaint. To the extent a response is required of AgentArts, it also denies those allegations.

27. AgentArts denies the allegations in Paragraph 26 of the First Amended Complaint. To the extent a response is required of Fast, Inc., it also denies those allegations.

28. The allegations in Paragraph 28 of the First Amended Complaint state a legal conclusions for which no response is required. To the extent a response is required, Fast, Inc. and AgentArts are without knowledge or information sufficient to form a belief as to the allegations therein.

29. The allegations in Paragraph 29 of the First Amended Complaint state a legal conclusions for which no response is required. To the extent a response is required, Fast, Inc. and AgentArts are without knowledge or information sufficient to form a belief as to the allegations therein.

30. The allegations in Paragraph 30 of the First Amended Complaint state a legal conclusions for which no response is required. To the extent a response is required, Fast, Inc. and AgentArts are without knowledge or information sufficient to form a belief as to the allegations therein.

31. The allegations in Paragraph 31 of the First Amended Complaint state a legal conclusions for which no response is required. To the extent a response is required,

Fast, Inc. and AgentArts are without knowledge or information sufficient to form a belief as to the allegations therein.

32. The allegations in Paragraph 32 of the First Amended Complaint state a legal conclusions for which no response is required. To the extent a response is required, Fast, Inc. and AgentArts are without knowledge or information sufficient to form a belief as to the allegations therein.

33. The allegations in Paragraph 33 of the First Amended Complaint state a legal conclusion for which no response is required. Further answering, Fast, Inc. and AgentArts do not concede the right of PA Advisors to reserve the right to request a finding of willfulness at trial.

34. The allegations in Paragraph 34 of the First Amended Complaint state a legal conclusion for which no response is required. To the extent a response is required, Fast, Inc. and AgentArts deny the allegations therein.

35. Fast, Inc. and AgentArts deny the allegations in Paragraph 34 of the First Amended Complaint as they relate to them, and are without knowledge or information sufficient to form a belief as to the remaining allegations.

36. Fast, Inc. and AgentArts deny the allegations in Paragraph 35 of the First Amended Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

PA Advisors fails to state a claim upon which relief can be granted.

**Second Affirmative Defense**

The '067 patent is invalid under one or more of the following statutory provisions: 35 U.S.C. §101, 35 U.S.C. §102, 35 U.S.C. §103 and/or 35 U.S.C. §112.

**Third Affirmative Defense**

PA Advisors is estopped from construing the claims of the '067 patent to cover and include any acts of Fast, Inc. and/or AgentArts.

**Fourth Affirmative Defense**

Fast, Inc. and AgentArts each have not infringed, directly or indirectly, whether through operation of the doctrine of equivalence or otherwise, or actively induced others to infringe, or contributed to the infringement by others of, any valid or enforceable claim of the '067 patent.

**Fifth Affirmative Defense**

The '067 is unenforceable under the doctrine of laches.

**JURY DEMAND**

Fast Search and Transfer, Inc. and AgentArts, Inc., demand a trial by jury on all issues so triable in this action.

463960.2

Respectfully Submitted,

By: /s/ Lee T. Gesmer
Lee T. Gesmer
Joseph J. Laferrera
Gesmer Updegrove LLP
40 Broad Street
Boston MA 02109
lee.gesmer@gesmer.com
Telephone: 617.350.6800

David R. Childress
TBA #04199480
Mack Ed Swindle
TBA #19587500

WHITAKER, CHALK, SWINDLE & SAWYER, L.L.P.
3500 City Center Tower II
301 Commerce St.
Fort Worth, Texas 76102-4186
Telephone: (817) 878-0500
Facsimile: (817) 878-0501
dchildress@whitakerchalk.com

ATTORNEYS FOR DEFENDANTS FAST SEARCH & TRANSFER, INC. AND AGENTARTS, INC.

Date: January 17, 2008

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who have consented to electronic service, Local Rule CV-5(a)(3)(A), on this the 17th day of January, 2008.

By: /s/ Lee T. Gesmer
Lee T. Gesmer