IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **PA ADVISORS, LLC,** | |
| Plaintiff, | |
| v. | CASE NO. 2:07-CV-480 (TJW) |
| **GOOGLE INC., et al.** | JURY TRIAL DEMANDED |
| Defendants. | |

**DEFENDANT YAHOO! INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT**

In response to Yahoo!'s motion to dismiss, PA Advisors disingenuously argued that Yahoo!'s motion was meritless, while it simultaneously filed a First Amended Complaint in an effort to remedy many of the deficiencies noted in Yahoo!'s motion. While PA Advisors' First Amended Complaint lists a couple of additional items that allegedly infringe the patent in suit, it still fails to provide the clarity needed to satisfy Rule 8(a) of the Federal Rules of Civil Procedure.

PA Advisors' response largely ignores recent U.S. Supreme Court precedent regarding pleading standards, and it clings to an incorrect understanding of the pleading standards required by Rule 8(a). PA Advisors asks this court to apply a lesser pleading standard in this case than that required by the U.S. Supreme Court and Rule 8(a). When the proper standard is applied, PA Advisors' First Amended Complaint continues to fail to meet its pleading obligations because ambiguity still exists as to which products are accused of infringing the '067 patent. PA Advisors' First Amended Complaint remains nebulous because it continues to include overly broad descriptions of the accused infringing products that improperly transfer the burden of deciphering the infringement claims to Yahoo!. Moreover, PA Advisors did not make any

amendments of its allegations of indirect infringement, so those allegations remain deficient. Finally, PA Advisor's arguments that Yahoo!'s motion is a veiled attempt at early discovery or a misapplication of the standard of evidentiary proof at trial are nothing more than desperate attempts to shift the Court's attention away from its deficient pleading, and they should be accorded no weight. For the reasons discussed in more detail below, Yahoo!'s original motion applies equally to PA Advisors' First Amended Complaint, and Yahoo! renews its motion to dismiss PA Advisors' amended claims against Yahoo!, or in the alternative, for a more definite statement of PA Advisors' claims against Yahoo!.

I. **PA ADVISORS' AMENDED COMPLAINT FAILS TO REMEDY THE DEFICIENCIES NOTED IN YAHOO!'S MOTION AND IT SHOULD BE DISMISSED FOR FAILING TO STATE A CLAIM UNDER RULE 12(B)(6).**

   A. **PA Advisors Urges This Court to Adopt an Improper Standard for Pleading Direct and Indirect Patent Infringement.**

PA Advisor's response largely ignores the Supreme Court's recent ruling on the Rule 8(a) pleading standards in *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) in arguing that its First Amended Complaint satisfies the pleading requirements of Rule 8(a). In one of its few passing references to this controlling Supreme Court precedent, PA Advisors suggests that the *Bell Atlantic* case is factually distinguishable from this case because *Bell Atlantic* was an antitrust case – not a patent infringement case. This argument has no merit as the *Bell Atlantic* standard has been applied to many different types of cases, including several recent patent cases, in this circuit and others. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 n. 10 (5th Cir. 2007) (applied *Bell Atlantic* to insurance contracts); *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354 (Fed. Cir. 2007) (applied *Bell Atlantic* to claims of patent infringement); *Ruffin v. Kansas City Southern Railway Co.*, No. 2:07 CV 87, 2007 U.S. Dist. LEXIS 89732, *2 (E.D. Tex. Dec. 5, 2007) (applied *Bell Atlantic* to personal injury claim under the Federal

Employers' Liability Act); *Performance Aftermarket Parts Group, LTD. v. TI Group Automotive Systems, LLC*, 2007 U.S. Dist. LEXIS 70974, at *8 (S.D. Tex. Sep. 25, 2007) (applied *Bell Atlantic* to claims of patent infringement); *AntiCancer Inc. v. Xenogen Corp., et al.*, 2007 U.S. Dist. LEXIS 59811, *9-10 (C.D. Cal. Aug. 13, 2007) (applied *Bell Atlantic* to claims of patent infringement); *Garmin Ltd. v. Tomtom Inc.*, No. 2:06-CV-338 (LED), 2007 U.S. Dist. LEXIS 74032, *2-4 (E.D. Tex. Oct. 3, 2007) (applied *Bell Atlantic* to inequitable conduct before the patent office); *Diabetes Centers of America, Inc. v. Health Pia America, Inc.*, No. H-06-3457, 2007 U.S. Dist. LEXIS 41427, *3-4 (S.D. Tex. Jun. 7, 2007) (applied *Bell Atlantic* to fraud and negligent misrepresentation).

PA Advisors' further insists that this Court follow *Phonometrics, Inc. v. Hospitality Franchise Sys. Inc.*, 203 F.3d 790, 793-94 (Fed. Cir. 2000) because it was a patent infringement case that addressed the pleading requirements. However, PA Advisors' reliance on this case is misplaced as it predates the Supreme Court's ruling in *Bell Atlantic,* and while it is a patent infringement case, it did not address the specific pleading issues raised in Yahoo!'s motion.[1] Specifically, the court in *Phonometrics* addressed the issue of whether or not a plaintiff must

---

[1] At least one case cited by PA Advisors in opposition to Yahoo!'s motion to dismiss is now an incorrect statement of law. In *digiGan, Inc. v. iValidate, Inc.*, 2004 U.S. Dist. LEXIS 1324, at *11-12 (S.D.N.Y. 2004), the district court held that complaints merely tracking the statutory language might be sufficient to withstand a motion to dismiss. However, the U.S. Supreme Court held that "a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic*, 127 S.Ct. at 1964. Other cases cited by PA Advisors are factually distinguishable or cite *Phonometrics* in denying a motion to dismiss a formulaic patent infringement claim. *See Constellation IP, LLC v. Marriott International, Inc.*, *et al.*, Case 9:06-cv-00162-RHC (E.D. Tex. Nov. 6, 2006) (order denying Rule 12(b)(6) motion to dismiss, citing *Phonometrics*); *One World Techs.*, *Ltd. v. Robert Bosch Tool Corp.*, No. 04 C 0833, 2004 U.S. Dist. LEXIS 14035, at * 6-7 (N.D. Ill. 2004) (citing *Phonometrics* in denying a Rule 12(b)(6) motion to dismiss a formulaic complaint of patent infringement); *Interdigital Tech. Corp. v. OKI Am., Inc.*, 845 F. Supp. 276, 283 (E.D. Pa. 1994) (denying Rule 12(b)(6) motion where defendant did not dispute that it could identify which of its products were compatible with the IS-95 standard alleged to infringe the plaintiff's patent).

plead specific allegations of infringement of each element of the asserted claims. *See Phonometrics*, 203 F.3d at 794.  Yahoo is not asking for this type of relief, so the holding of *Phonometrics* is inapplicable to Yahoo!'s motion.  *Bell Atlantic* and the cases applying its clarification of the Rule 8 pleading standard are the controlling legal standard, and PA Advisor's argument to the contrary should be dismissed.

> **B.** **PA Advisors' First Amended Complaint Does Not Remedy Its Deficient Pleadings of Patent Infringement Claims.**
>
> **1.** **PA Advisors' First Amended Complaint Continues to Insufficiently Plead a Claim for Direct Infringement by Repeating All-Inclusive Descriptions of the Accused Products and Services.**

In its First Amended Complaint, PA Advisors identifies a number of additional items that allegedly infringe the patent in suit, but it did nothing to clarify how any of these items allegedly infringes this patent, and it continues to include vague and open-ended infringement allegations. For instance, PA Advisors provided a new list of ten accused infringing "methods and systems" in its First Amended Complaint.  *See* First Amd. Compl. ¶ 21.  Included in this list are items labeled "Sponsored Search," "Fusion," "Impulse," "Shoppers," "Engagers," and "Yahoo! Accounts' personalized features."  PA failed to provide any indication of how any of these, or the other, listed items allegedly infringe the patent in suit, and the inclusion of these labels alone does not enable Yahoo! to determine whether or not they may infringe the patent in suit.

Furthermore, PA Advisors lists five websites, e.g. www.yahoo.com, http://search.yahoo.com, http://cm.my.yahoo.com, http://yq.search.yahoo.com, http://myweb2.search.yahoo.com, and http://toolbar.yahoo.com that, along with various other unidentified websites, purportedly implement the identified ten items alleged to infringe the patent in suit.  However, PA Advisors failed to provide any modicum of association or correlation between the ten listed items and five listed websites that purportedly implement the

4

items. Again, Yahoo! is left to wonder exactly how each of the five listed websites allegedly infringe the patent in suit, and their mere listing of these websites alone does not enable Yahoo! to determine whether or not they may infringe the patent in suit.

Accordingly, PA Advisors' First Amended Complaint continues to improperly shift the burden to Yahoo! of deciphering how it allegedly infringes the patent in suit. *See Ondeo Nalco Co. v. EKA Chemicals, Inc.*, No. 01-537 SLR, 2002 U.S. Dist. LEXIS 26195, *4 (D. Del. Aug 10, 2002). PA Advisors repeats the same open ended and all-inclusive descriptions of the accused systems and methods, and it continues to use identify the accused infringing methods and systems using only the vaguest of descriptions. Descriptions of this sort fail to meet the pleadings standards because they fail to succinctly and sufficiently identify the accused infringing products. *See Ondeo Nalco Co.*, 2002 U.S. Dist. LEXIS 26195, *4.[2]

### 2. PA Advisors' First Amended Complaint Fails to Sufficiently Plead a Claim for Indirect Infringement.

PA Advisors' First Amended Complaint, as the original complaint, fails to allege direct infringement by a party other than Yahoo!, and therefore, it does not sufficiently plead indirect infringement. *Shearing v. Optical Radiation Corp.,* 30 U.S.P.Q.2d 1878, 1880 (D. Nev. 1994) (complaint must allege direct infringement by someone other than the inducer). Claims of inducement and contributory infringement both require, among other things, direct infringement by a party other than Yahoo!. 35 U.S.C. §§ 271 (b) and (c); *see also DSU Med. Corp. v. JMS Co., Ltd*, 471 F.3d 1293, 1303 (Fed. Cir. 2006).

---

[2] PA Advisors asserts that the original complaint is answerable because two co-defendants filed answers and Yahoo! filed an answer to a complaint in an unrelated case asserting infringement of a completely different patent. PA Advisors cites no authorities in support of this argument. Unique and different facts are before the two co-defendants and Yahoo! in the unrelated case. The fact that the two co-defendants filed responsive pleadings has no application to the present motion. Likewise, the fact that Yahoo! filed an answer in an unrelated case is irrelevant.

PA Advisors' opposition brief merely argues that Yahoo! knows better than anyone the identity of the end users or the users with "user profiles." *See* Dkt. No. 58, pp. 11-12. However, nowhere in its amended complaint does PA Advisors refer to any Yahoo! end users or customers as "others," or define these "others." *See Ondeo Nalco, Co.*, 2002 U.S. Dist. LEXIS 26195, *4 (The pleadings of instructing and encouraging ***others*** in the use of its products, including the 8692 product fail to allege direct infringement by a party other than ONDEO Nalco). Thus, PA Advisors' arguments about Yahoo!'s end users in its reply are irrelevant to whether or not PA Advisors has identified a direct infringer in connection with its allegations of indirect infringement – which it clearly has not.

In addition, PA Advisors' First Amended Complaint, as the original complaint, is also completely silent with regard to other material elements of indirect infringement. With regard to inducing infringement, PA Advisors does not plead knowledge or intent to encourage another's direct infringement or how "others" plausibly are induced to infringe. PA Advisors mischaracterizes Yahoo!'s position and incorrectly argues that the intent element must only be proven at trial. *See* Dkt. No. 58, pp. 11. Contrary to the PA Advisor's argument, the intent to encourage other's infringement must be pled in the complaint. *Shearing,* 30 U.S.P.Q. at 1880 (The complaint must provide a basis for believing that a plaintiff could prove scienter). Because PA Advisors' First Amended Complaint fails to do this, its claims of inducing infringement should be dismissed. Furthermore, in regard to contributory infringement, PA Advisors still fails to plead a lack of non-infringing uses for Yahoo!'s products and services, and how Yahoo! allegedly contributed to the infringement of the '067 patent, as required by 35 U.S.C. § 271(c). Because PA Advisors have failed to plead this critical element of contributory infringement, its claims of contributory infringement should be dismissed. Therefore, PA Advisors' claims of

indirect infringement should be dismissed, at least for failing to: (1) identify a direct infringer, (2) plead knowledge or intent to encourage other's inducement, (3) plead a lack of non-infringing uses, and (4) plead how Yahoo! contributed to the alleged infringement of the '067 patent.

### 3. The Existence of Local Patent Rule 3-1 Does Not Excuse PA Advisors' Deficient Pleadings.

PA Advisors also argues that its First Amended Complaint is sufficient because any ambiguities regarding its pleadings will be remedied when it provides its initial infringement contentions in accordance with the local patent rules. This argument is without merit, as the complaint must stand on its own, and PA Advisors cannot rely on any outside or future documents to provide the missing facts needed to correct its complaint. Indeed, PA Advisors cited no authority in support of its position, and Yahoo! submits that PA Advisors' attempts to rely on these extrinsic documents further evidence its desire to have a lower pleading standard apply to its complaint.

### 4. PA Advisors' Reliance on Form 16 is Misplaced.

PA Advisors also cites to Form 16 of the Appendix of Forms in the Federal Rules of Civil Procedure as support for its argument that its pleadings are sufficient. As noted in Yahoo!'s motion, PA Advisors' allegations differ from the sample allegations in Form 16 in that the sample allegations are not open ended and provide a clear connection between the patented item and a discrete list of accused products. The same cannot be said for PA Advisors' allegations.

In many ways, Form 16 is an inadequate standard for determining whether PA Advisors' complaint satisfies Rule 8 or Rule 12(b)(6). The first sentence of the introductory statement of the Appendix of Forms to the Federal Rules of Civil Procedure states that "[t]he following forms

7

are intended for *illustration* only." Fed. R. Civ. P. Appendix of Forms Introductory Statement ¶ 1 (emphasis added). Form 16, therefore, should only be used as a guide and is not an example of an adequately pled patent infringement complaint for all factual situations. The form is also a complaint for infringement of an apparatus (electric motors) patent and not a method and system patent like the patent at issue in this case. Furthermore, the form provides no guide for indirect infringement. This form was last amended in 1963 and was adopted prior to many of the cases that shape today's patent law landscape, such as *Markman v. Westview Instruments, Inc.*, 52 F.3d 967 (Fed. Cir. 1995), *Warner-Jenkinson Company, Inc. v. Hilton Davis Chemical Co.*, 520 U.S. 17 (1997), *State Street Bank & Trust Company v. Signature Financial Group, Inc.*, 149 F.3d 1368 (Fed. Cir. 1998), and *Festo Corp. v Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722 (2002). Importantly, since the form has not been amended since the Supreme Court's ruling in *Bell Atlantic,* the guidance it provides is questionable at best. For at least these reasons, the PA Advisors' claims of direct and indirect infringement against Yahoo! fail to comply with Rule 8(a) and should be dismissed under Rule 12(b)(6).

## II. ALTERNATIVELY, PA ADVISORS SHOULD BE ORDERED TO FURTHER AMEND ITS PLEADINGS TO PROVIDE A CLEAR AND CONCISE ALLEGATION OF INFRINGEMENT.

In the event that the Court does not dismiss the First Amended Complaint, PA Advisors should be ordered at least to amend its pleadings to provide a more definite statement of its infringement claims. As noted above, PA Advisors must satisfy the pleadings standards regardless of whether local patent rules exist or not, and vague and open-ended lists of accused internet products without any association or correlation to their implementing websites do not suffice. *See In re Papst Licensing GmbH Patent Litig.*, No. MDL 1298, 2001 U.S. Dist. LEXIS 2255 at * 4-5 (E.D. La. Feb. 22, 2001) (requiring the defendant to compare 503 claims to all of

its products containing a hard disk drive); *see also Bay Indus., Inc. v. True-Arx Mfg., LLC*, No. 06-C-1010, 2006 U.S. Dist. LEXIS 86757, at *5-6 (E.D. Wis. Nov. 29, 2006) (failing to set forth a limiting parameter for determining the accused products); *see eSoft Inc. v. Astaro Corp.*, No. 06-cv-00441-REB-MEH, 2006 U.S. Dist. LEXIS 52336, at *4 (D. Colo. July 31, 2006) (Rule 12(e) applies when the pleading is so vague or ambiguous that the opposing party cannot respond to it). Thus, PA Advisors should be ordered to amend its infringement allegations against Yahoo! to, among other things, succinctly state the products and/or services that are alleged to infringe the '067 patent. PA Advisors should also be ordered to provide a complete basis for its allegations of indirect infringement.

Given PA Advisors' statements that it will eventually provide additional information in its Local Patent Rule 3-1 disclosures, PA Advisors should well be able to correct its deficient pleadings through a minimum expenditure of time and money on its part. If it were to do so, it would limit Yahoo!'s expenditure of time and in attempting to respond to the deficient complaints, and it would limit the Court's expenditure of time and in deciding this motion, thereby facilitating the "just, speedy, and inexpensive determination of the action." *Bay Indus., Inc.*, U.S. Dist. LEXIS 86757, at *5-6.

### III. PA ADVISORS' ALLEGATIONS THAT YAHOO! IS SEEKING AN EARLY DETERMINATION ON THE MERITS AND/OR EARLY DISCOVERY ARE WITHOUT MERIT.

PA Advisors' attempts to mischaracterize Yahoo!'s motion as a veiled attempt to seek early discovery lack merit. Yahoo! is simply requesting PA Advisors to plead factual allegations required by Rule 8(a), or in the alternative, at least to provide a clear and concise claim of patent infringement. PA Advisors' arguments that Yahoo!'s motion is seeking a decision on the merits are equally misplaced. PA Advisors cited to nothing in Yahoo!'s motion that directly or

9

implicitly sought this relief, and even the most cursory review of Yahoo!'s motion demonstrates that Yahoo! has not requested such relief. Yahoo!'s motion to dismiss is well grounded both legally and factually, and PA Advisors' arguments to the contrary should be accorded no weight.

## IV.  CONCLUSION.

For the reasons set forth above and in its original motion, Yahoo! respectfully requests that the Court dismiss Plaintiff's claims of patent infringement against Yahoo!. In the alternative, Plaintiff should be ordered to provide a more definite statement of its claims, including an identification of the particular features or aspects of Yahoo!'s products and/or services that allegedly infringe the '067 patent, and how such features or aspects directly or indirectly infringe the '067 patent.

Respectfully submitted,

Dated: January 17, 2008

By: /s/ Michael E. Jones
Michael E. Jones
  State Bar No. 10929400
  mikejones@potterminton.com
  POTTER MINTON
  110 N. College, Suite 500
  PO Box 359
  Tyler, TX 75710
  Telephone: 903-597-8311
  Fax: 903-593-0846

Jason C. White
jwhite@usebrinks.com
Richard D. Watkins
rwatkins@usebrinks.com
Miyoung Shin
mshin@usebrinks.com
BRINKS HOFER GILSON & LIONE
NBC Tower-Suite 2500
455 N. Cityfront Plaza Dr.
Chicago, IL 60611
Telephone: 312-321-4200
Fax: 312-321-4299

**CERTIFICATE OF SERVICE**

     I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 17th day of January 2008. Any other counsel of record will be served by first class U.S. mail on this same date.

                                     */s/ Michael E. Jones*