IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PA ADVISORS, LLC<br><br>    Plaintiff,<br><br>    v.<br><br>GOOGLE INC., ET AL.<br><br>    Defendants. | No. 2:07-cv-480-TJW<br><br>JURY TRIAL DEMANDED |

### PLAINTIFF'S SUR-REPLY TO DEFENDANT YAHOO! INC.'S MOTION TO DISMISS OR IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT

The true motivation behind Yahoo's Motion to Dismiss is now even clearer. Although PA Advisors has gone above and beyond the pleading requirements and has, in good faith, amended its Original Complaint to provide Yahoo additional detail of its patent infringement allegations, Yahoo continues to stall and feign its inability to answer PA Advisors' claims. It is obvious that Yahoo simply does not want the clock to start ticking on this lawsuit.

Yahoo's Reply offers the Court no legitimate basis for dismissing PA Advisors' infringement claims, and the Court should deny its Motion for at least the following reasons:

- PA Advisors' Amended Complaint meets all of the pleading requirements and gives Yahoo adequate notice of its infringement claims. PA Advisors has pleaded "enough facts to state a claim to relief that is plausible on its face," as required by the Supreme Court in *Bell Atlantic*, upon which Yahoo relies.

- Yahoo could answer PA Advisors' Amended Complaint if it so desired. Almost all of the others defendants have answered this lawsuit. Six of the other defendants who had previously moved to dismiss (or in the alternative for a more definite statement with respect to) PA Advisors' claims have withdrawn their motions and have answered.

- Yahoo's arguments regarding PA Advisors' claims of indirect infringement are misplaced. PA Advisors has accused Yahoo of ***both*** direct and indirect infringement. PA Advisors believes that Yahoo is directly infringing the patent-in-suit, but to the extent that Yahoo itself is not directly infringing each element of at least one claim of the

1

patent-in-suit, then Yahoo is infringing in combination with the actions of the users of its accused systems.

- Yahoo's request for a more definite statement is an attempt to obtain PA Advisors' P.R. 3-1 disclosures well before they are due pursuant to the local Patent Rules.

In short, Yahoo's Reply adds no new arguments to its original Motion making clear that Yahoo's arguments merely constitute an attempt to delay its answer, seek a decision on the merits at the pleading stage, and obtain premature discovery before PA Advisors' P.R. 3-1 disclosures are due.

### A.  PA Advisors' Amended Complaint meets the pleading requirements and can be answered.

Yahoo insists in its Reply that the Supreme Court announced a new heightened pleading standard in *Bell Atlantic Corp. v. Twombly*. *See* Dkt. No. 75, Yahoo's Reply, at 2-4. Yet, the Supreme Court explicitly stated that it was "not requir[ing] heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929, 949 (2007); see also *Erickson v. Pardus*, 127 S.Ct. 2197, 167 L. Ed. 2d 1081 (2007) (two weeks after *Bell Atlantic*, reaffirming that under Rule 8 "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"). PA Advisors' Amended Complaint clearly meets this standard, and Yahoo does not refute this in its Reply.

Indeed, Yahoo does not argue that PA Advisors has failed to plead "enough facts to state a claim to relief that is plausible on its face," as required by *Bell Atlantic*. While admitting that PA Advisors' Amended Complaint specifically lists ten accused infringing systems by name, Yahoo, instead, argues that PA Advisors has not shown ***how*** these ten accused systems infringe the patent-in-suit. See Dkt. No. 75, Yahoo's Reply, at 4-5. But, at this stage of the litigation, PA Advisors is not required to show specifically ***how*** the accused systems infringe. It is enough that

PA Advisors has identified (1) its ownership of the asserted patent, (2) the names each individual defendant, (3) the patent that is allegedly infringed, (4) the means by which defendants allegedly infringe, and (5) the statute implicated. *See, e.g., Phonometrics, Inc. v. Hospitality Franchise Sys. Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000); *see also McZeal v. Sprint Nextel Corp.*, No. 99-1086, 2007 U.S. App. LEXIS 22025, * 5-9 (Fed. Cir. Sept. 14, 2007) (reaffirming *Phonometrics*). Yahoo's argument is improperly and prematurely directed to the merits of PA Advisors' claims, not to an alleged pleading deficiency, and it has no place in a Rule 12(b)(6) motion to dismiss.

Other than the names of the accused systems, PA Advisors' patent infringement allegations against Yahoo are no different than its allegations against the other defendants who had originally filed motions to dismiss and have now answered PA Advisors' Amended Complaint.[1] There is no question that PA Advisors has provided Yahoo adequate detail of its claims and that Yahoo could answer PA Advisors' Amended Complaint if it chose to do so. Yahoo could have just as easily withdrawn its Motion to Dismiss and answered the Amended Complaint, but it has, instead, chosen to waste the Court's time with its meritless allegations to either delay its answer or seek a decision on the merits at the pleading stage.

**B.    PA Advisors' claims of indirect infringement meet the pleadings requirements.**

Yahoo's arguments regarding PA Advisors' claims of indirect infringement are misplaced. PA Advisors has accused Yahoo of both direct and indirect infringement. PA Advisors believes that Yahoo is directly infringing the patent-in-suit, but to the extent that Yahoo itself is not directly infringing every element of at least one claim of the patent-in-suit, Yahoo is

---

[1] With the exception of one other defendant (Facebook), all of the other defendants have now answered this lawsuit. In addition to Google and Specific Media, who answered PA Advisors' Original Complaint, six more defendants—ContextWeb, Fast Search & Transfer, AgentArts, Seevast, Pulse 360, and 24/7 Real Media—have withdrawn their Motions to Dismiss and have answered PA Advisors' Amended Complaint. *See* Dkt. Nos. 71, 72, 74, 77, 78, 85, 86, and 88.

3

infringing in combination with the actions of the users of its accused systems. PA Advisor's claims are not complicated. By specifically identifying the accused systems by name and describing the method of infringement, PA Advisors has given Yahoo fair notice of its claims of indirect infringement. Yahoo already has knowledge of its customers and intends for its customers to use accused systems in the allegedly infringing manner. It would be pointless to require PA Advisors to list each and every one of Yahoo's users in its Complaint.[2]

This case can be distinguished from *Shearing v. Optical Radiation Corp.*, which Yahoo cites in its Reply. *See* Dkt. No. 75, Yahoo's Reply, at 5. In *Shearing*, the patent-in-suit covered a method of implanting an intraocular lens. *Shearing v. Optical Radiation Corp.*, 1994 U.S. Dist. LEXIS 18937, at *2, 30 U.S.P.Q.2d 1878 (D. Nev. Mar. 25, 1994). The defendants were in the business of manufacturing and selling intraocular lenses but played no role in implanting the lenses. *Id.* at *2-3. The infringing activity (the implantation) was done by ophthalmologists, and the defendants argued that the lenses could, but need not be, implanted by use of the patented method. *Id.* at *3. For that reason, it was critical that the plaintiff identify the ophthalmologists who were using the patent patented process. *Id.* at *5. In the present case, the patent-in-suit covers a method for generating personalized user profiles and using the generated user profiles to perform adaptive internet searches. Unlike the defendants in *Shearing*, Yahoo is involved in every step of the patented process. Yahoo's accused systems generate personalized user profiles and use those profiles to perform adaptive internet searches. Yahoo controls the way the searches are performed, not the users. In this case, unlike the ophthalmologists in *Shearing* who had the option of choosing a non-infringing method of implanting the lenses, the users of

---

[2] In October 2007, an official Yahoo blog cited statistics suggesting there are 255 million existing Yahoo! Mail customers, which means there are at least that many potentially infringing personalized Yahoo! Accounts. *See* Ex. A, Posting of John Kremer, to Yodel Anecdotal, http://ycorpblog.com/2007/10/08/happy-10th-birthday-yahoo-mail/ (Oct. 8, 2007, 10:32 a.m.).

Yahoo's accused systems have no control over the manner in which the searches are performed. Thus, if Yahoo's accused systems are found to be infringing, as PA Advisors has alleged, there can be no non-infringing alternatives, and it is not important for PA Advisors to cull out only certain Yahoo users.

**C.    Yahoo's request for a more definite statement is an attempt to obtain premature discovery.**

Yahoo alternatively asks the Court to order PA Advisors to amend its pleadings to provide a more definite statement of its infringement claims. *See* Dkt. No. 75, Yahoo's Reply, at 8-9. Yahoo argues that "PA Advisors should be ordered to amend its infringement allegations against Yahoo! to, among other things, succinctly state the products and/or services that are alleged to infringe the '067 patent." *Id.* at 9. PA Advisors has already done this in its First Amended Complaint. Specifically, PA Advisors has identified "Yahoo! Search Marketing, Sponsored Search, Y!Q Search, Yahoo! Behavioral Targeting, Fusion, Impulse, Shoppers, Engagers, Yahoo! Publisher Network, and Yahoo! Accounts' personalized features." Dkt. No. 58, First Amended Complaint, at ¶ 21. PA Advisors has identified the accused systems as specifically as possible from publicly available information. There is nothing more that PA Advisors is required to do at this time.

From Yahoo's Reply, it is evident that Yahoo is attempting to obtain early discovery from PA Advisors. Yahoo essentially argues that PA Advisors should be able to provide its infringement contentions now "through a minimum expenditure of time and money" given that it will eventually be required to provide its P.R. 3-1 disclosures. *Id.* at 9. This is not true, nor is PA Advisors required to make its P.R. 3-1 disclosures at this time. Because PA Advisors' Amended Complaint adequately gives Yahoo fair notice of its infringement claims, there is no need for the Court to require PA Advisors to amend its Complaint a second time.

5

**D.     Conclusion**

For the reasons stated herein and in its Response to Defendants Yahoo! Inc.'s Motion to Dismiss, or in the Alternative, for More Definite Statement, PA Advisors asks the Court to deny Yahoo's Motion and to order Yahoo to file an answer to PA Advisors' First Amended Complaint.  In the alternative, if the Court deems PA Advisors' current First Amended Complaint to be deficient in any way, then PA Advisors requests leave to amend the First Amended Complaint to address any such issues.


Dated: January 28, 2008                                     Respectfully submitted,

                                                            **PA ADVISORS, LLC**

                                                            By: /s/ Amy E. LaValle
                                                            Eric M. Albritton
                                                           Texas State Bar No. 00790215
                                                           **ALBRITTON LAW FIRM**
                                                           P.O. Box 2659
                                                           Longview, Texas 75606
                                                           Telephone:  (903) 757-8449
                                                           Facsimile:  (903) 758-7397
                                                           E-mail:  ema@emafirm.com

                                                           David M. Pridham
                                                           R.I. State Bar No. 6625
                                                           207 C North Washington Avenue
                                                           Marshall, Texas 75670
                                                           Telephone:  (903) 938-7400
                                                           Facsimile:  (903) 938-7404
                                                           E-mail:  david@ipnav.com

                                                           Amy E. LaValle
                                                           Texas State Bar No. 24040529
                                                           **THE LAVALLE LAW FIRM**
                                                           3811 Turtle Creek Boulevard
                                                           Suite 1620
                                                           Dallas, Texas 75219
                                                           Telephone: (214) 732-7533
                                                           Facsimile: (214) 292-8831
                                                           E-mail: lavalle@lavallelawfirm.com

        Of Counsel:
        Joseph Diamante
        **JENNER & BLOCK LLP**
        919 Third Avenue, 37th Floor
        New York, New York 10022-3908
        Telephone: (212) 891-1600
        Facsimile:  (212) 891-1699
        E-mail:  jdiamante@jenner.com

        **ATTORNEYS FOR PLAINTIFF**
        **PA ADVISORS, LLC**

## **CERTIFICATE OF SERVICE**

I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served today with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

Dated: January 28, 2008                           /s/ Amy E. LaValle