UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

PA ADVISORS, LLC,

                    Plaintiff,

         v.

GOOGLE INC., ET AL.

                    Defendants.

Civil Action No. 2-07CV-480-TJW

JURY TRIAL REQUESTED

**DEFENDANT GOOGLE INC.'S ANSWER, AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS TO PA ADVISORS, LLC'S FIRST AMENDED COMPLAINT FOR
PATENT INFRINGEMENT**

Defendant and counterclaimant Google Inc. ("Google") by and through the undersigned

counsel, answers the First Amended Complaint for Patent Infringement ("Complaint") of

plaintiff and counterdefendant PA ADVISORS, LLC ("Plaintiff"), as follows:

**Parties**

1.      Google is without knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations in paragraph 1 of the Complaint and therefore denies them.

2.      Google admits it is a Delaware corporation with its corporate headquarters and

principal place of business at 1600 Amphitheatre Parkway, Mountain View, California, 94043.

Google admits it has appointed its agent for service as follows:  Corporation Service Company

d/b/a CSC--Lawyers Incorporating Service Company, 701 Brazos Street, Suite 1050, Austin,

Texas 78701.

3.      Google is without knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations in paragraph 3 of the Complaint and therefore denies them.

DEFENDANT GOOGLE INC.'S ANSWER TO FIRST AMENDED COMPLAINT

Dockets.Justia.com

4.     Google is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 4 of the Complaint and therefore denies them.

5.     Google is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 5 of the Complaint and therefore denies them.

6.     Google is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 6 of the Complaint and therefore denies them.

7.     Google is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 7 of the Complaint and therefore denies them.

8.     Google is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 8 of the Complaint and therefore denies them.

9.     Google is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 9 of the Complaint and therefore denies them.

10.     Google is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 10 of the Complaint and therefore denies them.

11.     Google is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 11 of the Complaint and therefore denies them.

12.     Google is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 12 of the Complaint and therefore denies them.

13.     Google is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 13 of the Complaint and therefore denies them.

14.     Google is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 14 of the Complaint and therefore denies them.

## Jurisdiction and Venue

15.     Google admits that the Complaint is an action for alleged patent infringement under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and admits that this Court has subject matter jurisdiction over such actions based on 28 U.S.C. §§ 1331 and 1338.  Google denies any allegation of infringement of the patent identified in the Complaint.

16.     In response to paragraph 16 of the Complaint and solely for the purpose of this action, Google does not contest venue in this District.  However, the interests and convenience of the parties would be better served by transferring this case to a different district.  Google denies any remaining allegations in paragraph 16.

17.     Google admits that it is subject to personal jurisdiction in this District solely for the purpose of this action.  Google admits that it has conducted and does conduct business in the Eastern District of Texas.  Google denies that it has committed any acts of infringement within the Eastern District of Texas, or any other District.  Google denies any remaining allegations in paragraph 17.

## COUNT I
## Infringement of U.S. Patent No. 6,199,067

18.     Google admits that what appears to be a copy of United States Patent No. 6,199,067 (the "'067 patent") is attached to the Complaint as Exhibit A.  Google denies any remaining allegations in paragraph 18.

19.     Google admits that page 1 of Exhibit A lists Ilya Geller as the inventor of the '067 patent.  Google denies any remaining allegations in paragraph 19.

20.     Google denies the allegations in paragraph 20.

21.     Google is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 21 of the Complaint and therefore denies them.

22.     Google is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 22 of the Complaint and therefore denies them.

23.     Google is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 23 of the Complaint and therefore denies them.

24.     Google is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 24 of the Complaint and therefore denies them.

25.     Google is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 25 of the Complaint and therefore denies them.

26.     Google is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 26 of the Complaint and therefore denies them.

27.     Google is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 27 of the Complaint and therefore denies them.

28.     Google is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 28 of the Complaint and therefore denies them.

29.     Google is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 29 of the Complaint and therefore denies them.

30.     Google is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 30 of the Complaint and therefore denies them.

31.     Google is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 31 of the Complaint and therefore denies them.

32.     Google is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 32 of the Complaint and therefore denies them.

33.    Google denies any infringement and denies any actions could constitute willful infringement.  Therefore, Google denies the allegations in paragraph 33.

34.    Google denies that Plaintiff is entitled to any pre-suit damages.   Therefore, Google denies the allegations of paragraph 34.

35.    Google denies the allegations of paragraph 35 of the Complaint.  To the extent the allegations set forth in paragraph 35 relate to other defendants, Google lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on this basis denies those allegations.

36.    Google denies the allegations of paragraph 36 of the Complaint.  To the extent the allegations set forth in paragraph 36 relate to other defendants, Google lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on this basis denies those allegations.

### Prayer for Relief

Google denies that Plaintiff is entitled to the relief sought by its Prayer for Relief, set forth on pages 11-12 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE:  Non-Infringement of the '067 Patent

Google has not infringed and does not infringe, either directly, contributorily, or by inducement, any valid and enforceable claim of the '067 patent.

### SECOND AFFIRMATIVE DEFENSE:  Invalidity and/or Enforceability of the '067 Patent

The claims of the '067 patent are invalid for failure to satisfy one or more conditions of patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

### THIRD AFFIRMATIVE DEFENSE:  Lack of Standing

On information and belief, Plaintiff lacks the standing necessary to assert the claims of the '067 patent against Google.

### FOURTH AFFIRMATIVE DEFENSE:  Unclean Hands

On information and belief, the claims of the '067 patent are unenforceable due to Plaintiff's unclean hands.

### COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Google Inc. ("Counterclaim-Plaintiff Google") for its Counterclaims against PA ADVISORS, LLC ("Counterclaim-Defendant PA ADVISORS, LLC"), alleges as follows:

### PARTIES

1.    Counterclaim-Plaintiff Google is a corporation organized and existing under the laws of the state of Delaware with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, CA, 94043.

2.    Counterclaim-Defendant PA ADVISORS, LLC alleges that it is a corporation organized and existing under the laws of the state of Texas with its principal place of business in Marshall, Texas.

### JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338.

4.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and by virtue of Counterclaim-Defendant PA ADVISORS, LLC's admissions in the Complaint that venue is proper in this district.

## COUNT I: Declaratory Judgment of Non-Infringement

5.      Counterclaim-Plaintiff Google incorporates the allegations in paragraphs 1 through 36 of the answer and defenses herein and paragraphs 1 through 4 of these counterclaims as if fully set forth herein.

6.      Counterclaim-Defendant PA ADVISORS, LLC claims to be the owner of the '067 patent.

7.      Counterclaim-Defendant PA ADVISORS, LLC has initiated a civil action against Counterclaim-Plaintiff Google by filing the Complaint in this Court alleging that Counterclaim-Plaintiff Google has infringed one or more claims of the '067 patent.

8.      Counterclaim-Plaintiff Google has not infringed and does not infringe any valid and enforceable claim of the '067 patent.

## COUNT II: Declaratory Judgment of Invalidity and/or Unenforceability

9.      Counterclaim-Plaintiff Google incorporates the allegations in paragraphs 1 through 36 of the answer and defenses herein and paragraphs 1 through 8 of these counterclaims as if fully set forth herein.

10.     The '067 patent is invalid for failure to satisfy one or more of the conditions of patentability set forth in Part II of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

## EXCEPTIONAL CASE

11.     On information and belief, this is an exceptional case entitling Google to an award of its attorneys' fees incurred in connection with defending and prosecuting this action pursuant to 35 U.S.C. § 285, as a result of, *inter alia*, Plaintiff's assertion of the '067 patent against Google with the knowledge that Google does not infringe any valid or enforceable claim of the '067 patent and/or that the '067 patent is invalid and/or unenforceable.

## **RELIEF REQUESTED**

WHEREFORE, Google respectfully requests the following relief:

1.    A judgment in favor of Google denying Plaintiff all relief requested in this action and dismissing Plaintiff's Complaint for patent infringement with prejudice;

2.    A judgment declaring that each claim of the '067 patent is invalid and/or unenforceable;

3.    A judgment declaring that Google has not infringed and is not infringing any valid and/or enforceable claim of the '067 patent, and that Google has not contributed to or induced and is not contributing to or inducing infringement of any valid and enforceable claim of the '067 patent;

4.    A judgment declaring that Google has not willfully infringed and is not willfully infringing any valid and/or enforceable claim of the '067 patent.

5.    A judgment declaring this to be an exceptional case under 35 U.S.C. § 285 and awarding Google its costs, expenses, and reasonable attorneys' fees; and

6.    That the Court award Google such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Fed. R. Civ. P. 38(b), Google demands a trial by jury on all issues so triable.

Dated:  January 29, 2008

Respectfully submitted,

By:  /s/ _____

David J. Beck
Texas Bar No. 00000070
dbeck@brsfirm.com
BECK, REDDEN & SECREST, L.L.P.
One Houston Center
1221 McKinney St., Suite 4500
Houston, TX.  77010
(713) 951-3700
(713) 951-3720 (Fax)

**LEAD ATTORNEY FOR
DEFENDANT GOOGLE INC.**

OF COUNSEL:

Michael E. Richardson
Texas Bar No. 24002838
mrichardson@brsfirm.com
BECK, REDDEN & SECREST, L.L.P.
One Houston Center
1221 McKinney St., Suite 4500
Houston, Texas 77010
(713) 951-3700
(713) 951-3720 (Fax)

Charles K. Verhoeven,
California Bar No. 170151
charlesverhoeven@quinnemanuel.com
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
50 California Street, 22nd Floor
San Francisco, CA  94111
Tel.: (415) 875-6600
Fax: (415) 875-6700

Brian C. Cannon
California Bar No. 193071
briancannon@quinnemanuel.com
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA  94065
Tel.: (650) 801-5000
Fax: (650) 801-5100

## CERTIFICATE OF SERVICE

I certify that counsel of record who are deemed to have consented to electronic service are being served today with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

/s/_____
Michael E. Richardson