IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

PA ADVISORS, LLC

    Plaintiff,

    v.

GOOGLE INC., ET AL.

    Defendants.

No. 2:07-cv-480-TJW

JURY TRIAL DEMANDED

**PLAINTIFF'S RESPONSE TO FACEBOOK, INC.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT; MOTION TO STRIKE; AND MOTION TO STAY DISCOVERY; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

    Plaintiff PA Advisors, LLC ("PA Advisors") files this Response in opposition to Defendant Facebook, Inc.'s Motion to Dismiss First Amended Complaint or, in the Alternative, for a More Definite Statement; Motion to Strike; and Motion to Stay Discovery; and Memorandum of Points and Authorities in Support Thereof ("Facebook's Motion") (Dkt. No. 93).

## I. INTRODUCTION

    For at least the following reasons, the Court should deny Facebook's Motion and order Facebook to file an answer to PA Advisors' Amended Complaint:

- Although PA Advisors' Original Complaint was adequate in all respects, in good faith, PA Advisors filed an Amended Complaint, which sets forth its claims against Facebook in more detail by specifically identifying two recently launched advertising services—Facebook Ads and Beacon.

- PA Advisors' Amended Complaint meets all of the pleading requirements and gives Facebook adequate notice of its infringement claims. PA Advisors has pleaded "enough facts to state a claim to relief that is plausible on its face," as required by the Supreme Court in *Bell Atlantic v. Twombly*, upon which Facebook relies.

1

Dockets.Justia.com

- ▪ Facebook could answer PA Advisors' Amended Complaint if it so desired. All but one of the others defendants have answered this lawsuit. Six of the other defendants who had previously moved to dismiss (or in the alternative for a more definite statement) with respect to PA Advisors' claims have withdrawn their motions and have answered.

- ▪ Facebook argument that PA Advisors did not have a Rule 11 basis for filing this lawsuit is misleading and places too much emphasis on PA Advisors' specific naming of Facebook Ads and Beacon in its Amended Complaint. As pleaded in PA Advisors' Original Complaint, Facebook was infringing the patent-in-suit before PA Advisors filed this lawsuit. PA Advisors cannot be faulted for promptly amending its Complaint after Facebook launched two new infringing products.

Because Facebook's Motion lacks any legal or factual merit, it should be seen for what it is—a thinly veiled attempt to: (i) delay filing its answer, (ii) seek a decision on the merits at the pleading stage, (iii) obtain premature discovery before PA Advisors' P.R. 3-1 disclosures are due, and (iv) delay its discovery obligations.

## II.    FACTS

### A.    PA Advisors' Original Complaint adequately set forth its contentions.

PA Advisors' Original Complaint for Patent Infringement (Dkt. No. 1) pleaded, *inter alia*, its ownership of U.S. Patent No. 6,199,067 ("the '067 Patent"), the means of Facebook's infringement of the '067 Patent, a description of Facebook's infringement, and the applicable statute. PA Advisors original contentions regarding Facebook's infringement were set forth at paragraph 22, as follows:

> Upon information and belief, Defendant Facebook has been and now is directly, literally and/or, upon information and belief, jointly, equivalently and/or indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '067 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods and systems implemented by and through various websites (including, but not limited to, www.facebook.com) that comprise systems and methods for automatically generating personalized user profiles and for utilizing the generated profiles to perform adaptive Internet or computer data searches as covered by one or more claims of the '067 Patent. Defendant Facebook is thus liable for infringement of the '067 Patent pursuant to 35 U.S.C. § 271.

Dkt. No. 1, ¶ 22.

In addition to the above, PA Advisors' First Amended Complaint for Patent Infringement (Dkt. No. 58) also identifies two recently launched Facebook services by name—Facebook Ads and Facebook Beacon.  These two new advertising services leverage the existing infringing actions that Facebook took with respect to searching for people to create highly relevant promotions.[1]  PA Advisors contentions regarding Facebook's infringement are set forth at paragraph 21, as follows:

> Upon information and belief, Defendant Facebook has been and now is directly, literally and/or, upon information and belief, jointly, equivalently and/or indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '067 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods and systems (including, but not limited to, Facebook Ads and Facebook Beacon) implemented by and through various websites (including, but not limited to, www.facebook.com) that comprise systems and methods for automatically generating personalized user profiles and for utilizing the generated profiles to perform adaptive Internet or computer data searches as covered by one or more claims of the '067 Patent.  Defendant Facebook is thus liable for infringement of the '067 Patent pursuant to 35 U.S.C. § 271.

Dkt. No. 58, ¶ 21.

It is clear from PA Advisors' Original Complaint and its Amended Complaint that it has pleaded infringement of the '067 Patent by Facebook's described "systems and methods for automatically generating personalized user profiles and for utilizing the generated profiles to perform adaptive Internet or computer data searches," namely Facebook Ads and Facebook Beacon, implemented by and through various websites (including, but not limited to, www.facebook.com).[2]

---

[1] *See, e.g.*, Ex. A, Facebook Social Ads Help, *available at* http://www.facebook.com/help.php?page=59 (Social Ads leverage the actions that users take with Facebook Pages and Applications to create highly relevant promotions.").

[2] At this time, PA Advisors has not alleged a claim of willful infringement but has merely reserved the right to request such a finding at time of trial to the extent that facts learned in discovery show that Defendants' infringement is or has been willful.  *See* Dkt. No. 58, ¶ 33.  Therefore, Facebook's motion to dismiss and/or strike this reservation is unwarranted and premature.  *See* Dkt. No. 93, Facebook's Motion, at 15-16.

**B.     The patent-in-suit adds even more detail to PA Advisors' contentions.**

Attached to PA Advisors' Original Complaint is a copy of the '067 Patent, which provides Facebook additional detail regarding the scope of the '067 Patent and thus of PA Advisors' infringement contentions.   For example, Claim 1 of the '067 Patent covers the following:

1. A data processing method for enabling a user utilizing a local computer system having a local data storage system to locate desired data from a plurality of data items stored in a remote data storage system in a remote computer system, the remote computer system being linked to the local computer system by a telecommunication link, the method comprising the steps of:

(a) extracting, by one of the local computer system and the remote computer system, a user profile from user linguistic data previously provided by the user, said user data profile being representative of a first linguistic pattern of the said user linguistic data;

(b) constructing, by the remote computer system, a plurality of data item profiles, each plural data item profile corresponding to a different one of each plural data item stored in the remote data storage system, each of said plural data item profiles being representative of a second linguistic pattern of a corresponding plural data item, each said plural second linguistic pattern being substantially unique to each corresponding plural data item;

(c) providing, by the user to the local computer system, search request data representative of the user's expressed desire to locate data substantially pertaining to said search request data;

(d) extracting, by one of the local computer system and the remote computer system, a search request profile from said search request data, said search request profile being representative of a third linguistic pattern of said search request data;

(e) determining, by one of the local computer system and the remote computer system, a first similarity factor representative of a first correlation between said search request profile and said user profile by comparing said search request profile to said user profile;

(f) determining, by one of the local computer system and the remote computer system, a plurality of second similarity factors, each said plural second similarity factor being representative of a second correlation between said search request profile and a different one of said plural data item profiles, by comparing said search request profile to each of said plural data item profiles;

4

(g) calculating, by one of the local computer system and the remote computer system, a final match factor for each of said plural data item profiles, by adding said first similarity factor to at least one of said plural second similarity factors in accordance with at least one intersection between said first correlation and said second correlation;

(h) selecting, by one of the local computer system and the remote computer system, one of said plural data items corresponding to a plural data item profile having a highest final match factor; and

(i) retrieving, by one of the local computer system and the remote computer system from the remote data storage system, said selected data item for display to the user, such that the user is presented with a data item having linguistic characteristics that substantially correspond to linguistic characteristics of the linguistic data generated by the user, whereby the linguistic characteristics of the data item correspond to the user's social, cultural, educational, economic background as well as to the user's psychological profile.

Dkt No. 1, Ex. A (Claim 1).

The '067 Patent generally relates to, among other things, "a system and method for automatically generating personalized user profiles and for utilizing the generated profiles to perform adaptive Internet or computer data searches."  Dkt No. 1, Ex. A (Abstract of the '067 Patent).

## III.  ARGUMENT

The Federal Rules require only a "short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a).  Rule 8 further requires pleadings "to be concise and direct."  FED. R. CIV. P. 8(e).  The Supreme Court has noted that, "[t]he Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim.  To the contrary, all that the Rules require is a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

Patent infringement cases are governed by the same liberal, notice pleading standard. *See, e.g.*, *Phonometrics, Inc. v. Hospitality Franchise Sys. Inc*., 203 F.3d 790, 794 (Fed. Cir. 2000). In *Phonometrics*, the Federal Circuit made clear that a complaint alleging patent infringement

need only allege the following: (1) ownership of the asserted patent, (2) the names each individual defendant, (3) the patent that is allegedly infringed, (4) the means by which defendants allegedly infringe, and (5) the statute implicated. *Id.* at 794.  *See also McZeal v. Sprint Nextel Corp.*, No. 99-1086, 2007 U.S. App. LEXIS 22025, * 5-9 (Fed. Cir. Sept. 14, 2007) (reaffirming *Phonometrics*).

In addition, a complaint alleging patent infringement is sufficient to withstand a motion for a more definite statement "if it provides at least as much information as Form 16 in the Federal Rules of Civil Procedure's Appendix of Forms." *Dome Patent L.P. v. Permeable Techs.*, Inc., 190 F.R.D. 88, 90-91 (W.D.N.Y. 1999) (citing *OKI Elec. Indus. Co. v. LG Semicon Co.,* No. 97-20310, 1998 U.S. Dist. LEXIS 22507 (N.D. Cal. 1998); *Soli-Tech, Inc. v. Halliburton Co.*, No. 91-CV-10232-BC, 1993 U.S. Dist. LEXIS 19602 (E.D. Mich. 1993); *see also* FED. R. CIV. P. 84 ("The forms contained in this Appendix of Forms are sufficient under the rules and are intended to indicate the simplicity and brevity of statement which the rules contemplate.").  The only infringement allegation contained in Form 16 is that the defendant is infringing the plaintiff's patent "by making, selling, and using electric motors."  Complaint for Infringement of Patent Form 16, FED. R. CIV. P. Appendix of Forms.

A motion for more definite statement is only proper when a pleading is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading . . . ." FED. R. CIV. P. 12(e).  *See also* 5C WRIGHT & MILLER, FED. PRAC. & PROC., § 1376 at 311 (3d ed. 2004) (noting that Rule 12(e) applies only in limited circumstances where the pleading is "so vague or ambiguous that the opposing party cannot respond to it, even with a simple denial as permitted by Rule 8(b), with a pleading that can be interposed in good faith or without prejudice to himself").  "An underlying aim of the Federal Rules is 'to discourage motions to compel more

definite complaints and to encourage the use of discovery procedures to apprise the parties of the basis for the claims made in the pleadings.'" *Home & Nature Inc. v. Sherman Specialty Co., Inc.*, 322 F.Supp.2d 260, 265 (E.D.N.Y. 2004).   "Rule 12(e) is designed to prevent unintelligibility in complaints in order for a party to interpose a responsive pleading." *Id.*  Rule 12(e) is not designed, however, to make it easier for the moving party to prepare its case. *Symbol Techs., Inc. v. Hand Held Prods.*, No. 03-102-SLR, 2003 U.S. Dist. LEXIS 21002, at *9 (D. Del. 2003) (citing FED. R. CIV. P. advisory committee's note). As such, motions for more definite statement are typically disfavored by the courts. *See, e.g., J&J Manuf. Inc. v. Logan*, 24 F.Supp.2d 692, 703 (E.D. Tex. 1998) (stating that "a motion for more definite statement is generally disfavored").

## A.     PA Advisors' Amended Complaint meets all pleading requirements and can be answered.

Facebook insists that the Supreme Court announced a new heightened pleading standard in *Bell Atlantic Corp. v. Twombly*.  See Dkt. No. 93, Facebook's Motion, at 7-8.   Yet, the Supreme Court explicitly stated that it was "not requir[ing] heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929, 949 (2007); see also *Erickson v. Pardus*, 127 S.Ct. 2197, 167 L. Ed. 2d 1081 (2007) (two weeks after *Bell Atlantic*, reaffirming that under Rule 8 "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'").   PA Advisors' Amended Complaint clearly meets this standard, and Facebook does not refute this in its Motion.

PA Advisors' Amended Complaint also fully complies with the requirements set forth by the Federal Circuit in *Phonometrics* and Form 16, and similar or less specific complaints have withstood motions to dismiss. *See, e.g., Constellation IP, LLC v. Marriott International, Inc., et*

7

*al.*, Case 9:06-cv-00162-RHC (E.D. Tex. Nov. 6, 2006); *digiGan, Inc. v. iValidate, Inc.*, No. 02 Civ. 420 (RCC), 2004 U.S. Dist. LEXIS 1324, at *11-12 (S.D.N.Y. 2004); *One World Techs., Ltd. v. Robert Bosch Tool Corp.*, No. 04 C 0833, 2004 U.S. Dist. LEXIS 14035, at *6-7 (N.D. Ill. 2004); *Interdigital Technology Corp. v. OKI America, Inc.*, 845 F.Supp. 276, 283 (E.D. Pa. 1994).

Facebook cannot credibly maintain that PA Advisors' Amended Complaint is unanswerable. Other than the names of the accused systems, PA Advisors' patent infringement allegations against Facebook are no different than its allegations against the other defendants who had originally filed motions to dismiss and have now answered PA Advisors' Amended Complaint.[3] There is no question that PA Advisors has provided Facebook adequate detail of its claims and that Facebook could answer PA Advisors' Amended Complaint if it chose to do so. Facebook could have just as easily answered the Amended Complaint, but it has, instead, chosen to waste the Court's time with its meritless allegations to either delay its answer or seek a decision on the merits at the pleading stage.

Facebook's argument that PA Advisor's Amended Complaint does not contain any facts relating to ***how*** Facebook infringes the '067 Patent is misplaced. *See* Dkt. No. 93, Facebook's Motion, at 5-6. It appears to be an argument based on the ***merits*** of the case, i.e., that it does not infringe the '067 Patent. Facebook's Motion, however, is directed to alleged deficiencies in PA Advisors' Amended Complaint—an issue of proper pleading, not a motion directed to the merits of the case. What Facebook would have this Court do is ignore the Federal Rules of Civil Procedure and proceed straight to deciding a motion for summary judgment on the merits

---

[3] With the exception of one other defendant (Yahoo), all of the other defendants have now answered this lawsuit. In addition to Google and Specific Media, who answered PA Advisors' Original Complaint, six more defendants—ContextWeb, Fast Search & Transfer, AgentArts, Seevast, Pulse 360, and 24/7 Real Media—have withdrawn their Motions to Dismiss and have answered PA Advisors' Amended Complaint. See Dkt. Nos. 71, 72, 74, 77, 78, 85, 86, and 88.

without ever providing PA Advisors with any discovery as to Facebook's infringing systems. The extreme relief that Facebook seeks, if granted, would be extremely unfair and prejudicial to PA Advisors at this stage of the lawsuit.

**B.      Facebook's argument that PA Advisors' claims violate Rule 11 is misleading.**

Facebook argument that PA Advisors did not have a Rule 11 basis for filing this lawsuit is misleading and places too much emphasis on PA Advisors' specific naming of two recently launched advertising services—Facebook Ads and Beacon—in its Amended Complaint.  The truth is that Facebook was infringing the patent-in-suit before PA Advisors filed this lawsuit (and still is infringing) with its "systems and methods for automatically generating personalized user profiles and for utilizing the generated profiles to perform adaptive Internet or computer data searches" as PA Advisors pleaded in its Original Complaint and repeated in its Amended Complaint.[4]  The generation of personalized user profiles and performing computer data searches for people is the essence of Facebook.   Indeed, Facebook admits that its website, www.facebook.com, "functions primarily as a social networking tool that allows users to connect, communicate, and share information with friends and communities of other people." Dkt. No. 93, Facebook's Motion, at 5.  Thus, PA Advisors' Original Complaint adequately gave Facebook notice of its infringement claims from the outset of this case.  PA Advisors cannot be faulted for promptly amending its Complaint to add two new services that were launched after the filing of this lawsuit.  PA Advisors merely did what it was supposed to do.

**C.      Facebook's Motion relies on inapplicable case law.**

The cases on which Facebook relies it its Motion do not support a dismissal of PA Advisors' Original Complaint and are factually distinguishable from this case.  For example, *Bell*

---

[4] *See* Dkt. No. 1, Original Complaint, ¶ 22; Dkt. No. 58, Amended Complaint, ¶ 22.

*Atlantic Corp. v. Twombly* was an antitrust case, and, as stated above, the Supreme Court made it

clear that it was "not requir[ing] heightened fact pleading of specifics, but only enough facts to

state a claim to relief that is plausible on its face." *Bell Atlantic*, 127 S. Ct. at 1974. The

Supreme Court found that the *Bell Atlantic* plaintiffs did not allege enough facts to plausibly

suggest the existence of an agreement to support their claim under § 1 of the Sherman Act, which

requires a "contract, combination . . . , or conspiracy, in restraint of trade or commerce" for

liability. *Bell Atlantic*, 127 S. Ct. at 1961 (citing 15 U.S.C. § 1). Thus, the facts of *Bell Atlantic*

cannot be applied precisely to the present case. This is a patent infringement case, and to the

extent PA Advisors had to allege the existence of anything, it has done so in its Original

Complaint and in its Amended Complaint.

In the *McZeal* case, the Federal Circuit discussed *Bell Atlantic* and the requirements for

stating a claim for patent infringement. *See McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354 (Fed.

Cir. 2007). Because the Federal Circuit's holding in *McZeal* is contrary to Facebook's positions,

Facebook seeks to distinguish *McZeal* because the plaintiff was a *pro se* litigant. *See* Dkt. No.

93, Facebook's Motion, at 11-12. However, the Federal Circuit's discussion of Rule 8 is not

limited to *pro se* plaintiffs, and Facebook has no good faith basis to argue otherwise. More

specifically, the Federal Circuit wrote as follows:

> The Supreme Court has explained what is necessary for a claimant to state a
> claim:
>
>> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and
>> plain statement of the claim showing that the pleader is entitled to
>> relief," in order to "give the defendant fair notice of what the . . .
>> claim is and the grounds upon which it rests."
>
> *Bell Atlantic Corp. v. Twombly*, ___ US ____, 127 S. Ct. 1955, 1965, 167 L. Ed.
> 2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed.
> 2d 80 (1957)) ("*Bell Atlantic*"); *see also* Fed. R. Civ. P. Form 16 (2006) (setting
> forth a sample complaint for patent infringement that includes only the following
> elements: 1) an allegation of jurisdiction; 2) a statement that the plaintiff owns the

patent; 3) a statement that defendant has been infringing the patent "by making,
selling, and using [the device] embodying the patent"; 4) a statement that the
plaintiff has given the defendant notice of its infringement; and 5) a demand for
an injunction and damages); *Conley*, 355 U.S. at 47 (stating that "[the] illustrative
forms appended to the Rules plainly demonstrate [the pleading requirements]").
It logically follows that a patentee need only plead facts sufficient to place the
alleged infringer on notice as to what he must defend.  *See Bell Atlantic*, 127 S.
Ct. at 1971 n. 10 (stating "[a] defendant wishing to prepare an answer in the
simple fact pattern laid out in Form 9 [in the Federal Rules of Civil Procedure]
would know what to answer; a defendant seeking to respond to plaintiffs'
conclusory allegations . . . would have little idea where to begin."). Thus, a
plaintiff in a patent infringement suit is not required to specifically include each
element of the claims of the asserted patent. *See, e.g., Phonometrics, Inc. v.
Hospitality Franchise Sys.*, Inc., 203 F.3d 790, 794 (Fed. Cir. 2000).

*McZeal*, 501 F.3d at 1356-57.  McZeal asserted ownership of the patent-in-suit, specifically

named the defendants, name the patent-in-suit as being infringed, and described the means by

which the defendants allegedly infringed. *Id.* at 1357.  Accordingly, the Federal Circuit held that

"McZeal's complaint contains enough detail to allow the defendants to answer and thus meets

the notice pleading required to survive a Rule 12(b)(6) motion" and that "[n]othing more is

required." *Id.* (citing *Conley*, 355 U.S. at 47-48; *Phonometrics*, 203 F.3d at 794).

Several of the other cases that Facebook cites in its Motion to dismiss and to strike are

not patent infringement cases and, as such, are not factually applicable. *See, e.g., In re Elevator

Antitrust Litig.*, 502 F.3d 47 (2d Cir. 2007) (antitrust action alleging that defendants violated §§ 1

and 2 of the Sherman Act and monopolized the maintenance market for their elevators); *Golden

Bridge Tech., Inc. v. Nokia, Inc.*, 416 F.Supp.2d 525 (E.D. Tex. 2006) (antitrust action alleging

violation of § 1 of Sherman Act, and state law claims of tortious interference with prospective

economic advantage and unfair competition); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d

496 (5th Cir. 2000) (action for breach of contract, misrepresentation, fraud, and other similar

causes of action); *Hydril Co. v. Grant Prideco, L.P.*, NO. H-05-0337, 2007 U.S. Dist. LEXIS

44278 (Jun. 19, 2007) (motion to dismiss antitrust claim alleging violation of § 2 of the Sherman Act).

Facebook did cite to a few patent infringement cases in support of its motion to dismiss, but they are also factually distinguishable from this case because, in those cases, the plaintiffs did not provide the level of detail in their complaints that PA Advisors did. In *AntiCancer Inc. v. Xenogen Corp.*, for example, the Southern District of California granted the defendants' motion to dismiss, but granted AntiCancer leave to amend its complaint, because AntiCancer scarcely pled infringement of the '159 and '038 patents-in-suit as follows:

> Each of the defendants has directly infringed the [] Patent and has indirectly infringed the [] Patent by contributing to or inducing direct infringements of the [] Patent by others.

No. 05-CV-0448-B(AJB), 2007 U.S. Dist. LEXIS 59811, at *11 (S.D. Cal. Aug. 13, 2007). Unlike PA Advisors, AntiCancer completely failed to plead ownership of the patents-in-suit, the means by which defendants allegedly infringe, and the statute implicated. Similarly, in *Halo Elecs., Inc. v. Bel Fuse, Inc.*, the District of Nevada dismissed Halo Electronics' claims but granted it leave to amend. No. 2:07-CV-00331-PMP-PAL, 2007 U.S. Dist. LEXIS 54419, at *6 (D. Nev. Jul. 26, 2007). Halo Electronics completely failed to allege the manner or means by which the Defendants infringed the patents and alleged only the legally conclusory allegation that Defendants "have been and are infringing" the patents. *Id.* at *5. Unlike Halo Electronics, however, PA Advisors did not merely claim that Facebook "has been and is infringing" the patent-in-suit but, rather, has specifically described Facebook's infringing systems and the means of the infringement. Thus, the holdings in *AntiCancer* and *Halo Electronics* were based on entirely different facts and cannot support a dismissal of PA Advisors Original Complaint, which provides much more specificity.

**D.    Facebook applies the wrong standard to its arguments regarding PA Advisors' claims of inducing and contributory infringement.**

Facebook asks the Court to hold PA Advisors' Original Complaint to a much higher standard than the pleading standard—the standard of evidentiary proof at trial—in arguing that PA Advisors' allegations of inducement of infringement and contributory infringement should be dismissed and stricken.  Dkt. No. 93, Facebook's Motion, at 13-15.  Rather than applying the relevant pleading standard, Facebook improperly lists the elements that must be shown at trial to prove a claim of inducement of infringement.  *See id.* at 13-14 (citing *DSU Med. Corp. v. JMS, Co.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006)).  For contributory infringement, Facebook also improperly lists the elements that must be proven at trial.  *See id.* at 14-15 (citing *DSU*, 471 F.3d at 1303).  The *DSU* case, which Facebook cites for both theories of indirect infringement, is inapplicable to this case.  In DSU, the court was determining a ***motion for new trial***, not a motion to dismiss or a motion for a more definite statement due to a failure to adequately plead a claim.  *DSU*, 471 F.3d at 1303.  Indeed, the *DSU* case does not hold that, for a claim of inducing infringement, the intent element must be ***pleaded***, as Facebook argues.  Instead, the court in *DSU* states that "[i]t must be ***established*** that the defendant possessed specific intent to encourage another's infringement."  *DSU*, 471 F.3d at 1306.  The court was, of course, referring to the plaintiff's burden of proof at trial.

Nevertheless, PA Advisors has adequately pleaded its claims of contributory and inducing infringement.  PA Advisors specifically stated that:

> Defendant Facebook has been and now is . . . infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '067 Patent . . . by providing, among other things, methods and systems implemented by and through various websites (including, but not limited to, www.facebook.com) that comprise systems and methods for automatically generating personalized ***user profiles and for utilizing the generated profiles to perform adaptive Internet or computer data searches*** as covered by one or more claims of the '067 Patent.

Dkt. No. 1, ¶ 22 (emphasis added). Facebook knows better than anyone the identity of the end users of its products, including Facebook Ads and Facebook Beacon, implemented by and through various websites (including, but not limited to, www.facebook.com). It goes without saying that the users, with "user profiles," are individual consumers who perform adaptive Internet or computer data searches. It would be impossible, and utterly unreasonable, for PA Advisors to name every single user of Facebook Ads and Facebook Beacon.

**E.** **Facebook's request for a more definite statement is unwarranted, especially in view of this Court's rules for disclosure of infringement contentions and for early discovery.**

Facebook's Motion alternatively asks the Court to order PA Advisors to "provide a more definite statement of its allegations of direct infringement, inducement of infringement, contributory infringement, and any allegation of willful infringement." Dkt. No. 93, Facebook's Motion, at 16-17. But, as discussed above, PA Advisors has adequately pleaded its infringement allegations. Facebook has no persuasive legal support for this position that PA Advisors should be required to provide even more specificity. *See generally Charles E. Beard, Inc. v. Cameronics Tech. Corp.*, 120 F.R.D. 40, 41-42 (E.D. Tex. 1988) (noting that the notice pleading requirements of the federal rules do not require a plaintiff set out the details of the facts on which he bases his claim because "such detail is properly left to the many devices of discovery, such as interrogatories, requests for admissions, [and] depositions").

Facebook cites an additional patent infringement case in support of its request for a more definite statement, but it is from a district court which does not have local patent rules requiring the patentee to serve detailed infringement contentions and claim charts during discovery. It is also factually distinguishable from this case. *See Agilent Techs., Inc. v. Micromuse, Inc.*, No. 04 Civ. 3090 (RWS), 2004 U.S. Dist. LEXIS 20723, at *15-16 (S.D.N.Y. Oct. 19, 2004) (plaintiff's complaint did not specify which products infringed plaintiff's patents; it merely stated that the

alleged infringements occurred as a result of the fact that defendant "makes, sells, or offers products for sale . . . that infringe [plaintiff's] patents.").

In the present case, PA Advisors has not only described the accused products in the Original Complaint, but has specifically named two accused products in its Amended Complaint.[5]  Moreover, this Court's Patent Rules, in particular P.R. 3-1, provide for ample early disclosures relative to PA Advisors infringement contentions.  There is, therefore, no need for the Court to require PA Advisors to amend its Original Complaint.  PA Advisors' Original Complaint and its Amended Complaint adequately give Facebook fair notice of its infringement claims, and, as required by P.R. 3-1, PA Advisors will be serving Facebook very soon with its detailed infringement contentions and accompanying claim charts.

**F.     Facebook's Motion to Stay Discovery is Entirely Without Merit**

Facebook's Motion to Stay Discovery is nothing more than an improper attempt to delay its discovery obligations and mandatory disclosures required by this Court's local patent rules. As discussed in detail above, PA Advisors' Amended Complaint meets all of the pleading requirements and can be answered.  Further, pursuant to P.R. 3-1, PA Advisors is required to provide Facebook with its detailed infringement contentions and accompanying claim charts. There is, therefore, no need for the Court to stay discovery in this case.

## IV.   CONCLUSION

In sum, Facebook's Motion has no merit.  Facebook is merely seeking to obtain a dismissal on the pleadings for issues related to the merits of the case, or to delay its answer and discovery obligations for strategic reasons, or to conduct premature discovery under the guise of a Rule 12 motion.  Under this Court's Local and Patent Rules for timely and comprehensive

---

[5] *See* Dkt. No. 1, ¶ 22; Dkt. No. 58, ¶ 22 (identifying Facebook Ads and Facebook Beacon).

discovery, Facebook will obtain ample discovery of PA Advisors' infringement contentions at the appropriate time.  PA Advisors, therefore, requests that the Court deny Defendant Facebook, Inc.'s Motion to Dismiss First Amended Complaint or, in the Alternative, for a More Definite Statement; Motion to Strike; and Motion to Stay Discovery; and Memorandum of Points and Authorities in Support Thereof.  In the alternative, if the Court deems PA Advisors' current First Amended Complaint to be deficient in any way, then leave should be granted for PA Advisors to amend the First Amended Complaint to address any such issues.  PA Advisors also requests such other relief to which it may be entitled.

Dated: February 7, 2008

Respectfully submitted,

**PA ADVISORS, LLC**

By: /s/ David M. Pridham
Eric M. Albritton
Texas State Bar No. 00790215
**ALBRITTON LAW FIRM**
P.O. Box 2659
Longview, Texas 75606
Telephone:  (903) 757-8449
Facsimile:  (903) 758-7397
E-mail:  ema@emafirm.com

David M. Pridham
R.I. State Bar No. 6625
207 C North Washington Avenue
Marshall, Texas 75670
Telephone:  (903) 234-0507
Facsimile:  (903) 234-2519
E-mail:  david@ipnav.com

Amy E. LaValle
Texas State Bar No. 24040529
**THE LAVALLE LAW FIRM**
3811 Turtle Creek Boulevard
Suite 1620
Dallas, Texas 75219
Telephone: (214) 732-7533
Facsimile: (214) 292-8831
E-mail: lavalle@lavallelawfirm.com

Of Counsel:
Joseph Diamante
**JENNER & BLOCK LLP**
919 Third Avenue, 37th Floor
New York, New York 10022-3908
Telephone: (212) 891-1600
Facsimile:  (212) 891-1699
E-mail:  jdiamante@jenner.com

**ATTORNEYS FOR PLAINTIFF
PA ADVISORS, LLC**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served today with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.


Dated: February 7, 2008                          /s/ Amy E. LaValle