IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PA Advisors, LLC, | § § § | |
| Plaintiff | § § | |
| vs. | § § | NO.    2:07-cv-00480-TJW |
| Google Inc. et al, | § § § | |
| Defendants. | § § | |

**FACEBOOK, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT; MOTION TO STRIKE; AND MOTION TO STAY DISCOVERY; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Rather than address the deficiencies in its Amended Complaint, PA Advisors, LLC ("PA Advisors") opposes Facebook's motions by mischaracterizing its position and governing authorities. Plaintiff incorrectly argues that Facebook's motions are attempts to (i) delay filing an answer; (ii) request a decision on the merits; (iii) prematurely seek discovery; and (iv) delay Facebook's discovery obligations. Plaintiff could not be more mistaken. A claim of patent infringement is no different than any other claim: it must give the defendant adequate notice of what the claim is and the grounds upon which it is based. Plaintiff failed to meet these obligations, and Facebook properly seeks dismissal of the complaint, or alternatively, clear, unambiguous claims. Facebook simply asks enforcement of the Federal Rules' requirements that Plaintiff investigate and articulate its claims before the costs of litigation are imposed on Facebook.

In responding to Facebook's motion, PA Advisors ignores Rule 8's pleading requirements as recently interpreted by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007), and instead suggests that the defects in its complaint somehow do not exist because the other defendants filed answers. The complaint, however, is measured by the Supreme Court's interpretation of Rule 8, not the actions of other defendants. Answers to different allegations, by different parties, with different technologies are irrelevant.

Although PA Advisors amended its complaint, it remains deficient, as the only difference from the original is the inclusion of Facebook's Ads and Beacon. These features, however, could not have formed the basis for filing the original complaint as they were not disclosed until after it was filed. Plaintiff still has not specifically identified any Facebook service existing as of the filing of the original complaint, but only generally refers to Facebook's entire website, when it is clear that the scope of the patent cannot possibly cover every feature of that site. Plaintiff's hand waving in its opposition simply fails to cure its pleadings' deficiencies.

I.  **PA ADVISORS' COMPLAINT SHOULD BE DISMISSED UNDER RULE 12(b)(6)**

   A.  ***Bell Atlantic* Changed the Rule 8 Standard, Requiring the Pleading of Facts Supporting Plausible Grounds for Patent Infringement**

In *Bell Atlantic*, the Supreme Court held that a complaint must contain "more than labels and conclusions," and "factual allegations must be enough to raise a right to relief above the speculative level" in order to survive a Rule 12(b)(6) motion. *Id.* at 1965. PA Advisors bases its opposition, however, on the standards articulated in *Conley v. Gibson*, 355 U.S. 41 (1957), and *Phonometrics, Inc. v. Hospitality Franchise Sys. Inc.*, 203 F.3d 790 (Fed. Cir. 2000). The precedents binding on this Court overrule those standards and PA Advisors' suggestion the Court follow them is misplaced. For example, in *In re Katrina Breaches Litig.*, the Fifth Circuit[1] held that the Supreme Court in *Bell Atlantic* "made clear that the *Conley* rule is not 'the minimum standard of adequate pleading to govern a complaint's survival.'" 495 F.3d 191, 205 n.10 (5th Cir. 2007); *see also Cuvillier v. Sullivan*, 503 F.3d 397, 401 n. 4 (5th Cir. 2007) (rejecting the previous liberal "no set of facts" standard of dismissing cases because it recognized that, in *Bell Atlantic*, the Supreme Court "retired *Conley's* 'no set of facts' language"); *Norris v. The Hearst Trust*, No. 05-20710, 2007 U.S. App. LEXIS 22304, *26–27 (5th Cir. Sept. 18, 2007) ("Factual allegations must be enough to raise a right to relief above the speculative level . . ."); *Garmin LTD. v. TomTom, Inc.*, 2007 U.S. Dist. LEXIS 74032, *3–4 (E.D. Tex. Oct. 3, 2007) ("The complaint must allege 'enough facts to state a claim to relief that is plausible on its face.'").

PA Advisors' argument that decades-old Form 16 of the Appendix of Forms in the Federal Rules of Civil Procedure can trump 2007 Supreme Court authority also fails. Form 16 was adopted prior to the Supreme Court's ruling in *Bell Atlantic* and has not been since amended. Its viability to satisfy the pleading standards has been called into question. *See*

---

[1] The Federal Circuit applies the law of the regional circuit when reviewing a Rule 12(b)(6) ruling. *C & F Packing Co. v. IBP, Inc.*, 224 F.3d 1296, 1306 (Fed. Cir. 2000). Thus, Fifth Circuit law is controlling.

*McZeal*, 501 F.3d 1354, 2007 U.S. App. LEXIS 22025, *19–20 (Dyk, dissenting) (suggesting the elimination of Form 16 or a revision consistent with *Bell Atlantic*'s requirements).[2] PA Advisors' reliance on pre-*Bell Atlantic* Form 16 cases is misplaced. Whether PA Advisors complaint is, or is not, like Form 16, or like cases commenting on it, is the wrong inquiry. The Supreme Court recently has interpreted Rule 8 and the Fifth Circuit has made clear that this Court should apply *that* authority in deciding Facebook's motion, not resort to a form.

In any event, the cases on which PA Advisors relies are distinguishable from the present case. In *Dome Patent L.P. v. Permeable Techs., Inc.*, the plaintiffs adequately pleaded infringement since the patent covered precisely the material alleged to be embodied in the defendant's product. 190 F.R.D. 88, 89–91 (W.D.N.Y. 1999). Likewise in *Soli-Tech, Inc. v. Halliburton Co.*, the complaint was more detailed than PA Advisors', providing "more information than the model complaint for patent infringement." 1993 U.S. Dist. LEXIS 19602, *9 (E.D. Mich. Jan. 25, 1993). PA Advisors' complaint discloses no discernable or plausible connection between the patent and the accused Facebook features, nor can one be inferred due to the lack of any fact allegations. Nor does it even follow Form 16. Unlike the example in Form 16, Facebook is left to guess at the plausible connection, if any, between PA Advisors' patent and its own services.

Under *Bell Atlantic*, Facebook does not suggest that PA Advisors must plead enough facts to *prove* each element of each claim, or that they must plead the kind of detail typically provided in discovery. PA Advisors must, however, plead enough facts to *plausibly support* each material element of its claims. Without such facts, PA Advisors has only pled a theoretical possibility, not a plausible one. Courts in at least the Fifth, Sixth, and Seventh Circuits have

---

[2] To the extent that PA Advisors will rely on *Halo Elecs., Inc. v. Bel Fuse, Inc.*, such reliance is misplaced. The motion in that case was filed and briefed before *Bell Atlantic* and the Court did not have the benefit of arguments as to its applicability. *Halo Elecs., Inc. v. Bel Fuse, Inc*, No. 2:07-CV-00331, 2007 U.S. Dist. LEXIS 54419, *4 (D. Nev. July 26, 2007). As the controlling Fifth Circuit authorities now make clear, reliance in the briefing in that case on the *Conley* standard no longer is tenable. Any issues raised *Bell Atlantic* were not before the *Halo Elecs.* court.

found that the plausibility standard supports a requirement of element-by-element pleading[3] which PA Advisors' patent infringement claims do not meet.

### B. PA Advisors Fails to Distinguish Applicable Case Law.

PA Advisors' attempt to distinguish several of the cases cited by Facebook because they are not patent cases is unpersuasive. That is a distinction without a difference. The cases Facebook cites articulate the insufficiency of pleading conclusory allegations without specific facts in the context of a Rule 12(b)(6) motion. *See Elevator Antitrust*, U.S. App. LEXIS 21086 (2d Cir. 2007) (affirming the dismissal of a complaint because it alleged conspiratorial activity in general terms without specifying any particular activities); *Golden Bridge Tech, Inc. v. Nokia, Inc.*, 416 F. Supp. 2d 525, 528 (E.D. Tex. 2006) ("[I]n order to avoid dismissal for failure to state a claim . . . a plaintiff must plead specific facts, not mere conclusory allegations. A court will thus not accept as true conclusory allegations or unwarranted deductions of fact.") (internal citations and quotations omitted); *Hydril v. Grant Prideco*, 2007 U.S. Dist. 44278 (S.D. Tex. June 19, 2007) (holding that "'formulaic recitations' of [legal elements], without adequate factual support, is insufficient in light of the Supreme Court's decision in [*Bell Atlantic*]"). As explained above, a motion to dismiss for failure to state a claim arises under the Federal Rules and does not suggest a different outcome based on the particular underlying substantive law in patent cases. *See McZeal*, 501 F.3d at 1355–56; *AntiCancer, Inc. v. Xenogen Corp*, 2007 U.S Dist. LEXIS 59811, at *8–10 (S.D. Cal. Aug. 13, 2007) (listing the numerous contexts in which the *Bell Atlantic* standard have been applied).

---

[3] *See Dell, Inc. v. This Old Store*, No. H-07-0561, 2007 U.S. Dist. LEXIS 73952 (S.D. Tex. Oct. 3, 2007) (relying on *Bell Atlantic* and conducting an element-by-element analysis of plaintiff's claims); *Omnicare, Inc. v. UnitedHealth Group, Inc.*, No. 06C 6235, 2007 WL 2875227, *3 (N.D. Ill. Sept. 28, 2007) (finding that a plaintiff must "plead facts plausibly suggesting that" all elements of its claim are satisfied, and conducting an element-by-element analysis); *Romer v. Bhimschi*, No. 06-10859, 2007 U.S. Dist. LEXIS 73024, *8 (E.D. Mich. Sept. 28, 2007) (finding that *Bell Atlantic* requires a plaintiff to plead with specificity "enough facts to raise a reasonable expectation that discovery will reveal evidence of [the requisite elements of the claim]") (brackets in original).

PA Advisors' attempts at distinguishing the patent law cases Facebook cites fare no better. PA Advisors argues that *AntiCancer* does not apply because the complaint in that case "failed to plead ownership of the patents-in-suit, the means by which defendants allegedly infringe, and the statute implicated." Dkt. No. 101, PA Advisors' Response, at 12. *AntiCancer* is indistinguishable on those grounds. The *AntiCancer* court held that the *Bell Atlantic* pleading standard applies in patent infringement cases, which requires the pleadings to allege "enough facts so as to demonstrate a plausible entitlement to relief." *AntiCancer*, 2007 U.S Dist. LEXIS 59811, at *9–10. Nowhere in its opinion did the court state that the bare pleading of ownership of the patents-in-suit, the means by which defendants allegedly infringe, and the statute implicated, would have sufficed to meet the *Bell Atlantic* standard. Indeed, the grounds upon which PA Advisors attempts to distinguish *AntiCancer* do not appear anywhere in the court's order. As with the complaint in *AntiCancer*, PA Advisors' Amended Complaint is merely a bare statement parroting certain parts of the patent and then alleging that the entire Facebook website infringes without articulating any facts showing why that is even plausible.

PA Advisors also tries to distinguish *Halo Elecs., Inc. v. Bel Fuse, Incl.*, 2007 U.S. Dist. LEXIS 54419 (D. Nev. July 26, 2007). In *Halo Electronics*, the court dismissed the complaint and granted leave to amend because the complaint pled only conclusory legal allegations without any factual allegations. *Id.* at at *5. PA Advisors claims that this case is distinguishable because its pleadings include specific descriptions of Facebook's infringing systems and the means of infringement. Dkt. No. 101, PA Advisors' Response, at 12. However, the Amended Complaint is devoid of any such descriptions. The only facts included are the identification of a URL of Facebook's website and two of its features announced after the lawsuit began.[4] The Amended

---

[4] To the extent that PA Advisors claims the Amended Complaint contains facts because it states "systems and

Complaint fails because it contains no facts concerning how Facebook's products allegedly contain the elements of any of the patent claims, how Facebook's products utilize user profiles to perform searches, or how linguistic analysis is used in any of Facebook's products.

In its opposition, PA Advisors claims that the patent itself provides additional detail, quoting from claim 1 of the patent. Dkt. No. 101, PA Advisors' Response, at 4–5. To the contrary, this quote illustrates the Amended Complaint's deficiency. Just the reproduction of Claim 1 covers over an entire, single spaced page in PA Advisors' opposition. *Id.* Claim 1 contains no less than nine separate sub-parts with highly specific limitations. As Facebook's opening brief notes, the patent in suit has two general types of claims. Dkt. No. 93, Facebook's Motion at 4. Claim 1 is of the first type. Plaintiff's Response effectively concedes its complaint rises or falls on this infringement allegation "by providing . . . methods and systems . . . that comprise systems and methods for automatically generating user profiles and for utilizing the generated profiles to perform adaptive Internet or computer data searches." *Id.* at 13. Can the Court tell from this if Plaintiff claims it is entitled to relief because claim 1 is infringed, say by Facebook Beacon? Or, say, claim 45 by Facebook Ads? Some claim and some other feature? Plaintiff's complaint generally, and the language on which it rests its Response, do not give an answer. Whether Plaintiff has articulated plausible entitlement to relief is not measured by vague generalities; it is measured by the claims of the patent and the articulation in the complaint of what allegedly infringes them. *See, e.g., Taurus IP, LLC v. Ford Motor Co.*, 3:07-cv-481, 2008 U.S. Dist. 8449, at *13–14 (D. Wis. Feb. 8, 2008) (complaint must connect the allegedly-infringed product and claims). Claim 1 (and the other independent claims) are extraordinarily

---

methods for automatically generating personalized user profiles and for utilizing the generated profiles to perform adaptive Internet or computer data searches," this argument also fails. Amended Compl. ¶ 22 (Dkt. No. 58). This phrase does not contain facts. The phrase simply parrots back the abstract of the patent-in-suit, Compl. Ex. A at 1 (Dkt. No. 1), and amounts to nothing more than a legal conclusion that Facebook infringes the patent. The same phrase is used to describe every defendant. It contains no facts that are specific to Facebook or its services.

detailed. For Plaintiff's complaint to pass muster, Rule 8 requires pleading at least some facts that plausibly connect claim 1 (or some other identified claim) to particular Facebook activity. The language on which Plaintiff rests its complaint fails because it does not provide that plausible connection

### C. Facebook is Not Seeking a Decision on the Merits

PA Advisors ignores the factual deficiencies of its pleading with respect to *how* Facebook allegedly infringes by mischaracterizing Facebook's argument as one based on the merits. The *Bell Atlantic* plausibility standard is not met by complaints that plead a laundry list of generic allegations hoping that something sticks. *See In re Elevator Antitrust Litig.*, 2007 U.S. App. LEXIS 21086 (affirming dismissal of the complaint because it alleged every type of conspiratorial activity in general terms without specifying any particular activities, holding it was "nothing more than a list of theoretical possibilities [that] one could postulate without knowing any facts whatever"). Here, PA Advisors alleged almost every type of infringement and a *pro forma* accusation of Facebook liability. Accordingly, because PA Advisors failed to plead *facts* alleging *how* Facebook infringes, its complaint amounts to a laundry list of generic allegations that fail to meet the standard articulated by *Bell Atlantic*. Therefore, Facebook's motion legitimately targets the deficiency of the pleading and is not directed to the merits.

### D. The Fact that Other Defendants have Answered is Irrelevant

One of PA Advisors' central arguments in its opposition is that Facebook can answer the Amended Complaint because other defendants that originally filed motions to dismiss have answered. Specifically, PA Advisors argues that Facebook can answer the Amended Complaint because, except for the names of the accused systems, the patent infringement allegations against Facebook are no different than the allegations against the other defendants who filed answers. Dkt. No. 101, PA Advisors' Response, at 8. However, whether Facebook *can* answer the

Amended Complaint is not at issue. The issue is that the Amended Complaint fails procedurally to provide proper notice of what Facebook has allegedly done or is allegedly doing to infringe the '067 Patent. Answers by other defendants cannot cure defects with the Plaintiff's Amended Complaint. Their actions have no bearing on the procedural or substantive deficiency of the Amended Complaint in terms of whether or not it states an adequate claim under *Bell Atlantic*. PA Advisors' argument misses this point.

Furthermore, the fact that PA Advisors' Amended Complaint uses almost identical language to assert infringement undermines its argument. Rule 8, as explained by *Bell Atlantic*, requires that the complaint contain factual allegations. PA Advisors uses boilerplate, identical language, apart from a bare listing of products, for each defendant. That the same language is used for all defendants shows that PA Advisors merely recited the elements of patent infringement, providing no facts that would distinguish one defendant from another. It demonstrates that the allegation against Facebook is of the same type "of theoretical possibilit[y that] one could postulate without knowing any facts whatever" which the *Elevator Antitrust* court found insufficient. *See* 2007 U.S. App. LEXIS 21086 (2d Cir. 2007).

### E.    PA Advisors' Effort to Deemphasize the Naming of Facebook's Ads and Beacon Features is an Attempt to Hide the Fact It Lacked a Rule 11 Basis.

PA Advisors was required to have a Rule 11 basis *before* filing suit. *See Judin v. United States*, 110 F.3d 780, 783–85 (Fed. Cir. 1997); *Automated Bus. Cos. v. NEC Am., Inc.*, 1999 U.S. Dist. LEXIS 20962, *8–10 (N.D. Tex. 1999). PA Advisors claims its allegations are based on "information and belief," but has not articulated what that basis was at or prior to the time of filing, nor has it offered to show the Court, if even *in camera*, any pre-filing claim charts or claim constructions supporting that belief. Rule 11 requires that PA Advisors have conducted initial research and investigated Facebook's products and services to acquire the "information"

so as to form the "belief" that Facebook infringes the '067 Patent. Because the complaint was ultimately filed, PA Advisors must have had some facts upon which to base its allegations, yet PA Advisors has refrained from alleging any of these facts, despite being called upon to do so. *See* Fed.R.Civ.P. 11; *Q-Pharma, Inc. v. Andrew Jergens Co.*, 360 F.3d 1295 (Fed. Cir. 2004). A logical inference from this, together with the fact that plaintiff's response to the first motion was to name services that were not announced until after suit was filed, indicates that plaintiff did not perform the required Rule 11 analysis. It follows, then, that PA Advisors must have purposely omitted facts in support of its contentions of infringement because it lacked those facts.

### F. PA Advisors Fails to State Claims for Indirect Infringement

PA Advisors mischaracterizes Facebook's arguments as requiring PA Advisors to meet the standard of evidentiary proof at trial rather than the pleading standard. Dkt. No. 101, PA Advisors' Response, at 13. PA Advisors bases its argument on Facebook's reference to *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293 (Fed. Cir. 2006), which was decided on a motion for a new trial. However, Facebook fully acknowledged that *DSU* was not decided on the pleadings. Dkt. No. 93, Facebook's Motion, at 13. Facebook asserted that Rule 8 and *Bell Atlantic* control the pleading requirements and cited *DSU* only to articulate the elements of indirect infringement. PA Advisors failed to meet Rule 8's and *Bell Atlantic*'s standard by pleading only a bare statement of indirect infringement without providing any facts to show the plausibility of that allegation. *See AntiCancer*, 2007 U.S. Dist. LEXIS 59811, at *11.

## II. IN THE ALTERNATIVE, PA ADVISORS SHOULD AMEND ITS CLAIMS TO PROVIDE A MORE DEFINITE STATEMENT

Although the Amended Complaint includes allegations against Ads and Beacon, Plaintiff argues that Facebook allegedly infringes with other products. Dkt. No. 101, PA Advisors' Response, at 9. Yet, PA Advisors failed to provide any facts to indicate which of these other

products supposedly infringe and how those other products infringe. To answer the current allegations in the complaint, Facebook would have to evaluate its entire business to determine whether any "methods and systems" among any of its "various websites" allegedly infringe the patent. Compl. ¶ 22. Such is not and should not be Facebook's burden. As such, in the event that the Court denies Facebook's motion to dismiss, the Court should grant Facebook's motion for a more definite statement and order PA Advisors to clarify what specific Facebook features existing as of the time of filing the original complaint allegedly infringe which specific claims of the '067 Patent and explain how those features allegedly infringe the those specific claims.

### III. THE COURT SHOULD STAY DISCOVERY AND PATENT DISCLOSURES

For the reasons set forth above, PA Advisors' Amended Complaint remains procedurally deficient according to Rule 8 and *Bell Atlantic*. As such, Facebook requests that discovery and its patent local rules obligations be suspended at least pending resolution of its motion to dismiss and its alternative motion for a more definite statement.

### CONCLUSION

For the foregoing reasons and those set forth in Facebook's opening brief, the Court should grant Facebook's motion in all respects.

Dated:    February 15, 2008        Respectfully submitted,

**FACEBOOK, INC.**

/s/ Darryl M. Woo
Darryl M. Woo, Lead Counsel, Cal. Bar No. 100513
FENWICK & WEST LLP
555 California St., 12th Floor
San Francisco, CA 94104
Tel:    (415) 875-2300
Fax:    (415) 281-1350
dwoo@fenwick.com

Attorneys for Defendant Facebook, Inc.

- 12 -

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who have consented to electronic service, Local Rule CV-5(a)(3)(A), on this the 15th day of February, 2008.

                                      Respectfully submitted,

                                      ___/s/ Darryl M. Woo_____
                                      Darryl M. Woo