IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PA ADVISORS, LLC<br><br>    Plaintiff,<br><br>v.<br><br>GOOGLE INC., ET AL.<br><br>    Defendants. | No. 2:07-cv-480-TJW<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S SUR-REPLY TO FACEBOOK, INC.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT; MOTION TO STRIKE; AND MOTION TO STAY DISCOVERY; AND <u>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF</u>**

Facebook's Motion entirely rests on a distortion of PA Advisors' Amended Complaint. Facebook has gambled that the Court will trust its mischaracterization of PA Advisors' infringement allegations and not actually read them. This is because there is nothing wrong with PA Advisors claims as pleaded. In particular, the Court should note:

- PA Advisors has pleaded "enough facts to state a claim to relief that is plausible on its face," as required by the Supreme Court in *Bell Atlantic v. Twombly* and its progeny. In particular, from the outset of this case, PA Advisors has specifically accused Facebook's website's *search* functionality of infringement.

- Facebook could answer PA Advisors' Amended Complaint if it so desired. Almost all of the others defendants have answered this lawsuit. Six of the other defendants who had previously moved to dismiss (or in the alternative for a more definite statement with respect to) PA Advisors' claims have withdrawn their motions and have answered.

- Facebook's argument that PA Advisors did not have a Rule 11 basis for filing this lawsuit is misleading and without merit. This argument places too much emphasis on PA Advisors' specific naming of Facebook Ads and Beacon in its Amended Complaint while ignoring the other Facebook product expressly described in the Amended Complaint. As pleaded in PA Advisors' Original Complaint, Facebook was infringing the patent-in-suit before PA Advisors filed this lawsuit.

1

In short, Facebook's Reply adds no new arguments to its original Motion, making clear that Facebook's arguments merely constitute an attempt to: (i) delay filing its answer, (ii) seek a decision on the merits at the pleading stage, (iii) obtain premature discovery before PA Advisors' P.R. 3-1 disclosures are due, and (iv) delay its discovery obligations.

## I.     FACEBOOK'S MOTION TO DISMISS SHOULD BE DENIED

**A.     PA Advisors' Amended Complaint meets the Rule 8 standard set forth in *Bell Atlantic*.**

PA Advisors is not ignoring the Rule 8 pleading standard as interpreted in *Bell Atlantic v. Twombly*. Indeed, PA Advisors' infringement allegations, ***as pleaded***, meet the Rule 8 standard and sufficiently "state a claim to relief that is plausible on its face," as required by the Supreme Court in *Bell Atlantic v. Twombly*. 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). Facebook, however, in arguing that PA Advisors has not met the Rule 8 pleading standard, ignores the bulk of PA Advisors infringement allegations through the use of ellipses and piecemeal descriptions. In particular, Facebook consistently leaves out the language in PA Advisors' Original Complaint and Amended Complaint that specifically names Facebook's website's ***search*** functionality, which uses personalized user profiles to perform adaptive Internet searches.

While Facebook leaves out part of PA Advisors allegations, it mischaracterizes the other allegations. For example, it is simply not true that PA Advisors' Original Complaint generally accuses "every feature" of Facebook's website of infringement as Facebook argues. Dkt. No. 106, Facebook's Reply, at 2. Nor is it true, as Facebook argues, that the only website features that PA Advisors' Amended Complaint specifically accuses are Facebook Ads and Beacon. *See id.*

Both PA Advisors' Original Complaint and its Amended Complaint show that PA Advisors has pleaded infringement of the '067 Patent by Facebook's described "systems and

2

methods for automatically generating personalized user profiles and for utilizing the generated profiles to perform adaptive Internet or computer data searches," implemented by and through various websites (including, but not limited to, www.facebook.com). Dkt. No. 1, Original Complaint, at ¶ 22; Dkt. No. 58, Amended Complaint, at ¶ 22. There is nothing vague, confusing, or ambiguous about these allegations. PA Advisors' Complaint clearly puts Facebook on notice and meets the Rule 8 pleading standard. Facebook's arguments, no matter how eloquent they may be, cannot erase the fact that Facebook's search functionality, a specific feature of www.facebook.com, has been in play since PA Advisors filed this lawsuit on November 2, 2007.

**B.     Facebook has not applied the "applicable" case law to the true facts of this case.**

In addition to the *Bell Atlantic* case, Facebook has attempted to draw similarities between this case and other case law interpreting the Rule 8 pleading standard by mischaracterizing PA Advisors' pleadings. For example, Facebook disingenuously argues that this case is like *AntiCancer v. Xenogen Corp.* in which AntiCancer's infringement allegations were pleaded as follows:

> Each of the defendants has directly infringed the [] Patent and has indirectly infringed the [] Patent by contributing to or inducing direct infringements of the [] Patent by others.

No. 05-CV-0448-B(AJB), 2007 U.S. Dist. LEXIS 59811, at *11 (S.D. Cal. Aug. 13, 2007). AntiCancer's one-liner infringement claim is entirely devoid of a description or naming of any accused product, method, or system and, thus, is nothing like PA Advisors infringement allegations, which state:

> Upon information and belief, Defendant Facebook has been and now is directly, literally and/or, upon information and belief, jointly, equivalently and/or indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '067 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things,

3

>   methods and systems (including, but not limited to, Facebook Ads and Facebook Beacon) implemented by and through various websites (including, but not limited to, www.facebook.com) that comprise systems and methods for automatically generating personalized user profiles and for utilizing the generated profiles to perform adaptive Internet or computer data searches as covered by one or more claims of the '067 Patent. Defendant Facebook is thus liable for infringement of the '067 Patent pursuant to 35 U.S.C. § 271.

Dkt. No. 58, ¶ 22.

Facebook also attempts to argue that this case is similar to *Halo Elecs., Inc. v. Bel Fuse, Inc.* by disingenuously arguing that the only facts included in PA Advisors' Amended Complaint are "the identification of a URL of Facebook's website and two of its features announced after the lawsuit began." Dkt. No. 106, Facebook's Reply, at 6. Again, Facebook has omitted the bulk of PA Advisors' infringement allegations, which specifically describes Facebook's search functionality and the means of the infringement. PA Advisors' infringement allegations are nothing like Halo Electronics' pleadings, which completely failed to allege the manner or means by which the Defendants infringed the patents and alleged only that Defendants "have been and are infringing" the patents. No. 2:07-CV-00331-PMP-PAL, 2007 U.S. Dist. LEXIS 54419, at *5 (D. Nev. Jul. 26, 2007). Unlike Halo Electronics, PA Advisors did not merely claim that Facebook "has been and is infringing" the patent-in-suit but, rather, has specifically described Facebook's infringing systems and the means of the infringement. Thus, the holdings in *AntiCancer* and *Halo Electronics* were based on entirely different facts and cannot support a dismissal of PA Advisors Original Complaint, which provides much more specificity.

C. **Facebook's Motion improperly seeks premature discovery from PA Advisors and a premature decision on the merits.**

Facebook's Reply further reveals two motives for it moving to dismiss PA Advisors' claims, which are to obtain premature discovery before PA Advisors' P.R. 3-1 disclosures are due and to obtain a premature decision on the merits. For instance, Facebook argues that it

4

cannot tell whether PA Advisors is alleging infringement of claim 1 or claim 45. *See* Dkt. No. 106, Facebook's Reply, at 7. As the Court is aware, Patent Rule 3-1(a) requires plaintiffs to identify its asserted claims, not the Rule 8 pleading standard. Similarly, Facebook prematurely argues that "PA Advisors failed to plead *facts* alleging *how* Facebook infringes." *See* Dkt. No. 106, Facebook's Reply, at 8. But it is Patent Rule 3-1(c), not the Rule 8 pleading standard, that requires PA Advisors to show how Facebook infringes, i.e., identify "specifically where each element of each asserted claim is found within each Accused Instrumentality." P.R. 3-1(c). Facebook's interpretation of the Rule 8 pleading standard renders Patent Rule 3-1 superfluous and, thus, is not a legitimate basis for dismissing PA Advisors' Amended Complaint.

**D.     The fact that other defendants have answered *is* relevant.**

Facebook admits that the allegations against all of the defendants are almost identical and that it *could* answer the lawsuit, but it still refuses to do so despite the fact that six other defendants have answered. *See* Dkt. No. 106, Facebook's Reply, at 8-9. Facebook incorrectly argues that the actions of the other defendants "have no bearing on the procedural or substantive deficiency of the Amended Complaint" and implies that each defendants' accused systems and methods are widely different and should be described differently in PA Advisors' pleadings. *See id.* at 9. But this is not true, nor is it realistic. The reason that PA Advisors has described each of the defendants' accused systems and methods almost identically is because they each infringe the one and only patent-in-suit. If the operation of Facebook's accused systems varied much from the other defendants' systems, they would not infringe, and Facebook would not be in this lawsuit with the other defendants. The fact that the other defendants have answered is, therefore, strong evidence that Facebook could have and should have answered, and that Facebook is stalling and improperly prolonging this lawsuit.

**E.      Facebook's argument that PA Advisors has violated Rule 11 in bringing this lawsuit is, itself, frivolous.**

If Facebook truly thought that PA Advisors did not have a Rule 11 basis for bringing its Original Complaint, it would have raised this issue in its original motion to dismiss. When PA Advisors amended its Complaint to add two newly named services (Facebook Ads and Beacon), it did not drop the original allegations. As discussed above, Facebook's search functionality, a specific feature of www.facebook.com, has been in play since PA Advisors filed this lawsuit on November 2, 2007. Moreover, Facebook Ads, or at least its predecessor, Facebook Flyers, has been in play since the outset of this case because it is part of a system for automatically generating personalized user profiles to perform adaptive Internet searches as alleged in PA Advisors' Original Complaint. PA Advisors' Rule 11 analysis, including claim charts, can be made available to the Court for an *in camera* inspection if the Court deems such an inspection to be helpful.

**F.      PA Advisors' indirect infringement claims are sufficient.**

Facebook's arguments regarding PA Advisors' claims of indirect infringement are misplaced. PA Advisors has accused Facebook of both direct and indirect infringement. PA Advisors believes that Facebook is directly infringing the patent-in-suit, but to the extent that Facebook itself is not directly infringing every element of at least one claim of the patent-in-suit, Facebook is infringing in combination with the actions of the users of its accused systems. PA Advisor's claims are not complicated. By specifically identifying the accused systems by name and describing the means of infringement, PA Advisors has given Facebook fair notice of its claims of indirect infringement. Facebook already has knowledge of its customers and intends for its customers to use the accused systems in the allegedly infringing manner. It would be

6

pointless to require PA Advisors to list each and every one of Facebook's customers in its Complaint.

## II. FACEBOOK'S MOTION FOR A MORE DEFINITE STATEMENT SHOULD ALSO BE DENIED

Facebook alternatively asks the Court to order PA Advisors to amend its pleadings to provide a more definite statement of its infringement claims. *See* Dkt. No. 106, Facebook's Reply, at 10-11. Facebook argues that the Court should "order PA Advisors to clarify what specific Facebook features existing as of the time of the filing of the original complaint allegedly infringe." *Id.* at 11. PA Advisors has already done this in both its Original Complaint and its Amended Complaint. Specifically, PA Advisors has identified Facebook's search functionality. *See* Dkt. No. 1, Original Complaint, at ¶ 22; Dkt. No. 58, Amended Complaint, at ¶ 22. PA Advisors has identified the accused features as specifically as possible from publicly available information. There is nothing more that PA Advisors is required to do at this time.

From Facebook's Reply, it is evident that Facebook is attempting to obtain early discovery from PA Advisors. Not only does Facebook argue that PA Advisors should be ordered to identify specific infringing features, but it further argues that PA Advisors should be ordered to identify "specific claims of the '067 Patent and explain how those features allegedly infringe the those [sic] specific claims." *See* Dkt. No. 106, Facebook's Reply, at 11. As stated above, however, the Rule 8 pleading standard does not require PA Advisors to make such a specific showing nor is PA Advisors required to make its P.R. 3-1 disclosures at this time. Because PA Advisors' Amended Complaint adequately gives Facebook fair notice of its infringement claims, there is no need for the Court to require PA Advisors to amend its Complaint a second time.

### III.   FACEBOOK'S REQUEST TO STAY DISCOVERY SHOULD BE DENIED

Facebook's Motion to Stay Discovery is nothing more than an improper attempt to delay its discovery obligations and mandatory disclosures required by this Court's local patent rules. As discussed above, PA Advisors' Amended Complaint meets all of the pleading requirements and can be answered. Further, pursuant to P.R. 3-1, PA Advisors is required to provide Facebook with its detailed infringement contentions and accompanying claim charts. There is, therefore, no need for the Court to stay discovery in this case.

### IV.   CONCLUSION

For the reasons stated herein and in its Response to Defendant Facebook, Inc.'s Motion to Dismiss First Amended Complaint or, in the Alternative, for a More Definite Statement; Motion to Strike; and Motion to Stay Discovery; and Memorandum of Points and Authorities in Support Thereof, PA Advisors asks the Court to deny Facebook's Motion and to order Facebook to file an answer to PA Advisors' First Amended Complaint. In the alternative, if the Court deems PA Advisors' current First Amended Complaint to be deficient in any way, then PA Advisors requests leave to amend the First Amended Complaint to address any such issues.

Dated: February 25, 2008                                Respectfully submitted,

  /s/ Amy E. LaValle
David M. Pridham
R.I. State Bar No. 6625
207 C North Washington Avenue
Marshall, Texas 75670
Telephone:  (903) 938-7400
Facsimile:  (903) 938-7404
E-mail:  david@ipnav.com

Amy E. LaValle
Texas State Bar No. 24040529
**THE LAVALLE LAW FIRM**
3811 Turtle Creek Boulevard
Suite 1620
Dallas, Texas 75219
Telephone: (214) 732-7533
Facsimile: (214) 292-8831
E-mail: lavalle@lavallelawfirm.com

Danny L. Williams
Texas State Bar No. 21518050
J. Mike Amerson
Texas State Bar No. 01150025
WILLIAMS, MORGAN & AMERSON, P.C.
10333 Richmond, Suite 1100
Houston, Texas 77042
Telephone: (713) 934-7000
Facsimile: (713) 934-7011
E-mail: danny@wmalaw.com
E-mail: mike@wmalaw.com

Of Counsel:
Joseph Diamante
**JENNER & BLOCK LLP**
919 Third Avenue, 37th Floor
New York, New York 10022-3908
Telephone: (212) 891-1600
Facsimile:  (212) 891-1699
E-mail:  jdiamante@jenner.com

**ATTORNEYS FOR PLAINTIFF
PA ADVISORS, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served today with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.


Dated: February 25, 2008                            /s/ Amy E. LaValle