IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHAL DIVISION

|  |  |
|---|---|
| **PA ADVISORS, LLC**<br>Plaintiff,<br><br>v.<br><br>**GOOGLE, INC., et al.,**<br><br>Defendants. | )<br>)<br>)<br>)  Civil No.: 2-07CV-480 (TJW)<br>)<br>)<br>)<br>)<br>)<br>) |

## CONTEXTWEB, INC.'S MEMORANDUM IN SUPPORT OF
## ITS MOTION TO TRANSFER

Defendant ContextWeb, Inc. ("ContextWeb") respectfully moves to transfer this case filed against it by P.A. Advisors, LLC ("PA Advisors") pursuant to 28 U.S.C. § 1406(a) or pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Eastern District of New York.

I.    **INTRODUCTION**

ContextWeb respectfully submits this Memorandum of Law in Support of ContextWeb's Motion to Transfer this action to the Eastern District of New York ("EDNY"). Plaintiff's choice of venue is improper and should be given no deference. The equities favor proceeding in the EDNY rather than in the Eastern District of Texas. ContextWeb has no contact with the Eastern District of Texas, and the only reason suit was filed there was because the purported plaintiff incorporated in Texas shortly before filing suit. In contrast, Mightest Logicon Unisearch, Inc. ("MLU"), the inventor and all activities relating to the invention are located in or took place in the EDNY. ContextWeb is located in Manhattan, just slightly over one mile from the Federal Courthouse in the EDNY.

Furthermore, ContextWeb recently learned that the ownership of the patent-in-suit, U.S. Patent No. 6,199,067 (the "'067 Patent"), is clouded at best. The title to the '067 Patent was purportedly transferred from MLU to P.A. Advisors, LLC ("PA Advisors") on September 28, 2007. However, the plaintiff PA Advisors did not come into existence until its incorporation date of October 23, 2007. Thus, the assignment attempted to convey title to a non-existent entity, and was executed by a purported agent without any authority. At the very least, a question remains as to the ownership of the '067 Patent. This issue should be resolved in the EDNY where MLU is located and subject to jurisdiction.

Consequently, ContextWeb respectfully requests the Court to transfer this action to the EDNY.

II. **FACTS**

    A. **CONTEXTWEB**

ContextWeb is a Delaware Corporation with a principal place of business in New York, New York, was founded approximately seven years ago, and is a relatively small company with 80 employees, who are all based in New York. *See* Declaration of Richard Sheldon in Support of ContextWeb, Inc.'s Motion to Dismiss or Transfer ("Sheldon Decl."), ¶ 2. All of ContextWeb's documents, employees and evidence is located in New York. *Id.*

ContextWeb's principal business is the placement of Internet advertisements, through its ADSDAQ system. The ADSDAQ system connects an advertiser that seeks to place an advertisement with websites that have advertisement space for sale. The advertisements placed by ADSDAQ are sent to the website with advertisement space. The ADSDAQ system does not have any Internet search capability through what is known as a search engine.

ContextWeb has no place of business in this district, no employees in this district, has no real estate in this district and is not registered to do business in this district. *Id.* at ¶ 3. ContextWeb has made only one sale to an entity located in this district in 2006 in the amount of $102.34. *Id.* at ¶ 4.

    B. **THE PATENT-IN-SUIT**

The '067 patent describes "a system and method for automatically generating personalized user profiles and for utilizing the generated profiles to perform adaptive Internet or computer data searches." '067 Patent, Abstract. The claims of the '067 patent are principally directed to profiling a user, profiling a search request and profiling websites, and using such profiling in performing Internet searches. *See id.*

The inventor named on the face of the '067 patent is Ilya Geller. *See id.* Mr. Geller is a resident of Brooklyn, New York (based on listings in public directories available on the Internet).

The '067 patent was assigned to Mightiest Logicon Unisearch, Inc. ("MLU"). *See* Declaration of James Hanft in Support of ContextWeb, Inc.'s Motion to Transfer ("Hanft Decl."), Exh. 3. MLU is a New York Corporation, having a principal place of business in Brooklyn, New York. *See id.*, Exh. 4. The prosecuting attorney for the '067 patent is located in Brooklyn, New York. *See id.*, Exh. 7.

### C.  MIGHTIEST LOGICON UNISEARCH, INC. AND PA ADVISORS

On September 28, 2007, Mightiest Logicon Unisearch Inc. purported to assign the '067 patent to P.A. Advisors, LLC. ("PA Advisors"). *See* Hanft Decl., Exh. 2. Approximately one month later, on October 23, 2007, PA Advisors came into existence as a corporation. *Id.*, Exh. 1. PA Advisors was incorporated by Erich Spangenberg, and is located at the same address as Plutus IP, LLC. On information and belief, PA Advisors sole business is the enforcement of the patent-in-suit. Approximately two weeks later, on November 2, 2007, PA Advisors recorded the assignment with the U.S. Patent Office. *Id.*, Exh. 3.

On the same day as recording the assignment, PA Advisors filed suit against ContextWeb in this Court. *See* D.I. No. 1. PA Advisors sued thirteen defendants, who are all based in California (Google, Yahoo, Facebook, Specific Media, Agent Arts), New York (ContextWeb, Seevast, Pulse 360, WWP Group USA, 24/7 Real Media), Norway & Massachusetts (Fast Search & Transfer ASA) or United Kingdom (WPP Group). *See* Amended Complaint, ¶¶ 2-14 (D.I. No. 58).

ContextWeb filed a motion to dismiss for failure to state a claim, and withdrew that motion after PA Advisors served an Amended Complaint providing identification of the allegedly infringing products. *See* ContextWeb's Motion (D.I. No. 44), Amended Complaint (D.I. No. 58), ContextWeb's Withdrawal of Motion (D.I. No. 80). ContextWeb answered the Amended Complaint within the 10 business day time frame for response on January 22, 2008,

and asserted that venue was improper in this Court. *See* ContextWeb's Answer, ¶¶ 16 & 17 (denying paragraphs 16 and 17 of Amended Complaint relating to venue and jurisdiction) (D.I. No. 86).

### III.  ARGUMENT

#### A. THE COURT SHOULD TRANSFER THIS ACTION TO THE EASTERN DISTRICT OF NEW YORK BECAUSE VENUE IS IMPROPER IN THIS DISTRICT

For patent infringement cases, venue is proper where a defendant resides, commits alleged acts of infringement or has a regular and established place of business:

> Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.

28 U.S.C. § 1400(b).

The location where a defendant "resides" is determined by where they are subject to personal jurisdiction. 28 U.S.C. § 1391(c). However, in a multi-jurisdiction State such as Texas, the "district" is treated as a "separate State" for this analysis so that only contacts with the Eastern District of Texas are considered for purposes of determining whether venue is proper:

> In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction *if that district were a separate State*, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

28 U.S.C. § 1391(c) (emphasis added). *See VE Holding Corp. v. Johnson Gas Appliance Co.*,

917 F.2d 1574, 1584 (Fed. Cir. 1990).[1]

In this instance, ContextWeb has contacts with Texas, but has no regular and established place of business, has committed at best one *de minimus* act of infringement and cannot be considered to reside in the Eastern District of Texas. *See* Sheldon Decl., ¶ 4. Venue is simply improper in this District because the contacts with Texas (which established personal jurisdiction in Texas) all arise from contacts with other districts of this multidistrict state. Since venue is not appropriate, the Court should transfer this action to the EDNY.

A defense under Rule 12(b)(3) is waived if "available" and not raised in the first motion made under Rule 12. *See* Fed. R. Civ. P. 12(h)(1)(A) (waiving defenses listed in Rule 12(b)(2)-(5) that was "available to the party but omitted from its earlier motion."). ContextWeb previously filed a motion to dismiss for failure to state a claim because no product was accused of infringement by PA Advisors in the Original Complaint. The motion was <u>voluntarily withdrawn</u>, and not decided by the Court. *Cf. Friedman v. World Transport., Inc.*, 636 F. Supp. 685, 688 (N.D. Ill. 1986) ("[a] party can amend a motion to dismiss to raise an omitted ground if he or she acts promptly and before the court rules on the original motion."). ContextWeb filed this motion within five weeks of withdrawing the prior motion, there are several outstanding Rule 12(b) motions from other defendants and the policy behind the waiver (to prevent successive defenses) is not implicated in this instance. Consequently, there was no waiver.

In addition, an analysis of specific jurisdiction, which is the underlying analysis for determining venue in this instance, requires an examination of whether the alleged infringing acts occurred in the Eastern District of Texas. This analysis could not be completed until plaintiff stated a claim for relief by identifying the allegedly infringing acts or products. This only

---

[1] Personal jurisdiction is controlled by Federal Circuit law for patent claims. *See Silent Drive, Inc. v. Strong Industries, Inc.*, 917 F.2d 1574, 1584 (Fed. Cir. 1990).

occurred with the filing of the Amended Complaint, which was <u>after</u> ContextWeb's original motion to dismiss. These were missing facts, not a failure to make a legal claim, and ContextWeb would run afoul of its Rule 11 requirements if a motion were made without knowing the factual basis for PA Advisors' Complaint. Thus, the defense of lack of venue was not "available" until after the filing of the Amended Complaint. *See Glater v. Eli Lilly & Co.*, 712 F.2d 735, 738 (1st Cir. 1983) (holding that Rule 12 defense was "not originally available to defendant because plaintiff's complaint did not put it on notice that her…domicile was at least questionable. It could not waive a defense involving facts of which it was not, and could not have been expected to have been, aware."); *Flock v. Scripto-Tokai Corporation*, 2001 U.S.Dist. LEXIS 23881, at *9 (S.D. Tex. June 25, 2001) ("A defendant 'could not waive a defense involving facts of which it was not, and could not have been expected to have been, aware.'"). For this reason as well this defense was not waived by ContextWeb.

PA Advisors apparently failed to conduct a pre-filing investigation of whether venue was proper in this district. Venue may have been appropriate in one of the other districts in Texas, but PA Advisors made its choice of venue and chose wrong. Consequently, the Court should transfer this action to the Eastern District of New York pursuant to 28 U.S.C. § 1406(a) where the action could have been and should have been brought, as set forth below.

      **B.    ALTERNATIVELY, THE COURT SHOULD TRANSFER THIS ACTION TO THE EASTERN DISTRICT OF NEW YORK BASED ON *FORUM NON CONVENIENS***

"For the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district court or division where it might have been brought." 28 U.S.C. § 1404(a). "The goal of §1404(a) is to prevent waste of time, energy and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and

expense." *Shoemake v. Union Pac. R.R. Co.*, 233 F.Supp.2d 828, 829 (E.D. Tex 2002) (internal quotations omitted).[2]

### 1. Venue Is Proper In The Eastern District of New York

The first determination to be made under 28 U.S.C. § 1404(a) is whether the claim could have been filed in the judicial district to which transfer is sought. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). A patent infringement action may be brought in any judicial district "where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400 (b). A corporate defendant resides in a district where it is subject to personal jurisdiction. 28 U.S.C. § 1391 (c)).

ContextWeb is subject to personal jurisdiction in the Eastern District of New York because the alleged infringement has, or will occur, in the Eastern District of New York. It cannot be disputed that venue would be proper in the Eastern District of New York.

### 2. The Transfer Factors Favor Transfer

If a claim could have been filed in the judicial district to which transfer is sought, the court next examines "the convenience of the parties and witnesses." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). The convenience determination involves examining several private and public interest factors, none of which is given a dispositive weight. *Id.* The transfer factors must be applied to all claims brought in this case. *See In re Volkswagen*, 371 F.3d at 204.

#### a. The Private Factors

---

[2] For the other defendants in this action, the factors are either neutral or favor transfer since the co-defendants are located principally in either California (neutral for transfer) or New York (favor transfer). ContextWeb submits that the Court should transfer the entire action and, alternatively, should sever the cause of action against ContextWeb and then transfer just that action. The issues for claim construction and infringement are different for ContextWeb because its products are fundamentally different. The only potential overlap is on invalidity. However, there is no right to, or conservation of judicial resources, in having nine defendants in single action verses two separate actions.

### i.  The Plaintiffs' Forum Choice.

While the plaintiffs' forum choice is neither controlling nor determinative, it is a factor to be considered. *In re Horseshoe Entm't*, 337 F.3d at 434. When the chosen district has little factual nexus to the case and other factors weigh in favor of transfer, the plaintiffs' choice of forum is accorded less deference. *Ray Mart, Inc. v. Stock Bldg. Supply of Texas, L.P.*, 435 F.Supp.2d 578, 594 (E.D. Tex. 2006).

In this instance, PA Advisors chose this district. However, a significant question exists as to PA Advisors rights in the '067 Patent. The assignment purported to assign the '067 Patent to a non-existent entity, and was executed by a person that could not have had any authority to act on behalf of the later-formed corporation. Further complicating the issue is that the agreement was not merely a simple assignment, but rather an assignment with a license back provision. A resolution regarding the validity of the assignment is necessary for adjudication of this action.[3] Further, just adjudication of this issue requires the joinder of MLU, the assignor of the '067 Patent as a necessary party. *See* Fed. R. Civ. P. 19. MLU is a New York corporation residing in Brooklyn, New York, and thus, the issue should be decided in New York.

In addition, PA Advisors was incorporated in this district for what appears to be the sole

---

[3] If the assignment were found to be invalid, this Court would lack Subject Matter Jurisdiction because of PA Advisors' lack of standing. In order to sue for patent infringement, the plaintiff must be the owner of the patents, *i.e.*, the patentee or assignee of the patent. 35 U.S.C. § 281 & § 100(d); *Afros S.P.A. v. Krauss-Maffei Corp.*, 671 F.Supp. 1402, 1444 (D. Del. 1987), *aff'd without opinion*, 848 F.2d 1244 (Fed. Cir. 1988). As a matter of Article III jurisdiction, the plaintiff must establish standing as of the filing of the complaint. *Id.* (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 570, 112 S. Ct. 2130, 2142, 119 L. Ed. 2d 351, 370, n.5 (1992) ("[S]tanding is to be determined as of the commence of suit."); and *Keene Corp. v. United States*, 508 U.S. 200, 207, 128, 113 S. Ct. 2035, 2040, 124 L. Ed. 2d 118, (1993) ("[T]he jurisdiction of the Court depends on the state of things at the time the action was brought.")).Furthermore, if the assignment were found to be invalid, neither MLU nor PA Advisors can correct this defect *nunc pro tunc*, that is, retroactively confer interest, because standing must be present at the time of filing. *See Lujan*, 504 U.S. at 570 (1992) ("[S]tanding is to be determined as of the commence of suit."). The Court of Appeals for the Federal Circuit has recognized that "nunc pro tunc assignments are not sufficient to confer retroactive standing" for commencing a patent infringement action. *Enzo APA & Son, Inc. v. GEAPAG A.G.*, 134 F.3d 1090, 19093-94 (Fed. Cir. 1998). Thus, any attempt to now reform or ratify the assignment would not cure this defect.

purpose of asserting this patent in this particular forum. Any nexus of PA Advisors to this jurisdiction is manufactured for the purposes of the suit alone. Thus, while this factor on its face favors PA Advisors, it should not be accorded any deference.

### ii. The Relative Ease Of Access To Sources Of Proof.

This Court has previously stated that accessibility and location of sources of proof "are only of slight significance due to the increasing ease of storage, communication, copying, and transportation of documents and information and this Court's mandatory disclosure obligations under Local Rule CV-26 and the additional requirements in the case's Discovery Order." *Cummins-Allison Corp. v. Glory Ltd.*, No. 2:03-CV-358, 2004 WL 1635534, at *6 (E.D. Tex May 26, 2004).

In this instance, all sources of proof for ContextWeb are located in New York. Sources of proof for Mightiest Logicon Unisearch Inc. are located in New York. PA Advisors does not conduct business, other than assertion of the patent at issue, and thus does not have issues relating to sources of proof. This factor weighs in favor of transfer.

### iii. The Availability Of The Compulsory Process To Secure Witnesses' Attendance.

Courts accord even greater weight to the convenience of non-party witnesses than that of party witnesses. *Ray Mart, Inc.*, 435 F.Supp.2d at 591. Just as it would place a significant burden on party witnesses to travel to Texas to testify (including the cost of travel and disruption to work and family), third-party witnesses would suffer from these same burdens. In addition to the issues of burden and cost of travel for those non-party witnesses willing to travel to Texas, the transfer analysis "favors a forum in which the parties will be able to compel the key witnesses to testify." *Houston Trial Reports, Inc. v. LRP Publ'ns, Inc.*, 85 F.Supp.2d 663, 669 (S.D. Tex 1999).

Assuming that PA Advisors obtains legitimate title to the '067 Patent, ContextWeb anticipates seeking the inventor Ilya Geller, the prosecuting attorney Edward Etkin and potentially other persons from the Mightiest Logicon Unisearch Inc. as third party trial witnesses. Messrs. Geller and Etkin are located in Brooklyn, New York, and MLU is a New York Corporation residing in Brooklyn, New York. Thus, compulsory process to secure these witnesses' attendance favors New York.

### iv. The Willing Witnesses' Cost Of Attendance.

In venue transfer analysis, the most important factor considered is whether key fact witnesses will be substantially inconvenienced if the Court should deny transfer. *Ray Mart, Inc.*, 435 F.Supp.2d 590-91. "[V]enue is considered convenient in the district or division where the majority of witnesses are located." *Shoemake*, 233 F.Supp.2d at 832. In analyzing this issue the Fifth Circuit has stated:

> When the distance between an existing venue for a trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled. Additional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment. Furthermore, the task of scheduling fact witnesses so as to minimize the time when they are removed from their regular work or home responsibilities gets increasingly difficult and complicated when the travel time from their home or work site to the court facility is five or six hours one-way as opposed to 30 minutes or an hour.

*In re Volkswagen*, 371 F.3d 201, 204-05 (5th Cir. 2004).

District courts must conduct their venue transfer analyses while always bearing in mind the real economic burden placed on non-resident defendants." *Z-Tel Commc'ns, Inc. v. SBC Commc'ns, Inc.*, 331 F.Supp.2d 567, 575 (E.D. Tex 2004). Specifically, the burden associated with travel to a distant forum is an important consideration in the transfer analysis. *See In re*

*Volkswagen*, 371 F.3d 201, 204-05.

ContextWeb is a small company, based entirely out of New York. It would be a substantial expense and hardship on ContextWeb to travel to and defend this action in Texas. ContextWeb anticipates requiring several of the founders of the company to testify, including its current President, its Vice President of Operations and its Chief Financial Officer. This will cause a significant disruption to its business operations that will be compounded by these key individuals having to travel to Texas for an extended period of time.

In contrast, PA Advisors is a corporation that engages in no business, other than enforcement of this particular patent-in-suit. There does not appear to be any required witnesses from PA Advisors, other than perhaps Mr. Spangenberg.

The inconvenience of litigating in a foreign jurisdiction is minor for PA Advisors when compared to ContextWeb. Thus, this factor favors transfer to the Eastern District of New York.

        **v.     All Other Practical Problems That Make The Case's Trial Easy, Expeditious, And Inexpensive.**

"Generally the preferred forum in a patent infringement action is that which is the center of accused activity." *Cummins-Allison Corp. v. Glory Ltd.*, No. Civ. A. 2-03-CV-358TJ, at *6 (E.D. Tex. May 26, 2004) (internal quotations omitted). Because infringement suits generally focus on the activity of the alleged infringer, its employees, and its documents, "the location of the alleged infringer's principal place of business is often the critical and controlling consideration in adjudicating transfer of venue motions." *Houston Trial Reports, Inc.*, 85 F.Supp.2d at 668 (internal quotations omitted). In finding the center of the accused activity, the Court should consider the location of a product's development testing, research, and production. *Minka Lighting, Inc. v. Trans Globe Imports, Inc.*, No. Civ. A. 3:02-CV-2538, 2003 WL

21251684, at *3 (N.D. Tex. May 23, 2003); *see also S.C. Johnson & Son, Inc.v. Gillette Co.*, 571 F.Supp.1185, 1188 (N.D. Ill. 1983) (stating, "The trier of fact ought to be as close as possible to the milieu of the infringing device and the hub of activity centered around its production"). Courts should also consider the place where the marketing and sales decisions occurred--not just the location of any particular sales activity. *Minka Lighting, Inc.*, 2003 WL 21251684, at *3.

All of the activities, including the invention, prosecution of the patent application, attempted exploitation by MLU, and alleged infringing acts, all occurred in New York. The only connection with Texas is that the '067 Patent was purportedly transferred to a Texas corporation a few weeks before suit was filed. Trial in the Eastern District of New York would be substantially easier and less expensive for ContextWeb, and incrementally no different for PA Advisors. Consequently, this factor favors transfer to the Eastern District of New York.

### 3. The Public Factors

#### i. The Administrative Difficulties Flowing From The Court Congestion.

The time from filing to disposition of a case filed in the Eastern District of New York is 10.8 months, while for this District it is 9.0 months. *See* Hanft Decl., Exhs. 5 and 6. The time from filing to trial is 16.6 months greater in Eastern District of New York than in this District. The additional sixteen months it would likely take for this case to get to trial in New York rather than in Texas is not significant. This element is neutral.

#### ii. The Local Interest In Having Local Issues Decided At Home.

"[I]t is contrary to the public interest to encumber the citizens of this district with a case that has only a slight connection to, and little impact upon, the local community." *Ray Mart, Inc.*, 435 F. Supp. 2d at 595-96.

Texas only has a minor local interest in the case, because the named defendant ContextWeb resides in New York, and they have financial stakes in the outcome. This Court has held that "[t]his District has an interest in enforcing United States patent law in its jurisdiction, and potential acts of infringement also have an effect on the economy of the Eastern District of Texas." *Jacobs Chuck Manufacturing Co. v. Shandong Weida Machinery Co., Ltd.*, 2005 U.S. Dist. LEXIS 39079 at *11. In this instance, none of the alleged infringing acts by ContextWeb have taken place in this District. Thus, this District has little interest in enforcing the patent laws in its jurisdiction in this particular case.

Because the Eastern District of New York has a very significant local interest in the issues, this factor is in favor of transfer.

### iii. The Forum's Familiarity With The Governing Law.

Both the Eastern District of New York and this Court are familiar with the governing law. Thus, this factor is neutral as to transfer.

### iv. The Avoidance Of Unnecessary Conflict Of Law Problems Involving Foreign Law's Application.

This case does not present conflict of law issues. This factor is therefore also neutral as to transfer.

|  |  |
|---|---|
|  | Respectfully Submitted, |
| Dated: February 29, 2008 | _s/ James E. Hanft_____<br>James E. Hanft<br>jhanft@darbylaw.com<br>Melvin C. Garner<br>mgarner@darbylaw.com<br>7 World Trade Center<br>250 Greenwich Street<br>New York, NY 10007-0042<br>Tel: (212) 527-7700<br>Fax: (212) 527-7701<br><br>Matthew D. Orwig<br>morwig@sonnenschein.com<br>Sonnenschein Nath & Rosenthal L.L.P.<br>1717 Main Street, Suite 3400<br>Dallas, Texas  75201-7395<br>Tel: 214-259-0990<br>Fax: 214-259-0910<br><br>**Attorneys for Defendant ContextWeb Inc.** |

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this paper was served on all counsel who have consented to electronic service, Local Rule CV-5(a)(3)(A), on this 29th day of February, 2008.

s/ James E. Hanft<br>
James E. Hanft

## CERTIFICATE OF CONFERENCE

The undersigned counsel certifies that they have conferred with opposing counsel in a good faith manner in an attempt to resolve the matter without court intervention, and the motion is unopposed.

s/ James E. Hanft<br>
James E. Hanft