# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHAL DIVISION

|  |  |
|---|---|
| **PA ADVISORS, LLC** <br>         Plaintiff, <br><br> v. <br><br> **GOOGLE, INC., et al.,** <br><br>         Defendants. | ) <br> ) <br> ) <br> )    **Civil No.: 2-07CV-480 (TJW)** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## CONTEXTWEB, INC.'S REPLY MEMORANDUM
## IN SUPPORT OF ITS MOTION TO TRANSFER

      Defendant ContextWeb, Inc. ("ContextWeb") respectfully submits this reply memorandum in support of its motion to transfer this case filed against it by P.A. Advisors, LLC ("PA Advisors") pursuant to 28 U.S.C. § 1406(a) or pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Eastern District of New York.

**I.      INTRODUCTION**

There is one central issue in this motion -- is it substantially justified for ContextWeb to defend this action in Texas rather than New York?

ContextWeb submits that it is not. ContextWeb has *de minimus* contacts with this jurisdiction, and except for the sole fact that PA Advisors incorporated and filed in this district, the subject matter of this case has no connection with this jurisdiction. Moreover, even after submission of its opposition, it is still unclear whether PA Advisors has standing and that its choice of forum should be given any deference.

This forum is not the appropriate venue for this action, and the balancing of the public and private factors clearly favors transfer. For these reasons, the Court should transfer the entirety of this action to the Eastern District of New York.

**II.     ARGUMENT**

   **A.    VENUE IS IMPROPER IN THIS DISTRICT UNDER 28 U.S.C. § 1406**

PA Advisors asserts that minimum contacts exist such that jurisdiction, and thus venue, exists based on: (1) persons within this jurisdiction visiting Belo's websites being "tracked" by ContextWeb through the use of cookies; (2) Belo and Circuit City having a presence in the district; (3) ContextWeb's admission that it derives revenue from a customer in Frisco; and (4) the ability for a resident to sign up for ContextWeb's services.

Contrary to PA Advisors' position, ContextWeb does not track activities of a user. Nevertheless, even assuming that this does happen, it is not a contact for purposes of specific jurisdiction. For specific jurisdiction, the cause of action must "arise out of or relates to" those contacts. *See Burger King Corp. v. Rudzewicz,* 471 U.S. 462,472-73 (1985). The '067 patent relates to generating personalized user profiles (parsing of sentence structure) to perform

adaptive internet searches. No claim of the '067 patent contains a limitation about tracking. Thus, the contact (tracking) does not arise out of or relate to the cause of action and should not be considered in determining jurisdiction and thereby venue.

The Court of Appeals for the Federal Circuit has made clear that contacts resulting from "the unilateral activity of another party or third person" are not attributable to a defendant. *See Red Wing Shoe Company, Inc. v. Hockerson-Halberstadt, Inc.,* 148 F.3d 1355, 1361 (Fed. Cir. 1998). Thus, the presence of Belo and Circuit City within the district is irrelevant to the jurisdictional analysis. It is the contacts between ContextWeb and these entities that arise out of the subject matter that should be considered.

ContextWeb has one customer in Frisco, accounting for $3.12 in 2005.

Likewise, the ability to sign up for ContextWeb's services is not an infringing act. This appears to be a "stream of commerce" theory. However, a service does not go into the stream of commerce. Thus, as with tracking, this is an irrelevant argument for determination of specific jurisdiction, and thereby venue.

ContextWeb admits that it has made $105.46 in this district over two years ago, and nothing since that time. Exercising jurisdiction, and thereby finding venue, would not "comport with 'fair play and substantial justice'" as required by the Supreme Court's minimum contacts test. *See Burger King,* 471 U.S. at 476.

### B. CONTEXTWEB HAS NOT WAIVED OBJECTIONS TO VENUE PURSUANT TO 28 U.S.C. § 1406

PA Advisors asserts that ContextWeb waived its objection to venue under 28 U.S.C. § 1406 by filing a counterclaim that specifically states that venue is proper for purposes of the counterclaim. This is incorrect.

A jurisdictional objection such as lack of venue is not waived by asserting a counterclaim in which venue must specifically be plead. *See Queen Noor, Inc. v. Fred McGinn*, 578 F. Supp. 218, 219-220 (S.D. Tex. 1984) ("Rule 12(b) provides a defendant with the option of raising jurisdictional defenses by motion or by answer. If we were to take the position that a defendant, by raising his jurisdictional defenses in the same pleading in which he asserted a counterclaim, waived his jurisdictional defenses, we would in effect be engrafting a judicial exception to Rule 12(b). We would be requiring a defendant to raise his jurisdictional defenses by motion when he intends to file a counterclaim in his responsive pleading. This requirement would be contrary to the option provided to the defendant in Rule 12(b)." (quoting *Neifeld v. Steinberg*, 438 F.2d 423 (3rd Cir. 1971))). In other words, once an objection to venue is made, a party is free to also plead a counterclaim, which necessary requires a pleading that venue is proper. No waiver occurs because otherwise the party would be required to forego either the defense or counterclaim.

Here, ContextWeb objected to venue in its Answer while alternatively asserting a compulsory counterclaim in its Answer, which stated that venue for purposes of the counterclaim was proper. *See* ContextWeb's Answer, ¶¶ 16 & 17 (denying paragraphs 16 and 17 of Amended Complaint relating to venue and jurisdiction) (D.I. No. 86). In such an instance, the counterclaim is treated as "being hypothecated upon an adverse ruling on the Defendant's jurisdictional defenses." *Queen Noor*, 578 F. Supp. at 220. As such, there is no waiver.

### C. THE BALANCE OF PRIVATE AND PUBLIC FACTORS FAVORS TRANSFER PURSUANT TO 28 U.S.C. § 1404(A)

Plaintiff's choice of forum is entitled to deference, but a party seeking transfer must show good cause. "When viewed in light of § 1404(a), to show good cause means that a moving party must demonstrate that a transfer is '[f]or the convenience of the parties and witnesses, in the

interest of justice.' When the transferee forum is no more convenient than the chosen forum, the plaintiff's choice should not be disturbed. When the transferee forum is clearly more convenient, a transfer should be ordered." *In re Volkswagen of America, Inc.*, 506 F.3d 376, 384 (5th Cir. 2007).

PA Advisors asserts that MLU and PA Advisors mistakenly executed an assignment before PA Advisors was formed as a corporation, but that this inadvertent mistake was corrected by "executing the final assignment document, with an *effective* date of October 23, 2007 (the date that PA Advisors was legally formed and before the filing date of this lawsuit)." Opposition Brief, at 5-6 (emphasis added). There is no indication of when the alleged final assignment document was executed, that is, signed by the parties, as opposed to its *effective* date. The signatures are not dated, and the circumstances, as presented by Plaintiff, make it uncertain as to the status of this document. A draft assignment was executed and filed, yet the final assignment was not filed until March of 2008. If the final assignment was executed (signed) after the filing of this suit with an effective date before the filing of the suit, it would constitute a *nunc pro tunc* assignment that is ineffective to cure a defect in standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 570 (1992) ("[S]tanding is to be determined as of the commence of suit.").[1] If this is true, then the appropriate remedy is for the Court to dismiss this action for lack of standing.

To the extent that PA Advisors has standing, the only factor that weighs against transfer is plaintiff's choice of forum. Every other factor set forth in *In re Volkswagen of America* either weighs in favor of transfer or is neutral. The relative ease of access to sources of proof, availability of compulsory process and cost of attendance of willing witnesses all weigh in favor of transfer, which do not appear to be contested by PA Advisors. The only two areas of

---

[1] ContextWeb has filed suit against MLU in the EDNY to resolve these issues.

contention which cross over among the remaining factors are: (1) the local interest in adjudicating local disputes; and (2) the effect of having two parallel proceedings, should the Court not transfer the proceedings in their entirety.

As to the local interest, PA Advisors asserts that "admitted sale of allegedly infringing services in the Eastern District of Texas is an event that is significant and relevant to the citizens of this District." Opposition Memorandum, at 13. The "admitted sale" amounts to $105.46, which should be weighed against the offices of ContextWeb, the development of the patent, the inventor and the prosecuting attorney all being located in the proposed transferee forum, the Eastern District of New York. The local interest and the fairness of burdening citizens with jury duty clearly favors transfer.

Should the Court grant the transfer just with respect to ContextWeb, there will be two proceedings. The use of judicial and party resources in having one versus two proceedings has equal likelihood of being less as it does more.

There is no overlap in the infringement cases, and only partial overlap in the invalidity case. The claims relate to profiling (parsing the sentence structure) of the user, profiling of a search request and profiling of target sites, and then correlating the profiles to produce search results. ContextWeb places advertisements on websites and has no search capability, while the remaining defendants all (to ContextWeb's understanding) have search capabilities. The products of each of the defendants is completely different, the claim construction issues will be different and the infringement cases will be independent. The focus of the invalidity will be different for ContextWeb versus the other defendants since ContextWeb will likely be applying blocking prior art relating to web based advertising to limit the scope of the asserted claims, while the remaining defendants will likely have their own focus.

While there may be savings with respect to conducting claim construction and invalidity together for the parties, the different focus of each party and having each party fully develop its case will take the same amount of judicial resources whether conducted separately or together. Whether a case is presented serially for each party or in parallel for two separate parties, the total amount of time remains the same. The only tradeoff, if ContextWeb is severed and transferred, is in having one court or two courts come up to speed on the technology of the patent and possibly some overlapping prior art for invalidity. This consideration should be balanced against having ContextWeb participate with twelve other defendants and the resulting scheduling problems, waste of resources where issues not concerning ContextWeb are involved (which will occur for depositions, discovery and most of the trial) and forcing ContextWeb to defend an action in a jurisdiction that has at best a minimal connection with the cause of action.

There is no delay, prejudice, administrative difficulties or conflict of laws if ContextWeb is severed from the case and the cause of action against ContextWeb is transferred to New York. Simply because the same patent is at issue does not mean that it is more economical to sue thirteen defendants together in one case versus having two separate cases.

In short, the balance of the private and public factors favors transfer, and thus this Court should grant ContextWeb's motion.

-8-

                                                                      Respectfully Submitted,

Dated:  April 3, 2008                      _s/ James E. Hanft_  
                                                     James E. Hanft  
                                                     jhanft@darbylaw.com  
                                                     Melvin C. Garner  
                                                     mgarner@darbylaw.com  
                                                     7 World Trade Center  
                                                     250 Greenwich Street  
                                                     New York, NY 10007-0042  
                                                     Tel: (212) 527-7700  
                                                     Fax: (212) 527-7701

                                                   Matthew D. Orwig  
                                                   morwig@sonnenschein.com  
                                                   Sonnenschein Nath & Rosenthal L.L.P.  
                                                   1717 Main Street, Suite 3400  
                                                   Dallas, Texas  75201-7395  
                                                   Tel: 214-259-0990  
                                                   Fax: 214-259-0910

                                                   **Attorneys for Defendant ContextWeb Inc.**

-9-

## CERTIFICATE OF SERVICE

      The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this paper was served on all counsel who have consented to electronic service, Local Rule CV-5(a)(3)(A), on this 3rd day of April, 2008.

                                                                                                 _____s/ James E. Hanft_____  
                                                                                                       James E. Hanft