IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PA ADVISORS, LLC<br><br>    Plaintiff,<br><br>    v.<br><br>GOOGLE INC., ET AL.<br><br>    Defendants. | No. 2:07-cv-480-TJW<br><br>JURY TRIAL DEMANDED |

### **PLAINTIFF'S SUR-REPLY TO CONTEXTWEB, INC.'S MOTION TO TRANSFER**

ContextWeb's Reply Memorandum in Support of its Motion to Transfer adds nothing to establish that this case should be transferred to the Eastern District of New York. The facts remain as follows:

- Venue is proper in this Court because ContextWeb admittedly uses, sells, and offers to sell its allegedly infringing products in the Eastern District of Texas.

- ContextWeb waived its right to object to venue as "improper" because it failed to raise its venue objection prior to filing its Answer and Counterclaim.

- The Eastern District of New York is not a "clearly" more convenient forum; thus, PA Advisors' choice to file in this District should not be disturbed.

- If granted, the transfer would sever this lawsuit into two parallel proceedings before two different courts. Such an outcome would be extremely inefficient and burdensome on the judicial system, potential jurors, and PA Advisors.

For these reasons and those detailed in PA Advisors' Response, ContextWeb's Motion to Transfer should be denied. It is nothing more than an attempt to delay and burden both PA Advisors and the judicial system.

1

Dockets.Justia.com

## I. ARGUMENT

**A.  Venue is proper because PA Advisors infringement claims are based on ContextWeb's activities that occur in this District.**

The law for determining whether venue is proper in a patent infringement case is simple. Venue is proper in any judicial district in which the defendant makes, uses, sells, or offers to sell the allegedly infringing products or services. *See AdvanceMe, Inc. v. Rapidpay, LLC*, 450 F. Supp. 2d 669, 673 (E.D. Tex. 2006). In this case, PA Advisors has specifically accused, among other things, ContextWeb's ADSDAQ system and its ContextAd technology of infringing the patent-in-suit. It is undisputed that ContextWeb uses, sells, and offers these allegedly infringing products for sale in the Eastern District of Texas. Thus, venue is proper in this Court.

ContextWeb attempts to confuse this simple analysis by arguing the merits of PA Advisors' infringement claims. ContextWeb claims that it has no specific contacts to this District because it does not infringe the patent-in-suit in the claimed manner.[1] ContextWeb misleadingly claims that it "does not track activities of a user," and even if it does, the patent-in-suit relates to something else—"generating user profiles . . . to perform internet searches."[2] This is an argument over semantics. In other words, whether ContextWeb chooses to call it "tracking" or "profiling," these activities are a key part of PA Advisors' infringement claims, and it is undisputed that ContextWeb is conducting these activities in the Eastern District of Texas.[3] Indeed, ContextWeb does not deny that it uses "cookies" to profile users in conjunction with displaying online ads. For example, ContextWeb's Privacy Policy states as follows:

> With each advertising impression served, ContextWeb collects information such as the time of day, URL visited, browser type, browser language, and IP address.

---

[1] *See* Dkt. No. 129, ContextWeb's Reply, at 2.

[2] *Id.* at 2-3.

[3] ContextWeb does not deny that Belo and Circuit City are its customers or that they have a large presence in the Eastern District of Texas. *Id.* at 2-3.

> That information is used to verify our records and to provide more relevant services to users, such as showing contextually relevant ads based on the URL visited. . . . ContextWeb uses cookies to authenticate and keep track of user sessions and to measure the number of unique users viewing particular ads. In addition, ContextWeb uses cookies to reduce the likelihood of end-users seeing the same ad over and over again or more than a certain number of ContextWeb-served ads over a certain time period.[4]

This "tracking" or "profiling" is a key aspect of PA Advisors' infringement claims, and, at this early stage in the litigation, ContextWeb cannot take it out of the case by arguing that it does not "track" or "profile" users in the manner described in the patent-in-suit.

Further, PA Advisors is not complaining of "unilateral activity of another party or third person."[5] PA Advisors has specifically accused ContextWeb's products and services (e.g., ADSDAQ and ContextAd), which are controlled by ContextWeb. It is ContextWeb's own technology that determines which ads are displayed on its customers' websites.

**B.    ContextWeb waived its objection to venue because it did not join this objection with its Counterclaim.**

ContextWeb cites *Queen Noor, Inc. v. McGinn*, 578 F. Supp. 218 (S.D. Tex. 1984) for the proposition that a counterclaim may be filed before raising a Rule 12(b) objection to venue. This is not correct. The court in *Queen Noor* held that a Rule 12(b) jurisdictional defense is not waived when ***joined*** with a counterclaim. *Queen Noor*, 578 F. Supp. at 219. This holding does not help ContextWeb because it did not join its objection to venue with its counterclaim. Because ContextWeb failed to raise its objection to venue as a defense in its Answer or in a timely pre-answer motion, it waived its right to object to venue as "improper." *See* FED. R. CIV. P. 12(h); *Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 759 (E.D. Tex. 2000).

---

[4] *See* LaValle Decl. at ¶ 10, Ex. 1-H.

[5] *See* Dkt. No. 129, ContextWeb's Reply, at 3.

3

**C.     The Eastern District of New York is not a "clearly" more convenient forum.**

The plaintiff's choice of forum should not be disturbed unless it is "clearly" outweighed by other factors. *Shoemake v. Union Pac. R.R. Co.*, 233 F. Supp. 2d 828, 830 (E.D. Tex. 2002). Beyond simply stating so, ContextWeb has shown nothing to establish that the Eastern District of New York is a "clearly" more convenient forum.

First, the Court should give no weight to ContextWeb's argument that PA Advisors' title to the patent-in-suit is questionable. This argument is a red herring and is no reason to give less weight to PA Advisors' choice of venue. As detailed in PA Advisors' Response, PA Advisors has been the rightful owner of the patent-in-suit since before this lawsuit was filed.[6]

Second, there is no question that ContextWeb's presence in the Eastern District of Texas is much greater than a single sale amounting $105.46. In addition to ContextWeb's admitted sales in the Eastern District of Texas, ContextWeb uses its accused technology to "track" or "profile" users in the Eastern District of Texas, and it offers its products for sale on its website to potential customers in the Eastern District of Texas. Thus, there is significant local interest in adjudicating this dispute.

Third, if the Court grants the transfer and severs ContextWeb from this litigation, the judicial system, potential jurors, and PA Advisors will be unnecessarily burdened and inconvenienced. ContextWeb's assertion that there is "only partial overlap in the invalidity case" is short-sighted.[7] The defendants' interests should be completely aligned on issues of invalidity and unenforceability. Moreover, the defendants' claim construction positions and non-infringement positions should be virtually identical because they are all in the business of web-

---

[6] Dkt. No. 123, PA Advisors' Response to ContextWeb's Motion to Transfer, at 5-6.

[7] Dkt. No. 129, ContextWeb's Reply, at 6.

based advertising and, specifically, in the business of displaying online ads that are relevant to users' online activities (browsing, entering search queries, etc.).

## II.  CONCLUSION

ContextWeb's Motion has no merit. If granted, it would cause delay and burden both PA Advisors and the judicial system. For the reasons detailed herein and in PA Advisors' Response, the Court should deny ContextWeb's Motion to Transfer.

Dated: April 14, 2008                                     Respectfully submitted,

**PA ADVISORS, LLC**

By: /s/ Amy E. LaValle
David M. Pridham
R.I. State Bar No. 6625
LAW OFFICE OF DAVID PRIDHAM
25 Linden Road
Barrington, Rhode Island 02806
Telephone:  (401) 633-7247
Fax:     (401) 633-7247
E-mail:  david@pridhamiplaw.com

Amy E. LaValle
Texas State Bar No. 24040529
THE LAVALLE LAW FIRM
3811 Turtle Creek Boulevard
Suite 1620
Dallas, Texas 75219
Telephone: (214) 732-7533
Facsimile: (214) 292-8831
E-mail: lavalle@lavallelawfirm.com

Danny L. Williams
Texas State Bar No. 21518050
J. Mike Amerson
Texas State Bar No. 01150025
WILLIAMS, MORGAN & AMERSON, P.C.
10333 Richmond, Suite 1100
Houston, Texas 77042
Telephone: (713) 934-7000
Facsimile: (713) 934-7011
E-mail: danny@wmalaw.com
E-mail: mike@wmalaw.com

Of Counsel:
Joseph Diamante
JENNER & BLOCK LLP
919 Third Avenue, 37th Floor
New York, New York 10022-3908
Telephone: (212) 891-1600
Facsimile:  (212) 891-1699
E-mail:  jdiamante@jenner.com

**ATTORNEYS FOR PLAINTIFF
PA ADVISORS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served today with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

Dated: April 14, 2008                                    /s/ Amy E. LaValle