IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PA ADVISORS, LLC | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 2:07-CV-480 (D) |
| | § | |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| GOOGLE INC., et al, | § | |
| | § | |
| Defendants | § | |

**JOINT CASE MANAGEMENT REPORT**

On July 15, 2008, the Court ordered the parties to confer and report on certain matters. Pursuant to the conference among counsel, the parties report as follows:

I. **MATTERS ADDRESSED IN COURT'S STANDARD NOTICE OF SCHEDULING CONFERENCE**

(1) **Factual and legal description of the case which also sets forth the elements of each cause of action and each defense.**

**Plaintiff:**

Plaintiff's Complaint alleges infringement of United States Patent No. 6,199,067, which is entitled "System and Method for Generating Personalized User Profiles and for Utilizing the Generated User Profiles to Perform Adaptive Internet Searches" (the "067 patent").

**Synopsis of the '067 patent.** The '067 patent was duly and legally issued on March 6, 2001. Plaintiff is the owner of the '067 patent and has the right to make, have made, use, offer, or sell products or services covered by the '067 patent, as well as the right to enforce the '067 patent with respect to Defendants.

The '067 patent is generally directed to methods and systems for automatically generating personalized user profiles using generated profiles to perform adaptive Internet

searches. The patent generally discloses linguistic analysis of personalized user profiles and other profiles in order to determine the information to be provided in response to a request for information. The patent is further directed to a method for creating a user profile to be used in the system described above.

**Defendant's infringements.** Defendants provide and/or use methods and systems implemented by and through various websites that comprise systems and methods for automatically generating personalized user profiles and for utilizing the generated profiles to perform adaptive Internet or computer searches. Defendants also provide and/or use methods and systems for a user profile to be used in such systems. Defendants' methods and systems infringe at least Claims 1 and 45 of the '067 patent.

**Elements of an infringement claim.** Infringement is an issue in most lawsuits involving a patent. Determining patent infringement requires determining whether someone (1) without authority (2) makes, uses, offers to sell, sells, or imports (3) the patented invention (4) within the United States, its territories, or its possessions (5) during the term of the patent. Infringement exists if any one of the patent's claims covers the alleged infringer's product or process. For infringement to exist, all of the claim's elements must be found, either literally or by a substantial equivalent, in the accused product or process.

The willful infringement inquiry focuses upon showing that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent and that this risk was either known or so obvious that it should have been known to the infringer.[1]

**Relief Sought.** Plaintiff has been damaged as a result of Defendants' infringing conduct. Defendants are liable to Plaintiff in an amount that adequately compensates Plaintiff for their respective infringements, which, by law, cannot be less than a reasonable royalty. A reasonable

---

[1] *In re Seagate Tech., LLC*, No. 830, 2007 U.S. App. LEXIS 19768, at *22-23 (Fed. Cir. Aug. 20, 2007).

royalty determination may be based on an established royalty, if one exists, or on a hypothetical royalty based on a supposed arm's length negotiation taking place at the time the infringement began between a willing licensor and a willing licensee who had knowledge that the patent would be sustained as valid and infringed, if litigated.

**Defendants:**

PA Advisors alleges that the Defendants infringe United States Patent No. 6,199,067 ("the '067 Patent"). The '067 Patent is entitled "System And Method For Generating Personalized User Profiles And For Utilizing The Generated User Profiles To Perform Adaptive Internet Searches." The Abstract of the Invention states that this patent relates to automatically generating personalized user profiles to perform adaptive Internet or computer data searches. Particular linguistic patterns and their frequency of recurrence are extracted from personal texts provided by the users and are stored in a user profile data file such that the user profile data file is representative of the user's overall linguistic patterns and the frequencies of recurrence thereof. All documents in a remote computer system, such as the Internet, are likewise analyzed and their linguistic patterns and pattern frequencies are also extracted and stored in corresponding document profiles. When a search data is initiated by the user, linguistic patterns are also extracted from a search string provided by the user into a search profile. The user profile is then cross matched with the search profile and the document profiles to determine whether any linguistic patterns match in all three profiles and to determine the magnitude of the match based on summation of respective frequencies of recurrence of the matching patterns. The documents with document profiles having the highest matching magnitudes are presented to the user as not only matching the subject of the search string, but also as corresponding to the user's cultural, educational, and social backgrounds as well as the user's psychological profile.

Though not all Defendants have answered at this time, some of the Defendants have raised various defenses, including non-infringement and invalidity. The patent in suit claims a very specific type of search, and Defendants do not search as is claimed.

Some Defendants have brought counterclaims against Plaintiff, including for a declaratory judgment of invalidity of the patent-in-suit under 35 U.S.C. sections 101, 102, 103, 112 and for a declaratory judgment of non-infringement.

**(2)** **Date of Rule 26(f) conference and those attending.**

The parties conducted their conference on July 22 & 23, 2008. The following persons participated:

| Participating Attorney | Represented Party(ies) |
|---|---|
| Andrew W. Spangler | Plaintiff PA Advisors |
| Michael T. Cooke | Plaintiff PA Advisors |
|  |  |
| Brian Cannon | Defendant Google Inc. |
| Jason White | Defendant Yahoo! Inc. |
| James E Hanft | Defendant Contextweb, Inc. |
| Matthew S Bellinger | Defendant Specific Media, Inc. |
| Douglas Lewis<br>Bill Lavender | Defendants Fast Search & Transfer, Inc. |
| Douglas Lewis<br>Bill Lavender | Defendant Agent Arts, Inc. |
| Robert J Fluskey , Jr | Defendant Seevast Corporation |
| Robert J Fluskey , Jr | Defendant Pulse 360, Inc. |
| Melissa Smith | Defendant 24/7 Real Media, Inc. |

**(3)** **Related cases.**

ContextWeb, Inc. v. Mightiest Logicon Unisearch, Inc., 08 CV 834 (E.D.N.Y), filed Feb. 27, 2008. (ContextWeb asserts that Mightiest Logicon Unisearch was the assignee of the '067 Patent at the time of filing of this Suit and on Febuary 27, 2008 because the PA Advisor's assignment was defective, which divests this Court of subject matter jurisdiction).

**(4)** **Length of trial.**

**Plaintiff:**

Plaintiff expects that the trial of this matter will take no longer than 12 hours per side.

**Defendants:**

At this time, Defendants expect that the trial of this matter will take approximately ten trial days.

**(5)** **Trial before magistrate judge.**

Plaintiff consents to trial and all pre-trial matters before a magistrate judge.

Defendants do not consent to trial before a magistrate judge.

**(6)** **Jury demand.**

A jury trial has been demanded.

**(7)** **Proposed modification to the Proposed Docket Control Order.**

Plaintiff requests a March 2010 trial date. Defendants request an October, 2010 trial date. A copy of the parties' proposed Docket Control Order is attached hereto as Exhibit A. Said Exhibit A details the agreements and disputes surrounding scheduling issues.

**(8)** **Modification of the proposed limits on discovery relating to claim construction.**

The parties do not believe separate limits for claim construction discovery are necessary.

**(9)** **Entry of a Protective Order.**

The Parties anticipate submitting a Protective Order for entry by the Court in the very near future. If the parties are unable to submit and Agreed Protective Order by August 18, 2008, the parties request that the Court enter its Standard Protective Order so that discovery can proceed. The parties stipulate that no source code need be produced until a Protective Order is entered that includes a source code provision and that all documents produced under the

Standard Protective Order would be limited to Outside Attorneys' Eyes Only.

**(10) <u>Appointment of a Technical Advisor or Special Master.</u>**

The parties do not believe that a technical advisor or special master is required in this matter.

**(11) <u>The number of claims being asserted.</u>**

Plaintiff asserts that Defendants are infringing at least claims 1 and 45 of the '067 patent. Claims 1 and 45 are independent claims. Plaintiff does not agree to limit the number of claims asserted at this time and will disclose the complete list of asserted claims pursuant to P.R. 3-1. Plaintiff will narrow its case to 10 claims in accordance with the Court's Docket Control Order.

**(12) <u>The possibility of early mediation.</u>**

Plaintiff believes that an early mediation within the next six months would be productive. Plaintiff suggests a second mediation within three months after a *Markman* ruling. Defendants do not believe that an mediation would be fruitful until after the Markman ruling.

**(13) <u>Local Rules pertaining to attorney misconduct.</u>**

The parties have reviewed the pertinent Local Rules and agree to abide by them.

**II. <u>ISSUES ADDRESSED PURSUANT TO FRCP 26(f)</u>**

**(1) Changes in the timing, form, or requirement for disclosures under Rule 26(a), including deadline for making disclosures.**

The Parties agree to make Rule 26(a) initial disclosures in accordance with the Proposed Docket Control Order.

**(2) Subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to particular issues.**

**Plaintiff:**

Plaintiff anticipates that discovery will be needed on the issues of infringement and damages, including features of Defendants' software systems and methods for automatically generating personalized user profiles to perform adaptive Internet or computer searches, associated sales data and revenue, as well as the bases for Defendants' defenses and counterclaims, including Defendants' allegations of invalidity, unenforceability and non-infringement. The foregoing listing is not meant to be exhaustive, and Plaintiff reserves the right to discover additional subjects as the case progresses.

**Defendants:**

Defendants anticipate that discovery will be needed on the basis for Plaintiff's allegations of infringement and relating to its supposed damages as well as issues relating to Plaintiff's purported invention of the subject matter of the patent in suit, prior art to the patent in suit, and its prior licensing practices. Defendants do not mean this list to be exhaustive and reserve the right to take discovery on additional subject matter as the case progresses.

**(3)  Any issues relating to disclosure or discovery of electronically stored information.**

The parties have not reached agreement at this time. Due to the short time the parties have had to work on the Joint Case Management Report, they have not been able to agree on issues relating to electronically stored information, including the form of production. The parties anticipate continuing to meet and confer on these issues and working toward an agreement by August 18, 2008. If the parties are unable to reach agreement at that time, the parties will submit their competing proposals to the Court for resolution.

**Plaintiff**:

Documents and electronically stored information be produced electronically (e.g., on

compact discs) in TIFF format, with load files. With respect to Plaintiff, Defendants agree to produce Summation load files (.dii files) with single page TIFFs and searchable OCR. With respect to Defendants, Plaintiff agrees to produce load files with single page TIFFs and searchable OCR. Except as otherwise agreed by the parties or ordered by the Court, electronically stored information need not be produced in native format (or any format other than images as described above), and metadata need not be produced but shall be preserved. [This provision is accepted by Defendants.] To the extent either party believes, on a case-by-case basis, that documents should be produced in an alternative format, or that metadata should be produced, the parties have agreed that they will meet and confer in good faith concerning such alternative production arrangements. The parties have further agreed that they will meet and confer in good faith to ensure that the format of each party's production is compatible with the technical requirements of the receiving party's document management system.

**Defendants:**

Due to the short time the parties have had to work on the Joint Case Management Report, they have not been able to agree on issues relating to electronically stored information, including the format of production. Defendants will meet and confer in good faith regarding the format of the parties' production.

**(4)** **Any issues relating to claims of privilege or of protection as trial-preparation material.**

The parties stipulate that attorney-client privileged and/or work product materials generated after the filing of this lawsuit need not be included on a privilege log.

The parties stipulate that notwithstanding the provisions set forth in the paragraphs below, a testifying expert shall not be subject to discovery on any draft of his or her report in this

case, and such draft reports (including notes or outlines for draft reports, as well as drafts containing comments by the testifying expert, his or her staff and/or the party or parties and their counsel who have retained the testifying expert) are exempt from disclosure during the discovery process.

Discovery of materials provided to any testifying expert shall be limited to those materials, facts, consulting expert opinions, and other matters relied upon by the testifying expert in forming his or her final report, trial or deposition testimony, or any opinion in this case. No discovery can be taken from any consulting expert except to the extent that the consulting expert has provided information, opinions or other materials to a testifying expert, who then relies upon such information, opinions or other materials in forming his or her final report, trial or deposition testimony, or any opinion in this case.

No conversation or communication between or among counsel and any testifying or consulting expert shall be subject to discovery unless the conversation or communication is relied upon by such expert in formulating opinions that are presented in reports in this case. Conversations or communications between or among counsel and a testifying expert in preparation for the testifying expert's deposition or trial testimony shall not be subject to discovery.

Materials, communications, and other information exempt from discovery under the foregoing paragraphs of this stipulation regarding expert discovery shall be treated as attorney-work product for the purposes of this litigation and shall not require identification on any privilege log.

The parties further stipulate that service of letters, discovery requests, and other documents that are not required to be filed with the Court electronically shall be made, at a

minimum, via email addressed to counsel of record.

**(5)** **<u>Changes in the limitations on discovery.</u>**

Except as specifically set forth below, Plaintiff agrees to the general discovery limits set forth in the Court's standard Order (paragraph 2 under the "General Discovery Order" heading), subject to the right of any party to seek a modification of the limits for good cause and subject to the right of the parties to issue unlimited document requests under Fed. R. Civ. P. 34. Except as specifically set forth below, the Defendants agree to the general discovery limits set forth in the Court's standard Order, in the Local Rules, and in the Federal Rules of Civil Procedure.

    a.    Interrogatories.

**Plaintiff:** Plaintiff proposes that each side be allowed 25 common interrogatories per side and that each Defendant be permitted to serve 10 interrogatories on Plaintiff and that the Plaintiff will be permitted to serve 10 interrogatories on each Defendant.

**Defendants:** Defendants propose that each party be provided 15 common interrogatories per side. Defendants further propose that each Defendant be permitted to serve 5 individual interrogatories to Plaintiffs and that the Plaintiff be permitted to serve 5 individual interrogatories on each Defendant;

    b.    Experts. The parties agree that all issues surrounding experts, including the number of experts and hours of deposition time associated with the experts be tabled until the date of the *Markman* hearing;

    c.    Request for Admission. The parties agree that each side shall be able to serve 100 requests for admission for issues other than authentication of documents. The parties agree that each side has an unlimited number of requests for admission for

authentication of documents;

d. Inventor testimony. The parties agree that the Defendants may take 14 common hours of deposition time of the inventor;

e. Fact Depositions.

**Plaintiff:** Plaintiffs propose that each side have 150 hours of fact deposition time.

**Defendants:** Defendants propose that each side have 100 hours of fact deposition time.

f. 30(b)(6) Depositions. The parties agree that there shall be a maximum of 14 hours of 30(b)(6) time for each 30(b)(6) witness/designee of a party. The parties agree that each hour of deposition time that requires translation shall count as one-half hour of deposition time for purposes of these limitations; and

g. The parties agree that any unused time with respect to an inventor or 30(b)(6) depositions may be used for other fact witnesses, subject to the total time allocated by the Court.

**(6) <u>Other orders pursuant to FRCP Rule 26(c), Rule 16(b) or 16(c)</u>**

Other than a Protective Order governing discovery that the parties intend to submit to the Court for entry in the near term, the parties do not anticipate needing any other orders at this time.

DATED: July 23, 2008

Respectfully submitted,

/s/ Andrew Wesley Spangler
Spangler Law PC
208 N. Green St., Suite 300
Longview, TX 75601
903-753-9300
Fax: 903-553-0403
Email: spangler@spanglerlawpc.com

Danny Lloyd Williams
Williams Morgan & Amerson
10333 Richmond, Suite 1100
Houston, TX 77042
713/934-4060
Fax: 17139347011
Email: dwilliams@wmalaw.com

David Michael Pridham
David Pridham
Law Office of David Pridham
25 Linden Road
Barrington, RI 02806
401-633-7247
Fax: 401-633-7247
Email: david@PridhamIPLaw.com

J Mike Amerson
Williams Morgan & Amerson PC
10333 Richmond, Suite 1100
Houston, TX 77042
713/934-4055
Fax: 17139347011
Email: mike@wmalaw.com

Joseph Diamante
Jenner & Block LLP - NY
919 Third Avenue
New York, NY 10022
212/891-1600
Fax: 212/909-0811
Email: jdiamante@jenner.com

Patrick Rolf Anderson
Patrick R. Anderson, PLLC
4225 Miller Rd., Bldg. B-9, Suite 358

/s/ David J Beck
Beck Redden & Secrest
1221 McKinney St, Suite 4500
One Houston Center
Houston, TX 77010-2020
713/951-3700
Fax: 17139513720
Email: dbeck@brsfirm.com

Brian C Cannon
Quinn Emanuel Urquhart Oliver & Hedges - Redwood
555 Twin Dolphin Dr
Suite 560
Redwood Shores, CA 94065
650/801-5000
Fax: 650/801-5100
Email: briancannon@quinnemanuel.com

Michael Ernest Richardson
Beck Redden & Secrest - Houston
1221 McKinney
Suite 4500
Houston, TX 77010-2010
713/951-6284
Fax: 17139513720
Email: mrichardson@brsfirm.com

ATTORNEYS FOR DEFENDANT
GOOGLE INC.

Flint, MI 48507
517-303-4806
Fax: 248-928-9239
Email: patrick@prapllc.com

Jonathan T. Suder
State Bar No. 19463350
Michael T. Cooke
State Bar No. 04759650
FRIEDMAN, SUDER & COOKE
Tindall Square Warehouse No. 1
604 East 4th Street, Suite 200
Fort Worth, Texas 76102
(817) 334-0400
Fax (817) 334-0401
Email: mtc@fsclaw.com
Email: jts@fsclaw.com

ATTORNEYS FOR PLAINTIFF
PA ADVISORS, LLC

| | |
|---|---|
| /s/ Jason C White | /s/ David M Lacy Kusters |
| Howrey LLP - Chicago | Fenwick & West - San Francisco |
| 321 North Clark Street | 555 California Street |
| Suite 3400 | 12th Floor |
| Chicago, IL 60610 | San Francisco, CA 94104 |
| 312/846-4680 | 415-875-2300 |
| Fax: 312/602-3986 | Fax: 415-281-1350 |
| Email: whitej@howrey.com | Email: dlacykusters@fenwick.com |
| | |
| John Frederick Bufe | Indra Neel Chatterjee |
| Potter Minton | Orrick Herrington & Sutcliffe - Menlo Park |
| P. O. Box 359 | 1000 Marsh Rd |
| Tyler, TX 75710 | Menlo Park, CA 94025 |
| 903/597/8311 | 650/614-7400 |
| Fax: 9035930846 | Fax: 650/614-7401 |
| Email: johnbufe@potterminton.com | Email: nchatterjee@orrick.com |
| | |
| Michael Edwin Jones | J Thad Heartfield |
| Potter Minton PC | The Heartfield Law Firm |
| 110 N College | 2195 Dowlen Rd |
| Suite 500 | Beaumont, TX 77706 |
| PO Box 359 | 409/866-3318 |
| Tyler, TX 75710-0359 | Fax: 14098665789 |
| 903/597/8311 | Email: thad@jth-law.com |
| Fax: 9035930846 | |
| Email: mikejones@potterminton.com | Monte M F Cooper |

ATTORNEYS FOR DEFENDANT
YAHOO! INC.

/s/ Hiep Huu Nguyen
Darby & Darby - New York
7 World Trade Center
250 Greenwich Street
New York, NY 10007-0042
212/527-7700
Fax: 212/527-7701
Email: hnguyen@darbylaw.com

James E Hanft
Darby & Darby - New York
7 World Trade Center
250 Greenwich Street
New York, NY 10007-0042
212/527-7700
Fax: 212/527-7701
Email: jhanft@darbylaw.com

Matthew D Orwig
Sonnenschein Nath & Rosenthal LLP - Dallas
1717 Main Street
Suite 3400
Dallas, TX 75201-7395
214/259-0990
Fax: 214/259-0910
Email: morwig@sonnenschein.com

Melvin C Garner

Orrick Herrington & Sutcliffe LLP
1000 Marsh Rd
Menlo Park, CA 94025
650/614-7375
Fax: 16506147401
Email: mcooper@orrick.com

Thomas J Gray
Orrick Herrington & Sutcliffe - Irvine
4 Park Plaza
Suite 1600
Irvine, CA 92614
949/567-6700
Fax: 949/567-6701
Email: tgray@orrick.com

ATTORNEYS FOR DEFENDANT
FACEBOOK, INC.
/s/ Craig S Summers
Knobbe Martens Olson & Bear LLP - Irvine,CA
2040 Main St
Fourteenth Floor
Irvine, CA 92614
949/760-0404
Fax: 949/760-9502
Email: craig.summers@kmob.com

Joseph S Cianfrani
Knobbe Martens Olson & Bear LLP - Irvine,CA
2040 Main St
Fourteenth Floor
Irvine, CA 92614
949/760-0404
Fax: 949/760-9502
Email: jcianfrani@kmob.com

Matthew S Bellinger
Knobbe Martens Olson & Bear LLP - Irvine,CA
2040 Main St
Fourteenth Floor
Irvine, CA 92614
949-760-9502
Fax: 949-760-9502

Darby & Darby - New York
7 World Trade Center
250 Greenwich Street
New York, NY 10007-0042
212/527-7700
Fax: 212/527-7701
Email: mgarner@darbylaw.com

ATTORNEYS FOR DEFENDANT
CONTEXTWEB, INC.

/s/ Ben Frey
Sidley Austin - Chicago
Bank One Plaza
One South Dearborn Ave
Chicago, IL 60603
312/853-7000
Fax: 312/853-7036
Email: bfrey@sidley.com

Douglas I Lewis
Sidley Austin - Chicago
One South Dearborn St
Chicago, IL 60603
312/853-7000
Fax: 13128537036
Email: dilewis@sidley.com

Evelyn Y Chen
Sidley Austin - Dallas
717 N Harwood
Suite 3400
Dallas, TX 75201
214-981-3412
Fax: 214-981-3400
Email: eychen@sidley.com

G William Lavender
Lavender Law
210 N State Line Ave
Suite 503
PO Box 1938
Texarkana, AR 75504-1938
870/773-3187
Fax: 18707733181

Email: matt.bellinger@kmob.com

Melvin R Wilcox, III
Yarbrough - Wilcox, PLLC
100 E. Ferguson, Suite 1015
Tyler, TX 75702
903.595.1133
Fax: 903.595.0191
Email: mrw@yw-lawfirm.com

ATTORNEYS FOR DEFENDANT
SPECIFIC MEDIA, INC.
/s/ C Thomas Kruse
Baker & Hostetler - Houston
1000 Louisiana
Suite 2000
Houston, TX 77002-5009
713/646-1365
Fax: 713/751-1717
Email: tkruse@bakerlaw.com

Paul I Perlman
Hodgson Russ LLP
140 Pearl Street
Suite 100
Buffalo, NY 14202-4040
716/848-1479
Fax: 716/819-4616
Email: pperlman@hodgsonruss.com

Robert J Fluskey, Jr
Hodgson Russ LLP
140 Pearl Street
Suite 100
Buffalo, NY 14202-4040
716/856-4000
Fax: 716/849-0349
Email: rfluskey@hodgsonruss.com

ATTORNEYS FOR DEFENDANT
SEACAST CORPORATION and
PULSE 360, INC.

Email: blav@lavenderlaw.com

Richard A Cederoth
Sidley Austin - Chicago
One South Dearborn St
Chicago, IL 60603
312/853-7000
Fax: 312/853-7036
Email: rcederoth@sidley.com

ATTORNEYS FOR DEFENDANTS
FAST SEARCH & TRANSFER, INC., FAST
SEARCH TRANSFER ASA and
AGENTARTS, INC.
/s/ Harry Lee Gillam, Jr
Gillam & Smith, LLP
303 South Washington Avenue
Marshall, TX 75670
903-934-8450
Fax: 903-934-9257
Email: gil@gillamsmithlaw.com

Howard I Sherman
Kaye Scholer - New York
425 Park Avenue
New York, NY 10022
212/836-8071
Fax: 212/836-7153
Email: hsherman@kayescholer.com

James S Blank
Kaye Scholer - New York
425 Park Avenue
New York, NY 10022
212/836-7528
Fax: 12128368689
Email: jblank@kayescholer.com

ATTORNEYS FOR DEFENDANT
24/7 REAL MEDIA, INC.