IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

Judge David Folsom

PA ADVISORS et al )(
)(
V. )( CIVIL NO.2:07CV480
)(
GOOGLE, etal )(
_____

| | |
|---|---|
| ATTORNEY FOR PLAINTIFFS: | Andrew Spangler, Michael Cook |
| ATTORNEY FOR DEFENDANTS: | Brian Cannon, Michael Richardson for Google |
| | Jason White for Yahoo |
| | J Thad Heartfield for Facebook |
| | Matt Orwig for ContextWeb |
| | Trey Yar for Specific Media |
| | Bill Lavender for Fast Search |
| | Robert Fluskey Jr for Seevast |
| | Melissa Smith for WWP Group & 24/7 |
| LAW CLERK: | Grant Yang |
| COURTROOM DEPUTY: | Rhonda Lafitte |
| COURT REPORTER: | Libby Crawford |

_____

STATUS CONFERENCE
July 24, 2008 @ 10:00am

OPEN: 10:00 AM                                                                        ADJOURN: 10:18 AM
_____

10:00 Court convenes for status conference. Ct has heard there is some talk of working out some of the issues; ct got case from Judge Ward and would like to hear a review of what's happened in the case; 10:02 Mike Cook for Pltf, reviews case, advises that the technology involves web searches; Ct asks about claims; Cook advises there are 2 independent claims; Ct asks if there are limitation problems; Brian Cannon for Google gives a review of the case; advises that it is patent specific; patent deals with the development of a psychological profile based on the grammatics of the search; whether done in sentences, etc. Ct asks if a technical advisor is needed; Cook for pltf says no; Cannon for Dft says no. Ct says ok no technical advisor needed; Will normal discovery

limits apply; are there issues with this?  Pltf advises that disputes have been worked out,20 comm, 10 individual; 100 hours of deposition total; Ct asks if normal limitations are known; Plts advised there are many parties in discovery; Ct wants to know thoughts on this; Pltf wants to wait on discovery to see how many issues are resolved; 10:07 Ct has no disagreement - "X" number hours, but some time limits are needed; Pltf responds this will be worked out; Ct says go forth with your suggestion; Ct asks about the normal practice on motions and protective order; Pltf & dft advise protective order is to be sent in by 8/18/08.  Ct advises that ct will issue a protective order based on either the proposed agreed order or a combination of the two proposed orders; Dft advised that the source code will not be produced at that time; Ct advises this could be an issue;   Ct suggests September 9, 2009 for claim construction hearing and asks how much time will be needed per side; Pltf advises 1 ½ hrs; dft advises 2 - 3 hours; ct gives each side 2 hours; Ct asks if tutorial is needed?  Pltf says no; Dft says no; Ct says hearing will start at 9:00 AM;   10:09   Ct advises there are 4 motions on 6 month list; Google has motion to dismiss; Facebook has motion to dismiss or for more def stmt; yahoo has motion to dismiss first amd cmp; can we dismiss w/o prejudice?  Dft Context - Mat Orwig advises working on settlement and can be dismissed w/o prejudice; Ct asks Facebook motion; Thad Heartfield advises there should be settlement; 10:13 Ct advises that is 2 of 4;   Regarding motion to dismiss amd complaint, is a hrg necessary?  Yahoo rep by Jason White says can stand on papers, no hrg needed; pltf agrees;   Ct asks about trial date?  Ct says pltf requests 3/2010 and dft request 10/2010;   Pltf advises October is too far away; dft advises there is much activity after the claim const hrg,etc; Ct says trial to be March 2010;   Pltf says there were 15 dates in dispute now there are only ;7 pr 8 in dispute; ct agreed protective order will fix this.   PTC First Monday in March 2010; will worry about length of trial later; 10:17 Ct asks about mediation?  Pltf is agreeable; dft no not yet; ct encourages mediation if possible; other topics?  Pltf no; dft no; Ct thanks everyone; recess  10:18 Ct adjourned.