IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PA ADVISORS, LLC, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 2:07-CV-480 (DF) |
| § | |
| GOOGLE INC., et al., § | |
| § | |
| Defendant. § | |
| § | |

## ORDER

Currently before the Court is Defendant Yahoo! Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint, Or in the Alternative, for a More Definite Statement (Dkt. No. 95) and Plaintiff's Response (Dkt. No. 99). Defendant's motion simply renewed their original motion to dismiss and adopted the reasoning of their opening motion and reply (Dkt. Nos. 33 and 75). Dkt. No. 95 at 1. Plaintiff's response likewise adopted their response and sur-reply motions (Dkt. Nos. 59 and 97). Dkt. No. 99 at 1. Having considered the briefing, the Court finds that Defendant's Motion to Dismiss (Dkt. Nos. 33 & 95) should be **DENIED** and Defendant's alternative motion for more definite statement (Dkt. Nos. 33 & 95) should be **GRANTED-IN-PART**.

### I.    BACKGROUND

On November 2, 2005, Plaintiff PA Advisors, LLC filed a claim for patent infringement against Defendants Google, Inc., Yahoo! Inc., Facebook Inc., ContextWeb, Inc., Specific Media, Inc., Fast Search & Transfer ASA, Fast Search & Transfer, Inc., AgentArts, Inc., Seevast Corporation, Pulse 360, Inc., WPP Group USA, Inc., WPP Group plc, and 24/7 Real Media, Inc. Complaint, Dkt. No. 1 at 1. Against Yahoo!, Plaintiff alleged infringement of U.S. Patent No.

1

6,199,067 ("the '067 Patent") stating:

> 21. Upon information and belief, Defendant Yahoo has been and now is directly, literally and/or, upon information and belief, jointly, equivalently and/or indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '067 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by providing, among other things, methods and systems (including, but not limited to, Yahoo Search Marketing) implemented by and through various websites (including, but not limited to, www.yahoo.com) that comprise systems and methods for automatically generating personalized user profiles and for utilizing the generated profiles to perform adaptive Internet or computer data searches as covered by one or more claims of the '067 Patent. Defendant Yahoo is thus liable for infringement of the '067 Patent pursuant to 35 U.S.C. § 271.

*Id.* at 5.

On December 21, 2007, Yahoo! filed its motion to dismiss or motion for more definite statement. Dkt. No. 33. On that same day Specific Media, Inc. and Google filed their Answers. Dkt. No. 34 & 39. On January 7, 2008, Plaintiff filed an Amended Complaint against all defendants, alleging infringement of the '067 Patent. First Amended Complaint, Dkt. No. 58 at 5. Specifically against Yahoo!, Plaintiff alleges:

> 21. Upon information and belief, Defendant Yahoo has been and now is directly, literally and/or, upon information and belief, jointly, equivalently and/or indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '067 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by providing, among other things, methods and systems (including, but not limited to, Yahoo! Search Marketing, Sponsored Search, Y!Q Search, Yahoo! Behavioral Targeting, Fusion, Impulse, Shoppers, Engagers, Yahoo! Publisher Network, and Yahoo! Accounts' personalized features) implemented by and through various websites (including, but not limited to, www.yahoo.com, http://search.yahoo.com, http://cm.my.yahoo.com, http://yq.search.yahoo.com, http://myweb2.search.yahoo.com, and http://toolbar.yahoo.com) that comprise systems and methods for automatically generating personalized user profiles and for utilizing the generated profiles to perform adaptive Internet or computer data searches as covered by one or more claims of the '067 Patent. Defendant Yahoo is thus liable for infringement of the '067 Patent pursuant to 35 U.S.C. § 271.

*Id.* at 5-6.

Fast Search & Transfer, Inc. and AgentArts, Inc. filed their Answer to the Amended Complaint on January 17, 2008 and 24/7 Real Media and Specific Media filed their Answers the next day. Dkt. Nos. 71, 77, and 79. Thereafter, ContextWeb, Seevast Corp., and Pulse 360 filed their Answers on January 22, 2008. Dkt. Nos. 86 & 88. Google filed its Answer on January 29, 2008. Dkt. No. 98. Of the defendants remaining in this case, only Facebook and Yahoo! have not filed answers.

## II.   PARTIES' POSITIONS

### A.   Motion to Dismiss Under 12(b)(6)

Yahoo! filed its motion under Federal Rule of Civil Procedure ("Rule") 12(b)(6) in lieu of its answer and requests the Court to dismiss the complaint because "Plaintiff's infringement allegations are conclusory and are so devoid of facts that they fail to state a claim upon which relief can be granted." Dkt. No. 33 at 4. Yahoo! contends that "more than blanket allegations are needed to comply with Fed. R. Civ. P. 8(a)." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 n.3 (2007)). Yahoo! states that Plaintiff's allegations are scarce and do not provide sufficient facts supporting regarding Yahoo!'s accused products or services. *Id.* at 6-7. Yahoo! states that the complaint merely accuses the extensive website, www.yahoo.com, of infringement and the complaint provides less notice than Form 16 of the Appendix of Forms in the Rules. *Id.* at 7 (citing Fed. R. Civ. P., App. of Forms, Forms 16). Yahoo! claims that under the pleading standard of *Bell Atlantic*, allegations "that include an open ended description of allegedly infringing products have been found to not meet the basic pleading standard." *Id.* at 6 (citing *Ondeo Nalco Co. v. EKA Chemicals, Inc.*, 2002 U.S. Dist. LEXIS 26195, *3-4, n.2 (D.

3

Del. Aug. 10, 2002); *AntiCancer Inc. v. Xenogen Corp.*, 2007 U.S. Dist. LEXIS 59811, *9-10 (C.D. Cal. Aug. 13, 2007)). Yahoo! argues that Plaintiff's allegations are insufficient to support a claim of contributory infringement or inducing infringement. *Id.* at 8-9 (citing *Performance Aftermarket Parts Group, LTD. v. TI Group Automotive Systems, LLC*, 2007 U.S. Dist. LEXIS 70974, at *8 (S.D. Tex. Sept. 25, 2007)).

Plaintiff responds that its complaint and follow up letter identify relevant products by name: "Sponsored Search, Y!Q Search, Yahoo! Behavioral Targeting, Fusion, Impulse, Shoppers, Engagers, Yahoo! Publisher Network, and Yahoo! Accounts' personalized features." Dkt. No. 59 at 5. Plaintiff states that patent cases are governed by the liberal pleading standard. *Id.* at 6 (citing *Phonometrics, Inc. v. Hospitality Franchise Sys. Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000); *McZeal v. Sprint Nextel Corp.*, 2007 U.S. App. LEXIS 22025, at *5-9 (Fed. Cir. Sept. 14, 2007)). Plaintiff contends that "similar or less specific complaints have withstood motions to dismiss." *Id.* at 7 (citing *Constellation IP, LLC v. Marriott Int'l, Inc.*, No. 9:06-cv-162 (E.D. Tex. Nov. 6, 2006); *digiGan, Inc. v. iValidate, Inc.*, 2004 U.S. Dist. LEXIS 1324, at *11-12 (S.D.N.Y. 2004); *One World Techs., Ltd. v. Robert Bosch Tool Corp.*, 2004 U.S. Dist. LEXIS 14035, at *6-7 (N.D. Ill. July 21, 2004); *Interdigital Tech. Corp. v. OKI America, Inc.*, 845 F.Supp. 276, 283 (E.D. Pa. 1994)).

Plaintiff states that Yahoo! cannot maintain that Plaintiff's complaint is unanswerable when other defendants have filed answers. Dkt. No. 59 at 8. Plaintiff notes that Yahoo! and the same counsel in this case were capable of answer a complaint in *Creative Internet Advertising v. Yahoo!, Inc.*, No. 6:07-cv-354 (E.D. Tex. 2007), which "appears no more detailed than PA Advisors' Original Complaint in this case." *Id.* Plaintiff rejects the cases cited by Yahoo! as

4

factually distinguishable because they were not patent cases. *Id.* Plaintiff concedes that Yahoo! cites to two patent cases but those cases were factually different, for example, explaining that the plaintiff in *AntiCancer* "completely failed to plead ownership of the patents-in-suit, the means by which defendants allegedly infringe, and the statute implicated." *Id.* at 9-10 (citing *AntiCancer*, 2007 U.S. Dist. LEXIS 59811, at *11. With regard to contributory infringement and inducing infringement, Plaintiff contends that Yahoo! applies a standard of evidentiary proof at trial rather than the pleading standard. *Id.* at 10. Plaintiff also states that the end users and individual customers are the induced infringers and that Yahoo! knows who those users are. *Id.* at 11-12.

Yahoo! responds that Plaintiff's amended complaint is still deficient and that the *Bell Atlantic* standard applies to non-patent cases. Dkt. No. 75 at 2-3. Plaintiff explains that *Bell Atlantic* rejects formulaic recitations of the elements of a cause of action and notes that *Phonometric*s, which pre-dates *Bell Atlantic*, and the issue in *Phonometrics* was "whether or not a plaintiff must plead specific allegations of infringement of each element of the asserted claims." *Id.* at 3-4. Yahoo! argues that the amended complaint did not explain how any of the accused products or websites allegedly infringe the patent in suit. *Id.* at 4-5. Yahoo! also states that the complaint "fails to allege direct infringement by a party other than Yahoo!" *Id.* at 5-6 (citing *Shearing v. Optical Radiation Corp.*, 30 U.S.P.Q.2d 1878, 1880 (D. Nev. 1994)). Yahoo! contends that a complaint must stand on its own and therefore reliance on Local Patent Rule 3-1 and Form 16 are misplaced. *Id.* at 7.

Plaintiff replies that *Bell Atlantic* explicitly stated that it did not require heightened fact pleadings, rather that the complaint give the defendant fair notice of what the claim is and the grounds upon which it rests. Dkt. No. 97 at 2 (citing *Bell Atlantic*, 127 S. Ct. 1955, 1974 (2007);

5

*Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007)). Plaintiff contends that at this stage it is not required to show how the accused systems infringe. *Id.* at 2-3. Plaintiff states that this case is distinguishable from *Shearing* because here Yahoo! is involved in every step of the patented process, whereas in *Shearing* the end users had an option of choosing a non-infringing method than that practiced under the patent. *Id.* at 4-5.

B. **Motion for More Definite Statement Under 12(e)**

Yahoo! alternatively requests that Plaintiff is ordered to provide a more definite statement because the complaint is too vague to draft a responsive pleading. Dkt. No. 33 at 10 (citing *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999)). Yahoo! avers that cases have required a more definite statement where the plaintiff failed to accurately identify the accused infringing product or service. *Id.* at 11 (citing *In re Papst Licensing GmbH Patent Litig.*, 2001 U.S. Dist. LEXIS 2255, at *4 (E.D. La. Feb. 22, 2001); *Bay Indus., Inc. v. Tru-Arx Mfg., LLC*, 2006 U.S. Dist. LEXIS 86757, at *5-6 (E.D. Wis. Nov. 29, 2006); *eSoft v. Astaro Corp.*, 2006 U.S. Dist. LEXIS 52336, at *4 (D. Colo. July 31, 2006)). Yahoo! states that in order to respond to Plaintiff's letter requesting initial discovery, it "would have to scour its entire portfolio of products and services distributed across all of its websites to determine whether any 'methods and systems' among any of its 'various websites' allegedly infringe the '067 Patent." *Id.* at 11-12. Yahoo! argues that the complaint further fails to show how Yahoo!'s products or services allegedly infringe the '067 Patent. *Id.* at 12.

Plaintiff contends that the information required by Form 16 is sufficient to withstand a motion for a more definite statement. Dkt. No. 59 at 6 (citing *Dome Patent L.P. v. Permeable Techs., Inc.*, 190 F.R.D. 88, 90-91 (W.D.N.Y. 1999); Fed. R. Civ. P. 84). Plaintiff notes that

Yahoo! cited to non-patent cases for support, and for the few patent cases that Yahoo! did cite, those jurisdictions "do not have local patent rules requiring the patentee to serve detailed infringement contentions and claim charts during discovery." *Id.* at 12-13. Plaintiff argues that Local Patent Rule 3-1 provides for ample early disclosures relative to Plaintiff's infringement contentions and should not require further amendment of its complaint. *Id.* at 13-14.

Yahoo! replies that Plaintiff should be required to provide additional information and thus "limit Yahoo!'s expenditure of time and in attempting to respond to the deficient complaints." Dkt. No. 75 at 9. Conversely, Plaintiff accuses Yahoo! of using a request for a more definite statement as an attempt to obtain premature discovery. Dkt. No. 97 at 5.

## III. DISCUSSION

### A. Motion to Dismiss

#### 1. Legal Principles

When deciding a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim, the complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004).[1] The standard under Rule 12(b)(6) used to be that the district court may not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). However, the Supreme Court recently explained that *Conley* "described

---

[1] In a motion to dismiss for failure to state a claim, the Federal Circuit applies the law of the regional circuit. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355-56 (Fed. Cir. 2007).

the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1968-69 (2007); *Vanderbrook v. Unitrin Preferred Ins. Co. (In re Katrina Canal Breaches Litigation)*, 495 F.3d 191, 205 n.10 (5th Cir. 2007).

It is recognized that a motion to dismiss under Rule 12(b)(6) is disfavored and rarely granted. *Priester v. Lowndes County*, 354 F.3d 414, 418 (5th Cir. 2004). The Supreme Court stated that a plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atlantic*, 127 S. Ct. at 1974. The Supreme Court explained that:

> While a complaint attached by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Id.* at 1965 (citations omitted).

"[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Southern Christian Leadership Conference v. Supreme Ct.*, 252 F.3d 781, 786 (5th Cir. 2001) (quoting *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)). "[A] complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Banks v. Nat'l Collegiate Athletic Ass'n*, 977 F.2d 1081, 1093 (7th Cir. 1992) (citation omitted). Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."

2. **Analysis**

Yahoo! contends that Plaintiff's amended complaint should be dismissed because it does not contain sufficient facts to provide an answer, despite the fact that all the other defendants except for Facebook filed answers.[2] Yahoo! states that Plaintiff's complaint is similar to the complaints in *AntiCancer* and *Ondeo Nalco* and should be dismissed.

In *AntiCancer*, the plaintiff pled infringement of the patents-in-suit by stating: "Each of the defendants has directly infringed the [] Patent and has indirectly infringed the [] Patent by contributing to or inducing direct infringements of the [] Patent by others." *AntiCancer*, 248 F.R.D. at 282. The court concluded that the plaintiff failed to plead any facts beyond a bare statement of direct and indirect infringement and dismissed the complaint. *Id.* In *Ondeo Nalco*, infringing products in the complaint were described as "Nalco's products, including the 8692 product." *Ondeo Nalco*, 2002 U.S. Dist. LEXIS 26195, at *4 n.2. The court held that there were no clues as to the identity of the alleged infringing products except for the 8692 product. *Id.* at *4 n.2 & *4. The *Ondeo Nalco* court further dismissed the pleadings because they failed to alleged direct infringement by a party other than ONDEO Nalco, as required for a claim of inducing infringement. *Id.* at *5.

Yahoo! requires that Plaintiff provide an "association or correlation between the ten listed items and five listed websites that purportedly implement the items." Dkt. No. 75 at 4. In jurisdictions that have local patent rules this association may be referred to as "infringement contentions." Yahoo! is effectively asking for the P.R. 3-1 disclosures to be provided in the complaint. Yahoo! complains that it will have to otherwise expend significant effort to respond

---

[2] In fact, two of the defendants were able to file answers to the original complaint. Dkt. Nos. 34 & 39.

9

to Plaintiff's complaint. Dkt. No. 75 at 9. The Federal Circuit has explained that the "Federal Rules require only notice pleading by the claimant" and that "discovery allows the plaintiff to develop facts to support the theory of the complaint and allows the defendant to develop facts to support its defenses." *O2 Micro Int'l, Ltd. v. Monolithic Power Sys.*, 467 F.3d 1355, 1365 (Fed. Cir. 2006).

In *Phonometrics*, the Federal Circuit explained:

> The Rule 12(b)(6) pleading requirements for a complaint of infringement cannot be extended to require a plaintiff to specifically include each element of the claims of the asserted patent. Such requirements do not require a patentee to amend its claims to include specific allegations about each limitation once a court has construed the claims of the patent. To impose such requirements would contravene the notice pleading stand, and would add needless steps to the already complex process of patent litigation. Instead, a patentee need only plead facts sufficient to place the alleged infringer on notice. The requirement ensures that an accused infringer has sufficient knowledge of the facts alleged to enable it to answer the complaint and defend itself.

203 F.3d at 794.

The Federal Circuit found that the complaint contained enough detail to allow defendants to answer where it (1) names each individual defendant; (2) cites the patent that is allegedly infringed; (3) describes the means by which the defendants allegedly infringe; and (4) points to the specific sections of the patent law invoked. *Id.* Yahoo! contends that Plaintiff's "reliance is misplaced as it predates the Supreme Court's ruling in *Bell Atlantic*." Dkt. No. 75 at 3. However, the Federal Circuit, applying the law of the Fifth Circuit, reaffirmed its holding in *Phonometric* in a post-*Bell Atlantic* decision. *McZeal*, 501 F.3d at 1357. The Federal Circuit further notes that Form 16 of the Federal Rules of Civil Procedure contains a sample patent infringement complaint that only includes "1) an allegation of jurisdiction; 2) a statement that the plaintiff owns the patent; 3) a statement that defendant has been infringing the patent 'by

making, selling, and using [the device] embodying the patent'; 4) a statement that the plaintiff has given the defendant notice of its infringement; and 5) a demand for an injunction and damages." *McZeal*, 501 F.3d at 1357. The Federal Circuit noted that *Bell Atlantic* did not change the pleading requirement of Rule 8 and in this respect actually favorably quoted *Conley*. *McZeal*, 501 F.3d at 1357 n.4. The trial court determined that the plaintiff conceded that he did not know what device and by what means the accused line of devices used to practice the patented invention, yet the Federal Circuit found that the "specifics of how [defendant's] purportedly infringing device works is something to be determined through discovery." *Id.* at 1357-58. Here, Plaintiff named Yahoo!, cited the '067 Patent, named the products and websites, described how they infringed, and cited the specific sections of patent law. Having satisfied the liberal standards of Rule 8(a), Plaintiff's Complaint survives the motion to dismiss.

B.     **Motion for More Definite Statement**

Rule 12(e) states: "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." A Rule 12(e) motion "attacks the unintelligibility of the complaint, not simply the mere lack of detail, and therefore, a court will deny the motion where the complaint is specific enough to apprise the defendant of the substance of the claim being asserted." *Beery v. Hitachi Home Elecs.*, 157 F.R.D. 477, 479 (C.D. Cal. 1993) (citing *FRA S.p.A. v. Surg-O-Flex of America*, 415 F.Supp. 421, 427, (S.D.N.Y. 1976)). Like Rule 12(b)(6) above, a "motion for definite statement is considered in light of the liberal pleading standards of Rule 8(a)." *United States v. Lyon*, 2007 U.S. Dist. LEXIS 95584, at *8 (E.D. Cal. Dec. 28, 2007). The motion should be denied if the detail or information sought by the motion for more

definite statement is obtainable through discovery. *Beery*, 157 F.R.D. at 479.

As already explained above, the information that Yahoo! seeks is more appropriately requested through discovery. The Local Patent Rules were formed to provide an efficient administration of discovery. A motion for more definite statement is not the proper avenue for requesting the detailed information that Yahoo! seeks. Moreover, it is disingenuous for Yahoo! to claim that it cannot respond to the claim when the other defendants were able to respond and, as Plaintiff noted, Yahoo! was able to respond to the far less detailed complaint in *Creative Internet Advertising v. Yahoo*, No. 6:07-cv-354 (E.D. Tex. 2007). *Creative Internet Advertising v. Yahoo*, No. 6:07-cv-354, Dkt. Nos. 1 & 23 (E.D. Tex. 2007) (original complaint and Yahoo!'s answer).

With regard to inducing infringement and contributory infringement, the Court notes that other courts have found similarly worded complaints to be adequate. *See One World Techs., Ltd. v. Robert Bosch Tool Corp.*, 2004 U.S. Dist. LEXIS 14035, at *7 (N.D. Ill. July 21, 2004). However, Yahoo! cites to *Shearing* for the proposition that the plaintiff must allege direct infringement by a party other than Yahoo!, and Yahoo! states that the plaintiff does not refer to the direct infringement of others and is silent as to the other material elements of indirect infringement. Dkt. No. 75 at 6. Other courts have agreed in part that "direct infringement also must be pleaded in the complaint in order to state a claim for inducement of infringement and contributory infringement." *Fuji Mach. Mfg. Co. v. Hover-Davis, Inc.*, 936 F.Supp. 93, 95 (W.D.N.Y. 1996). In *Fuji Mach.*, the complaint stated:

> Upon information and belief, Hover-Davis has infringed claims of U.S. Patent No. 4,740,136 by selling and marketing parts feeders, in this district and elsewhere in the United States, *which have been used by others in (1) apparatus within the scope of claims of U.S. Patent No. 4,740,136 and (2) methods within*

> *the scope of claims of U.S. Patent No. 4,740,136.* These parts feeders include, at least, Hover-Davis parts feeders model numbers HDF 8 x 4, HDF 12 x 4/8, HDF 16 x 8 and HDF 16 x 12.

*Fuji Mach.*, 936 F.Supp. at 95 (emphasis in original).

The court found that this was sufficient to plead its claims of inducement and contributory infringement. *Id.* at 95-96. Another court found that naming a generic group of "others" was sufficient. *Finnsugar Bioproducts, Inc. v. Raytheon Eng'rs & Constructors, Inc.*, 1998 U.S. Dist. LEXIS 15965, at *8 (N.D. Ill. Sept. 30, 1998). Plaintiff contends that the statement in the complaint "that comprise systems and methods for automatically *generating personalized user* profiles" is sufficient to identify the parties other than Yahoo! that directly infringe. Dkt. No. 59 at 11. The Court finds that the reference to users is not sufficient. However, the Court also notes that the pleading does not require much beyond the amended complaint other than identifying the generic group of end users. As to the "material elements," the Court finds that no cases have required any further details for inducement of infringement or contributory infringement other than the identification of users that directly infringement. In the interest of fairness and proper notice, the Court grants Plaintiff leave to amend this portion of the complaint.

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motion to Dismiss (Dkt. Nos. 33 & 95) and **GRANTS-IN-PART** Defendant's motion for more definite statement (Dkt. Nos. 33 & 95). Plaintiff has leave to amend in accordance with Section III.B. above and must file the amended complaint within **twenty (20) days**.

It is so **ORDERED**.
**SIGNED** this 7th day of August, 2008.

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE