```
 1                    UNITED STATES DISTRICT COURT

 2                     EASTERN DISTRICT OF TEXAS

 3                          MARSHALL DIVISION

 4   PA ADVISORS, LLC              .   DOCKET NO. 2:07CV480

 5   VS.                           .   TEXARKANA, TEXAS

 6   GOOGLE, INC.                  .   JULY 24, 2008, 10:02 A.M.

 7                         STATUS CONFERENCE

 8            BEFORE THE HONORABLE DAVID FOLSOM,

 9                 UNITED STATES DISTRICT JUDGE.

10   APPEARANCES:

11   FOR PLAINTIFF:                    MR. ANDREW W. SPANGLER
                                       SPANGLER LAW PC
12                                     208 N. GREEN ST.
                                       SUITE 300
13                                     LONGVIEW, TX.  75601

14                                     MR. MICHAEL T. COOKE
                                       FRIEDMAN SUDER & COOKE
15                                     604 EAST FOURTH STREET
                                       SUITE 200
16                                     FORT WORTH, TEXAS

17   FOR DEFENDANT
     GOOGLE, INC.:                     MR. BRIAN C. CANNON
18                                     QUINN EMANUEL URQUHART
                                       OLIVER & HEDGES
19                                     555 TWIN DOLPHIN DRIVE
                                       SUITE 560
20                                     REDWOOD SHORES, CA.   94065

21                                     MR. MICHAEL E. RICHARDSON
                                       BECK REDDEN & SECREST
22                                     1221 MCKINNEY
                                       SUITE 4500
23                                     HOUSTON, TX.   77010

24   FOR DEFENDANT
     YAHOO! INC:                       JASON C. WHITE
25                                     HOWREY LLP
```

```
 1                                        321 NORTH CLARK STREET
                                          SUITE 3400
 2                                        CHICAGO, IL.  60610

 3   FOR DEFENDANT
     FACEBOOK, INC.:                      MR. J. THAD HEARTFIELD
 4                                        THE HEARTFIELD LAW FIRM
                                          2195 DOWLEN ROAD
 5                                        BEAUMONT, TX.  77706

 6
     FOR DEFENDANT
 7   FAST SEARCH & TRANSFER
     INC.:                                MR. WILLIAM G. LAVENDER
 8                                        LAVENDER LAW
                                          210 N. STATE LINE AVENUE
 9                                        SUITE 503
                                          TEXARKANA, AR.  75504
10
     FOR DEFENDANT
11   SEEVAST CORPORATION:                 MR. ROBERT J. FLUSKEY, JR.
                                          HODGSON RUSS
12                                        140 PEARL STREET
                                          SUITE 100
13                                        BUFFALO, N.W.  14202

14   FOR DEFENDANT
     24/7 REAL MEDIA, INC.:               MS. MELISSA SMITH
15                                        GILLAM & SMITH
                                          303 S. WASHINGTON AVENUE
16                                        MARSHALL, TX.  75670

17   FOR DEFENDANT
     CONTEXTWEB, INC.:                    MR. MATTHEW D. ORWIG
18                                        SONNENSCHEIN NATH &
                                          ROSENTHAL
19                                        1717 MAIN STREET
                                          SUITE 3400
20                                        DALLAS, TX.  75201

21   FOR DEFENDANT
     SPECIFIC MEDIA, INC.:                MR. TREY YAR
22                                        YARBROUGH – WILCOX
                                          100 E. FERGUSON, SUITE 1015
23                                        TYLER, TX.  75702

24   COURT REPORTER:                      MS. LIBBY CRAWFORD, CSR
                                          OFFICIAL COURT REPORTER
25                                        500 STATE LINE AVENUE
```

TEXARKANA, TX.  75501
903.794.4067 EXT. 237

PROCEEDINGS RECORDED BY STENOMASK VERBATIM REPORTING, TRANSCRIPT PRODUCED BY CAT SYSTEM.

## P R O C E E D I N G S

**TEXARKANA, TEXAS**

**JULY 24, 2008**

(OPEN COURT)

THE COURT: GENTLEMEN, HAVE A SEAT. I UNDERSTAND THAT THE PARTIES HAVE REACHED AN AGREEMENT ON MOST OF THE ISSUES FROM A SCHEDULING STANDPOINT, AND I APPRECIATE YOUR EFFORTS ON SUCH SHORT NOTICE, SO TO SPEAK. BUT WHAT SAYS THE PLAINTIFF, SORT OF TELL ME THE SUBJECT MATTER OF THIS CASE AND WHAT'S INVOLVED. AND I HAVE LOOKED AT YOUR JOINT MANAGEMENT REPORT, BUT TELL ME A LITTLE MORE ABOUT THIS CASE.

MR. COOKE: SURE, YOUR HONOR. MIKE COOKE FOR THE PLAINTIFF OF FRIEDMAN, SUDER & COOKE FROM FORT WORTH. VERY SIMPLY, THE CASE HAS BEEN PENDING A NUMBER OF MONTHS, EIGHT MONTHS OR SO. THERE HAVE BEEN SOME MOTIONS PENDING HERE AND THERE. BUT THE GIST --

THE COURT: BUT I MEAN THE TECHNOLOGY OF THE CASE.

MR. COOKE: THE GIST OF THE CASE IS ADAPTIVE INTERNET SEARCHES USING CERTAIN INFORMATION GLEANED IN THE COURSE OF THE PROCESS WHERE YOU BASICALLY TAKE PROFILES OF INFORMATION, PERHAPS FROM THE USER, INFORMATION ABOUT THAT PERSON, INFORMATION FROM THE DOCUMENTS TO BE SEARCHED, AND USING THAT INFORMATION TO TRY TO HAVE A MORE SPECIFIC SEARCH ON THE INTERNET.

SO, FOR EXAMPLE, IF YOU TAKE GOOGLE AND SOMEONE USES A

1 GOOGLE SEARCH, THAT INFORMATION AND ACTUAL SEARCH REQUEST IS

2 GLEANED, IT'S BROKEN DOWN. YOU MAY FIND SOMETHING ABOUT THAT

3 PARTICULAR PERSON THAT HELPS YOU MATCH A MORE SPECIFIC SEARCH

4 TO THE ACTUAL THING THAT THE USER IS LOOKING FOR. THAT'S THE

5 GIST OF IT.

6     THE COURT: HOW MANY CLAIMS INVOLVED?

7     MR. COOKE: WE HAVE A NUMBER OF CLAIMS, AT LEAST TWO

8 INDEPENDENT CLAIMS.

9     THE COURT: ANY PROBLEM WITH MY NORMAL LIMITATIONS

10 ON --

11     MR. COOKE: WE WILL DEFINITELY EVENTUALLY -- WE WILL

12 LIVE WITH THE TEN CLAIM LIMIT.

13     THE COURT: WELL, WHAT ARE YOU STARTING WITH?

14     MR. COOKE: WELL, WE HAVE TWO, RIGHT NOW TWO

15 DEPENDENT CLAIMS.

16     THE COURT: OKAY.

17     MR. COOKE: I EXPECT THAT COULD EBB AND FLOW, BUT

18 THAT'S THE GIST OF IT.

19     THE COURT: WHAT SAYS THE DEFENDANTS?

20     MR. CANNON: GOOD MORNING, YOUR HONOR, THIS IS BRIAN

21 CANNON FROM QUINN EMANUEL FOR GOOGLE. I JUST BRIEFLY WOULD

22 RESPOND ON DESCRIBING THE TECHNOLOGY. THE PLAINTIFFS HAVE

23 SUED, THIS IS A PATENT CASE, OBVIOUSLY, AND THE PLAINTIFFS

24 HAVE SUED A NUMBER OF DEFENDANTS, MOST OF WHOM I BELIEVE ARE

25 SOFTWARE COMPANIES LIKE GOOGLE. THE PATENT IS ACTUALLY PRETTY

SPECIFIC AND IT HAS TO DO WITH CREATING A USER PROFILE BY ANALYZING THE GRAMMATICAL SENTENCE STRUCTURE OF LANGUAGE THAT THE USER SUBMITS. SO THE USER WOULD SUBMIT TEXT, SUCH AS SENTENCES OR PRIOR ARTICLES, AND THE INVENTION AS IT'S CLAIMED RELATES TO ANALYZING THE ACTUAL GRAMMATICAL STRUCTURE, LIKE NOUN, VERB, ADJECTIVE, TO CREATE A PSYCHOLOGICAL EDUCATIONAL PROFILE OF THE USER, AND USING THAT PROFILE TO MAKE SPECIFIC INTERNET SEARCHES.

THE COURT: AND I BELIEVE THE PARTIES HAVE BASICALLY REPRESENTED THEY DON'T BELIEVE A TECHNICAL ADVISOR IS NECESSARY. IS THAT CORRECT?

MR. SPANGLER: THAT IS CORRECT, YOUR HONOR.

MR. CANNON: THAT'S CORRECT UNLESS YOUR HONOR FEELS IT WOULD BE HELPFUL, AND WE DON'T THINK IT IS NECESSARY.

THE COURT: WELL, WE WILL GO WITH YOUR REPRESENTATION INITIALLY, RECALLING I HAVE A LONG MEMORY. NORMAL LIMITS ON DISCOVERY. ANY PARTICULAR ISSUE ON DISCOVERY LIMITS IN THIS CASE? NOW, JUDGE WARD HAD NOT ACTUALLY ENTERED ANY TYPE OF SCHEDULING ORDER. HE ACTUALLY I BELIEVE WAS SCHEDULED TO HAVE A MANAGEMENT CONFERENCE JULY 29TH, IF MEMORY SERVES ME CORRECT. YOU HAVEN'T BEEN OPERATING UNDER ANY TYPE OF SCHEDULING ORDER TO DATE?

MR. SPANGLER: NO, YOUR HONOR. WE ACTUALLY REACHED IN OUR 26(F) REPORT, WE HAD TWO DISPUTES STILL LEFT ON DISCOVERY. WE HAVE WORKED THOSE OUT, FOR INTERROGATORIES,

1    WHICH IS SECTION 5(A).

2             THE COURT: RIGHT.  I NOTICE IT'S A LITTLE UNUSUAL,

3    THE PLAINTIFF WANTED A FEW MORE THAN THE DEFENDANTS, SO THAT'S

4    A TWIST.

5             MR. SPANGLER: WELL, WE HAVE AGREED TO TWENTY COMMON

6    AND TEN INDIVIDUAL, AND THEN FOR DEPOSITION HOURS, WHICH IS

7    SECTION 5(E), WE HAVE AGREED TO ONE HUNDRED HOURS OF

8    DEPOSITION.

9             THE COURT: IS THAT TOTAL?

10            MR. SPANGLER: YES, SIR.  AND THAT IS ALL THE

11   DISCOVERY DISPUTES WE HAVE.

12            THE COURT: VERY WELL.

13            MR. SPANGLER: SO IT'S ALL WORKED OUT.

14            THE COURT: WITH MY NORMAL LIMITATIONS CONCERNING

15   TIME LIMITS ON EXPERT DEPOSITIONS, NOT TO LAST MORE THAN TEN

16   HOURS, AND 30(B)(6) WITNESSES.

17            MR. SPANGLER: WELL, ACTUALLY, YOUR HONOR, WITH

18   RESPECT TO THE EXPERTS, THE --

19            THE COURT: WHAT?

20            MR. SPANGLER: WITH EXPERTS, THE PARTIES HAVE, THE

21   DEFENDANTS HAVE SO MANY DIFFERENT PARTIES --

22            THE COURT: RIGHT.  SO WHAT DO YOU HAVE IN MIND IN

23   THAT REGARD SO WE DON'T RUN INTO ANY DISAGREEMENTS?

24            MR. SPANGLER: WE WOULD LIKE TO WAIT IF POSSIBLE, IF

25   WE'D HAVE THE COURT'S APPROVAL, BECAUSE SOME OF THE DEFENDANTS

1  HAVE ALREADY SETTLED AND MORE WE EXPECT WILL.  AND THEN AS WE
2  GET TOWARDS THE *MARKMAN* HEARING, THE PARTIES WILL HAVE A
3  CLEARER PICTURE OF WHO IS GOING TO BE IN THE CASE, WHAT
4  INTERESTS ALIGN, AND WE WILL BE ABLE TO NARROW THE NUMBER OF
5  EXPERTS AT THAT TIME, IF THAT'S OKAY.
6  　　　　　THE COURT: I DON'T HAVE ANY DISAGREEMENT OR PROBLEM
7  WITH THAT.  NORMALLY WHAT I SEE WHEN YOU HAVE A NUMBER OF
8  DEFENDANTS, HAVE X NUMBER OF COMMON HOURS AND THEN X NUMBER OF
9  HOURS FOR EACH INDIVIDUAL DEFENDANT.  BUT I WOULD LIKE SOME
10 TIME LIMIT SO THEY DON'T LAST FOR DAYS AND DAYS, WHICH ONLY
11 CREATES MORE PROBLEMS FOR THE COURT WHEN THAT HAPPENS.
12 　　　　　MR. SPANGLER: WE WILL WORK THAT OUT, YOUR HONOR.
13 　　　　　THE COURT: SO WITH THAT UNDERSTANDING, THEN WE WILL
14 GO FORWARD WITH YOUR SUGGESTION.  NORMAL AGREEMENT, BEFORE
15 DISCOVERY DISPUTES MEET AND CONFER, IF YOU HAVE LOCAL COUNSEL,
16 WITH LOCAL COUNSEL PRESENT BEFORE YOU FILE A MOTION.  I WILL
17 HAVE A NORMAL AGREEMENT, OR ENTER MY NORMAL ORDER ON MOTION
18 PRACTICE, NEED LEAVE OF COURT BY LETTER BRIEF TO FILE A MOTION
19 FOR SUMMARY JUDGMENT.
20 　　　WHAT ELSE, PROTECTIVE ORDER?  WHERE ARE THE PARTIES ON A
21 PROTECTIVE ORDER?
22 　　　　　MR. SPANGLER: YOUR HONOR, BECAUSE THIS TIME SCHEDULE
23 WAS A LOT MORE CRAMPED THAN THE COURT NORMALLY PROVIDES, WE
24 HAVE TALKED ABOUT A PROTECTIVE ORDER.  WE HAVE ASKED 'TIL
25 AUGUST 18TH TO SUBMIT AN AGREED ONE.  IF IT'S NOT AGREED BY

1    THEN, THE COURT ENTER ITS STANDARD PROTECTIVE ORDER SO WE CAN

2    START MOVING FORWARD.  I THINK THE PARTIES ARE GOING TO BE

3    ABLE TO AGREE.  OBVIOUSLY THE BIG ISSUE IS SOURCE CODE.

4    EVERYTHING ELSE SHOULD BE PRETTY EASY.

5            THE COURT: MY NORMAL PRACTICE, IF BY AUGUST 18TH YOU

6    ARE UNABLE TO AGREE, SUBMIT YOUR COMPETING ORDERS AND I WILL

7    ENTER ONE OF THE ORDERS OR SOME COMBINATION THEREOF.

8            MR. CANNON: I AM SORRY, YOUR HONOR.  AS COUNSEL

9    SAID, IN THE INTERIM TIME WE HAD AGREED THAT SOURCE CODE WOULD

10   NOT BE PRODUCED UNTIL THE FINAL PROTECTIVE ORDER IS ENTERED BY

11   THE COURT.

12           MR. SPANGLER: THAT IS CORRECT, YOUR HONOR.

13           THE COURT: THAT OFTEN BECOMES AN ISSUE.  ANYONE

14   THAT'S BEEN IN MY COURT, THERE ARE A BUNCH OF PROTECTIVE

15   ORDERS OUT THERE AND WHAT I NORMALLY DO, BUT EACH CASE CAN BE

16   UNIQUE AND NEEDS TO BE TWEAKED ACCORDINGLY OCCASIONALLY.

17      I BELIEVE YOU WERE TALKING IN TERMS OF SEPTEMBER ON A

18   CLAIM CONSTRUCTION, SEPTEMBER OF '09, OBVIOUSLY.  IS THAT

19   CORRECT?

20           MR. SPANGLER: YES, YOUR HONOR.

21           MR. CANNON: THAT IS CORRECT, YOUR HONOR.

22           THE COURT: TO BE MORE EXACT, THAT WAS SEPTEMBER

23   THE --

24           MR. SPANGLER: 17TH.

25           THE COURT:  -- 17TH.  IS THAT OPEN WITH US, MRS.

```
 1  SCHROEDER STILL?
 2            DOCKET COORDINATOR: YES.
 3            THE COURT: IT APPEARS TO BE, SEPTEMBER 17TH OF '09.
 4  HOW MUCH TIME WOULD EACH SIDE FEEL LIKE YOU NEED?
 5            MR. SPANGLER: HOUR AND A HALF A SIDE FOR THE
 6  PLAINTIFF.
 7            MR. CANNON: I HAVEN'T CONSULTED WITH CO-DEFENDANTS,
 8  BUT I WOULD SAY TWO TO THREE HOURS.
 9            THE COURT: I WILL GIVE EACH SIDE TWO HOURS.  YOU ARE
10  WELCOME TO USE LESS.
11            MR. CANNON: UNDERSTOOD, YOUR HONOR.
12            THE COURT: TUTORIAL NECESSARY?
13            MR. SPANGLER: I DON'T THINK IT WILL BE IN THIS CASE,
14  YOUR HONOR.
15            THE COURT: YOU MAY USE PART OF YOUR TWO HOURS.
16            MR. CANNON: WITH THE TWO HOURS, YOUR HONOR, WE
17  SHOULD BE ABLE TO.
18            THE COURT: VERY WELL.
19            DOCKET COORDINATOR: START AT 9 O'CLOCK?
20            THE COURT: EXCUSE ME?
21            DOCKET COORDINATOR: START AT 9?
22            THE COURT: YES, WE WILL START AT 9 O'CLOCK ON THE
23  17TH.  NOW I WANTED TO TAKE UP -- THERE ARE FOUR PENDING --
24  WHEN I RECEIVED THIS CASE FROM JUDGE WARD, THERE WERE FOUR
25  PENDING MOTIONS ON MY SIX MONTH LIST.  AND FOR THOSE OF YOU
```

| | |
|---|---|
| 1 | WHO HAVE CLERKED, YOU UNDERSTAND THE SIGNIFICANCE OF THAT, SO |
| 2 | I WOULD SURE LIKE TO TALK ABOUT THOSE FOUR PENDING MOTIONS. I |
| 3 | BELIEVE GOOGLE HAS A MOTION TO DISMISS PENDING; FACEBOOK HAS A |
| 4 | MOTION TO DISMISS PENDING, OR IN THE ALTERNATIVE FOR A MORE |
| 5 | DEFINITE STATEMENT; YAHOO! HAS A MOTION TO DISMISS PLAINTIFF'S |
| 6 | FIRST AMENDED COMPLAINT. SO I AM ASSUMING FROM A PROCEDURAL |
| 7 | STANDPOINT, IF THERE WAS A MOTION TO DISMISS THE INITIAL |
| 8 | COMPLAINT, WE NOW DISMISS THAT ONE. HAS THERE BEEN AN AMENDED |
| 9 | COMPLAINT? AND WHO REPRESENTS YAHOO!? |
| 10 | MR. WHITE: I DO, YOUR HONOR. |
| 11 | THE COURT: YOU HAVE RENEWED YOUR MOTION TO DISMISS |
| 12 | THE AMENDED COMPLAINT, SO WE CAN DISMISS WITHOUT PREJUDICE THE |
| 13 | INITIAL MOTION TO DISMISS SINCE THERE IS A PLEADING THAT'S |
| 14 | REPLACED IT. AND CONTEXTWEB HAS A MOTION TO CHANGE VENUE. |
| 15 | WHO REPRESENTS? |
| 16 | MR. ORWIG: MATT ORWIG, YOUR HONOR. GOOD TO SEE YOU |
| 17 | AGAIN. CONTEXTWEB BELIEVES -- WE ARE WORKING ON THE |
| 18 | SETTLEMENT DOCUMENTS TODAY, AND SO I THINK THAT WILL BE A MOOT |
| 19 | POINT. |
| 20 | THE COURT: OKAY. CAN WE DISMISS IT WITHOUT |
| 21 | PREJUDICE IN THE EVENT SOMETHING HAPPENS ON THE SETTLEMENT YOU |
| 22 | CAN ALWAYS RENEW IT? |
| 23 | MR. ORWIG: THAT'S FINE, YOUR HONOR. |
| 24 | THE COURT: VERY WELL. SO LET'S TALK ABOUT FACEBOOK. |
| 25 | WHO REPRESENTS FACEBOOK? MR. HEARTFIELD. |

1        MR. HEARTFIELD: THAD HEARTFIELD FOR FACEBOOK, AND WE
2  ARE ALSO WORKING THROUGH SOME FINAL SETTLEMENT DOCUMENTS.  SO
3  I THINK THAT CAN BE DISMISSED WITHOUT PREJUDICE.
4        THE COURT: WITHOUT PREJUDICE. AND THEN IF YOUR
5  SETTLEMENT DOESN'T FINALIZE, YOU CAN ALWAYS RENEW IT.  SO THAT
6  TAKES CARE OF TWO OF THE FOUR.  GENTLEMEN, WHEN COULD WE SET
7  THE MOTION TO DISMISS THE AMENDED COMPLAINT?  A COUPLE OR TWO
8  OR THREE WEEKS, WILL YOU BE AVAILABLE THEN?  DO YOU WANT TO BE
9  HEARD ON YOUR MOTION TO DISMISS?  DO YOU WANT TO STAND ON THE
10 PAPERS?  WHAT'S YOUR PREFERENCE IN THAT REGARD?
11       MR. CANNON: YOU MENTIONED THAT GOOGLE HAD MADE A
12 MOTION.  GOOGLE HAS NOT MADE A MOTION.
13       THE COURT: I AM SORRY, I MEANT YAHOO!.  YAHOO! HAS A
14 MOTION PENDING TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT.
15       MR. WHITE: THAT IS CORRECT, YOUR HONOR.  WE DON'T
16 NEED TO BE HEARD.  I THINK WE CAN STAND ON THE PAPERS FOR
17 THAT.
18       MR. SPANGLER: WE CAN CERTAINLY STAND ON THE PAPERS.
19       THE COURT: VERY WELL.  SO I BELIEVE WE HAVE
20 ADDRESSED ALL THE PENDING MOTIONS ON THE SIX MONTH LIST.
21 TRIAL DATE, YOU WERE IN DISAGREEMENT ABOUT THAT.  HAVE YOU
22 RESOLVED THAT DISAGREEMENT?
23       MR. CANNON: WE HAVE NOT RESOLVED THAT ONE.
24       MR. SPANGLER: WE HAVE NOT, YOUR HONOR.
25       THE COURT: OBVIOUSLY PLAINTIFF WANTS IT IN MARCH OF

1  2010; DEFENDANTS WANT IT IN OCTOBER OF 2010.  DO YOU THINK WE
2  CAN ACCOMPLISH THE CLAIM CONSTRUCTION, HAVE AN ORDER OUT AND
3  DO ALL THE NECESSARY, MEET ALL THE NECESSARY DEADLINES,
4  ASSUMING I HAVE IT OUT IN A REASONABLE TIME AFTER THE CLAIM
5  CONSTRUCTION ORDER?
6          MR. SPANGLER: I DO, YOUR HONOR.  RIGHT NOW, FOR
7  EXAMPLE, JUDGE WARD IS SETTING HIS WHERE HE HAS MARKMAN AND
8  TRIAL FOUR TO FIVE MONTHS.
9          THE COURT: JUDGE WARD IS MORE SPEEDY THAN ME,
10 THOUGH.
11         MR. SPANGLER: WELL, HOPEFULLY YOU WON'T HAVE THAT
12 MANY TERMS AT THE HEARING.
13         THE COURT: HE IS MORE EFFICIENT THAN I AM.
14         MR. SPANGLER: BUT OUR MAIN REASON FOR THAT IS
15 BECAUSE THIS CASE HAS PASSED AROUND SO LONG AND IT'S BEEN
16 PENDING, I UNDERSTAND THE DISTRICT HAS SLOWED DOWN MAINLY
17 BECAUSE OF US PATENT LAWYERS, BUT WE WOULD BE LOOKING AT OVER
18 THREE YEARS FROM FILING TO TRIAL IF WE DID OCTOBER OF 2010.
19         THE COURT: OKAY.  AND WHY DO THE DEFENDANTS TAKE THE
20 POSITION OCTOBER IS --
21         MR. CANNON: YOUR HONOR, I DON'T THINK THE MATH ADDS
22 UP JUST IN TERMS OF THE DAYS FROM A SEPTEMBER 17 MARKMAN
23 HEARING, JUST LOOKING AT WHAT, YOU KNOW, WE HAVE AGREED TO IN
24 TERMS OF POST-MARKMAN DECISION ACTIVITIES.  WE HAVE GOT TO
25 CLOSE FACT DISCOVERY, BEGIN EXPERT DISCOVERY, OBJECTIONS TO

```
 1  EXPERT DISCOVERY, DISPOSITIVE MOTIONS.  AND BY MY COUNT,
 2  THAT'S ABOUT FIVE MONTHS OF ACTIVITY AFTER THE CLAIM
 3  CONSTRUCTION DECISION.  AND SO IF YOUR HONOR, YOU KNOW, RULES
 4  AROUND OCTOBER OF '09 --
 5          THE COURT: WELL, HERE IS WHAT WE WILL DO.  AGAIN,
 6  THIS CASE HAS BEEN ON THE DOCKET SOME TIME, AND IF I SET IT
 7  FOR OCTOBER OF 2010 THAT'S ALMOST A YEAR BETWEEN CLAIM
 8  CONSTRUCTION AND TRIAL.  I AM GOING TO GO AHEAD AND SET IT FOR
 9  MARCH OF 2010 AND WE CAN ALWAYS REVISIT THIS IF I DON'T HAVE
10  THE ORDER OUT IN A TIMELY FASHION.
11          MR. SPANGLER: THANK YOU, YOUR HONOR.
12          THE COURT: SO I HOPE THE PARTIES CAN AGREE ON THE
13  REST OF THE DATES WITH THAT TRIAL SETTING.
14          MR. SPANGLER: YEAH.  WE MAY NEED TO TWEAK THE DATES
15  AFTER THE MARKMAN.  I DID WANT TO FLAG FOR THE COURT THAT EVEN
16  THOUGH WE HAD ABOUT FIFTEEN DATES IN DISPUTE, WE HAVE WORKED
17  OUT MOST OF THEM.  THERE ARE STILL ABOUT SEVEN OR EIGHT IN
18  DISPUTE, BUT WE THINK SINCE WE HAVE AGREED ON THE BIG ONES, WE
19  CAN FINALIZE A SCHEDULE NOW.
20          THE COURT: LIKEWISE, WHEN YOU SUBMIT EITHER AN
21  AGREED PROTECTIVE ORDER OR YOUR COMPETING TERMS, SUBMIT EITHER
22  AN AGREED SCHEDULING ORDER WITH THESE DATES OR YOUR COMPETING
23  SCHEDULING ORDERS AND I WILL ENTER ONE OF THE TWO OR SOME
24  MODIFICATION OF ONE OF THEM, OR BOTH OF THEM.
25          MR. SPANGLER: THANK YOU, YOUR HONOR.
```

 1        THE COURT: ANYTHING ELSE THAT NEEDS -- SO THE FINAL
 2   PRETRIAL WILL BE THE FIRST MONDAY IN MARCH OF 2010, JURY
 3   SELECTION THE FOLLOWING DAY.  I NOTICE YOU HAVE HAD SOME
 4   INFORMATION REGARDING TIME LIMITS.  IT'S WAY TOO EARLY TO
 5   WORRY ABOUT HOW LONG IT'S GOING TO TAKE TO TRY THE CASE, SO WE
 6   WON'T NEED TO TAKE THAT UP.  IT SEEMS THAT AT LEAST SOME
 7   PARTIES ARE MOVING IN THE DIRECTION OF SETTLEMENT.  ANY
 8   THOUGHTS ON MEDIATION?  IF SO, WHEN WOULD IT BE HELPFUL?
 9        MR. SPANGLER: PLAINTIFF IS ALWAYS SHOCKINGLY READY
10   TO MEDIATE, YOUR HONOR.
11        THE COURT: YEAH.
12        MR. CANNON: WE DON'T THINK MEDIATION WOULD BE
13   HELPFUL AT THIS TIME UNTIL WE MOVE ALONG A LITTLE MORE IN THE
14   CASE.
15        THE COURT: I CERTAINLY ENCOURAGE IT IF IT BECOMES
16   APPROPRIATE AND THE PARTIES FEEL IT WOULD BE OF BENEFIT.  ANY
17   TOPICS WE HAVEN'T COVERED?
18        MR. SPANGLER: NOTHING FROM THE PLAINTIFF, YOUR
19   HONOR.
20        THE COURT: ANYTHING FROM THE --
21        MR. CANNON: I THINK WE ARE GOOD, YOUR HONOR.
22        THE COURT: LET ME MAKE ONE LAST CHECK OF MY NOTES.
23   I BELIEVE THAT'S ALL.  I APPRECIATE YOUR EFFORTS, LIKE I SAID,
24   ON SHORT NOTICE.  BUT WHEN I RECEIVED THIS FROM JUDGE WARD I
25   THOUGHT I WOULD TRY TO GIVE IT SOME QUICK ATTENTION.

1 WE WILL BE IN RECESS.

2

3 **REPORTER'S CERTIFICATION**

4

5 I CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM

6 THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

7

8 DATE: <u>AUGUST 10, 2008</u>         /S/LIBBY CRAWFORD

9                                    LIBBY CRAWFORD, CSR, CVR

10                                   OFFICIAL COURT REPORTER