IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

|  |  |
|---|---|
| PA ADVISORS, LLC,<br><br>               Plaintiff,<br><br>    -against-<br><br>(1)   GOOGLE INC.,<br>(2)   YAHOO! INC.,<br>(3)   FACEBOOK, INC.,<br>(4)   CONTEXTWEB, INC.,<br>(5)   SPECIFIC MEDIA, INC.,<br>(6)   24/7 REAL MEDIA, INC.,<br><br>               Defendants. | CIVIL ACTION NO. 2-07 CV-480 DF<br><br><br><br>JURY TRIAL DEMANDED |

## DEFENDANT 24/7 REAL MEDIA, INC.'S ANSWER AND COUNTERCLAIMS TO PA ADVISORS, LLC'S SECOND AMENDED COMPLAINT

Defendant 24/7 Real Media, Inc. ("24/7 Real Media"), by and through its undersigned counsel, hereby submits this Answer and Counterclaims in response to the Second Amended Complaint for Patent Infringement by Plaintiff PA Advisors, LLC ("PA Advisors" or "Plaintiff") dated August 27, 2008 (the "Second Amended Complaint"). For its Answer and Counterclaims, 24/7 Real Media states as follows:

1.      24/7 Real Media is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 1, and therefore denies the same.

2.      24/7 Real Media is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 2, and therefore denies the same.

3.      24/7 Real Media is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 3, and therefore denies the same.

31721838.DOC

4.      24/7 Real Media is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 4, and therefore denies the same.

5.      24/7 Real Media is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 5, and therefore denies the same.

6.      24/7 Real Media is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 6, and therefore denies the same.

7.      24/7 Real Media admits the allegations contained in paragraph 7.

8.      24/7 Real Media admits that pursuant to paragraph 8, Plaintiff purports to bring this action under Title 35, United States Code, with subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a), but 24/7 Real Media denies any liability thereunder.

9.      24/7 Real Media denies the allegations of paragraph 9 insofar as they relate to 24/7 Real Media, except that it admits that venue is proper in the Eastern District of Texas under 28 U.S.C. §§ 1391(c) and 1400(b).  24/7 Real Media is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 9 insofar as they relate to any other defendant, and therefore denies the same.

10.     24/7 Real Media does not contest personal jurisdiction over it in this case.  24/7 Real Media denies that it has directly infringed or contributed to or induced acts of infringement in the Eastern District of Texas or elsewhere and denies the remaining allegations contained in paragraph 10 insofar as they relate to 24/7 Real Media.  24/7 Real Media is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 10 insofar as they relate to any other defendant, and therefore denies the same.

11.     24/7 Real Media admits that U.S.  Patent No. 6,199,067 entitled "System and Method for Generating Personalized User Profiles and for Utilizing the Generated User Profiles

to Perform Adaptive Internet Searches" (the "'067 patent") was issued on March 6, 2001, and that a copy of a document purporting to be the '067 patent had been attached as Exhibit A to the Second Amended Complaint. 24/7 Real Media is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 11, and therefore denies the same.

12.     24/7 Real Media admits the allegation contained in paragraph 12.

13.     24/7 Real Media is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 13, and therefore denies the same.

14.     24/7 Real Media is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 14, and therefore denies the same.

15.     24/7 Real Media is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 15, and therefore denies the same.

16.     24/7 Real Media is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 16, and therefore denies the same.

17.     24/7 Real Media is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 17, and therefore denies the same.

18.     24/7 Real Media denies the allegations contained in paragraph 18.

19.     24/7 Real Media asserts that the allegations of paragraph 19 insofar as they relate to 24/7 Real Media contain non-factual statements to which no response is required and, therefore, denies these allegations. 24/7 Real Media is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 19 as they relate to any other defendant, and therefore denies the same.

20.     24/7 Real Media is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 20, and therefore denies the same.

21.     24/7 Real Media denies the allegations of paragraph 21 insofar as they relate to 24/7 Real Media.  24/7 Real Media is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 21 as they relate to any other defendant, and therefore denies the same.

22.     24/7 Real Media denies the allegations of paragraph 22 insofar as they relate to 24/7 Real Media, Inc.  24/7 Real Media is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 22 as they relate to any other defendant, and therefore denies the same.

## AFFIRMATIVE DEFENSES

Further answering the Second Amended Complaint, 24/7 Real Media asserts that:

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

23.     The Second Amended Complaint fails to state a claim with respect to 24/7 Real Media upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

**(Non-Infringement)**

24.     24/7 Real Media has not infringed, and is not infringing, any valid and enforceable claim of the '067 patent, either literally or under the doctrine of equivalents, nor has it induced or contributorily infringed any valid and enforceable claim of the '067 patent.

## THIRD AFFIRMATIVE DEFENSE

### (Invalidity)

25.     The '067 patent, and each claim thereof, is invalid for failure to meet at least one of the requirements of patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

## FOURTH AFFIRMATIVE DEFENSE

### (Laches)

26.     PA Advisors' claims for relief are barred, in whole or in part, by the equitable doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

### (35 U.S.C. § 287)

27.     PA Advisors' claims for relief are barred, in whole or in part, pursuant to 35 U.S.C. § 287.

## SIXTH AFFIRMATIVE DEFENSE

### (Prosecution History Estoppel)

28.     PA Advisors' claims for relief are barred under the doctrine of prosecution history estoppel to the extent that PA Advisors alleges infringement under the doctrine of equivalents.

## SEVENTH AFFIRMATIVE DEFENSE

### (Indispensable Parties/Lack of Standing)

29.     PA Advisors' claims are barred in whole or in part to the extent that parties retaining rights to the '067 patent are not parties to this lawsuit.

### EIGHTH AFFIRMATIVE DEFENSE

**(Dedication to the Public)**

30.     PA Advisors has dedicated to the public any method or apparatus in the '067 patent but not literally claimed therein, and is estopped from claiming infringement by any such public domain method or apparatus.

### NINTH AFFIRMATIVE DEFENSE

**(Specification and Prosecution Disclaimer)**

31.     PA Advisors' claims for relief are barred under the doctrines of specification and prosecution history disclaimer.

### TENTH AFFIRMATIVE DEFENSE

**(Reservation of Rights)**

32.     24/7 Real Media reserves the right to assert additional defenses which may become apparent during discovery in this action.

### COUNTERCLAIMS

Defendant and counterclaim plaintiff 24/7 Real Media, for its counterclaims against counterclaim defendant PA Advisors, alleges as follows:

33.     Defendant and counterclaim plaintiff 24/7 Real Media is a Delaware corporation having its principal place of business at 132 West 31st Street, New York, New York 10001.

34.     Upon information and belief, plaintiff and counterclaim defendant PA Advisors is a limited liability company organized and existing under the laws of the State of Texas with its principal place of business at 207 C North Washington Avenue, Marshall, Texas 75670.

35.     In its Second Amended Complaint, PA Advisors alleges that it is the owner of the '067 patent.

36.     Under 28 U.S.C. § 1338(a), this Court has subject matter jurisdiction over these counterclaims for declaratory judgment, brought pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  Venue for these counterclaims is proper under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

37.     Based on the Second Amended Complaint that PA Advisors filed against 24/7 Real Media, a justiciable actual controversy exists between 24/7 Real Media and PA Advisors with respect to the alleged infringement and validity of the '067 patent.

## FIRST COUNTERCLAIM

### (Declaratory Judgment of Noninfringement)

38.     24/7 Real Media realleges and incorporates herein by reference all allegations in paragraphs 33-37 above.

39.     24/7 Real Media has not infringed and is not infringing (either directly, contributorily or by inducement), any valid and enforceable claim of the '067 patent.

## SECOND COUNTERCLAIM

### (Declaratory Judgment of Invalidity)

40.     24/7 Real Media realleges and incorporates herein by reference all allegations in paragraphs 33-39 above.

41.     The '067 patent and each claim thereof are void and invalid for failure to comply with one or more of the requirements of Title 35, United States Code, including, but not limited to, Sections 101, 102, 103, and/or 112.

## EXCEPTIONAL CASE

42.     This case is exceptional under 35 U.S.C. § 285.

## JURY DEMAND

24/7 Real Media respectfully demands a trial by jury of any and all issues triable of right by jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, 24/7 Real Media prays that this Court:

1. Dismiss the Second Amended Complaint in its entirety with prejudice, with PA Advisors taking nothing by its Second Amended Complaint, with respect to 24/7 Real Media;

2. Adjudge and decree that all of PA Advisors' claims against 24/7 Real Media are denied;

3. Adjudge and decree that 24/7 Real Media has not infringed the '067 patent;

4. Adjudge and decree that the '067 patent is invalid;

5. Award 24/7 Real Media its reasonable attorney fees and the costs of this action pursuant to 35 U.S.C. § 285;

6. Award 24/7 Real Media such further and other relief as the Court may deem just and proper.

Dated:  September 12, 2008        Respectfully submitted,

/s/ James S. Blank

Harry L. Gillam, Jr.
Bar #07921800
GILLAM & SMITH LLP
303 South Washington Avenue
Marshall, Texas  75670
Tel: (903) 934-8450
Fax: (903) 934-9257
Email: gil@gillamsmithlaw.com

James S. Blank (*admitted pro hac vice*)
Email: jblank@kayescholer.com
Howard I. Sherman (*admitted pro hac vice*)
Email: hsherman@kayescholer.com

KAYE SCHOLER LLP
425 Park Avenue
New York, New York  10022
Tel: (212) 836-8000
Fax: (212) 836-8689

Attorneys for Defendant and Counterclaimant 24/7 Real
Media, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a), and was served on all counsel who have consented to electronic service.  Local Rule 5(a)(3)(A).

By:    /s/ James S.  Blank

James S.  Blank