# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| PA ADVISORS, LLC<br><br>v.<br><br>GOOGLE INC., et al. | Case No. 2:07-CV-480 |

### YAHOO! INC.'S ANSWER, AFFIRMATIVE DEFENSES,
### AND COUNTERCLAIMS TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant, Yahoo! Inc. ("Yahoo"), by and through its undersigned attorneys, answers the Second Amended Complaint ("Complaint") of Plaintiff, PA Advisors, LLC ("PAA"), and asserts its affirmative defenses and counterclaims as follows:

### PARTIES

1.  Yahoo is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

2.  The allegations of this paragraph are directed to a defendant other than Yahoo. To the extent that an answer by Yahoo is necessary, Yahoo is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

3.  Admitted.

4.  The allegations of this paragraph are directed to a defendant other than Yahoo. To the extent that an answer by Yahoo is necessary, Yahoo is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

5. The allegations of this paragraph are directed to a defendant other than Yahoo. To the extent that an answer by Yahoo is necessary, Yahoo is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

6. The allegations of this paragraph are directed to a defendant other than Yahoo. To the extent that an answer by Yahoo is necessary, Yahoo is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

7. The allegations of this paragraph are directed to a defendant other than Yahoo. To the extent that an answer by Yahoo is necessary, Yahoo is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

## JURISDICTION AND VENUE

8. Yahoo admits that PAA, in its Complaint, alleges patent infringement under Title 35 of the United States Code. Yahoo also admits that this Court has subject matter jurisdiction over the allegations raised in the Complaint. Yahoo denies any remaining allegations in this paragraph and expressly denies any infringement of the asserted patent.

9. Yahoo does not contest venue of this action in the Eastern District of Texas. Yahoo denies any remaining allegations in this paragraph and expressly denies any infringement of the asserted patent.

10. Yahoo does not contest that this Court has personal jurisdiction over Yahoo for purposes of this action. For any remaining allegations in this paragraph, including those directed to a defendant other than Yahoo, Yahoo is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies those allegations.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 6,199,067

11. Yahoo admits that a copy of a document bearing U.S. Patent No. 6,199,067 ("'067 Patent"), with a title of "System and Method for Generating Personalized User Profiles and Utilizing the Generated User Profiles to Perform Adaptive Internet Searches" and an issue date of March 6, 2001 was filed as Exhibit A to the Complaint. Yahoo is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph and therefore denies those allegations.

12. Yahoo admits that Mr. Ilya Geller is listed, on the face of the '067 Patent, as the inventor of the '067 patent.

13. The allegations of this paragraph are directed to a defendant other than Yahoo. To the extent that an answer by Yahoo is necessary, Yahoo is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

14. Yahoo denies that has infringed, directly or indirectly, or is infringing, directly or indirectly, any valid and enforceable claim of the '067 Patent. Yahoo is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph and therefore denies those allegations.

15. The allegations of this paragraph are directed to a defendant other than Yahoo. To the extent that an answer by Yahoo is necessary, Yahoo is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

16. The allegations of this paragraph are directed to a defendant other than Yahoo. To the extent that an answer by Yahoo is necessary, Yahoo is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

17. The allegations of this paragraph are directed to a defendant other than Yahoo. To the extent that an answer by Yahoo is necessary, Yahoo is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

18. The allegations of this paragraph are directed to a defendant other than Yahoo. To the extent that an answer by Yahoo is necessary, Yahoo is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

19. Yahoo denies that PAA has properly plead willful infringement and also denies that PAA is entitled to reserve the right that it purports to reserve. Yahoo also denies that it has infringed any claim of the '067 Patent. Yahoo is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph, including those directed to a defendant other than Yahoo and therefore denies those allegations.

20. Yahoo is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

21. Yahoo denies any allegations in this paragraph that are directed to Yahoo. For any remaining allegations in this paragraph, Yahoo is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies those allegations.

22. Yahoo denies any allegations in this paragraph that are directed to Yahoo. For any remaining allegations in this paragraph, Yahoo is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies those allegations.

## **PRAYER FOR RELIEF**

These paragraphs set forth the prayer for judgment requested by PAA to which no response is required. Yahoo denies that PAA is entitled to any of the requested relief and denies any allegations set forth in these paragraphs.

## **AFFIRMATIVE DEFENSES**

### **AFFIRMATIVE DEFENSE NO. 1**
### **FAILURE TO STATE A CLAIM**

1. PAA's Complaint fails to state a claim against Yahoo upon which relief may be granted.

## AFFIRMATIVE DEFENSE NO. 2
## LACK OF STANDING

2. Upon information and belief, PAA does not have standing to assert United States Patent No. 6,199.067 ("the '067 Patent") against Yahoo.

## AFFIRMATIVE DEFENSE NO. 3
## NON-INFRINGEMENT OF U.S. PATENT NO. 6,199,067

3. Yahoo has not infringed, directly or indirectly, and is not infringing, directly or indirectly, any valid and enforceable claim of United States Patent No. 6,199.067 ("the '067 Patent").

## AFFIRMATIVE DEFENSE NO. 4
## INVALIDITY OF U.S. PATENT NO. 6,411,947

4. The '067 Patent is invalid for failure to comply with one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

## AFFIRMATIVE DEFENSE NO. 5
## LACHES/ESTOPPEL

5. PAA's claims for relief are barred, in whole or in part, by the equitable doctrines of laches and/or estoppel.

## AFFIRMATIVE DEFENSE NO. 6
## UNCLEAN HANDS

6. PAA's claims are barred, in whole or in part, as a result of PAA's unclean hands in asserting the '067 patent against Yahoo.

## AFFIRMATIVE DEFENSE NO. 7
## LIMITATION ON DAMAGES

7. PAA's claims for damages are barred, in whole or in part, by 35 U.S.C. § 287.

## AFFIRMATIVE DEFENSE NO. 8
## UNENFORCEABILITY

8. U.S. Patent application no. 09/422,286 (the "'286 application") was filed on October 21, 1999 and included 63 different claims. The '286 application was ultimately issued as U.S. Patent No. 6,199,067 on March 6, 2001.

9. On January 20, 2000, PCT patent application no. PCT/US00/01373 (the "PCT application") was applied for and claimed priority to the '286 application. The PCT application included the same 63 claims that were originally included in the '286 application.

10. On March 12, 2000, the examiner of the PCT application prepared an International Search Report in which he identified three separate U.S. Patents – 5,696,963; 5,761,662; and 5,778,380 – that he believed were of "particular relevance" to the patentability of each of the 63 claims pending in the PCT application. Specifically, the examiner noted, for each of the three U.S. patents, that "the claimed invention cannot be considered to involve an inventive step when the [patent] is combined with one or more other such [patents], such combination being obvious to a person skilled in the art."

11. The International Search Report and each of the three U.S. Patents cited therein were material to the prosecution of the '067 Patent.

12. Upon information and belief, the International Search Report was mailed on April 12, 2000, to the same attorney that was prosecuting the '286 application.

13. Upon information and belief, the named inventor of the '067 Patent, the prosecuting attorney, and/or other persons having a duty of candor to the United States Patent and Trademark Office (USPTO) knew of the International Search Report and the three U.S.

patents cited there, but failed to disclose any of this information to the USPTO during the prosecution of the '067 Patent.

14. Upon information and belief, the failure to disclose the International Search Report and the three U.S. patents cited therein to the USPTO in conjunction with the prosecution of the '067 patent was done with the intent to deceive the USPTO to ensure the allowance and issuance of the '067 Patent.

15. As a result of the actions noted above, the '067 Patent is unenforceable due to inequitable conduct committed during the prosecution of the '067 Patent.

## YAHOO'S COUNTERCLAIMS AGAINST PAA

1. Defendant and Counterclaim-Plaintiff, Yahoo! Inc. ("Yahoo"), is a Delaware corporation with a place of business at 701 First Avenue, Sunnyvale, CA 94089.

2. PA Advisors, LLC ("PAA") has plead in its Second Amended Complaint that it is a Texas limited liability company with its principal place of business at 207 C North Washington Avenue, Marshall, Texas 75670.

3. Yahoo's counterclaims arise under the United States patent laws, 35 U.S.C. § 100 *et seq.* and the provisions for declaratory judgment under 28 U.S.C. §§ 2201-2202. As a result of PAA's Complaint, an actual and justiciable controversy exists between Yahoo and PAA.

4. The Court has subject matter jurisdiction over Yahoo's counterclaims based on 28 U.S.C. §§ 1331 and 1338 (a) and (b).

5. PAA is subject to personal jurisdiction in this District.

6. Venue is proper in this judicial district based on 28 U.S.C. §§ 1391 and 1400.

## COUNTERCLAIM NO. 1
## DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 6,199,067

7. Yahoo repeats and incorporates by reference paragraphs 1-6 above as though fully set forth herein.

8. Yahoo asks the Court to declare that Yahoo has not committed any acts of infringement of U.S. Patent No. 6,199,067.

## COUNTERCLAIM NO. 2
## DECLARATION OF INVALIDITY OF U.S. PATENT NO. 6,199,067

9. Yahoo repeats and incorporates by reference paragraphs 1-8 above as though fully set forth herein.

10. Yahoo asks the Court to declare that U.S. Patent No. 6,199,067 is invalid for failure to comply with one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

## COUNTERCLAIM NO. 3
## DECLARATION OF UNENFORCEABILITY OF U.S. PATENT NO. 6,199,067

11. Yahoo repeats and incorporates by reference paragraphs 1-10 above as though fully set forth herein.

12. U.S. Patent application no. 09/422,286 (the "'286 application") was filed on October 21, 1999 and included 63 different claims. The '286 application was ultimately issued as U.S. Patent No. 6,199,067 on March 6, 2001.

13. On January 20, 2000, PCT patent application no. PCT/US00/01373 (the "PCT application") was applied for and claimed priority to the '286 application. The PCT application included the same 63 claims that were originally included in the '286 application.

14. On March 12, 2000, the examiner of the PCT application prepared an International Search Report in which he identified three separate U.S. Patents – 5,696,963;

5,761,662; and 5,778,380 – that he believed were of "particular relevance" to the patentability of each of the 63 claims pending in the PCT application. Specifically, the examiner noted, for each of the three U.S. patents, that "the claimed invention cannot be considered to involve an inventive step when the [patent] is combined with one or more other such [patents], such combination being obvious to a person skilled in the art."

15. The International Search Report and each of the three U.S. Patents cited therein were material to the prosecution of the '067 Patent.

16. Upon information and belief, the International Search Report was mailed on April 12, 2000, to the same attorney that was prosecuting the '286 application.

17. Upon information and belief, the named inventor of the '067 Patent, the prosecuting attorney, and/or other persons having a duty of candor to the United States Patent and Trademark Office (USPTO) knew of the International Search Report and the three U.S. patents cited there, but failed to disclose any of this information to the USPTO during the prosecution of the '067 Patent.

18. Upon information and belief, the failure to disclose the International Search Report and the three U.S. patents cited therein to the USPTO in conjunction with the prosecution of the '067 patent was done with the intent to deceive the USPTO to ensure the allowance and issuance of the '067 Patent.

19. As a result of the actions noted above, the '067 Patent is unenforceable due to inequitable conduct committed during the prosecution of the '067 Patent.

**REQUEST FOR RELIEF**

Yahoo respectfully requests that the Court enter judgment against Plaintiff and award Yahoo the following relief:

(a) That the Court dismiss, with prejudice, PAA's Complaint against Yahoo;

(b) That the Court award PAA nothing by way of its Complaint against Yahoo;

(c) That the Court declare that Yahoo has not infringed, directly or indirectly, and is not infringing, directly or indirectly, U.S. Patent No. 6,199,067;

(d) That the Court declare that the claims of U.S. Patent No. 6,199,067 are invalid;

(e) That the Court declare that U.S. Patent No. 6,199,067 is unenforceable;

(f) That the Court enjoin PAA from charging or asserting infringement of any claim of U.S. Patent No. 6,199,067 against Yahoo or anyone in privity with Yahoo;

(g) That Yahoo be awarded its reasonable costs, expenses, and attorneys' fees in this action, as this is an exceptional case; and

(h) That Yahoo be awarded further relief as the Court may deem just and proper.

## **JURY DEMAND**

Yahoo hereby requests trial by jury on all issues triable of right by jury.

September 12, 2008

Respectfully submitted,

By: s/ Jason C. White
Jason C. White
HOWREY LLP
321 N. Clark Street
Suite 3400
Chicago, IL 60654
312) 595-1239 (telephone)
(312) 595-2250 (facsimile)

Michael Jones
Potter Minton
110 N. College, Suite 500
P. O. Box 359
Tyler, Texas 75710
(903) 597- 8311 (telephone)
(903) 597- 0846 (facsimile)

mikejones@potterminton.com

Attorneys for Defendant
YAHOO! INC

## CERTIFICATE OF SERVICE

       I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served today with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

September 12, 2008                                                                     s/ Jason C. White