IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PA ADVISORS, LLC | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 2:07-CV-480 (DF) |
| | § | |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| GOOGLE INC., et al, | § | **Hearing on Motion: October 6, 2008 at** |
| | § | **10:30 AM** |
| Defendants | § | |

## DEFENDANTS' SUPPLEMENTAL BRIEF REGARDING LOCATION OF SOURCE CODE INSPECTIONS

In connection with the Opposed Motion for Protective Order (Dkt. Nos. 175 and 176) and this Court's scheduling of a hearing for this matter on October 6, 2008 (Dkt. No. 188), Defendants Google Inc. ("Google") and Yahoo! Inc. ("Yahoo!") respectfully submit this supplemental brief. Plaintiff's recently served initial disclosures and preliminary infringement contentions underscore that defendants' request for relief should be granted and that any inspection of defendants' critically valuable source code should be conducted in Northern California where defendants can maintain physical control of the code during the discovery period in this case.

## I.  INTRODUCTION

In this patent case, the Court held a status conference on July 24, 2008 and ordered the parties to submit a proposed protective order by August 18, 2008 to govern, amongst other matters, the discovery of confidential information throughout the course of discovery in this case. The claim construction hearing is scheduled for September 17, 2009, with expert discovery set to close 150 days after a claim construction ruling. (Dkt. No. 186, items 31 and 33) The

Dockets.Justia.com

issue before the Court is the location for the inspection of defendants' source code during this extended period. The parties have agreed on all other aspects of the proposed protective order. As outlined in the protective order submitted in this case (Dkt. No. 176), defendants seek a provision that requires source code inspection to be in a single location in Northern California, along with an appropriate notice period and other protections such as no Internet access in the secure room where the inspection is to take place. This location is close to the headquarters of both companies and provides protection during any inspection period. As the Court knows, Google and Yahoo! are successful and cutting edge software companies with thousands of employees world wide. Minimizing the risk that defendants' source code—the underlying instructions that make up a software program—could be compromised is critical to the continuing success of the companies.

II.    PLAINTIFF'S RECENT DISCLOSURES SUPPORT DEFENDANTS' POSITION

Google's and Yahoo!'s proposed protective order provision is reasonable and allows inspection of the source code, while providing protection to the companies during the longer than eighteen-month discovery period scheduled in this case.

A.    Plaintiff's Infringement Contentions Accuse Wide-Ranging Products

On August 22, 2008, plaintiff—the owner of a single patent—served its preliminary infringement contentions that accuse a wide variety of products or services offered by Google and Yahoo! of infringement, from search functions to email services to online advertising.

For instance for Google, plaintiff accuses of infringement: "Google Search (including Web Search, Advanced Search, iGoogle, and Google Toolbar), including Google AdWords and/or Google AdSense, including such methods and systems used in connection [sic] Gmail (including related and linked websites and webpages) (collectively 'Google search' or the

'Accused Instrumentalities')." *See* Exhibit A to this Brief at page 2 (submitted without accompanying claim charts).

Likewise for Yahoo!, plaintiff accuses of infringement: "Yahoo! Search (including Web Search, Advanced Web Search, Yahoo! Shopping, Yahoo! Product Search, My Yahoo!, Y!Q Beta Search, Yahoo! MyWeb Search, and Yahoo! Toolbar) and Yahoo! Search Marketing (including Yahoo! Sponsored Search and Yahoo! Product Submit) (including related and linked websites and webpages) (collectively 'Yahoo! Search' or the 'Accused Instrumentalities')." *Id*. at pages 3-4.

Plaintiff claims, apparently, that it is has invented practically everything that Google and Yahoo! do in connection with searching the Internet. This is not the case, and defendants will so prove at the appropriate time in this lawsuit. However thin the accusations may be, plaintiff seeks to put in play a broad array of software products and services. Because different code underlies different software products, the breadth of the accusations increases the risk associated with any inspection. This underscores the need for defendants to have greater physical control over their source code, especially given the extended period for discovery in this case.

B.    The Polaris Case Is Not Applicable

Plaintiff's primary argument is that Google's and Yahoo!'s source code should be transported to Dallas because the companies agreed to do so in another, earlier patent case in this District. However, that case involved a different patent. In the case before this Court, plaintiff has accused a wider range of products. The risk is simply greater the more products that are at issue and the more code that is put in play.

Importantly, risk is cumulative. When Google and Yahoo! compromised and agreed in the Polaris case to an inspection of accused code in Dallas for that particular action, they did not

agree that all of their source code would have to be transported to Dallas in all subsequent patent cases. Google and Yahoo! are successful and well recognized companies that have become targets for patent lawsuits, especially from holding companies that do not make products but seek profit from purchasing patents and filing infringement lawsuits. The more times the source code is transported away from its physical location, the greater the risk that the code could be compromised or lost. Google and Yahoo! should not be subject to a default rule that they must lose physical control of their incredibly valuable source code for extended periods of time if they are sued for patent infringement away from their place of business.

C.    Plaintiff's Disclosures Demonstrate It Has No Product To Put At Risk

In its disclosures, plaintiff admitted that it sells no product that practices any of the claimed inventions of the patent. Ex. A at page 7, Section VI. Indeed, plaintiff was apparently formed as a legal entity and was assigned ownership of the patent just a few days before the filing of this lawsuit. (Dkt. Nos. 118 at Exs. 1 and 2 and 123 at pages 5-6.)

Because plaintiff is a holding company that does not sell products that practice the invention, the risks in this case are one sided. It is unreasonable leverage for a plaintiff such as PA Advisors to be able to demand under court order that mission critical source code be transported out of state on 24 hours notice.

The relative inconvenience to plaintiff to have its consultants and experts come to Northern California is slight in comparison to the catastrophic consequence of defendants' source code being compromised during the long period of discovery in this case. Google and Yahoo! agree that an inspection would occur at a single location at the Redwood Shores, CA offices of Google's counsel, which is convenient to airports and hotels. Because Google and Yahoo! are located in Northern California, the code can be transported by hand on a preloaded laptop with

appropriate notice.  The code can be returned to the company at the end of the day.  All other discovery will be produced on CDs in a searchable format.

III.    <u>CONCLUSION</u>

For the foregoing reasons, defendants respectfully request that the Court adopt Defendant's Proposal with respect to Section 1.c.ii. of the [Proposed] Agreed Protective Order.

Dated:  September 22, 2008

Respectfully submitted,

By:  /s/ Brian C. Cannon
      Brian C. Cannon
      California Bar No. 193071
      Quinn Emanuel Urquhart Oliver & Hedges, LLP
      555 Twin Dolphin Dr
      Suite 560
      Redwood Shores, CA 94065
      Tel. (650) 801-5000
      Fax: (650) 801-5100
      Email: briancannon@quinnemanuel.com

      Charles K. Verhoeven
      California Bar No. 170151
      Quinn Emanuel Urquhart Oliver & Hedges, LLP
      50 California Street, 22nd Floor
      San Francisco, CA  94111
      Tel.: (415) 875-6600
      Fax: (415) 875-6700
      Email: charlesverhoeven@quinnemanuel.com

      David J Beck
      Texas Bar No. 00000070
      Beck Redden & Secrest
      1221 McKinney St, Suite 4500
      One Houston Center
      Houston, TX 77010-2020

Tel: (713) 951-3700
Fax: (713) 951-3720
Email: dbeck@brsfirm.com

Michael Ernest Richardson
Texas Bar No. 240002838
Beck Redden & Secrest - Houston
1221 McKinney
Suite 4500
Houston, TX 77010-2010
Tel: (713) 951-6284
Fax: (713) 951-3720
Email: mrichardson@brsfirm.com

ATTORNEYS FOR DEFENDANT
GOOGLE INC.

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of September, 2008, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Texas, Marshall Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

/s/ Brian C. Cannon