# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| PA ADVISORS, LLC § | | |
|     Plaintiff, § | CASE NO. 2:07CV480 | |
| § | | |
| vs. § | Honorable David Folsom, Presiding | |
| § | | |
| GOOGLE INC., et al § | | |
|     Defendants. § | | |

## DISCOVERY ORDER

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the court's docket under Fed. R. Civ. P. 16, and after receiving the input of the parties to this action, it is ORDERED AS FOLLOWS:

1. **Disclosures.** As reflected in the August 25, 2008 Docket Control Order, the parties have exchanged their respective initial disclosures under Federal Rule of Civil Procedure 26(a) by September 5, 2008.

For any testifying expert, the parties shall make the disclosures required by Fed.R.Civ.P.26(a)(2)(B) and Local Rule CV 26 by the date set by the Court in the August 25, 2008 Docket Control Order.

2. **Discovery Limitations and Agreements.** The parties have agreed to the following limitations on discovery, absent a showing of good cause.

    (a) **Interrogatories:** Each side is permitted twenty (20) common interrogatories and each Defendant is permitted to serve ten (10) interrogatories on Plaintiff. Plaintiff is permitted to serve ten (10) interrogatories on each Defendant.

1

(b)     **Experts:**  All issues surrounding experts, including the number of experts and hours of deposition time associated with the experts is tabled until the date of the Markman hearing.

(c)     **Requests for Admission:**  Each side is permitted to serve one hundred (100) requests for admission for issues other than authentication of documents.  Each side is permitted an unlimited number of requests for admission for authentication of documents.

(d)     **Inventor Testimony:**  The Defendants may take fourteen (14) common hours of deposition time of the inventor.

(e)     **Fact Deposition:**  Each side is permitted one hundred (100) hours of fact deposition time.

(f)     **Deposition of 30(b)(6) Witnesses:**  There shall be a maximum of fourteen (14) hours of 30(b)(6) time for each 30(b)(6) witness/designee of a party.  Each hour of deposition time that requires translation shall count as one-half (1/2) hour of deposition time for purposes of these limitations.

(g)     **Unused Time:**  Any unused time with respect to an inventor or 30(b)(6) depositions may be used for other fact witnesses, subject to the one hundred (100) hour limitation.

The parties agree furthermore that they will attempt to schedule the 30(b)(6) deposition sessions at the convenience of the witnesses.  The parties agree to provide reasonable notice to each other in advance of a 30(b)(6) deposition of both the deponent and the topics that deponent will address.

Absent agreement otherwise, depositions of parties and party employees will take place within the continental United States at a reasonably convenient location that takes into account the location of the witness and the parties' counsel. The party producing the witness for deposition will specify the deposition location.

Any party may move to modify any of the above limitations for good cause.

<u>Electronic Discovery</u>. The parties have discussed the preservation and electronic production of electronically-stored and hard copy information. Documents and electronically stored information shall be produced electronically (e.g., on compact discs) in TIFF format, with load files. Plaintiff and Defendants agree to produce Summation load files (.dii files) with single page TIFFs and searchable OCR. Except as otherwise agreed by the parties or ordered by the Court, electronically stored information need not be produced in native format (or any format other than images as described above), and metadata need not be produced but shall be preserved consistent with the parties' obligations under the Federal Rules of Civil Procedure, the local rules and applicable case law. To the extent either party believes, on a case-by-case basis, that documents should be produced in an alternative format, or that metadata should be produced, the parties have agreed that they will meet and confer in good faith concerning such alternative production arrangements. The parties have further agreed that they will meet and confer in good faith to ensure that the format of each party's production is compatible with the technical requirements of the receiving party's document management system.

**SIGNED this 2nd day of October, 2008.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE

3