IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PA ADVISORS, LLC | ' | |
| | ' | |
| Plaintiff, | ' | CIVIL ACTION NO. 2:07-CV-480 (DF) |
| | ' | |
| v. | ' | **JURY TRIAL DEMANDED** |
| | ' | |
| GOOGLE INC., et al, | ' | |
| | ' | |
| Defendants | ' | |
| | ' | |

## PROTECTIVE ORDER

To expedite the flow of discovery materials, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Fed. R. Civ. P. 26(c), it is hereby ORDERED THAT:

1.    INFORMATION SUBJECT TO THIS ORDER

Discovery materials produced in this case may be labeled as one of three categories: CONFIDENTIAL, CONFIDENTIAL OUTSIDE COUNSEL ONLY and RESTRICTED CONFIDENTIAL - SOURCE CODE, as set forth in paragraphs 1(a)-(c) below.    All three of the identified categories of information shall be identified collectively in this Order by the title "Protected Information."

a.     Information Designated as Confidential Information

i.     For purposes of this Order, "CONFIDENTIAL INFORMATION" shall mean all information or material produced for or disclosed to a receiving party that a producing party, including any party to this action and any non-party producing information or material voluntarily or pursuant to a subpoena or a court order, considers to constitute confidential technical, sales, marketing, financial, or other commercially sensitive information, whether embodied in physical objects, documents, or the factual knowledge of persons, and which has been so designated by the producing party.  Any CONFIDENTIAL INFORMATION obtained by any party from any person pursuant to discovery in this litigation may be used only for purposes of this litigation.

ii.     Any document or tangible thing containing or including any CONFIDENTIAL INFORMATION may be designated as such by the producing party by marking it "CONFIDENTIAL" prior to or at the time copies are furnished to the receiving party.

iii.     All CONFIDENTIAL INFORMATION not reduced to documentary, tangible or physical form or which cannot be conveniently designated as set forth in paragraph 1(a)(ii), shall be designated by the producing party by informing the receiving party of the designation in writing.

iv.     Any documents (including physical objects) made available for inspection by counsel for the receiving party prior to producing copies of selected items shall initially be considered, as a whole, to constitute CONFIDENTIAL INFORMATION and shall be subject to this Order.  Thereafter, the producing party shall have a reasonable time to review and designate the appropriate documents as CONFIDENTIAL INFORMATION prior to furnishing copies to the receiving party.

2

v.   The following information is not CONFIDENTIAL INFORMATION:

(1)   Published advertising materials;

(2)   Any information which is or, after its disclosure to a receiving party, becomes part of the public domain as a result of publication not involving a violation of this Order;

(3)   Any information that the receiving party can show was publically available through legitimate means and/or already known to it prior to the disclosure;

(4)   Any information which the receiving party can show by written records was received by it after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party; and

(5)   Any information which the receiving party can show was independently developed by it after the time of disclosure by personnel who did not have access to the producing party's CONFIDENTIAL INFORMATION.

vi.   Documents designated CONFIDENTIAL and information contained therein shall be available only to:

(1)   Outside litigation counsel of record and supporting personnel employed in the law firm(s) of outside litigation counsel of record, such as attorneys, paralegals, legal translators, legal secretaries, legal clerks and shorthand reporters;

(2)   Technical advisers and their necessary support personnel, subject to the provisions of paragraph 3 herein, and who have signed the form attached hereto as Attachment A;

(3)   Up to four (4) in-house counsel with responsibility for managing this litigation, up to four (4) employees in a party's legal department necessary to assist

them in this litigation (i.e. clerical staff or paralegals), and one employee of a party who either has responsibility for making decisions directly with the litigation in this action or who is assisting outside counsel in preparation for proceedings in this action, except that defendants' employee, in-house counsel, paralegals or clerical employees under this paragraph shall not have access to any co-defendants' CONFIDENTIAL material;

(4)     The Court, its personnel and stenographic reporters (under seal or with other suitable precautions determined by the Court); and

(5)     Independent legal translators retained to translate in connection with this action; independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action;

(6)     Graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the actions; non–technical jury or trial consulting services, not including mock jurors, who have signed the form attached hereto as Attachment A;

(7)     Commercial copy vendors retained by counsel for purposes of this action who have signed the form attached hereto as Attachment A.

b.     Information Designated Confidential Outside Counsel Only

i.     The CONFIDENTIAL OUTSIDE COUNSEL ONLY designation is reserved for CONFIDENTIAL INFORMATION that constitutes proprietary marketing, financial, sales, web traffic, research and development, or technical data/information or commercially sensitive competitive information, including, without limitation, confidential information obtained from a nonparty pursuant to a current Nondisclosure Agreement ("NDA"), CONFIDENTIAL INFORMATION relating to future products not yet commercially released, strategic plans, and

settlement agreements or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the producing party. The CONFIDENTIAL OUTSIDE COUNSEL ONLY shall not apply to information regarding the conception and reduction to practice of the patent in suit. Documents marked CONFIDENTIAL OUTSIDE ATTORNEYS' EYES ONLY or Highly Confidential shall be treated as if designated CONFIDENTIAL OUTSIDE COUNSEL ONLY. In determining whether information should be designated as CONFIDENTIAL OUTSIDE COUNSEL ONLY, each party agrees to use such designation only in good faith.

ii. Documents designated CONFIDENTIAL OUTSIDE COUNSEL ONLY and information contained therein shall be available only to:

(1) Outside litigation counsel of record and supporting personnel employed in the law firm(s) of outside litigation counsel of record, such as attorneys, paralegals, legal translators, legal secretaries, legal clerks and shorthand reporters;

(2) Technical advisers and their necessary support personnel, subject to the provisions of paragraph 3 herein, and who have signed the form attached hereto as Attachment A;

(3) The Court, its personnel and stenographic reporters (under seal or with other suitable precautions determined by the Court); and

(4) Independent legal translators retained to translate in connection with this action; independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action.

(5) Graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings

in the actions; non–technical jury or trial consulting services, not including mock jurors, who have signed the form attached hereto as Attachment A; and

(6)     Commercial copy vendors retained by counsel for purposes of this action who have signed the form attached hereto as Attachment A.

c.     Information Designated Restricted Confidential - Source Code

i.     Documents or other things that are designated CONFIDENTIAL INFORMATION and contain a party's source code may be designated "RESTRICTED CONFIDENTIAL–SOURCE CODE", if they comprise or include confidential, proprietary and/or trade secret source code.

ii.     Any source code that is produced shall be made available for inspection in electronic format in Dallas, Texas. Said source code shall be made available during regular business hours (8:00 a.m. to 6:00 p.m. local time) on 24 hours notice, or if on the weekend, including notice not later than 9:00 a.m. on the Wednesday before a weekend for which access is requested. Access will also be provided on Saturdays and Sundays, so long as actual notice is provided to the producing party by not later than 9:00 a.m. local time on the Friday before the weekend for which access is requested.  Access from 6:00 p.m. through 10:00 p.m. local time on weekdays shall be provided so long as actual notice of such need is provided to the producing party by not later than 4:00 p.m. local time on the preceding day. The requesting party shall make its best efforts to restrict its access to normal business hours, and the producing party may seek court relief if the requesting party is unreasonably utilizing after-hours and weekend access. Two "stand-alone" computers shall be provided at each of the secure offices containing the source code. Subject to the other provisions of this Protective Order, the requesting party may bring with it to the secure offices a laptop computer, and the secure offices will be outfitted with either wired or wireless internet access. Beginning one week prior to the beginning of trial and continuing through the end of trial, access to said source code shall be

provided under the same conditions and with the same limitations and restrictions as provided in this Paragraph at counsel for the producing party in Marshall, Texas. For purposes of this Order, the term "Inspection Session" shall mean any reasonably contiguous series of days in which the Receiving Party is conducting an inspection of the source code. Any source code produced shall be produced for inspection as it is used or kept in the ordinary course of business, unless otherwise agreed to by the parties, provided, however, that said source code must be produced in searchable format.

iii.     All source code produced shall be deemed designated as "RESTRICTED CONFIDENTIAL —SOURCE CODE." All such source code, and any other Protected Information designated as "RESTRICTED CONFIDENTIAL —SOURCE CODE," shall be subject to the following provisions:

(1)     All source code will be made available by the producing party to the receiving party's outside counsel and/or experts in a private room on a secured computer without Internet access or network access to other computers, as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal or other transfer of any source code outside or away from the computer on which the source code is provided for inspection (the "Source Code Computer"). The producing party shall be obligated to install such tools or programs necessary to review and search the code produced on the platform produced. The receiving party's outside counsel and/or experts may request that other commercially available licensed software tools for viewing and searching source code be installed on the secured computer. The receiving party must provide the producing party with the CD or DVD containing such software tool(s) at least two days in advance of the inspection.

(2)     The receiving party's outside counsel and/or expert shall be entitled to take notes relating to the source code but may not copy substantial portions (i.e., more than

three consecutive lines) of the source code into the notes.  No copies of all or any portion of the source code may leave the room in which the source code is inspected except as otherwise provided herein.  Further, no other written or electronic record of the source code is permitted except as otherwise provided herein.

(3)     The producing party shall make available a laser printer with commercially reasonable printing speeds for on-site printing during inspection of the code.   The receiving party may print portions of the source code only when reasonably necessary to facilitate the receiving party's preparation of the case, including when reasonably necessary to prepare any filing with the Court or to serve any pleadings or other papers on any other party; to prepare internal attorney work product materials; or to prepare other necessary case materials such as testifying expert reports, consulting expert written analyses and related drafts and correspondences.  The receiving party shall print only such portions as are reasonably necessary for the purposes for which any part of the source code is printed at the time.   Upon printing any such portions of source code, the printed pages shall be collected by the producing party.  The producing party shall Bates number, copy, and label "RESTRICTED CONFIDENTIAL - SOURCE CODE" any pages printed by the receiving party.  If the producing party objects that the printed portions are not reasonably necessary to any case preparation activity, the producing party shall make such objection known to the receiving party within two (2) business days.   If after meeting and conferring the producing party and the receiving party cannot resolve the objection, the producing party shall be entitled to seek a Court resolution of whether the printed source code in question is not reasonably necessary to any case preparation activity.  In the absence of any objection, or upon resolution of any such dispute by the Court, the producing party shall provide one copy set of such pages to the receiving party within

two (2) business days and shall retain one copy set.  The printed pages shall constitute part of the source code produced by the producing party in this action.

(4)     A list of names of persons who will view the source code will be provided to the producing party in conjunction with any written (including email) notice requesting inspection.  The receiving party shall maintain a daily log of the names of persons who enter the locked room to view the source code and when they enter and depart.  The producing party shall be entitled to have a person observe all entrances and exits from the source code viewing room, and to a copy of the log.  . Except for observing entrances and exits from the source code viewing room, the Producing Party shall not otherwise videotape or monitor review of source code by the Receiving Party.

(5)     Unless otherwise agreed in advance by the parties in writing, following each inspection, the receiving party's outside counsel and/or experts shall remove all notes, documents, laptops, and all other materials from the room that may contain work product and/or attorney-client privileged information.  The producing party shall not be responsible for any items left in the room following each inspection session.

(6)     Other than as provided in paragraph 1(c)(ii)(3) above, the receiving party will not copy, remove, or otherwise transfer any source code from the Source Code Computer including, without limitation, copying, removing, or transferring the source code onto any other computers or peripheral equipment.  The receiving party will not transmit any source code in any way from the producing party's facilities or the offices of its outside counsel of record.

(7)     The receiving party shall maintain and store any paper copies of the source code at their offices, or the offices of its outside counsel or experts, in a manner that prevents duplication of or unauthorized access to the source code, including, without limitation, storing the source code in a locked room or cabinet at all times when it is not in use;

(8)     The receiving party's outside counsel of record may make no more than seven additional paper copies of any portions of the source code printed pursuant to paragraph 1(c)(ii)(3), not including copies attached to court filings, and shall maintain a log of all copies of the source code (received from a producing party) that are delivered by the receiving party to any qualified person under paragraph 1(b)(2) above.  The log shall include the names of the recipients and reviewers of copies and locations where the copies are stored.  The producing party shall not unreasonably deny a receiving party's request to make (and log) additional copies, providing that the request is for good cause and for use that otherwise complies with this order;

(9)     The receiving party may include excerpts of source code in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents ("SOURCE CODE DOCUMENTS").  The receiving party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the source code is used.

(10)     To the extent portions of source code are quoted in a SOURCE CODE DOCUMENT, either (1) the entire document will be stamped and treated as RESTRICTED CONFIDENTIAL-SOURCE CODE or (2) those pages containing quoted source code will be separately bound, and stamped and treated as RESTRICTED CONFIDENTIAL-SOURCE CODE.

(11)     All paper copies shall be securely destroyed if they are no longer in use (e.g. unmarked and/or spare copies at the conclusion of a deposition).  Copies of source code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

(12)    Except as provided in this paragraph 1(c)(ii)(12), the receiving party may not create electronic images, or any other images, of the source code from the paper copy for use on a computer (e.g., may not scan the source code to a PDF, or photograph the code).  The receiving party may create an electronic copy or image of selected portions of the source code only when reasonably necessary to accomplish any filing with the Court or to serve any pleadings or other papers on any other party; to prepare internal attorney work product materials; or to prepare other necessary case materials such as testifying expert reports, consulting expert written analyses, and related drafts and correspondences).  Images or copies of source code shall not be included in correspondence between the parties (references to production numbers and source code page and line numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein.  The receiving party may create an electronic image of a selected portion of the source code files produced by the producing party (or copies thereof) only when the electronic file containing such image has been encrypted using commercially reasonable encryption software including password protection; pleadings, briefs, and other work product containing excerpts of source code need not be encrypted.  The communication and/or disclosure of electronic files containing any portion of source code shall at all times be limited to individuals who are authorized to see source code under the provisions of this Protective Order.  The receiving party shall maintain a log of all electronic images and paper copies of source code in its possession or in the possession of its retained consultants, including the names of the recipients and reviewers of any electronic or paper copies and the locations where the copies are stored.  Additionally, all electronic copies must be labeled "RESTRICTED CONFIDENTIAL - SOURCE CODE".

(13)     The receiving party's outside counsel may only disclose a copy of the source code to individuals specified in paragraph 1(b)(ii) above (e.g., source code may not be disclosed to in-house counsel).

2.     Prosecution Bar

a.     Any person reviewing any of an opposing party's Confidential Materials, Confidential Outside Counsel Only Materials or Source Code  (all of which shall also be referred to as "PROSECUTION BAR MATERIALS") shall not, for a period commencing upon receipt of such information and ending one year following the conclusion of this case (including any appeals) engage in any PROSECUTION ACTIVITY on behalf of a party asserting a patent in this case. Furthermore, any person reviewing PROSECUTION BAR materials shall not, for a period commencing upon receipt of such information and ending one year following the conclusion of this case (including any appeals) engage in any PROSECUTION ACTIVITY involving claims on a method, apparatus, or system in the subject area (including but not limited to Internet and network search algorithms, protocols and user profiles) of this litigation.

b.     The following documents and materials shall not be eligible for classification as PROSECUTION BAR materials: (i) documents and information related only to damages or reasonable royalty rates; (ii) publications, including patents and published patent applications; (iii) documents or information, irrespective of their confidentiality designation, properly admitted into evidence at a trial or hearing and not placed under seal, unless the failure to do so is inadvertent; (iv) materials regarding third party systems or products that were publicly known, on sale, or in public use before March 6, 2001, unless such materials are designated as PROSECUTION BAR materials by a third party; and (v) information that is publicly available.

c.     PROSECUTION ACTIVITY shall mean attempting to obtain a patent or the allowance of the claims of a patent, such as: (1) prepare and/or prosecute any patent application (or

portion thereof), whether design or utility, and either in the United States or abroad on behalf of a patentee or assignee of patentee's rights ; (2) prepare patent claim(s) on behalf of a patentee or assignee of patentee's rights ; or (3) provide advice, counsel or suggestions regarding, or in any other way influencing, claim scope and/or language, embodiment(s) for claim coverage, claim(s) for prosecution, or products or processes for coverage by claim(s) on behalf of a patentee or assignee of patentee's rights. PROSECUTION ACTIVITY does not include participation in reexamination proceedings when challenging, or representing a party challenging, a patent through reexamination. Moreover, nothing in this Protective Order shall bar counsel from advising his or her client about the content and applicability of prior art cited to or by the Patent Office during reexamination proceedings so long as counsel is not advising his or her client on amendments to the claims. The parties expressly agree that the PROSECUTION BAR set forth herein shall be personal to any attorney who reviews PROSECUTION BAR material and shall not be imputed to any other persons or attorneys at the attorneys' law firm. It is expressly agreed that attorneys who work on this matter without reviewing PROSECUTION BAR material shall not be restricted from engaging in PROSECUTION ACTIVITY on other matters that fall within the PROSECUTION BAR. Moreover, nothing in this paragraph shall prevent any attorney from sending Prior Art to an attorney involved in patent prosecution for purposes of ensuring that such Prior Art is submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government) to assist a patent applicant in complying with its duty of candor. Prior Art shall mean (i) publications, including patents and published patent applications; and (ii) materials or information regarding third party systems or products that were publicly known, on sale, or in public use before March 6, 2001, unless such materials are designated as PROSECUTION BAR materials by a third party.

3.      Disclosure of Technical Advisors

a.      Information designated by the producing party under any category of Protected Information and such copies of this information as are reasonably necessary for maintaining, defending or evaluating this litigation may be furnished and disclosed to the receiving party's technical advisers and their necessary support personnel.  The term "technical adviser" shall mean an independent, outside expert witness or consultant with whom counsel may deem it necessary to consult and whom complies with paragraph 3(b).

b.      No disclosure of Protected Information to a technical adviser or their necessary support personnel shall occur until that person has signed the form attached hereto as Attachment A, and a signed copy has been provided to the producing party; and to the extent there has been an objection under paragraph 3(c), that objection is resolved as discussed below.

c.      A party desiring to disclose Protected Information to a technical adviser shall also give prior written notice by email to the producing party, who shall have ten (10) business days after such notice is given to object in writing.  The party desiring to disclose Protected Information to a technical adviser must provide the following information for each technical adviser:  name, address, curriculum vitae, current employer, employment history for the past four (4) years, and a listing of cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.  No Protected Information shall be disclosed to such expert(s) or consultant(s) until after the expiration of the foregoing notice period.

d.      A party objecting to disclosure of Protected Information to a technical adviser shall state with particularity the ground(s) of the objection and the specific categories of documents that are the subject of the objection.  The objecting party's consent to the disclosure of Protected Information to a technical adviser shall not be unreasonably withheld, and its objection must be

based on that party's good faith belief that disclosure of its Protected Information to the technical adviser will result in specific business or economic harm to that party.

       e.    If after consideration of the objection, the party desiring to disclose the Protected Information to a technical adviser refuses to withdraw the technical adviser, that party shall provide notice to the objecting party. Thereafter, the objecting party shall move the Court, within ten (10) business days of receiving such notice, for a ruling on its objection. A failure to file a motion within the ten (10) business day period shall operate as an approval of disclosure of the Protected Information to the technical adviser. The parties agree to cooperate in good faith to shorten the time frames set forth in this paragraph if necessary to abide by any discovery or briefing schedules.

       f.    The objecting party shall have the burden of showing to the Court "good cause" for preventing the disclosure of its Protected Information to the technical adviser. This "good cause" shall include a particularized showing that: (1) the Protected Information is confidential commercial information, (2) disclosure of the Protected Information would result in a clearly defined and serious injury to the objecting party's business, and (3) the proposed technical advisor is in a position to allow the Protected Information to be disclosed to the objecting party's competitors.

    4.    Challenges to Confidentiality Designations

       a.    The parties shall use reasonable care when designating documents or information as Protected Information. Nothing in this Order shall prevent a receiving party from contending that any documents or information designated as Protected Information have been improperly designated. A receiving party may at any time request that the producing party cancel or modify the Protected Information designation with respect to any document or information contained therein.

b.      A party shall not be obligated to challenge the propriety of a designation of any category of Protected Information at the time of production, and a failure to do so shall not preclude a subsequent challenge thereto.  Such a challenge shall be written, shall be served on counsel for the producing party, and shall particularly identify the documents or information that the receiving party contends should be differently designated.  The parties shall use their best efforts to resolve promptly and informally such disputes.  If an agreement cannot be reached, the receiving party shall request that the Court cancel or modify a designation.  The burden of demonstrating the confidential nature of any information shall at all times be and remain on the designating party.

c.      Until a determination by the Court, the information in issue shall be treated as having been properly designated and subject to the terms of this Order.

5.      Limitations on the Use of Protected Information

a.      All Protected Information  shall be held in confidence by each person to whom it is disclosed, shall be used only for purposes of this litigation, shall not be used for any business purpose, and shall not be disclosed to any person who is not entitled to receive such information as herein provided.  All produced Protected Information shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information.

b.      Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial and may testify concerning all Protected Information of which such person has prior knowledge or previously received.  Without in any way limiting the generality of the foregoing:

i.      A present director, officer, and/or employee of a producing party may be examined and may testify concerning all Protected Information which has been produced by that

party and which identifies on its face the present director, officer, and/or employee as an author or recipient;

        ii.    A former director, officer, agent and/or employee of a producing party may be interviewed, examined and may testify concerning all Protected Information of which he or she has prior knowledge or previously received, including any Protected Information that refers to matters of which the witness has personal knowledge, which has been produced by that party and which pertains to the period or periods of his or her employment; and

        iii.    Non-parties may be examined or testify concerning any document containing Protected Information of a producing party which appears on its face or from other documents or testimony to have been received from or communicated to the non-party as a result of any contact or relationship with the producing party or a representative of the producing party. Any person other than the witness, his or her attorney(s), or any person qualified to receive Protected Information under this Order shall be excluded from the portion of the examination concerning such information, unless the producing party consents to persons other than qualified recipients being present at the examination. If the witness is represented by an attorney who is not qualified under this Order to receive such information, then prior to the examination, the producing party shall request that the attorney provide a signed statement, in the form of Attachment A hereto, that he or she will comply with the terms of this Order and maintain the confidentiality of Protected Information disclosed during the course of the examination. In the event that such attorney declines to sign such a statement prior to the examination, the parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from disclosing Protected Information.

        c.    All transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents submitted to the Court which have been designated as Protected

Information, or which contain information so designated, shall be filed under seal in a manner prescribed by the Court for such filings. Any party may, by sending a letter to the Clerk of this Court and including an appropriately labeled envelope, cause to be sealed a previously unsealed filing that contains "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL ONLY" material. The Clerk of this Court is directed to maintain under seal all documents and transcripts of deposition testimony, answers to interrogatories, admissions and other documents filed in court in this litigation which have been designated, in whole or in part, as "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL ONLY."

        d.      Outside attorneys of record for the parties are hereby authorized to be the persons who may retrieve confidential exhibits and/or other confidential matters filed with the Court upon termination of this litigation without further order of this Court, and are the persons to whom such confidential exhibits or other confidential matters may be returned by the Clerk of the Court, if they are not so retrieved. No material or copies thereof so filed shall be released except by order of the Court, to outside counsel of record, or as otherwise provided for hereunder. Notwithstanding the foregoing and with regard to material designated as Restricted Confidential - Source Code , the provisions of Section C are controlling to the extent those provisions differ from this paragraph.

        e.      Protected Information shall not be copied or otherwise produced by a receiving party, except for transmission to qualified recipients, without the written permission of the producing party, or, in the alternative, by further order of the Court. Nothing herein shall, however, restrict a qualified recipient from making working copies, abstracts, digests and analyses of CONFIDENTIAL and CONFIDENTIAL OUTSIDE COUNSEL ONLY information for use in connection with this litigation and such working copies, abstracts, digests and analyses shall be deemed Protected Information under the terms of this Order. Further, nothing herein shall restrict a

qualified recipient from converting or translating CONFIDENTIAL and CONFIDENTIAL OUTSIDE COUNSEL ONLY information into machine readable form for incorporation into a data retrieval system used in connection with this action, provided that access to that Protected Information, in whatever form stored or reproduced, shall be limited to qualified recipients.

        f.      Documents containing information designated CONFIDENTIAL, or CONFIDENTIAL OUTSIDE COUNSEL ONLY and notes or other records regarding such information shall be stored or viewed only at: (i) the offices and domiciles of counsel as defined in paragraph 1, or in other locations as long as such documents and information are in the possession and control of counsel as defined in paragraph 1; (ii) the site where any deposition relating to the information is taken; (iii) the offices and domiciles of outside consultants as defined in paragraphs 1 and 3, or in other locations as long as such documents and information are in the possession and control of outside consultants as defined in paragraphs 1 and 3, (iv) the business location of a jury consultant and the site or sites where jury research is conducted; (v) the Court; (vi) any intermediate location reasonably necessary to transport the information (e.g., a hotel prior to the deposition); or (vii) the offices of court reporters and videographers as necessary. A person having custody of any Protected Information shall maintain it in a manner that permits access only to qualified persons.

        g.      At the request of any party, the original and all copies of any deposition transcript, in whole or in part, shall be marked "CONFIDENTIAL" by the reporter. This request may be made orally during the deposition or in writing within fifteen (15) days of receipt of the final certified transcript. Deposition transcripts shall be treated as CONFIDENTIAL OUTSIDE COUNSEL ONLY until the expiration of the time to make a confidentiality designation. Any portions so designated shall thereafter be treated in accordance with the terms of this Order.

      h.      Where testimony is designated at a deposition, all persons other than those to whom the Protected Information may be disclosed under paragraphs 1(a)(vi) and 1(b)(ii) of this Order shall be excluded, with the exception that in-house counsel for a deponent who is an employee of a party shall be permitted to remain.

6.      Late Designations

In addition to the designations described in this Order, any person or party may at any later time designate material for protection under this Order by written notice to all parties.  All parties and persons who receive any such "late" notice shall thereafter treat the Protected Information in accordance with the designation.  The failure to designate materials in accordance with the terms of this Order may be considered in any challenge to the designation.  Any party designating material after the time period specified herein is responsible for providing an appropriately labeled or stamped version of the re-designated material to all other parties or providing services to label or stamp produced material.

7.      Non-Party Use of This Protective Order

      a.      A nonparty producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information as Protected Information pursuant to the terms of this Protective Order.

      b.      A nonparty's use of this Protective Order to protect its Protected Information does not entitle that nonparty access to the Protected Information produced by any party in this case.

8.      No Waiver of Privilege

Nothing in this Protective Order shall require production of information that a party contends is protected from disclosure by the attorney-client privilege, the work product immunity or other privilege, doctrine, right, or immunity.  If information subject to a claim of attorney-client privilege,

work product immunity, or other privilege, doctrine, right, or immunity is nevertheless inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver or estoppel as to any such privilege, doctrine, right or immunity. Any party that inadvertently produces materials protected the attorney-client privilege, work product privilege, or other privilege, doctrine, right, or immunity may obtain the return of those materials by promptly notifying the recipient(s) and providing a privilege log for the inadvertently produced materials. The recipient(s) shall gather and return all copies of the privileged material to the producing party, except for any pages containing privileged markings by the recipient, which pages shall instead be destroyed and certified as such by the recipient to the producing party. Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege or immunity designation (based on information independent of the snapped-back content of the allegedly privileged materials in question) by submitting a written challenge to the Court. Notwithstanding this provision, outside litigation counsel of record are not required to delete information that may reside on their respective firm's electronic back-up systems that are over-written in the normal course of business.

9. Subject to the restrictions of Section 2, nothing in this Protective Order shall bar counsel from rendering advice to his or her client with respect to this litigation and, in the course thereof, relying upon any Protected Materials, provided that counsel does not disclose Protected Materials in a manner not specifically authorized under this Protective Order.

10. Miscellaneous Provisions

a. Any of the notice requirements herein may be waived, in whole or in part, but only in writing signed by the attorney-in-charge for the party against whom such waiver will be effective.

b.     Inadvertent or unintentional production of documents or things containing Protected Information which are not designated as one or more of the three categories of Protected Information at the time of production shall not be deemed a waiver in whole or in part of a claim for confidential treatment.  With respect to documents, the producing party shall immediately notify the other parties of the error in writing and provide replacement pages bearing the appropriate confidentiality legend.  In the event of any unintentional or inadvertent disclosure of Protected Information other than in a manner authorized by this Protective Order, counsel for the party responsible for the disclosure shall immediately notify opposing counsel of all of the pertinent facts, and make every effort to further prevent unauthorized disclosure including, retrieving and returning all copies of the Protected Information from the recipient(s) thereof, destroying any notes made regarding the information, and securing the agreement of the recipients not to further disseminate the Protected Information in any form.  Compliance with the foregoing shall not prevent the producing party from seeking further relief from the Court.

c.     Within sixty (60) days after the entry of a final non-appealable judgment or order, or the complete settlement of all claims asserted against all parties in this action, each party shall, at the option of the producing party, either return or destroy all physical objects and documents which embody Protected Information it has received, and shall destroy in whatever form stored or reproduced, all physical objects and documents, including but not limited to, correspondence, memoranda, notes and other work product materials, which contain or refer to any category of Protected Information.  All Protected Information, not embodied in physical objects and documents shall remain subject to this Order.  In the event that a party is dismissed before the entry of a final non-appealable judgment or order, this same procedure shall apply to any Protected Information received from or produced to the dismissed party.  Notwithstanding this provision, outside litigation

counsel of record are not required to delete information that may reside on their respective firm's electronic back-up systems that are over-written in the normal course of business. Notwithstanding the foregoing, outside counsel shall be entitled to maintain copies of all pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at any hearing or trial, and their attorney work product which refers or is related to any CONFIDENTIAL and CONFIDENTIAL OUTSIDE COUNSEL ONLY information for archival purposes only. If a party opts to destroy CONFIDENTIAL or CONFIDENTIAL OUTSIDE COUNSEL ONLY information, the party must provide a Certificate of Destruction to the producing party.

d.      If at any time documents containing Protected Information are subpoenaed by any court, arbitral, administrative or legislative body, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to every party who has produced such documents and to its counsel and shall provide each such party with an opportunity to object to the production of such documents. If a producing party does not take steps to prevent disclosure of such documents within ten (10) business days of the date written notice is given, the party to whom the referenced subpoena is directed may produce such documents in response thereto.

e.      Testifying experts shall not be subject to discovery on any draft of their reports in this case and such draft reports, notes, outlines, or any other writings leading up to an issued report(s) in this litigation are exempt from discovery. In addition, all communications to and from a testifying expert, and all materials generated by a testifying expert with respect to that person's work, are exempt from discovery unless relied upon by the expert in forming any opinions in this litigation. No discovery can be taken from any consulting expert except to the extent that consulting expert has provided information, opinions or other materials to a testifying expert, who then relies upon such information, opinions or other

materials in forming his final report, trial or deposition testimony or any opinion in this case. Materials, communications and other information exempt from discovery under this Paragraph shall be treated as attorney-work product for the purposes of this litigation and protective order. Nothing in this Paragraph shall be construed to bar discovery from any current or former employees of PA Advisors or any Defendant; provided however that their communications with testifying and/or consulting experts will be treated in accordance with this paragraph.

        f.      Documents produced in this case with a designation of "HIGHLY CONFIDENTIAL" shall be treated as if such documents were designated as CONFIDENTIAL OUTSIDE COUNSEL ONLY under this Protective Order.

        g.     No party shall be required to identify on their respective privilege log any document or communication dated on or after the filing of the lawsuit, which absent this provision, the party would have been obligated to so identify on said privilege log.

        h.     This Order shall survive termination of this action and this Court retains jurisdiction of the parties hereto, and of any person who executes a copy of Attachment A indefinitely, as to any dispute between any of them regarding the improper use of information disclosed pursuant to this Order.

        i.     This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Order, when convenience or necessity requires. Furthermore, without application to this Court, any party that is a beneficiary of the protections of this Order may enter a written agreement releasing any other party hereto from one or more requirements of this Order even if the conduct subject to the release would otherwise violate the terms herein.

11.     Discovery Only

Except as provided otherwise here, this Order only governs discovery.  The parties shall meet and confer after the pretrial conference concerning appropriate methods for dealing with Protected Information at trial not addressed herein.  In hearings in which "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL ONLY" material is specifically discussed, all persons not qualified to see the "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL ONLY" material shall be excluded.

This Order shall not be deemed a waiver of and shall not affect any party's right:

a.      to object to any discovery requests on any ground;

b.      to seek an order compelling discovery; and

c.      to object to the admission of any evidence on any ground.

The mere execution by a consultant of a Attachment A shall not render the identity of that person discoverable, and the mere qualification of a consultant shall not render the opinions and analysis of that consultant discoverable.

The United States District Court for the Eastern District of Texas, Marshall Division, is responsible for the interpretation and enforcement of this Agreed Protective Order.  After termination of this litigation, the provisions of this Agreed Protective Order shall continue to be binding except with respect to those documents and information that become a matter of public record.  This Court retains and shall have continuing jurisdiction over the parties and recipients of the Designated Material for enforcement of the provision of this Agreed Protective Order following termination of this litigation.  All disputes concerning Designated Material produced under the protection of this Agreed Protective Order shall be resolved by the United States District Court for the Eastern District of Texas, Marshall Division.

**SIGNED** this 8th day of October, 2008.

_____

DAVID FOLSOM
UNITED STATES DISTRICT JUDGE

## <u>ATTACHMENT A TO THE PROTECTIVE ORDER</u>

CONFIDENTIAL AGREEMENT

I reside at _____.

1.	My present employer is _____.

2.	My present occupation or job description is _____.

3.	I have read the Agreed Protective Order dated _____, 2008, and have been engaged as _____ on behalf of _____ in the preparation and conduct of litigation styled *PA Advisors, LLC v. Google Inc., et al.*

4.	I am fully familiar with and agree to comply with and be bound by the provisions of said Order. I understand that I am to retain all copies of any documents designated as CONFIDENTIAL, CONFIDENTIAL OUTSIDE COUNSEL ONLY and/or RESTRICTED CONFIDENTIAL-SOURCE CODE information in a secure manner, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies and any writings prepared by me containing any CONFIDENTIAL, CONFIDENTIAL OUTSIDE COUNSEL ONLY and/or RESTRICTED CONFIDENTIAL-SOURCE CODE information are to be returned to counsel who provided me with such material.

5.	I will not divulge to persons other than those specifically authorized by said Order, and will not copy or use except solely for the purpose of this action, any information obtained pursuant to said Order, except as provided in said Order. I also agree to notify any stenographic or clerical personnel who are required to assist me of the terms of said Order.

6.	In accordance with paragraph ___ of the Agreed Protective Order (if applicable), I have attached my resume, curriculum vitae or other information to this executed Confidentiality Agreement sufficient to identify my current employer and employment history for the past four (4) years, and the cases in which I have testified as an expert at trial or by deposition within the preceding four (4) years.

7.	I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Executed on _____, 20____.


	_____