```
 1                UNITED STATES DISTRICT COURT

 2                 EASTERN DISTRICT OF TEXAS

 3                     MARSHALL DIVISION

 4  PA ADVISORS, LLC              .  DOCKET NO. 2:07CV480

 5  VS.                           .  MARSHALL, TEXAS

 6  GOOGLE, INC.                  .  OCTOBER 6, 2008, 10:36 A.M.

 7              MOTION FOR PROTECTIVE ORDER

 8           BEFORE THE HONORABLE DAVID FOLSOM,

 9              UNITED STATES DISTRICT JUDGE.

10  APPEARANCES:

11  FOR PLAINTIFF:                MR. ANDREW W. SPANGLER
                                  SPANGLER LAW PC
12                                208 N. GREEN ST.
                                  SUITE 300
13                                LONGVIEW, TX.  75601

14  FOR DEFENDANT GOOGLE INC.:    MR. BRIAN C. CANNON
                                  QUINN EMANUEL URQUHART
15                                OLIVER & HEDGES
                                  555 TWIN DOLPHIN DRIVE
16                                SUITE 560
                                  REDWOOD SHORES, CA.  94065
17
                                  MR. JEFF BENTCH
18                                BECK, REDDEN & SECREST
                                  ONE HOUSTON CENTER
19                                1221 MCKINNEY STREET
                                  SUITE 4500
20                                HOUSTON, TX.  77010

21  FOR DEFENDANT YAHOO!, INC.:   MR. JASON C. WHITE
                                  HOWREY LLP
22                                321 NORTH CLARK STREET
                                  SUITE 3400
23                                CHICAGO, IL.  60610

24  COURT REPORTER:               MS. LIBBY CRAWFORD, CSR
                                  OFFICIAL COURT REPORTER
25                                500 STATE LINE AVENUE
```

**TEXARKANA, TX. 75501**
**903.794.4067 EXT. 237**

**PROCEEDINGS RECORDED BY STENOMASK VERBATIM REPORTING,**

**TRANSCRIPT PRODUCED BY CAT SYSTEM.**

<u>**P R O C E E D I N G S**</u>

**MARSHALL, TEXAS**

**OCTOBER 6, 2008**

(OPEN COURT)

THE COURT: GOOD MORNING, GENTLEMEN. THIS IS THE PROTECTIVE ORDER ISSUE. I SORT OF FOUND MYSELF, AS I READ THROUGH THIS YESTERDAY, ASKING MYSELF WHY I SET THIS BUT, NEVERTHELESS, WE ARE HERE. SO, MY UNDERSTANDING, YOUR PRIMARY -- EVERYONE MAY HAVE A SEAT. WHY DON'T WE MAKE ANNOUNCEMENTS FOR MRS. CRAWFORD'S BENEFIT AS FAR AS THE ATTORNEYS PRESENT AND WHO YOU REPRESENT.

MR. SPANGLER: YOUR HONOR, ANDREW SPANGLER ON BEHALF OF PA ADVISORS, READY TO PROCEED.

MR. CANNON: GOOD MORNING, YOUR HONOR. THIS IS BRIAN CANNON ON BEHALF OF GOOGLE. WITH ME IS JEFF BENTCH.

MR. WHITE: GOOD MORNING, YOUR HONOR, JASON WHITE ON BEHALF OF YAHOO!.

THE COURT: VERY WELL. AND WE HAVE AN ISSUE OF SOURCE CODE, WHERE IT'S TO BE MADE AVAILABLE FOR INSPECTION. MY UNDERSTANDING, ESSENTIALLY WE HAVE AN ISSUE OF PLAINTIFFS SUGGESTING DALLAS, DEFENDANTS SUGGESTING CALIFORNIA, AND PERHAPS WE HAVE A DISAGREEMENT AS TO THE AMOUNT OF NOTICE. MAYBE THE PLAINTIFFS ARE SAYING TWENTY-FOUR HOURS AND THE DEFENDANTS WANTING MORE TIME. IS THAT CORRECT?

MR. CANNON: THAT'S ESSENTIALLY CORRECT, YOUR HONOR.

1   I THINK THAT THE NOTICE PERIOD IS SECONDARY TO THE LOCATION.
2   THE DEFENDANTS WOULD LIKE THE SOURCE CODE INSPECTED WHERE IT
3   IS PHYSICALLY LOCATED, WHICH IS NORTHERN CALIFORNIA.
4              THE COURT: RIGHT.  SO THOSE ARE ESSENTIALLY THE
5   ISSUES WE NEED TO WORK THROUGH.  SO WHAT DO YOU SAY ON BEHALF
6   OF THE PLAINTIFF?
7              MR. SPANGLER: YOUR HONOR, BASICALLY, AND I AM GOING
8   TO GO THROUGH THE ARGUMENT THAT THE DEFENDANTS HAVE MADE BOTH
9   IN THE PROTECTIVE ORDER AND THEIR SUPPLEMENTAL BRIEF.  WE
10  BELIEVE THAT THIS CASE SHOULD BE TREATED THE SAME AS THE
11  POLARIS CASE, THE BRIGHT RESPONSE CASE.  THERE ARE A NUMBER OF
12  REASONS.
13       FIRST, THE DEFENDANTS SAY THAT THIS --
14             THE COURT: IS THAT, I AM TRYING TO REMEMBER, IS THAT
15  ONE OF MY CASES OR IS THIS --
16             MR. SPANGLER: THAT CASE IS IN FRONT OF JUDGE
17  EVERINGHAM RIGHT NOW.
18             THE COURT: IS THAT A RELATED CASE IN ANY FASHION?
19             MR. SPANGLER: NOT RELATED IN TERMS OF PARTIES BUT IN
20  TERMS OF CORE TECHNOLOGY.  YOU HAVE BOTH CASES ARE GOING ON
21  ABOUT THE SAME TIME.  YOU HAVE BOTH GOOGLE AND YAHOO! IN THE
22  CASES; YOU HAVE SOME OF THE SAME PLAINTIFF LAWYERS; YOU HAVE
23  THE SAME LOCAL COUNSEL FOR GOOGLE; YOU HAVE THE SAME NATIONAL
24  AND LOCAL COUNSEL FOR YAHOO!  THE SOURCE CODE EXPERT IS THE
25  SAME IN BOTH CASES.

1  THE COURT: WHERE DOES THE PLAINTIFF'S EXPERT RESIDE?

2  MR. SPANGLER: AUSTIN.

3  THE COURT: AUSTIN.

4  MR. SPANGLER: YES, YOUR HONOR. ONE THING I WANTED
5  TO POINT OUT IS IN THE SUPPLEMENTAL BRIEF THE DEFENDANTS
6  ALLEGE THAT THEY SHOULDN'T HAVE TO PRODUCE IT IN DALLAS
7  BECAUSE WE HAVE ACCUSED A WIDER RANGE OF PRODUCTS IN THIS CASE
8  VERSUS IN THE BRIGHT RESPONSE CASE. IN FACT, IF YOU LOOK AT
9  THE INFRINGEMENT CONTENTIONS, THEY ARE EXACTLY THE SAME
10 ACCUSED PRODUCTS, EXACTLY THE SAME. SO YOU HAVE THE SOURCE
11 CODE EXPERT THAT TRAVELS TO DALLAS TO LOOK AT THE CODE, THE
12 GOOGLE CODE AND THE YAHOO! CODE, WHO THEN HAS TO TRAVEL TO
13 NORTHERN CALIFORNIA TO ESSENTIALLY DO SIMILAR --

14 THE COURT: WAS THAT PROTECTIVE ORDER AGREED UPON OR
15 IS THAT JUDGE EVERINGHAM'S RULING?

16 MR. SPANGLER: IT WAS AGREED UPON. IT WAS AGREED
17 UPON BY YAHOO!'S COUNSEL THAT IS SITTING HERE TODAY. THE
18 OTHER THING IS THEY SAY THEY CAN'T GIVE UP PHYSICAL CONTROL,
19 THAT THEY NEED TO HOLD ONTO IT BECAUSE THEY ARE SCARED ABOUT
20 TRANSPORTING IT. WELL, WE WILL AGREE TO FLY SOMEONE TO DALLAS
21 WITH THE SOURCE CODE IN HAND. THAT'S NOT A PROBLEM. SO THEY
22 NEVER GIVE UP PHYSICAL CONTROL. AND THE ARGUMENT THAT THEY --

23 THE COURT: WHAT ABOUT THE NOTICE ISSUE, WHY DO YOU
24 FEEL TWENTY-FOUR HOURS IS SUFFICIENT?

25 MR. SPANGLER: WHATEVER IS IN THE BRIGHT RESPONSE

1  CASE, THE POLARIS CASE, WE WILL AGREE TO THAT IN THIS CASE.  I
2  DON'T KNOW WHAT THE -- I DON'T REMEMBER WHAT IT IS, BUT IF
3  IT'S FORTY-EIGHT HOURS, THAT'S FINE.  IF IT'S TWENTY-FOUR, WE
4  DON'T UNDERSTAND WHY IN ONE CASE WITH THE SAME ACCUSED
5  PRODUCTS, THE SAME LAWYERS THAT AGREED TO IT, WHY WE CAN'T
6  HAVE THAT NOW.
7           THE COURT:  VERY WELL.  COMMENTS ON BEHALF OF GOOGLE.
8           MR. CANNON:  YES, YOUR HONOR.  I AM NOT A LAWYER IN
9  THE POLARIS CASE.  I DID NOT REPRESENT GOOGLE IN THE POLARIS
10 CASE.  IT IS NOT A RELATED CASE.  IT'S A DIFFERENT PATENT, A
11 DIFFERENT INVENTOR.  PLAINTIFF'S COUNSEL MAY BE THE SAME, BUT
12 DEFENDANT'S COUNSEL IS TO SOME DEGREE DIFFERENT.  SO THE
13 TECHNOLOGY IS DIFFERENT BECAUSE IT'S A DIFFERENT PATENT.  AND
14 IN THAT CASE THE PROTECTIVE ORDER WAS AGREED UPON.  IT AROSE
15 OUT OF A SERIES OF NEGOTIATIONS AND COMPROMISES, YOUR HONOR,
16 AND IT SHOULD NOT SERVE AS THE DEFAULT RULE FOR ALL CASES
17 MOVING FORWARD.
18     WE SUBMITTED A SUPPLEMENTAL BRIEF WHERE ONE OF THE
19 ARGUMENTS WE MADE IS THE RISK IS CUMULATIVE.  WHAT THAT MEANS
20 IS IF GOOGLE AND YAHOO! HAVE TO REPEATEDLY SEND ITS SOURCE
21 CODE OUT OF ITS PHYSICAL LOCATION, THE RISK FOR SOMETHING
22 HAPPENING TO THAT SOURCE CODE INCREASES.  SO A RULE THAT'S
23 AGREED TO IN ONE CASE SHOULD NOT SERVE FOREVER MORE AS THE
24 RULE THAT GOOGLE AND YAHOO! SHOULD TRANSPORT THEIR SOURCE CODE
25 OUT OF WHERE IT IS PHYSICALLY LOCATED.

1    AND ONE THING I REALLY WANT TO EMPHASIZE THIS MORNING IS
2    JUST HOW VALUABLE THIS SOURCE CODE IS.  THE REMAINDER OF THE
3    DOCUMENTS WE HAVE AGREED TO PRODUCE ON CDS IN SEARCHABLE
4    FORMAT.  WE CAN SEND THEM TO PLAINTIFFS, TO PLAINTIFF'S
5    OFFICES IN TEXAS SO THEY CAN INSPECT THEM AND SEARCH THEM AND
6    BUILD THEIR CASE AS THEY SEE FIT.
7    THE SOURCE CODE IS DIFFERENT, YOUR HONOR.  THE SOURCE
8    CODE REPRESENTS THE ACTUAL SOFTWARE THAT GOOGLE AND YAHOO!
9    HAVE BUILT THEIR BUSINESSES ON.  IT'S THE SOFTWARE THAT TELLS
10   THE COMPUTERS WHAT TO DO.  AND THE PROBLEM IS ONCE, IF THAT IS
11   COMPROMISED IN ANY WAY, THE INVESTMENT THAT GOOGLE AND YAHOO!
12   MADE IN THAT SOFTWARE IS, I MEAN, THE DOWNSIDE IS CATASTROPHIC
13   COMPARED TO THE, I WOULD SAY, RELATIVELY MINOR INCONVENIENCE
14   OF HAVING AN EXPERT IN A HIGH PROFILE KIND OF CASE HAVE TO FLY
15   TO WHERE THE SOURCE CODE IS LOCATED.
16   AND PLAINTIFF HAS TOLD US THAT IT HAS AN EXPERT IN
17   AUSTIN.  WE HAD NOT HEARD THAT BEFORE. UNDER THE PROTECTIVE
18   ORDER, THERE HAS BEEN NO DISCLOSURE OF AN EXPERT YET.  SO THAT
19   WAS NEWS TO US THIS MORNING.  I AM NOT SAYING IT'S NOT TRUE,
20   WE JUST DID NOT KNOW THAT THERE WAS AN EXPERT IN THE PA
21   ADVISOR'S CASE.
22   AND I GUESS MY BOTTOM LINE IS, IF YOU COMPARE THE
23   POTENTIAL PREJUDICE TO DEFENDANTS TO HAVING A RULE GOING
24   FORWARD THAT ITS SOURCE CODE HAS TO BE TRANSPORTED FROM WHERE
25   IT IS PHYSICALLY LOCATED, COMPARED TO THE INCONVENIENCE IN

1  THIS CASE OF HAVING A PLAINTIFF GO TO WHERE THE COMPANIES ARE
2  LOCATED, I WOULD SUBMIT, YOUR HONOR, THAT THE PREJUDICE TO
3  DEFENDANTS FAR OUTWEIGHS THE --
4          THE COURT: AND HOW MUCH NOTICE ARE YOU REQUESTING?
5          MR. CANNON: WELL, WE PROPOSE SEVENTY-TWO HOURS
6  NOTICE.  IF THE INSPECTION IS IN NORTHERN CALIFORNIA, WE CAN
7  GET A LOT LESS NOTICE.  IF THE ISSUE IS GETTING THE SOURCE
8  CODE, PUTTING IT ON A DISK AND TRANSPORTING IT SOMEWHERE, THAT
9  TAKES TIME.  IF WE DO IT IN NORTHERN CALIFORNIA, WE CAN HAVE
10 IT PRELOADED ON A COMPUTER AND PHYSICALLY TAKE IT FROM GOOGLE
11 OR YAHOO! UP TO COUNSEL'S OFFICES WHICH IS WITHIN THE
12 DISTRICT.  WE CAN ACCOMMODATE THEM ON A MUCH SHORTER NOTICE
13 PERIOD.
14         THE COURT: VERY WELL.  ANY ADDITIONAL COMMENTS?
15         MR. WHITE: ON BEHALF OF YAHOO! I WAS A PART OF THE
16 NEGOTIATION IN THE POLARIS CASE, YOUR HONOR, AND AS MY CO-
17 COUNSEL MENTIONED, THAT WAS A RESULT OF A SERIES OF COMPLEX
18 NEGOTIATIONS THAT WERE GIVE AND TAKE HERE AND THERE.  IF
19 YAHOO! WOULD HAVE UNDERSTOOD THAT IT WAS FOREVER AGREEING TO
20 PRODUCE ITS SOURCE CODE IN ALL INSTANCES IN TEXAS BY AGREEING
21 TO THAT PROTECTIVE ORDER, OBVIOUSLY THE NEGOTIATIONS MAY HAVE
22 GONE DIFFERENTLY AND WE MAY NOT HAVE AGREED TO THAT.
23         THE COURT: WHY DO YOU THINK THERE IS MORE POTENTIAL
24 FOR HARM IN THIS CASE VERSUS THE POLARIS CASE, WHICH I DON'T
25 KNOW ANYTHING ABOUT THE SUBJECT MATTER, BUT --

1  **MR. WHITE: I WAS SURPRISED TO HEAR THAT THE ACCUSED**
2  **TECHNOLOGIES ARE EXACTLY THE SAME BECAUSE I DON'T BELIEVE**
3  **THAT'S EXACTLY THE CASE.  I THINK THAT HERE THERE IS A WIDER**
4  **RANGE OF THESE APPLICATIONS IN TERMS OF THE LISTINGS OF**
5  **PRODUCTS.  SO IT DOES AT LEAST APPEAR TO US ON ITS FACE THAT**
6  **IT IS A BROADER ACCUSATION OF INFRINGEMENT.**
7  **THE COURT: WELL, I MEAN DO YOU THINK THAT INCREASES**
8  **THE POTENTIAL FOR HARM?**
9  **MR. WHITE: ABSOLUTELY. TO THE EXTENT IT SWEEPS IN**
10 **MORE CODE, OR MORE PRODUCTS, OR MORE TECHNOLOGY, THE RISK IS**
11 **JUST HEIGHTENED.**
12 **THE COURT: AND THEN WE WILL GIVE YOU A CHANCE TO**
13 **REPLY.  ADDITIONAL COMMENTS?**
14 **MR. CANNON: I JUST WANT TO ADD, YOUR HONOR, THE MORE**
15 **TIMES ONE PUTS A CD IN THE FED EX AND SENDS IT OUT OF STATE,**
16 **THE RISK SIMPLY INCREASES.  SO WHATEVER THE RISK THAT WAS, YOU**
17 **KNOW, EVALUATED BASED ON THE ACCUSED PRODUCTS IN THE POLARIS**
18 **CASE, A NEW CASE WITH MORE, YOU KNOW, THE MORE TIMES ONE**
19 **PHYSICALLY LETS GO OF THE SOURCE CODE, JUST SIMPLY THE GREATER**
20 **THE RISK THAT INCREASES.**
21 **THE COURT: NOW, REPLY COMMENTS.**
22 **MR. SPANGLER: THANK YOU, YOUR HONOR.  FIRST OF ALL,**
23 **THE LIST OF ACCUSED PRODUCTS, AND I HAVE THEM BOTH RIGHT HERE,**
24 **ARE EXACTLY THE SAME.  THERE IS NO DEFAULT RULE.  IN FACT, WE**
25 **WOULD ENCOURAGE THE COURT TO PUT A FOOTNOTE IN THE ORDER THAT**

1  SAYS THIS IS NOT A DEFAULT RULE.  THIS IS A UNIQUE SET OF
2  CIRCUMSTANCES.
3         THE COURT: OH, I LOOK AT EVERY ONE OF THESE
4  INDIVIDUALLY.  MAYBE SOME GUIDANCE FROM PAST ORDERS, BUT I
5  DON'T HAVE ANY TYPE OF DEFAULT RULE.
6         MR. SPANGLER: THE OTHER THING IS THEY SAY THEY HAVE
7  TO TAKE IT ON A DISK, LOAD IT ON A SECURE LAPTOP; IT HAS TO
8  LEAVE GOOGLE'S PREMISES AND YAHOO!'S PREMISES AND TRAVEL TO
9  THAT LAW FIRM.  IT IS LEAVING THE PREMISES.  SO WHAT WE SAY
10 IS, THEY DON'T WANT TO SEND IT FED EX.  YOU LOAD IT ON THE
11 SAME LAPTOP, WE WILL PAY FOR THE SAME PERSON THAT WAS GOING TO
12 GO, WE WILL PAY FOR THEM TO TRAVEL ON A PLANE.  THEY NEVER
13 GIVE UP PHYSICAL CONTROL.  THEY ARE ALREADY PRODUCING THAT, A
14 LOT OF THAT SAME SOURCE CODE IN THE POLARIS CASE.  THE
15 EFFICIENCIES ACTUALLY FAVOR US IN EVERY WAY.  THIS IS A UNIQUE
16 SET OF CIRCUMSTANCES.  WHEREAS THE DEFAULT RULE THAT CUTS
17 AGAINST THE PLAINTIFF IS YOU CAN HAVE IT IN ONE CASE, YOU CAN
18 HAVE ALL THIS OVERLAP, AND THEN BECAUSE THERE IS SUPPOSEDLY
19 MORE CODE OR IF THAT'S SENSITIVE, WHICH EVERY DEFENDANT
20 ALLEGES, YOU THEN -- THEY NEVER HAVE TO LEAVE THOSE PREMISES.
21 AND SO NOW IN EVERY CASE WE WOULD HAVE TO TRAVEL ALL OVER.  SO
22 THERE ARE ARGUMENTS BOTH WAYS.
23    WE THINK WITH THIS MUCH OVERLAP, SOME OF THE SAME
24 LAWYERS, THE EXACT SAME LAWYERS FOR YAHOO!, THE SAME ACCUSED
25 PRODUCTS, THE SAME TIME, IT JUST MAKES SENSE.

1        THE COURT: WHY DALLAS VERSUS MAYBE HOUSTON WHERE MR.
2 BECK'S OFFICE AND MR. WILLIAMS' OFFICE IS LOCATED?
3        MR. SPANGLER: THE PROBLEM WITH THAT IS WE HAVE
4 ALREADY NEGOTIATED ALL THAT WITH THE POLARIS CASE. AND WE DID
5 SAY IN THAT CASE WE DON'T CARE WHAT CITY IN TEXAS AS LONG AS
6 IT'S IN THE SAME STATE. SO SINCE WE HAVE ALREADY NEGOTIATED,
7 AND THIS WAS JUST A FEW WEEKS AGO IN DALLAS, WE WOULD LIKE TO
8 KEEP IT IN DALLAS.
9        THE COURT: VERY WELL. THEN I WILL TAKE THIS UNDER
10 ADVISEMENT, AND I WANT TO LOOK AT THE POLARIS ORDER AND SEE IF
11 I RECEIVE ANY GUIDANCE FROM THAT. AND I WILL HAVE SOMETHING
12 OUT BEFORE THIS WEEK IS OVER SO THIS CASE IS NOT DELAYED
13 ADDITIONALLY.
14    ANYTHING ELSE? I APPRECIATE YOUR COMMENTS, AND IF THERE
15 IS NOTHING MORE, WE WILL BE IN RECESS.
16    (ADJOURNED AT 10:46 A.M.)
17
18                  REPORTER'S CERTIFICATION
19    I CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM
20 THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.
21 DATE: <u>OCTOBER 15, 2008</u>          /S/LIBBY CRAWFORD
22                              LIBBY CRAWFORD, CSR
23                              OFFICIAL COURT REPORTER
24
25