UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PA ADVISORS LLC,<br><br>          Plaintiff,<br><br>     v.<br><br>GOOGLE INC., ET AL.<br><br>          Defendants. | Civil Action No. 2-07-CV-480-DF<br><br>JURY TRIAL REQUESTED |

### DEFENDANT GOOGLE INC.'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PA ADVISORS, LLC'S SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Defendant and counterclaimant Google Inc. ("Google") by and through the undersigned counsel, answers the Second Amended Complaint for Patent Infringement ("SAC") of plaintiff and counter-defendant PA ADVISORS, LLC ("Plaintiff"), as follows:

**Parties**

1.     Google is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 1 of the SAC and therefore denies them.

2.     Google admits it is a Delaware corporation with its corporate headquarters and principal place of business at 1600 Amphitheatre Parkway, Mountain View, California, 94043, and that it has answered and appeared in this suit.

3.     Google is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 3 of the SAC and therefore denies them.

4.     Google is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 4 of the SAC and therefore denies them.

5. Google is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 5 of the SAC and therefore denies them.

6. Google is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 6 of the SAC and therefore denies them.

7. Google is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 7 of the SAC and therefore denies them.

## Jurisdiction and Venue

8. Google admits that the SAC is an action for alleged patent infringement under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and admits that this Court has subject matter jurisdiction over such actions based on 28 U.S.C. §§ 1331 and 1338. Google denies any allegation of infringement of the patent identified in the SAC.

9. In response to paragraph 9 of the SAC and solely for the purpose of this action, Google does not contest venue in this District. However, the interests and convenience of the parties would be better served by transferring this case to a different district. Google denies any remaining allegations in paragraph 9.

10. Google admits that it is subject to personal jurisdiction in this District solely for the purpose of this action. Google admits that it has conducted and does conduct business in the Eastern District of Texas. Google denies that it has committed any acts of infringement within the Eastern District of Texas, or any other District. Google denies any remaining allegations in paragraph 10.

## COUNT I
## Infringement of U.S. Patent No. 6,199,067

11.  Google admits that what appears to be a copy of United States Patent No. 6,199,067 (the "'067 patent") is attached to the SAC as Exhibit A. Google denies any remaining allegations in paragraph 11.

12.  Google admits that page 1 of Exhibit A lists Ilya Geller as the inventor of the '067 patent. Google denies any remaining allegations in paragraph 12.

13.  Google denies the allegations in paragraph 13 of the SAC.

14.  Google is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 14 of the SAC and therefore denies them.

15.  Google is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 15 of the SAC and therefore denies them.

16.  Google is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 16 of the SAC and therefore denies them.

17.  Google is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 17 of the SAC and therefore denies them.

18.  Google is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 18 of the SAC and therefore denies them.

19.  Google denies any infringement and denies any actions could constitute willful infringement. Therefore, Google denies the allegations in paragraph 19 of the SAC.

20.  Google denies the allegations in paragraph 20 of the SAC.

21.  Google denies the allegations of paragraph 21 of the SAC. To the extent the allegations set forth in paragraph 21 relate to other defendants, Google lacks knowledge or

information sufficient to form a belief as to the truth of those allegations, and on this basis denies those allegations.

22. Google denies the allegations of paragraph 22 of the SAC. To the extent the allegations set forth in paragraph 22 relate to other defendants, Google lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on this basis denies those allegations.

**Prayer for Relief**

Google denies that Plaintiff is entitled to the relief sought by its Prayer for Relief, set forth on page 8 of the SAC.

**FIRST AFFIRMATIVE DEFENSE: Non-Infringement of the '067 Patent**

Google has not infringed and does not infringe, either directly, contributorily, or by inducement, any valid and enforceable claim of the '067 patent.

**SECOND AFFIRMATIVE DEFENSE: Invalidity and/or Enforceability of the '067 Patent**

The claims of the '067 patent are invalid for failure to satisfy one or more conditions of patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

**THIRD AFFIRMATIVE DEFENSE: Lack of Standing**

On information and belief, Plaintiff lacks the standing necessary to assert the claims of the '067 patent against Google.

**FOURTH AFFIRMATIVE DEFENSE: Unclean Hands**

On information and belief, the claims of the '067 patent are unenforceable due to Plaintiff's unclean hands.

## FIFTH AFFIRMATIVE DEFENSE: Unenforceability

On information and belief, the '067 patent is unenforceable due to the commission of inequitable conduct and violation of the provisions of 37 C.F.R. 1.56 in procuring the '067 patent by the named inventor, the prosecuting attorney, and/or other persons owing a duty of candor to the PTO. The named inventor, the prosecuting attorney, and/or other persons owing a duty of candor failed to disclose with the intent to deceive to the PTO material prior art in their possession, which they knew or should have known the PTO would consider material to the PTO's decision to grant the '067 patent.

U.S. Patent application no. 09/422,286 (the "'286 application") was filed on October 21, 1999 and included 63 different claims. The '286 application was ultimately issued as the '067 patent on March 6, 2001.

On January 20, 2000, PCT patent application no. PCT/US00/01373 (the "PCT Application") was applied for and claimed priority to the '286 application. The PCT Application is the foreign counterpart to the U.S. application and included the same 63 claims that were originally included in the '286 application.

On March 12, 2000, the examiner of the PCT Application prepared an International Search Report in which he identified three separate documents that he believed and stated were of "particular relevance" to the patentability of each of the 63 claims pending in the PCT Application: U.S. Patent Nos. 5,696,963; 5,761,662; and 5,778,380. The examiner noted, for each of the three U.S. patents, that "the claimed invention cannot be considered to involve an inventive step when the [patent] is combined with one or more other such [patents], such combination being obvious to a person skilled in the art."

The International Search Report and each of the three U.S. Patents cited therein were material to the prosecution of the '067 Patent. U.S. Patent No. 5,696,963 is entitled *System,*

*Method and Computer Program Product for Searching Through an Individual Document and Group of Documents*, and issued to inventor Don Ahn on December 9, 1997. This reference is material to the '067 patent application.

U.S. Patent No. 5,761,662 is entitled *Personalized Information Retrieval Using User-Defined Profile*, and issued to inventor Vasanthan S. Dasan on June 2, 1998. This reference is material to the '067 patent application.

U.S. Patent No. 5,778,380 is entitled *Intelligent Resource Transformation Engine for Translating Files*, and issued to inventor David M. Seifert on July 7, 1998. This reference is material to the '067 patent application.

The International Search Report identifying the three material prior art references was mailed to Edward Etkin, the attorney of record prosecuting the '286 application on April 12, 2000, prior to the issuance of the '067 patent. The International Search Report and prior art cited therein were maintained in the files of Mr. Etkin. The prosecuting attorney and others involved in the patent prosecution process had a duty to submit this information to the PTO.

Despite its identified materiality to the application, the named inventor of the '067 patent, the prosecuting attorney, and/or other persons having a duty of candor to the PTO failed to disclose any of this information to the PTO during the prosecution of the '067 patent and/or deliberately ignored the material information provided by the European examiner.

The failure to disclose the International Search Report and the three U.S. patents cited therein to the PTO in conjunction with the prosecution of the '067 patent was done with the intent to deceive the PTO.

As a result of the actions described above, the '067 patent is unenforceable due to inequitable conduct committed during the prosecution of the '067 patent.

## COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendant Google ("Counterclaim-Plaintiff Google") for its Counterclaims against PA ADVISORS, LLC ("Counterclaim-Defendant PA ADVISORS, LLC"), alleges as follows:

## PARTIES

1. Counterclaim-Plaintiff Google is a corporation organized and existing under the laws of the state of Delaware with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, CA, 94043.

2. Counterclaim-Defendant PA ADVISORS, LLC alleges that it is a corporation organized and existing under the laws of the state of Texas with its principal place of business in Marshall, Texas.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and by virtue of Counterclaim-Defendant PA ADVISORS, LLC's admissions in the SAC that venue is proper in this district.

## COUNT I: Declaratory Judgment of Non-Infringement

5. Counterclaim-Plaintiff Google incorporates the allegations in paragraphs 1 through 22 of the answer and defenses herein and paragraphs 1 through 4 of these counterclaims as if fully set forth herein.

6. Counterclaim-Defendant PA ADVISORS, LLC claims to be the owner of the '067 patent.

7. Counterclaim-Defendant PA ADVISORS, LLC has initiated a civil action against Counterclaim-Plaintiff Google by filing the SAC in this Court alleging that Counterclaim-Plaintiff Google has infringed one or more claims of the '067 patent.

8. Counterclaim-Plaintiff Google has not infringed and does not infringe any valid and enforceable claim of the '067 patent.

### COUNT II: Declaratory Judgment of Invalidity and/or Unenforceability

9. Counterclaim-Plaintiff Google incorporates the allegations in paragraphs 1 through 22 of the answer and defenses herein and paragraphs 1 through 8 of these counterclaims as if fully set forth herein.

10. The '067 patent is invalid for failure to satisfy one or more of the conditions of patentability set forth in Part II of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

### COUNT III: Unenforceability

11. On information and belief, the '067 patent is unenforceable due to the commission of inequitable conduct and violation of the provisions of 37 C.F.R. 1.56 in procuring the '067 patent by the named inventor, the prosecuting attorney, and/or other persons owing a duty of candor to the PTO. The named inventor, the prosecuting attorney, and/or other persons owing a duty of candor failed to disclose with the intent to deceive to the PTO material prior art in their possession, which they knew or should have known the PTO would consider material to the PTO's decision to grant the '067 patent.

12. U.S. Patent application no. 09/422,286 (the "'286 application") was filed on October 21, 1999 and included 63 different claims. The '286 application was ultimately issued as the '067 patent on March 6, 2001.

13. On January 20, 2000, PCT patent application no. PCT/US00/01373 (the "PCT Application") was applied for and claimed priority to the '286 application. The PCT Application is the foreign counterpart to the U.S. application and included the same 63 claims that were originally included in the '286 application.

14. On March 12, 2000, the examiner of the PCT Application prepared an International Search Report in which he identified three separate documents that he believed and stated were of "particular relevance" to the patentability of each of the 63 claims pending in the PCT Application: U.S. Patent Nos. 5,696,963; 5,761,662; and 5,778,380. The examiner noted, for each of the three U.S. patents, that "the claimed invention cannot be considered to involve an inventive step when the [patent] is combined with one or more other such [patents], such combination being obvious to a person skilled in the art."

15. The International Search Report and each of the three U.S. Patents cited therein were material to the prosecution of the '067 Patent. U.S. Patent No. 5,696,963 is entitled *System, Method and Computer Program Product for Searching Through an Individual Document and Group of Documents*, and issued to inventor Don Ahn on December 9, 1997. This reference is material to the '067 patent application.

16. U.S. Patent No. 5,761,662 is entitled *Personalized Information Retrieval Using User-Defined Profile*, and issued to inventor Vasanthan S. Dasan on June 2, 1998. This reference is material to the '067 patent application.

17. U.S. Patent No. 5,778,380 is entitled *Intelligent Resource Transformation Engine for Translating Files*, and issued to inventor David M. Seifert on July 7, 1998. This reference is material to the '067 patent application.

18. The International Search Report identifying the three material prior art references was mailed to Edward Etkin, the attorney of record prosecuting the '286 application on April 12, 2000, prior to the issuance of the '067 patent. The International Search Report and prior art cited therein were maintained in the files of Mr. Etkin. The prosecuting attorney and others involved in the patent prosecution process had a duty to submit this information to the PTO.

19. Despite its identified materiality to the application, the named inventor of the '067 patent, the prosecuting attorney, and/or other persons having a duty of candor to the PTO failed to disclose any of this information to the PTO during the prosecution of the '067 patent and/or deliberately ignored the material information provided by the European examiner.

20. The failure to disclose the International Search Report and the three U.S. patents cited therein to the PTO in conjunction with the prosecution of the '067 patent was done with the intent to deceive the PTO.

21. As a result of the actions described above, the '067 patent is unenforceable due to inequitable conduct committed during the prosecution of the '067 patent.

## EXCEPTIONAL CASE

22. On information and belief, this is an exceptional case entitling Google to an award of its attorneys' fees incurred in connection with defending and prosecuting this action pursuant to 35 U.S.C. § 285, as a result of, *inter alia*, Plaintiff's assertion of the '067 patent against Google with the knowledge that Google does not infringe any valid or enforceable claim of the '067 patent and/or that the '067 patent is invalid and/or unenforceable.

## RELIEF REQUESTED

WHEREFORE, Google respectfully requests the following relief:

1. A judgment in favor of Google denying Plaintiff all relief requested in this action and dismissing Plaintiff's SAC for patent infringement with prejudice;

2. A judgment declaring that each claim of the '067 patent is invalid and/or unenforceable;

3. A judgment declaring that Google has not infringed and is not infringing any valid and/or enforceable claim of the '067 patent, and that Google has not contributed to or induced and is not contributing to or inducing infringement of any valid and enforceable claim of the '067 patent;

4. A judgment declaring that Google has not willfully infringed and is not willfully infringing any valid and/or enforceable claim of the '067 patent.

5. A judgment declaring this to be an exceptional case under 35 U.S.C. § 285 and awarding Google its costs, expenses, and reasonable attorneys' fees; and

6. That the Court award Google such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

In accordance with Fed. R. Civ. P. 38(b), Google demands a trial by jury on all issues so triable.

Dated: June 25, 2009

Respectfully submitted,

By:  /s/ Brian C. Cannon
Brian C. Cannon
California Bar No. 193071
briancannon@quinnemanuel.com
Quinn Emanuel Urquhart Oliver & Hedges, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA  94065
Tel.: (650) 801-5000
Fax: (650) 801-5100

Charles K. Verhoeven,
California Bar No. 170151
charlesverhoeven@quinnemanuel.com
Quinn Emanuel Urquhart Oliver & Hedges, LLP
50 California Street, 22nd Floor
San Francisco, CA  94111
Tel.: (415) 875-6600
Fax: (415) 875-6700

Michael E. Richardson
Texas Bar No. 24002838
mrichardson@brsfirm.com
BECK, REDDEN & SECREST, L.L.P.
One Houston Center
1221 McKinney St., Suite 4500
Houston, Texas 77010
(713) 951-3700
(713) 951-3720 (Fax)

David J. Beck
Texas Bar No. 00000070
dbeck@brsfirm.com
BECK, REDDEN & SECREST, L.L.P.
One Houston Center
1221 McKinney St., Suite 4500
Houston, TX.  77010
(713) 951-3700

(713) 951-3720 (Fax)
ATTORNEYS FOR GOOGLE INC.

## CERTIFICATE OF SERVICE

I certify that counsel of record who are deemed to have consented to electronic service are being served on June 25, 2009 with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                                                  /s/ Brian C. Cannon
                                                  Brian C. Cannon