UNTIED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PA ADVISORS, LLC, | CASE NO. 2-07CV-480-DF |
| Plaintiff, | **MOTION TO QUASH AND FOR PROTECTIVE ORDER** |
| | Honorable David Folsom, Presiding |
| GOOGLE INC., ET AL., | |
| Defendants. | |

## GOOGLE INC.'S MOTION TO QUASH AND FOR PROTECTIVE ORDER TO PRECLUDE DEPOSITION OF JOHANNA SHELTON

Dockets.Justia.com

# TABLE OF CONTENTS

Page

INTRODUCTION ........................................................................................................................1

BACKGROUND .........................................................................................................................2

I.      MS. SHELTON HAS NO INFORMATION RELEVANT TO THIS CASE. ...................2

II.     GOOGLE HAS ALREADY FILED A MOTION FOR PROTECTIVE ORDER
       TO PREVENT IRRELEVANT DISCOVERY INTO GOOGLE'S LOBBYING
       ACTIVITIES...................................................................................................................4

ARGUMENT ...............................................................................................................................6

I.      MS. SHELTON LACKS INFORMATION RELEVANT TO THIS CASE. ......................6

II.     GOOGLE'S LOBBYING ACTIVITIES ARE IRRELEVANT TO THIS CASE. ............7

III.    EVEN IF GOOGLE'S LOBBYING ACTIVITIES WERE SOMEHOW
       RELEVANT, THEY ARE PROTECTED BY THE FIRST AMENDMENT
       PRIVILEGE. ................................................................................................................10

          A.      Google's lobbying activities are covered by the First Amendment
                Privilege. .........................................................................................................11

          B.      Plaintiff cannot show a compelling need for discovery as to Google's
                lobbying activities. ..........................................................................................13

CONCLUSION..........................................................................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Austrl./E. U.S.A. Shipping Conference v. United States*,
1981 WL 2212 (D.D.C. Dec. 23, 1981)..............................................................12, 13

*Avance v. Kerr-McGee Chemical LLC*,
2005 WL 5315658 (E.D. Tex. 2005) ...................................................................7, 9

*Beinin v. Ctr. for Study of Popular Culture*,
2007 WL 1795693 (N.D. Cal. June 20, 2007) ........................................................13

*Bright Response v. Google Inc.*,
Case No 2:07CV-371-TJW-CE ......................................................3, 4, 5, 7, 8

*Britt v. Superior Court of San Diego County*,
20 Cal. 3d 844 (1978) ............................................................................................10

*First Nat. Bank of Boston v. Bellotti*,
435 U.S. 765 (1978)................................................................................................11

*Gibson v. Fla. Legis. Investigation Comm'n*,
372 U.S. 539 (1963) ...............................................................................................12

*Grandbouche v. Clancy*,
825 F.2d 1463 (10th Cir. 1987) .............................................................................10

*Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*,
2007 WL 852521 (D. Kan. March 16, 2007)..............................................10, 11, 14

*Inwood West Civic Ass'n v. Touchy*,
754 S.W.2d 276 (Tex. Ct. App. 1988) .....................................................................9

*Kearns v. Chrysler Corp.*,
32 F.3d 1551-52 (Fed. Cir. 1994) .............................................................................8

*McCormick v. City of Lawrence*,
2005 WL 1606595 (D. Kan. July 8, 2005) ........................................................11, 13

*NAACP v. Alabama*,
357 U.S. 449 (1958).................................................................................................10

*Odetics Inc. v. Storage Tech. Corp.*,
185 F.3d 1259 (Fed. Cir. 1999)................................................................................8

*Phillips v. AWH Corp.*,
415 F.3d 1303 (Fed. Cir. 2005).................................................................................7

*Resource Associates Grant Writing and Evaluation Services, LLC v. Maberry*,
2009 WL 1312951 (D.N.M. 2009) ........................................................................7, 9

*United Steelworkers of Am., AFL-CIO v. Allegheny Ludlum Corp.*,
   2002 WL 31002836 (W.D. Pa. May 29, 2002).........................................................................9

*Wyoming v. U.S. Dep't of Agric.*,
   208 F.R.D. 449 (D.D.C. 2002).........................................................................................10, 12

### **Statutes**

Fed. R. Civ. P. 26.........................................................................................................................6

Local Rule CV-26(c).....................................................................................................................6

Plaintiff PA Advisors seeks the deposition of Johanna Shelton, Defendant Google Inc.'s ("Google") Policy Counsel and Legislative Strategist. Google requests a protective order barring this deposition because Ms. Shelton, an attorney, has no relevant information about this lawsuit. The information Plaintiff claims she has relates to Google's irrelevant lobbying and political activities which are protected by the First Amendment.

## Introduction

Although this is a patent case involving allegations of infringement relating to the way that Google performs personalized search, Plaintiff PA Advisors apparently intends to seek discovery into Defendant Google's constitutionally protected lobbying activities and political contributions through the deposition of Google's Policy Counsel and Legislative Strategist Johanna Shelton. Google respectfully requests a protective order barring this discovery as irrelevant and privileged. Google has the right to participate in the political process without it being the subject of discovery in this case. The prejudicial and chilling effect of such unusual discovery far outweighs any conceivable relevance to this action, which involves an assertion of patent infringement.

Google's political activities are not relevant to how Google's software products technically work, they are not relevant to the judicial construction of the patent claims, and they are not relevant to the validity of Plaintiff's patent. Nor are Google's political activities relevant to any purported damages such as a reasonable royalty that PA Advisors seeks. Even were they somehow relevant, Google's lobbying activities would still be privileged from disclosure under the First Amendment. In order to overcome this First Amendment privilege, Plaintiff would need to show a "compelling need" for this protected information for its case. Plaintiff cannot do so. Accordingly, Google's motion for a protective order should be granted.

**Background**

I.      **MS. SHELTON HAS NO INFORMATION RELEVANT TO THIS CASE.**

Johanna Shelton, an attorney, is Google's Policy Counsel and Legislative Strategist. (Shelton Dec. ¶ 2 .)  She works in Washington, D.C.  (*Id.*)  Her primary responsibility is to advocate public policy positions related to telecommunications, intellectual property, and other areas before policymakers in Washington, DC.  (*Id.*)  Ms. Shelton is not listed on Google's or Plaintiff's initial disclosures.  (Cannon Dec., ¶ 3, Exs. B and C.)  She has no knowledge relevant to the patent infringement or invalidity claims at issue in this case.  (Shelton Dec., ¶ 3.)

On July 17, Plaintiff served a subpoena for Ms. Shelton's deposition to occur on July 31. (Cannon Dec,, ¶ 2, Ex. A.)  The parties held a meet and confer on July 20, 2009.  (*Id.*, ¶ 4, Ex. D (Michael Richardson email to David Pridham dated July 20, 2009).)  It was Google's understanding that Plaintiff agreed during that discussion to withdraw the Shelton subpoena until after claim construction briefing had been completed.  (*Id.*)  Google explained this understanding, as well as its position that the parties met and conferred on the issue, in writing on July 20.  (*Id.; see also* ¶ 6, Ex. F.)[1]  Plaintiff, however, indicated it only agreed to withdraw the subpoena until after claim construction briefing, but that it would not delay the deposition if Google was going to file a motion for a protective order.  (*Id.*, ¶ 5, Ex. E.)  On July 23, Google again advised Plaintiff by letter that it believed the parties had met and conferred on the issue, stated that Ms. Shelton does not have any information that would bear on this case, and asked Plaintiff to explain in writing why it believes the deposition of Ms. Shelton is necessary.  (*Id.*, ¶ 6, Ex. F.)

_____

[1]    Plaintiff similarly agreed to postpone briefing on Plaintiff's subpoena of Google Co-Founder Sergey Brin until after claim construction, but then changed its mind, requiring Google to file a motion for a protective order and to quash the subpoena.  (*See* docket no. 250.)

On August 6, at a deposition of one of Google's engineers, Google again asked Plaintiff why the deposition of Ms. Shelton is necessary. (*Id.*, ¶ 7.) Plaintiff's counsel was not prepared to respond and did not do so. (*Id.*) On August 12, Plaintiff's counsel asked Google whether Ms. Shelton's deposition would go forward on August 14. (*Id.*, ¶ 8, Ex. G.)[2] That same day, in a case brought by a related plaintiff, *Bright Response v. Google Inc.*, Case No 2:07CV-371-TJW-CE, Plaintiff Bright Response served subpoenas on several Google lobbyists, including Ms. Shelton, seeking, among other things, documents relating to Google lobbying and political activities. (Cannon Dec., ¶ 9, Ex. H.)[3] Google responded to both by letter on August 12 asking, yet again, for an explanation for the need for Ms. Shelton's deposition. (*Id.*, ¶ 10, Ex. I.)

Finally, the day before Google's motion for a protective order and to quash Ms. Shelton's subpoena was due, Plaintiff articulated why Ms. Shelton's deposition is purportedly necessary. (*Id.*, ¶ 11, Ex. J.) Specifically, Plaintiff explained:

> Ms. Shelton's deposition is needed because Ms. Shelton has knowledge of how Google views, manages, and handles its own Intellectual Property including with respect to the products and services of Google at issue in this case, and how Google views and treats the Intellectual Properties of third parties, such as nXn Tech. and Mr. Ilya Geller. **Ms. Shelton's lobbying activities on behalf of Google and her public pronouncements** including her postings on Google's public policy blog reveal that she has knowledge in this regard.

---

[2] The parties agreed to a series of extensions of the deposition date for Ms. Shelton, ultimately agreeing upon August 14. (Cannon Dec., ¶¶ 6-7, Exs. F, G.) Plaintiff agreed to an extension of time to August 17 to allow the parties time to meet and confer again, but the parties could not find a mutually convenient time.

[3] Plaintiff Bright Response served another seven subpoenas on Google lobbyists and lobbying firms on August 17: Franklin Square Group, King & Spalding, McBee Strategic Consulting, Podesta Group, Van Ness Feldman, Wilmer Cutler & Pickering, and Dutko Worldwide. (Cannon Dec., ¶ 9, Ex. H.)

(*Id.*) (emphasis added).   Plaintiff's counsel claimed it purportedly relayed this information to Google during an unidentified "recent meet and confer."[4]

Because Ms. Shelton has no information relevant to this case, Google brings the instant motion for protective order to preclude discovery into Google's protected lobbying activities.

## II.   GOOGLE HAS ALREADY FILED A MOTION FOR PROTECTIVE ORDER TO PREVENT IRRELEVANT DISCOVERY INTO GOOGLE'S LOBBYING ACTIVITIES.

In the *Bright Response* case, Google has a similar motion pending to prevent a deposition regarding Google's lobbying activities.  (Docket No. 164.)  In October 2008, Bright Response served a subpoena for the deposition of Michelle Lee, Google's Head of Patents and Patent Strategy.  (*Id.*, ¶ 12, Ex. K.)  On November 3, Plaintiff served the following Request for Production in this case, seeking documents related to Google's lobbying and political activities, which specifically mentions Ms. Shelton and Ms. Lee:

> 109.   **All documents and things that refer or relate to the lobbying (including activities that may or are intended to influence government policy)** of any United States Government official (including members of the United States Congress or their staff) with respect to patents, including an [sic] communications

---

[4]   Despite its claim that it articulated this explanation "during a recent meet and confer," Plaintiff goes on to argue in the same correspondence that the parties have not met and conferred on this issue and demands that Google's counsel meet and confer in person *again*.  (Cannon Dec., ¶ 11, Ex. J.)  Thus, in the same correspondence, Plaintiff claims the parties met and conferred and Plaintiff explained its position, yet that the parties have *not* met and conferred and Google cannot yet file a motion for a protective order.  (*Id.*)  Plaintiff was well aware that (a) Google believed the parties met and conferred on July 20, (b) Google did not believe Plaintiff had articulated a basis for needing Ms. Shelton's deposition, and (c) that Google intended to file a motion for a protective order if Plaintiff did not withdraw the subpoena.  This is all clear from the correspondence between the parties, including extensions granted to Google for the specific purpose of moving for a protective order.  (*See e.g.* Exs. D-F.)  Plaintiff, however, waited until the day before Google's motion was due to purport to explain the relevance of Ms. Shelton's testimony and claim it believed the parties' July 20 meet and confer was insufficient. Although Google believes the meet and confer already took place, it attempted to schedule a second meet and confer on this issue on August 14 and August 17.  The parties, however, could not find a mutually convenient time to do so.

or contributions to The Coalition for Patent Fairness or other similar persons or entities and documents or **things presented or received by Johanna Shelton**, Policy Counsel and Legislative Strategist or **Michelle Lee**, Head of Patents and Patent Strategy, referred to at http://googlepublicpolicy.blogspot.com/2007/09/reforming-patents-promoting-innovation.html, which among other things, states: "We'll be talking to House members and their staff this week to tell them just how important this is."

(Cannon Dec., ¶ 13, Ex. L (Plaintiff's Second Requests for Production to Google, at pages 2-3) (emphasis added)). The document requests served on Google and its employees make clear that Plaintiff's counsel intends to pursue not only whether Google engages in lobbying and political activities generally, but in particular those of Ms. Shelton and Ms. Lee. Request No. 109 also shows Plaintiff's counsel seeks discovery into whether Google made monetary contributions to a non-profit group, The Coalition for Patent Fairness, as part of its broader inquiry to Google's efforts "to influence government policy." (*Id.*) To avoid any dispute at the deposition of Ms. Lee regarding a line of questioning that is wholly irrelevant and would abrogate Google's First Amendment rights, Google filed a motion for protective order in the *Bright Response* case to preclude discovery into Google's protected lobbying activities via the deposition of Ms. Lee.[5] That motion is pending before Judge Ward.[6]

Plaintiff is now apparently trying to circumvent that motion by subpoenaing a different witness, in a different case, before a different judge, seeking the same protected information which is equally irrelevant to both cases. Plaintiff should not be permitted to do so.

---

[5] Plaintiff claimed it was unaware of any privilege regarding "lobbying and political activities," and asked Google, the day before the present motion was due, to provide legal support for the assertion that such a privilege exists. (Cannon Dec., ¶ 11, Ex. J.) Yet, the issues here are nearly identical to those briefed in Google's motion for a protective order regarding the deposition of Michelle Lee in the co-pending *Bright Response* case. The same counsel represent Bright Response and PA Advisors in these cases and therefore they are well aware of the privilege and the legal support for that privilege asserted in Google's motion in that case.

[6] Google asserted objections to Request for Production No. 109 on these grounds and specifically cited the pending motion before Judge Ward in its responses.

## Argument

### I.    MS. SHELTON LACKS INFORMATION RELEVANT TO THIS CASE.

Rule 26 of the Federal Rules of Civil Procedure states that discovery sought by the parties must be relevant to a party's claim or defense. *See* Fed.R.Civ.P. 26(b)(1). Thus, pursuant to Rule 26, all discovery must be relevant, and it is the requesting party's burden to demonstrate such relevance. Federal Rule of Civil Procedure 26(c) authorizes the Court, for good cause shown, to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c). A party may seek discovery only of any matter "that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "The court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:

> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."

Fed. R. Civ. P. 26(b)(2)(C)(iii). This Court provides further guidance to parties regarding what is relevant:

> (1) It includes information that would not support the disclosing parties' contentions; (2) it includes those persons who, if their potential testimony were known, might reasonably be expected to be deposed or called as a witness by any of the parties; (3) It is information that is likely to have an influence on or affect the outcome of a claim or defense; (4) It is information that deserves to be considered in the preparation, evaluation or trail of a claim or defense; and (5) It is information that reasonable and competent counsel would consider reasonably necessary to prepare, evaluate or try a claim or defense.

Local Rule CV-26(c).

Here, the parties are engaged in the traditional exchange of documents and interrogatories, and depositions to provide the factual evidence for the claims and defenses and to narrow the issues for trial. Plaintiff deposed three Google engineers in this case and the

depositions of two other Google engineers identified by Plaintiff are also scheduled.  Discovery

into the issues on which Ms. Shelton has knowledge, including Google's lobbying efforts,

however, goes far beyond any question that will be presented to the Court or trier of fact in this

patent infringement case and, thus, a protective order is appropriate.

The issues in this case will be primarily the functioning of Google's software products

and services and whether Plaintiff's patent covers that software.  As this Court knows, one step

in this process is for the Court to construe the claims as a matter of law -- generally giving the

claims the meaning that would be attributed to the terms by one of ordinary skill in the art at the

time of the invention in the context of the patent specification.  *See Phillips v. AWH Corp*., 415

F.3d 1303, 1312-13 (Fed. Cir. 2005) (en banc).  Because Google has raised the defense of

invalidity, another issue will be the state of the art at the time of the patent filing.  Ms. Shelton

has no knowledge on these issues.  Nor does Plaintiff suggest that she does.  (Cannon Dec., ¶ 11,

Ex. J.)  Despite Google's repeated inquiries, Plaintiff refused until the eve of the filing of the

present motion to identify what information it believes Ms. Shelton has that may be even

remotely relevant to these issues.  (*Id.; see also* ¶ 10, Ex. I.)  That Plaintiff refused to do so is

telling.  Plaintiff's intention in deposing Ms. Shelton is clearly calculated to delve deeply into

issues not relevant to the litigation and its request for deposition should be quashed.  *Resource*

*Associates Grant Writing and Evaluation Services, LLC v. Maberry*, 2009 WL 1312951, *7

(D.N.M. 2009) (granting in part motion for protective order precluding irrelevant deposition);

*Avance v. Kerr-McGee Chemical LLC*, 2005 WL 5315658, *3 (E.D. Tex. 2005) (granting motion

for protective order to preclude discovery of irrelevant information).

## II.      GOOGLE'S LOBBYING ACTIVITIES ARE IRRELEVANT TO THIS CASE.

Plaintiff's Request for Production No. 109, Bright Response's subpoenas for documents

served on other Google lobbyists, the positions taken with respect to Ms. Lee in *Bright Response*,

and Plaintiff's belated explanation for the purported relevance of Ms. Shelton's testimony makes it clear that Plaintiff intends to question Ms. Shelton on Google's lobbying and political activities. However, this is a patent case, and the questions at issue have nothing to do with Google's current political activities. Plaintiff's conclusory statements that Ms. Shelton "has knowledge of how Google views, manages, and handles its own Intellectual Property including with respect to the products and services of Google at issue in this case, and how Google views and treats the Intellectual Properties of third parties," fail to explain how Google's participation in the political process is at all relevant *to this case*. Here, as Plaintiff is a non-practicing entity that offers no products covered by the asserted patent or otherwise, Plaintiff would at most be entitled to a reasonable royalty. *See Kearns v. Chrysler Corp.*, 32 F.3d 1551-52 (Fed. Cir. 1994). The reasonable royalty would be determined by an examination as to the hypothetical royalty between a willing licensor and licensee in July 2002, when the patent was issued and the alleged infringement began. *See Odetics Inc. v. Storage Tech. Corp.*, 185 F.3d 1259, 1276 (Fed. Cir. 1999).

Google's general corporate views about intellectual property also have no bearing on the specific patent at issue here. From a start-up formed by two Stanford University graduate students to the publicly traded company it is today, Google has always been a cutting-edge technology company and its services are relied upon around the world. Google has every right to participate in the political development of this country's intellectual property laws and to seek to have its voice heard on government policy matters. Whether or how it does so has no nexus to the specific accusations in this action.

Even if Google mentioned its search services (*see, e.g.,* www.google.com) while lobbying, this does not make lobbying activities relevant to PA Advisors' infringement claims. Also, while Plaintiff in the *Bright Response* case took the position in seeking Ms. Lee's

deposition that Google's lobbying efforts will show "the value of the Accused Instrumentalities to Google," Bright Response -- and, now, PA Advisors -- provided no basis for the assertion/allegation that anything about any lobbying efforts regarding the intellectual property laws would have any relevance to that. Finally, Google's political views about patent protection, in the context of the accused products or any other Google products, would simply reflect Google's views about whether and how existing intellectual property law should be changed. They would be irrelevant to whether the accused products infringe the patent-in-suit under *present* patent law, or what damages PA Advisors might seek or be entitled to under *present* law.

Not only are Google's political activities irrelevant to the issues in this case, there is significant burden and prejudice in having an in-house attorney submit to questioning under oath related to political activities. As discussed in more detail below, the right to lobby the government is fundamental. Exposing an in-house attorney to deposition on this subject creates a chilling effect that far exceeds any marginal relevance to the specific questions of infringement, validity and damages to be decided in this patent case. Accordingly, Google's political activities should not be subject to discovery. *Cf. Inwood West Civic Ass'n v. Touchy*, 754 S.W.2d 276, 278-79 (Tex. Ct. App. 1988) (denying request to discover defendant's lobbying activities in a private breach-of-contract case, on the grounds that "[w]e fail to see how the disclosure of [defendant's] possible lobbying activities will in any way help bring relevant evidence before the trier of fact.") A protective order barring PA Advisors from inquiring into this irrelevant subject matter is appropriate. *See Resource Associates*, 2009 WL 1312951 at *7 (D.N.M. 2009); *Avance*, 2005 WL 5315658 at *3; *United Steelworkers of Am., AFL-CIO v. Allegheny Ludlum Corp.*, 2002 WL 31002836, at *2 (W.D. Pa. May 29, 2002) ("a protective order may be appropriate to prevent discovery into irrelevant issues").

## III. EVEN IF GOOGLE'S LOBBYING ACTIVITIES WERE SOMEHOW RELEVANT, THEY ARE PROTECTED BY THE FIRST AMENDMENT PRIVILEGE.

Even if Google's lobbying activities had some relevance to the issues in this case (which they do not), Google's political activities are shielded from discovery by the First Amendment privilege. The First Amendment to the United States Constitution expressly recognizes the right to petition the government:

> Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

U.S. CONST. amend. I. The Supreme Court has long recognized that the First Amendment applies in civil litigation to protect certain activities from discovery. *See NAACP v. Alabama*, 357 U.S. 449, 462 (1958). Indeed, "courts have held that the threat to First Amendment rights may be *more severe in discovery* than in other areas because a party may try to gain advantage by probing into areas an individual or a group wants to keep confidential." *Wyoming v. U.S. Dep't of Agric.*, 208 F.R.D. 449, 454 (D.D.C. 2002) (emphasis added) (citing *Britt v. Superior Court of San Diego County*, 20 Cal. 3d 844 (1978). This potential "chilling effect" is precisely the reason for the privilege. *See Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, 2007 WL 852521, at *3 (D. Kan. March 16, 2007) "Such First Amendment protections may be implicated in the context of discovery orders even if all the litigants are private entities." *Id.* (citing *Grandbouche v. Clancy*, 825 F.2d 1463, 1466 (10th Cir. 1987)); *Britt*, 20 Cal.3d at 857 (noting that the chilling effect on First Amendment rights "is not diminished simply because disclosure is compelled pursuant to a litigation-oriented discovery order" in a private lawsuit).

Plaintiff may argue, as Bright Response did, that Google is not entitled to First Amendment protection because it is a corporation. This is not correct. The Supreme Court has

stated "the inherent worth of the speech . . . does not depend upon the identify of its source, *whether corporation, association, union, or individual* . . .We thus find no support in the First or Fourteenth Amendment, or in the decisions of this Court, for the proposition that speech that otherwise would be with the protection of the First Amendment loses that protection simply because its source is a corporation." *First Nat. Bank of Boston v. Bellotti*, 435 U.S. 765, 777, 784 (1978) (emphasis added). Similarly, here, this is no basis for concluding that Google's lobbying activities should be treated any differently than any other person or entity's lobbying activities.

To invoke the First Amendment privilege, "the party asserting the privilege must demonstrate, or make a prima facie showing, that the privilege applies. [I]f the party asserting the privilege meets this burden, then the burden shifts to the party seeking disclosure to demonstrate a compelling need for the requested information." *McCormick v. City of Lawrence*, 2005 WL 1606595, at *7 (D. Kan. July 8, 2005). The First Amendment privilege squarely applies to Google's lobbying activities for which Plaintiff seeks discovery here. PA Advisors, however, cannot meet its burden to show a "compelling need" for discovery as to Google's lobbying activities.

A.      **Google's lobbying activities are covered by the First Amendment Privilege.**

Google's government lobbying activities are covered by the First Amendment privilege. For example, in *Heartland Surgical Specialty Hospital, supra,* plaintiff sought documents relating to a hospital association's lobbying efforts in the state legislature. *See Heartland*, 2007 WL 852521 at *5. The Court held that such lobbying activity "is precisely the type of internal associational activity and past political activity that the First Amendment is designed to protect." *Id.* Thus, the Court found a "*prima facie* burden of showing that production of such material would have a chilling effect [was shown] and thus the First Amendment privilege applies." *Id.*

*See also Wyoming*, 208 F.R.D. at 454-55 (holding, *inter alia*, that documents regarding environmental groups' efforts to lobby Forest Service are subject to First Amendment privilege). Similarly, in *Austrl./E. U.S.A. Shipping Conference v. United States*, 1981 WL 2212, at *17 (D.D.C. Dec. 23, 1981), the Court found documents relating to "efforts to influence government to pass or enforce laws" to be included within the First Amendment privilege. *Id.* at *15 (protecting shipping conferences' lobbying documents from disclosure, on the grounds that "there can be no doubt that forced public disclosure concerning contacts with government agencies, whether in a court or in an internal investigation, would have a chilling effect on the exercise of First Amendment rights.") Lobbying activities "that may or are intended to influence government policy" is precisely the type of information that was requested by Plaintiff's counsel in Request for Production 109 and in Bright Response's subpoenas to Google lobbyists. Indeed, Plaintiff's counsel admits that it is interested in discovering Ms. Shelton's "lobbying activities on behalf of Google." (Cannon Dec., ¶ 11, Ex. J.)

In addition to the lobbying activities to Congress, Plaintiff sought documents regarding whether Google made contributions to The Coalition for Patent Fairness. (Cannon Dec., ¶ 13, Ex. L.) There is every reason to believe Plaintiff will seek this information from Ms. Shelton. As the Supreme Court has repeatedly held, however, the right to associate in organizations is highly protected by the First Amendment. Indeed, the Supreme Court has specifically applied a First Amendment privilege to protect documents "which pertained to the identity of members of, and <u>contributors</u> to," various organizations. *Gibson v. Fla. Legis. Investigation Comm'n*, 372 U.S. 539, 542 (1963) (emphasis added). Inquiries into whether Google made contributions to a non-profit organization such as The Coalition for Patent Fairness strike at the heart of Google's protected First Amendment right to associate with such organizations.

Accordingly, Google has made a *prima facie* showing that its lobbying activities sought by Plaintiff are covered by the First Amendment privilege.

B.    **Plaintiff cannot show a compelling need for discovery as to Google's lobbying activities.**

As Google has shown a *prima facie* case for protection under the First Amendment privilege for its lobbying activities, "a greater showing of relevance and need is required" for discovery into this subject. *McCormick*, 2005 WL 1606595 at *7. Plaintiff bears the burden of showing a "compelling need" for information about these lobbying activities to obtain discovery as to them. *See id.* at *6 (citing *Austl./E. USA Shipping Conference v. United States*, 537 F.Supp. 807, 810 (D.D.C. 1982)) (emphasis in original). In the context of the First Amendment privilege, a "compelling" need for information "is one that 'is crucial to the party's case,' goes to the 'heart of the claims,' or is 'directly relevant to the party's claims.'" *Beinin v. Ctr. for Study of Popular Culture*, 2007 WL 1795693, at *3 (N.D. Cal. June 20, 2007) (internal citation omitted).

Plaintiff cannot make this showing. Even if Google's lobbying activities were somehow relevant to the issues in this case, they are not "crucial" and do not "go to the heart" of Plaintiff's claims. Again, this case is about whether the asserted is patent infringed and/or whether it is invalid. It is not about lobbying, which has no relevance to any issue in this case. And Plaintiff cannot seriously contend that whether Google made monetary contributions to The Coalition for Patent Fairness is crucial or goes to the heart of Plaintiff's case. Even were information about Google's lobbying efforts somehow relevant to damages, Plaintiff does not "need" this information. Instead, Plaintiff can obtain information about Google's valuation of the accused instrumentalities and third party intellectual property by discovering Google's financial documents, license agreements, and other information.

Besides the relevance of the information sought, courts also consider "(2) the necessity of receiving the information sought; (3) whether the information is available from other sources; and (4) the nature of the information" in deciding whether the propounding party can overcome a claim of First Amendment privilege. *Heartland*, 2007 WL 852521 at *5. These factors further show that Plaintiff cannot meet its burden.

Because Google's lobbying has no relevance to the issues in this case, Plaintiff cannot show a "necessity" of receiving this information. For example, Plaintiff does not "need" to know whether Google contributed to The Coalition for Patent Fairness. Moreover, Bright Response previously stated that its goal in seeking discovery regarding lobbying efforts was to obtain information about the value of Google's technology. Plaintiff similarly here claims that Ms. Shelton's lobbying activities and public statements reveal she has knowledge of how Google views, manages and handles its own intellectual property with respect to the products and services at issue in this case. Plaintiff and Bright Response can obtain information about the value of the accused Google technology by discovering Google's financial documents and information. There is no need for Plaintiff to intrude upon Google's sensitive and privileged lobbying efforts in order to discover this information. Accordingly, a protective order to prevent discovery into Google's lobbying efforts is appropriate.[7]

## Conclusion

Google respectfully requests an order precluding the deposition of Johanna Shelton.

---

[7] Plaintiff may argue, as Bright Response did, that Google "waived" its First Amendment privilege over lobbying activities by making public statements. There is no authority for such an argument. Indeed, in *Heartland*, the Kansas Hospital Association (KHA) had engaged in "public lobbying" such as presenting proposals and testimony before the state legislature. 2007 WL 852521 at *2. The court, however, did not suggest that KHA waived the First Amendment privilege, but rather upheld KHA's claims of privilege for lobbying documents. *Id.* at *5.

DATED: August 17, 2009                    By:  /s/ Brian C. Cannon

Brian C. Cannon
California Bar No. 193071
briancannon@quinnemanuel.com
Quinn Emanuel Urquhart Oliver & Hedges, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA  94065
Tel.: (650) 801-5000
Fax: (650) 801-5100

Charles K. Verhoeven,
California Bar No. 170151
charlesverhoeven@quinnemanuel.com
Quinn Emanuel Urquhart Oliver & Hedges, LLP
50 California Street, 22nd Floor
San Francisco, CA  94111
Tel.: (415) 875-6600
Fax: (415) 875-6700

Michael E. Richardson
Texas Bar No. 24002838 mrichardson@brsfirm.com
BECK, REDDEN & SECREST, L.L.P.
One Houston Center
1221 McKinney St., Suite 4500
Houston, Texas 77010
(713) 951-3700
(713) 951-3720 (Fax)

David J. Beck
Texas Bar No. 00000070
dbeck@brsfirm.com
BECK, REDDEN & SECREST, L.L.P.
One Houston Center
1221 McKinney St., Suite 4500
Houston, TX. 77010
(713) 951-3700
(713) 951-3720 (Fax)
ATTORNEYS FOR GOOGLE INC.

## CERTIFICATE OF CONFERENCE

I make this certification in accordance with Local Rule CV-7(h) and an Order entered by the Court dated November 7, 2008. An in person conference occurred in Dallas on July 20, 2009 and involved Andrew Spangler, David Pridham and myself. During the conference I explained that Google believes that Ms. Shelton does not have knowledge of information relevant to this litigation and that her work for Google is privileged. I requested that Plaintiff withdraw the notice of subpoena to Ms. Shelton. Mr. Spangler indicated that Plaintiff believes Ms. Shelton has knowledge of discoverable information, particularly regarding damages, and that Plaintiff believes it is entitled to her deposition. While he would not agree to withdraw the deposition notice, Mr. Spangler did agree to post-pone the date of the deposition until after Google submitted its claim construction brief. Another telephone conference was held between Mr. Spangler and myself on August 14, 2009. During this call we discussed whether either side had changed its position since the July 20, 2009 in person conference. Neither party had.

Additional conferences have also occurred on this motion between various attorneys for each side. However, a conference with lead and local counsel for each side present at the same time has not occurred. We attempted to schedule such a conference for August 14 or August 17, 2009 (before the submission deadline for the present motion), but were unable to accomplish this. Google requested that Plaintiff agree to postpone the date of Ms. Shelton's deposition to allow this additional conference to occur before the filing of this motion, but Plaintiff would not agree. As a result, Google will file a supplement to its certificate of conference once this additional conference occurs.

Discussions have conclusively ended in an impasse, leaving the issue for the Court to resolve. Plaintiff is opposed to the foregoing motion

/s/ Michael E. Richardson
Michael E, Richardson


## CERTIFICATE OF SERVICE

I hereby certify pursuant to 28 U.S.C. § 1746 under penalty of perjury under the laws of the United States of America that the following is true and correct. On August 17, 2009, I caused to be served the foregoing *Motion to Quash and Protective Order* and related papers by electronic mail, on the following persons at the identified addresses.

/s/ Brian C. Cannon
Brian C. Cannon

Andrew Wesley Spangler
Spangler Law PC
208 N. Green St., Suite 300
Longview, TX 75601
903-753-9300
Fax: 903-553-0403
Email: spangler@spanglerlawpc.com
Email: klawrason@spanglerlawpc.com

David Michael Pridham
Law Office of David Pridham
25 Linden Road
Barrington, RI 02806
401-633-7247
Fax: 401-633-7247
Email: david@PridhamIPLaw.com

Ari Rafilson
The Rafilson Law Firm, PLLC
1318 Royal Palm Lane
Carrollton, TX 75007
(214) 789-4035
Fax: (972) 236-5397
Email: ari@rafilsonlawpllc.com

Patrick Rolf Anderson
Patrick R. Anderson, PLLC
4225 Miller Rd., Bldg. B-9, Suite 358
Flint, MI 48507
517-303-4806
Fax: 248-928-9239
Email: patrick@prapllc.com

Mark Fenster
Stanley Thompson
Russ, August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
(310) 826-7474
Fax: (310) 826-6991
Email: mfenster@raklaw.com
Email: sthompson@raklaw.com

John M. Bustamante
jmb@BustamanteLegal.com
BUSTAMANTE, P.C.
54 Rainey Street, No. 721
Austin, Texas 78701
Tel. 512.940.3753
Fax. 512.551.3773

ATTORNEYS FOR PLAINTIFF NXN TECH,
LLC, formerly known as PA ADVISORS,
LLC