IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **PA ADVISORS, LLC**, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:07-CV-562-DF |
| | § | |
| **GOOGLE, INC., et al.,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |
| | § | |
| | § | |

# O R D E R

Before the Court is Google Inc.'s ("Defendant's") Motion to Quash and for Protective Order to Preclude Deposition of its Co-Founder and President. Dkt. No. 250. Also before the Court are Plaintiff's response and Defendant's reply. Dkt. Nos. 256 and 261. Having considered the briefing and all relevant papers and pleadings, the Court finds that Defendant's motion should be **GRANTED AS MODIFIED**.

## I. BACKGROUND

Plaintiff filed suit on November 2, 2007, alleging infringement of United States Patent No. 6,199,067, entitled "System and Method for Generating Personalized User Profiles and for Utilizing the Generated User Profiles to Perform Adaptive Internet Searches," which lists Mr. Ilya Geller as inventor. This case is on the Court's March 2010 trial docket, and a claim construction hearing has been set for September 17, 2009. *See* Agreed Docket Control Order, Dkt. No. 186.

1

## II. THE PARTIES' POSITIONS

Defendant requests a protective order barring the deposition of its President and Co-Founder, Sergey Brin. Dkt. No. 250 at 1. Mr. Brin declares that he has no unique information about this case, and Defendant argues that discovery can be obtained by less disruptive means. *Id.*; Brin Decl., Dkt. No. 250-2 at ¶ 4. Defendant submits that "Plaintiff has taken the deposition of the senior Google engineer who is most directly responsible for Google's search algorithms and search quality," and "Google has offered dates for the depositions of other Google engineers." Dkt. No. 250 at 1. Defendant also submits that Plaintiff has not yet inspected Defendant's source code, even though Defendant has made source code available. *Id.* at 12. Defendant argues that although the inventor of the patent-in-suit, Ilya Geller, "sent a cold solicitation to 'sergeybrin@google.com' in 2001, seeking to market [Mr. Geller's] software company to Google," "there is no record of any follow up," and "[Mr.] Brin has no personal knowledge or memory about the solicitation." *Id.* at 2; *see id.* at 12; *see also* 8/27/2001 e-mail from Geller to sergeybrin@google.com, *id.* at Ex. 17. Defendant also submits that Plaintiff has unclean hands because "Plaintiff has actively prevented Google from taking the deposition of [Mr.] Geller and has suppressed critical evidence about this witness and his location." *Id.* at 2, 4-6, and 14-15; *see also* id. at Exs. 5, 7-12, 16, 21, 22, 25, 26 (correspondence between counsel regarding unavailability of Mr. Geller). Defendant also submits "blog" entries in which Mr. Geller purportedly commented on this litigation as recently as June 20, 2009. Dkt. No. 250, Exs. 27 and 28.

Plaintiff responds that a deposition of Mr. Brin is appropriate because he was "the one person to whom the e-mail [from Mr. Geller] was sent." Dkt. No. 256 at 2; *see also* Dkt. No.

256 at 7-8. Plaintiff also argues that Google failed to timely produce that e-mail. *Id.* at 2-3. Plaintiff also submits that it interviewed Mr. Geller on video "[i]n January 2008, in an attempt to preserve information related to this litigation," and "[a] copy of this video was thought to have been produced in December of 2008 in response to Google's initial discovery in this litigation." *Id.* at 3. Plaintiff also submits that it actually produced the Geller video in February 2009, after Plaintiff discovered that the Geller video had, in fact, not been produced in December 2008 due to an "inadvertent oversight." *Id.* at 4. Plaintiff further submits that "[t]he parties have agreed to depose Mr. Geller on August 19, 2009." *Id.* at 5. Finally, Plaintiff argues that "[t]here is no adequate substitute for the deposition of Mr. Brin" and that the "self-serving affidavit of Mr. Brin" is insufficient. *Id.* at 6.

Defendant replies that Mr. Geller admitted in deposition that "[Mr.] Brin never replied to the e[-]mail or otherwise responded to the inventor," that the Geller e-mail was part of a mass solicitation to thousands of prospective investors, that Mr. Geller had no recollection of meeting Mr. Brin at a particular trade show in 1999, and that Mr. Geller had no recollection of ever speaking to Mr. Brin in person. Dkt. No. 261 at 1-3 (citing 8/19/2009 Geller dep., Dkt. No. 261 at Ex. A). Defendant emphasizes that Mr. Brin has submitted in his declaration that has "no memory" of Mr. Geller's e-mail and "no personal knowledge" about Mr. Geller or the company referenced in his e-mail. *Id.* at 1-2.

### III. DISCUSSION

> Pursuant to Federal Rule of Civil Procedure 26(b)(1), a party may obtain discovery of any nonprivileged matter "relevant to any party's claim or defense." The definition of relevant information in Rule 26(b)(1) is broad, and relevant information need not be admissible at the trial [i]f the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence. The phrase

3

"relevant to any party's claim or defense" is also defined expansively in Local Rule CV-26(d).

*Gauthier v. Union Pac. R.R.*, No. 1:07-cv-12, 2008 WL 2467016, at *3 (E.D. Tex. June 18, 2008) (citation omitted). "As the party seeking discovery, the Plaintiff[] must establish the threshold burden of relevancy under the Rules. Once the Plaintiff[] establish[es] that the discovery requests are within the scope of permissible discovery, the burden shifts to the Defendant to show why discovery should not be permitted." *Id.* Under the Federal Rules of Civil Procedure ("Rules"), the party requesting a protective order has the burden of showing good cause. Fed. R. Civ. P. 26(c).

Courts in the Fifth Circuit and others have required litigants to depose lower-level persons or utilize other forms of discovery before noticing deposition of a high-ranking executive of a large corporation. *Gauthier*, 2008 WL 2467016, at *4 and n.2; *see also Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979); *Reif v. CNA*, 248 F.R.D. 448, 453-54 (E.D. Pa. 2008); *Kimberly-Clark Corp. v. Continental Cas. Co.*, No. 3:05-CV-475, 2006 WL 3436064, at *3 (N.D. Tex. Nov. 29, 2006); *Baine v. General Motors*, 141 F.R.D. 332, 335-36 (M.D. Ala. 1991); *Mulvey v Chrysler Corp.*, 106 F.R.D. 364, 366 (D.R.I. 1985). Thus, courts can properly exercise their discretion under Rule 26 by issuing orders protecting high-ranking executives. *See, e.g., Thomas v. IBM Corp.*, 48 F.3d 478, 483-84 (10th Cir. 1995); *Lewelling v. Farmers Ins. of Columbus, Inc.*, 879 F.2d 212, 218 (6th Cir. 1989); *Salter*, 593 F.2d at 651. A court can require the party seeking the deposition to show that the high-ranking executive has relevant knowledge that cannot reasonably be obtained through less invasive sources, such as interrogatories, depositions of lower-ranking employees, or Rule 30(b)(6) corporate depositions. *See, e.g.,*

*Salter*, 593 F.2d at 651; *Thomas*, 48 F.3d at 483; *Reif*, 248 F.R.D. at 454; *Baine*, 141 F.R.D. at 335.

Plaintiff has shown that Mr. Geller sent an e-mail to Mr. Brin in an attempt to market the subject matter of the patent-in-suit. Dkt. No. 250 at Ex. 17. Plaintiff has suggested that "Mr. Brin is the only individual that can testify as to what actions he took following his receipt of Mr. Geller's e[-]mail." 8/22/2009 letter from Rafilson to Cannon, Dkt. No. 261 at Ex. D. Mr. Brin, however, has declared that he has "no knowledge about [Mr.] Geller" or "of ever meeting with Ilya Geller." Dkt. No. 250-2 at ¶ 4. Plaintiff has not sufficiently raised questions regarding the veracity of Mr. Brin's sworn declaration, especially given that Mr. Geller's own deposition testimony reflects that even Mr. Geller has no recollection of any contact with Mr. Brin other than Mr. Geller's unsolicited e-mail. *See* Dkt. No. 261, Ex. A at 92:9-93:12, 95:8-14, and 96:9-97:2. Mr. Geller also testified that he "tried to call Sergey Brin" but that Mr. Brin never returned the call. *Id.* at 95:8-23. As to burden, Defendant has shown that Mr. Brin is President of Technology for Defendant Google, Inc., which has over 20,000 employees worldwide, and the Court therefore finds that a deposition of Mr. Brin would likely cause significant disruption to Defendant's operations. Dkt. No. 250-2 at ¶¶ 2-3.

In sum, Plaintiff has failed to show, at this time, that a deposition of Mr. Brin would yield any relevant information (let alone any relevant knowledge that cannot reasonably be obtained through less invasive sources, such as interrogatories, depositions of lower-ranking employees, or Rule 30(b)(6) corporate depositions) that would justify a significant disruption to Defendant's operations. *See, e.g., Salter*, 593 F.2d at 651; *Thomas*, 48 F.3d at 483; *Reif*, 248 F.R.D. at 454; *Baine*, 141 F.R.D. at 335. Defendant's motion to quash should therefore be granted with the

qualification that Plaintiff shall be permitted to depose a 30(b)(6) representative of Defendant regarding Mr. Geller's 2001 e-mail and regarding what procedures, if any, Defendant had at the relevant time for handling e-mails of this sort.  After that discovery is completed, Plaintiff can, if appropriate, re-notice a deposition of Mr. Brin, and any irreconcilable dispute regarding the appropriateness of such a deposition can be submitted to the Court at that time.

The Court finds that Plaintiff's opposition to this motion was sufficiently justifiable to prevent an award of expenses pursuant to Rule 26(c)(3) and Rule 37(a)(5).  The Court therefore makes no award of expenses.

## IV.  CONCLUSION

For at least the foregoing reasons, Google Inc.'s Motion to Quash and for Protective Order to Preclude Deposition of its Co-Founder and President (Dkt. No. 250) is hereby **GRANTED AS MODIFIED**.

The Court hereby **ORDERS** that Plaintiff shall be permitted to depose a 30(b)(6) representative of Defendant regarding Mr. Geller's 2001 e-mail and regarding what procedures, if any, Defendant had at the relevant time for handling e-mails of this sort.  After that discovery is completed, Plaintiff can, if appropriate, re-notice a deposition of Mr. Brin, and any irreconcilable dispute regarding the appropriateness of such a deposition can be submitted to the Court at that time.

**IT IS SO ORDERED.**
**SIGNED this 28th day of August, 2009.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE