IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PA ADVISORS, LLC, | CASE NO. 2-07CV-480-DF |
| v. | Honorable David Folsom, Presiding |
| GOOGLE INC., ET AL. | |

## REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

Dockets.Justia.com

## **INTRODUCTION**

Plaintiff PA Advisors, and its affiliated plaintiff in the *Bright Response v. Google* lawsuit brought by nearly identical counsel, continue to employ a pattern of harassment by seeking burdensome discovery into irrelevant issues.  The plaintiff in *Bright Response* first sought to depose Google attorney Michelle Lee regarding Google's political lobbying activities, forcing Google to move for a protective order.  Plaintiff in this case then sought to depose another Google attorney, Johanna Shelton, also regarding Google's lobbying activities.  Thus, Google was forced to move for a protective order in this case, too.[1]  The plaintiff in the *Bright Response* case also recently issued document subpoenas to seven third party lobbyists in Washington D.C. and six Google employees who do lobbying work there, including Ms. Shelton.

Google's lobbying efforts are utterly irrelevant to the issues in this patent infringement case.  This discovery is sought for harassment purposes only.  Indeed, Plaintiff does not contest Ms. Shelton has no information about the patent in suit or any technical information about the Accused Instrumentalities.  Further, assuming for the sake of argument that Google's lobbying activities are somehow relevant (which they are not), such activities are protected from disclosure by the First Amendment.  Although Plaintiff does not substantively refute that Google's lobbying activities are protected under the First Amendment privilege, it has failed to demonstrate a "compelling need" for information regarding lobbying activities as required to abrogate the privilege.  Indeed, Plaintiff has failed to link Google's political lobbying efforts to any issue in this case.  Google's motion for a protective order should be granted.

---

[1]  Plaintiff's statement that Google has "Yet, again" moved for a protective order precluding a deposition makes no sense given that this Court <u>granted</u> Google's prior motion for protective order of Google co-founder Sergey Brin.  Google cannot be faulted for seeking appropriate relief from Plaintiff's discovery conduct.

**ARGUMENT**

I.      **PLAINTIFF FAILS TO DEMONSTRATE THE RELEVANCE OF SHELTON'S TESTIMONY OR GOOGLE'S LOBBYING ACTIVITIES.**

      A.      **Plaintiff ignores Shelton's Declaration.**

Ms. Shelton submitted a declaration in support of Google's motion, stating that she does not have knowledge of the patent in suit, PA Advisors, nXn Tech, or inventor Ilya Geller, or technical knowledge of the functionalities of the Accused Instrumentalities. (Shelton Declaration, at ¶ 3.) Plaintiff does not even this address this declaration, which is conclusive on the issue before the Court.

      B.      **Ms. Shelton's testimony is not relevant to willfulness.**

Plaintiff argues Ms. Shelton's testimony is relevant to willfulness. Plaintiff suggests that her testimony will show whether Google knew or should have known of any "objectively-defined risk" that Google's actions constituted infringement of the '067 patent. (Opp. at 4-5) (citing *In re Seagate Technology, LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (en banc)). But Plaintiff fails to explain how or what testimony Ms. Shelton could give that would have any bearing on this issue. It merely concludes that "[t]he information held by Ms. Shelton is relevant to this" prong of the willfulness inquiry. (Opp. at 5.) Plaintiff's conclusion does not make it so.

Moreover, Plaintiff cites to two pieces of cold call correspondence, one from the named inventor of the '067 patent to Google co-founder Sergey Brin and another Plaintiff claims his attorney sent to Google in-house counsel as the basis of a supposed willfulness claim Plaintiff admits it has not yet actually pleaded. (Opp. at 4.) But Plaintiff fails to demonstrate that any similar correspondence was sent to Ms. Shelton, or explain why Plaintiff believes Ms. Shelton – Google's policy counsel – would have any information about such correspondence. In any

2

event, Google has agreed to produce a 30(b)(6) witness(es) on topics related to this correspondence.  Thus, there is no need for Ms. Shelton to testify on this topic.

### C.  Ms. Shelton's testimony is not relevant to damages.

Plaintiff also argues that Shelton's deposition is appropriate because Google's lobbying efforts are relevant to "the issue of damages in this litigation."  (Opp. at 5).  However, it cites no case that supports this assertion.[2]  Nor does it contend that Google's lobbying efforts fit into any of the *Georgia-Pacific* factors used to determine a reasonable royalty.  Instead, the best it can do is argue that the *Georgia-Pacific* factors are "non-exhaustive" and that, therefore, Google's lobbying efforts should be considered.  However, again, that Plaintiff concludes these lobbying efforts are relevant does not make it so.  Google's lobbying efforts as to what it believes the law should be have no relevance to this case.  Accordingly, a protective order precluding the deposition of Ms. Shelton is appropriate.

## II.  PLAINTIFF FAILS TO REBUT GOOGLE'S *PRIMA FACIE* CASE FOR PROTECTION BY THE FIRST AMENDMENT PRIVILEGE, NOR DOES PLAINTIFF SHOW A "COMPELLING NEED" FOR DISCOVERY AS TO GOOGLE'S LOBBYING ACTIVITIES.

Plaintiff does not dispute that "the party asserting the privilege must demonstrate, or make a prima facie showing, that the privilege applies. . . .  [I]f the party asserting the privilege meets this burden, then the burden shifts to the party seeking disclosure to demonstrate a compelling need for the requested information."  *McCormick v. City of Lawrence*, No. 02-2135-JWL, 2005 WL 1606595, at *7 (D. Kan. July 8, 2005).  Nor does Plaintiff dispute that a

---

[2]  Plaintiff's argument that Google cites no patent cases on the relevance of lobbying efforts rings hollow given that Plaintiff has cited no cases showing such efforts are relevant. Indeed, the likely reason that there seems to be no published decisions regarding the relevance of lobbying efforts to patent litigation is that no patent defendant has been forced to seek a protective order, or no plaintiff has moved to compel such discovery, given its clear lack of relevance.

"compelling" need is "one that 'is crucial to the party's case,' goes to the 'heart of the claims,' or is 'directly relevant to the party's claim.'" *Beinin v. Ctr. for Study of Popular Culture*, No. C 06-02298, 2007 WL 1795693, at *3 (N.D. Cal. June 20, 2007).

Instead, Plaintiff argues the First Amendment Privilege does not apply because the information it seeks from Ms. Shelton "does not relate to Google's participation in any association." (Opp. at 8). But in *Heartland Surgical Specialty Hospital, LLC v. Midwest Div., Inc.*, the court held that lobbying activity "is precisely the type of internal associational activity and past political activity that the First Amendment is designed to protect."[3] No. 05-2164-MLW, 2007 WL 852521, at *5 (D. Kan. Mar. 16, 2007). *See also Wyoming v. U.S. Dept. of Agriculture*, 208 F.R.D. 449, 454 (D. D.C. 2002) (lobbying activities involve the "essence of First Amendment freedoms"). Plaintiff ignores these cases.[4] Further, there is no logical basis to distinguish between lobbying activities by associations of which Google is a part and lobbying activities by Google itself. The First Amendment lobbying privilege is an aspect of the broader First Amendment associational privilege, and "the First Amendment right to associate with others may apply to a wide variety of political, and economic associations." *Heartland Surgical Specialty Hosp.*, 2007 WL 852521 at *3. As the Supreme Court has held, in barring discovery of

---

[3] Plaintiff cites *Robinson v. Tex. Auto. Dealers Ass'n* as standing for the proposition that all lobbying activities are discoverable. All *Robinson* holds, however, is that not all communications between an attorney and a client about lobbying are protected by the attorney-client privilege. 214 F.R.D. 432, 445 (E.D. Tex. 2003). Plaintiff also fails to cite the subsequent Fifth Circuit opinion granting the petition for writ of mandamus and vacating the district court's order granting the plaintiff's motion to compel the attorney-client communications. *In re Texas Automobile Dealers Ass'n.*, No. 03-40860, 2003 WL 21911333 at *1 (5th Cir. 2003).

[4] Plaintiff argues *Austrl./E. U.S.A. Shipping Conference v. United States* is inapposite because it involves the *Noerr-Pennington* doctrine. (Opp. at 9-10). This is not correct. In fact, the Court refused to allow discovery into lobbying activities because general First Amendment principals did not allow the "chilling effect" of discovery into those activities <u>despite</u> the (footnote continued)

privileged First Amendment material: "of course, all legitimate organizations are the beneficiaries of these protections." *Gibson v. Fla. Legis. Investigation Comm.*, 372 U.S. 539, 556 (1963).

As Google has established a *prima facie* case of privilege under the First Amendment, the burden shifts to Plaintiff to show a "compelling need" for the discovery sought. It has not done so. Instead, it repeats the same baseless assertions of relevance discussed above. Plaintiff does nothing to show that Google's lobbying activities are "crucial" or "go to the heart" of Plaintiff's claims. Accordingly, Plaintiff has not met its burden.

## III.     GOOGLE HAS NOT WAIVED THE FIRST AMENDMENT PRIVILEGE.

Plaintiff argues that Google has waived First Amendment privilege over its lobbying activities by making public statements about pending legislation. (Opp. at 11-12.) Plaintiff cites no authority for such a waiver, and its argument is without merit. Indeed, in *Heartland*, the Kansas Hospital Association (KHA) had engaged in certain "public" lobbying activities such as "present[ing] legislative proposals and testimony" before the Kansas legislature. *Heartland*, 2007 WL 852521 at *1. Nonetheless, the court nowhere suggested that the KHA had waived First Amendment privilege, but instead upheld KHA's claims of privilege for its lobbying documents. *Id.* at **5-6.

### Conclusion

For the foregoing reasons, Google respectfully moves for a protective order barring Plaintiff from deposing Ms. Shelton.

---

potential application of an *exception* to the *Noerr-Pennington* doctrine that would allow discovery into such activities. No. 80-1830, 1981 WL 2212 at *17 (D. D.C. Dec. 23, 1981).

DATED: September 14, 2009    Respectfully submitted,


By:  /s/ Brian C. Cannon
Brian C. Cannon
California Bar No. 193071
briancannon@quinnemanuel.com
Quinn Emanuel Urquhart Oliver & Hedges, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA  94065
Tel.: (650) 801-5000
Fax: (650) 801-5100

Charles K. Verhoeven,
California Bar No. 170151
charlesverhoeven@quinnemanuel.com
Quinn Emanuel Urquhart Oliver & Hedges, LLP
50 California Street, 22nd Floor
San Francisco, CA  94111
Tel.: (415) 875-6600
Fax: (415) 875-6700

Michael E. Richardson
Texas Bar No. 24002838
mrichardson@brsfirm.com
BECK, REDDEN & SECREST, L.L.P.
One Houston Center
1221 McKinney St., Suite 4500
Houston, Texas 77010
(713) 951-3700
(713) 951-3720 (Fax)

David J. Beck
Texas Bar No. 00000070
debck@brsfirm.com
BECK, REDDEN & SECREST, L.L.P.
One Houston Center
1221 McKinney St., Suite 4500
Houston, Texas 77010
(713) 951-3700
(713) 951-3720 (Fax)

**CERTIFICATE OF SERVICE**

I hereby certify pursuant to 28 U.S.C. § 1746 under penalty of perjury under the laws of the United States of America that the following is true and correct. On September 14, 2009, I caused to be served the foregoing *Reply in Support of Motion for Protective Order* and related papers by electronic mail, on the following persons at the identified addresses.

_/s/ Brian C. Cannon_____
Brian C. Cannon

Andrew Wesley Spangler
Spangler Law PC
208 N. Green St., Suite 300
Longview, TX 75601
903-753-9300
Fax: 903-553-0403
Email: spangler@spanglerlawpc.com
Email: klawrason@spanglerlawpc.com

David Michael Pridham
Law Office of David Pridham
25 Linden Road
Barrington, RI 02806
401-633-7247
Fax: 401-633-7247
Email: david@PridhamIPLaw.com

Ari Rafilson
The Rafilson Law Firm, PLLC
1318 Royal Palm Lane
Carrollton, TX 75007
(214) 789-4035
Fax: (972) 236-5397
Email: ari@rafilsonlawpllc.com

Patrick Rolf Anderson
Patrick R. Anderson, PLLC
4225 Miller Rd., Bldg. B-9, Suite 358
Flint, MI 48507
517-303-4806
Fax: 248-928-9239
Email: patrick@prapllc.com

Mark Fenster
Stanley Thompson
Russ, August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
(310) 826-7474
Fax: (310) 826-6991
Email: mfenster@raklaw.com
Email: sthompson@raklaw.com

John M. Bustamante
jmb@BustamanteLegal.com
BUSTAMANTE, P.C.
54 Rainey Street, No. 721
Austin, Texas 78701
Tel. 512.940.3753
Fax. 512.551.3773

ATTORNEYS FOR PLAINTIFF NXN TECH,
LLC, formerly known as PA ADVISORS,
LLC