IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PA ADVISORS, LLC, | § § § | |
| Plaintiff, | § § | Civil Action No. 2:07-cv-480-DF |
| v. | § § | |
| GOOGLE, INC., et al., | § § | JURY TRIAL DEMANDED |
| Defendants. | § § § | |

**PA ADVISORS LLC'S SUR-REPLY IN OPPOSITION TO GOOGLE'S MOTION
TO QUASH AND FOR PROTECTIVE ORDER TO PRECLUDE DEPOSITION
<u>OF JOHANNA SHELTON</u>**

nXn Tech, LLC (formerly known as PA Advisors LLC, "nXn") files this sur-reply to demonstrate that Google relies on two incorrect premises to justify avoiding discovery: a restrictive view of relevance–to assert that its lobbying activities are irrelevant to this litigation—and an unsupportable view of a broad First Amendment privilege. Google is mistaken on both counts. Google has no sound legal basis to quash the deposition and seek protection from relevant discovery that nXn needs to prepare its case.

## I. Introduction and Summary of Sur-Reply Points

First, Google erroneously claims that Ms. Shelton's testimony is not relevant to any issues present in this litigation. But Google's response to nXn's opposition suggests that Ms. Shelton does in fact have information that relates to nXn's claim of damages and potential claim of willful infringement. Google appears to take the position, for example, that Ms. Shelton's testimony could only be relevant to this litigation if it ***directly*** relates to United States Patent No. 6,199,067 ("the '067 Patent"), the patent-in-suit. Google provides no citation for such a broad proscription on relevance. It cannot. There is no such authority.

Second, Google claims that nXn fails to show a compelling need for the information. Google's argument is flawed because it presumes that Google has met its burden of demonstrating that a First Amendment claim applies at all in this case. As the multiple cases cited by nXn make clear, Google has failed to meet its burden. Google cannot shift that burden to nXn and require nXn to demonstrate a compelling need for the information sought. The broad First Amendment protection that Google seeks has simply no support in this District or others. The Court should reject Google's claim to a broad, unsupported First Amendment privilege and reject its Motion for a Protective Order relating to the deposition of Ms. Shelton.

1

## II. Ms. Shelton's knowledge regarding Google's lobbying efforts to change the patent laws in this country is relevant to nXn's claims.

Google incorrectly claims that Ms. Shelton has no knowledge relevant to the instant litigation only because she does "not have knowledge of the patent in suit, PA Advisors, nXn Tech, or inventor Ilya Geller, or technical knowledge of the functionalities of the Accused Instrumentalities"—and that "this is conclusive on the issue before the Court." (Reply at 2.) In essence, Google is claiming that because Ms. Shelton does not have knowledge regarding the *technical* aspects of this litigation or of the parties, she must have no knowledge that is relevant to this litigation. Relevance is not so narrowly drawn as Google suggests, and the Court's local rules provide for discovery well beyond Google's unilateral interpretation of what "relevant" means. (*See* Local Rule 26(d).)

Google also incorrectly claims that Ms. Shelton's testimony could not be relevant to nXn's potential claim of willfulness because, in part, the correspondence related to nXn's claim was not sent directly to Ms. Shelton. (Reply at 2.) Ms. Shelton's knowledge, however, is relevant to the potential claim of willfulness *not* because she received the correspondence. It is relevant because her knowledge of Google's legislative and policy initiatives speaks directly to Google's subjective knowledge of patent infringement. As nXn noted in its Opposition, Ms. Shelton's knowledge regarding Google's policies regarding infringement and its attempts to change laws regarding damages and/or willfulness are relevant and reasonably related to Google's understanding of the subjective prong of the *In re Seagate* willfulness test. The question under this prong is whether Google's infringement was "either known or so obvious that it should have been known to the accused infringer." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (en banc). Google cannot thwart nXn's ability to develop the evidence required to prove its case on willfulness by shielding witnesses with knowledge relevant to that inquiry.

If Google is unconcerned about infringing not only nXn's patents, but any valid patents, due to its legislative and policy efforts, this is clearly relevant to whether Google should have known of its infringement of nXn's—and others'—patents.[1]

With respect to damages, the parties appear to agree on the single point that there is no precedent relating to the specific issue before this Court: whether a defendant's patent policy and patent-related legislative activities are relevant to damages. (Reply at 3, n.2.) From this lack of precedent Google draws the conclusion that "the likely reason that there seems to be no published decisions regarding the relevance of lobbying efforts to patent litigation is that no patent defendant has been forced to seek a protective order . . . given its the [*sic*] clear lack of relevance." (*Id.*) nXn draws the opposite conclusion: that no defendant has objected to the relevance of its policy and legislative policies because they are plainly relevant. In any event, the information that nXn seeks from Ms. Shelton is plainly relevant to its claim of damages, or at the very least reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1); *see also* Local Rule 26(d).

### III. Google fails to meet its burden to demonstrate that it is entitled to the First Amendment privilege claimed.

Google claims that its Motion must be granted because nXn has not shown a compelling need for the information. (Reply at 3-4.) Google is wrong. It is recasting its own burden to justify the protection as nXn's failure to adequately oppose, Google itself notes, "the party asserting the privilege [***Google***] must demonstrate, or make a prima

---

[1] Google claims in its Reply that nXn's "conclusion [regarding the relevance of Ms. Shelton's testimony to this prong of the *In re Seagate* willfulness test] does not make it so." (Reply at 2.) This illustrates the problem with Google's numerous pre-emptive attempts to limit nXn's discovery. Put simply, nXn is caught in a Catch-22: unable to get the discovery it seeks and then mocked when it is only able to rely on conjecture.

3

facie showing, that the privilege applies . . ." (Reply at 3.) Thus, nXn need not show a compelling need for the information, as Google has failed to demonstrate a First Amendment privilege even applies.

Additionally, although Google accuses nXn of ignoring the precedent on which Google relies in its claim of a broad First Amendment privilege (Reply at 4), the only precedent Google addresses in its Reply is *Robinson v. Texas Automobile Dealers Association*, 214 F.R.D. 432, 445 (E.D. Tex. 2003), which Google claims the Court can ignore for two reasons. First, Google incorrectly claims that the only proposition that *Robinson* stands for is "that not all communications between an attorney and a client about lobbying are protected by the attorney-client privilege." (Reply at 4, n. 3.) But Google ignores that the courts of this district have compelled production of lobbying documents; thus, there is no per se broad, blanket rule that protects lobbying documents. *Robinson*, 214 F.R.D. at 446. Second, Google incorrectly claims that the binding precedent of *Robinson* should be ignored because the Fifth Circuit granted a petition for "writ of mandamus and vacated the district court's order granting its motion to compel attorney client privilege." (Reply at 4.) However, the Fifth Circuit's opinion did not address the underlying framework outlined in the district court's opinion; it merely vacated as to certain documents without comment, including the documents regarding lobbying activities.[2] *In re Texas Automobile Dealers Ass'n*, No. 03-40860 (5th Cir. July 25, 2003). The underlying principle remains good law: lobbying documents that are not subject to the attorney-client privilege should be produced. *See N. Car. Elec.*

---

[2] The Fifth Circuit's opinion is not available through LexisNexis, LoisLaw or through the Fifth Circuit's website at http://www.ca5.uscourts.gov/Opinions.aspx, last accessed on September 25, 2009. As a result, nXn is only able to rely on the Pacer summary of this opinion, attached as Exhibit A.

4

*Membership Corp. v. Car. Power & Light Co.*, 110 F.R.D. 511, 517-18 (M.D.N.C. 1986) (noting that updates on lobbying activities are not requests for legal advice and should be produced); *see also United States v. Ill. Power Co.*, No. 99-CV-833, 2003 U.S. Dist. Lexis 24866, at *10-11 (S.D. Ill. Apr. 24, 2003) (citing *Robinson* and noting that lobbying activities are not necessarily protected by the attorney-client privilege). Notably, Google is not asserting the attorney-client privilege at all. It is seeking a much broader, global protection under the First Amendment—protection to which it is not entitled.

Finally, Google ignores the authorities nXn cited in which numerous courts have rejected the very argument Google attempts to make here and required the production of lobbying materials despite claims of a broad First Amendment privilege. (Opp'n at 10-11.) Because Google has no authority and no argument to support its position relating to the production of lobbying materials, the Court should reject Google's broad claim of First Amendment protection.

### IV. Conclusion.

For the foregoing reasons and those stated in nXn's Opposition, Google's motion to quash and for a protective order should be denied.

Dated: September 25, 2009                    Respectfully submitted,

                                                                BUSTAMANTE, P.C.

                                                                By: \s\ John M. Bustamante
                                                                        John M. Bustamante
                                                                        Texas Bar No. 24040618
                                                                        BUSTAMANTE, P.C.
                                                                        54 Rainey Street, No. 721
                                                                        Austin, Texas 78701
                                                                        Tel. 512.940.3753
                                                                        Fax. 512.551.3773
                                                                        jmb@BustamanteLegal.com

| | |
|---|---|
| Andrew W. Spangler | Patrick R. Anderson |
| LEAD COUNSEL | Patrick R. Anderson PLLC |
| Spangler Law P.C. | 4225 Miller Rd, Bldg. B-9, Suite 358 |
| 208 N. Green Street, Suite 300 | Flint, MI 48507 |
| Longview, Texas 75601 | (810) 275-0751 |
| (903) 753-9300 | (248) 928-9239 (fax) |
| (903) 553-0403 (fax) | patrick@prapllc.com |
| spangler@spanglerlawpc.com | |
| | Marc A. Fenster, CA Bar No. 181067 |
| David M. Pridham | RUSS, AUGUST & KABAT |
| Law Office of David Pridham | 12424 Wilshire Blvd., 12th Floor |
| 25 Linden Road | Los Angeles, CA 90025 |
| Barrington, Rhode Island 02806 | (310) 826-7474 |
| (401) 633-7247 | (310) 826-6991 (fax) |
| (401) 633-7247 (fax) | mfenster@raklaw.com |
| david@pridhamiplaw.com | |
| | Ari Rafilson |
| | State Bar No. 24060456 |
| | The Rafilson Law Firm, PLLC |
| | 1318 Royal Palm Lane |
| | Carrollton, Texas 75007 |
| | (214) 789-4035 |
| | (972) 236-5397 (fax) |
| | ari@rafilsonlawpllc.com |

                                               Attorneys for Plaintiff PA Advisors, LLC

**CERTIFICATE OF SERVICE**

   I certify that counsel of record who are deemed to have consented to electronic service are being served this 25th day of September, 2009, with a copy of this document via the Court's CM/ECF systems per Local Rule CV-5(a)(3). Any other counsel will be served electronic mail, facsimile, overnight delivery and/or First Class Mail on this date.


                 \s\ John M. Bustamante
                  John M. Bustamante