UNTIED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PA ADVISORS, LLC, | CASE NO. 2-07CV-480-DF |
| Plaintiff, | **GOOGLE INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY** |
| GOOGLE INC., ET AL., | |
| Defendants. | |

## GOOGLE INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY

On September 29, 2009, in the related case of *Bright Response, LLC v. Google Inc.*, et al.,

Civil Action No. 2:07-CV-371, Judge Everingham issued an order granting in part and denying

in part Google Inc.'s ("Google") motion for a protective order to prevent plaintiff from

discovering information pertaining to Google's lobbying activities and political contributions

though the deposition of Google's in-house attorney and head of patents and patent strategy.

Judge Everingham's Order is attached.  The Court found that the First Amendment applied to

Google's lobbying activities and that discovery would only be permitted to the extent that

lobbying activities addressed the patent in suit:

> Bright Response intends to inquire into Google's own individual lobbying
> activities. Thus, Bright Response contends that the information is discoverable
> and not subject to the qualified privilege.  The court disagrees.
>
> Google's activities are protected by the First Amendment.  [. . .]  Contrary to the
> plaintiff's arguments, the court finds that the ***lobbying information is relevant
> only to the extent that the lobbying activities addressed the patent-in-suit***. The
> court has balanced the plaintiff's need for the information against likelihood that
> disclosure of the information might adversely impact Google's right to engage in
> conduct protected by the First Amendment. In light of the fact that Google itself
> has stated publicly that it is engaged in lobbying activities on the issue of patent

01980.51319/3127858.1

reform, the court will allow the plaintiff to inquire into whether and to what extent Google's lobbying efforts addressed the patent-in-suit.

Order at pages 3-4 (emphasis added). This decision supports Google's Motion To Quash And For A Protective Order To Preclude Deposition of Johanna Shelton. (Dkt # 257). Ms. Shelton is Policy Counsel & Legislative Strategist for Google based in Washington, D.C. *Id.* As set forth in Google's motion and Ms. Shelton's Declaration (Dkt. #257-15), Ms. Shelton advocates public policy positions and has no knowledge of the patent in suit.

DATED: September 29, 2009         Respectfully submitted,


By  /s/ Brian C. Cannon
    Brian C. Cannon
    California Bar No. 193071
    briancannon@quinnemanuel.com
    Quinn Emanuel Urquhart Oliver & Hedges LLP
    555 Twin Dolphin Dr., Suite 560
    Redwood Shores, CA 94065
    Tel. (650) 801-5000
    Fax: (650) 801-5100

    Charles K. Verhoeven
    California Bar No. 170151
    charlesverhoeven@quinnemanuel.com
    Quinn Emanuel Urquhart Oliver & Hedges LLP
    50 California Street, 22nd Floor
    San Francisco, CA 94111
    Tel: (415) 875-6600
    Fax: (415) 875-6700

    David J. Beck
    Texas Bar No. 00000070
    dbeck@brsfirm.com
    Michael E. Richardson
    Texas Bar No. 240002838
    mrichardson@brsfirm.com
    Beck Redden & Secrest
    1221 McKinney Street, Suite 4500
    One Houston Center
    Houston, TX 77010-2020
    Tel:  (713) 951-3700
    Fax:  (713) 951-3720

    ATTORNEYS FOR GOOGLE INC.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this motion was served on all counsel who are deemed to have consented to electronic service on the 29 of September, 2009.  Local Rule CV-5(a)(3)(A).

/s/ Brian C. Cannon_____
Brian C. Cannon