IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| BRIGHT RESPONSE, LLC | § | |
| Vs. | § | CIVIL ACTION NO. 2:07CV371 |
| GOOGLE INC., ET AL. | § | |

# ORDER

Google's motion for a protective order (#164) is granted in part and denied in part. In the motion, Google seeks a broad protective order to preclude Bright Response, LLC ("Bright Response") from discovering any information pertaining to Google's lobbying activities and political contributions through the deposition of Michelle Lee, Google's in-house attorney and head of patents and patent strategy. The plaintiff has responded, and the motion is ripe for decision.

The court has carefully considered the motion, response, and the applicable law. The motion relies heavily on the First Amendment associational privilege recognized in *National Ass'n for Advancement of Colored People v. Alabama ("NAACP")*, 357 U.S. 449 (1958). There, the Supreme Court held that the First Amendment's right to associate created a privilege which protected certain associational activities from discovery. *Id*. at 462. In particular, the Court held that the State of Alabama could not compel the NAACP to disclose in discovery a membership list which included the identities of its rank-and-file members. *Id*. at 466. The Court recognized these members' First Amendment rights to associate anonymously for the purpose of advocating the principles of the organization. *Id*. at 462. According to the Court, the First Amendment associational privilege

applies when a discovery order "entail[s] the likelihood of a substantial restraint upon the exercise by petitioner's members of their right to freedom of association." *Id*. at 462. If the compelled disclosure is likely to interfere with an organization's collective advocacy by inducing members to withdraw from the organization because fear of exposure of their beliefs will lead to threats, harassment, or reprisal, it runs afoul of the First Amendment. *Id.* at 462-63. The Court discussed physical coercion, bodily harm, economic harm or reprisal, loss of employment, and other public manifestations of hostility as the types of threats, harassment, and reprisal with which the Court was concerned. *NAACP,* 357 U.S. at 462; *see Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, 2007 WL 852521, at *3 (D. Kan. Mar. 16, 2007).

In reliance on *NAACP*, courts have extended the First Amendment privilege to shield from disclosure confidential membership lists of trade associations, confidential financial contributor lists of trade associations, and confidential internal trade association communications concerning lobbying and legislation. *In re Motor Fuel Temperature Sales Practices Litigation*, 258 F.R.D. 407 (D. Kan. 2009). The privilege, however, is a qualified one. *Id.*; *Christ Covenant Church v. Sw. Ranches*, 2008 WL 2686860, at *5 (S.D. Fla. Jun. 29, 2008); *Wilkinson v. Fed. Bureau of Investigation*, 111 F.R.D. 432, 436 (C.D. Cal. 1986). If the party asserting the privilege makes a *prima facie* showing that it applies, then the burden shifts to the party seeking the information to demonstrate a compelling need for the information and that the information cannot be obtained from other sources. *Motor Fuel*, 258 F.R.D. at 407; *Christ Covenant Church*, 2008 WL 2686860, at *6.

Google has the burden to show that the privilege applies. *Heartland*, 2007 WL 852521 at *3. As one court has stated:

> [T]o make a *prima facie* showing that the organization's internal associational

2

> activities are protected, the party must demonstrate: (1) that a reasonable probability exists that compelled disclosure of the information sought; (2) will adversely affect the organization's ability to advocate its beliefs; (3) causing active members to withdraw from the organization or dissuading prospective members from joining the organization; (4) because of a fear that exposure of their beliefs will subject them to threats, harassment, or reprisal. The Associational Privilege will protect the disclosure of the information if the movant demonstrates these four requirements.

*Wyoming v. United States Dep't of Agric.*, 239 F. Supp. 2d 1219, 1237 (D. Wyo. 2002), *vacated as moot*, 414 F.3d 1207 (10th Cir. 2005). Bearing this standard in mind, the court evaluates the present motion for protective order.

Bright Response has abandoned any effort to ask Google's witnesses about otherwise privileged lobbying activities by associations to which Google belongs. Pl. Resp. at 8. Rather, Bright Response intends to inquire into Google's own individual lobbying activities. Thus, Bright Response contends that the information is discoverable and not subject to the qualified privilege. The court disagrees.

Google's activities are protected by the First Amendment. Although *NAACP* was concerned with protecting the rank-and-file members' rights to associate anonymously with an organization whose members shared similar beliefs, it nonetheless addressed the extent to which discovery in civil cases might chill protected First Amendment conduct. The court will therefore balance the plaintiff's asserted need for the information against the risk that disclosure might adversely impact Google's ability to engage in protected First Amendment conduct. Contrary to the plaintiff's arguments, the court finds that the lobbying information is relevant only to the extent that the lobbying activities addressed the patent-in-suit. The court has balanced the plaintiff's need for the information against likelihood that disclosure of the information might adversely impact Google's right to engage in conduct protected by the First Amendment. In light of the fact that Google itself

3

has stated publicly that it is engaged in lobbying activities on the issue of patent reform, the court will allow the plaintiff to inquire into whether and to what extent Google's lobbying efforts addressed the patent-in-suit. Such information will be deemed confidential under the protective order previously issued by the court and shall be disclosed only to outside counsel for the plaintiff. As to this topic, the motion for protective order (#164) is denied. The balance of the motion is granted.

SIGNED this 29th day of September, 2009.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE