# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| PA ADVISORS, LLC, | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 2:07-cv-480-DF |
| v. | § | |
| | § | |
| GOOGLE, INC., et al., | § | JURY TRIAL DEMANDED |
| | § | |
| Defendants. | § | |

## PA ADVISORS, LLC'S RESPONSE TO GOOGLE, INC.'S
## NOTICE OF SUPPLEMENTAL AUTHORITY

nXn Tech, LLC (formerly known as PA Advisors LLC, "nXn") files this response in opposition to the Notice of Supplemental Authority filed last night by Google, Inc. ("Google"). The Notice is improper and should be disregarded because (i) its substantive content exceeds the limited purpose of such a notice; and (ii) it is subject to a meet and confer requirement that was not met here.

### I. Motion Practice is Complete: Google's Additional Verbiage is Inappropriate.

Google appropriately brought to the Court's attention a new order from a related case. Dkt. 279. Google inappropriately chose to go further, however, and alert the Court of that order with a "Notice" of Supplemental Authority that does more than merely attach the order and direct the Court's attention to it. Google also takes the opportunity to repeat its allegations, which nXn opposes, that Google's lobbyist Ms. Shelton—ostensibly only because of her title as "Policy Counsel & Legislative Strategist for Google—has no knowledge regarding the patent-in-suit, United States Patent No. 6,199,067 ("the '067 Patent").

The premise remains wrong, however, that only such a narrowly-defined universe of information is "relevant" in terms of the Federal Rules of Civil Procedure. FED. R. CIV. P. 26(b)(1). It is inconceivable that Ms. Shelton would not have some information "relevant" to fact issues relating to willfulness and a reasonable royalty analysis. Her title alone suggests as much. It is for a plaintiff to test a witness's potential knowledge, not for a defendant to end the inquiry on its own terms. A conclusory First Amendment challenge does not change the scope of Rule 26(b).

## II. Google Failed to Confer with nXn before Filing.

All motions, with few exceptions, are subject to this District's meet-and-confer requirement in the Local Rules. *See* LOCAL CIV. R. CV-7(i).[1] The notice of supplemental authority is a filing that (i) goes beyond mere "notice" and (ii) is filed in connection with a motion—Google's Motion to Quash (Dkt. 257), which is not excluded from Rule CV-7's meet-and-confer requirement. Because of the significance this District attaches to that requirement, any question about whether it applies should be decided in favor of a meet and confer.[2] The Notice is therefore improper, both substantively for content beyond a mere "notice," and procedurally for the failure to comply with the meet-and-confer requirement.

---

[1] The rule states: "Neither the "meet and confer" nor the certificates of conference requirements are applicable to pro se litigants (prisoner or non-prisoner), or to the following motions: (1) to dismiss: (2) for judgment on the pleadings; (3) for summary judgment; (4) motions in limine; (5) for judgment as a matter of law; (6) for judgment of acquittal in a criminal case; (7) motions to suppress in criminal cases; (8) for new trial; and (9) any motion captioned as "joint", "agreed " or "unopposed."

[2] The rule states, as its first explanatory sentence: "The substantive component requires, at a minimum, a personal conference, by telephone or in person, between an attorney for the movant and an attorney for the non-movant. LOCAL R. CV-7(h).

### III. Conclusion

The Court should not consider Google's Notice of Supplemental Authority until such time as the procedural requirements are met and a proper "Notice" filed. Nor should the Court consider any substantive advocacy in the Notice without a proper motion granting Google leave of Court to provide additional commentary, with a commensurate opportunity for nXn to meaningfully respond.

[*Rest of Page Intentionally Left Blank*]

Dated: September 30, 2009

Respectfully submitted,

The Rafilson Law Firm, PLLC
By: \s\ Ari Rafilson

Ari Rafilson
State Bar No. 24060456
The Rafilson Law Firm, PLLC
1318 Royal Palm Lane
Carrollton, Texas 75007
(214) 789-4035
(972) 236-5397 (fax)
ari@rafilsonlawpllc.com


Andrew W. Spangler
LEAD COUNSEL
Spangler Law P.C.
208 N. Green Street, Suite 300
Longview, Texas 75601
(903) 753-9300
(903) 553-0403 (fax)
spangler@spanglerlawpc.com

David M. Pridham
Law Office of David Pridham
25 Linden Road
Barrington, Rhode Island 02806
(401) 633-7247
(401) 633-7247 (fax)
david@pridhamiplaw.com

Patrick R. Anderson
Patrick R. Anderson PLLC
4225 Miller Rd, Bldg. B-9, Suite 358
Flint, MI 48507
(810) 275-0751
(248) 928-9239 (fax)
patrick@prapllc.com

Marc A. Fenster, CA Bar No. 181067
RUSS, AUGUST & KABAT
12424 Wilshire Blvd., 12th Floor
Los Angeles, CA 90025
(310) 826-7474
(310) 826-6991 (fax)
mfenster@raklaw.com

John M. Bustamante
BUSTAMANTE, P.C.
54 Rainey Street, No. 721
Austin, Texas 78701
Tel. 512.940.3753
Fax. 512.551.3773
jmb@BustamanteLegal.com


Attorneys for Plaintiff PA Advisors, LLC

## CERTIFICATE OF CONFERENCE

       I alerted counsel for Google, Inc. of the contents of this opposition regarding its position that the Notice filed is improper in scope and procedurally improper. At the time of this filing, the parties were coordinating a time to discuss the issue by telephone.

                                      \s\ Ari Rafilson
                                          Ari Rafilson

## CERTIFICATE OF SERVICE

       I certify that counsel of record who are deemed to have consented to electronic service are being served this 30th day of September, 2009, with a copy of this document via the Court's CM/ECF systems per Local Rule CV-5(a)(3). Any other counsel will be served electronic mail, facsimile, overnight delivery and/or First Class Mail on this date.

                                        \s\ Ari Rafilson
                                          Ari Rafilson