IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PA ADVISORS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:07-CV-480 DF |
| | § | |
| GOOGLE, INC., et al., | § | |
| | § | |
| Defendants. | § | |

**O R D E R**

Before the Court is Google Inc.'s ("Defendant's") Motion to Quash and for Protective Order to Preclude Deposition of Johanna Shelton. Dkt. No. 257. Also before the Court are Plaintiff's response and Defendant's reply. Dkt. Nos. 264 and 273. Further before the Court are Defendant's Notice of Supplemental Authority, as well as Plaintiff's response thereto. Dkt. Nos. 279 and 281. Having considered the briefing and all relevant papers and pleadings, the Court finds that Defendant's motion should be GRANTED IN PART and DENIED IN PART.

**I. BACKGROUND**

Plaintiff filed suit on November 2, 2007, alleging infringement of United States Patent No. 6,199,067, entitled "System and Method for Generating Personalized User Profiles and for Utilizing the Generated User Profiles to Perform Adaptive Internet Searches," which lists Mr. Ilya Geller as inventor. This case is on the Court's March 2010 trial docket. *See* Agreed Docket Control Order, Dkt. No. 186.

## II. THE PARTIES' POSITIONS

Defendant requests a protective order barring the deposition of Ms. Johanna Shelton, who is an attorney and is Defendant's "Policy Counsel and Legislative Strategist." Dkt. No. 257 at 1; *see also* Subpoena, Dkt. No. 257 at Ex. A. Defendant argues that Plaintiff "intends to seek discovery into Defendant Google's constitutionally protected lobbying activities and political contributions," and Defendant asserts a "First Amendment privilege." *Id.* at 1 and 10-14. Defendant also argues that its "political activities are not relevant to how [Defendant's] software products technically work," to claim construction, or to validity. *Id.* at 1, 2, and 6-9. Ms. Shelton declares that she has no knowledge about the present case or the patent in suit, no "technical knowledge of the functionalities of [Defendant's] Google Search, Personalized Search, AdWords, AdSense, Gmail, iGoogle, or Toolbar," and no "information regarding any prior art" to the patent in suit. Shelton Decl., Dkt. No. 257-15 at ¶ 3. Defendant also notes that an entity purportedly related to Plaintiff has served lobbying-related subpoenas on Defendant in *Bright Response v. Google, Inc.,* in which Defendant had also filed a motion for protective order. *See* Motion for Protective Order Barring Discovery of Google's First Amendment Privilege and Irrelevant Lobbying Activities, Civil Action No. 2:07-CV-371-TJW-CE, Dkt. No. 164.

Regarding the First Amendment, Defendant argues that "exposing an in-house attorney to deposition on this subject creates a chilling effect that far exceeds any marginal relevance . . . ." Dkt. No. 257 at 9. Defendants argue that lobbying activities should not be chilled by discovery and that "[i]nquiries into whether [Defendant] made contributions . . . strike at the heart of [Defendant's] protective First Amendment right to associate with such organizations." *Id.* at 12. Defendant urges that Plaintiff cannot show the requisite "compelling need" to overcome the

purported First Amendment protection. *Id.* at 13-14.

In response, Plaintiff has argued that Ms. Shelton has knowledge regarding "how [Defendant] views, manages, and handles its own Intellectual Property . . . and how [Defendant] views and treats the Intellectual Property of third parties." Dkt. No. 257 at Ex. J; *see also* Dkt. No. 264 at 3 ("[Plaintiff] has sought the deposition of Ms. Johanna Shelton for the purpose of determining Google's policies relating to its intellectual property, including the changes it seeks to the patent laws of this country."). Plaintiff submits that Ms. Shelton's knowledge regarding such policies is important to Plaintiff's "potential claim of willfulness" and "claim for reasonable royalty damages." Dkt. No. 264 at 1. For example, Plaintiff argues that Defendants' patent licensing policy is relevant to the reasonably royalty sought by Plaintiff. *Id.* at 6. Plaintiff also argues that the value of the accused instrumentalities to Defendant and "[Defendant's] views and efforts [about] being able to use the patented technology of others in the accused products without providing damages adequate to compensate for the infringement" are also relevant to the reasonably royalty. *Id.*

Plaintiff also argues that "Google's claims of First Amendment protections are overbroad and, even if they were not, have been waived by Google's prominent and repeated public disclosure of the very information that [Plaintiff] now seeks." *Id.* at 2. First, Plaintiff submits that the authorities relied upon by Defendant relate to the "associational privilege," which Plaintiff argues requires an "association" and only protects association membership lists and similar information, not all political activities. *Id.* at 8-9. Plaintiff also argues that its document request on "contributions to certain groups related to patent reform" is "unrelated to the deposition of Ms. Shelton." *Id.* at 9; *see also* Pl.'s Second Requests for Production to Google,

3

Dkt. No. 257 at Ex. L. Second, Plaintiff argues that Defendant improperly relies on cases involving the *Noerr-Pennington* doctrine. Dkt. No. 264 at 9-11 (citing, e.g., *Stalling v. Union Pac. R.R. Co.*, No. 01 C 1056, 2003 U.S. Dist. Lexis 12419, at *5-6 (N.D. Ill. July 16, 2003) ("The Noerr-Pennington doctrine . . . protects those who petition the government for action favorable to their interests from antitrust or other civil liability for those efforts.") (citations and quotations omitted)). Third, Plaintiff argues that Defendant has issued statements "on publicly accessible weblogs and other areas" that "refer[]s to the exact issues that are relevant to this case, i.e. damages and willfulness." *Id.* at 11; *see also id.* at Ex. D.

Defendant replies that the discovery sought by Plaintiff is irrelevant and that Plaintiff has "failed to demonstrate a 'compelling need' for information regarding lobbying activities as required to abrogate the [First Amendment] privilege." Dkt. No. 273 at 1; *see also* Dkt. No. 273 at 4-5. Defendant also argues that correspondence sent by Plaintiff to Defendant was not sent to Ms. Shelton and, in any event, Defendant "has agreed to produce a 30(b)(6) witness(es) on topics related to this correspondence. *Id.* at 2-3. Defendant concludes that its "lobbying efforts as to what it believes the law should be have no relevance to this case." *Id.* at 3. As to applicability of the First Amendment privilege, Defendant argues that "there is no logical basis to distinguish between lobbying activities by associations of which [Defendant] is a part and lobbying activities by [Defendant] itself." *Id.* at 4. Finally, Defendant submits that it has not waived its purported privilege and that Plaintiff presents no authority demonstrating that Defendant has done so. *Id.* at 5.

In its Notice of Supplemental Authority, Defendant submits a September 29, 2009 Order in *Bright Response v. Google, Inc.*, Civil Action No. 2:07-CV-371-TJW-CE, in which Defendant

4

had also filed a motion for protective order. Dkt. No. 279. Plaintiff responds that Defendant's Notice of Supplemental Authority contains improper argument, and Plaintiff argues that "[i]t is for a plaintiff to test a witness's potential knowledge, not for a defendant to end the inquiry on its own terms." Dkt. No. 281 at 2. Plaintiff also argues that Defendant filed its Notice of Supplemental Authority without satisfying the meet-and-confer requirements of this Court's Local Rules. *Id.*

### III. DISCUSSION

> Pursuant to Federal Rule of Civil Procedure 26(b)(1), a party may obtain discovery of any nonprivileged matter "relevant to any party's claim or defense." The definition of relevant information in Rule 26(b)(1) is broad, and relevant information need not be admissible at the trial [i]f the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence. The phrase "relevant to any party's claim or defense" is also defined expansively in Local Rule CV-26(d).

*Gauthier v. Union Pac. R.R.*, No. 1:07-cv-12, 2008 WL 2467016, at *3 (E.D. Tex. June 18, 2008) (citation omitted). "As the party seeking discovery, the Plaintiff[] must establish the threshold burden of relevancy under the Rules. Once the Plaintiff[] establish[es] that the discovery requests are within the scope of permissible discovery, the burden shifts to the Defendant to show why discovery should not be permitted." *Id.* Under the Federal Rules of Civil Procedure ("Rules"), the party requesting a protective order has the burden of showing good cause. Fed. R. Civ. P. 26(c).

As submitted in Defendant's Notice of Supplemental Authority, United States Magistrate Judge Charles Everingham IV addressed, in a co-pending suit also brought against Defendant, the First Amendment privilege as it pertains to Defendant's lobbying activity. *See Bright Response, LLC v. Google Inc., et al.*, Civil Action No. 2:07-cv-371-TJW-CE, Dkt. No. 210. The

5

Court finds this analysis persuasive, as detailed herein. As to Plaintiff's response to Defendant's Notice, the Court is not persuaded that the local meet-and-confer requirements apply to a notice submitted in connection with a motion that is already pending.[1] *See* Local Rule CV-7(h), (i). Also, to the extent that any statements in Defendant's Notice are deemed improper argument, they are *de minimis* and do not justify ignoring the authority submitted by the Notice.

Defendant's motion relies heavily on the First Amendment associational privilege recognized in *National Ass'n for Advancement of Colored People v. Alabama ("NAACP")*, 357 U.S. 449 (1958). There, the Supreme Court held that the First Amendment's right to associate created a privilege that protects certain associational activities from discovery. *Id.* at 462. In particular, the Court held that the State of Alabama could not compel the NAACP to disclose in discovery a membership list which included the identities of its rank-and-file members. *Id.* at 466. The Court recognized these members' First Amendment rights to associate anonymously for the purpose of advocating the principles of the organization. *Id.* at 462. According to the Court, the First Amendment associational privilege applies when a discovery order "entail[s] the likelihood of a substantial restraint upon the exercise by petitioner's members of their right to freedom of association." *Id.* at 462. If the compelled disclosure is likely to interfere with an organization's collective advocacy by inducing members to withdraw from the organization because fear of exposure of their beliefs will lead to threats, harassment, or reprisal, it runs afoul of the First Amendment. *Id.* at 462-63. The Court discussed physical coercion, bodily harm, economic harm or reprisal, loss of employment, and other public manifestations of hostility as

---

[1] As an analogy, the Court finds no meet-and-confer requirement for filing a response to a motion or a reply to a motion. *See* Local Rule CV-7(i) (stating that "all *motions* must be accompanied by a 'certificate of conference'") (emphasis added).

the types of threats, harassment, and reprisal with which the Court was concerned. *NAACP*, 357 U.S. at 462; *see also Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, No. 05-2164, 2007 WL 852521, at *3 (D. Kan. Mar. 16, 2007).

In reliance on *NAACP*, courts have extended the First Amendment privilege to shield from discovery confidential membership lists of trade associations, confidential financial contributor lists of trade associations, and confidential internal trade association information concerning lobbying and legislative affairs. *See In re Motor Fuel Temperature Sales Practices Litigation*, 258 F.R.D. 407, 412-414 (D. Kan. 2009); *see also Wyoming v. U.S. Dep't of Agric.*, 208 F.R.D. 449, 454 (D.D.C. 2002) (finding privilege as to association's internal communications and communications with other advocacy groups, and noting that "[t]he First Amendment's protection extends not only to the organization itself, but also to its staff, members, contributors, and others who affiliate with it." ) (quotation omitted). The privilege, however, is a qualified one. *See id.*; *Christ Covenant Church v. Sw. Ranches*, No. 07-60516, 2008 WL 2686860, at *5 (S.D. Fla. Jun. 29, 2008); *Wilkinson v. Fed. Bureau of Investigation*, 111 F.R.D. 432, 436 (C.D. Cal. 1986). If the party asserting the privilege makes a *prima facie* showing that it applies, then the burden shifts to the party seeking the information to demonstrate a compelling need for the information and that the information cannot be obtained from other sources. *Motor Fuel*, 258 F.R.D. at 407; *Christ Covenant Church*, 2008 WL 2686860, at *6. Defendant has the burden to show that the privilege applies. *Heartland*, 2007 WL 852521 at *3.

On balance, Defendant's lobbying activities are generally protected by the First Amendment. On one hand, the present case does not implicate identities of anonymous persons or similar information; instead, Plaintiff seeks discovery on Defendant's own activities. *See*

7

*Quixtar Inc. v. Signature Mgmt. Team, LLC*, 566 F. Supp. 2d 1205, 1213-16 (D. Nev. 2008) (discussing protection of anonymity). On the other hand, although *NAACP* was concerned with protecting the rank-and-file members' rights to associate anonymously with an organization whose members shared similar beliefs, the Court nonetheless addressed the extent to which discovery in civil cases might chill protected First Amendment conduct. *See* 357 U.S. at 462-63. This Court therefore balances the Plaintiff's asserted need for the information against the risk that disclosure might adversely impact Defendant's ability to engage in protected First Amendment conduct.[2]

As Defendant properly emphasizes, this Court must apply the law as it is at the time the Court applies it (Dkt. No. 257 at 9), and Plaintiff has not shown adequate relevance, to the present case, of Defendant's efforts to affect the future development of the applicable law. Further, the court has balanced Plaintiff's need for information against the likelihood that disclosure might adversely impact Defendant's right to engage in conduct protected by the First Amendment. Given that Defendant is publicly engaged in lobbying activities on the issue of patent reform, the court will allow Plaintiff to inquire into whether and to what extent Defendant's lobbying efforts have specifically addressed the patent in suit. Such information will be deemed confidential under the protective order previously issued by the court and shall be disclosed only to outside counsel for Plaintiff. As to this topic, Defendant's motion for protective order should be DENIED. Defendant's motion should be otherwise GRANTED.

---

[2] Plaintiff has not shown that the balancing rationale should apply any differently to Defendant's lobbying activities undertaken on its own behalf as opposed to Defendant's lobbying activities as part of an association. The same First Amendment concerns regarding chilling of speech arise. *See NAACP*, 357 U.S. at 461, 462-63 (noting concern about "intimidation of the free exercise of the *right to advocate*" and potential for disclosure that would "affect adversely the ability of petitioner and its members to pursue their collective effort to *foster beliefs which they admittedly have the right to advocate*") (emphasis added).

The Court notes common concerns regarding depositions of counsel and proceeds on the assumption that Plaintiff's conduct will be appropriate. *See Nguyen*, 197 F.3d 200, 210 (5th Cir. 1999) (noting that inquiry into counsel's "work product and mental impressions," "perceptions and opinions," and "assessment" would be inappropriate).

The Court makes <u>no</u> award of expenses pursuant to Rule 26(c)(3) and Rule 37(a)(5).

### IV. CONCLUSION

For at least the foregoing reasons, Google Inc.'s Motion to Quash and for Protective Order to Preclude Deposition of Johanna Shelton (Dkt. No. 257) is hereby **GRANTED IN PART** and **DENIED IN PART**, as follows: Defendant's motion is hereby **DENIED IN PART** such that Plaintiff may inquire into whether and to what extent Defendant's lobbying efforts have specifically addressed the patent in suit. Defendant's motion is otherwise hereby **GRANTED IN PART**.

**IT IS SO ORDERED.**

**SIGNED this 8th day of October, 2009.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE