UNTIED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PA ADVISORS, LLC,<br><br>Plaintiff,<br><br><br><br>GOOGLE INC., ET AL.,<br><br>Defendants. | CASE NO. 2-07CV-480-DF<br><br><br>GOOGLE INC.'S OPPOSED MOTION FOR ONE-WEEK EXTENSION OF TIME TO ANSWER INTERROGATORY<br><br>Honorable David Folsom, Presiding |

**GOOGLE INC.'S OPPOSED MOTION FOR ONE-WEEK EXTENSION OF TIME TO ANSWER INTERROGATORY**

Defendant Google Inc. ("Google") hereby moves for a one-week extension of time from Monday, November 2, 2009 to Monday, November 9, 2009 to answer an interrogatory served by Plaintiff in this action. Because discovery in this case is not closed, and trial is set for March 2010, there is no prejudice to Plaintiff in granting the extension. The interrogatory calls for a description of certain functionality of numerous elements of Google's accused software for which plaintiff has already conducted over twenty days of source code inspection. Google requests a modest, one-week extension of time so that it can coordinate the schedules of its relevant engineers and counsel to provide an appropriate and substantive answer.

**I.   BACKGROUND**

Plaintiff filed suit on November 2, 2007, alleging infringement of U.S. Patent No. 6,199,067, entitled "System and Method for Generating Personalized User Profiles and for Utilizing the Generated User Profiles to Perform Adaptive Internet Searches." (Dkt. 1.) This case is on the Court's March 2010 trial docket. (Dkt. 186.) On September 30, 2009, this Court issued its Claim Construction Order. (Dkt. 280.)

1

Google has provided <u>extensive</u> discovery regarding its software in this case. For instance, according to plaintiff's own log, through October 1, 2009, Plaintiff's attorneys and its expert have spent over twenty-one (21) days inspecting Google's source code in Dallas, Texas. Ex. A. Plaintiff has conducted even more inspection sessions since the log was prepared. Plaintiff has taken the depositions of multiple Google engineers and corporate witnesses, including its senior engineers. *See, e.g.*, Dkt. 263 at p. 2 (order granting in part Google's motion for a protective order to prevent deposition of Google's Co-Founder and President).

On September 24, 2009, Google sent a letter to Plaintiff asking it to supplement its contention interrogatory responses, which had been outstanding since January 2009, because Plaintiff's answers, which had not been supplemented (and to date have not been), provided no detail as to how Google's products allegedly infringe. Ex. B.[1]

On September 28, 2009, instead of responding to Google's letter concerning Plaintiff's deficient infringement contentions, Plaintiff served detailed and lengthy Interrogatory No. 8 on Google:

8. Explain how the Accused Instrumentalities execute/implement the following functions:

   a. Collect and/or store a user's past search results and/or other information collected about a user, including, but not limited to demographic information, geographic information, web history, past searches, past clicks, and bookmarks. This response should include scenarios where a user is logged in and has web history enabled AND those where a user is not logged in and/or does not have web history enabled.

   b. Access and/or Retrieve a user's past search results and/or other information collected about a user, including, but not limited to demographic information, geographic information, web history, past searches and clicks, and bookmarks. This response should include scenarios where a user is logged in and has web

---

[1] Plaintiff indicated in a meet and confer today concerning this motion that it was working on supplementing its interrogatory answers but would not commit to a time frame to serve such answers.

        history enabled AND those where a user is not logged in and/or does not have web history enabled.

    c. Utilize a user's past search results and/or other information collected about a user to facilitate a search. Said information collected about a user includes, but is not limited to, demographic information, geographic information, web history, past searches and clicks, and bookmarks. This response should include scenarios where a user is logged in and has web history enabled AND those where a user is not logged in and/or does not have web history enabled.

    d. Utilize a user's past search results and/or other information collected about a user to facilitate a selection of advertisements. Said information collected about a user includes, but is not limited to, demographic information, geographic information, web history, past searches and clicks, and bookmarks. This response should include scenarios where a user is logged in and has web history enabled AND those where a user is not logged in and/or does not have web history enabled.

    e. Select and/or provide search request data and/or selected advertisements to the user. This response should include scenarios where a user is logged in and has web history enabled AND those where a user is not logged in and/or does not have web history enabled.

The explanation should be given both narratively and by way of pinpoint citations to code modules and lines numbers of source code for the Accused Instrumentalities. When a code module is identified, the directory path of that code module should also be identified.

Ex. C (footnote omitted). The answer to this interrogatory is due Monday, November 2, 2009.

On Thursday, October 29, 2009, Google requested a *one-week* extension of time to answer this extensive interrogatory request. Ex. D.

On Friday, October 30, 2009, at 5:15 PM Central time, Plaintiff refused to provide the extension but did not articulate any specific prejudice it would suffer. Ex. E.

On Monday, November 2, 2009, the parties' met and conferred via telephone. Plaintiff continued to refuse to grant an extension, necessitating this motion.

## II.    GOOGLE'S REQUEST FOR AN EXTENSION SHOULD BE GRANTED

Google requests a one-week extension to answer Plaintiff's Interrogatory No. 8 because it is a detailed request that requires material coordination between Google's outside counsel, in-

house attorneys, and Google's technical personnel. Google is entitled to this short extension so that it can prepare an accurate and careful answer.

There is no prejudice to Plaintiff from a one-week extension in this instance. Discovery has not yet closed and trial is not until March 2010 – four months away. Plaintiff has already served its Final Infringement Contentions and has spent weeks – literally – inspecting Google's source code. Indeed, Plaintiff has delayed for months in answering Google's interrogatories. If anything, Plaintiff will benefit by Google having the time to prepare a substantive answer to its interrogatory. Instead, Plaintiff refuses to cooperate, forcing this motion.

Over the course of this case, at separate times, thirteen different law firms have made appearances for Plaintiff, and seven have withdrawn on unopposed motions. *See* Dkts. 111, 133, 160, 224, 228, 234 and 288. Partly as a result of Plaintiff's multiple changes to and addition of counsel, Plaintiff has sought numerous requests to extend deadlines; Google has cooperated with Plaintiffs on such extensions throughout this case. *See, e.g.*, Dkt. 230, 235, 243, 246. Nevertheless, cooperation appears a one-way street for Plaintiff as evidenced by its refusal to permit Google a short extension to answer a single interrogatory. Insisting upon motion practice wastes both the parties' and the Court's resources and is not consistent with counsel's duty to cooperate pursuant to Local Rule AT-3(C) ("A lawyer owes, to opposing counsel, a duty of courtesy and cooperation, the observance of which is necessary for the efficient administration of our system of justice and the respect of the public it serves.").

## III. CONCLUSION

Google respectfully requests that the Court grant Google a one-week extension of time to answer Plaintiff's Interrogatory No. 8.

| | |
|---|---|
| DATED: November 2, 2009 | By: /s/ Brian C. Cannon<br>Brian C. Cannon<br>California Bar No. 193071<br>briancannon@quinnemanuel.com<br>Quinn Emanuel Urquhart Oliver & Hedges, LLP<br>555 Twin Dolphin Drive, Suite 560<br>Redwood Shores, CA 94065<br>Tel.: (650) 801-5000<br>Fax: (650) 801-5100<br><br>Charles K. Verhoeven,<br>California Bar No. 170151<br>charlesverhoeven@quinnemanuel.com<br>Quinn Emanuel Urquhart Oliver & Hedges, LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>Tel.: (415) 875-6600<br>Fax: (415) 875-6700<br><br>Michael E. Richardson<br>Texas Bar No. 24002838 mrichardson@brsfirm.com<br>BECK, REDDEN & SECREST, L.L.P.<br>One Houston Center<br>1221 McKinney St., Suite 4500<br>Houston, Texas 77010<br>(713) 951-3700<br>(713) 951-3720 (Fax)<br><br><br>David J. Beck<br>Texas Bar No. 00000070<br>dbeck@brsfirm.com<br>BECK, REDDEN & SECREST, L.L.P.<br>One Houston Center<br>1221 McKinney St., Suite 4500<br>Houston, TX. 77010<br>(713) 951-3700<br>(713) 951-3720 (Fax)<br>ATTORNEYS FOR GOOGLE INC. |

## CERTIFICATE OF CONFERENCE

On Monday, November 2, 2009, the parties met and conferred by telephone in accordance with Local Rule CV 7(h). The lawyers participating in the call for Plaintiff were Andrew Spangler, Debera Hepburn, Andrew Weiss, John Bustamante and David Pridham, and the lawyers participating in the call for Google were Michael Richardson, David Perlson and Brian Cannon. Mr. Cannon requested that Google be granted a one-week extension to answer Plaintiff's Interrogatory No. 8. Mr. Cannon explained that this extension was necessary to allow Google's outside counsel to coordinate with Google's in-house counsel and engineers. Counsel for Plaintiff indicated that Plaintiff was opposed to the requested extension because it wanted an answer before depositions scheduled for Thursday and Friday, November 5-6, 2009.

Discussions have conclusively ended in an impasse, leaving the issue for the Court to resolve. Plaintiff is opposed to the foregoing motion

                                                        /s/ Michael E. Richardson
                                                        Michael E, Richardson

## CERTIFICATE OF SERVICE

I hereby certify that **counsel of record who are deemed to have consented to electronic service in the above-referenced case are being served this 2nd day of November, 2009, with a copy of the above document via the court's CM/ECF system per Local Rule CV-5(a)(3)**.

                                                        /s/ Brian C. Cannon
                                                        Brian C. Cannon

Andrew Wesley Spangler
Spangler Law PC
208 N. Green St., Suite 300
Longview, TX 75601
903-753-9300
Fax: 903-553-0403
Email: spangler@spanglerlawpc.com

David Michael Pridham
Law Office of David Pridham
25 Linden Road
Barrington, RI 02806
401-633-7247
Fax: 401-633-7247
Email: david@PridhamIPLaw.com

Debera Hepburn
Hepburn Law Firm, PLLC
P.O. Box. 118218
Carrollton, TX 75011
(214) 403-4882
Fax: (888) 205-8791
Email: dhepburn@heplaw.com

Stanley H. Thompson, Jr.
Russ August & Kabat
12424 Wilshire Blvd., 12th Floor
Los Angeles, CA 90025
(310) 826-7474
Fax: (310) 826-6991
sthompson@raklaw.com

ATTORNEYS FOR PLAINTIFF NXN TECH, LLC, formerly known as PA ADVISORS, LLC

Patrick Rolf Anderson
Patrick R. Anderson, PLLC
4225 Miller Rd., Bldg. B-9, Suite 358
Flint, MI 48507
517-303-4806
Fax: 248-928-9239
Email: patrick@prapllc.com

Mark Fenster
Stanley Thompson
Russ, August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
(310) 826-7474
Fax: (310) 826-6991
Email: mfenster@raklaw.com
Email: sthompson@raklaw.com

John M. Bustamante
jmb@BustamanteLegal.com
BUSTAMANTE, P.C.
54 Rainey Street, No. 721
Austin, Texas 78701
Tel. 512.940.3753
Fax. 512.551.3773