# EXHIBIT B

**quinn emanuel** trial lawyers | silicon valley
555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065-2139 | TEL: (650) 801-5000 FAX: (650) 801-5100

WRITER'S DIRECT DIAL NO.
(650) 801-5055

WRITER'S INTERNET ADDRESS
briancannon@quinnemanuel.com

September 24, 2009

**VIA E-MAIL**
ari@rafilsonlawpllc.com

Ari Rafilson
The Rafilson Law Firm, PLLC
1318 Royal Palm Lane
Carrollton, TX 75007

Re: *PA Advisors LLC v. Google Inc., et al.*
U.S.D.C. - Eastern District of Texas, Case No. 2:07-cv-480-DF

Dear Counsel:

I write concerning Plaintiff's January 6, 2009 Responses to Google's First Set of Interrogatories and to Defendants' First Set of Interrogatories in order to request Plaintiff supplement promptly its answers, which are deficient. As you know, plaintiff has an ongoing duty to supplement its interrogatory responses pursuant to Rule 26(e), Fed.R.Civ.P. In its interrogatories, Google asked Plaintiff, *inter alia*, to identify and explain in detail how Google's products infringe; whether that infringement is direct or indirect; the structures in Google's products that allegedly infringe, as well as identification of documents to support such assertions. *See* Interrogatories Nos. 1 and 2. In response to these interrogatories, Plaintiff relied entirely on its August 22, 2008 P.R. 3-1 disclosures and provided no detail or evidence as to how Google's software allegedly infringes the claims of the patent in suit. After the extensive discovery taken to date, Plaintiff's responses are inadequate.

Plaintiff must supplement its interrogatory answers. With fact discovery coming to a close, Google is entitled to know the specific aspects and functionality of its software that Plaintiff asserts infringe the patent in suit and the support for those assertions. For instance, Google is entitled to know what aspects of Google's products use or constitute a "linguistic pattern" (Google Interrogatory No. 7) and what use or constitute a "user profile" (Google Interrogatory No. 8). Google is likewise entitled to detailed claim charts to identify each step or structure in Google's products that purportedly

**quinn emanuel urquhart oliver & hedges, llp**
LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL (415) 875-6600 FAX (415) 875-6700
CHICAGO | 250 South Wacker Drive, Suite 230, Chicago, Illinois 60606-6301 | TEL (312) 463-2961 FAX (312) 463-2962
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100
TOKYO | Akasaka Twin Tower Main Bldg., 6th Fl., 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81 3 5561-1711 FAX +81 3 5561-1712

correspond to the asserted claims (Google Interrogatory No. 2). Google is suffering prejudice because it cannot properly prepare its defense without knowing details about what Plaintiff asserts infringe the patent.

Plaintiff has received over one million pages of confidential Google documents and over million lines of source code. It has deposed multiple Google engineers and corporate representatives. At this point in the case, Plaintiff should be able to point to exactly what functionality in Google's products allegedly practices the claims and should be able to link that to documents, testimony and/or source code citations.

In addition, Plaintiff should supplement its answers to Defendants' common Interrogatories that call for, *inter alia*, information concerning the conception and reduction to practice of the claimed inventions, offers for sale, products that embody the claimed inventions, as well as Plaintiff's response to the charges of inequitable conduct. *See, e.g.*, Common Interrogatories 2, 3, 4, 5, 16, 17 and 18.

We expect Plaintiff's to update promptly its interrogatory responses. If Plaintiff does not so supplement, in particular with respect to its infringement contentions, we will conclude that Plaintiff has no further information, contentions, or supporting evidence to provide. Should Plaintiff seek to introduce additional information later in the case, Google will move to preclude such information.

Very truly yours,

Brian Cannon

BC:ab