# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NXN TECH, LLC | |
| v. | No. 2:07-cv-480-TJW |
| GOOGLE INC., ET AL | JURY |

## NXN'S SECOND INTERROGATORIES TO GOOGLE INC.

Pursuant to Federal Rule of Civil Procedure 33 and the Court's Rules and Orders, Plaintiff nXn Tech, LLC ("nXn") serves these interrogatories upon defendant Google Inc., who shall serve a copy of their respective answers, and objections, if any, within 30 days after the service of these interrogatories.

**DEFINITIONS**

1. "You/Your/Google" The words "you," "your" and/or "Google" mean Google Inc. and its past and present direct and indirect parents, subsidiaries, affiliates, divisions, business units, predecessors in interest, and further includes their respective past and present officers, directors, agents, employees, members and representatives, and all other persons acting on behalf of any of them.

2. "Plaintiff/NXN/nXn" "Plaintiff" or "NXN" or "nXn" means nXn Tech, LLC and Its past and present direct and indirect parents, subsidiaries, affiliates, divisions, business units, predecessors in interest, and further includes their respective past and present officers, directors, agents, employees, members and representatives, and all other persons acting on behalf of any of them.

3. "Accused Instrumentalities." "Accused Instrumentalities" is used herein as the term is defined in nXn's Patent Rule 3-1 Infringement Contentions, as most recently supplemented and/or amended, namely:

(A) various claimed methods and systems comprising a data processing method for enabling a user to locate desired data, for example using a search query, and using a computer, a data processing method for generating a user data profile, and a data processing system for enabling a user to locate desired data, for example, the servers and other computers used in connection with the www.google.com website, including Google Search (including Web Search, Advanced Search, iGoogle, and Google Toolbar), including Google AdWords and/or Google AdSense, including such methods and systems used in connection Gmail (including related and linked websites and webpages); and

(B) any methods systems and/or apparatuses, comprising, linked with, functionally operational with and/or integrated with Google Search, including any insubstantially different versions thereof, and including predecessor versions thereof, and further including any of

Google's other methods or apparatuses that function in the same or similar fashion, since August 27, 2001.

4. "Document." The term "document" means documents and tangible things, including electronically stored information, within the full scope of the Federal Rules of Civil Procedure.

5. The term "person" refers both to natural persons and entities including individual proprietorships, partnerships, corporations, groups, governmental bodies, associations, joint ventures and other organizations, and the acts and knowledge of a person are defined to include the acts and knowledge of that person's directors, officers, members, employees, representatives, agents and attorneys.

6. "All/each." The terms "all" and "each" shall be construed as "and", "each", and "and/or."

7. "Any." The term "any" should be understood in either its most or least inclusive sense as will bring within scope of the discovery request all responses that might otherwise be construed to be out of its scope.

8. "And/or." The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed outside of its scope.

9. Number. The use of the singular form of any word includes the plural and vice versa.

10. "Affiliate." "Affiliate" is defined as a person that directly, or indirectly, through one or more intermediaries, controls, or is controlled by, or is under common control with, the person specified. Relative to the definition of "affiliate," control means the possession, direct or indirect, or the power to direct or cause the direction of management and policies of a person, whether through the ownership of voting securities, by contract, or otherwise.

11. "'067 patent" means U.S. Patent No. 6,199,067.

12. "Patent-in-Suit" means the '067 patent.

13. "Identify," when used with reference to:
   (a) an individual person, means to state his or her name, job title, and city where the person resides and/or regularly works;

   (b) a business entity, means to state the full name and address of the entity and the names and positions of the individual or individuals connected with such entity who have knowledge of the information requested;

   (c) a document, means to identify the document by bates number, or if it is not bates numbered, to state the type of document (letter, memorandum, email, etc.), its date, author(s) or originator(s), addressee(s), all individuals who received copies of the document, the identity of persons known or presumed by you to have present possession,

custody or control thereof, and a brief description of the subject matter and present location. If the document has already been produced, "identify" means to provide the production number of the document; and

(d) a product, software system, or service, means to specify a part number; trade name; catalog number; version number; and any other designation used to refer to the product, software system, or service.

**INSTRUCTIONS**

1.    These interrogatories shall be deemed to seek answers as of the date hereof and to the full extent of the Federal Rules of Civil Procedure. Furthermore, these interrogatories are of a continuing nature, and you are required to file and serve supplemental responses if you or any of your attorneys, agents, or representatives obtain further or different information after the date of your initial answer.

2.    With respect to the answer to each interrogatory or subpart thereof, state the source of the information given therein with as much particularity as is reasonably possible, including, without limitation, the nature and designation of any files that contain such information and the identification of each person who provided any information included in such answer. In addition, identify each other person known or believed to have some or all of the information sought in such interrogatory or subpart thereof.

3.    Where an identified document has been lost, destroyed, deleted, overwritten or purged since November 2, 2007 state the reasons for such, the names of the persons having any knowledge of such, and the names of the persons responsible for such.

4.    Where an identified document is not in your possession, custody or control, state the names of the persons who have possession, custody or control of such document. If such document was in your possession, custody or control in the past but is no longer in your possession, custody or control, state what disposition was made of it, the reasons for such disposition, identify any persons having any knowledge of such disposition, and identify the persons responsible for such disposition.

5.    If any information called for by an interrogatory is withheld on the basis of a claim of privilege, the nature of the claim of privilege and the nature of the information in respect of which it is claimed shall be set forth. Where the claimed privileged subject matter forms only part of the entire document involved, indicate that such is the case and whether you will produce the document with the privileged portions blocked out or obliterated in a copy thereof.

6.    If you object to any part of an interrogatory and refuse to answer that part, state your objection and answer the remaining portion of that interrogatory. If you object to the scope or time period of an interrogatory and refuse to answer for that scope or time period, state your objection and answer the interrogatory for the scope or time period you believe is appropriate (including in your answer a specific statement as to why you believe the scope or time period is inappropriate).

7.  If the answer to any question is "None," or if a section is not applicable to you, so indicate rather than leave the space blank.

8.  Unless otherwise specified, supply all annual data requested on a calendar-year basis; if any basis other than a calendar-year basis is used, such as to accommodate a fiscal-year basis, state as part of the response the nature and type of the basis so used.

9.  If any of the following interrogatories cannot be answered in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying your inability to answer the remainder and stating whatever information you have concerning the unanswered portions. If your answer is qualified in any particular way, set forth the details of such qualification.

10. You must preserve and produce all information and documents in your possession, custody or control which are relevant to the claims or defenses in this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. Especially since you are in the best position to know the nature and extent of discoverable information and documents in your possession, custody or control, any limits on these discovery requests should not be used to justify the loss, overwriting, purging, deletion, destruction or non-production of anything discoverable. Before you permit any such loss, overwriting, purging, deletion, destruction, you should confer with Plaintiff to seek to resolve the issue consistent with the Federal Rules of Civil Procedure, Local Rules, Patent Rules and orders of the Court.

**INTERROGATORIES**

8.  Explain how the Accused Instrumentalities execute/implement the following functions:

    a. Collect and/or store a user's past search results and/or other information collected about a user, including, but not limited to demographic information, geographic information, web history, past searches, past clicks, and bookmarks. This response should include scenarios where a user is logged in and has web history enabled AND those where a user is not logged in and/or does not have web history enabled.

    b. Access and/or Retrieve a user's past search results and/or other information collected about a user, including, but not limited to demographic information, geographic information, web history, past searches and clicks, and bookmarks. This response should include scenarios where a user is logged in and has web history enabled AND those where a user is not logged in and/or does not have web history enabled.

    c. Utilize a user's past search results and/or other information collected about a user to facilitate a search. Said information collected about a user includes, but is not limited to, demographic information, geographic information, web history, past searches and clicks, and bookmarks. This response should include scenarios where a user is logged in and has web history enabled AND those where a user is not logged in and/or does not have web history enabled.

d. Utilize a user's past search results and/or other information collected about a user to facilitate a selection of advertisements. Said information collected about a user includes, but is not limited to, demographic information, geographic information, web history, past searches and clicks, and bookmarks. This response should include scenarios where a user is logged in and has web history enabled AND those where a user is not logged in and/or does not have web history enabled.

e. Select and/or provide search request data and/or selected advertisements to the user. This response should include scenarios where a user is logged in and has web history enabled AND those where a user is not logged in and/or does not have web history enabled.

The explanation should be given both narratively and by way of pinpoint citations to code modules and lines numbers of source code for the Accused Instrumentalities. When a code module is identified, the directory path of that code module should also be identified.[1]

*In light of impending deadlines and Google's repeated stall tactics, nXn attaches hereto a recent order by Judge Everingham that orders the above-type interrogatories answered. Google has this order in its possession 30 days before the responses are due, and therefore nXn expects full and complete answers. If Google does not provide such answers, then nXn expects a meet and confer within 48 hours from service of the responses, and it will seek Court intervention promptly thereafter if Google does not meet its discovery obligations.*

Dated November 2, 2009

NXN TECH, LLC
By: /s/ Ari Rafilson

Andrew W. Spangler – LEAD COUNSEL
Spangler Law P.C.
208 N. Green Street, Suite 300
Longview, Texas 75601
(903) 753-9300
(903) 553-0403 (fax)
spangler@spanglerlawpc.com

David M. Pridham
Law Office of David Pridham
25 Linden Road
Barrington, Rhode Island 02806
(401) 633-7247

---

[1] The descriptions of the functions above are based on the sworn testimony of Google's witnesses and the documents produced by Google in this case. Accordingly, any objections regarding vagueness and a lack of understanding would be unfounded and insupportable. To the extent that Google allegedly cannot understand the interrogatory above it should contact its own employees whose knowledge is already imputed to, and incorporated into, Google.

(401) 633-7247
david@pridhamiplaw.com

Mark Fenster
Russ, August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
(310) 826-7474
(310) 826-6991
mfenster@raklaw.com

John M. Bustamante, TX Bar No. 24040618
BUSTAMANTE, P.C.
54 Rainey Street, No. 721
Austin, Texas 78701
Telephone: 512/940.3753
Facsimile: 512/551.3773
jmb@BustamanteLegal.com

Patrick R. Anderson
Patrick R. Anderson PLLC
4225 Miller Rd, Bldg. B-9, Suite 358
Flint, MI 48507
(810) 275-0751
(248) 928-9239 (fax)
patrick@prapllc.com

Ari Rafilson
The Rafilson Law Firm, PLLC
1318 Royal Palm Lane
Carrollton, TX 75007
(214) 789-4035
(972) 236-5397
ari@rafilsonlawpllc.com

COUNSEL FOR PLAINTIFF NXN TECH, LLC

## CERTIFICATE OF SERVICE

I hereby certify that this document is being served upon counsel for Google Inc. via e-mail on this date.

November 2, 2009                              /s/ Ari Rafilson
                                              Ari Rafilson