UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PA ADVISORS, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 2-07-CV-480-DF |
| GOOGLE INC., et al. | ) ) |
| Defendants. | ) ) ) |

## YAHOO! INC.'S MOTION TO MODIFY THE PROTECTIVE ORDER

Defendant Yahoo! Inc. ("Yahoo") moves to modify the November 7, 2008 Protective Order under Federal Rule of Civil Procedure 26. Yahoo seeks a minor modification to the Protective Order to ensure the protection of Yahoo's confidential source code. The minor modification requested by Yahoo will not substantively or procedurally prejudice plaintiff nXn, LLC f/k/a PA Advisors, LLC ("nXn").

**I.   Modification of the protective order ensures adequate protection of Yahoo's source code and will not substantively or procedurally burden nXn.**

This motion concerns how nXn obtains paper copies of that source code. Yahoo regards its source code as one of its most valuable – and confidential – assets. Thus, the actual process of how this code is transferred from the review laptops to nXn is of the utmost concern to Yahoo. The current Protective Order allows nXn to print the code, but then nXn must send this code to Yahoo who will Bates label and return it to nXn. However, printing requires enabling a printing port, which in turn exposes the source code to the unnecessary risk of public disclosure. Thus, Yahoo seeks to modify this process by having nXn identify code to Yahoo, who will then print the code, Bates label the code, and then promptly deliver it to nXn.

1

### A. Disabling all ports on the review laptops prevents inadvertent disclosure of Yahoo's source code.

Good cause exists to modify the Protective Order because there is presently the unnecessary possibility of inadvertent public disclosure of Yahoo's confidential code. Specifically, Federal Rule of Civil Procure Rule 26(c) empowers courts to issue protective orders for good cause, which may include provisions "requiring that. . . confidential. . . commercial information. . . be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G). Yahoo bears the burden of showing good cause in this case. *See, e.g.*, *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998). In assessing whether or not to protect confidential or other trade secret information, courts balance the risk of inadvertent disclosure and harm to the disclosing party against the risk that the protective order will impair the prosecution of the other party's claims. *United States Steel Corp. v. United States*, 730 F.2d 1465, 1468 (Fed. Cir. 1984) (access restricted when there is an unacceptable opportunity for inadvertent disclosure); *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992).

Under the current Protective Order, Yahoo's source code is unnecessarily exposed to possible inadvertent disclosure. The Protective Order[1] states that nXn may print code and then send this code to Yahoo, who will Bates label and deliver to code to nXn. (*See* Dkt. No. 213-2, ¶ (1)(c)(iii)(3) (Protective Order)). However, this procedure leaves Yahoo's code unnecessarily vulnerable. If source code is printed from these review laptops, then at least one external port must be active on these laptops. However, an active port is a serious security risk because an active port may be used to copy or transfer Yahoo's confidential code to an electronic storage device (*i.e.*, an external hard drive). This potential risk is aggravated each time nXn requests

---

[1] As an aside, Yahoo never wanted nXn to have the ability to freely print this code from a location in Dallas. Instead, Yahoo wanted the inspection to proceed at its offices in California, where it could ensure adequate protections, while still providing nXn will the code that it needed. (*See* Dkt. No. 175-1 ) (Yahoo's Proposed Protective Order).

additional code because the review laptops must be shipped from Dallas back to Yahoo's offices in California, where new code is added, and then Yahoo must again relinquish control of its confidential source code for shipment back to Dallas. Thus, while in transit or while being reviewed in Dallas, these laptops will have an active port that could allow an individual to copy or transfer Yahoo's code to an external device.[2] As a major software corporation, Yahoo's code is one of its most valuable – and confidential – assets. Thus, the unnecessary risks associated with an active port on these laptops while this code is out of Yahoo's possession are significant.

### B. Modification of the Protective Order will not substantively or procedurally burden nXn's ability to prosecute its case.

#### 1. Yahoo's proposed modification of the Protective Order.

Yahoo's proposed modification of the Protective Order is a reasonable request in these circumstances. Yahoo seeks to modify the process described in the current Protective Order. Under the proposed protective order, nXn will identify code to Yahoo, who will then print the code, Bates label the code, and then promptly deliver it to nXn. Thus, the only change between the current Protective Order and the proposed modified protective order is that the review laptop will not have any active ports and Yahoo will now print the source code. (*See* Ex. A) (Proposed Modified Protective Order).

This Court routinely enters protective orders containing similar provisions. For example, this court has entered specific provisions that include additional protections for source code. *See J2 Global Communications, Inc. v. Protus IP Solutions, Inc.*, No. 6:08-CV-211, 2009 WL 440525 (E.D. Tex. 2009)(J. Love)(Dkt. No. 43)(no provision allowing the receiving party to print source code); *See also* White Dec. Ex. 1.

---

[2] Yahoo is not claiming that nXn, or its experts, would attempt to misappropriate Yahoo's code in violation of the Protective Order. Instead, Yahoo is only arguing that an active port on these laptops presents a significant risk to Yahoo's code, which can be mitigated by a tweak of the current Protective Order.

3

### 2. Yahoo's proposed protective order does not substantively or procedurally prejudice nXn's ability to prosecute its case.

If this proposed protective order is granted, nXn will still be able to review the code that it deems necessary, and it will still be able to obtain paper copies in a timely manner. nXn will not be substantively disadvantaged in any way by this proposed modification because nXn will still be able to review all of the code that they want to review. The proposed protective order does not prevent nXn from receiving copies of relevant code.

Second, Yahoo's proposed modification is actually just a formalization of the procedure that nXn has followed since September 2008. *Polycom, Inc. v. Codian Ltd.*, No. 2:05 cv 520, 2007 WL 194588, at *4 (E.D. Tex., Jan. 22, 2007) (denying plaintiff's request in part because the procedure followed in the prior several months was never challenged). Specifically, at that time, nXn's counsel asked for laptops with printers. However, Yahoo objected to this request because of the unnecessary risk of inadvertent disclosure. (*See* White Dec. Ex. 2) (September 24, 2008 Letter to Mr. Rafilson). nXn never respond to this letter. Instead, nXn identified code to Yahoo, who then printed, Bates labeled, and then timely delivered the code to nXn. From September 2008 until now, nXn never complained that Yahoo delayed in printing, Bates labeling, or returning the identified code to nXn or that this procedure procedurally prejudiced nXn's ability to prosecute the case. In this case, and in other Yahoo litigations, this process rarely takes longer than 48 hours. Thus, nXn's continued use of this process over the last year without complaint clearly demonstrates that Yahoo's proposed protective order will not procedurally burden nXn.

Third, Yahoo's proposed modification will help it maintain sufficient control over the code, which will ensure that it gets properly printed, labeled, and delivered without any possibility of inadvertent disclosure.

## II. Conclusion

For the reasons stated herein, Yahoo's respectfully asks this Court to grant this motion because the current Protective Order fails to adequately protect Yahoo's most important confidential asset, and the proposed minor modification to the Protective Order will not prejudice nXn's ability to prosecute its case.

Dated:   November 3, 2009

Respectfully Submitted,

/s/ Jason White
Jason C. White
HOWREY LLP
321 N. Clark, Suite 3400
Chicago, IL 60654
Tel:  312.595.1239
Fax:  312.595.2250
Email:  whitej@howrey.com

Michael Jones
Potter Minton
110 N. College St., Suite 500
P. O. Box 359
Tyler, Texas 75710
Tel:  (903) 597-8311
Fax:  (903) 597-0846
Email:  mikejones@potterminton.com

*Attorneys for Defendant Yahoo! Inc.*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document was served via CM/ECF on November 3, 2009 upon all counsel of record.

/s/ Jason White
Jason White

5
DM_US:22896097_4

# Exhibit A

DM_US:22896097_4

**Yahoo's proposed modification of the protective order (with editorial designations).**

(1)(c)(iii)(3) The producing party shall <u>print all reasonably requested source code</u> ~~make available a laser printer with commercially reasonable printing speeds for on-site printing during inspection of the code~~.  The receiving party may <u>request</u> ~~print~~ portions of the source code only when reasonably necessary to facilitate the receiving party's preparation of the case, including when reasonably necessary to prepare any filing with the Court or to serve any pleadings or other papers on any other party; to prepare internal attorney work product materials; or to prepare other necessary case materials such as testifying expert reports, consulting expert written analyses and related drafts and correspondences.  The receiving party shall <u>request</u> ~~print~~ only such portions as are reasonably necessary for the purposes for which any part of the source code is <u>requested</u> ~~printed~~ at the time.  Upon <u>requesting</u> ~~printing~~ any such portions of source code, the <u>requested</u> ~~printed~~ pages shall be <u>sent to</u> ~~collected by~~ the producing party.  The producing party shall <u>print,</u> Bates number, copy, and label "RESTRICTED CONFIDENTIAL - SOURCE CODE" any pages <u>requested</u> ~~printed~~ by the receiving party.  If the producing party objects that the <u>requested</u> ~~printed~~ portions are not reasonably necessary to any case preparation activity, the producing party shall make such objection known to the receiving party within two (2) business days.  If after meeting and conferring the producing party and the receiving party cannot resolve the objection, the producing party shall be entitled to seek a Court resolution of whether the <u>requested</u> ~~printed~~ source code in question is not reasonably necessary to any case preparation activity.  In the absence of any objection, or upon resolution of any such dispute by the Court, the producing party shall provide one copy set of such pages to the receiving party within two (2) business days and shall retain one copy set.  The printed pages shall constitute part of the source code produced by the producing party in this action.

**Yahoo's proposed modification of the protective order (without editorial designations).**

(1)(c)(iii)(3) The producing party shall print all reasonably requested source code.  The receiving party may request portions of the source code only when reasonably necessary to facilitate the receiving party's preparation of the case, including when reasonably necessary to prepare any filing with the Court or to serve any pleadings or other papers on any other party; to prepare internal attorney work product materials; or to prepare other necessary case materials such as testifying expert reports, consulting expert written analyses and related drafts and correspondences.  The receiving party shall request only such portions as are reasonably necessary for the purposes for which any part of the source code is requested at the time.  Upon requesting any such portions of source code, the requested pages shall be sent to the producing party.  The producing party shall print, Bates number, copy, and label "RESTRICTED CONFIDENTIAL - SOURCE CODE" any pages requested by the receiving party.  If the producing party objects that the requested portions are not reasonably necessary to any case preparation activity, the producing party shall make such objection known to the receiving party within two (2) business days.  If after meeting and conferring the producing party and the receiving party cannot resolve the objection, the producing party shall be entitled to seek a Court resolution of whether the requested source code in question is not reasonably necessary to any case preparation activity.  In the absence of any objection, or upon resolution of any such dispute by the Court, the producing party shall provide one copy set of such pages to the receiving party within two (2) business days and shall retain one copy set.  The printed pages shall constitute part of the source code produced by the producing party in this action.