# EXHIBIT 1



4 Park Plaza
Suite 1700
Irvine, CA 92614-2559
www.howrey.com

William Rooklidge
Partner
T: 949-721-3904

rooklidgew@howrey.com

November 4, 2009

VIA E-FILING

The Honorable David Folsom
United States District Court
Eastern District of Texas
Federal Building
500 North State Line Ave., 3rd floor
P. O. Box 2090
Texarkana, Texas 75504

Re: nXn Tech, LLC v. Google Inc., et al.,
Civil Action No. 2: 07-CV-480

Dear Judge Folsom:

Defendant Yahoo! respectfully requests permission to file a motion for summary judgment of non-infringement of all of the asserted claims—1, 3, 4, 6, 43, 45, 47, 56, and 61 of the patent-in-suit, U.S. Patent No. 6,199,067 in the above-captioned matter. Yahoo is entitled to summary judgment for the following reasons.

First, claim 1 of the '067 patent is a method claim for generating personalized user profiles and for using these user profiles for adaptive Internet searches. Claim 1 and its dependent claims (3, 4, 6, 43, and 61) require actions be performed on two different computer systems – a local computer system and a remote computer system. The claims also require that an Internet user perform certain actions using the local computer system. When a claim requires the actions of two different entities, the controlling Federal Circuit case law requires that one of the entities exercise "direction or control" over the other entity. There is no evidence to support a claim that Yahoo exercises such "direction or control" over users of its website. Resolution of this issue in Yahoo's favor will dispose of six of the nine asserted claims.

Specifically, step (c) of claim 1 expressly requires "providing, by the user to the local computer system, search request data ..." (emphasis added). The combined actions of the user and the local computer system are separate and apart from Yahoo!'s actions or systems. Under well-established Federal Circuit law, infringement of method claims only occurs when one entity performs all of the steps of the method or process or where a partial performing party "directs or controls" another acting party in such a manner that it becomes the "mastermind" of the entire combination of actions. *Muniauction, Inc. v. Thomson Corp.,* 532 F.3d 1318, 1329

AMSTERDAM BRUSSELS CHICAGO EAST PALO ALTO HOUSTON IRVINE LONDON LOS ANGELES
MADRID MUNICH NEW YORK NORTHERN VIRGINIA PARIS SALT LAKE CITY SAN FRANCISCO TAIPEI WASHINGTON, DC

(Fed.Cir.2008) (holding that there was no infringement even though the defendant controlled access to its computer system and instructed bidders on the use of the system); *BMC Resources, Inc. v. Paymentech, L.P.* 498 F.3d 1373, 1380 (Fed. Cir. 2007) (holding that there was no infringement even though there was some relationship between the defendant and other parties). Several district courts have also addressed the issue with similar results. For example, *Global Patent Holdings v. Panthers BRHC LLC,* 2008 WL 3833219 (S.D. Fla. 2008) is particularly instructive. Just as in the present case, the claim at issue in *Global Patent Holdings* involved the inputting of a query by a user and the returning of responsive information by a computer system. In finding that the defendant could not be held liable for infringement, the *Global Patent Holdings* court explained that, as in the instant case, the website's users were under no contractual obligation to visit the website, nor did the users visit the website within the scope of an agency relationship.

Yahoo! cannot infringe claim 1 and its dependent claims because Yahoo! does not and is not capable of performing step (c) of claim 1. Also, notwithstanding plaintiff's bare, unsupported allegations in its Disclosure of Asserted Claims and Infringement Contentions, Yahoo does not "direct or control" the actions of Internet users. Plaintiff alleges that Yahoo! "maintains control over the algorithms and computer processes necessary for processing of user search requests." Even if true, this allegation is insufficient to establish infringement because step (c) of claim 1 is directed to a user providing search request data to "the local computer system" and Yahoo! does not control or direct the user or the local computer system or what the user provides to the local computer system. Accordingly, plaintiff's allegation is legally insufficient as to "direction or control" to qualify for liability for infringement and plaintiff cannot sustain a claim of infringement against Yahoo! on this theory. *See Muniauction*, 532 F.3d at 1330. Furthermore, plaintiff's allegation is legally insufficient and cannot be sustained as Yahoo! does not "contract with its users to provide search request data on behalf Yahoo!," as alleged in plaintiff's Disclosure of Asserted Claims and Infringement Contentions. Moreover, Yahoo! does not infringe claim 1 or its dependent claims because it does not perform any of the steps (a) through (i) of claim 1 of the '067 patent. Accordingly, under controlling Federal Circuit authority, Yahoo does not – and cannot – infringe claim 1 of the '067 patent or any of the asserted claims that depend from claim 1—claims 3, 4, 6, 43 and 61.

Second, Yahoo! is entitled to summary judgment of non-infringement of claim 45 and its dependent claims. Claim 45 of the '067 patent is a method claim with eleven required steps ((a) through (k)) for creating a user profile based on linguistics. Yahoo! does not perform any of the required steps and requests permission to seek summary judgment that it does not perform at least seven of the required steps. Specifically, Yahoo! requests permission to seek summary judgment that it does not perform at least steps (a), (c), (d), (e), (h), (i) or (j) of claim 45. Therefore, Yahoo! does not infringe claim 45 of the '067 patent or any of the asserted claims that depend from claim 45—claims 47 and 56.



      To facilitate the just, speedy, and inexpensive determination of this patent infringement action, Yahoo! respectfully requests permission to file a single motion for summary judgment of non-infringement to address all of the issues discussed above.

                                         Respectfully submitted,

                                         s/ William Rooklidge
                                       William Rooklidge

Cc: All counsel of record (by ECF)