IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PA ADVISORS, LLC, | § § § | |
| Plaintiff, | § | Civil Action No. 2:07-cv-480-DF |
| v. | § § | |
| GOOGLE, INC., et al., | § § | JURY TRIAL DEMANDED |
| Defendants. | § § § | |

**nXn TECH, LLC'S OPPOSITION TO YAHOO!, INC.'S MOTION TO MODIFY THE PROTECTIVE ORDER**

**EMERGENCY REQUEST FOR HEARING**

## TABLE OF CONTENTS         PAGE

I. INTRODUCTION. ..................................................................................................1

II. ARGUMENT. ......................................................................................................3

   A. The Parties' Have Not Engaged In Any Course Of Conduct That Justified Yahoo's Requested Modification To The Protective Order. ........................................................3

   B. Yahoo's Proposed Modification Substantially Prejudices nXn, Especially In Light Of The Impending Final Infringement Contentions Deadline. ......................................7

   C. Yahoo's Concerns Are Nothing More Than An Additional Delay Tactic And Can Be Addressed Without Violating The Protective Order. ................................................8

III. NXN REQUESTS AN EMERGENCY HEARING TO RESOLVE THIS ISSUE. ...9

IV. CONCLUSION. .................................................................................................10

nXn Tech, LLC (formerly known as PA Advisors LLC, "nXn") opposes Yahoo!, Inc.'s ("Yahoo") attempt at this late date to modify the Protective Order. In addition to being based on mischaracterizations (if not outright lies) regarding the facts of source code production and review in this case, Yahoo's motion to modify the protective order at this late date is both prejudicial to nXn and inappropriate. As a result of Yahoo's repeated failures to produce source code in a timely fashion, nXn only has an extremely short time to gather the code necessary for its final infringement contentions, due by the now-extended deadline of November 30, 2009. Yahoo's proposed modification only makes it harder and more inefficient to get the printouts of the source code necessary to meet this deadline.

I.  INTRODUCTION.

Nothing about the production of source code from Yahoo in this case has been easy or efficient. Although discovery opened in this case over a year ago, Yahoo did not make its first set of (grossly deficient) source code available for inspection until a month and a half ago, on September 24, 2009. This production was only made after months of letter writing, meet and confers, and false promises of production. Then, when the code was finally produced, Yahoo informed nXn that, despite the clear provisions of the Protective Order, it was refusing to make a printer available "due to security concerns." Declaration of Jason White in support of Yahoo's Motion ("White Decl.") Ex. 2. nXn objected immediately to Yahoo's position but, given the impending deadlines, proceeded with the source code review anyway. Weiss Decl. Ex. H (Sept. 24, 2009 Letter from A. Rafilson to J. White).

The protective order has been in place for approximately one year. Yahoo's decision to violate the protective order is just another delay of prompt and full production

2995-010 091106 Resp Yahoo Modify PO.doc      1

of source code that compresses the time frame for nXn to prepare its final infringement contentions, which are now due on November 30.[1] Yahoo's justifications for its failure are not well taken. First, and most importantly, it is completely false to assert that nXn has tacitly approved of the modification by (1) engaging in the requested procedures since September 2008 and (2) never objecting to the procedure. In fact, Yahoo first made source code available on September 24, 2009, not 2008, and nXn objected immediately to Yahoo's violation of the protective order and continues to object. nXn has in fact reviewed the source code under the inappropriate procedures demanded by Yahoo, but it has been subject to objection. Indeed, it was counsel for nXn's efforts to meet and confer before bringing a motion to compel a printer that forced Yahoo to bring this motion.

Furthermore, Yahoo's claims of security concerns also fall flat. The printer provision was agreed in the protective order and Yahoo did not object, even after it lost its argument regarding the production site for the code. The protective order allows Yahoo to take many measures to protect its code, including strong encryption, the disabling of most of the ports and the disabling of any Internet access. If Yahoo were concerned about the security of leaving the printer port available, there are multiple avenues it could have pursued that comply with the protective order. For example, Yahoo could use a trusted messenger service. Or, if that were not enough, a trusted Yahoo employee could personally fly the code to the production site. Instead of choosing one of these routes, likely because it would be a burden on Yahoo, Yahoo instead chose

---

[1] nXn was forced to obtain an extension of this deadline as a result of Yahoo's repeated failure to produce source code. *See* D.I. 293 (order granting unopposed motion for extension on final infringement contentions as to Yahoo).

to disregard the protective order and prejudice nXn by refusing to provide a printer. This is inappropriate and Yahoo's motion should be denied.

II. ARGUMENT.

Yahoo brings three arguments to support its proposed modification: (1) The modification simply codifies the practice between the parties; (2) The modification does not prejudice nXn; and (3) The modification is needed to protect Yahoo's confidentiality concerns for the source code. As argued below, all of three of the arguments fail and, in truly egregious manner, the first argument is based entirely on untrue facts.

### A. The Parties' Have Not Engaged In Any Course Of Conduct That Justified Yahoo's Requested Modification To The Protective Order.

Yahoo's motion includes two misstatements (if not outright lies) to supposedly support the argument that nXn has acquiesced to Yahoo's proposed modification through its course of conduct. First, Yahoo asserts that the source code has been available since September 2008 (Motion at 4). Second, Yahoo asserts that nXn never responded to its September 24, 2009 letter refusing to produce a printer (*id.*). An examination of the correspondence between Mr. White (counsel for Yahoo) and counsel for nXn (primarily from Mr. Rafilson), however, shows that both of these factual assertions is false. The source code was not produced until September 24, 2009, and nXn objected to Yahoo's refusal to provide a printer on the very same day that Yahoo sent its letter. For example:

**March 11, 2009**

Counsel for nXn reminded that even in March 2009, there had been all promises and no action from Yahoo regarding source code:

"Despite prior commitments to produce source code for the Accused Instrumentalities, Yahoo has failed to do so. ***Please provide a date certain in the near future when all such source code will be produced?***"[2]

**July 17, 2009**

The "near future" and "date certain" that nXn sought in March 2009 was still not forthcoming two months later:

"Source Code: The parties will need to discuss details of Yahoo's production of its source code including (1) timeframe, (2) versions of code that will be provided, (3) details on the development environment and tools that will be provided along with the source code, (4) wiki environment and wiki articles that will be provided, and (5) details on the database schema that will be provided. At the meet and confer you committed to provide a status update by July 17. Such an update would help to minimize the amount of time required to discuss this topic."[3]

**July 28, 2009**

Yahoo admitted to difficulties, but then promised to have the code loaded and ready for inspection the next week.

"Source Code: Timing: During the meet and confer Counsel to Yahoo stated that Yahoo hoped to have the source code for the above-referenced case *last week*, but its code-gathering efforts have taken longer than expected. ***Thus, Yahoo expects to have the code gathered and loaded on the computers to be used for inspection this week***."[4]

**August 10, 2009**

But this was not to be. Some two weeks later, nXn was puzzling over how Yahoo could promise to have the source code available promptly and then produce nothing:

"nXn would specifically like to discuss ….. Yahoo's production of source code in the above referenced case. ***Frankly nXn …is puzzled by Yahoo's statements over the past several weeks that code for the above-referenced***

---

[2] Ex. A to Weiss Decl. (emphasis added).
[3] Ex. B to Weiss Decl.
[4] Ex. C to Weiss Decl. (emphasis added).

> *case should be available promptly as such statements have not resulted in the production of any code.*[5]

**August 19, 2009**

By mid-August, it looked like production might be forthcoming, and nXn reminded Yahoo of the terms of the protective order for how and when source code had to be produced:

> "Counsel for Yahoo stated that they have a computer with source code available for an inspection in Houston. *After nXn advised that, as per the terms of the protective order*, such code would need to be produced in Dallas, Yahoo committed to promptly provide a location in Dallas where such production would be made."[6]

But still there was nothing.

**August 25, 2009**

nXn again reminded Yahoo of the protective order's terms, and the need to secure arrangements in advance once the source code site review issues was settled:

> "During the Meet and Confer on August 19, 2009, Yahoo advised that it would promptly provide a location in Dallas where its source code would be provided. We have not heard from you in this regard. Please be advised that nXn plans to begin source code inspection beginning next week and will confirm in the near future. *Per the terms of the protective order*, Yahoo should provide its code given 24 hours notice. Please provide the location where such code will be made available for inspection by the end of business on Thursday, August 27 so that we may make arrangements with our technical advisor."[7]

Although the source code computer was allegedly available for inspection, it was not actually made available for inspection until nearly a month later.

---

[5] Ex. D to Weiss Decl. (emphasis added).
[6] Ex. E to Weiss Decl. (emphasis added).
[7] Ex. F to Weiss Decl. (emphasis added).

**September 22, 2009**

During a meet and confer, Yahoo advised nXn that the source code would finally be available for inspection on September 23, 2009. This is, however, the first time that Yahoo even hinted that it would not comply with the protective order and provide a printer.

> This letter memorializes our discussion of earlier today. As an initial matter, nXn appreciates that Yahoo will be making code available for nXn's inspection tomorrow in the above-referenced case at 8:00 am at Fulbright & Jaworski's Dallas office. ***That being said, nXn has the several concerns related to Yahoo's compliance with the Protective Order as set forth below***:
> 1. Computers: As discussed, per ¶ 1.c.ii of the Protective Order, Yahoo is to provide its source code for inspection on two stand-alone computers. During the call you mentioned that Yahoo had currently only provided a single computer for said inspection.
> 2. Printer: As also discussed, ***Yahoo is to provide*** a laser printer for on-site printing during the inspection of its code per ¶ 1.c.iii(3). During the call you mentioned that Yahoo had not currently provided a printer. Perhaps Yahoo can work with Fulbright to provide the printer.[8]

**September 24, 2009**

The production on September 23 was not made due to technical difficulties and, as a result, the source code was not available until September 24, 2009. It was only on September 24 that Yahoo for the first time informed nXn that it would engage in self-help and refuse to comply with the protective order:

> Yahoo does not intend to make a printer available directly to you, due to security concerns, but we can offer a compromise solution that should address any concerns you have about getting printouts of the relevant source code.[9]

Despite Yahoo's representation to the contrary, nXn objected to Yahoo's position ***on the very same day***:

---

[8] Ex. G to Weiss Decl (emphasis added).
[9] White Decl. Ex. 2.

> Regarding issues raised in your letter of earlier today [September 24, 2009], *Yahoo is violating the protective order by refusing to provide a printer for use during code review*. nXn's technical advisor will advise as to which source code she would like printed *for the time being. Such action should not be construed in any way to limit my client's rights or Yahoo's obligations in this matter.*[10]

By the time Yahoo had finally produced source code, nXn's deadlines were quickly approaching and nXn had no choice but to begin its review under the circumstances dictated by Yahoo.[11] Notably, this same September 24, 2009 letter also raised the issue that Yahoo's long awaited source code production was woefully deficient as it only contained 5 source code files. Yahoo did not make any effort to correct this deficiency until just days ago on November 4, 2009 (and even the November 4 production appears to be missing large amounts of source code).

Thus, a recitation of the actual facts and circumstances related to Yahoo's source code production shows that nXn has in fact objected to Yahoo's proposed procedure from the very beginning. Because the deadline for its final infringement contentions is rapidly approaching, however, nXn has had no choice but to begin its review of Yahoo's source code without a printer. nXn does not believe that this is appropriate: Yahoo should be ordered to provide a printer for its source code immediately.

### B. Yahoo's Proposed Modification Substantially Prejudices nXn, Especially In Light Of The Impending Final Infringement Contentions Deadline.

Yahoo's second basis for its requested modification is that the modification will not prejudice nXn too much. This is untrue. Setting aside the fact that Yahoo's failure to

---

[10] Ex. H to Weiss Decl. (emphasis added).

[11] nXn's final infringement contentions were originally due on October 30, just a little more than a month after Yahoo's first production of source code. Although the parties agreed to extend this deadline to November 30 (and the Court granted a motion to that effect) as a result of Yahoo's failure to produce relevant code, nXn continues to have no choice to but review code as it is offered by Yahoo.

produce a complete set of relevant code, Yahoo's refusal to provide a printer with the source code review computer leads to serious inefficiencies and burden. The printer provision, which was agreed by the parties, allows for nXn to print the necessary source code as it is reviewed. Yahoo is then obligated to provide Bates numbers copies of these printouts within 2 business days. Under the current provision, nXn does not need to keep a separate list of file to be printed.

Because Yahoo has refused to provide a printer, however, nXn must now transcribe the full filepath, file name and line numbers (if necessary) of the source code that it wants printed out. This extra step is inefficient and, if a lot of source code needs to be printed, can be extremely burdensome. Additionally, nXn must send this list to counsel for Yahoo, who then must forward the list to Yahoo itself for printing. This will take more than 2 business days. And, if there is a typo in the original list (which is not unlikely), the process is further delayed. Each of these delays further prejudices nXn's ability to prepare its final infringement contentions, due November 30, 2009, and its ability to adequately prepare its case for trial. Yahoo should not be able to unilaterally impose such prejudice on nXn in light of the protective order.

    C.    **Yahoo's Concerns Are Nothing More Than An Additional Delay Tactic And Can Be Addressed Without Violating The Protective Order.**

Yahoo claims that it is a security risk to comply with the protective order. Yahoo's own actions, however, betray this concern for what it really is: a delay tactic. The printer provisions that Yahoo seeks to modify were agreed at the time the protective order was entered. The only dispute was where the source code would be produced, Dallas or Northern California. If Yahoo were concerned about the security of source code produced in Dallas, it should have addressed those concerns at the time. And

Yahoo had almost 1 year to address these concerns since the entry of the protective order. Yahoo failed to raise this concern, however, until it would be most prejudicial to nXn, on the eve of nXn's deadline to serve final infringement contentions.

Furthermore, there are more than enough protections in the protective order for Yahoo's code to address its concerns. The code is on a stand alone computer, without internet access and with the majority of its ports disabled. The code can be encrypted using whatever encryption Yahoo desires.[12] If Yahoo is concerned about leaving the printer port accessible, as it is required to do, there are a number of measures it could have taken that would have been consistent with the protective order. For example, Yahoo could use a trusted courier to deliver the computer to Dallas. Or Yahoo could use a trusted employee to personally escort the code to Dallas. Or Yahoo could use security tape, which shows when it was tampered with, to protect the open port so that tampering would have been obvious and immediate addressable.[13] Yahoo, however, chose not to use any of these alternative methods and instead chose simply to disregard the protective order.

### III. NXN REQUESTS AN EMERGENCY HEARING TO RESOLVE THIS ISSUE.

Yahoo continues to refuse to provide a printer with its source code computer, as required by the protective order. Given the rapidly approaching deadlines and the prejudice to nXn, as described above, nXn requests that this matter be resolved

---

[12] Any person who could crack Yahoo's presumably strong encryption is likely skilled enough to work around the issue of open ports anyway.

[13] To the extent Yahoo justifies its modification on the fact that nXn must keep requesting new code, this is a direct result of Yahoo's failure to produce relevant code. If Yahoo made a complete production of relevant code, nXn would not need to continue to request more.

immediately. If the Court desires a hearing on this matter, nXn asks that the hearing be scheduled on an emergency basis.

## IV. CONCLUSION.

For the foregoing reasons, the Court should deny Yahoo's motion to modify. Yahoo's requested modification is prejudicial to nXn and only furthers Yahoo's misconduct vis-à-vis source code production in this case.

Dated: November 6, 2009

Respectfully submitted,

By: /s/ Andrew D. Weiss

Debera W. Hepburn,
TX Bar # 24049568
Email: dhepburn@heplaw.com
HEPBURN LAW FIRM PLLC
P.O. Box 118218
Carrollton, TX 75011
Telephone: 214/403-4882
Facsimile: 888/205-8791

Andrew W. Spangler
LEAD COUNSEL
Spangler Law P.C.
208 N. Green Street, Suite 300
Longview, Texas 75601
(903) 753-9300
(903) 553-0403 (fax)
spangler@spanglerlawpc.com

Patrick R. Anderson
Patrick R. Anderson PLLC
4225 Miller Rd, Bldg. B-9, Suite 358
Flint, MI 48507
(810) 275-0751
(248) 928-9239 (fax)
patrick@prapllc.com

David M. Pridham
Law Office of David Pridham
25 Linden Road
Barrington, Rhode Island 02806
(401) 633-7247
(401) 633-7247 (fax)
david@pridhamiplaw

Marc A. Fenster
CA Bar No. 181067
Andrew D. Weiss
CA Bar No. 232974
RUSS, AUGUST & KABAT
12424 Wilshire Blvd., 12th Floor
Los Angeles, CA 90025
(310) 826-7474
(310) 826-6991 (fax)
mfenster@raklaw.com
aweiss@raklaw.com

BUSTAMANTE, P.C.

John M. Bustamante
John M. Bustamante
Texas Bar No. 24040618
BUSTAMANTE, P.C.
54 Rainey Street, No. 721
Austin, Texas 78701
Tel. 512.940.3753
Fax. 512.551.3773
jmb@BustamanteLegal.com

## CERTIFICATE OF SERVICE

I certify that counsel of record who are deemed to have consented to electronic service are being served this 6th day of November, 2009, with a copy of this document via the Court's CM/ECF systems per Local Rule CV-5(a)(3). Any other counsel will be served electronic mail, facsimile, overnight delivery and/or First Class Mail on this date.

/s/ Andrew D. Weiss