IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **PA ADVISORS, LLC** <br><br> v. <br><br> **GOOGLE, INC., et al.** | **NO. 2:07-CV-480-DF** <br><br> **JURY** |

### nXn TECH, LLC'S SURREPLY IN OPPOSITION TO YAHOO!, INC.'S MOTION TO MODIFY THE PROTECTIVE ORDER

nXn Tech, LLC (formerly known as PA Advisors LLC, "nXn") submits this Surreply in opposition to Yahoo!, Inc.'s ("Yahoo") attempt at this late date to modify the Protective Order entered by the Court in this litigation.  The facts are undisputed:  (1) the location of the production of the source code, not whether Yahoo would provide a printer for its source code computer, was disputed; (2) the Court resolved the dispute and entered the Protective Order over a year ago (October 8, 2008); and (3) when Yahoo finally began producing source code in late September 2009, Yahoo took the position that it did not need to abide by the terms of the Protective Order.  Yahoo has no excuse for its failure and Yahoo's untimely request to modify the Protective Order should not be granted.

First, the increased security provisions related to source code in the Protective Order already address the risk of inadvertent disclosure of source code.  Indeed, 6 pages of the Protective Order are devoted to laying out the various security provisions meant to protect Yahoo's source code from disclosure, whether inadvertent or otherwise.  D.I. 215 at 7-12.  These provisions were heavily negotiated and, to the extent there was a disagreement, the Court resolved it.  Yahoo knew if it lost the dispute as to production

location, it would still be required to provide a printer.  If Yahoo had concerns about the security risk related to leaving a port open on the source code computer for a printer, Yahoo should have raised those concerns when the Protective Order was being negotiated and argued over a year ago.  Instead, Yahoo deliberately chose to stay silent and, by its own admission, waited until "it was appropriate for plaintiff to begin the source code review" (Reply at 2) before raising its concerns.  To make matters worse, instead of bringing this motion prior to the production of source code, Yahoo instead produced its source code without a printer and simply gave nXn no choice but to begin its review of the source code under these conditions.

Furthermore, setting aside the fact that the parties and Court have already weighed the risk of inadvertent disclosure against nXn's need for access to Yahoo's source code in crafting the provisions of the Protective Order, it is unclear why Yahoo's proposed modification has any less risk of inadvertent disclosure than the proposals made by nXn.  In fact, the proposals made by nXn are actually more likely to prevent (or minimize the harm of) Yahoo's stated concerns regarding disclosure than Yahoo's proposed change to the Protective Order.  For example, a trusted courier will know when the computer was out of his possession (if ever) and will be able to take immediate action if the chance for inadvertent disclosure occurred.  The same immediate actions can take place if security tape is used.  Yahoo's proposed modification, however, simply prejudices nXn while offering little extra security.  If a person is skilled enough to circumvent the other security provisions used by Yahoo (such as encryption), the person is also likely skilled enough to obtain the data without the need of open ports on the

computer.[1]  If Yahoo were truly concerned about the inadvertent disclosure risk described in its Motion, nXn's proposals (which are all completely consistent with the terms of the Protective Order) would be a better avenue to address those concerns.  Thus, Yahoo's proposed modification to the Protective Order is untimely and unnecessary.

Second, Yahoo arguments of tacit approval on behalf of nXn are untrue.  Although discovery opened long ago, and after many letters and meet and confers, Yahoo first made its source code available on September 24, 2009.  Response at 6.  On that day, although source code had allegedly been previously available outside of Dallas in violation of the Protective Order (Weiss Decl.[2] Ex. E), Yahoo for the first time affirmatively represented that it would not provide a printer for the source code computer despite the provisions of the Protective Order.[3]  Weiss Decl. Ex. G.  nXn immediately objected (Weiss Decl. Ex. H) but, given the impending deadlines, had no choice but to move forward with the review of source code without a printer.  nXn has never consented to Yahoo's forced source code review conditions.

Third, the efficiency benefits of Yahoo's proposed modifications are unpersuasive.  Preliminary, Yahoo misquotes the requirements of the Protective Order.  Under the current Protective Order, Yahoo is responsible for collecting and Bates labeling the source code printouts.  D.I. 215 at ¶ 1.c.iii.(3) ("Upon printing any portions of source code, the printed pages shall be collected by the producing party.").

---

[1] Indeed, given Yahoo's other security measures, it is unclear how an open port is a risk of inadvertent disclosure at all.  The copying and unauthorized decryption of the source code of the source code laptop does not seem inadvertent.

[2] "Weiss Decl." refers to the declaration of Andrew D. Weiss filed concurrently with nXn's Response to Yahoo's Motion.

[3] Even if Yahoo is somehow justified in request to modify the Protective Order, it is undisputed that Yahoo has been acting in violation of the Protective Order since it made source code available to nXn in September 2009.

Furthermore, Yahoo is required to object or provide Bates-labeled copies of the printouts within 2 business days. *Id.* Yahoo's recitation of a four-day (or more) process under the current Protective Order is inaccurate. Moreover, Yahoo simply disregards the burden to nXn in transcribing the source code files to be printed rather than simply printing them. The extra step of writing down the files for printing adds burden that is not contemplated by the current Protective Order and unnecessarily delays the process of receiving printouts of source code. Finally, Yahoo's own actions in the co-pending Bright Response case have demonstrated the inefficiency of its proposed process. In Bright Response, it took more than two business days to receive source code printouts. Earlier today, nXn submitted a list of source code to be printed out identified during the review of source code just recently produced by Yahoo. Given Bright Response's experience, it is unclear when nXn will receive the printouts of the code and it seems likely it will not be within 2 business days, as required by the Protective Order. Given the quickly approaching deadlines in this case, these delays are highly prejudicial to nXn.[4]

Therefore, for the foregoing reasons, the Court should deny Yahoo's motion to modify. Yahoo's requested modification is untimely, unnecessary and prejudicial to nXn.

Dated: November 16, 2009  Respectfully submitted,

By: /s/ Andrew D. Weiss

Debera W. Hepburn,
TX Bar # 24049568
Email: dhepburn@heplaw.com

---

[4] Yahoo's complaints about the Bates labeling process make little sense because it is unclear how Bates labeling the printouts is related to where each section of printed code came from. Furthermore, Yahoo's proposed modification is subject to its own errors such as, for example, failing to print one or more requested files.

HEPBURN LAW FIRM PLLC
P.O. Box 118218
Carrollton, TX 75011
Telephone: 214/403-4882
Facsimile: 888/205-8791

Andrew W. Spangler
LEAD COUNSEL
Spangler Law P.C.
208 N. Green Street, Suite 300
Longview, Texas 75601
(903) 753-9300
(903) 553-0403 (fax)
spangler@spanglerlawpc.com

Patrick R. Anderson
Patrick R. Anderson PLLC
4225 Miller Rd, Bldg. B-9, Suite 358
Flint, MI 48507
(810) 275-0751
(248) 928-9239 (fax)
patrick@prapllc.com

David M. Pridham
Law Office of David Pridham
25 Linden Road
Barrington, Rhode Island 02806
(401) 633-7247
(401) 633-7247 (fax)
david@pridhamiplaw

Marc A. Fenster
CA Bar No. 181067
Andrew D. Weiss
CA Bar No. 232974
RUSS, AUGUST & KABAT
12424 Wilshire Blvd., 12th Floor
Los Angeles, CA 90025
(310) 826-7474
(310) 826-6991 (fax)
mfenster@raklaw.com
aweiss@raklaw.com

BUSTAMANTE, P.C.

John M. Bustamante
John M. Bustamante
Texas Bar No. 24040618
BUSTAMANTE, P.C.
54 Rainey Street, No. 721
Austin, Texas 78701
Tel. 512.940.3753
Fax. 512.551.3773
jmb@BustamanteLegal.com

# CERTIFICATE OF SERVICE

I certify that counsel of record who are deemed to have consented to electronic service are being served this 16th day of November, 2009, with a copy of this document via the Court's CM/ECF systems per Local Rule CV-5(a)(3). Any other counsel will be served electronic mail, facsimile, overnight delivery and/or First Class Mail on this date.

/s/ Andrew D. Weiss