UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

PA ADVISORS, LLC,

    Plaintiff,

CASE NO. 2-07-CV-480-RRR

GOOGLE INC., ET AL.,

    Defendants.

**REPLY IN SUPPORT OF GOOGLE INC.'S MOTION TO STRIKE PLAINTIFF'S AMENDED DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS AND COMPEL A COMPLETE ANSWER TO GOOGLE INTERROGATORIES NOS. 1 AND 2**

Google Inc. ("Google") respectfully submits this reply in support of its pending *Motion to Strike Plaintiff's Amended Disclosure of Asserted Claims and Infringement Contentions and Compel a Complete Answer to Google Interrogatories Nos. 1 and 2*. Dkt. # 325. The Court should strike the Amended Disclosure because Plaintiff does not contest that the October 30, 2009 "Amended Disclosure" violated the Patent Local Rules. The separate Motion to Compel should be granted because, three months before trial, Plaintiff offers no viable excuse why it cannot articulate an infringement theory and specify what functionality—on a product-by-product and a limitation-by-limitation basis—allegedly infringes the claims. Consequently, Plaintiff should be ordered to provide substantive responses to Google's long-outstanding contention interrogatories relating to Plaintiff's infringement allegations.

## I. Plaintiff Does Not Dispute Its "Amended Disclosure" Violated Local Patent Rules

Plaintiff's response to Google's motion to strike fails even to address the key threshold issue: whether Plaintiff had any right to serve its "Amended Disclosure" under the Patent Local Rules. In its motion, Google pointed out that the Local Patent Rules provide only two instances where Preliminary Infringement Disclosures can be amended: (1) by leave of court or (2) if a party in good faith believes the claim construction order so warrants. See Patent Local rules 3-6(a) and (b).[1] Plaintiff does not dispute the applicability of these rules—<u>it does not even address them in its opposition</u>. Plaintiff neither sought leave of court nor demonstrated that the claim construction order warranted amending its contention disclosure. *See* Opening Motion, Section II. As Google explained in its motion to strike, instead of following the rules, Plaintiff served an

---

[1] The Eastern District of Texas has explained that Patent Rule 3-6(a) concerning amendments following claim construction is limited. *Nike, Inc. v. Adidas, Inc.*¸ 479 F.Supp.2d 664 (E.D. Tex. 2007) ("This exception is intended to allow a party to respond to an unexpected claim construction by the court. This does not mean that after every claim construction order, new infringement contentions may be filed. That would destroy the effectiveness of the local rules in balancing the discovery rights and responsibilities of the parties.").

incomprehensible, 321-page compendium of quotes from Google documents that purported to be an "Amended Disclosure."[2] In opposition, Plaintiff does not dispute that its "Amended Disclosure" was in violation of the Local Patent Rules, or bother to argue that its violation was warranted or excusable. Plaintiff's concession and failure to oppose the motion to strike should be dispositive. The October 30, 2009 Amended Disclosure should be stricken and Plaintiff should not be permitted to rely upon this document in this case.

## II. Plaintiff Should Be Compelled To Provide Its Infringement Theory

The Local Patent Rules (3.6(a) and (b)) provide the threshold obligation to identify specific accused products and a theory of infringement. In addition to the obligations of the Local Patent Rules, Google Interrogatories Nos. 1 and 2 ask for detailed limitation-by-limitation infringement contentions for *each* accused product. Plaintiff has refused both to follow the local rules and substantively answer Google's interrogatories. The time is long past, however, for Plaintiff to explain how the functionality in each accused product allegedly reads on the claims. Such relief is routinely granted in this District, and it is well-settled that infringement contentions must be specific enough to give a defendant notice of the plaintiff's claims. *See, e.g., Balsam Coffee Solutions Inc. v. Folgers Coffee Co.*, No. 6:09-CV-89 (E.D.Tex. Dec. 9, 2009) (granting motion to compel more detailed interrogatory answers on infringement theories); *Linex Tech. v. Belkin Int'l*, 628 F.Supp.2d 703, 706 (E.D.Tex. 2008) ("Enough specificity is required to give an alleged infringer notice of the patentee's claims."); *Computer Acceleration Corp. v. Microsoft Corp.,* 503 F.Supp.2d 819, 823 (E.D.Tex. 2007) (same).

---

[2] There is no theory of infringement in these lengthy documents. Nowhere do the contentions specify a Google product and point out what functionality in that product matches limitation by limitation to the asserted claims. Plaintiff's strategy is apparently to have a compendium of quotes and cites from which it can draw support for a theory in the future and to keep the litigation going for as long as possible without committing to a theory.

Plaintiff's primary excuse as to why it cannot provide a coherent theory of infringement is that Google has allegedly been deficient in providing source code for inspection. This excuse fails. First, it is undisputed that starting in July 2009 (twelve weeks <u>after</u> Google first made source code available in this matter), Plaintiff's representatives have spent more than *60 days* inspecting Google's source code. See Ex. A, attached hereto. In addition, as Google set forth in its motion, over the course of the preceding twelve months, Google has provided over 1.5 million pages of internal documents, as well as multiple engineers for deposition concerning the functionality of Google's software. It is telling that Plaintiff did not file a single motion to compel throughout this case until the very last day of discovery (December 21, 2009), and only *after* Google had filed the instant motion (December 10, 2009). Google has provided ample discovery for Plaintiff to articulate a detailed theory of infringement.

More importantly, complaining about source code is a straw man to avoid having to commit to a theory of infringement. Source code is the set of underlying computer instructions that implement a software product's functionality and features. Plaintiff may want or need to rely on source code references to carry its burden at trial, but code files and computer language quotations are unnecessary to articulate a theory of patent infringement for each accused product.

The claims are not written in source code. They are written as a series of steps. The question that Plaintiff refuses to answer is: what does an accused product -- such as Gmail or search -- *do* that allegedly carries out the steps of the method. In other words, what functionality does the product contain that performs the steps of the claims? For instance, claim 45[3] requires a user profile be generated through the steps of separating a "text item" into "at least one

---

[3] Claim 1 is the other asserted independent claim. This claim requires the step of user submitting a search query and separately steps to be performed by the remote computer system. See '067 patent, claim 1, step (c). As discussed in the conference call of December 28, 2009, this claim requires more than one entity to perform its steps; it cannot be infringed by Google.

sentence," and extracting a "segment" from the sentence with the segment being "representative of a linguistic pattern of each sentence," and then adding the segments to generate a "user segment group"; the method concludes with the step of storing the profile with an "overall linguistic pattern substantially corresponding to the user's social, cultural, educational, economic background and to the user's psychological profile." See '067 patent, claim 45. Plaintiff appears to be asserting this claim against almost every product or service offered by Google. Yet Plaintiff refuses to specify, for example, what is the sentence being parsed in each of the Google products, or where are the "segments" and what are the patterns that supposedly correspond to the user's background and psychological profile.

Google offers a host of disparate software such as Search (a free service at www.google.com for searching the Internet); Gmail (a free email service); and AdSense (for placing advertisements on third party web pages). These are separate products. Plaintiff must identify separately for each accused product what specific feature or function corresponds to each step and each limitation of the asserted claims such as claim 45.

Plaintiff appears to be under the impression that merely *listing* accused products constitutes an infringement theory. *See nXn Response* at 6-7 (pointing to a list of Accused Instrumentalities as a "concise explanation" of Plaintiff's infringement theories). Plaintiff's Response to the pending motion cites to the claim chart attached to Plaintiff's amended contentions and appears to be accusing "Google services" including "Google Search, Personalized Search, Web History, iGoogle, Google Docs, Google Desktop, Gmail, Google Talk, and Google Toolbar," along with the components of these services, including "personal information in Google Accounts (GAIA), Web History, Bookmarks, Gmail messages, Google Talk messages, and information obtained and processed by Google Docs, Google Desktop, and

Google Toolbar." *nXn Response* at 7.  This laundry list of Google products does not constitute notice of how each product or service allegedly infringes.  Plaintiff has failed to point out what features or functionality of each product, *e.g*., Gmail or Search, correspond to the steps of claim 45 and where the limitations can be found.  Matching source code to functionality should happen after the plaintiff makes its contentions known.  To allow otherwise would be to eliminate the purpose of infringement contentions and would permit plaintiffs to avoid having to commit to a theory of infringement throughout discovery.

The purpose of infringement contentions is to provide an accused infringer with actual notice of how each of their accused products and services purportedly infringes the asserted patent.  *See, e.g., Linex Tech. v. Belkin Int'l*, 628 F.Supp.2d 703, 706 (E.D.Tex. 2008).  Plaintiff also has an obligation under Federal Rule of Civil Procedure 11 to undertake an analysis of Google's products and services *before* filing suit and to continue to maintain a good faith basis for asserting infringement.  Plaintiff's response to the pending motion simply reinforces the conclusion that Plaintiff is on a fishing exhibition – hoping to uncover a coherent infringement theory at some point before the start of trial and keep all of its options open until then.

Finally, Google has not sat on its rights as argued by Plaintiff.  Google promptly served its contention interrogatories at the start of this case and, since the claim construction hearing on September 16, 2009, has been pressing Plaintiff to provide its infringement theory.  It is Plaintiff that has sought to delay providing an infringement theory.

## Conclusion

Google requests that Plaintiff's "Amended Disclosure" be stricken and that Plaintiff be compelled to answer Google's Interrogatories Nos. 1 and 2 with infringement contentions separately for each accused product by Tuesday, January 12, 2010.

Respectfully submitted,

*/s/ Harry L. Gillam Jr.*
Harry L. Gillam, Jr.
State Bar No. 07921800
GILLAM & SMITH, L.L.P.
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
gil@gillamsmithlaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. mail or facsimile transmission, on this the 14th day of September, 2009.

*/s/Harry L. Gillam, Jr.*
Harry L. Gillam, Jr.