UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PA ADVISORS, L.L.C.,<br><br>    Plaintiff,<br><br>  v.<br><br>GOOGLE INC., et al.,<br><br>    Defendants. | Civil Action No. 2:07-CV-480 RRR<br><br>**JURY TRIAL DEMANDED** |

### DEFENDANT GOOGLE INC.'S MOTION FOR SUMMARY JUDGMENT OF NONINFRINGEMENT BASED ON DIVIDED INFRINGEMENT

# TABLE OF CONTENTS

Page

INTRODUCTION ..................................................................................................................1

STATEMENT OF ISSUES TO BE DECIDED BY THE COURT ...................................2

STATEMENT OF UNDISPUTED MATERIAL FACTS ..................................................2

I. THE '067 PATENT..................................................................................................2

II. PLAINTIFF'S ALLEGATIONS OF INFRINGEMENT.....................................2

LEGAL STANDARD...........................................................................................................3

ARGUMENT........................................................................................................................4

I. GOOGLE CANNOT INFRINGE CLAIMS 1, 3, 4, 6, 43 AND 61 BECAUSE IT DOES NOT PERFORM ALL OF THE CLAIMED STEPS AND GOOGLE DOES NOT "DIRECT OR CONTROL" THE USERS OF THE "LOCAL COMPUTER SYSTEM." ....................................................................................4

II. PLAINTIFF CANNOT SHOW SECONDARY INFRINGEMENT...................6

CONCLUSION.....................................................................................................................6

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Aro Mfg. Co. v. Convertible Top Replacement Co.*,
 365 U.S. 336 (1961) ..................................................................................................6

*BMC Resources, Inc. v. Paymentech, L.P.*,
 498 F.3d 1373 (Fed. Cir. 2007) ..........................................................................1, 4, 6

*Centricut, LLC v. Esab Group, Inc.*,
 390 F.3d 1361 (Fed. Cir. 2005) ................................................................................4

*Desenberg v. Google, Inc.*,
 No. 08-CV-10121, 2009 WL 2337122 (S.D.N.Y. July 30, 2009) ........................4, 5

*Desenberg v. Google, Inc.*,
 No. 08-CV-10121 (S.D.N.Y. January 11, 2010) .......................................................4

*Global Patent Holdings v. Panthers BRHC LLC*,
 2008 WL 3833219 (S.D. Fla. 2008) .........................................................................5

*Golden Hour Data Sys., Inc. v. emsCharts, Inc.*,
 No. 2:06 CV 382 (TJW), 2009 WL 943273 (E.D. Tex. April 3, 2009) ....................4

*Inpro II Licensing, S.A.R.L. v. T-Mobile USA, Inc.*,
 450 F.3d 1350 (Fed. Cir. 2006) ................................................................................4

*Keithley v. Homestore.com, Inc.*,
 636 F. Supp. 2d 978 (N.D. Cal. 2008) .....................................................................5

*Muniauction v. Thomson Corp.*,
 532 F.3d 1318 (Fed. Cir. 2008) ........................................................................1, 4, 5

*Nomos Corp. v. Brainlab USA, Inc.*,
 357 F.3d 1364 (Fed. Cir. 2004) ................................................................................4

*PSN Illinois, LLC v. Ivoclar Vivadent, Inc.*,
 525 F.3d 1159 (Fed. Cir. 2008) ................................................................................3

*Refac Int'l Ltd. v. IBM*,
 798 F.2d 459 (Fed. Cir. 1986) ..................................................................................6

*Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*,
 520 U.S. 17 (1997) .................................................................................................3, 4

01980.51319/3277766.3

**Statutes**

Fed. R. Civ. P. 56(c) ........................................................................................................................3

01980.51319/3277766.3

Defendant Google Inc. ("Google") moves for summary judgment of noninfringement of claims 1, 3, 4, 6, 43 and 61 of United States Patent No. 6,199,067 ("the '067 patent") and also joins in the arguments set forth in Co-Defendant Yahoo! Inc.'s motion seeking the same relief.

## **INTRODUCTION**

There is no dispute that the language of claim 1 of the '067 patent requires that more than one party perform the claimed steps. One step is performed by a remote <u>computer system</u> and another step is performed by the <u>user</u> of a local computer system. Specifically, step 1(b) must be performed by a remote computer system: "constructing, <u>by the remote computer system</u>, a plurality of data item profiles…." (Ex. A col.25:36-37 (emphasis added).) Step 1(c), however, must be performed by a "user" of a local computer system: "providing, <u>by the user</u> to the local computer system, search request data . . . ." (*Id.* col.25:45-46 (emphasis added).)

To prove infringement of method claim 1, Plaintiff must prove that either (1) Google performs each and every step of the method or (2) Google exercises control or direction over the entire process. *BMC Resources, Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1378-81 (Fed. Cir. 2007). Here, Plaintiff does not and cannot assert that Google performs step 1(c): "providing, <u>by the user</u> to the local computer system, search request data." Instead, Plaintiff contends Google's <u>end users</u> practice this step. Plaintiff, however, cannot show that Google exercises control or direction over its end users merely by providing its search services. Indeed, it is well established that a party does not control or direct the actions of users merely by offering a website or software. *See Muniauction v. Thomson Corp.*, 532 F.3d 1318, 1329 (Fed. Cir. 2008).

Accordingly, summary judgment of non-infringement of claim 1 is appropriate, as well as for dependent claims 3, 4, 6, 43 and 61.

1

## STATEMENT OF ISSUES TO BE DECIDED BY THE COURT

Whether summary judgment of non-infringement by Google is appropriate for claim 1 and its dependent claims 3, 4, 6, 43, and 61 because Google does not perform all of the required steps of claim 1, and Google does not "direct or control" the users of its accused products.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

### I. THE '067 PATENT

1. United States Patent 6,199,067 ("the '067 patent"), entitled "System and Method for Utilizing the Generated User Profiles to Perform Adaptive Internet Searches" was filed on October 21, 1999, and issued on March 6, 2001. (Ex. A). Plaintiff accuses Google of infringing claims 1, 3, 4, 6, 43, 45, 47, and 61 of the '067 patent. (Ex. B at ¶ 1.)[1] Dependent claims 3, 4, 6, 43 and 61 all depend on claim 1.

2. Claim 1 of the '067 patent requires actions to be performed on two different computer systems – a local computer system and a remote computer system. (Ex. A, col.25:23-50). The action that the user must take is specified in step 1(c) of claim 1: "providing, <u>by the user</u> to the local computer system, search request data representative of the user's expressed desire to locate data substantially pertaining to said search request data." (*Id.* (emphasis added).) Unlike step 1(c), step 1(b) is performed by the remote computer system: "constructing, <u>by the remote computer system</u>, a plurality of data item profiles." (*Id.* (emphasis added).)

### II. PLAINTIFF'S ALLEGATIONS OF INFRINGEMENT

3. On January 6, 2009, Google served interrogatories asking Plaintiff to identify and explain how each accused product allegedly infringes each asserted claim of the '067 patent and

---

[1] Exhibit B includes excerpts from Plaintiff's expert report.

to provide claim charts depicting the same. (Ex. C at 5-6.) In response, Plaintiff incorporated by reference its expert disclosures. (*Id.* at 6-7.)

4. On January 4, 2010, Plaintiff served the report of its expert on infringement, V. Thomas Rhyne. (Ex. B). In Rhyne's infringement report, Plaintiff's expert concedes that "users" are individuals that enter queries into www.google.com: "when a user enters a search request into a Google Search text box that request data is information entered by a 'user.' That user is the individual who entered the search term(s), as when a searcher enters 'blue cars' into the text box of a Google Search window." (Ex. B at ¶ 82.)

5. With respect to step 1(c), which requires the step of a <u>user</u> providing a search request, Plaintiff does not actually assert that Google controls the user's activities. Instead, Plaintiff only asserts that Google controls the process of using the search request <u>after</u> the user has already performed this independent action: "Google exercises control over the entire Google Search process. For example, Google controls the provision of search request data with software that is designed to receive search terms, which is the only input to Google's search process, and also controls the retention and use of the data." (Ex. B at ¶ 83.)

6. Similarly, for step 1(c) as to AdWords and AdSense for search, Plaintiff's expert states: "Google exercises control over the entire process. For example, Google controls the provision of search request data with software that is designed to receive search terms, which is the only input to Google's search process, and also controls the retention and use of the data." (Ex. B at ¶ 86.)

## LEGAL STANDARD

Summary judgment in a patent case, as in any other case, is appropriate where there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17,

3
01980.51319/3277766.3

39, n.8 (1997); *PSN Illinois, LLC v. Ivoclar Vivadent, Inc.*, 525 F.3d 1159, 1166-68 (Fed. Cir. 2008). When a comparison of the accused devices to the properly construed claims demonstrates the accused devices cannot infringe the asserted claims literally or under the doctrine of equivalents, summary judgment is appropriate. *See PSN Illinois, LLC*, 525 F.3d at 1166-68.

Because each element contained in a patent claim is deemed material to defining the scope of the patented invention, to prove infringement, it is Plaintiff's burden to prove by a preponderance of the evidence that Defendant's accused products contain every limitation in the asserted claims. *See Warner-Jenkinson*, 520 U.S. at 29; *see also Inpro II Licensing, S.A.R.L. v. T-Mobile USA, Inc.*, 450 F.3d 1350, 1357-58 (Fed. Cir. 2006); *Centricut, LLC v. Esab Group, Inc.*, 390 F.3d 1361, 1367 (Fed. Cir. 2005). "[F]ailure to meet a single limitation is sufficient to negate infringement of the claim. . . ." *Nomos Corp. v. Brainlab USA, Inc.*, 357 F.3d 1364, 1367 n.1 (Fed. Cir. 2004) (citation omitted). Because the undisputed facts show that there is no infringement by Defendant, summary judgment is warranted.

## ARGUMENT

**I. GOOGLE CANNOT INFRINGE CLAIMS 1, 3, 4, 6, 43 AND 61 BECAUSE IT DOES NOT PERFORM ALL OF THE CLAIMED STEPS AND GOOGLE DOES NOT "DIRECT OR CONTROL" THE USERS OF THE "LOCAL COMPUTER SYSTEM."**

To prove direct infringement of a method claim, Plaintiff must either prove that Google performs each and every step of the method or, if the steps of the method are performed by multiple parties, that Google controls and directs every step of the process. *Muniauction*, 532 F.3d at 1329 ("the claim is directly infringed only if one party exercises 'control or direction' over the entire process such that every step is attributable to the controlling party, i.e., the 'mastermind.'"); *BMC Resources v. Paymentech, L.P.*, 498 F.3d 1373, 1378-80 (Fed. Cir. 2007) (summary judgment of non-infringement where party did not perform or cause to be performed every element of the claim); *Golden Hour Data Sys., Inc. v. emsCharts, Inc.*, No. 2:06 CV 382

(TJW), 2009 WL 943273, at *3-4 (E.D. Tex. April 3, 2009) (summary judgment of non-infringement where no single party infringed); *Desenberg v. Google, Inc.*, No. 08-CV-10121, 2009 WL 2337122 (S.D.N.Y. July 30, 2009) (adopted, *Desenberg v. Google, Inc.*, No. 08-CV-10121 (S.D.N.Y. January 11, 2010) (granting motion to dismiss where claim required actions of users and providers and there were no allegations that Google exercises "even a modicum" of control over AdWords users).

Plaintiff does not assert that Google performs step 1(c): "providing, by the user to the local computer system, search request data." (Ex. A, col.25:45-46 (emphasis added).) Instead, Plaintiff concedes that Google end users practice this step: "[W]hen a user enters a search request into a Google Search text box that request data is information entered by a 'user.' That user is the individual who entered the search terms, as when a searcher enters 'blue cars' the text box of a Google Search window." (Ex. B at ¶ 82.) Thus, as a matter of law, Plaintiff must show that Google exercises control or direction over its end users to prove infringement.

To try and meet this requirement, Plaintiff argues that because Google controls the Google Search functionality after Google receives the search query, it somehow "controls" the entire search process. But, a party does not control or direct the actions of users merely by offering a website or software. *Muniauction*, 532 F.3d at 1329-30. In addition, such an argument ignores the requirement of the claim that the user perform the step of providing the search requests. Plaintiff cannot ignore the steps of method. *Global Patent Holdings v. Panthers BRHC LLC*, 2008 WL 3833219 (S.D. Fla. 2008), is particularly on point. The claim at issue in *Global Patent Holdings* involved the inputting of a query by a user and the returning of responsive information by a computer system. In finding that the defendant could not be held liable for infringement, the *Global Patent Holdings* court explained that the website's users were under no contractual obligation to visit the website, nor did the users visit the website within the

5

scope of an agency relationship, and, therefore, there was no infringement. *Id.* Similarly, users of Google's software have no contractual obligation to visit the website nor are they Google's agents. Instead, Google's users freely choose whether and how to access Google's instrumentalities. *See also Desenberg*, 2009 WL 2337122 ("Desenberg has not alleged that Google acts as a 'mastermind' directing or controlling the actions or participation of users. . . . Desenberg has not alleged that those who participate in Google AdWords do so at the behest of Google, even under an expansive interpretation of 'direction or control'"); *Keithley v. Homestore.com*, 636 F. Supp. 2d 978, 985 (N.D. Cal. 2008) ("Move has no contracts with Consumers and neither directs nor exercises control over the searches Consumers conduct on the Move websites.") As a matter of law, because claim 1 and its dependent claims require the independent step of a user, Google cannot infringe these claims.

## II. PLAINTIFF CANNOT SHOW SECONDARY INFRINGEMENT.

Allegations of contributory and inducing infringement require proof of direct infringement as a predicate. *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 365 U.S. 336, 341-42 (1961); *BMC Resources,* 498 F. 3d at 1380; *Refac Int'l Ltd. v. IBM*, 798 F.2d 459, 460 (Fed. Cir. 1986). Although Plaintiff has not provided a disclosure of any secondary infringement theory, because Plaintiff's claims of direct infringement are legally deficient, any claim of indirect infringement would also fail as a matter of law.

## CONCLUSION

For the foregoing reasons, Google requests that the Court grant its motion and issue summary judgment that Google is not liable for infringement of claims 1, 3, 4, 6, 43 and 61 of the '067 patent.

Respectfully submitted,

*/s/ Harry L. Gillam Jr.*
Harry L. Gillam, Jr.
State Bar No. 07921800
gil@gillamsmithlaw.com
GILLAM & SMITH, L.L.P.
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Brian C. Cannon
California Bar No. 193071
briancannon@quinnemanuel.com
Quinn Emanuel Urquhart Oliver & Hedges, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
Tel.: (650) 801-5000
Fax: (650) 801-5100

Charles K. Verhoeven,
California Bar No. 170151
charlesverhoeven@quinnemanuel.com
Quinn Emanuel Urquhart Oliver & Hedges, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel.: (415) 875-6600
Fax: (415) 875-6700

David A. Perlson,
California Bar No. 209502
davidperlson@quinnemanuel.com
Quinn Emanuel Urquhart Oliver & Hedges, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel.: (415) 875-6600
Fax: (415) 875-6700

Melissa R. Smith.
Texas Bar No. 24001351
melissa@gillamsmithlaw.com
Gillam & Smith LLP
303 South Washington Avenue
Marshall, TX 75670
Tel.: (903) 934-8450
Fax: (903) 934-9257

*Attorneys for Defendant GOOGLE INC.*

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. mail or facsimile transmission, on this the 15th day of January, 2010.

                                              */s/Harry L. Gillam, Jr.*
                                              Harry L. Gillam, Jr.