# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PA ADVISORS, LLC | |
| V. | NO. 2-07CV-480-DF |
| GOOGLE INC., ET AL. | |

## PA ADVISORS' OBJECTIONS AND RESPONSES TO GOOGLE'S FIRST SET OF INTERROGATORIES

Plaintiff PA Advisors, LLC ("PA Advisors") objects and responds to the First Set of Interrogatories of Defendant Google, Inc. ("Google") as follows:

### GENERAL STATEMENTS

1. No incidental or implied admissions are intended by the responses herein. The fact that PA has responded to or objected to any discovery request should not be taken as an admission that PA accepts or admits the existence of any "fact" set forth or assumed by the same. The fact that PA has responded to part or all of any discovery request is not intended to be, and shall not be construed to be, a waiver by PA of any part of any objection to the discovery request. The fact that PA states a willingness to produce any documents in its possession, custody or control should not be taken as an indication that any such documents exist. The fact that PA reserves the right to rely upon testimony and/or to supplement should not be taken as a statement that PA is obligated to do so.

2. These responses are made solely for the purpose of this action and they are designated as confidential. To the extent anything incorporated herein, for example, expert disclosures, is designated for attorney's eyes only, that such information should be continued to receive such treatment. Each response is subject to all objections as to competence, relevance, materiality, propriety, and admissibility, and to any other objections on any grounds that would require the

the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

9. These general objections are incorporated into PA's objections to each and every discovery request, and are set forth here to avoid the duplication and repetition of restating them for each request. Any documents or information provided by PA responsive to the discovery requests will be made subject to and without waiver of the general and specific objections. The failure to include any generally objection in response to any request shall not constitute a waiver of any general objection to that request. From time to time, a specific objection may restate a general objection for emphasis or some other reason. By making a specific objection to a particular request, PA does not imply that the specific objection is not applicable to any other request, or that the general objections are not applicable to that request.

**INTERROGATORY NO. 1:**

Identify, with respect to each ASSERTED PATENT CLAIM of the '067 PATENT, every one of GOOGLE'S products that YOU allege infringes each such claim, by explaining fully and completely how each such product allegedly infringes each such claim, including, without limitation, an explanation of whether such alleged infringement is literal or by equivalents; an explanation of how 35 U.S.C. § 112 is satisfied if applicable (including without limitation identification of corresponding structures in the patent specification and the ACCUSED PRODUCTS and an explanation of how they are the same or equivalent); an explanation of whether such alleged infringement is direct (i.e., under 35 U.S.C. § 271(a)) or indirect (i.e., under 35 U.S.C. § § 271(b) and (c)); and if indirect, an identification of each third party whose alleged infringement is direct. Provide claim charts as part of YOUR answer.

RESPONSE:

Subject to and without waiving the general objections, which are incorporated herein, PA further objects to this interrogatory because, at least according to Google's assertion of subparts, the interrogatory has multiple subparts, to the extent it seeks information which is subject to the attorney client and/or work product privileges, and to the extent this interrogatory is unduly burdensome and premature, including because discovery is ongoing and expert disclosures are not yet due. Subject to and without waiving the foregoing, PA states as follows:

PA's present non-privileged and non-expert understanding of Google's infringement of the '067 patent is set forth in PA's Patent Rule 3-1 infringement contentions, which are incorporated herein.

Discovery in this case is ongoing and PA reserves the right to supplement this response as discovery proceeds. Once PA's expert disclosures relative to infringement are made in accordance with the Court's schedule and procedures, they should be considered as incorporated herein by reference.

**INTERROGATORY NO. 2:**

For each of GOOGLE's products or processes indentified in response to Interrogatory No. 1, identify in claim chart form, with particularity, the structure or steps in the ACCUSED PRODUCT that purportedly correspond to each element of each ASSERTED PATENT CLAIM and whether such correspondence is literal or under the doctrine of equivalents, and identify any DOCUMENTS or other resources used to determine the response to this interrogatory.

RESPONSE:

Subject to and without waiving the general objections, which are incorporated herein, PA further objects to this interrogatory because, at least according to Google's assertion of subparts,

the interrogatory has multiple subparts, to the extent it seeks information which is subject to the attorney client and/or work product privileges, and to the extent this interrogatory is unduly burdensome and premature, including because discovery is ongoing and expert disclosures are not yet due. Subject to and without waiving the foregoing, PA states as follows:

PA's present non-privileged and non-expert understanding of Google's infringement of the '067 patent is set forth in PA's Patent Rule 3-1 infringement contentions, which are incorporated herein.

Discovery in this case is ongoing and PA reserves the right to supplement this response as discovery proceeds. Once PA's expert disclosures relative to infringement are made in accordance with the Court's schedule and procedures, they should be considered as incorporated herein by reference.

**INTERROGATORY NO. 3:**

For each of GOOGLE'S products or processes identified in response to Interrogatory No. 1, identify the date that YOU first became aware of any manufacture, use, sale, or offer for sale, advertising, lease, offer to lease or marketing of the alleged product or method and describe in detail how YOU became aware of such activity, and identify any DOCUMENTS or other resources used to determine the response to this interrogatory.

RESPONSE:

Subject to and without waiving the general objections, which are incorporated herein, PA objects to this interrogatory to the extent it seeks information protected from discovery by the attorney client and/or work product privileges. In addition, PA objects to the use of multiple subparts, at least according to Google's assertions of subparts, and each subpart will be counted as such in determining the number of interrogatories served upon PA. In addition, PA objects to

CONFIDENTIAL

RESPONSE:

Subject to and without waiving the general objections, which are incorporated herein, PA further objects to this interrogatory because, at least according to Google's assertion of subparts, the interrogatory has multiple subparts, to the extent it seeks information which is subject to the attorney client and/or work product privileges, and to the extent this interrogatory is unduly burdensome and premature, including because discovery is ongoing and expert disclosures are not yet due. Subject to and without waiving the foregoing, PA states as follows:

PA's present non-privileged and non-expert understanding of Google's infringement of the '067 patent is set forth in PA's Patent Rule 3-1 infringement contentions, which are incorporated herein.

Discovery in this case is ongoing and PA reserves the right to supplement this response as discovery proceeds. Once PA's expert disclosures relative to infringement are made in accordance with the Court's schedule and procedures, they should be considered as incorporated herein by reference.

January 6, 2009

Respectfully submitted,

PA ADVISORS, LLC

By:  /s/ John J. Edmonds
Andrew W. Spangler – LEAD COUNSEL
Spangler Law P.C.
208 N. Green Street, Suite 300
Longview, Texas 75601
(903) 753-9300
(903) 553-0403 (fax)
spangler@spanglerlawpc.com

CONFIDENTIAL