# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| PA ADVISORS, LLC | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Civil Action No. 2:07-cv-480 RRR |
| | ) |
| GOOGLE INC., et al. | ) |
| | ) |
| Defendants. | ) |
| | ) |

# DEFENDANT YAHOO! INC.'S MOTION FOR
# SUMMARY JUDGMENT OF NON-INFRINGEMENT

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ...................................................................................................1

II. STATEMENT OF ISSUES TO BE DECIDED BY THE COURT ..................................1

III. STATEMENT OF UNDISPUTED MATERIAL FACTS ................................................2

    A. The '067 Patent..................................................................................................2

    B. Plaintiff's Infringement Contentions ...................................................................3

    C. Plaintiff's Infringement Expert Report ...............................................................3

IV. BACKGROUND .......................................................................................................5

V. ARGUMENT.............................................................................................................7

    A. To Infringe Claims 1, 3, 4, 6, 43, or 61, Yahoo! Must Either Perform All of the Claimed Steps or "Direct or Control" the Performance of Any Steps it Does Not Perform...........................................................................................7

    B. Yahoo! Cannot Infringe Claims 1, 3, 4, 6, 43 or 61 Because Yahoo! Does Not Perform All of the Claimed Steps and Yahoo! Does Not "Direct or Control" the Users of the "Local Computer System" ...........................................9

VI. CONCLUSION........................................................................................................11

## TABLE OF AUTHORITIES

Page

**CASES**

*Aro Manufacturing Co. v. Convertible Top Replacement Co.*,
    365 U.S. 336 (1961) ................................................................................................ 11

*BMC Resources, Inc. v. Paymentech, L.P.*,
    498 F.3d 1373 (Fed. Cir. 2007) ................................................................... 6, 7, 8, 11

*Global Patent Holdings v. Panthers BRHC LLC*,
    586 F. Supp. 2d 1331 (S.D. Fla. 2008) ..................................................................... 9

*Muniauction, Inc. v. Thomson Corp.*,
    532 F.3d 1318 (Fed. Cir. 2008) ............................................................... 6, 7, 8, 9, 11

*Refac International Ltd. v. IBM*,
    798 F.2d 459 (Fed. Cir. 1986) ................................................................................ 11

## I. INTRODUCTION

Defendant Yahoo! Inc. ("Yahoo!") moves for summary judgment of non-infringement of claims 1, 3, 4, 6, 43, and 61 of United States Patent No. 6,199,067 ("the '067 patent"). Yahoo! also joins in the arguments set forth in Co-Defendant Google Inc.'s motion seeking the same relief. As Plaintiff admitted during a recent hearing before this Court, each of these claims explicitly requires actions by two different entities – the "user" of a "local computer system" and the operator of a "remote computer system." Under the *BMC Resources* line of cases, such a method claim cannot be infringed unless Yahoo! either (1) performs all of the recited steps, or (2) performs some of the recited steps and exerts "direction or control" over the party that performs the steps that Yahoo! does not perform. Plaintiff has not alleged that Yahoo! performs all of the claimed method steps, but instead, alleges that the combined actions of Yahoo! and its users infringe these claims. Plaintiff's expert report on infringement, however, fails to make even a threshold allegation that Yahoo! exercises such "direction or control" over its users, let alone presents any proof of it. Yahoo! is entitled to summary judgment of non-infringement of claims 1, 3, 4, 6, 43, and 61.

## II. STATEMENT OF ISSUES TO BE DECIDED BY THE COURT

1. Whether summary judgment of non-infringement by Yahoo! is appropriate for claim 1 and its dependent claims 3, 4, 6, 43, and 61 when it is undisputed that Yahoo! does not perform all of the required steps of claim 1, and plaintiff has not alleged that Yahoo! "directs or controls" the users of its accused product.

## III. STATEMENT OF UNDISPUTED MATERIAL FACTS

### A. The '067 Patent

1. United States Patent No. 6,199,067, entitled "System and Method for Utilizing the Generated User Profiles to Perform Adaptive Internet Searches," was filed on October 21, 1999 and issued on March 6, 2001. (White Decl., Ex. A).

2. Plaintiff, PA Advisors, LLC (now know as nXn Tech, LLC), is the owner, by assignment, of the '067 patent. (Dkt. 187, ¶ 11.)

3. Claim 1 of the '067 patent is a method claim for generating personalized user profiles and for using these user profiles for adaptive Internet searches. (White Decl., Ex. A, col. 25:24 – 26:20.)

4. Claim 1 and its dependent claims (3, 4, 6, 43 and 61) require actions to be performed on two different computer systems – a "local computer system" and a "remote computer system." (White Decl., Ex. A, col. 25:24 – 26:20, 26:27– 26:33; 32:32 – 32:50, 38:17 – 38:19).

5. The action that the remote computer system must perform is specified in several of the method steps. For example step 1(b) recites:

> constructing, ***by the remote computer system***, a plurality of data item profiles, each plural data item profile corresponding to a different one of each plural data item stored in the remote data storage system, each of said plural data item profiles being representative of a second linguistic pattern of a corresponding plural data item, each said plural second linguistic pattern being substantially unique to each corresponding plural data item

(White Decl., Ex. A, col. 25:36 – 25:44) (emphasis added).

6. The action that must be performed using the local computer system is specified in step (c), which recites:

DM_US:23049033_9

2

>   providing, ***by the user to the local computer system***, search request data representative of the user's expressed desire to locate data substantially pertaining to said search request data.

(White Decl., Ex. A, col. 25:45 – 25:49) (emphasis added).

### B. Plaintiff's Infringement Contentions

7. Plaintiff filed its original complaint for patent infringement on November 2, 2007, in the Eastern District of Texas. (Dkt. 1).

8. Plaintiff filed its first amended complaint for patent infringement on January 7, 2008. (Dkt. 58).

9. Plaintiff filed its second amended complaint for patent infringement on August 27, 2008. (Dkt. 187).

10. In each of its complaints for patent infringement, plaintiff has accused Yahoo! of infringement of claims 1, 3, 4, 6, 43, 45, 47, 56, and 61 of the '067 patent. (Dkt. 1, ¶ 21; Dkt. 58, ¶ 21; Dkt. 187, ¶ 14).

### C. Plaintiff's Infringement Expert Report

11. Plaintiff served its expert report on infringement on January 4, 2010. (White Decl., Ex. E, pg. 54).

12. Plaintiff's expert report opines that only a single Yahoo! product – Yahoo!'s Sponsored Search product – infringes claims 1, 3, 4, 6, 43, and 61 of the '067 patent. (White Decl., Ex. E, ¶ 42, 67, 69, 72, 77, 81, 1[1]).

13. Plaintiff's expert's opinion regarding Yahoo!'s alleged infringement of step (c) of claim 1 is contained in three paragraphs of his report – paragraphs 53-55. (White Decl., Ex. E, ¶¶ 53-55).

---

[1] Paragraph 1 likely should be paragraph 153. *See* White Decl., Ex. E, pg. 53.

14. Paragraph 53 of plaintiff's expert report states:

> [i]n Yahoo's Web Search, Yahoo! uses the entry of a search query to identify web documents that are responsive to the search request. This same query is used to provide sponsored links through the Yahoo! Search system as demonstrated by the screen capture (a query for "labrador retriever") shown below:



(White Decl., Ex. E, ¶ 53) (citations omitted).

15. Paragraph 54 of plaintiff's expert report states:

[a]lternatively, when Yahoo! receives a raw query through the Yahoo! Affiliate Server, that raw query can be either a raw search query entered when the user types in a search string in a partner or in a Yahoo! property page on which the Yahoo! search engine resides. Yahoo! can determine a user's interests when a user adopts the text of documents, webpages, websites, or advertisements by selecting the text. For example, a user navigating to a specified hierarchical level in a partner or Affiliate Site using "breadcrumbs," Yahoo! receives a raw

> breadcrumb query formed from text segments (the "breadcrumbs"), which can be matched in exactly the same way as search queries.

(White Decl., Ex. E, ¶ 54) (citations omitted).

16. Paragraph 55 of plaintiff's expert report states: "[t]he provision of the search query meets the limitations of Step 1c." (White Decl., Ex. E, ¶ 55) (citations omitted).

17. Plaintiff has not alleged in its infringement report that Yahoo! provides search request data in its Sponsored Search product. (White Decl., Ex. E, ¶¶ 53-55).

18. Plaintiff has not alleged in its infringement report that Yahoo! directs or controls the actions of the users of its Sponsored Search product. (White Decl., Ex. E, ¶¶ 53-55).

19. Plaintiff has not made any allegations in its infringement report that Yahoo! induces infringement or contributorily infringes claims 1, 3, 4, 6, 43, and 61. (White Decl., Ex. E, ¶¶ 6, 42, 67, 69, 72, 77, 81, 1[2]).

## IV. BACKGROUND

The claims at issue in this motion (claim 1 and its dependent claims 3, 4, 6, 43 and 61), by their express wording, require actions by multiple entities using different computer networks. Step 1(c) of claim 1 expressly requires that the user provide a search request:

> providing, ***by the user*** to the local computer system, search request data representative of the user's expressed desire to locate data substantially pertaining to said search request data.

(White Decl., Ex. A, 25:45-49)(emphasis added.) The action that the remote system must perform is specified in the remaining steps – for example, step 1(b):

> constructing, ***by the remote computer system***, a plurality of data item profiles, each plural data item profile corresponding to a different one of each plural data item stored in the remote data storage system, each of said plural data item profiles being representative of a second linguistic pattern of a corresponding

---

[2] Paragraph 1 likely should be paragraph 153. *See* White Decl., Ex. E, pg. 53.

> plural data item, each said plural second linguistic pattern being substantially unique to each corresponding plural data item.

(White Decl., Ex. A, 25:36-45)(emphasis added.)

After claim construction had been completed, Yahoo! notified plaintiff on October 29, 2009 that, based upon the *BMC Resources* line of cases, its allegations of infringement of claims 1, 3, 4, 6, 43, and 61 were legally deficient. (White Decl., Ex. B). Yahoo! requested that plaintiff withdraw those claims from the lawsuit. (White Decl., Ex. B). On November 2, 2009, Yahoo!'s counsel and plaintiff's counsel discussed the substance of Yahoo!'s request, but plaintiff refused to withdraw any of the claims from the lawsuit. (White Decl., Ex. C). After this discussion, Yahoo! sent a follow-up letter on November 5, 2009 reiterating its request that plaintiff withdraw claims 1, 3, 4, 6, 43, and 61 from the lawsuit. (White Decl., Ex. C). Plaintiff never responded to Yahoo!'s follow-up letter and never withdrew any of these claims from the lawsuit.

During a hearing on December 28, 2009, in response to questions raised by the Court regarding claim 1 and its dependent claims, plaintiff acknowledged that these claims require actions by two different entities. (White Decl., Ex. D, 13:7 – 14:1). At that time, when asked why infringement is not precluded by *BMC Resources,* plaintiff did not allege that Yahoo! "directs or controls" the actions of their users. (White Decl., Ex. D, 13:7 – 14:1). Instead, plaintiff argued only that Yahoo! performs all but the "insubstantial" steps of the claims. (White Decl., Ex. D, 14:6 – 16:10). The Court seemed to express some reservations about plaintiff's position in this regard, but stopped short of issuing any rulings or opinions on this issue.[3] Only a

---

[3] As noted by the Court during the December 28 hearing, Yahoo! is not aware of any case law that differentiates between "substantial" and "insubstantial" steps with respect to allegations of joint infringement or direction or control by the accused infringer. (White Decl., Ex. D, 14:6 – 16:10); *Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318, 1329 (Fed. Cir. 2008); *BMC Resources, Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1380 (Fed. Cir. 2007).

week later, plaintiff served its expert reports on infringement in which it continued to assert infringement of claims 1, 3, 4, 6, 43, and 61, but without any allegation that Yahoo! "directs or controls" the users of its products.

## V. ARGUMENT

### A. To Infringe Claims 1, 3, 4, 6, 43, or 61, Yahoo! Must Either Perform All of the Claimed Steps or "Direct or Control" the Performance of Any Steps it Does Not Perform

Under well-established Federal Circuit law, infringement of method claims only occurs when one entity performs all of the steps of the method or process or where a partially performing party "directs or controls" another acting party in such a manner that it becomes the "mastermind" of the entire combinations of actions. *Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318, 1329-30 (Fed. Cir. 2008) (holding that there was no infringement even though the defendant controlled access to its computer system and instructed bidders on the use of the system); *BMC Resources, Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1380-82 (Fed. Cir. 2007) (holding that there was no infringement even though there was some relationship between the defendant and other parties).

In *BMC Resources,* the patentee held a patented method for the processing of debit transactions without a personal identification number. *Id.* at 1375. This method involved the use of an interface between a standard touch-tone telephone and a debit card network and included multiple, specific steps. *Id.* The alleged infringer was a financial transactions processor that played only a partial role in the processing of transactions, and as the patentee conceded, did not perform all of the recited method steps. *Id.* The district court granted summary judgment of non-infringement because the accused infringer did not perform all of the claimed method steps and because there was not a sufficient relationship between the accused infringer and the other entities that allegedly performed the other method steps.

The Federal Circuit affirmed the district court's grant of summary judgment of non-infringement, and in so doing, unequivocally reconfirmed that in order for there to be direct infringement, the accused infringer must perform "each and every step of the claim." *Id*. at 1378-80. The Federal Circuit also held that in order for a patentee to succeed on a claim of joint infringement, the entity accused of infringement must direct or control the actions of the other entities that perform the other claimed steps. *Id*. at 1380-81. Such direction or control requires something more than even an arms length agreement between the parties. *Id*. In rendering its decision, the Federal Circuit went so far as to acknowledge

> that the standard requiring control or direction for a finding of joint infringement may in some circumstances allow parties to enter into arms-length agreements to avoid infringement. Nonetheless, this concern does not outweigh concerns over expanding the rules governing direct infringement. For example, expanding the rules governing direct infringement to reach independent conduct of multiple actors would subvert the statutory scheme for indirect infringement. Direct infringement is a strict-liability offense, but it is limited to those who practice each and every element of the claimed invention.
>
> * * *
>
> The concerns over a party avoiding infringement by arms-length cooperation can usually be offset by proper claim drafting. A patentee can usually structure a claim to capture infringement by a single party.

*Id*. at 1381.

In 2008, the Federal Circuit revisited the issue of joint infringement in a case with facts strikingly similar to those in the present case. The patentee in *Muniauction* held a patent for a method for conducting electronic auctions of financial instruments. *Muniauction*, 532 F.3d at 1321. The first step in the patentee's claimed method was "inputting data [bid] . . . into said bidder's computer via said input device." *Id*. at 1322. The third step was the submission of the bid "by transmitting . . . from said bidder's computer over said at least one electronic network." *Id*. In reversing a finding of infringement, the Federal Circuit concluded that neither the

defendant nor the computer user/bidder performed every step of the claimed methods. *Id*. at 1330.

A deconstruction of the claim at issue in *Muniauction* shows that the bidder (who is akin to the users in the claims asserted in the present case) needed to input a bid into the system in order for the claimed method to begin. *Id*. at 1328-29. Additionally, the defendant (who is akin to Yahoo! in the present case) did not control the bidder; it merely provided access to its computer system and instructed bidders on the use of its web site. *Id.* Because the *Muniauction* defendant did not perform all of the steps of the allegedly infringed claim, and did not exert sufficient "direction or control" over the user/bidder to qualify as a "mastermind," the court found no infringement. *Id*. at 1329-30.

Several district courts have also addressed this issue with similar results. For example, *Global Patent Holdings v. Panthers BRHC LLC*, 586 F. Supp. 2d 1331 (S.D. Fla. 2008), is particularly instructive. Just as in the present case, the claim at issue in *Global Patent Holdings* involved the inputting of a query by a user and the returning of responsive information by a computer system. *Id*. at 1333. In finding that the defendant could not be held liable for infringement, the *Global Patent Holdings* court explained that, as in the instant case, the website's users were under no contractual obligation to visit the website, nor did the users visit the website within the scope of an agency relationship and thus there was no infringement. *Id*. at 1335.

### B.     Yahoo! Cannot Infringe Claims 1, 3, 4, 6, 43 or 61 Because Yahoo! Does Not Perform All of the Claimed Steps and Yahoo! Does Not "Direct or Control" the Users of the "Local Computer System"

Yahoo! does not perform all of the steps of claim 1 or the claims that depend from it. As the patent claim in *BMC Resources* and *Muniauction*, claim 1 recites steps that must be performed by more than one party. For example, step 1(b) of claim 1 requires "constructing, ***by***

9

*a remote computer system*, a plurality of data item profiles." (White Decl., Ex. A, 25:36-45) (emphasis added). In other words, the operator of the remote computer system (which plaintiff alleges is Yahoo! in this case) must construct a plurality of data item profiles. Conversely, step 1(c) requires "providing, *by the user to the local computer system*, search request data." (White Decl., Ex. A, 25:46-49) (emphasis added). In other words, the user of the local computer (which plaintiff alleges is the Yahoo! user who enters a search query) must provide a search request. Thus, the express wording of claim 1 recites actions that are performed by two entities using different computer systems, Yahoo! and the individual user.

Plaintiff has acknowledged in its statements to the Court that actions of two entities are indeed required to infringe claim 1 and its dependent claims. (White Decl., Ex. D, 13:7 – 14:1). Plaintiff also acknowledges this fact in its expert report on infringement. (White Decl., Ex. E, ¶¶ 53-54). While plaintiff's allegations against Yahoo! are far from clear, plaintiff appears to be making two different arguments as to how step 1(c) is allegedly performed in Yahoo!'s accused system. First, plaintiff alleges that "Yahoo! uses the entry of a search query . . . to provide sponsored links through the Yahoo! Search system." (White Decl., Ex. E, ¶ 53). The specific example given is a query for "labrador retriever," which is typed in to a query box by a user on Yahoo!'s website. (White Decl., Ex. E, ¶ 53). Second, plaintiff alleges that "Yahoo! receives a raw query through the Yahoo! Affiliate Server." (White Decl., Ex. E, ¶ 54). Plaintiff explains that the "raw query" is "entered when the user types in a search string in a partner or in a Yahoo! property page on which the Yahoo! search engine resides." (White Decl., Ex. E, ¶ 54). Thus, plaintiff concedes that in both of its infringement allegations, the "query," be it the "search query" or the "raw query," is provided by someone other than Yahoo! – namely the user of Yahoo!'s systems. This is not surprising given the express language of claim 1.

Because plaintiff is relying upon separate actions by Yahoo! and its users to satisfy the limitations of claim 1 and its dependent claims, Yahoo! can be found liable for infringement only if it is proved to exert "direction or control" over its users. *Muniauction*, 532 F.3d at 1329-30; *BMC Resources*, 498 F.3d at 1380-81. Yet plaintiff has failed to make any allegation in its expert report that Yahoo! exercises such direction or control over its users. Indeed, the notion of Yahoo! directing or controlling the actions of its users is not even mentioned in plaintiff's infringement report. Given plaintiff's complete failure to even allege that Yahoo! exercises such direction or control over its users, much less provide any proof of such direction of control, plaintiff's claims of direct infringement fail as a matter of law. *Id.*; *BMC Resources,* 498 F.3d at 1380-81.[4]

## VI. CONCLUSION

For the foregoing reasons, Yahoo! requests that the Court grant its motion and issue summary judgment that Yahoo! is not liable for infringement of claims 1, 3, 4, 6, 43 and 61 of the '067 patent.

---

[4] Allegations of indirect infringement (contributory or induced infringement) require proof of direct infringement as a predicate. *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 365 U.S. 336, 341-42 (1961); *BMC Resources*, 498 F.3d at 1380; *Refac Int'l Ltd. v. IBM*, 798 F.2d 459 460 (Fed. Cir. 1986). Although plaintiff has not alleged indirect infringement in its infringement report, because plaintiff's claims of direct infringement are legally deficient, any claim of indirect infringement would also fail as a matter of law.

Dated: January 15, 2010                                        /s/ Jennifer Doan
                                                               Jason C. White
                                                               HOWREY LLP
                                                               321 N. Clark Street, Suite 3400
                                                               Chicago, IL 60654
                                                               Tel: (312) 595-1239
                                                               Fax: (312) 595-2250
                                                               whitej@howrey.com

                                                               Jennifer Doan
                                                               Joshua Reed Thane
                                                               John Scott Andrews
                                                               HALTOM & DOAN
                                                               Crown Executive Center, Suite 100
                                                               6500 Summerhill Road
                                                               Texarkana, TX 75503
                                                               Tel: (903) 255-1002
                                                               Fax: (903) 255-0800
                                                               joane@haltom.com
                                                               sandrews@haltomdoan.com
                                                               jthane@haltomdoan.com

                                                               *Attorneys for Defendant Yahoo! Inc.*

# CERTIFICATE OF SERVICE

I certify that a copy of **YAHOO! INC.'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT** was served upon counsel of record via CM/EFC on January 15, 2010.

/s/ Jennifer Doan
Jennifer Doan