# Exhibit B



321 North Clark Street
Suite 3400
Chicago, IL 60654.4717
www.howrey.com

**Jason C. White**
Partner
T 312.846.5680
F 312.602.3986
whitej@howrey.com

October 29, 2009

<u>Via Email</u>

Debera W. Hepburn
Hepburn Law Firm PLLC
P. O. Box 118218
Carrollton, Texas 75011

**Re:     nXn  v. Yahoo! Inc. et al.**

Dear Ms. Hepburn:

As I previously discussed with John Bustamante, Yahoo! does not believe that plaintiff has a Rule 11 basis to allege that Yahoo! infringes claims 1, 3, 4, 6, 43, and 61 of U.S. Patent No. 6,199,067, the patent-in-suit.  We suggest that nXn immediately dismiss these claims against Yahoo! with prejudice.  In light of the explicit requirement of claim 1 and the publicly available information about Yahoo!'s products, no reasonable construction of these claims of the patent-in-suit could cover any of Yahoo!'s products or actions.

Specifically, claim 1 of the patent-in-suit purports to be a method claim for generating personalized user profiles and for utilizing these user profiles for adaptive Internet searches. Claim 1 requires the combined actions of both an Internet user and a local computer system. Specifically, step (c) of claim 1 expressly requires "providing, <u>by the user</u> to the local computer system, search request data . . . ." (emphasis added)  The combined actions of the user and the local computer system are separate and apart from Yahoo!'s actions or systems.  Under well-established Federal Circuit law, infringement of method claims can only occur when one entity performs all of the steps of the method or process, or where a partial performing party "directs or controls" another acting party in such a manner that it becomes the "mastermind" of the entire combination of actions.  *Muniauction, Inc. v. Thomson Corp.,* 532 F.3d 1318, 1329 (Fed.Cir.2008); *BMC Resources, Inc. v. Paymentech, L.P.* 498 F.3d 1373, 1380 (Fed. Cir. 2007).

Yahoo! cannot infringe claim 1 because Yahoo! does not and it is not capable of performing step (c) of claim 1.  Also, notwithstanding plaintiff's bare, unsupported allegations in its Disclosure of Asserted Claims and  Infringement Contentions, Yahoo! does not "direct or control" the actions of Internet users, nor does it direct or control any search requests provided to a "local computer" by any Internet user.  Plaintiff alleges that Yahoo! "maintains control over the algorithms and computer processes necessary for processing of user search requests."  Even if true, this allegation is insufficient to establish infringement because step (c) of claim 1 is directed to <u>a user</u> providing search request data to "the local computer system," and Yahoo! does not control or direct the user or the local computer system or what the user provides to the local



computer system.  Accordingly, plaintiff's allegation is legally insufficient as to "direction or control" to qualify for liability for infringement and plaintiff cannot sustain a claim of infringement against Yahoo! on this theory.  *See Muniauction*, 532 F.3d at 1330 (holding that there was no infringement even though the defendant controlled access to its computer system and instructed bidders on the use of the system).  Furthermore, plaintiff's allegation is legally insufficient and cannot be sustained as Yahoo! does not "contract with its users to provide search request data on behalf Yahoo!," as alleged in plaintiff's Disclosure of Asserted Claims and Infringement Contentions.  Accordingly, under controlling Federal Circuit authority, Yahoo! does not – and cannot – infringe claim 1 of the '067 patent or any of the asserted claims that depend from claim 1.

Although there are other legal deficiencies in plaintiff's Disclosure of Asserted Claims and Infringement Contentions, which we will address in a separate letter, we request that plaintiff formally withdraw any allegations of infringement of claims 1, 3, 4, 6, 43, and 61, with prejudice, by November 3, 2009, as plaintiff's continued assertion of those claims is legally and factually unwarranted under Rule 11.  If forced to continue to litigate these claims, Yahoo! intends to pursue attorneys' fees and sanctions under both 35 U.S.C. section 285 and Rule 11.

We look forward to your affirmative response, so that we can avoid unnecessary motion practice and cease incurring significant costs in defending these baseless allegations.

Very truly yours,

s/ Jason White

Jason White

JW:ml