# Exhibit C



November 5, 2009

**Jason C. White**
Partner
**T** 312.846.5680
**F** 312.602.3986
whitej@howrey.com

321 North Clark Street
Suite 3400
Chicago, IL  60654.4717
www.howrey.com

<u>**VIA EMAIL**</u>

Debera W. Hepburn, Esq.
Hepburn Law Firm PLLC
P.O. Box 118218
Carrollton, Texas  75011

Re:    nXn  v. Yahoo! Inc. et al.

Dear Debera:

I write to follow up on Monday's telephone conversation regarding the letter I sent you on October 29, 2009 about nXn's assertion of claim 1 and its dependent claims.  In that letter, I explained that nXn has no basis to assert that Yahoo! infringes claims 1, 3, 4, 6, 43 and 61 of the patent-in-suit because Yahoo! neither performs all the method steps recited in these claims nor "directs or controls" its users' performance of any steps.  Thus, under *BMC Resources* and related case law, Yahoo! cannot be found liable for direct or indirect infringement of the listed claims.

During Monday's call, counsel for nXn asserted that nXn could not respond to my letter because it allegedly needs more source code to determine whether Yahoo! "directs or controls" its users.  Such an assertion is not reasonable.  The production of additional source code cannot provide any basis to argue that Yahoo! exerts direction or control over its users.  Thus, nXn should not delay in withdrawing its allegations that Yahoo! infringes the listed claims.

As explained in my last letter, in *Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318, 1329 (Fed. Cir. 2008), the Federal Circuit held that a defendant that controls access to its computer system and instructs users on how to use the system cannot be said to "direct or control" those users.  The *Muniauction* court explicitly stated that "mere arms-length cooperation" between the system provider and its users does not constitute the requisite direction or control.  No amount of additional source code production can change the fact that Yahoo! has, at most, an arms-length relationship with its users that cannot, as a matter of law, constitute "direction or control."  Accordingly, I renew my request that nXn withdraw its allegations that Yahoo! infringes claims 1, 3, 4, 6, 43 or 61 of the patent-in-suit so that the parties can avoid the time and expense associated with a motion for summary judgment on this issue.

Sincerely,

s/Jason C. White

Jason C. White

AMSTERDAM   BRUSSELS   CHICAGO   EAST PALO ALTO   HOUSTON   IRVINE   LONDON   LOS ANGELES
MADRID   MUNICH   NEW YORK   NORTHERN VIRGINIA   PARIS   SALT LAKE CITY   SAN FRANCISCO   TAIPEI   WASHINGTON, DC