**Exhibit D**

1

IN THE U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF
TEXAS, MARSHALL DIVISION

```
--------------------------:
                          :
PA ADVISORS,              :
                          :
         Plaintiff,       : Civil Docket No.
                          :
      vs.                 : 2:07-cv-00480-RRR
                          :
GOOGLE, INC., et al.,     :
                          :
         Defendant.       :
                          :
--------------------------:
```

Washington, D.C.

Monday, December 28, 2009

The above-entitled matter came on for Pretrial Conference, pursuant to Notice.

BEFORE: HONORABLE RANDALL R. RADER, Judge

1 the doctor uses as opposed to the common -- the lay
2 person's language that I would use, you would expect to
3 get more scientific research articles for the physician
4 and more lay articles for me when I do that search.
5     JUDGE RADER: Okay. Thank you, Mr. Fenster.
6 Let me ask a question about the specifics of your
7     Does your patent require actions by both the
8 service provider, like Yahoo or Google, and a particular
9 user, in my example the physician?
10     MR. FENSTER: Your Honor, we have two
11 independent claims at issue, Claims 1 and 45. Claim 1
12 has one element that requires entering a search query.
13 The exact language from Claim 1, this is in Paragraph
14 is providing by the user to the local computer system
15 certain --
16     JUDGE RADER: I'm looking at that claim as
17 go ahead. Thank you. I've got it in front of me.
18 so you can see, I'm looking at the patent here.
19     MR. FENSTER: Okay. So in Paragraph C, --
20     JUDGE RADER: I see.
21     MR. FENSTER: -- that's the only step out of
22 Claim 1 that requires any action by the user and

1   basically that requires entering a search query.
2           Claim 45 does not have any similar
3   and is also performed by the Defendant.
4           JUDGE RADER: Let me look at Claim 45 for a
5   second, if I may. Okay. I looked at that.
6           As for Claim 1, Mr. Fenster, I happened to
7   at a federal circuit case today entitled BMC Resources
8   Paymentech. It requires all the steps of any claim that
9   is purported to be in French to be performed by a single
10  user.
11          How would you surmount Paymentech for Claim
12          MR. FENSTER: Yes, Your Honor. Your Honor,
13  there is -- I am familiar with the case law and
14  the law does require that all steps be performed by a
15  single party, but they are -- they require all
16  substantive steps and there is case law that has been
17  developed, as well, where there is an insubstantial
18  For example, the provision of a browser.
19          JUDGE RADER: Is there such a thing as a
20  substantial or essential or other more important
21  limitation than other limitations in the claim?
22          MR. FENSTER: Your Honor, I think that what

1  case law requires is that all of the essential steps of
2  the method be performed by a single actor.
3              JUDGE RADER: Now I'm aware that Japanese law
4  makes a distinction between essential claim elements and
5  inessential claim elements. I'm not aware that U.S. law
6  does that. Am I missing something?
7              MR. FENSTER: I -- I think that what the case
8  law provides in the U.S. is that all of the -- the
9  essence of this method is provided. All of the
10 computational aspects of this method are performed by
11 Defendant.
12             The only thing that is provided by the user
13 the search request. The -- that is, the user has to
14 provide --
15             JUDGE RADER: But if that's a limitation of
16 claim, it would have to be satisfied. Am I right, Mr.
17 Fenster?
18             MR. FENSTER: Yes, Your Honor.
19             JUDGE RADER: I -- I noticed that in the
20 Paymentech case, the federal circuit suggested that
21 claims should be drafted to require a single person to
22 yeah. A single performer to act in some way.

1      Is it a drafting problem, you think, in your
2  Claim 1 that has more than one user?
3      MR. FENSTER: Well, the method and the system
4  can certainly be drafted to require only a single user,
5  evidence of Claim 45. This Claim 1 could have been
6  drafted that way by instead of saying providing by a
7  user, receiving from a user.
8      JUDGE RADER: Yes. The Paymentech makes that
9  point itself, I think.
10     MR. FENSTER: Yes.
11     JUDGE RADER: Well, all right. Is there
12  anything further, Mr. Fenster? I don't want to cut off
13  your commentary here.
14     MR. FENSTER: So in early 2000, Google and
15  started personalizing Google before Yahoo and the -- we
16  have the various accused products of asserting
17  Claims 1 and 45 and various dependent claims, as well.
18     This is a willfulness case. The patent was
19  provided early on to Google and so that will be part of
20  the case and I can answer any other questions, but I'll
21  leave it there for now.
22     JUDGE RADER: All right. Well, thank you,