UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PA ADVISORS, LLC,<br><br>Plaintiff,<br><br><br><br>GOOGLE INC., ET AL.,<br><br>Defendants. | CASE NO. 2-07-CV-480-RRR<br><br>GOOGLE'S OPPOSITION<br><br>Honorable Randall R. Rader, Presiding |

**GOOGLE'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE**

Pursuant to the Court's order of January 15, 2010 (Dkt. 353), Google Inc. ("Google") hereby opposes Plaintiff's *Motion For Leave*. Dkt. 350. Plaintiff's motion seeks leave—after-the-fact—to amend its Patent Local Rule infringement disclosure ("Amended Disclosure"), which was submitted on October 30, 2009 and subject to Google's motion to strike filed December 10, 2009. Dkt. 325. Plaintiff's motion should be denied.

## **INTRODUCTION**

On December 10, 2009, Google moved to strike Plaintiff's October 30, 2009 Amended Disclosure on two separate grounds: (1) that the Amended Disclosure violated the local patent rules, which allow such an amendment only by leave of court or if the claim construction order so warrants and (2) that the Amended Disclosure was incomprehensible and did not put Google on fair notice of Plaintiff's infringement theory.

At the Court hearing of January 7, 2010, Plaintiff was forced to admit that its Amended Disclosure violated the local rules. Dkt. 350, Ex. K at 46:6-10. Instead, Plaintiff claimed – for the first time – that Google had consented to or invited the Amended Disclosure. This argument, also the centerpiece of Plaintiff's belated motion for leave, is demonstrably wrong.

Plaintiff argues that a letter Google's counsel sent on November 6, 2009 supposedly demonstrates that Google consented to or invited amendment of Plaintiff's Patent Local Rule disclosure. This is nonsensical. Google's November 6 letter was sent <u>after</u> Plaintiff's served its Amended Disclosure on October 30. How could Google's November 6 letter invite a supplementation that occurred on October 30? While Google indicated a willingness to consider amended contentions that provided sufficient notice of infringement in compliance with the rules if Plaintiff was willing to provide them, Plaintiff chose instead to stand on the Amended Disclosure to which Google explicitly objected and eventually moved to strike. The record in no way shows Google's "assent" to the Amended Disclosure for which Plaintiff now seeks leave.

1

Instead, it shows just the opposite. Of course, if Plaintiff really believed the November 6 letter amounted to consent to the Amended Disclosure, Plaintiff could have and should have said so in its December 28 response to Google's motion to strike. It did not.

Plaintiff's motion should be further denied because Plaintiff's Amended Disclosure does not comply with Rule 3-1, Plaintiff wrongly conflates Rule 3-1 disclosures with interrogatory responses throughout its motion, and no good causes exists for the Amended Disclosure.

Accordingly, Plaintiff's motion should be denied and Google's motion to strike should be granted.

## FACTUAL BACKGROUND

On December 4, 2008, Google served contention interrogatories related to infringement, requesting detailed information on Plaintiff's theory of infringement. Dkt. 325, Ex. 2 at 5-7. Plaintiff responded to Google's interrogatories on January 6, 2009, simply incorporating by reference its August 22, 2008 Patent Local Rule disclosure and refusing to provide any of the detailed information requested. Dkt. 325, Ex. 3.

Having provided extensive discovery, including source code, over 1.5 million pages of documents, and multiple technical depositions on September 24, 2009, Google requested that Plaintiff update its January interrogatory response on infringement. Dkt. 325, Ex. 4. Google informed Plaintiff that its interrogatory responses were "inadequate" and noted that "[a]t this point in the case, Plaintiff should be able to point to exactly what functionality in Google's product allegedly practices the claims and should be able to link that to documents, testimony and/or source code citations." *Id.* at 1-2. Nowhere in this letter did Google request that Plaintiff amend its patent local rules disclosures.

The Court issued its Claim Construction Order on September 30, 2009. Dkt. 280. On October 30, 2009, without seeking leave of the Court as required under Patent L.R. 3-6(b),

Plaintiff served its Amended Disclosure. This amendment incorporated by reference Plaintiff's preliminary infringement disclosure and added 321 additional pages of claims charts. Dkt. 325, Ex. 5.

On November 6, 2009, Google wrote Plaintiff stating that its October 30, 2009 Amended Disclosure was incomprehensible and deficient. Dkt. 325, Ex. 6 at 1. The November 6 letter stated that Google would move to strike the Amended Disclosure. *Id.* at 3. Google indicated that it would be willing to consider accepting contentions that "clearly indicate what aspects and functionalities of Google's systems Plaintiff claims infringe," but Google never stated – or even suggested – that the service without leave of the Amended Disclosure was appropriate.

Google then moved to strike the Amended Disclosure on December 10, 2009, on two grounds: (1) that they were in violation of the Local Patent Rules governing amendments to the Rule 3-1 disclosures and also (2) that they did not put Google on fair notice of the theory of infringement. Dkt. 325. In the same motion, Google also moved to compel complete answers to Interrogatories Nos. 1 and 2. *Id.* at 11

On December 28, 2009, Plaintiff filed its response to Google's motion to strike and compel. Dkt. 347. Plaintiff did not justify its Amended Disclosure by arguing that Google consented to the Amended Disclosure or that the local rules or orders in this case permitted the Amended Disclosure. Plaintiff's argument was that it was entitled to keep amending its disclosures as it continued to review source code. *Id.* at 4, 10-12.

## ARGUMENT

### I. Google Did Not Consent To The Amended Disclosure

Even though it did not raise the issue of consent in its original opposition to Google's motion to strike, Plaintiff now asserts that Google's November 6 letter demonstrates consent to the prior Amended Disclosure. Not so. As detailed above, the November 6 letter indicated the

3

Amended Disclosure violated the local rules because it did not "delineate, clearly and specifically, where and how Google performs the steps of each of the asserted claims" and threatened to move to strike them (which Google did). Dkt. 325, Ex. 6 at 3. If Plaintiff really believed that Google consented to the Amended Disclosure or that the Docket Control Order in this case allowed such an amendment, then it should have raised those arguments in its December 28, 2009 opposition to Google's motion to strike. It did not do so.

Further, in response to Google's November 6 letter, Plaintiff could have proposed amending its disclosures and seeking Google's consent through a stipulation or an agreed motion presented to the Court. It did not do so. Instead, Plaintiff acted as if it had the unilateral right to continue to amend its disclosures as it saw fit and as it continued to request more source code from Google.

## II. The Amended Disclosure Do Not Comply with Rule 3-1

Patent Local Rule 3-1 requires Plaintiff to specifically identify "where each element of each asserted claim is found within each Accused Instrumentality." As explained in detail in Google's motion to strike and the November 6 letter, the Amended Disclosure does not comply with such specificity requirements in that it is incomprehensible and fails to provide adequate notice of Plaintiff's infringement theories. *See* Dkt. 325 at 9-10. Plaintiff asserts that "Google just does not like [Plaintiff's] theory." Dkt. 350 at 10. However, failure to comply with Rule 3-1 provides an independent basis for denying leave because such failure renders the additions improper for failing to put Google on fair notice of the theory of infringement.

### III. Plaintiff Conflates Rule 3-1 Disclosures with Interrogatory Responses

Patent L.R. 3-1 infringement disclosures require plaintiffs to "formulate, test, and crystalize their infringement theories" early, thus setting the case on a "clear path." *Connectel LLC v. Cisco Sys., Inc.*, 391 F.Supp.2d 526, 527 (E.D. Tex. 2005). Interrogatories, in contrast, are designed to facilitate the discovery process and provide parties with very specific information. In *Balsam Coffee Solutions Inc. v. Folgers Coffee Co.*, 09-CV-89, 2009 WL 4906860 (E.D. Tex. Dec. 9, 2009), the defendant – like Google here – served interrogatories and requested detailed explanation about the basis for the plaintiff's infringement claims and any supporting documentation. The plaintiff responded by incorporating by reference its Rule 3-1 disclosure, just as Plaintiff has done. *Id.* at *1. The court granted the defendant's motion to compel. *Id.* at *4. The court acknowledged that the narrative could help the defendant understand the Rule 3-1 disclosure and that such information could complement that already provided through other channels without affecting the Rule 3-1 disclosure or constraining experts. *Id.*[1] Throughout its opposition, Plaintiff conflates the difference between interrogatories and Patent Local Rule disclosures, ignoring the fact correspondence like Google's September 24 letter referred to inadequacies in interrogatory responses, not Plaintiff's Rule 3-1 disclosure. Software code and document cites may be appropriate to support a position at trial, answer an interrogatory, or resolve a dispute about how a product functions -- but those are separate questions from clearly identifying accused products and providing a theory of

---

[1] Plaintiff inappropriately cites *Balsam Coffee Solutions* for the proposition that "supplementation of infringement contentions is permitted specifically 'when technical information is produced during discovery.'" Dkt. 350 at 10 (citation omitted). However, the court in *Balsam Coffee Solutions* is referring to the supplementation of the answer to an interrogatory when it states, "[t]o the extent Plaintiff's understanding of the basis for its infringement theory changes due to discovery or claim construction, plaintiff need only supplement its answer as it would with an answer to any other interrogatory." 2009 WL 4906860, at *4.

infringement in order to crystallize the issues in a case. Plaintiff cannot use its ongoing review of source code as an open-ended excuse to amend its patent local rule disclosures.

### IV.  No Good Cause Exists for The Amended Disclosure

Patent Local Rule 3-6 allows a party to amend infringement disclosures in only two instances: (a) by leave of court or (b) if a party believes in good faith that the claim construction order so warrants. *See* Patent Local Rules 3-6(a) and (b). Plaintiff does not claim that the proposed supplements are based upon the court's claim construction order, so Patent L.R. 3-6(a) does not apply.

A court may consider any number of factors in determining whether good cause exists for granting leave to amend infringement contentions, including: (1) the danger of unfair prejudice, (2) the length of delay and its potential impact on the case, (3) the reason for the delay, (4) the importance of the material, and (5) whether the party has been diligent. *Computer Acceleration Corp. v. Microsoft Corp.*, 503 F.Supp.2d 819, 822 (E.D. Tex. 2007) (granting defendant's motion to strike inadequate infringement contentions); *Davis-Lynch, Inc. v. Weatherford Int'l, Inc.*, 07-CV-559, 2009 WL 81874, at *3 (E.D. Tex. Jan. 12, 2009) (granting plaintiff leave to include more specificity in infringement contentions where the only other option would be to strike the contentions and dismiss the case, but denying leave to include additional products).

In addition to its incorrect argument that Google requested or consented to the Amended Disclosure, Plaintiff argues that leave should be granted because (1) any delay in amending infringement contentions resulted from the amount of source code produced by Google and the length of time necessary to facilitate that production, (2) the amendments are important because they represent "a comprehensive effort…to be as inclusive as possible for all inter-related sub-

systems of the Accused Instrumentalities," and (3) granting leave to amend would not require a continuance of the litigation. Dkt. 350 at 12-15. Each of these arguments fail.

Initially, Plaintiff should not require access to source code in order to articulate its theory of infringement or to specify the accused products, as is required for disclosures under the local patent rules. Source code is the set of underlying computer instructions that implement a software product's functionality and features. Plaintiff may want or need to rely on source code references to carry its burden at trial, but code files and computer language quotations are unnecessary to articulate a theory of infringement for each accused product. The claims are not written in source code. They are written as a series of steps. The issue for the disclosures is: what do the accused products *do* that allegedly carry out the steps of the method. Plaintiff should not be permitted to hold that open for as long as possible and hunt through Google's source code to find a theory of infringement.

The court in *Realtime Data LLC v. Packeteer, Inc.* denied a plaintiff's motion for leave to amend its infringement contentions in a case similar to the one at issue. *Realtime Data LLC v. Packeteer, Inc.,* 08-CV-144, 2009 WL 2590101 (E.D. Tex. Aug. 18, 2009). In that case, the plaintiff argued that (1) the amendment of its infringement contentions nine months after it filed original contentions was necessary due to the enormity and late production of discovery materials, (2) the plaintiff was diligent throughout discovery, (3) amendments were critical to enforcement of its patent rights, (4) amendments did not prejudice the defendants, and (5) granting leave would not necessitate a continuance. *Id.* at *2. The court rejected all of the plaintiff's arguments.

The *Realtime Data* court reiterated that infringement contentions are designed in the nature of pleadings to put defendants on notice of the theories of infringement and facilitate

discovery. "While infringement contentions must be reasonably precise and detailed based on all publicly available information in order to provide a defendant with adequate notice of the plaintiff's theories of infringement, they need not meet the level of detail required, for example, on a motion for summary judgment on the issue of infringement because infringement contentions 'are not meant to provide a forum for litigation of the substantive issues.'" *Id.* at 5 (quoting *Linex Tech., Inc. v. Belkin Intern., Inc.,* 07-CV-222, 2008 WL 4372708, *2 (E.D.Tex. Sept. 19, 2008)). Further, the court rejected the plaintiff's argument that the defendants' production of over five million pages of documents and source code excused the tardy amendment of infringement contentions. "Plaintiff cannot use the complexity of this case as an excuse for its lack of diligence or initial preparation….With a lawsuit of great complexity, it is all the more imperative to avoid springing new claims on Defendants at a late stage." *Id.* at *6. The court did not allow the plaintiff to change the claims made against the various defendants late in the litigation process. *Id.* at *10. Accordingly, extended source code production in itself neither justifies the late amendment of Rule 3-1 disclosures nor Plaintiff's articulated desire to "be as inclusive as possible."

Plaintiff also blames alleged delays in the production of source code for the belated filing of its Amended Disclosure. Plaintiff fails to explain how disputes about source code production in December 2009 have bearing on its decision to serve its Amended Disclosure without leave from the Court in October 2009. Further, Plaintiff again misconstrues the difference between the necessary scope of infringement contentions and the scope of discovery. *See supra*, § III.

As to prejudice, in its motion, Plaintiff argues that "there are no new accused products, instrumentalities, or patents or claims asserted" in the Amended Disclosure. Dkt. 350 at 14. If so, then there is no prejudice to Plaintiff in denying the motion for leave. But Plaintiff must have

8

something in mind in pushing for its 321-page additional Amended Disclosure. The addition of 321 pages claim charts in the Amended Disclosure prejudices Google because it is a compendium of quotes and cites from which Plaintiff can draw support for new theories it develops in the future. If the Plaintiff is entitled to supplement its disclosures in this manner, it would "allow the vexatious shuffling of positions that the local patent rules were designed to avoid." *Motorola, Inc. v. Analog Devices, Inc.*, 03-CV-131, 2004 WL 5633736, at *1 (E.D. Tex. April 20, 2004) (citation omitted). Plaintiff should not be permitted to rely upon its Amended Disclosure.

## CONCLUSION

Google respectfully requests that the Court deny Plaintiff's Motion for Leave.

Dated: January 20, 2010　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　*/s/ Harry L. Gillam Jr.*
　　　　　　　　　　　　　　　　　　　　　Harry L. Gillam, Jr.
　　　　　　　　　　　　　　　　　　　　　State Bar No. 07921800
　　　　　　　　　　　　　　　　　　　　　gil@gillamsmithlaw.com
　　　　　　　　　　　　　　　　　　　　　GILLAM & SMITH, L.L.P.
　　　　　　　　　　　　　　　　　　　　　303 South Washington Avenue
　　　　　　　　　　　　　　　　　　　　　Marshall, Texas 75670
　　　　　　　　　　　　　　　　　　　　　Telephone: (903) 934-8450
　　　　　　　　　　　　　　　　　　　　　Facsimile: (903) 934-9257

　　　　　　　　　　　　　　　　　　　　　Charles K. Verhoeven,
　　　　　　　　　　　　　　　　　　　　　California Bar No. 170151
　　　　　　　　　　　　　　　　　　　　　charlesverhoeven@quinnemanuel.com
　　　　　　　　　　　　　　　　　　　　　David A. Perlson,
　　　　　　　　　　　　　　　　　　　　　California Bar No. 209502
　　　　　　　　　　　　　　　　　　　　　davidperlson@quinnemanuel.com
　　　　　　　　　　　　　　　　　　　　　Quinn Emanuel Urquhart Oliver & Hedges, LLP
　　　　　　　　　　　　　　　　　　　　　50 California Street, 22nd Floor
　　　　　　　　　　　　　　　　　　　　　San Francisco, CA 94111
　　　　　　　　　　　　　　　　　　　　　Tel.: (415) 875-6600
　　　　　　　　　　　　　　　　　　　　　Fax: (415) 875-6700

　　　　　　　　　　　　　　　　　　　　　Brian C. Cannon
　　　　　　　　　　　　　　　　　　　　　California Bar No. 193071
　　　　　　　　　　　　　　　　　　　　　briancannon@quinnemanuel.com
　　　　　　　　　　　　　　　　　　　　　Quinn Emanuel Urquhart Oliver & Hedges, LLP
　　　　　　　　　　　　　　　　　　　　　555 Twin Dolphin Drive, Suite 560
　　　　　　　　　　　　　　　　　　　　　Redwood Shores, CA 94065
　　　　　　　　　　　　　　　　　　　　　Tel.: (650) 801-5000
　　　　　　　　　　　　　　　　　　　　　Fax: (650) 801-5100

　　　　　　　　　　　　　　　　　　　　　Melissa R. Smith.
　　　　　　　　　　　　　　　　　　　　　Texas Bar No. 24001351
　　　　　　　　　　　　　　　　　　　　　melissa@gillamsmithlaw.com
　　　　　　　　　　　　　　　　　　　　　Gillam & Smith LLP
　　　　　　　　　　　　　　　　　　　　　303 South Washington Avenue
　　　　　　　　　　　　　　　　　　　　　Marshall, TX 75670
　　　　　　　　　　　　　　　　　　　　　Tel.: (903) 934-8450
　　　　　　　　　　　　　　　　　　　　　Fax: (903) 934-9257

　　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendant GOOGLE INC.*

## CERTIFICATE OF SERVICE

       The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. mail or facsimile transmission, on this the 20th day of January, 2010.

                                          */s/Harry L. Gillam, Jr.*
                                          Harry L. Gillam, Jr.