IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PA ADVISORS, LLC,<br>    Plaintiff,<br><br>v.<br><br>GOOGLE INC., et al.,<br><br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 2:07-cv-480-RRR<br><br><br>JURY TRIAL DEMANDED |

**NXN TECH, LLC'S REPLY TO
RESPONSE OF GOOGLE INC. TO NXN TECH, LLC'S MOTION FOR LEAVE
REGARDING SERVING AMENDED CONTENTIONS AS TO GOOGLE INC.**

Plaintiff nXn Tech, LLC (f/k/a PA Advisors, LLC) ("nXn") respectfully files this reply to the Response of Google Inc. (Dkt. No. 358).

## I. INTRODUCTION AND SUMMARY OF REPLY

The facts at issue are plain: Google demanded that nXn serve amended infringement contention claim charts based on discovery served by Google. nXn complied and spent considerable time supplementing its claim charts to incorporate the evidence produced by Google. Google should not be permitted to on the one hand request more detail and on the other hand move to strike those more detailed claim charts as untimely because Google does not agree with nXn's infringement position.

**A.    Google's Response Does Not Address the September 24, 2009 Letter's Reference to Claim Charts in Addition to Interrogatories**

Google's Response mischaracterizes its September 24, 2009 and November 6, 2009 letters. In its September 24, 2009 letter (*sent over a month before nXn provided more detailed infringement contentions*) Google requested that nXn supplement its interrogatory responses related to how Google's products meet the elements of the asserted claims of the '067 Patent ***and***

that nXn provide "***detailed claim charts to identify each step or structure in Google's products that purportedly correspond to the asserted claims***." Dkt. 325 Ex. 4 (emphasis added). Based on Google's express request, nXn spent over a month preparing even more detailed claim charts incorporating the Court's claim construction and Google's discovery produced through that date. Google's gamesmanship–requesting more detail, getting it, then moving to strike the detail requested–should not be allowed.[1]

Having requested that nXn supplement its contentions, fairness dictates that Google should be estopped from arguing that nXn erred in doing the very thing that Google requested.[2] Google's correspondence speaks for itself. Google's September 24, 2009 letter requests that nXn supplement its interrogatory responses concerning its infringement theory, and specifically asks that nXn identify each step or structure in Google's products that correspond to the asserted claims. Dkt. 325 Ex. 4.[3] This is the sine qua non of a claim chart. ***Google's letter goes on to expressly state it was entitled to claim charts, in addition to the supplemental responses to interrogatories***: "Google is ***likewise entitled to detailed claim charts*** to identify each step or structure in Google's products that purportedly correspond to the asserted claims." *Id*. Google's response says nothing about this letter's explicit reference to "entitlement" to "detailed claim charts," which Google said was justified based on the extent of discovery and documents

---

[1] To the extent nXn's amended contentions solely relate to the Court's Claim Construction, nXn understands that those portions of the amended contentions are not at issue in the pending motions (i.e., either Google's motion to strike or nXn's motion for leave), and no dispute exists on that point.

[2] *Cf. Hotard v. State Farm Fire & Cas. Co*., 286 F.3d 814, 818 & n.14 (5th Cir. 2002) ("Under general principles of judicial estoppel, a party cannot advance one argument and then, for convenience or gamesmanship after that argument has served its purpose, advance a different and inconsistent argument.").

[3] nXn referred Google to its contentions for the information Google sought in interrogatory responses. Dkt. No. 325 at 11 (noting nXn pointed Google to its infringement contentions as response). nXn did so because the information requested was the type of information set forth in a claim chart.

produced as of that time. nXn respectfully asserts that it was reasonable in relying on Google's position.

**B.     The Certificate of Conference Confirms that Google's Complaint Related to the Sufficiency of nXn's Amended Contentions, Not the Propriety of the Amendment.**

The Certificate confirms that only the adequacy of nXn's P.R. 3-1 infringement contentions—and specifically nXn's refusal to amend those contentions *again* in response to Google's November 6 request—was in dispute.

**C.     nXn Considered the November 6 Letter Conclusive on the Issue of Timeliness of nXn's Contentions**

If it is Google's position that nXn did not sufficiently articulate its position on the leave issue in nXn's December 28 response (Dkt. No. 347), it is because, at the time, nXn considered Google's November 6th letter conclusive on the issue, proving the procedural issue of timeliness was a non-issue. nXn turned its attention to the substantive challenge Google raised regarding the sufficiency of the contentions (i.e., were they detailed enough). Not until the hearing on January 7, 2010, when the Court raised the issue of compliance with P.R. 3-6 did it become clear to nXn that the November 6 letter did not resolve that issue. Thus, nXn's motion for leave now seeks to close the procedural gap that the Court identified that resulted from the parties' correspondence regarding Google's request for more detailed infringement contentions.

## II.  REPLY ARGUMENT

### A.  nXn's Amended P.R. 3-1 Disclosures Fully Comply with P.R. 3-1

Contrary to Google's assertion, nXn's P.R. 3-1 Disclosures fully identify "where each element of each asserted claim is found within each Accused Instrumentality." Google's complaints reveal that Google merely disagrees with nXn's contentions, not that it does not

understand nXn's theory of infringement.  nXn's infringement contentions provide more than adequate notice of Plaintiff's infringement theories.

      **B.    nXn Is Not Confusing Interrogatories and Contentions:  The Allegation of Shifting Contentions Misstates nXn's Position.**

nXn recognizes that interrogatories may be supplemented as a matter of course in litigation, as Rule 26(e)(1) of the Federal Rules of Civil Procedure in fact requires under certain conditions,[4] and that contentions follow a different procedural regime, outside the Federal Rules of Civil Procedure, pursuant to Patent Rule 3-4.  That difference does not mean contentions are supplemented at will in seriatim fashion as discovery progresses.  nXn's position is the same as that expressed in *STMicroelectronics, Inc. v. Motorola, Inc*., 308 F. Supp. 754, 755-56 (E.D. Tex. 2004): production of technical information in discovery will support an amendment.  This concept falls in line with the case law recognizing contentions in a software infringement case are viewed in a different manner from other types of products for which more public information is available at the early stages of litigation.  Thus, more detailed and clear contentions are generally permitted as source code production occurs given that a defendant has exclusive access to its products' source code.  *See* Dkt. No. 347 (nXn Response to Motion to Strike) at 11 (citing *Am. Video Graphics, L.P. v. Elec. Arts, Inc.*, 359 F. Supp. 2d 558, 560 (E.D. Tex. 2005)).  Even so, and notwithstanding nXn's right to file a later motion for leave given this principle (subject to Rule 3-6(b) and a finding of good cause), nXn complied with Google's demand for another claim

---

[4] Rule 26(e)(1)(A) states a party who has responded to an interrogatory "must supplement" "in a timely manner" if the additional corrective information required "has not otherwise been made known to the other parties during the discovery process or in writing…"  FED. R. CIV. P. 26(e)(1)(A).  As noted in nXn's response to Google's Motion to Strike, the issue concerning interrogatories, failed for the same reasons the challenge to interrogatory responses failed. Dkt. No. 347 (nXn Response to Motion to Strike) at 14 ("Indeed, the interrogatories duplicate information provided for in a plaintiff's infringement contentions.").

chart. Based on these facts, Google's argument that nXn is promoting allowing arbitrary amendments, preventing an organized defense, is misplaced.

### C. Google's Response Confirms There Is No Real Prejudice or Delay.

Google's response includes no rebuttal to how Google could be harmed or prejudiced or hindered in any way in presenting its case by the Court's granting leave upon a finding of good cause. Google's response instead returns to the theme of how and whether nXn's contentions are adequate based on the information available to it—and nXn's reference to the continuing issues of complete source code production. The rebuttal confirms that in light of the disparate nature of the facts in which this motion to leave occurs—in light of Google's demand that nXn amend (again) its October 30 amended contentions—the good cause test is met. Reliance on *RealTime Data* is misplaced given that Google itself saw no harm or prejudice from obtaining a more detailed claim chart—it continued to seek more and more detail as late as the November 2009 meet and confer and expressly requested the same – that was not the case in *RealTime Data*.

## III. CONCLUSION

nXn requests that the Court grant its motion for leave and have the amended contentions served on Google on October 30, 2009 be considered nXn's final contentions.

Dated: January 22, 2010              Respectfully submitted,

| | |
|---|---|
| Andrew W. Spangler<br>LEAD COUNSEL<br>SPANGLER LAW P.C.<br>208 N. Green Street, Suite 300<br>Longview, Texas 75601<br>(903) 753-9300<br>(903) 553-0403 (fax)<br>spangler@spanglerlawpc.com | By: /s/ Elizabeth A. Wiley<br><br>Marc A. Fenster, CA Bar No. 181067<br>CA Bar No. 181067<br>mfenster@raklaw.com<br>Andrew Weiss<br>CA Bar No. 232974<br>aweiss@raklaw.com<br>Adam Hoffman |
| David M. Pridham<br>LAW OFFICE OF DAVID PRIDHAM<br>25 Linden Road<br>Barrington, Rhode Island 02806<br>(401) 633-7247<br>(401) 633-7247 (fax)<br>david@pridhamiplaw.com | CA Bar No. 218740<br>ahoffman@raklaw.com<br>RUSS, AUGUST & KABAT<br>12424 Wilshire Blvd., 12th Floor<br>Los Angeles, CA 90025<br>(310) 826-7474<br>(310) 826-6991 (fax) |
| John M. Bustamante<br>Texas Bar No. 24040618<br>BUSTAMANTE, P.C.<br>54 Rainey Street, No. 721<br>Austin, Texas 78701<br>Tel. 512.940.3753<br>Fax. 512.551.3773<br>Email:jmb@BustamanteLegal.com | Patrick R. Anderson<br>PATRICK R. ANDERSON PLLC<br>4225 Miller Rd, Bldg. B-9, Suite 358<br>Flint, MI 48507<br>(810) 275-0751<br>(248) 928-9239 (fax)<br>patrick@prapllc.com |
| Kip Glasscock<br>Texas State Bar No. 08011000<br>KIP GLASSCOCK P.C.<br>550 Fannin, Suite 1350<br>Beaumont, TX 77701<br>Tel: (409) 833-8822<br>Fax: (409) 838-4666<br>Email: kipglasscock@hotmail.com | Debera W. Hepburn,<br>Texas Bar No. 24049568<br>HEPBURN LAW FIRM PLLC<br>P.O. Box 118218<br>Carrollton, TX 75011<br>Telephone: 214/403-4882<br>Facsimile: 888/205-8791<br>Email: dhepburn@heplaw.com |
| | Elizabeth A. Wiley<br>Texas State Bar No. 00788666<br>THE WILEY FIRM PC<br>P.O. Box. 303280<br>Austin, Texas 78703-3280<br>Telephone: (512) 420.2387<br>Facsimile: (512) 551.0028<br>Email: lizwiley@wileyfirmpc.com |

## **CERTIFICATE OF SERVICE**

I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served today with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

\s\ Elizabeth A. Wiley
Elizabeth A. Wiley