IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PA ADVISORS, LLC, <br>     Plaintiff, <br><br> v. <br><br> GOOGLE INC., et al., <br><br>     Defendants. | § § § § § § § § § § | Civil Action No. 2:07-cv-480-RRR <br><br> JURY TRIAL DEMANDED |

**NXN TECH, LLC'S REPLY TO
RESPONSE OF YAHOO! INC. TO NXN TECH, LLC'S MOTION FOR LEAVE
REGARDING SERVING AMENDED CONTENTIONS AS TO GOOGLE INC.**

Plaintiff nXn Tech, LLC (f/k/a PA Advisors, LLC) ("nXn") respectfully files this reply regarding the response in opposition of Yahoo! Inc. filed on January 20, 2009 with regard to nXn's Motion for Leave to serve amended contentions as to Yahoo's co-defendant Google Inc. ("Google").

**I. LIMITED PURPOSE OF REPLY**

The limited purpose of nXn's Motion for Leave (Dkt. Nos. 350-352) is to address the procedural issue raised in connection with Google's Motion to Strike nXn's amended infringement contentions as to Google, filed on December 11, 2009 (Dkt. No. 325). There is no such issue pending before this Court with regard to Yahoo, as Yahoo suggests by including in its response (Dkt. No. 359) an objection to any request for leave by nXn to serve amended contentions as to Yahoo. This issue of nXn's seeking leave—with regard to the Google motion to strike only—was discussed in Court, at the January 7, 2010 hearing, with counsel for Yahoo present and therefore aware of the limited nature and purpose of that filing.

Yahoo suggests in its response that nXn misrepresented statements in the Motion for Leave, yet any statements made as to procedural and factual background, a significant aspect of

nXn's motion for leave, is made based on the record presented in support of that motion by way of the attached exhibits and reference to the Court's docket sheet.[1] The motion does include reference to Yahoo, only to demonstrate that the leave issue did not arise with Yahoo—in terms of a motion for leave being filed for amended infringement contentions—just as it did not with regard to Google (at least before Google filed its motion to strike on December 10, 2009), in which case there likewise was no issue or concern raised concerning the need to seek the Court's leave.

Indeed, Yahoo and nXn had already agreed to modify the docket control order once—to allow nXn 30 additional days to serve final infringement contentions—extending the deadline to do so from October 30, 2009 (the same deadline to serve final infringement contentions as to Google) to November 30, 2009. *See* Dkt. No. 292 (Plaintiff's Unopposed Motion for Extension of Time); Dkt. No. 293 (Order granting). As that new November 30 deadline approached, however, nXn requested from Yahoo two additional weeks in which to prepare and serve final contentions, which Yahoo agreed to allow given the fact that nXn informed Yahoo that it was not adding any new claims:

---

[1] Yahoo states that nXn's counsel (Ms. Wiley) declined to send Yahoo a copy of the filing. Yet the only communication on this issue is the email that Yahoo attaches to its opposition, which reflects Ms. Wiley's understanding of the propriety of that course of action, and no further communication occurred with any nXn counsel to reflect Yahoo's intimation in its response that Ms. Wiley was incorrect in her position. Indeed, the email reflects Ms. Wiley's understanding that in a matter concerning each of these defendant's source code issues, service is on that party only to ensure no potential compromise of the source code information. The certificate of service on the motion for leave reflects this understanding (Dkt. No. 350 at 17), as well as the Certificate of Authority to file under Seal (*id.*). The latter specifically states that in light of prior related filings made under seal, and the correspondence on source code production issues (with regard to Google only), that filing under seal and serving Google only (because of the Google-specific issues, just as all discovery motions were filed and served) was a course of action taken out of an abundance of caution. *See id*. The ramifications of inadvertently revealing publicly, and to a competitor, information relating to source code are far greater than "over-sealing."

nXn has agreed not to assert any new claims in its ***final infringement contentions***, ***we will agree to the additional two weeks***. Please let me know if there is anything else … you need from us on this issue.

Ex. A (attached to Declaration of E. Wiley) (emphasis added).

That timeline ultimately had to become longer by one week—an extension Yahoo expressly agreed to – as those final contentions were ultimately served on December 21, 2009, which at that time constituted the official end of the discovery period.[2] As the parties agreed, that timeline also was agreeable, so long as it was related to the September 30 Claim Construction order. *See* Wiley Decl. ¶ 2. nXn's supplementation as to Yahoo related to the Court's Claim Construction order and thus fully comport with the local Patent Rules and the agreed deadlines.

## II. OBJECTION

nXn objects to the Court's considering an objection from Yahoo filed in this manner given that no issue is pending before the Court regarding a motion to strike nXn's amended final contentions as to Yahoo.

## III. CONCLUSION

For the above-stated reasons, nXn requests that the Court disregard the manner in which Yahoo has raised an objection concerning nXn's final infringement contentions as to Yahoo served on December 21, 2009.

---

[2] The Court thereafter ordered, at the December 28, 2009 hearing and the January 7, 2010 hearing, a limited extension of that discovery period to allow additional time for source code production.

Dated: January 22, 2010    Respectfully submitted,

| | |
|---|---|
| Andrew W. Spangler<br>LEAD COUNSEL<br>SPANGLER LAW P.C.<br>208 N. Green Street, Suite 300<br>Longview, Texas 75601<br>(903) 753-9300<br>(903) 553-0403 (fax)<br>spangler@spanglerlawpc.com | By: /s/ Elizabeth A. Wiley<br><br>Marc A. Fenster, CA Bar No. 181067<br>CA Bar No. 181067<br>mfenster@raklaw.com<br>Andrew Weiss<br>CA Bar No. 232974<br>aweiss@raklaw.com |
| David M. Pridham<br>LAW OFFICE OF DAVID PRIDHAM<br>25 Linden Road<br>Barrington, Rhode Island 02806<br>(401) 633-7247<br>(401) 633-7247 (fax)<br>david@pridhamiplaw.com | Adam Hoffman<br>CA Bar No. 218740<br>ahoffman@raklaw.com<br>RUSS, AUGUST & KABAT<br>12424 Wilshire Blvd., 12th Floor<br>Los Angeles, CA 90025<br>(310) 826-7474<br>(310) 826-6991 (fax) |
| John M. Bustamante<br>Texas Bar No. 24040618<br>BUSTAMANTE, P.C.<br>54 Rainey Street, No. 721<br>Austin, Texas 78701<br>Tel. 512.940.3753<br>Fax. 512.551.3773<br>Email:jmb@BustamanteLegal.com | Patrick R. Anderson<br>PATRICK R. ANDERSON PLLC<br>4225 Miller Rd, Bldg. B-9, Suite 358<br>Flint, MI 48507<br>(810) 275-0751<br>(248) 928-9239 (fax)<br>patrick@prapllc.com |
| Kip Glasscock<br>Texas State Bar No. 08011000<br>KIP GLASSCOCK P.C.<br>550 Fannin, Suite 1350<br>Beaumont, TX 77701<br>Tel: (409) 833-8822<br>Fax: (409) 838-4666<br>Email: kipglasscock@hotmail.com | Debera W. Hepburn,<br>Texas Bar No. 24049568<br>HEPBURN LAW FIRM PLLC<br>P.O. Box 118218<br>Carrollton, TX 75011<br>Telephone: 214/403-4882<br>Facsimile: 888/205-8791<br>Email: dhepburn@heplaw.com |
| | Elizabeth A. Wiley<br>Texas State Bar No. 00788666<br>THE WILEY FIRM PC<br>P.O. Box. 303280<br>Austin, Texas 78703-3280<br>Telephone: (512) 420.2387<br>Facsimile: (512) 551.0028<br>Email: lizwiley@wileyfirmpc.com |

## **CERTIFICATE OF SERVICE**

       I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served today with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

                                          \s\ Patrick R. Anderson
                                              January 22, 2010