UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PA ADVISORS, L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE INC., et al., <br><br> Defendants. | Civil Action No. 2:07-CV-480 RRR |

**DEFENDANT YAHOO! INC.'S MOTION
TO STRIKE NEW INFRINGEMENT OPINIONS AND THEORIES
IN DR. RHYNE'S JANUARY 22 SUPPLEMENTAL EXPERT REPORT**

# INTRODUCTION

This Court ordered nXn Tech, LLC ("the plaintiff") to finalize its patent infringement theories by January 4, 2010, which was the deadline for the plaintiff's opening expert report on infringement. On January 7, 2010, the Court allowed a limited exception to this deadline and granted the plaintiff permission to file a supplement to its report *only* if new source code was the basis for that supplement. On January 22, instead of stating infringement theories based on new source code, the plaintiff chose to serve a supplemental expert report that adds new theories based on source code that was available prior to January 4. (White Decl., Ex. 1-A (highlighted to show modifications), Ex. 1-B (clean version).) In essence, the plaintiff has treated the supplement date allowed by the Court as an invitation to redo its expert report. In doing so, plaintiff has - once again - changed its infringement theories. This is contrary to the limited purpose for which the Court allowed the plaintiff to supplement its infringement report, and it is prejudicial to Yahoo! Inc. ("Yahoo").

At a high level, the new January 22 report contains four improper amendments. None of these amendments are based on code that was provided to the plaintiff after January 4. Plaintiff's supplemental expert report:

1. Added a doctrine of equivalents theory for the Sponsored Search service re claim 1 (White Decl., Ex. 1-A ¶¶ 57-60);

2. Added a literal infringement and a doctrine of equivalents theory for the Content Match service re claim 45 (White Decl., Ex. 1-A ¶¶ 42, 113-14, 116, 118-20);[1]

---

[1] The new doctrine of equivalents theory does not cite to any code, while the updated literal infringement theory cites to code that was produced before January 4.

3. Added literal infringement examples and theories for the Behavioral Targeting service re claim 45 (White Decl., Ex. 1-A ¶¶ 130, 133, 137-38, 141-142, 146-148, 150, 153, 156, and 158-59);[2] and

4. Added a doctrine of equivalents theory for the Behavioral Targeting service re claim 45 (White Decl., Ex. 1-A ¶¶ 160 and 164).

These additions are improper under the Local Rules and under the Court's January 7, 2010 order. For example, the January 4 report contained no opinions regarding the doctrine of equivalents. The January 22 report, however, contains new opinions concerning the doctrine of equivalents. Thus, Yahoo respectfully requests that the Court strike the January 22 report, or in the alternative to strike the improper new infringement opinions, theories, and information in the plaintiff's January 22, 2010 supplemental expert report.

## BACKGROUND

On December 28, 2009, the Court held a hearing and ordered the plaintiff to provide its report and theories by January 4.

> MR. CANNON [for Google]: Well, I think if there's new code that's been produced, the expert should have a chance to address that after the fact, but I think the basic infringement contentions and the contentions with respect to the code that's been produced to date, I think plaintiff needs to make its position clear now on the current expert report, dated January 4th.
>
> MR. FENSTER [for plaintiff]: Your Honor, we will certainly do an expert report by January 4th. However, this code is interdependent. Functions that in the code that's been – that has been produced are not yet clear until we get the definitions which are yet to come.
>
> **JUDGE RADER**: Let's do this, Mr. Fenster. **The deadline of the 4th stays in place**. If you find something that requires you to request an extension, the

---

[2] The updated literal infringement theory cites to code that was produced before January 4. The non-highlighted portion of ¶ 30 was in the prior report, and thus not a part of this motion.

> Court's now aware that you may have that need, but let's stick with our 4th date. **That's your deadline. Hit it,** unless you have something that intervenes.
>
> MR. FENSTER: Okay. But --
>
> JUDGE RADER: I understand you've got till the 6th. Things may be coming in on the 6th and your deadline is the 4th. If you find something on the 6th, you can file a motion to reopen and the Court will understand that we have -- that I should expect such a motion if you have a good reason for it.
>
> MR. FENSTER: Yes, Your Honor. But just -- just so the Court is clear, assuming we get code by the 6th, we will certainly need until after the 6th. This is a very intensive process that requires -- that will require weeks afterwards to process the code that's coming in.
>
> JUDGE RADER: Well, then you let me know that, but I'm --
>
> MR. FENSTER: Okay.
>
> **JUDGE RADER**: -- under the assumption that you have been working on this case a long time, expecting to be in trial in March. **So I'm assuming that your case must be pretty well formed by now**.
>
> MR. FENSTER: It is, Your Honor.
>
> JUDGE RADER: If you have some -- if you have some crying need to go beyond the 4th, I'll entertain it. As I've told you, I'm aware that I'm putting -- putting you in a bit of a bind giving you till the 6th to continue to acquire code and yet having your deadline set before that.

(White Decl., Ex. 2 at 50:12-52:11 (emphasis added).)

On January 4, 2010, the plaintiff served the expert report of Dr. V. Thomas Rhyne providing opinions and theories concerning Yahoo's alleged infringement of the patent-in-suit.

On January 7, 2010, this Court held a hearing in which it gave the plaintiff until January 22 for a limited supplement based on newly produced code.

> HONORABLE RADER: Okay. What else you need, Mr. Fenster?
>
> MR. FENSTER [for plaintiff]: Your Honor, I do anticipate that we will need, that we will be able to supplement the expert report with the code that's recently been produced
> . . . .

> MR. CANNON: What I'm hearing is, once again, the infringement theory shifting, so January the 29th is the date --
>
> HONORABLE RADER: Not if I deny their, their amendment, but –
>
> MR. CANNON: Right, that, that would be helpful. And then the expert report that we received from plaintiff on January the 4th has an infringement theory and if there's code that they want, the plaintiff wants to cite to to support that theory and we produce it to them afterwards, then they should be entitled to say, hey, our theory is supported by this code, you know. **But I think to come up with a whole new report on January the 29th, I think that's prejudicial to Google.**
>
> **HONORABLE RADER: That is a little bit. The 22nd, Mr. Fenster.**
> . . . .
>
> **MR. CANNON: So, Your Honor, January 22nd is the date by which plaintiff has to do an amended report based on the new code?**
>
> **HONORABLE RADER: That's correct.**
>
> **MR. ROOKLIDGE [for Co-Defendant Yahoo! Inc.]**: Your Honor, this is Bill Rooklidge from Yahoo. **It's our understanding from our last conference that any supplementation would be limited to newly-produced code.**
>
> **HONORABLE RADER: That should be correct.**

(White Decl., Ex. 3 at 72:10-15, 73:7-74:3, 74:12-21 (emphasis added).)

On January 22, 2010, plaintiff served Rhyne's new supplemental expert report. (*See* White Decl., Ex. 1-A (highlighted report).) The January 22 report contains 29 new or updated paragraphs and a total of seven new pages.

## ARGUMENT

Based on the Court's order during the January 7 hearing, Yahoo expected a short addendum to the original expert report, not service of a "new and improved" report. Despite this expectation, the plaintiff's supplemental January 22 expert report includes new allegations and information that exceeds the scope of the limited leave granted by the Court on January 7. It will be prejudicial to require Yahoo to respond to these new opinions at this late stage of the case.

For these reasons, Yahoo respectfully asks this Court to strike the January 22 report, or in the alternative to strike the improper sections of the January 22 report.

### I. Plaintiff's New Doctrine of Equivalents Theories Are Improper

The original January 4 report was directed to literal infringement. The January 22 supplemental report, however, contains doctrine of equivalents theories for several asserted claim elements. (*See, e.g.*, White Decl., Ex. 1-A ¶¶ 57-60, 116, 120, and 160 and 164.) These new doctrine of equivalents theories, especially as it relates to step (c) of claim 1, (¶¶ 57-60) appear to be added directly in response to Yahoo's Motion for Summary Judgment of Non-Infringement Based on Divided Infringement. *See* Dkt. 356 (Step 1(c) requires the "user" to perform a step and so a single entity cannot perform all the steps of the claim).

Plaintiff's new allegations under the doctrine of equivalents do not rely on any new source code. (*See* White Decl., Ex. 1-A ¶¶ 57-60, 116, 120, and 160 and 164.) In addition, the report does not contain any justification for the addition of the doctrine of equivalents theories.

### II. Plaintiff's New Citations And Support Are Improper

In addition to adding the doctrine of equivalents theories of infringement, the plaintiff has also amended its literal infringement theories for claim 45. Generally, nXn has amended its infringement theory based on code that was available for review before January 4. For example, the plaintiff has amended its theory for the Content Match service (*see* Ex. 1, ¶¶ 113-14, 116 and 118-20), and the Behavioral Targeting service (s*ee* Ex. 1, ¶¶ 130, 133, 137-38, 141-142, 146-148, 150, 153, 156, and 158-59). The report does not contain any justification for the amendment of the literal infringement theories. While these new/amended paragraphs do contain citations to source code, this source code was available to the plaintiff before January 4.

**DEFENDANT YAHOO! INC.'S MOTION TO STRIKE NEW INFRINGEMENT OPINIONS AND THEORIES IN DR. RHYNE'S SUPPLEMENTAL EXPERT REPORT – Page 5**

### III. Yahoo Is Prejudiced By The New Report

As Google pointed out in the Court hearings of December 28 and January 7, and as confirmed by Yahoo at the January 7 hearing, *see above*, Yahoo will be prejudiced if it must defend against shifting theories of infringement. If the improper information in this report is not stricken, Yahoo will - again - have to contend with a new theory of infringement. This is unreasonable and highly prejudicial at this late stage of the case. Yahoo believes that parts of the plaintiff's January 22 report are in violation of the Court's instruction that a limited supplement could be made to the January 4 report only if that supplement was based on code produced after January 4. Thus, the information in the January 22 report that is not based on new source code should be stricken.

### CONCLUSION

Yahoo respectfully requests that the Court strike the entire January 22, 2010 report. In the alternative, Yahoo respectfully requests that the Court strike the new infringement opinions, theories, and information in plaintiff's January 22, 2010 supplemental expert report: ¶¶ 42, 57-60, 113-14, 116, 118-120, 130, 133, 137-38, 141-42, 146-48, 150, 153, 156, 158-60, 162 and 164.

| | |
|---|---|
| Dated: January 26, 2010 | /s/ Jennifer H. Doan<br>Jennifer Doan<br>Joshua Reed Thane<br>John Scott Andrews<br>HALTOM & DOAN<br>Crown Executive Center, Suite 100<br>6500 Summerhill Road<br>Texarkana, TX 75503<br>Tel: (903) 255-1002<br>Fax: (903) 255-0800<br>joane@haltom.com<br>sandrews@haltomdoan.com<br>jthane@haltomdoan.com<br><br>Jason C. White<br>HOWREY LLP<br>321 N. Clark Street, Suite 3400<br>Chicago, IL 60654<br>Tel: (312) 595-1239<br>Fax: (312) 595-2250<br>whitej@howrey.com<br><br>*Attorneys for Defendant Yahoo! Inc.* |

## CERTIFICATE OF SERVICE

       The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this the 26th day of January, 2010.

                                                                  /s/ Jennifer H. Doan
                                                                  Jennifer H. Doan

## CERTIFICATE OF CONFERENCE

       Yahoo's lead and local counsel, Jason White and Jennifer H. Doan, have conferred with nXn's lead and local counsel, Andrew Spangler, in good faith, on January 26, 2010 at an in-person meet-and-confer in Dallas Texas. At this meeting, nXn stated that it believed that there was a basis to supplement Dr. Rhyne's report expert report. As such, nXn opposes this motion.

                                                                  /s/ Jennifer H. Doan
                                                                  Jennifer H. Doan