# Exhibit 2

```
                                                               1
IN THE U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF

              TEXAS, MARSHALL DIVISION

--------------------------:
                          :
PA ADVISORS,              :
                          :
         Plaintiff,       : Civil Docket No.
                          :
     vs.                  : 2:07-cv-00480-RRR
                          :
GOOGLE, INC., et al.,     :
                          :
         Defendant.       :
                          :
--------------------------:

                              Washington, D.C.

                         Monday, December 28, 2009

     The above-entitled matter came on for Pretrial

Conference, pursuant to Notice.

     BEFORE:  HONORABLE RANDALL R. RADER, Judge
```

50

1  intervene, but I think you both would prefer to have
2  something other than me involved in a discovery dispute.
3       MR. FENSTER:  Your Honor, can we have until --
4  so assuming that we get production by the 26th -- I'm
5  sorry -- by January 6th, I'm looking at the calendar.  As
6  Mr. Cannon references, this is iterative.  It is
7  difficult because he has to go back and review a lot of
8  the code.  It's been done now in light of the new code.
9       Could we have until the 27th to supplement the
10 infringement report, based on that code?
11      JUDGE RADER:  Does that suit you, Mr. Cannon?
12      MR. CANNON:  Well, I think if there's new code
13 that's been produced, the expert should have a chance to
14 address that after the fact, but I think the basic
15 infringement contentions and the contentions with respect
16 to the code that's been produced to date, I think
17 Plaintiff needs to make its position clear now on the
18 current expert report, dated January 4th.
19      MR. FENSTER:  Your Honor, we will certainly do
20 an expert report by January 4th.  However, this code is
21 interdependent.  Functions that in the code that's been -
22 - that has been produced are not yet clear until we get

51

1  the definitions which are yet to come.
2       JUDGE RADER:  Let's do this, Mr. Fenster.  The
3  deadline of the 4th stays in place.  If you find
4  something that requires you to request an extension, the
5  Court's now aware that you may have that need, but let's
6  stick with our 4th date.  That's your deadline.  Hit it,
7  unless you have something that intervenes.
8       MR. FENSTER:  Okay.  But --
9       JUDGE RADER:  I understand you've got till the
10 6th.  Things may be coming in on the 6th and your
11 deadline is the 4th.  If you find something on the 6th,
12 you can file a motion to reopen and the Court will
13 understand that we have -- that I should expect such a
14 motion if you have a good reason for it.
15      MR. FENSTER:  Yes, Your Honor.  But just -- just
16 so the Court is clear, assuming we get code by the 6th,
17 we will certainly need until after the 6th.  This is a
18 very intensive process that requires -- that will require
19 weeks afterwards to process the code that's coming in.
20      JUDGE RADER:  Well, then you let me know that,
21 but I'm --
22      MR. FENSTER:  Okay.

52

1       JUDGE RADER:  -- under the assumption that you
2  have been working on this case a long time, expecting to
3  be in trial in March.  So I'm assuming that your case
4  must be pretty well formed by now.
5       MR. FENSTER:  It is, Your Honor.
6       JUDGE RADER:  If you have some -- if you have
7  some crying need to go beyond the 4th, I'll entertain it.
8  As I've told you, I'm aware that I'm putting -- putting
9  you in a bit of a bind giving you till the 6th to
10 continue to acquire code and yet having your deadline set
11 before that.
12      What about the financial information?
13      MR. FENSTER:  The financial information --
14      JUDGE RADER:  Which prompts an even more
15 fundamental question.  How are you going to prove
16 damages?
17      MR. FENSTER:  The damages will be based on a
18 reasonable royalty theory, Your Honor.
19      JUDGE RADER:  That's even harder.
20      MR. FENSTER:  I'm sorry?
21      JUDGE RADER:  That's even harder.
22      MR. FENSTER:  Yes.

53

1       JUDGE RADER:  Meaning the Court -- I'm just --
2  I'm going to start right now issuing a multitude of
3  warnings and I urge you both to read the case of Cornell
4  v. Hewlett-Packard in which the Court there issued a
5  variety of warnings about its desire to have reputable
6  economic evidence, downward sloping demand curves with
7  substantiated links to the scope of the claimed
8  invention, showing directly or as directly as possible
9  the harm attributable to any infringement that can be
10 proved.
11      I could be a little more specific, but I think
12 you can hear that this is -- this is a matter on which
13 the Court has a strong desire to be involved at an early
14 point.
15      MR. FENSTER:  Yes, Your Honor.
16      JUDGE RADER:  Now back to the financial
17 information.
18      MR. FENSTER:  Your Honor, the -- the information
19 that we're seeking relates to Implied Semantics and
20 Caltixs.  These were two companies that were involved in
21 developing the accused instrumentalities and were later