UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

PA ADVISORS, L.L.C.,

        Plaintiff,

v.

GOOGLE INC., et al.,

        Defendants.

Civil Action No. 2:07-CV-480 RRR

### YAHOO! INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT

I.  INTRODUCTION

This Court should grant Yahoo! summary judgment of non-infringement of independent claim 1 and its dependent claims (3, 4, 6, 43, and 61) because plaintiff has not identified a triable issue of material fact that Yahoo! performs step 1(c), or an equivalent, or directs or controls the actions of its users that may satisfy step 1(c). Plaintiff's response to Yahoo!'s motion is based almost entirely on attorney argument that finds no support in plaintiff's infringement expert report. Even if plaintiff's unsupported arguments were considered, they do not present a genuine issue of material fact for this Court to deny Yahoo!'s motion.

In urging this Court to deny Yahoo!'s motion, plaintiff concedes that Yahoo! does not literally perform step 1(c), but it makes three arguments as to why Yahoo! should still be found to infringe claim 1, none of which hold water.

First, plaintiff argues that Yahoo! performs step 1(c) under the doctrine of equivalents because it receives search requests from its users and then "provides" them to Yahoo!'s own servers. Not only is this argument untimely, because it was not made in plaintiff's original infringement expert report, it is also contrary to the explicit language of claim 1, which requires that the search request be provided "***by the us*er** to the ***local computer system***." Adopting plaintiff's argument would effectively vitiate this limitation, which is not equivalent as a matter of law. *Freedman Seating Co. v. Am. Seating Co.*, 420 F.3d 1350 (Fed. Cir. 2005).

Second, plaintiff argues that Yahoo! is the "mastermind" that controls its users who actually provide search requests. Plaintiff bases its argument on the fact that Yahoo! provides a website on which users can enter search requests. This argument is also untimely because it was not raised in plaintiff's infringement expert report. Even if these allegations were taken as true, they do not constitute infringement in view of the Federal Circuit's decision in *Muniauction, Inc.*

*v. Thomson Corp.*, where the Federal Circuit found no infringement under facts virtually identical to those alleged by plaintiff in this case. 532 F.3d 1318 (Fed. Cir. 2008).

Third, plaintiff argues that it would be unfair to grant Yahoo!'s motion because claim 1 could have been drafted differently. The Federal Circuit has already addressed and expressly rejected this argument in *BMC Resources, Inc. v. Paymentech, L.P.*, 498 F.3d 1373 (Fed. Cir. 2007). Put simply, nowhere in its response has plaintiff introduced a material issue of fact that Yahoo! performs step 1(c) or that Yahoo! "directs and controls" the users who provide search requests. Therefore, the Court should grant Yahoo!'s summary judgment of non-infringement of independent claim 1 and its dependent claims 3, 4, 6, 43, and 61.

## II. RESPONSE TO PLAINTIFF'S ADDITIONAL STATEMENT OF FACTS

Yahoo! disputes paragraph 3 of plaintiff's Additional Statement of Facts which states "Yahoo performs step 1(c) under the doctrine of equivalents . . ." because it is a conclusion of law and not a fact in the record. Moreover, as explained herein, Yahoo! does not perform step 1(c).

Yahoo! disputes paragraph 4 of plaintiff's Additional Statement of Facts which states, among other things, that "Yahoo directs or alternatively controls users in their performance of this step . . ." because it includes several conclusions of law that are not facts in the record. Moreover, as explained herein, Yahoo! does not direct or control any actions of its users.

## III. YAHOO! DOES NOT PERFORM STEP (C) UNDER THE DOCTRINE OF EQUIVALENTS

While plaintiff's argument is far from clear, plaintiff apparently concedes that Yahoo! does not literally perform step (c), yet it suggests that Yahoo! can still infringe claim 1 under the doctrine of equivalents because it receives a search request from a user and then "provides" that search request to its own servers. This argument suffers from several fatal flaws.

First, plaintiff's doctrine of equivalents theory is untimely. Plaintiff never raised any claims of infringement under the doctrine of equivalents until it, improperly, provided a supplemental report on January 22 – a full week after Yahoo! filed its motion for summary judgment.[1] Plaintiff's original infringement expert report did not include any arguments of infringement under the doctrine of equivalents, and plaintiff should not be allowed to raise this argument now.[2]

Second, plaintiff cites no case law in support of its novel theory that infringement under the doctrine of equivalents can be found when the accused infringer does not perform all of the steps of a method claim. This is not surprising, as plaintiff's argument flies in the face of the explicit holdings of *BMC Resources* and *Muniauction*.

Third, plaintiff's argument ignores the explicit claim language that requires that the search request data be provided "by the user to the local computer system." Yahoo! is clearly not the user and it cannot perform a step that is required to be performed by the user. Plaintiff's argument improperly vitiates the entire limitation "by the user to the local computer system." *Freedman Seating Co.*, 420 F.3d at 1358. ("[A]n element of an accused product or process is

---

[1] Plaintiff provided its supplemental expert report in violation of the Court's order allowing for limited supplementation of its expert report, and Yahoo! has filed a motion to strike the portions of this expert report that were provided in violation of the Court's order. Dkt. No. 371.

[2] Once again, Plaintiff filed a late supplement from its expert. Without trying to confer with Yahoo, or without seeking leave of Court, Plaintiff unilaterally chose to file an untimely supplemental declaration in support of its responsive motion. Dkt. No. 381. Plaintiff's response to Yahoo!'s motion for summary judgment was due on January 25, 2010 and plaintiff stated in its response that it would file a supplemental declaration on Tuesday or "at the latest" on Wednesday. It did not file the declaration until 10:22pm on Thursday, January 28, and this reply is due Friday, January 29, 2010. Plaintiff stated that it could not timely file the declaration because its expert was in trial in Texas, and because there were power outages in Texas. Even if these reasons are true, Plaintiff should have, at a minimum, tried to meet and confer and then file a motion for leave. It did neither. Thus, this late supplemental declaration should be stricken.

not, as a matter of law, equivalent to a limitation of the claimed invention if such a finding would entirely vitiate the limitation.").

Fourth, plaintiff argues that Yahoo "provides" search request data even though it doesn't enter, input, or format search requests. Plaintiff's argument is based on a theory that Yahoo! receives a search request from a searcher and then "provides" that search request to its own servers. Response at 7-8. This argument is nonsensical. Claim 1 requires that search request data be provided "by a user *to the local computer system*." Yahoo!'s servers are the remote computer system, not the local computer system recited in step 1(c), so even if Yahoo! did "provide" information to its own servers, it does not "provide" search request data to the local computer system. "Providing" information to Yahoo!'s servers is not and cannot be equivalent to "providing" search request data to a local computer system. For all these reasons, there can be no infringement by Yahoo! under the doctrine of equivalents.

## IV. YAHOO! DOES NOT DIRECT OR CONTROL THE USER PROVIDING SEARCH REQUEST DATA

If plaintiff's "providing" argument fails, plaintiff's next argument is that Yahoo! infringes claim 1 because it acts as a "mastermind" that directs or control its users who actually provide the search request data. Plaintiff's specific argument is that Yahoo! provides an interface that allows for entry of a query and it gives its users some information about different ways to search for information using Yahoo!'s website.[3] As with plaintiff's first argument, this one also suffers from several fatal flaws.

---

[3] Plaintiff repeatedly cites to a Yahoo! search box and suggests that that search box is available on Yahoo!'s home page. That is not true. The Yahoo! homepage is a complex webpage that offers users a multitude of options in addition to search. Yahoo! does not direct or control its users and they are free to do whatever they choose on Yahoo!'s website.

First, this argument finds no support in either of plaintiff's expert reports as neither expert report provides any argument that Yahoo! directs or controls its users actions.[4] Plaintiff relies almost exclusively on facts and documents that are not in the record and are not cited in plaintiff's expert report.[5] Response at 6 (citing Wiley Decl., Ex. B, C, D, and F); Response at 10-11 (citing online dictionaries); and Response at 12 (citing Wiley Decl., Ex. D and E). Second, plaintiff fails to address the fact that Yahoo! has no control over the search terms that are actually entered by its users. That decision is for Yahoo!'s users alone to make.[6] Third, plaintiff's argument is directly contrary to the holding of *Muniauction*. In *Muniauction*, the Federal Circuit found that the defendant did not exert sufficient "direction or control" over a bidder inputting data into a website despite the fact that the alleged infringer controlled access to its website and instructed bidders on how to use the website. *See* 532 F.3d at 1321. The parallels between the facts of *Muniauction* and this case are unmistakable and the holding in *Muniauction* should control the Court's decision in this case.

## V. PLAINTIFF CANNOT REWRITE ITS CLAIMS

In a last ditch effort to keep claim 1 in this case, plaintiff asks the Court to apply a "flexible standard" by ignoring *BMC Resources* and allowing step 1(c) to be rewritten because it would be more equitable to do so. Plaintiff takes the unusual step of offering a rewritten version of claim 1 that purportedly avoids the impact of *BMC Resources* and suggests that the Court

---

[4] Declaration of Jason White in Support of Yahoo!'s Motion for Summary Judgment, Dkt. No. 356 ("White Decl."), Ex. E; Declaration of Elizabeth Wiley in Support of nXn's Response, Dkt. No. 368 ("Wiley Decl."), Ex. A.

[5] nXn Tech., LLC's Response to Motion for Summary Judgment filed by Yahoo!, Dkt. No. 368 ("Response").

[6] Plaintiff's reliance on Yahoo!'s search assist feature, which was not cited in plaintiff's expert report, is misplaced as that feature simply offers suggestions to its users. It does not allow Yahoo! to direct or control the actions of its users.

should consider this re-written claim in deciding Yahoo!'s motion. Response at 16-20. As a justification for its attempt to alter the actual wording of step 1(c), plaintiff cites the "special inequity" of *BMC Resources* as applied to plaintiff's claims. Response at 21. But the Federal Circuit in *BMC Resources* already rejected plaintiff's argument – the Federal Circuit noted that divided infringement can be avoided by drafting claims to focus on one entity and placed the burden on the patentee, who has a clear opportunity to draft clearer claims. *BMC Resources,* 498 F.3d at 1381. Plaintiff's inequity argument ignores both the prejudice to the public, which could no longer rely on the actual claim language to determine the metes and bounds of a patent, and its own admission that claim 1 could have been written differently to avoid the joint infringement problem as was done with Claim 45. White Decl., Ex. D.

## VI. CONCLUSION

For the foregoing reasons, Yahoo! requests that the Court grant its motion and issue summary judgment that Yahoo! is not liable for infringement of independent claim 1 and its dependent claims 3, 4, 6, 43 and 61 of the '067 patent.

Dated: January 29, 2010

/s/ Jennifer H. Doan
Jennifer H. Doan
Joshua Reed Thane
John Scott Andrews
HALTOM & DOAN
Crown Executive Center, Suite 100
6500 Summerhill Road
Texarkana, TX 75503
Tel: (903) 255-1002
Fax: (903) 255-0800
joane@haltom.com
sandrews@haltomdoan.com
jthane@haltomdoan.com

Jason C. White
HOWREY LLP
321 N. Clark Street, Suite 3400
Chicago, IL 60654
Tel: (312) 595-1239
Fax: (312) 595-2250
whitej@howrey.com

*Attorneys for Defendant Yahoo! Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this the 29th day of January, 2010.

/s/ Jennifer H. Doan
Jennifer H. Doan