# EXHIBIT 1


Marc A. Fenster
mfenster@raklaw.com

12424
WILSHIRE
BOULEVARD

12TH
FLOOR

LOS ANGELES
CALIFORNIA
90025

TELEPHONE
310.826.7474

FACSIMILE
310.826.6991

February 8, 2010

**Via Federal Express**

Chambers of the Honorable Randall R. Rader
United States Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, DC 20439

Re: ***nXn Tech, LLC v. Google Inc.*, et al.;
No. 2:07-cv-480-RRR (E.D. Tex.)
Letter Brief Seeking Permission to File Motion for Summary Judgment**

Dear Judge Rader:

Pursuant to this Court's Order of October 1, 2009 Order, nXn Tech, LLC ("nXn" formerly PA Advisors, LLC) files this letter brief seeking permission to file the attached Motion for Summary Judgment of Validity Based on 35 U.S.C. §102. (See Exhibit A, attached hereto).[1]

Defendants Google, Inc. and Yahoo!, Inc. (hereafter "Defendants") served Invalidity Contentions pursuant to P.R. 3-3 on November 14, 2008. In addition, nXn did not oppose the filing of the Defendants' Amended Invalidity Contentions in November 2009. These combined contentions asserted 19 patents and printed publications that were alleged to anticipate one or more claims of the patent-in-suit, US Patent No. 6,199,067 ("the '067 Patent"). Consequently, nXn believed that Defendants would argue at trial that one or more of these references disclosed, within its four corners, each and every element of at least one claim of the '067 Patent. Because anticipation is a question of fact, nXn appropriately did not seek summary judgment at any time prior to the present. See *Hoover Group, Inc. v. Custom Metalcraft, Inc.*, 66 F.3d 299, 302 (Fed. Cir. 1995) ("Anticipation is a question of fact, and the district court's finding thereon is reviewed for clear error.").

However, on January 4, 2010 Defendants served their Report of Defendants Expert Stanley Peters Concerning Invalidity ("Peters Report"). The Peters Report, as more fully explained in the attached Exhibit A, fails to disclose any testimony that Dr. Peters would offer regarding any single reference that discloses "within the four corners of the document not only all of the limitations claimed but also all of the limitations arranged or combined in the same way as recited in the claim." *Net MoneyIN, Inc. v. VeriSign, Inc.*, 545 F.3d 1359, 1371 (Fed. Cir. 2008). Prior to receiving the Peters Report, nXn had no way of knowing that Defendants' sole

---

[1] The exhibits referenced in the Motion – Defendants' invalidity contentions and the Peters Report – are in Defendants' possession and will be filed with the Court upon the granting of leave to file.



arguments regarding alleged invalidity of the '067 Patent would be based on obviousness.

As more fully explained in the attached Exhibit A, there are no disputed material facts with respect to validity of the '067 Patent based on 35 U.S.C. §102. Anticipation requires demonstrating that a single prior art reference disclosing each and every element of one or more claims of the '067 Patent. *Connell v. Sears, Roebuck & Co.*, 722 F.2d 1542, 1548 (Fed. Cir. 1983). Yet Defendants have not, and now cannot, provide any expert testimony to demonstrate any such reference. Furthermore, the majority of patents and printed publications previously alleged by Defendants to be anticipatory have been completely ignored in the Peters Report. Many others have been downgraded to secondary references, or lower, in Defendants' asserted obviousness combinations. As a result, Defendants can point to no evidence creating an issue of material fact for a jury, and nXn is entitled to summary judgment regarding invalidity of the '067 Patent under 35 U.S.C. §102. Accordingly, nXn files this request to file a Motion for Summary Judgment with the Court in order to streamline this case for trial.

Sincerely,

RUSS, AUGUST & KABAT

Marc A. Fenster
Counsel for Plaintiff
nXn Tech, LLC

Enclosure

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PA ADVISORS, LLC, <br> Plaintiff, | § <br> § <br> § | |
| v. | § | Civil Action No. 2:07-cv-480-RRR |
| | § | |
| GOOGLE INC., et al., | § <br> § | JURY TRIAL DEMANDED |
| Defendants. | § <br> § | |

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
OF NO INVALIDITY BASED ON 35 U.S.C. §102**

Plaintiff nXn Tech, LLC (formerly PA Advisors, LLC, hereafter "nXn") moves for summary judgment of no invalidity of United States Patent No. 6,199,067 ("the '067 Patent) based on 35 U.S.C. §102.

## INTRODUCTION

There are no disputed material facts with respect to validity of the '067 Patent based on 35 U.S.C. §102. Anticipation requires demonstrating that a single prior art reference disclosing each and every element of one or more claims of the '067 Patent. *Connell v. Sears, Roebuck & Co.*, 722 F.2d 1542, 1548 (Fed. Cir. 1983). The Defendants have not, and cannot provide any expert testimony to demonstrate any such reference. Furthermore, the majority of patents and printed publications previously alleged by Defendants to be anticipatory have been completely ignored in Defendants' proposed expert testimony. Many others have been downgraded to *secondary* references (at best), or lower, in Defendants' asserted obviousness combinations. As a result, Defendants can point to no evidence creating an issue of material fact for a jury, and nXn is entitled to summary judgment regarding invalidity of the '067 Patent under 35 U.S.C. §102.

## I. ISSUES TO BE DECIDED

The issue before this Court is whether summary judgment of no validity based on 35 U.S.C §102 is appropriate because of Defendants' failure to offer any expert testimony identifying a single prior art reference that discloses the same claim elements in exactly the same way as they are arranged in the claim.

## II. STATEMENT OF UNDISPUTED MATERIAL FACTS

1. On November 14, 2008, Defendants served their Invalidity Contentions pursuant to P.R. 3-3 ("Invalidity Contentions"), identifying 13 Patents and 4 printed publications that were asserted to anticipate one or more claims of the '067 Patent. *See* Declaration of Patrick R. Anderson (hereafter "Anderson Decl."), Ex. 1.

2. On November 23, 2009, Defendants served Amended Invalidity Contentions ("Amended Contentions"), identifying two additional printed publications asserted to anticipate one or more claims of the '067 Patent. *See* Anderson Decl., Ex. 2 at 1.

3. On January 4, 2010, Defendants served a Report of Defendants Expert Stanley Peters Concerning Invalidity ("Peters Report"). *See* Anderson Decl., Ex. 3.

4. The Peters Report specifically states in a section titled Summary of Opinions that "the asserted claims of the patent-in-suit would have been obvious to one of ordinary skill in the art at the filing date." *Id.*, ¶17.

5. The Peters Report also states that "[t]he '067 Patent merely claims predictable uses of old elements according to their established functions." *Id.* ¶19. The Peters Report does not assert that these elements are shown in a single prior art reference.

6. The Peters Report included an "Appendix of Claim Construction Charts" containing 13 separate charts described as "an integral part of this report ... demonstrating the

invalidity of each Asserted Claim." *Id.* ¶24. Each individual chart identified multiple prior art references, indicating that multiple references must be combined to "demonstrat[e] the invalidity of each Asserted Claim."

### III. LEGAL STANDARD

Summary judgment is appropriate when no genuine of issues of material fact exist, and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Invalidity based on anticipation is normally a factual inquiry, but "it may be decided on summary judgment if the record reveals no genuine dispute of material fact." *Golden Bridge Tech., Inc. v. Nokia, Inc.*, 527 F.3d 1318, 1321 (Fed. Cir. 2008). Therefore, nXn is entitled to summary judgment of no invalidity based on anticipation if the evidence shows that there is no genuine issue of material fact and that nXn is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). To defeat summary judgment, the Defendants must show more than a mere scintilla, and offer some evidence "sufficient for a reasonable jury to find for the nonmoving party." *Anderson v. Liberty Lobby*, 477 U.S. 242, 252 (1986). Where there is no basis in the record for a claim of anticipation, summary judgment is appropriate. *See Dayco Products, Inc. v. Total Containment, Inc.*, 329 F.3d 1358, 1371 (Fed. Cir. 2003) (noting that where the record does not support a claim of anticipation "the court should entertain summary judgment motions by plaintiff.")

Defendants have offered no expert testimony to invalidate any claim of the '067 Patent for anticipation. Furthermore, they cannot do so now in an effort to oppose this motion.[1] As a matter of law, because Defendants offer no expert testimony whatsoever to support any argument

---

[1] For example, in a non-precedential order, the CAFC refused to allow a late disclosure of expert testimony regarding validity to rebut a motion for summary judgment, commenting that "the filing of a summary judgment motion cannot be characterized as a surprise justifying an untimely production of evidence." Lencco Racing Co., Inc. v. Jolliffe, 1999 U.S. App. LEXIS 14239 at *6 (Fed. Cir. June 29, 1999).

for invalidity based on anticipation, there is no dispute of material fact and nXn is entitled to judgment as a matter of law. *See Proveris Scientific Corp. v. Innovasystems, Inc.*, 536 F.3d 1256, 1267-68 (Fed. Cir. 2008) (affirming judgment as a matter of law in favor of validity where there was no admissible expert testimony regarding invalidity).

## IV. ARGUMENT

### A. DEFENDANTS CANNOT PROVE INVALIDITY BASED ON 35 USC §102 BECAUSE THEY FAILED TO OFFER ANY <u>EXPERT TESTIMONY ON THE ISSUE.</u>

Invalidity based on anticipation "requires the presence in a single prior art disclosure of all elements of a claimed invention arranged as in the claim." *Connell v. Sears, Roebuck & Co.*, 722 F.2d 1542, 1548 (Fed. Cir. 1983). The Court of Appeals for the Federal Circuit has repeatedly reaffirmed this long-standing interpretation of §102. Most recently, the CAFC found reversible error when a district court allowed anticipation to be decided by "a prior art disclosure of individual claim elements that 'could have been arranged' in a way that is not itself described or depicted in the anticipatory reference." *Therasense, Inc. v. Becton, Dickinson & Co.*, _ F.3d _, 2010 WL 254904, at *4, slip op. at 8 (Fed. Cir. Jan. 25, 2010). It is insufficient to find anticipation unless "a reference discloses within the four corners of the document not only all of the limitations claimed but also all of the limitations arranged or combined in the same way as recited in the claim." *Net MoneyIN, Inc. v. VeriSign, Inc.*, 545 F.3d 1359, 1371 (Fed. Cir. 2008). Further, any allegation of inherent disclosure to anticipate must be more than "[t]he mere fact that a certain thing *may* result from a given set of circumstances." *Cont'l Can Co. USA, Inc. v. Monsanto Co.*, 948 F.2d 1264, 1269 (Fed. Cir. 1991) (emphasis added). "For a claim to be anticipated, each claim element must be disclosed, either expressly or inherently, in a single prior art reference, and the claimed arrangement or combination of those elements must also be

disclosed, either expressly or inherently, in that same prior art reference." *Therasense*, 2010 WL 254904, at *5, slip op. at 10.

Because Defendants bear the burden of proof on invalidity, summary adjudication is appropriate where defendants fail to offer sufficient evidence to meet that burden. *See Golden Bridge Tech., Inc. v. Nokia, Inc.*, 527 F.3d 1318, 1321 (Fed. Cir. 2008) (noting that validity "may be decided on summary judgment"); *and Iovate Health Scis., Inc. v. Bio-Engineered Supplements & Nutrition, Inc.*, 586 F.3d 1376, 1380 (Fed. Cir. 2009) ("Patents enjoy a presumption of validity, … and a party seeking to invalidate a patent must overcome this presumption by facts supported by clear and convincing evidence.") (internal cites omitted). *See also Dayco Products, Inc. v. Total Containment, Inc.*, 329 F.3d 1358, 1371 (Fed. Cir. 2003) ("On the present record there is no basis … for a claim of invalidity of the asserted claims as being anticipated under 35 U.S.C. § 102 given the presumption of validity that applies to all patents … [and] the court should entertain summary judgment motions by plaintiff to dispose of these claims.") Because Defendants fail to offer any expert testimony to support their anticipation defense, they cannot meet their burden of proof and summary adjudication is appropriate. *Proveris Scientific Corp. v. Innovasystems, Inc.*, 536 F.3d 1256, 1267-68 (Fed. Cir. 2008) ("[W]ithout expert testimony to substantiate its invalidity defenses, the district court entered JMOL in favor of Proveris. … [W]e will not disturb the district court's grant of JMOL … on the issue of … invalidity.") Cf. *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1332 (Fed. Cir. 2009) (vacating summary judgment of no invalidity because the non-moving party supported its opposition with "numerous citations to expert testimony.").

Here, Defendants previously asserted that 19 identified patents and printed publications anticipated "some or all of the asserted claims of the '067 Patent." Anderson Decl., Ex. 1 at 6.

In order to prove these allegations, Defendants must prove that each of the 19 asserted references discloses, within its four corners "all of the limitations arranged or combined in the same way as recited in the claim" alleged to be anticipated. *Net MoneyIN*, 545 F.3d at 1371.

However, upon receiving the Report of Defendants Expert Stanley Peters Concerning Invalidity, nXn has learned that Defendants will not offer expert testimony regarding how any of the 19 asserted references discloses all elements of any claims of the '067 Patent. *See, e.g.* Anderson Decl., Ex. 3 at ¶17-24 (disclosing Dr. Peters' "Summary of Opinions"). The Peters Report fails to mention any analysis undertaken to determine whether any reference anticipates the '067 Patent. In addition, the Peters Report offers a lengthy, albeit misguided, explanation of how to analyze whether a patent is obvious under 35 U.S.C. §103. *See, e.g. Id.* at ¶84-90, 159-162, 169, 180, 181 and 183. However, Peters never provides any similar explanation of how to analyze whether a patent is anticipated by any single reference under 35 U.S.C. §102.

Moreover, the Peters Report is silent with respect to 10 of the 17 references identified as anticipatory in the Invalidity Contentions. Peters Report consists of the body of his report and an additional haphazard colletion of 13 claim charts. Of the 7 references from the Invalidity Contentions that are discussed in the body of the Peters Report, Peters only identifies one of those references as a primary reference for an obviousness combination. *Id.* at ¶160 (asserting that "Claim 1 is also obvious in light of Herz in combination with Braden-Harder. (ACC-2)").[2] A review of the 13 asserted claim charts, the Peters Report only cites one additional reference from the Defendants' invalidity contentions as primary in Dr. Peters analysis. *Id.* at ACC-4 (charting Cullis in view of Herz and Additional Prior Art References). Finally, only 4 references alleged to anticipate the '067 Patent in the Invalidity Contentions are even discussed in the body

---

[2] Even Herz's status as a primary reference is questionable, as the Peters claim chart ACC-2 itself actually alleges obviousness in light of Braden-Harder in view of Herz.

of Peters Report as a *secondary* reference.[3] The remaining three references are evidently lumped together as "Additional Prior Art References" in the Peters Report's attached claim charts. *See Id.* at ACC-1 through 13. Regarding the Amended Contentions, the Peters Report similarly neglects to argue that either printed publication anticipates the '067 Patent. In sum, despite ample opportunity, Defendants have offered no expert testimony to invalidate any claim of the '067 Patent for anticipation. Furthermore, they cannot do so now in an effort to oppose this motion. As a matter of law, because Defendants offer no expert testimony whatsoever to support any argument for invalidity based on anticipation, there is no dispute of material fact and nXn is entitled to judgment as a matter of law.

## CONCLUSION

For the foregoing reasons, nXn requests that the Court grant its motion and rule that the '067 Patent is not invalid under 35 U.S.C. §102 as a matter of law.

---

[3] These references are Cullis, Braden-Harder, Herz '087 and Kurtzman. *See* Anderson Decl, Ex. 2 at ACC-1 through 7 and 9 through 13.