# EXHIBIT 1

## quinn emanuel trial lawyers | silicon valley

555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL: (650) 801-5000 FAX: (650) 801-5100

WRITER'S DIRECT DIAL NO.
**(650) 801-5055**

WRITER'S INTERNET ADDRESS
**briancannon@quinnemanuel.com**

February 15, 2010

Chambers of the Honorable Randall R. Rader
United States Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, D.C. 20439

Re:  **PA Advisors v. Google Inc., et al.**
**No. 2:07-cv-480-RRR (E.D. Tex.)**
**Answering Letter Brief Opposing Plaintiff's Letter Brief Seeking Permission to File Motion for Summary Judgment**

Dear Judge Rader:

Defendants Google Inc. ("Google") and Yahoo! Inc. ("Yahoo") file this answering letter brief in opposition to Plaintiff's *Letter Brief Seeking Permission to File Motion for Summary Judgment of Validity*. Dkt. 395. Plaintiff's request is untimely and not in compliance with this Court's orders concerning requests for permission to file summary judgment motions. Further, the relief sought through Plaintiff's proposed motion is futile. In its discovery disclosures, Defendants timely identified several references that they contend anticipate one or more of the asserted claims of the patent in suit. Plaintiff does not address *any* of these references in its proposed motion. Simply because Defendants' obviousness expert did not disclose an opinion on anticipation, does not lead to the conclusion that summary judgment of no anticipation is appropriate. Plaintiff's request should be denied.

**Plaintiff Missed The Court Deadline for Letter Briefs By Almost Three Months**

The Court set forth its requirements for summary judgment motions in an order dated July 24, 2008 and confirmed on October 1, 2009. Dkt. 165, 283. These orders require that a party seeking to file a motion for summary judgment must file a five-page letter brief *60 days*

quinn emanuel urquhart oliver & hedges, llp
LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL (415) 875-6600 FAX (415) 875-6700
CHICAGO | 250 South Wacker Drive, Suite 230, Chicago, Illinois 60606-6301 | TEL (312) 463-2961 FAX (312) 463-2962
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100
TOKYO | Akasaka Twin Tower Main Bldg., 6th Fl., 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81 3 5561-1711 FAX +81 3 5561-1712

before the deadline for dispositive motions. After the Court confirmed this procedure (in an order dated October 1, 2009) the parties stipulated to an amended case schedule, which set forth that the "Deadline to file letter brief requesting permission to file summary judgment motions" was "11/16/09 – 60 days prior to the deadline to file dispositive motions." Dkt. 300 at Step 26.

Despite a stipulated and court ordered deadline, Plaintiff never filed a letter brief requesting permission to file a summary judgment motion of no anticipation. In contrast, Google and Yahoo filed letters briefs seeking permission to file summary judgment motions of non-infringement, which this Court granted on December 14, 2009. Dkt. 330. Google and Yahoo then timely filed their motions for summary judgment of non-infringement.

Thus, although Plaintiff styles its request as "Notice of Compliance With Court's Motion Practice Order," the request is untimely and not in compliance with this Court's orders. Plaintiff both has missed the November 16, 2009 deadline, and has submitted papers in excess of the five-page limit. In its filing, Plaintiff has not sought leave for relief from the deadline or the page limits. Accordingly, Plaintiff's request should be denied.

**Plaintiff Missed The Deadline For Summary Judgment Motions**

Not only did Plaintiff miss the deadline for filing letter briefs by almost three months, Plaintiff also missed the final deadline for filing summary judgment motions. Since at least November 2009, the deadline for such motions was set for January 15, 2010. *See* Dkt. 300 at Step 35 ("Deadline for filing dispositive motions, including motions on invalidity and unenforceability" is "1/15/10"). During a hearing on January 7, 2010, at *Plaintiff's* request, the Court extended the deadline for summary judgment motions that did not pertain to divided infringement until January 29, 2010. At that time, even though it possessed Defendant's expert report on invalidity, Plaintiff did not mention even the possibility of seeking an additional deadline extension.[1] Plaintiff instead filed its letter brief on February 8, 2010, well after the final deadline for summary judgment motions and in the midst of the parties' pre-trial preparations. Failure to comply with the final deadline provides an independent basis for denying leave because such failure prejudices Google and Yahoo during the last weeks before trial by adding unexpected filings.

The schedule and letter brief requirements are ordered for a reason – they allow the parties to prepare for trial in an orderly manner. In the exceptional case, a party may seek leave to make motions or other filings that exceed the deadlines for good cause or by the stipulation of

---

[1] Defendants served their expert report on invalidity on January 4, 2010. Their expert focused his invalidity analysis on obviousness and did not address the issue of anticipation. Plaintiff asserts in its letter brief that prior to receiving Defendants' expert report on obviousness, it had no way of knowing Defendants' arguments on invalidity. Dkt. 395, Ex. A at 1-2. However, although Plaintiff possessed this report 11 days before the initial deadline for filing summary judgment motions, Plaintiff did not seek leave to file such a motion within the deadline. Instead, without explanation, Plaintiff waited more than a month before seeking leave to address what it characterizes as failings in Defendants' expert report.

the other parties. Plaintiff has not sought leave from the Court ordered deadlines and did not even try to ask Google's or Yahoo's agreement to stipulate to the late filing.

**Plaintiff's Motion Lacks Grounds For A Judgment Of No Anticipation**

Finally, even if the Court were to grant Plaintiff relief from having to comply with the deadlines and procedures for seeking leave to file a summary judgment motion, the request should be denied because the motion would be futile. The sole basis for Plaintiff's late motion for summary judgment of no anticipation is that the January 4, 2010 expert report of Defendants' obviousness expert did not address anticipation. But this expert report on obviousness does *not* lead to the conclusion that a judgment of no anticipation is warranted.

Plaintiff acknowledges in its filings that Defendants identified several patents and publications that anticipate one or more claims of the patent-in-suit. Dkt. 395, Ex. 1 at 1. In fact, there is no dispute that Defendants fully complied with Patent Local Rule 3-3 ("Invalidity Contentions") by identifying each item of prior art that anticipates the patent claims, providing a chart that matches the elements of each individual prior art reference with the elements of the claims, and producing a copy of the prior art references. *See, e.g.*, U.S. No. 6,182,068 ("Personalized Search Methods") and No. 5,835,087 ("System for Generation of Object Profiles for a System for Customized Electronic Identification of Desirable Objects"). Plaintiff's proposed motion does not address any of the prior art identified in Defendants' disclosures. These references are understandable without expert testimony explaining how they anticipate, and Plaintiff makes no argument to the contrary.

Given the disclosures, should this case proceed to trial, Defendants are entitled to enter some or all of the identified prior art into evidence and seek a verdict of invalidity, including on grounds of anticipation. Accordingly, Plaintiff provides no basis for its proposed summary judgment motion and its request to file it should be denied. *Abstrax, Inc. v. Dell, Inc.*, No. 07-cv-221, 2009 U.S. Dist. LEXIS 93607, at *5-6 (E.D. Tex. Sept. 15, 2009) (denying plaintiff's summary judgment motion as to anticipation where the defendant's expert discussed only limited invalidity arguments although defendant had served extensive invalidity disclosures) (citing *Union Carbide Corp. v. American Can Co.*, 724 F.2d 1567 (Fed. Cir. 1984)).

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's letter brief requesting permission to file a motion for summary judgment of validity.

Very truly yours,

Brian Cannon
01980.51319/3324850.1

3