UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PA ADVISORS, LLC,<br><br>    Plaintiff,<br><br><br><br>GOOGLE INC., ET AL.,<br><br>    Defendants. | CASE NO. 2-07-CV-480-RRR<br><br><br><br>Honorable Randall R. Rader, Presiding |

# GOOGLE'S EMERGENCY MOTION TO EXTEND THE CLOSE OF EXPERT DISCOVERY FOR CERTAIN EXPERT WITNESSES AND THE DEADLINE TO FILE MOTIONS AND OBJECTIONS RELATED TO PLAINTIFF'S EXPERT WITNESSES

## Introduction

Google hereby moves for an extension of time to file *Daubert* motions, objections, and motions *in limine* related to Plaintiff's expert witnesses Thomas Rhyne, Alan Gordon and Stephen Becker. Plaintiff has represented that it does not oppose this relief, which is necessitated by the inability of Plaintiff to provide its experts until the last two days of expert discovery, or later.

Google also seeks to extend the close of expert discovery for the deposition of its experts Edward Fox and Keith Ugone. Fox offered an opinion rebutting Rhyne's opinion on infringement and Ugone offered an opinion rebutting Becker's opinion regarding damages. Because Rhyne and Becker are not available for deposition until the last two days of expert discovery or, in the case of Becker, after the close of expert discovery, it is necessary for the Fox and Ugone depositions to be taken thereafter--March 3 and 4 for Fox and March 5 for Ugone.

Google requests an extension of expert discovery for those depositions. Plaintiff has not told Google if it opposes this requested relief.[1]

Google thought motion practice would be unnecessary, and held off filing a motion to compel earlier dates for Plaintiff's experts due to Plaintiff's suggestion it would cooperate on these issues. However, Plaintiff is now refusing to cooperate even though Google's requested relief stems from the fact that Plaintiff is not able to produce its experts in a timely manner. With the deadline for expert depositions, motions *in limine*, *Daubert* motions, and objections to experts just four days away, Google's requested emergency relief is necessary.

## Background

### I. DEFENDANTS PROPOSE DATES FOR EXPERT DEPOSITIONS CONSISTENT WITH THE COURT'S DEADLINES.

At the teleconference hearing held on December 28, 2009, the Court set February 19, 2010 as the deadline for the completion of expert discovery, *Daubert* motions, motions *in limine*, and objections to expert witnesses. (Roberts Dec., Ex. 1 at 64:1-65:11.) The deadline was moved to February 19 from February 12, based on Plaintiff's request for an additional week due to Plaintiff's stated intention to supplement its expert report on infringement. (*Id.*)

The parties served their opening expert reports on January 4, 2010. On January 11, Defendants asked Plaintiff to identify dates the following week on which its experts were available for deposition. (Roberts Dec., Ex. 2, 1/11/10 email from S. Yovitz.) On January 15, Plaintiff responded stating that Plaintiff's experts, including Dr. V. Thomas Rhyne, Plaintiff's infringement and validity expert, were available the week of February 8th. (*Id.*) On January 21, Defendants accepted that offer with respect to Rhyne and asked for his availability that week. (*Id.*) Defendants proposed the week of February 1 for Becker's deposition. (*Id.*)

---

[1] Defendant Yahoo! does not oppose Google's requested extensions.

The parties planned to discuss deposition scheduling by phone on January 25, but Plaintiff cancelled the call ten minutes prior. (Roberts Dec., ¶ 4.) Then, on January 27, Defendants proposed a schedule for the deposition of all three parties' experts. Defendants' proposed schedule made four of Defendants' six experts (Ugone, Woodford, Peters, and Mossinghoff) available in the first two weeks of February, and the remaining two experts available the week of February 15.[2] Defendants proposed that Rhyne's depositions by Google and Yahoo be taken the week of February 8th, on February 10 and 11. (*Id.*, Ex. 3.)

On a January 28, 2010 teleconference, Plaintiff's counsel told Defendants that, due to upcoming surgery of a family member, its damages expert Becker would not be available for deposition prior to the February 19th cut-off. (Perlson Decl. at ¶ 2.) On that call, Google indicated it would have no objection to taking Becker's deposition after February 19 given the circumstances. Google, however, also made clear that this would further delay the deposition of Google's rebuttal damages expert, Ugone and that Ugone's deposition may need to occur in the week following the March 1 pre-trial conference. Plaintiff expressed no objection to this timing and instead committed to work cooperatively to schedule the expert depositions. On February 4, Defendants confirmed Becker's deposition for February 23 and 24.

## II. PLAINTIFF DELAYS IN CONFIRMING DEPOSITION DATES AND WITHDRAWS DATES PREVIOUSLY OFFERED FOR ITS EXPERTS.

Plaintiff did not respond to Defendants' January 27 proposed schedule with respect to the remaining experts until February 3. On a call, Plaintiff told Defendants that, despite previously offering him for the week of February 8, Rhyne would now not be available for deposition until

---

[2] The depositions of Defendants' experts on invalidity and inequitable conduct, Peters and Mossinghoff, respectively, were taken on February 9 and 12. As discussed herein, the depositions of Ugone and Woodford – Google and Yahoo!'s rebuttal experts on damages – were postponed until after February 19.

February 16 and 17. (Roberts Dec., ¶ 8.) Plaintiff also informed Defendants that its inequitable conduct rebuttal expert, Alan Gordon, would not be available for deposition until March 4, over a week after the expert discovery cutoff. (*Id.*) Plaintiff claimed that Gordon was in trial and did not have any availability for deposition prior to March 4. (*Id.*) On the same call, Google advised Plaintiff that Ugone's next available date after Becker's proposed date was March 5. (*Id.*) Again, Google had offered an earlier date for Ugone's deposition during the expert discovery period, but that deposition needed to be postponed to accommodate Plaintiff's expert Becker.

On February 4, when Google was under the impression that Plaintiff would be producing Rhyne no later than February 16 and 17, Google confirmed its rebuttal expert on non-infringement, Fox, would be available for deposition on February 17 (which was initially offered on January 27), which would allow Rhyne to be deposed on issues of infringement prior to Fox, following the burden of proof on infringement. (Roberts Dec., Ex. 6) Then, on February 9, before Google had a chance to confirm attorney coverage for the February 16 date for Rhyne's deposition, Plaintiff informed Defendants that Rhyne would only be available for deposition on February 18 and 19 – the day before and the day of the close of expert discovery *Daubert* motions, motions *in limine*, and objections to expert witnesses. (*Id.*, ¶ 12.)

After numerous requests from Google (Roberts Dec., Exs. 6, 7, 12), on February 11, Plaintiff informed Defendants that, assuming his trial ends, Gordon would be available for deposition on February 19 – the last day of expert discovery, and the day *Daubert* motions are due. (*Id.*, Ex. 10.)

### III. PLAINTIFF APPEARS TO COOPERATE AND THEN CHANGES COURSE.

When Plaintiff withdrew its offer to produce Rhyne on February 16 and 17, Google informed Plaintiff that because Rhyne needed to be deposed before Fox, Google could not make Fox available on February 17 and 18. (Roberts Dec., Ex. 8). Then, on February 11, at Plaintiff's

request, Google determined what dates Fox would be available for deposition after Rhyne. (Perlson Dec., at ¶ 4.) Google offered Fox on March 3. Plaintiff's counsel represented that this would likely would not be a problem, but needed to confirm with another of his co-counsel. (*Id.*)

The next day, February 12, Plaintiff's counsel asked if Google could make Fox available for extra time on March 4 if necessary. (*Id.*, ¶ 12) Google checked Fox's availability, and promptly replied that this would be acceptable. (*Id.*) Later that day, however, Plaintiff's counsel did an about face and sent Google's counsel an email "reserving rights" regarding Fox not going forward on February 16 and 17, but nevertheless requested that Google hold March 3 and 4 for Plaintiff to depose him. (Perlson Dec., Ex. 4.) On a call shortly after Plaintiff's email, Google reiterated Rhyne needed to be deposed before Fox, and that Plaintiff should not use its own inability to produce Rhyne before the last two days of expert discovery against Google. (Perlson Dec., ¶ 6.) Then, when Google also asked Plaintiff's counsel to confirm March 5 for Ugone's deposition, Plaintiff's counsel said someone on his team would get back to Google, said "have a good weekend," and then hung up on Google's counsel, preventing further discussion. (*Id.*)

Google then sent a confirming email to Plaintiff, advising that Google would seek relief moving the *Daubert* deadlines for Plaintiff's experts, and to move the close of expert discovery for depositions of Fox and Ugone. (*Id.*, Ex. 5.) Google asked Plaintiff if it would agree to the latter relief, as it had only previously agreed to the former. (*Id.*). Plaintiff did not respond.

Google now seeks relief from this Court because, without it, Google will be prejudiced in its ability to file *Daubert* or other motions relating to any of Plaintiff's experts by the February 19 deadline. Google further needs this relief to prevent future disputes regarding the delay of the Fox and Ugone depositions to accommodate Plaintiff's own inability to make its experts

available during discovery. Google should not be prejudiced because of Plaintiff's failure to plan and refusal to cooperate, which has forced Google's hand and requires emergency relief.

**Argument**

I.  **THE DEADLINE FOR *DAUBERT* MOTIONS AND EXPERT OBJECTIONS, AND EXPERT-RELATED MOTIONS *IN LIMINE* SHOULD BE POSTPONED TO PERMIT GOOGLE TO DEPOSE PLAINTIFF'S EXPERTS.**

The deadline for *Daubert* motions and objections to experts, is currently February 19. Plaintiff has already deposed Google's experts on inequitable conduct and invalidity. Assuming no further changes to the schedule, Rhyne will be deposed by Yahoo and Google on February 18 and 19, Gordon on February 19, and Becker on February 23 and 24.

In order to permit Google to consider these experts' depositions in filing *Daubert* motions, Google requests that the deadline for these filings be extended as follows:

- The deadline for *Daubert* motions with respect to Rhyne and Gordon, should be extended to February 23, 2010.

- The deadline for *Daubert* motions, objections, and motions in *limine* with respect to Becker should be extended to February 26, 2010.

Plaintiff has represented to Google that it would not oppose this relief.[3] (Perlson Decl. at ¶ 2.) Likewise, Google would not oppose a reasonable extension for deadlines related to Fox and Ugone.

II. **THE DEADLINE FOR EXPERT DISCOVERY SHOULD BE EXTENDED TO PERMIT GOOGLE TO PRODUCE ITS REBUTTAL EXPERTS FOR DEPOSITION AFTER PLAINTIFF'S EXPERTS.**

Plaintiff bears the burden of proof on infringement and damages. At trial, it will present its case in chief on those issues before the Defendants. Per the Court's Docket Control Order, Plaintiff's expert reports on these issues were due prior to Google's rebuttal reports. (Dkt. No.

---

[3] Given that this motion also seeks separate relief for which Plaintiff has not yet similarly indicated agreement, Plaintiff has not assented to the entire content this motion.

300.) Plaintiff's experts on infringement and damages should be deposed prior to Google's experts on these issues. Google's rebuttal witnesses, should have the benefit of the opportunity to be informed of the testimony of Plaintiff's experts before their depositions.[4] This should be non-controversial and is customary in patent cases.

Google had thought this would not be an issue. Google agreed to extend expert discovery with respect to Plaintiff's damages expert Becker and Plaintiff had represented that it would do the same for Ugone, but later withheld agreement to do so. Further, on February 12, Plaintiff sent Google's counsel an email saying that Plaintiff "reserve[s] all rights" with respect to Google's offer to produce Fox on March 3 and 4 due to Plaintiff's inability to offer Rhyne before February 18 and 19—despite asking Google to confirm these dates for Fox that same day. (Perlson Dec., Ex. 4.)

After Plaintiff's counsel hung up on Google's counsel on February 12, Google sent an email asking whether or not Plaintiff was opposed to extending expert discovery so that it could produce Fox on March 3 and March 4 (7-9 a.m.), and Ugone on March 5. Plaintiff has yet to respond. Accordingly, to avoid any later disputes and to preclude Plaintiff from using its own

---

[4] With respect to Fox, Plaintiff has no cause to demand that Google produce him before Plaintiff produces Rhyne. Rhyne is Plaintiff's infringement expert (as well as its validity expert). Plaintiff has already taken Google's main expert on invalidity, Peters, for deposition last week. Fox, however, is primarily Google's rebuttal expert on the issue of infringement. Fox also submitted a short, 20-page report opining that the patent-in-suit is not enabled. This does not justify him going first or the time and cost for two separate depositions and preparation sessions. Indeed, on a February 11 phone call, Google's counsel asked Plaintiff if, in light of Plaintiff's demand that Fox be deposed before Rhyne, Plaintiff would also agree to let Google present its case first at trial. Plaintiff refused. (Perlson Dec., ¶ 6.) As a matter of fundamental fairness, Plaintiff's expert should go first in deposition as well.

inability to provide experts in a timely manner against Google, Google hereby requests leave to extend the deadline for expert discovery so Fox and Ugone may be deposed on those dates.[5]

## Conclusion

Based on the foregoing, Google respectfully requests an Order:

- Extending the deadline for *Daubert* motions, objections, and motions in *limine* with respect to Rhyne and Gordon from February 19, 2010 until February 23, 2010.

- Extending the deadline for *Daubert* motions, objections, and motions in *limine* with respect to Becker from February 19, 2010 until February 26, 2010.

- Extending the close of expert discovery with respect to Fox and Ugone until March 4 and March 5, respectively.


Dated: February 15, 2010

Respectfully submitted,

By: ___/s/_____
David A. Perlson
Charles K. Verhoeven
California Bar No. 170151
Quinn Emanuel Urquhart Oliver & Hedges, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel.: (415) 875-6600
Fax: (415) 875-6700
Email: charlesverhoeven@quinnemanuel.com

Brian C. Cannon
California Bar No. 193071
Quinn Emanuel Urquhart Oliver & Hedges, LLP
555 Twin Dolphin Dr
Suite 560

---

[5] While Google could have moved to compel Rhyne's deposition when Plaintiff (twice) withdrew its offered dates for Rhyne. Google did not do so because, as detailed above, it appeared the parties could come to agreement and avoid Court intervention. However, after Google provided dates on March 3 and 4 for Fox as Plaintiff requested, Plaintiff said these same dates were unacceptable. The motivation of Plaintiff's about face is not clear, but it should not be used to Google's prejudice.

Redwood Shores, CA 94065
Tel. (650) 801-5000
Fax: (650) 801-5100
Email: briancannon@quinnemanuel.com


Harry L. Gillam Jr.
Texas Bar No. 07921800
gil@gillamsmithlaw.com
Gillam & Smith LLP
303 South Washington Avenue
Marshall, TX 75670
Tel.: (903) 934-8450
Fax: (903) 934-9257

Melissa R. Smith.
Texas Bar No. 24001351
melissa@gillamsmithlaw.com
Gillam & Smith LLP
303 South Washington Avenue
Marshall, TX 75670
Tel.: (903) 934-8450
Fax: (903) 934-9257

ATTORNEYS FOR DEFENDANT
GOOGLE INC.

# CERTIFICATE OF CONFERENCE

On several dates, counsel for all parties met and conferred regarding the subject matter of this motion.

Following emails dated January 27 and 28, counsel conferred by telephone on January 28, 2010. These persons included Marc Fenster for Plaintiff and David Perlson for Google, as well as portions of the call with Andrew Spangler and David Pridhorn. Following an email dated February 2, counsel conferred by telephone on February 3, 2010. These persons included David Pridham and Debera Hepburn for Plaintiff, Andrea Pallios Roberts for Google, and counsel for Yahoo. Following emails dated February 4 and 5, counsel conferred by telephone on February 8, 2010. These persons included Andrew Spangler, David Pridham, and Marc Fenster for Plaintiff, Brian Cannon, Andrea Pallios Roberts, Harry "Gil" Gillam and Melissa Smith for Google, and counsel for Yahoo. Following emails dated February 9, 10, and 11, counsel conferred by telephone on February 11 and 12, 2010. These persons included David Pridham and Marc Fenster for Plaintiff and David Perlson for Google. While there was significant effort and discussion in attempting to resolve the issues set forth in the motion, the parties were unable to reach a resolution, hence the filing of this motion.

/s/ David A Perlson
David A. Perlson

# CERTIFICATE OF SERVICE

On February 15, 2010 I caused to be served the foregoing by email, on the following persons at the identified addresses.

/s/
Andrea Pallios Roberts

Andrew Wesley Spangler
Spangler Law PC
208 N. Green St., Suite 300
Longview, TX 75601
903-753-9300
Fax: 903-553-0403
Email: spangler@spanglerlawpc.com

David Michael Pridham
Law Office of David Pridham
25 Linden Road
Barrington, RI 02806
401-633-7247
Fax: 401-633-7247
Email: david@PridhamIPLaw.com

Debera Hepburn
Hepburn Law Firm PLLC
P.O. Box 118218
Carrollton, Texas 75011
Tel. (214) 403-4882
Fax (888) 205-8791
Email: dhepburn@heplaw.com

Harold Kip Glasscock , Jr
Kip Glasscock Attorney at Law
550 Fannin
Ste 1350
Beaumont , TX 77701
409/833-8822
Fax: 14098384666
Email: kipglasscock@hotmail.com

Patrick Rolf Anderson
Patrick R. Anderson, PLLC
4225 Miller Rd., Bldg. B-9, Suite 358
Flint, MI 48507
517-303-4806
Fax: 248-928-9239
Email: patrick@prapllc.com

Mark Fenster
Stanley Thompson
Andrew Weiss
Alexander Chester Giza
Russ, August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
(310) 826-7474
Fax: (310) 826-6991
Email: mfenster@raklaw.com
Email: sthompson@raklaw.com
Email: aweiss@raklaw.com
Email: agiza@raklaw.com

John M. Bustamante
jmb@BustamanteLegal.com
BUSTAMANTE, P.C.
54 Rainey Street, No. 721
Austin, Texas 78701
Tel. 512.940.3753
Fax. 512.551.3773

Elizabeth Stoebner Wiley
The Wiley Firm, PC
P. O. Box 303280
Austin , TX 78703-3280
512/560-3480
Fax: 512-551-0028
Email: lizwiley@wileyfirmpc.com

ATTORNEYS FOR PLAINTIFF NXN TECH, LLC, formerly known as PA ADVISORS, LLC