UNTIED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PA ADVISORS, LLC,<br><br>　　　　Plaintiff,<br><br><br><br><br>GOOGLE INC., ET AL.,<br><br>　　　　Defendants. | CASE NO. 2-07CV-480-RRR<br><br>**DECLARATION OF ANDREA PALLIOS ROBERTS** |

# **DECLARATION OF ANDREA PALLIOS ROBERTS**

01980.51319/3324881.1

Dockets.Justia.com

I, Andrea Pallios Roberts, declare:

1. I am an attorney authorized to practice law in the State of California. I am an associate with the law firm of Quinn Emanuel Urquhart Oliver & Hedges, counsel of record for Google in this matter. I have personal knowledge of the facts stated herein.

2. On December 28, 2009, this Court held a pretrial conference and set the expert discovery deadline, as well as the deadlines for *Daubert* motions, motions *in limine*, and objections to experts, as February 19, 2010. Attached as Exhibit 1 is a true and correct copy of excerpts of the transcript of the December 28 hearing.

3. On January 11, 2010, Yahoo's counsel, on behalf of both Defendants, asked Plaintiff for the availability of its expert witnesses for deposition the following week. On January 15, Debera Hepburn, counsel for Plaintiff, responded that Plaintiff's experts were not available for deposition until the week of February 8. On January 21, Yahoo's counsel, on behalf of both Defendants, accepted this offer with respect to Plaintiff's infringement expert, Dr. V. Thomas Rhyne, and proposed the week of February 1 for the deposition of Stephen Becker, Plaintiff's damages expert. Attached as Exhibit 2 is a true and correct copy of this email exchange.

4. The parties planned to discuss expert deposition scheduling by telephone on January 25. Plaintiff, however, cancelled that call ten minutes prior.

5. Having not heard anything from Plaintiff's counsel regarding deposition scheduling, on January 27, Defendants proposed a schedule for the depositions of all three parties' experts. Attached as Exhibit 3 is a true and correct copy of my January 27 email.

6. On January 28, Defendants asked Plaintiff to provide dates on which any of its rebuttal experts were available for deposition. Attached as Exhibit 4 is a true and correct copy of my January 28.

7. Receiving no response to our January 27 proposal, on February 2, I followed up by email, requesting a response from Plaintiff. Attached as Exhibit 5 is a true and correct copy of this email.

8. On February 3, 2010, I discussed scheduling on a teleconference with Plaintiff's counsel, David Pridham and Debera Hepburn, and Yahoo's counsel, Steve Yovitz. Plaintiff informed us that Dr. Rhyne would be available for deposition on February 16 and 17, 2010, not during the week of February 8 as previously stated. Plaintiff also stated that Alan Gordon, Plaintiff's rebuttal expert on inequitable conduct, would not be available for deposition until March 4. On that same call, I advised Plaintiff that Mr. Ugone would be available for deposition on March 5.

9. On February 4, I sent an email on behalf of both Defendants responding to Plaintiff's February 3 proposals. Attached as Exhibit 6 is a true and correct copy of this email.

10. The parties exchanged several emails on February 4 and 5, in which we asked Plaintiff to confirm deposition dates and Plaintiff did not. Attached as Exhibit 7 is a true and correct copy of this email string.

11. On February 8, the parties discussed scheduling again by phone. On the call for Google were Brian Cannon, Harry "Gil" Gillam, Melissa Smith and myself, for Yahoo was Jason White and Jennifer Doan, and for Plaintiff Andrew Spangler, David Pridham and Marc Fenster. During that call, Plaintiff did not confirm the March 5 date for Mr. Ugone's deposition and did not offer an earlier date for Mr. Gordon's deposition.

12. On February 9, Plaintiff's counsel, Marc Fenster, advised Defendants that Dr. Rhyne was no longer available for deposition on February 16 and 17, and instead would be available February 18 and 19. I summarized the parties' February 8 and 9 discussions on behalf of both Defendants by email dated February 9. Attached as Exhibit 8 is a true and correct copy of this email.

13. On February 10, Plaintiff's counsel, David Pridham, responded by email, stating that Mr. Ugone needed to be available for deposition the week of February 22, and that Dr. Rhyne and Mr. Gordon were available on the dates Plaintiff previously provided. I responded reiterating Defendants' positions with regard to each. Attached as Exhibit 9 is a true and correct copy of this email exchange.

14. On February 11, Plaintiff's counsel, David Priham, advised Defendants that Mr. Gordon's trial may be over on February 18 and that Mr. Gordon was holding February 19 for his deposition in this case, should his trial end by then. In this email, Plaintiff did not change its positions with respect to Dr. Rhyne and Mr. Ugone. Attached as Exhibit 10 is a true and correct copy of this email.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 15th day of February, 2010 at Redwood Shores, California.

    /s/ Andrea Pallios Roberts
Andrea Pallios Roberts