UNTIED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PA ADVISORS, LLC,<br><br>Plaintiff,<br><br><br><br>GOOGLE INC., ET AL.,<br><br>Defendants. | CASE NO. 2-07CV-480-RRR |

**<u>DECLARATION OF DAVID A. PERLSON</u>**

01980.51319/3320930.1

I, David A. Perlson, declare:

1. I am an attorney authorized to practice law in the State of California. I am a partner with the law firm of Quinn Emanuel Urquhart Oliver & Hedges, counsel of record for Google in this matter. I have personal knowledge of the facts stated herein.

2. On January 28, 2010, I participated in a telephonic meet and confer with Plaintiff's counsel. Marc Fenster, Andrew Spangler, and David Pridham participated on behalf of Plaintiff. During the call, I was advised that due to his wife's surgery, Plaintiff's damages expert Mr. Becker would not be available for deposition prior to February 19. I indicated that Google would not object to deposing Mr. Becker after February 19, but explained that this would delay the deposition of Google's rebuttal expert on damages until after that date, and that it may need to occur the week of March 1. Plaintiff's counsel did not object to this and instead represented that they would work with Defendants cooperatively on this scheduling issue.

3. On February 11, I sent Plaintiff's counsel, Marc Fenster, an email asking that he call me so we could discuss Plaintiff's apparent changed position regarding Mr. Ugone's deposition. I expressed concern in that email that Plaintiff seemed to change its position on this issue since our January 28 call. Attached as Exhibit 1 is a true and correct copy of this email.

4. On February 11, at Plaintiff's request during a call with Mr. Fenster and Mr. Pridham, my team determined what dates Dr. Fox would be available for deposition after Dr. Rhyne. By telephone, I offered Dr. Fox on March 3 and Plaintiff's counsel David Pridham represented that this likely would not be a problem, but he needed to confirm with his co-counsel.

5. The next day, on a teleconference, Marc Fenster asked if Google could make Dr. Fox available for extra time on March 4 if necessary. Google checked Dr. Fox's availability, and promptly replied that this would be acceptable. Attached as Exhibit 2 is a true and correct copy of this email.

6. Later that same day, February 12, on a teleconference and by email, Plaintiff's counsel Marc Fenster demanded that Google produce Dr. Fox on February 17 and 18. This demand was also made by email, a true and correct copy of which is attached as Exhibit 3. On the call with Mr. Fenster, I repeated that Google could not do so because Dr. Rhyne needed to be deposed first in accordance with the burden of proof on infringement. I also noted that Google was not changing its position re Dr. Fox's deposition, and that it was Plaintiff that had offered dates for Dr. Rhyne and then withdrawn them causing the need to reschedule Dr. Fox's deposition. I also asked Mr. Fenster if, in light of Plaintiff's demand that Dr. Fox be deposed before Dr. Rhyne, Plaintiff would also agree to let Google present its case first at trial. Plaintiff refused. I also asked Plaintiff to confirm March 5 for Mr. Ugone's deposition, which we had asked Plaintiff to confirm before. Mr. Fenster responded by saying that he could not confirm the date because another member of his team would be taking the deposition, said that member of his team would get back to me, said "have a good weekend" and hung up on me preventing further discussion.

7. Shortly thereafter, Plaintiff's counsel sent Google's counsel an email "reserving rights" regarding the March 3 and 4 dates for Dr. Fox, but nevertheless requested that he hold those dates for Plaintiff. Attached as Exhibit 4 is a true and correct copy of this email.

8. I followed up by email that day, but Plaintiff did not respond. Attached as Exhibit 5 is a true and correct copy of this email.

9. In the teleconferences in which I participated, Plaintiff's counsel represented that it would not oppose extending the deadline for *Daubert* motions with respect to Dr. Rhyne and Mr. Gordon to February 23, and with respect to Mr. Becker to February 26.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 15th day of February, 2010 at San Francisco, California.


       /s/ David A. Perlson
      David A. Perlson