

Marc A. Fenster
mfenster@raklaw.com

February 16, 2010

**Via Federal Express**

Chambers of the Honorable Randall R. Rader
United States Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, DC 20439

Re: *nXn Tech, LLC v. Google Inc.*, et al.;
 No. 2:07-cv-480-RRR (E.D. Tex.)
 Reply to Letter Brief Seeking Permission to File Motion for Summary Judgment

Dear Judge Rader:

Defendants Google Inc. and Yahoo! Inc. (collectively "Defendants") respond to the Letter Brief filed by Plaintiff nXn Tech, LLC ("nXn") by arguing that the request is (1) untimely and (2) futile. nXn will address each of these arguments in turn.

### nXn Could Not Have Anticipated The Grounds For Its Motion Prior To The Letter Brief Deadline

Defendants use three paragraphs to explain that nXn filed its letter brief after the Court's deadline of November 16, 2009. As of that late date, Defendants allowed nXn to believe that anticipation would be a disputed issue at trial, and asserted 19 different pieces of prior art, each alleged to anticipate the '067 Patent. It was not until January, when Defendants disclosed the Peters Report, that nXn learned that Defendants' expert would not offer any opinion or explanation regarding whether any of the 19 references are anticipatory. Further, it was not until February 9th of this year that nXn learned Defendants' own witness would *specifically contradict* the allegations made in Defendants' collective Invalidity Contentions. In fact, Mr. Peters specifically testified that he reviewed the Invalidity Contentions and disagreed with Defendants' conclusions that the cited references were anticipatory:

> Q. Okay. And did you review invalidity contentions dated November 14, 2008?
> A. So I think when I was -- you know, last fall, 2009 when I started this, I believe that was given to me. I skimmed through that and found it most difficult to understand. So if I reviewed it, it certainly didn't have much of an impact on my subsequent thinking.
> …

PA Advisors, LLC v. Google Inc. et al

> Q. To the extent the attorneys for the defendants asserted that any prior art references did anticipate the asserted claims of the Geller patent, is it fair to say that you did not reach the same conclusion?
>
> [Objection]
>
> THE WITNESS: I don't know which ones they thought anticipated off the top of my head. But as I --as I answered earlier, **I didn't find references that in my view anticipated.** And that's why I didn't put in my report that I thought the patent -- that claims were anticipated.

Peters Rough (24:9-15, 25:5-15) (emphasis added)(attached as Ex. A).

Because nXn could not possibly have known prior to the Letter Brief deadline that it had grounds to seek summary judgment regarding anticipation, the Court should allow nXn to proceed with briefing on this issue.

Defendants also allege that nXn's request is untimely as being made after the deadline for summary judgment motions. nXn received the Peters Report on January 4, 2010. Upon learning of the failure to address anticipation, nXn sought to depose Mr. Peters to confirm and understand Mr. Peters's opinions. However, once it became apparent that nXn could not depose Mr. Peters prior to the summary judgment deadline, nXn was left with no choice but to proceed with its request and subsequently confirm Mr. Peters's testimony. As Mr. Peters's deposition has now occurred, nXn has confirmed that Mr. Peters considered, and consciously decided not to provide any testimony in his written report regarding anticipation. Further, Mr. Peters has now testified specifically that he "did not find another patent that encompassed all of the ... limitations" of any of the asserted claims of the '067 Patent. Ex. A, Peters Rough (18:18-19, 23-25).[1]

### nXn's Motion For Summary Judgment Is Well-Grounded

There are no disputed material facts with respect to validity of the '067 Patent based on 35 U.S.C. §102. Anticipation requires demonstrating that a single prior art reference disclosing each and every element of one or more claims of the '067 Patent. *Connell v. Sears, Roebuck & Co.*, 722 F.2d 1542, 1548 (Fed. Cir. 1983). Defendants do not dispute Mr. Peters's complete and total failure to address anticipation in his report. Rather, they simply argue that they may proceed to present evidence of anticipation without presenting expert testimony.

---

[1] Defendants assert, but do not argue that nXn has exceeded the page limits in the Court's October 1 order. However, nXn attached its proposed motion as an Exhibit to the letter brief in order to provide the Court and Defendants with ample notice as to its arguments in support of the motion, not as an attempt to circumvent this Court's order. nXn's Letter Brief is well within the five-page limit.

However, Defendants *ignore* the fact that Mr. Peters directly contradicts *any* allegation of invalidity based on anticipation. First, Mr. Peters *repeatedly* testified that he had not seen any reference that anticipated the '067 Patent:

> I certainly didn't report that I think it was anticipated. ... I did not find another patent that encompassed all of the claim -- the limitations on any -- the claims.

Ex. A, Peters Rough (18:18-19, 23-25).

> Q. Okay. You did not find any prior art reference that would render any of the asserted claims invalid for anticipation; is that correct?
> A. I think that's right.

Ex. A, Peters Rough (19:1-4).

> Q. Okay. So it's fair to say that in your report you didn't state any conclusion that claim 1 was invalid based on any single reference either for anticipation or obviousness, correct?
> A. That's true.

Ex. A, Peters Rough (43:2-6).

Mr. Peters further testified that he reviewed the Defendants' Invalidity Contentions and *specifically disagreed* with any assertion that the references disclosed therein anticipated the '067 Patent. Ex. A, Peters Rough (24:9-15, 25:5-15) (*supra*). Thus, rather than maintaining silence with respect to the 19 prior art references previously alleged to anticipate, Mr. Peters now admits that no such reference teaches every element of the '067 Patent.

Defendants cite to *Abstrax, Inc. v. Dell, Inc.*, No. 07-cv-221, 2009 U.S. Dist. LEXIS 93607 (E.D. Tex. Sept. 15, 2009) (attached as Exhibit B) for the proposition that nXn is not entitled to summary judgment. However, the plaintiff in *Abstrax* sought too much, as the district court noted "the plaintiff's motion seeks to exclude all of the references." *Abstrax, Inc.*, 2009 U.S. Dist LEXIS 93607 at *6. As to the merits, the district court noted "that Dell's failure to offer expert testimony *renders inadmissible some, if not most, of its prior art references.*" *Id.* (emphasis added). Thus, the court required Dell to "disclose particularly which references it intends to use at trial" and provided Abstrax "the opportunity to renew its objection." *Id.*

In contrast, nXn does not move for summary judgment with respect to validity in its entirety. Rather, nXn only seeks summary judgment with respect to validity based on anticipation, due to the fact that Defendants' own expert now agrees and has testified that there are no references disclosed that anticipate the '067 Patent.

As a result, Defendants can point to no evidence creating an issue of material fact for a jury, and nXn is entitled to summary judgment regarding invalidity of the '067 Patent under 35 U.S.C. §102. Accordingly, nXn respectfully requests the Court

grant permission to file its Motion for Summary Judgment with the Court in order to streamline this case for trial.

Sincerely,

RUSS, AUGUST & KABAT

Marc A. Fenster
Counsel for Plaintiff
nXn Tech, LLC

Enclosure