# EXHIBIT B

Dockets.Justia.com



LEXSEE 2009 US DIST LEXIS 93607

**ABSTRAX, INC. Vs. DELL, INC.**

**CIVIL ACTION NO. 2:07CV221**

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS, MARSHALL DIVISION**

**2009 U.S. Dist. LEXIS 93607**

**September 15, 2009, Decided**
**September 15, 2009, Filed**

**SUBSEQUENT HISTORY:** Magistrate's recommendation at Abstrax, Inc. v. Dell, Inc., 2009 U.S. Dist. LEXIS 93608 (E.D. Tex., Sept. 18, 2009)
Objection overruled by, Adopted by Abstrax, Inc. v. Dell, Inc., 2009 U.S. Dist. LEXIS 93602 (E.D. Tex., Oct. 7, 2009)

**PRIOR HISTORY:** Abstrax, Inc. v. Dell, Inc., 2009 U.S. Dist. LEXIS 93604 (E.D. Tex., Sept. 11, 2009)

**CORE TERMS:** patent, summary judgment, infringement, abandonment, invalidity, abandoned, revival, maintenance fees, inequitable conduct, patentability, invention, expert testimony, undersigned, infringer, invalid, expert reports, obviousness, prior art, recommendation, anticipation, partial, ground specified, unintentional, counterclaims, recommends, Patent Act, affirmative defenses, filing fee, falsely represented, nonobviousness

**COUNSEL:** [*1] Paul M Janicke, Mediator, Pro se, Houston, TX.

For Abstrax, Inc., Plaintiff: Elizabeth L DeRieux, LEAD ATTORNEY, Daymon Jeffrey Rambin, Sidney Calvin Capshaw, III, Capshaw DeRieux, LLP, Longview, TX; John Jeffrey Eichmann, LEAD ATTORNEY, Christin K Cho, Gregory Scott Dovel, Sean Aaron Luner, Dovel & Luner, Santa Monica, CA; Charles Ainsworth, Parker Bunt & Ainsworth, Tyler, TX; Deborah J Race, Otis W Carroll, Jr, Ireland Carroll & Kelley, Tyler, TX; Franklin Jones, Jr, Jones & Jones - Marshall, Marshall, TX; Robert Christopher Bunt, Robert M Parker, Parker, Bunt & Ainsworth, P.C., Tyler, TX.

For Dell, Inc., a Delaware Corporation, Defendant: Roderick B Williams, LEAD ATTORNEY, K&L Gates LLP - Austin, Austin, TX; David B Weaver, David Dowling Hornberger, Efren Garcia, John Albert Fedock, Kristen Paris Foster, Michael Anthony Valek, R Floyd Walker, Syed Kamil Fareed, Willem G Schuurman, Vinson & Elkins - Austin, Austin, TX; Deron R Dacus, Ramey & Flock, Tyler, TX; William B Dawson, Vinson & Elkins - Dallas, Dallas, TX.

For Gateway, Inc., a Delaware Corporation, Defendant: Eric Hugh Findlay, LEAD ATTORNEY, Findlay Craft, Tyler, TX; Jeffrey Brian Plies, Steven Robert Daniels, Dechert LLP [*2] - Austin, Austin, TX.

For Dell, Inc., a Delaware Corporation, Counter Claimant: Roderick B Williams, LEAD ATTORNEY, K&L Gates LLP - Austin, Austin, TX; R Floyd Walker, Vinson & Elkins - Austin, Austin, TX.

For Abstrax, Inc., Counter Defendant: Daymon Jeffrey Rambin, Elizabeth L DeRieux, Capshaw DeRieux, LLP, Longview, TX; Sean Aaron Luner, Dovel & Luner, Santa Monica, CA.

For Gateway, Inc., a Delaware Corporation, Counter Claimant: William Bryan Farney, LEAD ATTORNEY, Dechert LLP - Austin, Austin, TX.

For Abstrax, Inc., Counter Defendant: Daymon Jeffrey Rambin, Elizabeth L DeRieux, Capshaw DeRieux, LLP, Longview, TX.

For Dell, Inc., a Delaware Corporation, Counter Claimant: Roderick B Williams, LEAD ATTORNEY, K&L Gates LLP - Austin, Austin, TX; Deron R Dacus, Ramey & Flock, Tyler, TX; R Floyd Walker, Vinson & Elkins - Austin, Austin, TX.

For Abstrax, Inc., Counter Defendant: Elizabeth L DeRieux, LEAD ATTORNEY, Daymon Jeffrey Rambin, Capshaw DeRieux, LLP, Longview, TX; Charles Ainsworth, Parker Bunt & Ainsworth, Tyler, TX; Christin K Cho, Gregory Scott Dovel, Sean Aaron Luner, Dovel & Luner, Santa Monica, CA; Deborah J Race, Otis W Carroll, Jr, Ireland Carroll & Kelley, Tyler, TX; Franklin [*3] Jones, Jr, Jones & Jones - Marshall, Marshall, TX; Robert Christopher Bunt, Robert M Parker, Parker, Bunt & Ainsworth, P.C., Tyler, TX.

**JUDGES:** CHARLES EVERINGHAM IV, UNITED STATES MAGISTRATE JUDGE.

**OPINION BY:** CHARLES EVERINGHAM IV

**OPINION**

**REPORT AND RECOMMENDATION**

**1. Introduction**

The above-referenced case was referred to the undersigned United States Magistrate Judge for pre-trial purposes in accordance with 28 U.S.C. § 636. Currently pending before the court is Abstrax's motion for partial summary judgment on Defendants' affirmative defenses and counterclaims that the '328 patent is invalid under Section 102 and 103 (Dkt. # 160). For the reasons discussed herein, the undersigned recommends granting the motion in part and denying the motion in part.

**2. Discussion**

**A. Procedural Posture**

In this patent infringement case, Abstrax filed a motion for partial summary judgment on Dell's affirmative defenses and counterclaims that the '328 patent is invalid under § 102 and § 103. Abstrax contends that Dell has supported, with expert testimony, only a limited number of its prior art references, and therefore Dell should be barred from presenting any additional anticipation or obviousness arguments that go beyond its expert reports. [*4] In addition, Abstrax contends it is entitled to summary judgment on Dell's abandonment defense. Dell has responded, and the motion is ripe for decision.

**B. Discussion**

*1. Anticipation and Obviousness*

Abstrax contends that, despite Dell's lengthy invalidity contentions, Dell supported only a few invalidity arguments with expert testimony. In particular, Abstrax argues that Dell supported its anticipation argument with expert testimony that addressed only the IBM reference ("the '637 patent"). In the context of obviousness, Abstrax contends that Dell's expert report addresses only the '637 patent in combination with the McDermott article which discusses the R1-XCON system. Abstrax argues:

> [e]vidence of invalidity must be clear as well as convincing. Typically, testimony concerning anticipation must be testimony from one skilled in the art and must identify each claim element, state the witnesses' interpretation of the claim element, and explain in detail how each claim element is disclosed in the prior art reference. The testimony is insufficient if it is merely conclusory.

*Schumer v. Lab. Computer Sys., Inc.,* 308 F.3d 1304, 1315-16 (Fed. Cir. 2002). Relying on this statement of law, Abstrax [*5] asks the court to award it summary judgment on all anticipatory references or obviousness combinations not discussed by Dell's expert report.

Dell responds by pointing to the Federal Circuit's decision in *Union Carbide Corp. v. American Can Co.,* 724 F.2d 1567 (Fed. Cir. 1984). In that case, the court stated that "the references and appellant's invention are easily understandable without the need for expert explanatory testimony." *Id.* at 1573; *see also Advanced Tech. Materials, Inc. v. Praxair, Inc.,* 228 F. App'x 983,

985 (Fed. Cir. 2007). Dell points to language in the '328 patent, which describes an abstract assembly step of "Paint background of block <color>," and urges that the technology and some of the prior art references may be understood without reference to expert testimony. In addition, to show the state of the art, Dell asserts that it may rely on some of its asserted references to set up the obviousness challenge included in its expert's report. In essence, Dell argues that Abstrax's motion is too broad insofar as it attacks all references other than those included in the expert's report.

The undersigned agrees with Dell's argument, and the motion for summary judgment should [*6] be denied on this ground. It may be that Dell's failure to offer expert testimony renders inadmissible some, if not most, of its prior art references. Nevertheless, the plaintiff's motion seeks to exclude all of the references, without regard to the complexity of any of them. As such, Abstrax has not shown that it is entitled to summary judgment. Prior to trial, however, Dell should be required to disclose particularly which references it intends to use at trial, and Abstrax should be given the opportunity to renew its objection on the grounds that there is no competent expert testimony to support any complex reference disclosed by Dell.

*2. Abandonment*

Abstrax also requests summary judgment on Dell's abandonment defense. As a defense to liability in this case, Dell contends that the patent is invalid because Abstrax abandoned its patent rights under 35 U.S.C. § 102(c). According to Dell, the evidence to be presented at trial will show that the prior owner, Motorola, intentionally abandoned the claimed invention of the '328 patent to avoid having to pay the necessary maintenance fees. Dell's expert, Mr. Mossinghoff, will show that Motorola owned the '328 patent when the first maintenance [*7] fee became due. According to Dell, Motorola business records establish that Motorola abandoned the invention to the public by making the decision to drop the patent and not pay the maintenance fee. Although the United States Patent and Trademark Office ("PTO") was persuaded to reinstate the patent by declarations attesting to an unintentional lapse in the payment of the fee, Dell contends that the PTO's revival of the '328 patent was not effective because the prior decision to abandon the invention was intentional. Although the briefs are not entirely clear on this point,

the question presented appears to be whether Dell may present a § 102(c) abandonment defense to the jury or, alternatively, whether Dell may present the facts supporting its defense to the court as a part of its inequitable conduct claim. Each issue will be examined.

First, the undersigned addresses the question in the context of whether Dell may pursue its abandonment defense in front of the jury as a part of its invalidity case. The Federal Circuit addressed a similar issue in *Aristocrat Technologies Australia Pty Ltd. v. International Game Technology,* 543 F.3d 657, 661 (Fed. Cir. 2008). In that case, an applicant [*8] failed to timely pay a filing fee. *Id.* The PTO mailed a notice of abandonment to the applicant, and the applicant later successfully petitioned the PTO to revive the abandoned application. *Id.* at 659-60. The applicant claimed that the delay in paying the filing fee was unintentional. *Id.* In a later infringement suit, an accused infringer raised improper revival as a defense to the case. *Id.* at 660. The district court awarded the accused infringer summary judgment of invalidity and declared the patent invalid. *Id.*

On appeal, the Federal Circuit considered whether the accused infringer could raise the improper revival as a defense to the infringement suit. *Aristocrat,* 543 F.3d at 660-61. The court observed that 35 U.S.C. § 282 provides a list of defenses available in an action involving the validity or infringement of a patent. Those defenses include:

> (1) Noninfringement, absence of liability for infringement or unenforceability;
>
> (2) Invalidity of the patent or any claim in suit on any ground specified in part II of this title as a condition for patentability;
>
> (3) Invalidity of the patent or any claim in suit for failure to comply with any requirement of sections 112 or 251 [*9] of this title,
>
> (4) Any other fact or act made a defense by this title.

*Id.* at 661. [1] In the district court, the accused infringer contended that the applicant had improperly revived an abandoned application and that this rendered the patent invalid. Because part II of Title 35 imposed a six-month

deadline for prosecuting an application, the district court agreed with the defendant and held that an accused infringer could raise the improper revival of the application as a defense in an infringement suit. *Id.* The Federal Circuit rejected this reasoning, and held that the revival of an abandoned application was not a "condition for patentability" within the meaning of § 282. *Id.* at 661-62. In reaching its conclusion, the court examined the text and the titles of §§ 101, 102, and 103 of the Patent Act. *Id.* at 661 ("These conditions are included in Chapter 10 of the Patent Act, entitled 'Patentability of Inventions,' *and the titles of the sections themselves make clear that they relate to fundamental preconditions for obtaining a patent.*")(emphasis added). The court remarked, "[w]hile there are most certainly other factors that bear on the validity or the enforceability of a patent, *utility* [*10] *and eligibility, novelty, and nonobviousness are the only so-called conditions for patentability.*" *Id.* at 661-62 (emphasis added). As a result, the court held that the accused infringer could not raise improper revival as "a ground specified as a condition for patentability." *Aristocrat,* 543 F.3d at 662.

> 1 Only the second and fourth categories listed in § 282 were implicated.

In addition, the court considered whether improper revival of an abandoned application constituted "any other fact or act made a defense by this title." *Id.* The court pointed to various other portions of Title 35 which expressly made certain matters "defenses" to infringement suits. *Id.* Improper revival was not one of these provisions, and the court declined the invitation to make it a defense to infringement suits. *Id.*

The present case is distinguishable from *Aristocrat* because Dell's abandonment contentions involve conduct that occurred after the patent issued. Nevertheless, the statement in *Aristocrat* that "utility and eligibility, novelty, and nonobviousness are the only so-called conditions for patentability" applies with equal force to this case because these are matters that must be established *before* a patent [*11] may issue. The relevant statutory section provides that "a person shall be entitled to a patent unless--. . . (c) he has abandoned the invention." 35 U.S.C. § 102(c). The cases cited by Dell involve the situation in which an applicant failed to prosecute his application diligently and engaged in conduct that indicated an intent to abandon an invention prior to issuance of the patent. In this case, however, Dell

is challenging the PTO's decision to reinstate an issued patent. This defense does not involve "[a] ground specified in part II of this title as a condition for patentability." Moreover, except as provided below, Dell has not shown that this defense is otherwise available to it under any of the remaining provisions of § 282. Accordingly, the undersigned recommends that the court grant partial summary judgment to Abstrax on Dell's defense of abandonment under § 102(c) to the extent Dell seeks to present that defense to the jury as a part of its invalidity case.

The second issue is whether Dell may assert this defense in the context of an inequitable conduct claim. 2 As Dell's expert set forth in his report, the Federal Circuit stated in *Ulead Systems, Inc. v. Lex Computer & Management Corp.,* 351 F.3d 1139 (Fed. Cir. 2003) [*12] that:

> Historically issues of unenforceablity have arisen in cases involving inequitable conduct occurring in the prosecution of patents. But, we see no reason why the doctrine should not extend into other contexts, like the present one, where the allegation is that inequitable conduct has occurred after the patent has issued and during the course of establishing and paying the appropriate maintenance fee. In this context, it is equally important that the PTO receive accurate information from those who practice before it.

*Id.* at 1144 (internal citations omitted).

> 2 Certain statements made in opposition to Dell's motion for continuance suggest that Abstrax does not challenge Dell's right to assert this defense in the context of its inequitable conduct case. *See* Abstrax's opposition to Dell's motion for a continuance (Dkt. # 217 at 5). The issue is addressed to prevent any misunderstanding of the intended scope of the recommendation.

In *Ulead,* the court extended the inequitable conduct doctrine to include a claim that a patentee had falsely represented its small entity status to the PTO to reduce the required maintenance fee. *Id.* at 1146. The court rejected the argument that a false declaration [*13] of small entity status was not material because it did not

induce issuance of the patent. *Id.* Instead, the court held that the affidavit was material to the PTO's acceptance of the reduced maintenance fees, and thus, survival of the patent. *Id.* The court further examined the evidence related to intent and found that triable issues of fact existed. *Id.* at 1146-47.

The present case presents similar allegations. As more fully detailed in Mr. Mossinghoff's report, Dell's argument is that the patentee falsely represented to the PTO that the failure to pay maintenance fees was unintentional and thereby wrongly induced the PTO to revive the '328 patent. Under *Ulead,* Dell may present these allegations in the context of a claim for inequitable conduct. To the extent Abstrax seeks summary judgment on this issue, the court should deny the motion.

## 3. Conclusion

For the above-stated reasons, the undersigned recommends granting in part and denying in part the plaintiff's motion for partial summary judgment on Defendants' affirmative defenses and counterclaims that

the '328 patent is invalid under Section 102 and 103 (Dkt. # 160).

A party's failure to file written objections to the findings, conclusions, [*14] and recommendations contained in this Report within ten days after being served with a copy shall bar that party from de novo review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United States Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

SIGNED this 15th day of September, 2009.

/s/ Charles Everingham IV

CHARLES EVERINGHAM IV

UNITED STATES MAGISTRATE JUDGE