UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

PA ADVISORS, L.L.C.,

        Plaintiff,

v.

GOOGLE INC., et al.,

        Defendants.

Civil Action No. 2:07-CV-480 RRR

# YAHOO! INC.'S REPLY IN SUPPORT OF ITS SECOND MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT

## I. Introduction

Plaintiff's opposition to Yahoo's second summary judgment motion demonstrates not only why Yahoo's motion should be granted, but also that this is an exceptional case, filed and maintained even though Plaintiff knew or should have known its ever-changing infringement allegations had no basis. Plaintiff has provided no basis for this Court to deny Yahoo's motion.

Rather than come forward with any *evidence* that satisfies the requirements set forth in Rule 56, Plaintiff presents an attorney declaration attaching its expert's supplemental report. Even if Plaintiff had complied with Rule 56, its expert report could not create a genuine issue of material fact sufficient to avoid summary judgment because its critical factual assertions are mere unsupported conclusions. For these reasons alone, Yahoo's motion should be granted.

Turning now to the "substance" of Plaintiff's opposition, Plaintiff asserts four new infringement arguments that were not addressed in Rhyne's supplemental expert report and cannot save its fatally deficient infringement theories. First, for claim 1, Plaintiff does not and cannot dispute that Rhyne accused only a single product of infringement: Yahoo's Sponsored Search. Plaintiff also does not dispute that Rhyne's sole basis for his opinion that Sponsored Search performs step 1(a) is a single document that does not describe the accused Sponsored Search product, but rather, describes Yahoo's Behavioral Targeting product. Recognizing this deficiency, Plaintiff tries to avoid summary judgment by concocting a new theory of infringement: the claim limitations are met by a "combination" of Yahoo's Sponsored Search and Behavioral Targeting products. In his expert report, Rhyne never asserted this "combination," and Plaintiff's belated and unsupported attorney argument alone cannot avoid a ruling in Yahoo's favor. Moreover, Plaintiff's attempt to rely upon a "combination" of accused products to prove infringement flies in the face of Federal Circuit case law requiring a plaintiff to

prove that each accused product satisfies each and every limitation of an asserted claim. Even under plaintiff's belated argument, Yahoo! does not infringe claim 1. Plaintiff bears the burden of proving Sponsored Search performs every step of the claimed method, something Plaintiff's "combination" argument concedes it cannot do.

Second, faced with uncontroverted evidence that Yahoo's Sponsored Search product does not use any linguistic patterns that "correspond to the user's social, cultural, educational, economic background as well as to the user's psychological profile," Plaintiff tries another new argument: this phrase is not a limitation of claim 1. This new argument directly contradicts Plaintiff's claim construction arguments admitting that this is a claim limitation by specifically arguing for a proposed construction. Plaintiff's new argument also contradicts the recent discussion with the Court on December 28, 2009, when the Court made it clear it would enforce this specific limitation in both claims 1 and 45. It even contradicts Plaintiff's supplemental expert report, which treated this language as a limitation. At no time before the filing of its responsive brief – not during claim construction, not during the hearing in December, and not in its supplemental expert report – did Plaintiff ever argue that this is not a limitation of claim 1, and it should be precluded from doing so now.

Third, with respect to claim 45 and its dependent claims, Plaintiff tries to dodge the issue of its expert's inconsistent and legally deficient use of the term "user" by focusing its argument on the term "user data profile." In doing so, Plaintiff fails to address Yahoo's argument that Plaintiff provided infringement theories relying upon inconsistent and unsupportable interpretations of the "user" of the accused systems. For Yahoo's Content Match product, Rhyne's only example of a "user" is an author of an article posted on the Internet, which does not even satisfy Plaintiff's own definition of a "user" as a "website operator." Indeed, the author

is neither a website operator nor a user of Yahoo's Content Match product. These same deficiencies hold true for Plaintiff's allegations concerning Yahoo's Behavioral Targeting product.

Fourth, as it did with claim 1, Plaintiff asserts that step (k) of claim 45, which requires that the user profile be representative of "an overall linguistic pattern of the user that substantially corresponds to the user's social, cultural, educational, economic background and to the user's psychological profile," is not a required claim limitation. In making this argument, Plaintiff expressly relies upon the parallel arguments that it made with respect to claim 1. This argument should be rejected because the sole premise of Plaintiff's argument for claim 1, the whereby clause argument, does not apply to claim 45. Even if the Court were to consider this belated argument, it is not applicable to claim 45 because step (k) does not include a "whereby" clause, and that claim in fact repeats the limitation in its preamble. Accordingly, Plaintiff has no basis for asserting that step (k) is not a limitation, and summary judgment of non-infringement of this claim should be granted for both of Yahoo's accused products.

For these reasons, summary judgment of non-infringement should be granted.

## II. Response to Plaintiff's Additional Statement of Facts

| | | | |
|---|---|---|---|
| 1. Denied | 4. Denied | 7. Denied | 10. Denied |
| 2. Admitted | 5. Denied | 8. Denied | 11. Denied |
| 3. Denied | 6. Denied | 9. Denied | 12. Denied |

## III. None of Plaintiff's Submissions Satisfy the Evidentiary Requirements of Rule 56

In response to Yahoo's motion for summary judgment, plaintiff submitted a declaration by its attorney attaching, as exhibits, its Amended Disclosures and the supplemental expert report of its expert, Dr. Rhyne. None of these submissions satisfies the evidentiary requirements

of Rule 56, which makes clear that "[w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading, rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." Fed.R.Civ. P. 56(e); Local Rule CV-56(d). Moreover, "[a] supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." *Id*. Clearly, as to the substance of its Amended Disclosure and Rhyne's supplemental expert report, the declaration of Plaintiff's attorney Alexander Giza fails to meet these requirements. Plaintiff's Amended Disclosure and Rhyne's supplemental expert report also fail to satisfy these requirements.

"Material that does not come within (the categories enumerated in Rule 56(c)) should not be considered." 6 Moore's Federal Practice § 56.11 (1-8) at 56-207 (2d ed. 1976) (footnote omitted). "Unsworn expert reports do not qualify as affidavits or otherwise admissible evidence for the purpose of Rule 56, and may be disregarded by the court when ruling on a motion for summary judgment." *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 1000 (5th Cir. 2001); *see also Nissho Iwai Am, Corp. v. Kline*, 845 F.2d 1300, 1306 (5th Cir. 1988) ("It is a settled rule in this circuit that an unsworn affidavit is incompetent to raise a fact issue precluding summary judgment."); *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 191 (5th Cir. 1991) (holding unsworn letter from expert inadmissible and insufficient to oppose summary judgment). Because none of Plaintiff's submissions with its opposition satisfy the requirements of Rule 56(e), Yahoo is entitled to summary judgment.

## IV. Yahoo's Sponsored Search Fails To Perform Step(a) of Claim 1 of the '067 Patent

With respect to Sponsored Search, Plaintiff's response suffers from a fatal flaw. Although Plaintiff argues that Rhyne relies on "numerous citations to Yahoo's own documents" (Pl. Resp. 9), Rhyne actually relies on a single document to support his opinion that Sponsored Search performs step (a) of claim 1. (Giza Decl., Ex. C, ¶ 49.) The single document on which Dr. Rhyne relies (info.yahoo.com/privacy/us/yahoo/opt_out/targeting/details.html) merely describes Yahoo's Behavioral Targeting product, not Sponsored Search. (*Id.*) It is undisputed that Yahoo does not use Behavioral Targeting is conjunction with Sponsored Search. (Riise Decl. ¶5.) Indeed, Plaintiff has not even alleged that Behavioral Targeting, alone or in conjunction with Sponsored Search, infringes claim 1 of the '067 patent.

Recognizing this fundamental flaw, Plaintiff attempts to salvage its infringement allegation by arguing inconsistently: (1) "[w]hether or not Behavioral Targeting is used in combination with Yahoo Sponsored Search is not a requirement of the claims and is not relevant to this Motion;" and (2) step 1(a) is somehow met by the "combination" of Sponsored Search and Behavioral Targeting. (Pl. Resp. 9.) Both arguments are factually and legally wrong. First, it is certainly relevant whether or not Behavioral Targeting is used in Sponsored Search because Rhyne's entire basis for opining that Sponsored Search performs step 1(a) is a citation to a document describing Behavioral Targeting, not Sponsored Search. Second, Plaintiff cannot prevent summary judgment by arguing claim limitations are met by a "combination" of two separate accused products, Sponsored Search and Behavioral Targeting without any evidence that they are used together or how they are used together. Plaintiff's new "combination" theory of infringement was never asserted by Rhyne in his supplemental expert report, nor asserted by Plaintiff in its Amended Disclosures, and Plaintiff's belated and unsupported attorney argument

alone cannot avoid summary judgment. Fed.R.Civ. P. 56(e)(2). Furthermore, Plaintiff bears the burden of proving that Sponsored Search embodies every limitation of the claim – something Plaintiff's "combination" argument expressly concedes it cannot do. *See Southwall Techs., Inc. v. Cardinal IG Co.*, 54 F.3d 1470, 1575 (Fed. Cir. 1995) (holding that the absence of a single limitation requires a finding of non-infringement). Consequently, Yahoo's Sponsored Search fails to meet the limitations of step (a) of claim 1.

## V. Yahoo's Sponsored Search Fails To Perform Step (i) of Claim 1 of the '067 Patent

Plaintiff's argument regarding step (i) fails for the same reasons as its argument regarding step (a). Rhyne's supplemental expert report lacks any factual support that Sponsored Search meets this limitation. All of Plaintiff's citations to Rhyne's supplemental expert report in its response refer to Behavioral Targeting, not Sponsored Search. (Pl. Resp. 10-11.) Again, it is undisputed that Behavioral Targeting is not used in Sponsored Search. (Riise Decl. ¶5.) Recognizing this, Plaintiff argues that "Dr. Rhyne's opinion is that Behavioral Targeting is used in conjunction with Yahoo Sponsored Search and Yahoo search to meet this limitation." (Pl. Resp. 10.) Similar to its flawed argument regarding step (a), Plaintiff cannot prevent summary judgment by arguing that step (i) is performed by the "conjunction" of two separate accused products. Plaintiff has not carried its burden to prove that Sponsored Search embodies every limitation of step (i) of claim 1.

Realizing that Plaintiff cannot show that Sponsored Search meets this claim limitation, Plaintiff argues, for the first time, that the phrase "whereby the linguistic characteristics of the data item correspond to the user's social, cultural, educational, economic background as well as to the user's psychological profile" is not a separate limitation that must be met to avoid summary judgment but rather simply recites "the intended result of the claimed method." (Pl.

Resp. 11-15.)  Plaintiff's new argument, however, runs contrary to the '067 patent's fundamental invention.  *Hoffer v. Microsoft Corp.*, 405 F.3d 1326, 1330 (Fed. Cir. 2005) (affirming and distinguishing the case from *Minton v. NASD*, 336 F.3d 1373, 1381 (Fed. Cir. 2003) because removing the "whereby" clause would be contrary to the fundamental invention, as described by the specification.)   Not only is the phrase repeated in the abstract, background of the invention, summary of the invention, preferred embodiments section of the '067 patent, the background of the invention makes it clear that "[i]t would be desirable to provide a system and method  for extracting and using linguistic patterns of textual data to assist a user in locating requested data that . . . corresponds to the user's professional, cultural, educational, and social backgrounds as well as to the user's psychological profile and thus addresses the user's 'unexpressed' requests." (White Decl., Ex. 1, 3:17-24.)  *See Fast Memory Erase, LLC v. Spansion, Inc.*, 2010 U.S. Dist. LEXIS 8658 (N.D. Tex. Feb. 2, 2010) (finding the whereby clause a limitation that should be construed because the term is found throughout the patent).  Moreover, plaintiff provides no evidence that the claimed method would always lead to the result of the whereby clause.  In fact, depending on the nature of the linguistic analysis employed, one may not be able to identify the information enumerated in the phrase.  Thus, the whereby clause does not simply express the intended result, rather it describes a limitation of the invention itself.

Moreover, Plaintiff's new argument contradicts the arguments Plaintiff made during claim construction.  In its opening brief regarding claim construction, Plaintiff did not argue that "psychological profile" was not a limitation of the claims, but rather that it meant "information regarding the behavioral and/or personality traits of a person."  (Dkt. 248 at 16.)  Plaintiff also argued "the inventor has used the term in an ordinary way and the plain and ordinary meaning of the term can be used to readily discern the meaning of the term . . . and Plaintiff's proposed

construction should be adopted." (*Id.* at 17.) Clearly, if Plaintiff believed the term was not a limitation, Plaintiff would not have proposed a construction of "psychological profile."

In addition, Plaintiff's new argument contradicts the discussion the parties had with the Court at the hearing on December 28, 2009. Specifically, the parties discussed these claim limitations in claims 1 and 45:

    JUDGE RADER:  An overall linguistic pattern of the user –

    MR. CANNON:  Right. So of you –

    JUDGE RADER:  --substantially corresponding method claim for generating a user data profile which is a user profile and Step K after – after the completion of this, you know, complex series of steps, Step K requires that the computer system store the user profile and it -- it be representative of an overall linguistic pattern of the user, that overall linguistic patter substantially corresponding to the user's social, cultural, educational, economic background and to the user's psychological profile.

    MR. CANNON:  So that not only is it defining in the specification, Your Honor, but in the actual claim, it confirms the pattern –

    JUDGE RADER:  Well, you're not going to have any trouble then if it's in the claim, are you?

    MR. CANNON:  I'm in Claim 45, Subsection K.

    JUDGE RADER:  Yes, I see that, but I mean, you're not going to have any trouble because you've got the language you need in the claim anyway, right, and you know that this Court is going to enforce the language of the claim very specifically?

(White Decl., Ex. 2, 25:18-26:20). Plaintiff's new argument also contradicts its own supplemental expert report which treated this phrase as a limitation of claim 1. (Giza Decl., Ex. C, ¶¶ 70-71.) At no time before it filed its response did Plaintiff argue the phrase in either claim 1 or claim 45 was not a limitation. Because Plaintiff cannot show that Sponsored Search performs step (i) of claim 1, Yahoo is entitled to summary judgment on independent claim 1 and dependent claims 3, 4, 6, 43 and 61.

## VI. Yahoo's Content Match Does Not Meet The Limitations of Claim 45

Claim 45(a) requires retrieval of "user linguistic data previously provided by the user." Plaintiff proposes a brand new definition of "user" but Plaintiff's new definition of user as "website content provider" does not avoid summary judgment. Rhyne's only support for his opinion that Content Match performs step (a) of claim 45 is the example of Schuyler Dixon, an author of an Associated Press article. (Giza Decl., Ex. C, ¶¶ 89-92.) Rhyne asserts that "[a]s I noted above, Mr. Dixon, as the author of the above-copied text, is the 'user' of claim 45." (*Id.* ¶ 92.) Still, Mr. Dixon is not a "website content provider." More importantly, Mr. Dixon cannot be said to have used Yahoo's services because he wrote an article published by a third party on the Internet. Rhyne's only example, therefore, fails under Plaintiff's definition. Second, Plaintiff's new "user" theory is untimely and improper. No citation in Plaintiff's response to its Amended Disclosure or to Rhyne's expert reports discloses this definition of "user" as a "website content provider." Third, Plaintiff's new definition is inconsistent with the purpose of the patent. Fourth, Plaintiff has different definitions for "user" in claims 1 and 45. Under Plaintiff's argument in claim 1, the "user" is the person viewing web pages and typing queries, while in claim 45, the "user" is a "website content provider." The "user" in claim 45 should not be treated different from the "user" in claim 1. The "user profile" in claim 45 is directed to a person other than the webpage publisher. The webpage publisher may be a business that cannot have a psychological profile. Content Match clearly fails to meet the limitation of step (a) of claim 45 and therefore Yahoo is entitled to summary judgment.

Content Match also does not perform step (k) of claim 45. Although Plaintiff admits that step (k) does not contain the word "whereby," Plaintiff now argues that the phrase "storing, …, said user data profile, representative of an overall linguistic pattern of the user,…, said overall linguistic pattern substantially corresponding to the user's social, cultural, educational, economic

background and to the user's psychological profile" is not a limitation. (Pl. Resp. 14.) Not only is this a clear limitation of claim 45 (particularly as it appears both in the claim's preamble and step (k)), but, again, Plaintiff proposed a construction for psychological profile during claim construction. (Dkt. 248 at 16-17.) Since the author, Mr. Dixon, is not the "user" of Content Match, it does not store any "user data profile". (Zhang Decl., ¶ 5.) Therefore, Content Match cannot meet this limitation of claim 45 and Yahoo is entitled to summary judgment.

## VII. Yahoo's Behavioral Targeting Does Not Meet The Limitations of Claim 45

Yahoo's Behavioral Targeting does not perform step (a) of claim 45. As with Content Match, Plaintiff applies alternating opinions regarding who the "user" in an attempt to avoid summary judgment. Plaintiff's new argument fails because the content of the web page or ad viewed is not linguistic data "previously provided by the user" meaning the person viewing the web page or ad. Moreover, Mr. Dixon, the author, is not a website content provider.

Behavioral Targeting also cannot meet the limitations of step (k) of claim 45. As explained above, Plaintiff's new argument that this phrase is not a claim limitation fails as a matter of law. Plaintiff also proposed a definition of "psychological profile" during claim construction. (Dkt. 248 at 16.) Behavioral Targeting never stores linguistic patterns of users. (Riise Decl., ¶ 6.) Rhyne's supplemental expert report discloses no more than an unsupported conclusion of infringement that is not sufficient to raise a genuine issue of material fact. *Intellectual Sci. and Tech. Inc. v. Sony Elecs., Inc.*, 589 F.3d. 1179 (Fed. Cir. 2009). Therefore, Yahoo is entitled to summary judgment because Behavioral Targeting does not perform step (k) of claim 45.

## VIII. Conclusion

For the foregoing reasons, Yahoo is entitled to summary judgment of non-infringement on all of the asserted claims of the '067 patent.

**YAHOO! INC.'S REPLY IN SUPPORT OF ITS SECOND MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT – Page 10**

Respectfully submitted,

/s/ J. Scott Andrews
Jennifer H. Doan
Email: jdoan@haltondoan.com
State Bar No. 08809050
Joshua R. Thane
Email: jthane@haltondoan.com
State Bar No. 24060713
J. Scott Andrews
Email: sandrews@haltondoan.com
State Bar No. 24064823
Halton & Doan
Crown Executive Center, Suite 100
6500 Summerhill Road
Texarkana TX 75503
Telephone: (903) 255-1000

William C. Rooklidge
Email: rooklidgew@howrey.com
State Bar No. 134483
Howrey, LLP
4 Park Plaza, Suite 1700
Irvine CA 92614-2559
Telephone: (949) 721-6900

Jason C. White
Email: whitej@howrey.com
State Bar No. 6238352
Howrey, LLP
321 N. Clark Street, Suite 3400
Chicago IL 60654
Telephone: (312) 595-1239

Brian A.E. Smith
Email: smithbrian@howrey.com
State Bar No. 188147
Howrey LLP
525 Market Street, Suite 3600
San Francisco CA 94105-2708
Telephone: (415) 848-4900

*Attorneys for Defendant Yahoo! Inc.*

# CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this the 16th day of February, 2010.

/s/ J. Scott Andrews
J. Scott Andrews