# EXHIBIT 2

```
                                                            1
IN THE U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF

            TEXAS, MARSHALL DIVISION

-------------------------:
                         :
PA ADVISORS,             :
                         :
         Plaintiff,      : Civil Docket No.
                         :
     vs.                 : 2:07-cv-00480-RRR
                         :
GOOGLE, INC., et al.,    :
                         :
         Defendant.      :
                         :
-------------------------:

                               Washington, D.C.

                         Monday, December 28, 2009

        The above-entitled matter came on for Pretrial

 Conference, pursuant to Notice.

        BEFORE:  HONORABLE RANDALL R. RADER, Judge
```

22

1  you're talking about?
2      MR. CANNON: That -- that -- that's not what I'm
3  talking about.
4      JUDGE RADER: Okay. Tell me what I'm -- tell me
5  -- help me here.
6      MR. CANNON: So, Your Honor, the way -- the way
7  the system works is if -- if Your Honor is signed in with
8  -- with, say, a Google account, --
9      JUDGE RADER: Yes.
10     MR. CANNON: -- so you have, for instance, a
11  Gmail account, --
12     JUDGE RADER: I do.
13     MR. CANNON: -- the system -- the system will --
14  will -- if you -- if you sign up for it, the system will
15  know the past search queries you've entered and the past
16  search results that have been returned. So if -- if Your
17  Honor has inputted individual words, such as Federer or
18  overhead or forehand or what have you, that -- that --
19  those -- those prior search words can be matched up with
20  current queries to promote those results over other
21  results that may be returned.

23

1  Google crawls the Web to create the index of documents,
2  it's not extracting patterns from the documents on the
3  Web. It is literally extracting the text which is just a
4  bunch of words. A particular combination of the words is
5  not -- is not what's critical here. It's just -- it
6  should have text and then the keywords from the search
7  are compared to that text.
8      There's not three different extractions of
9  patterns to create three different profiles that are then
10  cross-matched.
11     JUDGE RADER: Is there a distinction between
12  patterns and keywords?
13     MR. CANNON: Yes, and I think that -- that the
14  patent makes that quite clear, but I think that there is
15  a pattern, there's a combination, as the claim
16  construction sets forth, the combination of various parts
17  of the speech.
18     JUDGE RADER: So you're not criticizing my claim
19  construction? You like it?
20     MR. CANNON: We --
21     MR. VERHOEVEN: Your Honor, if I could just jump

24

1      MR. CANNON: I don't know if Mr. Verhoeven wants
2  to address the claim construction.
3      JUDGE RADER: Mr. Verhoeven?
4      MR. VERHOEVEN: Yes, Your Honor. We actually
5  don't like the claim construction of linguistic pattern.
6  We believe that the phrase, the coined phrase as defined
7  in the actual specification and --
8      JUDGE RADER: Show me where. Have you got it in
9  front of you, Mr. Verhoeven? Mr. Verhoeven, show me
10 where it's defined.
11     MR. VERHOEVEN: It's at Line 3, 46 through 51.
12     JUDGE RADER: Thank you. Okay. I've read that
13 portion of which is identical to the language of the
14 Court's claim construction.
15     MR. VERHOEVEN: That's correct, Your Honor, and
16 in the briefing as well as in the hearing, counsel for
17 the Plaintiff in this case has admitted that this is
18 definitional language and we believe that this is not
19 just a portion of this but the whole phrase is important
20 for an accurate construction of the phrase �linguistic

25

1      JUDGE RADER: In other words, you want it to
2  include that �reflect the user's cultural, educational,
3  social backgrounds and psychological profile?�
4      MR. VERHOEVEN: That's correct, Your Honor, and
5  I don't have the full briefing in front of me on this,
6  but -- and I also, unfortunately, don't have the patent
7  to look at right here, but my recollection is at the end
8  of the second independent claim, this is actually part of
9  the claim language.
10     Brian, can you help me out here?
11     JUDGE RADER: This is Claim 45?
12     MR. CANNON: Well, Claim 1 works, as well, for
13 this. So it's the --
14     JUDGE RADER: Claim 1 is in somewhat doubt
15 anyways. Claim 45 you may have trouble with. So let's
16 stick with 45.
17     MR. CANNON: Okay. Let's look at Claim 45.
18     ==JUDGE RADER: An overall linguistic pattern of==
19 ==the user --==
20     ==MR. CANNON: Right. So if you --==
21     ==JUDGE RADER: -- substantially corresponding to.==

26

1 method claim for generating a user data profile which is
2 a user profile and Step K after -- after the completion
3 of this, you know, complex series of steps, Step K
4 requires that the computer system store the user profile
5 and it -- it be representative of an overall linguistic
6 pattern of the user, that overall linguistic pattern
7 substantially corresponding to the user's social,
8 cultural, educational, economic background and to the
9 user's psychological profile.
10         So that not only is it defined in the
11 specification, Your Honor, but in the actual claim, it
12 confirms that the pattern --
13         JUDGE RADER: Well, you're not going to have any
14 trouble then if it's in the claim, are you?
15         MR. CANNON: I'm in Claim 45, Subsection K.
16         JUDGE RADER: Yes, I see that, but, I mean,
17 you're not going to have any trouble because you've got
18 the language you need in the claim anyway, right, and you
19 know that this Court is going to enforce the language of
20 the claim very specifically?
21         MR. CANNON: Right. Because the Google

27

1         JUDGE RADER: Well, that, of course, is a
2 question of --
3         MR. CANNON: That's right. We have to
4 demonstrate that to Your Honor.
5         JUDGE RADER: That's a question we'll have to
6 have proven, unless you can show it as a matter that is
7 not in contention. But it doesn't sound to me, Mr.
8 Cannon or Mr. Verhoeven, that you have any concerns with
9 the claim construction because the -- the construction
10 you wish the Court to enforce is already in the claim.
11 Am I correct?
12         MR. VERHOEVEN: Your Honor, this is Mr.
13 Verhoeven. We continue to believe that the construction
14 of the phrase �linguistic pattern� by itself was defined
15 in the patent and that the more accurate --
16         JUDGE RADER: If I enforce the claim which has
17 the same language, do you have a problem?
18         MR. VERHOEVEN: I'm sorry, Your Honor. I didn't
19 hear the first part of your sentence. I apologize.
20         JUDGE RADER: If I enforce the claim which has
21 the language in it you request, do you have any problem?

28

1 Honor to just look at the issue, if possible, of
2 linguistic pattern.
3         JUDGE RADER: Well, it strikes me that what
4 you're asking for is something that's redundant anyway if
5 it's already in the claim and stated as such. Of course,
6 I'm happy to look at whatever my parties think is
7 important for me to look at, but I also hope my parties
8 won't ask me to look at matter which is wholly
9 duplicative and unnecessary for me to spend a lot of time
10 on.
11         Mr. Cannon, Mr. Verhoeven, anything else you
12 want to help me out with here?
13         MR. VERHOEVEN: I think that covers it, Your
14 Honor.
15         JUDGE RADER: Okay. Good. Let's move on to Mr.
16 White.
17         MR. WHITE: Thank you, Your Honor. I'll make
18 this even more quick, I think, because a lot of our
19 issues align with -- with Google's issues, and the fact
20 that for Claim 1, we touched on the issue of the divided
21 infringement in the DMT decision as well as the new
22 option decision. So I think, as you noted, that's

29

1 probably going to be an issue.
2         JUDGE RADER: How do you get around 45? Is
3 there -- do you have an argument for that?
4         MR. WHITE: We do, as well, Your Honor. So
5 there's a couple things there. In addition to some of
6 the real detailed steps of how the things that the claim
7 requires that certain information be parsed and this is
8 information that's provided by the user, which in our
9 case is going to be our searchers, we also don't look to
10 words that are entered by a user in a search request but
11 some of the parts of speech that the words come from. We
12 don't care if you enter tennis racket or serving or
13 volleying. We don't care if they're nouns, verbs,
14 adjectives. We just look at individual words and try to
15 itemize those. We're not interested in parts of speech
16 whatsoever. We're just looking at keywords and as the
17 group of lawyers noted, the background makes clear that
18 this patent tries to distinguish and differentiates
19 itself from search using just keywords.
20         The other thing which came up at the end of the
21 Google discussion that I'd like to focus on a little bit
22 is this whole business of the searcher's cultural,