## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| **PA ADVISORS, LLC,** | § § § | **Civil Action No. 2:07-cv-480-RRR** |
| Plaintiff, | § § | |
| v. | § § | **JURY TRIAL DEMANDED** |
| **GOOGLE, INC., et al.,** | § § | |
| Defendants. | § § § | **FILED UNDER SEAL** |

## PA ADVISORS LLC'S MOTION IN LIMINE AND DAUBERT MOTION TO EXCLUDE TESTIMONY OF GERALD J. MOSSINGHOFF

**Table of Contents**

Page No.

I. Introduction……………………………………………………………………..3

II. Mr. Mossinghoff's Opinion on "Breach of the Duty of
Candor and Good Faith" Should Be Excluded As It Is
Merely Cumulative of the Peters Opinion and Lacks
Any Independent Analysis.……………………………………………...4

III. Mr. Mossinghoff's New Opinion That the Dasan and Siefert
Patents Are Material Because They Are Inconsistent With
Positions Taken By The Applicant Should Be Excluded As Untimely….9

IV. Mr. Mossinghoff's Recitation of Patent Law and Procedures
Would Not Aid the Court as Finder of Fact and Should be
Excluded as Well………………………………………………..………….11

V. Conclusion……………………………………………………………………..12

## Table of Authorities

*Colon ex rel. Molina v. BIC USA, Inc.*,
   199 F.Supp.2d 53 (S.D.N.Y. 2001)……………………………………………………….9

*Corning Inc. v. SRU Biosystems*,
   2004 WL 5523178 (D. Del., Nov. 5, 2004)………………………………....….…11

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
   509 U.S. 579 (1993))……………………………………….....................………...4, 9

*Digital Control Inc. v. The Charles Machine Works*,
   437 F.3d 1309 (Fed. Cir. 2006)……………………….……..…......……10-11

*North American Oil Co., Inc. v. Star Brite*,
   46 Fed.Appx. 629 (Fed. Cir. 2002)...............................................................9

*Robert S. v. Stetson School, Inc.*,
   256 F.3d 159 (3d Cir. 2001)………………………………….........................9

*Wisconsin Alumni Research Foundation v. IBM Corp.*,
   2005 WL 2084316 (W.D. Wis., Aug. 29, 2005)..................................................6

Federal Rule of Evidence 401………………………………………………….……..4

Federal Rule of Evidence 403………………………………………………………….4, 5

Federal Rule of Evidence 702……………………………………………………...3-6, 9

Federal Rule of Civil Procedure 26………………………………………………….9

37 CFR 1.56………………………………………………………………………….6, 10

I. **Introduction.**

In support of their claim that United States Patent No. 6,199,067 ("the '067 Patent") is unenforceable due to inequitable conduct in the prosecution of the patent, Google, Inc. and Yahoo!, Inc. (collectively, the "Defendants") have relied on the expert opinion testimony of Stanley J. Mossinghoff. Mr. Mossinghoff's testimony is deficient in several ways, primarily in that it is, at base, simply the restatement of the opinion of another of defendants' experts, Stanley Peters, that certain references not disclosed to the USPTO during the prosecution of the '067 patent are material. As such, Mr. Mossinghoff's "opinion" does not in any way aid the trier of fact, contains no independent analysis, is irrelevant, and is, at best, cumulative.

Mr. Mossinghoff's "opinion" is nothing more than: (1) a restatement of a clear rule of law; and (2) a restatement of another expert's opinion, without any independent analysis of that opinion. Mr. Mossinghoff's "opinion," contained in as single sentence of his expert report, is that the inventor of the '067 patent, and the attorney that prosecuted the patent, breached their duty of candor and good faith to the USPTO in failing to disclose two patents. The statement that it may be a breach of a duty of candor and good faith to the USPTO to fail to disclose material prior art to the USPTO is not a statement of "scientific, technical, or other specialized knowledge [that] will assist the trier of fact to understand the evidence or to determine a fact in issue," as required by FRE 702. It is simply a statement of the clearly established law. Thus, the relevant part of Mr. Mossinghoff's "opinion" is that the alleged prior art is material. However, this materiality opinion is not that of Mr. Mossinghoff. It comes entirely from defendants' expert Mr. Peters. Mr. Mossinghoff did not do any independent analysis of the materiality of the alleged prior art at issue, and can contribute nothing to the issue of materiality.

Indeed, he has admittedly not read the relevant prior art, and states that he does not even understand the '067 patent.

Mr. Mossinghoff's "opinion" is thus irrelevant, as it contributes nothing to the understanding of the trier of fact, and cannot be said to apply relevant reliable (or really any) "principles and methods reliably to the facts of the case," as required by Rule 702. The opinion neither "rests on a reliable foundation" nor "is relevant to the task at hand" as required by *Daubert*, and should be excluded. The opinion is moreover wholly cumulative, as it merely repeats the conclusions of another expert without adding anything to or providing an independent evaluation of that opinion, and should be excluded on that basis as well. Fed. R. Evid. 403.

**II.     Mr. Mossinghoff's Opinion on "Breach of the Duty of Candor and Good Faith" Should Be Excluded As It Is Merely Cumulative of the Peters Opinion and Lacks Any Independent Analysis.**

Federal Rule of Evidence 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Further, under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993), the Federal Rules of Evidence "assign to the trial judge the task of ensuring that an expert's testimony **both rests on a reliable foundation and is relevant to the task at hand**." (Emphasis added). Evidence is "relevant" if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probably or less probable then it would be without the evidence." Federal Rule of Evidence 401. But even if relevant, evidence may be excluded if its probative value is

4

outweighed "by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Federal Rule of Evidence 403.

The expert opinion testimony Mr. Mossinghoff would present in this case is not relevant, and it is really no expert opinion at all: rather it is a restatement of the opinion of another expert, Mr. Peters. Moreover, as a mere restatement, without any independent analysis whatsoever, it cannot be said to be the application of principles and methods reliably to the facts of the case that is required under FRE 702. And even if this restatement of another expert's opinion could somehow be said to be relevant (which it is not), it is clearly cumulative, and should be excluded as such.

Mr. Mossinghoff's "opinion," contained in paragraph 18 of his expert report, is that Mr. Gellar, the inventor of the '067 patent, and the attorney that prosecuted the '067 patent, "breached their duty of candor and good faith to the USPTO in failing to disclose" three patents[1] cited in an International Search Report. Hoffman Declaration in Support of PA Advisors LLC's Motion In Limine And Daubert Motion To Exclude Testimony of Gerald J. Mossinghoff ("Hofman Decl."), Ex. A, December 31, 2009 Expert Report of The Honorable Gerald J. Mossinghoff ("Mossinghoff Report"), ¶ 18. The support for this conclusion, as stated in the following sentences in paragraph 18 (starting with "According to Mr. Peters") is based entirely upon Mr. Peters' opinion. As Mr. Mossinghoff admitted at his deposition, these sentences are based solely on Mr. Peters' opinion, and Mr. Mossinghoff has no independent opinion on materiality. Mossinghoff Dep. at 95:9-98:2.

---

[1] Although Mr. Mossinghoff admits that the third patent cited in the ISR, the "Ahn patent," plays no part in his opinion, as Mr. Peters' opinion does not include the Ahn reference and "my opinion is based on Mr. Peters' opinion." Hoffman Decl., Ex. B, Feb. 12, 2010, Deposition of Gerald J. Mossinghoff ("Mossinghoff Dep.") at 122:2-8.

As one district court held in striking a previous opinion by Mr. Mossinghoff, it is questionable whether testimony to a federal judge on the duty of candor to the PTO would ever be likely to be useful testimony. *See Wisconsin Alumni Research Foundation v. IBM Corp.*, 2005 WL 2084316, *1 (W.D. Wis., Aug. 29, 2005) ("Fraud on the patent office is an equitable claim that is tried to the court. It is not necessary to have an expert educate a judge about the duty of candor or about the handling of patent applications by the patent office."). Certainly in this case, the statement that it is a breach of a duty of candor and good faith to the USPTO to fail to disclose material prior art to the USPTO is not a statement of "scientific, technical, or other specialized knowledge [that] will assist the trier of fact to understand the evidence or to determine a fact in issue," as required by FRE 702. It is simply a statement of the clearly established law—as Mr. Mossinghoff himself makes clear, 37 CFR 1.56 (Rule 56 of the MPEP) expressly requires the inventor and prosecuting attorney to disclose material prior art of which they are aware. Mossinghoff Report, ¶ 11, 19.[2]

Thus, the support for Mr. Mossinghoff's "opinion" is that the Dasan and Siefert patents are "material pieces of prior art" (Mossinghoff Report, ¶ 18), because, while the prior art that was disclosed during the prosecution of the '067 patent "does not . . . discuss the use of user profiles or retrieving search results that reflect a user's social, cultural, educational, economic background or psychological profile," "[t]he Dasan and Seifert patents disclose the use of user profiles." *Id.* The implied argument (made expressly in a passage cited from *Mr. Peters'* expert report in the paragraph preceding

---

[2] Although, even then, there can be no inequitable conduct without an intent to deceive. Mossinghoff acknowledges this in his deposition, although he offers no opinion on intent. Mossinghoff Dep. at 45:5-16; 79:24-80:3. Tellingly, Mr. Mossinghoff's expert report makes no mention whatsoever of the requirement of a finding of an intent to deceive.

Mr. Mossinghoff's opinion in paragraph 18 of his report), is that the prior art cited in the '067 application, in combination with Dasan and Siefert, render the '067 patent obvious. *Id.* at ¶ 17.

However, this materiality opinion is not that of Mr. Mossinghoff. Mr. Mossinghoff's opinion comes entirely from defendants' other expert Mr. Peters. Mr. Mossinghoff provides no independent analysis whatsoever. *See, e.g.,* Mossinghoff Dep. at 64:6-10 ("Q: So outside of the opinion provided by Mr. Peters, do you have any separate opinion as to whether the undisclosed prior art establishes a prima facie case of unpatentability -- A. No."); *Id.* at 77:1-7 ("Q. Okay. So just so that we're clear: You've expressed no independent opinion about obviousness in this case; right? A. That is correct -- I'm relying upon Dr. Peters – or Mr. Peters' opinion that I state in my report."). The central support for his opinion in paragraph 18 of Mr. Mossinghoff's report – that the Dasan and Siefert patents "are material pieces of prior art" because they "disclose the use of user profiles" – comes entirely from Mr. Peters' opinion:

> Q: Does the Dasan patent disclose the use of user profiles?
> A. According to Mr. Peters, it does. And I'm relying upon that.
> Q. Did you independently verify that?
> A. No. I don't believe I'm capable of doing that.
> Q. Does the Siefert patent disclose the use of user profiles?
> A. Same answer. According to Mr. Peters, it does have that feature. . . .
> Q. Did you independently verify whether the Siefert patent discloses the use of user profiles?
> A. No. No.

*Id.* at 88:23-89:14.

Mr. Mossinghoff did not do any independent analysis of the materiality of the alleged prior art at issue on his own, and indeed, by his own admission, would be incapable of doing any such analysis. Thus:

7

- Mr. Mossinghoff not only has no technical opinion about the Dasan and Siefert patents, in preparing his report he only scanned these references, without trying to "read or understand them." *Id.* at 38:17-39:8.

- Mr. Mossinghoff did not read the prior art with which Dasan and Siefert allegedly combine to create obviousness "in any way in which I would try to understand them." *Id.* at 39:18-40:10.

- Mr. Mossinghoff, by his own admission, does not understand the Geller patent (*id.* at 38:8-14: "Q. What is your understanding of the invention of the Geller patent? A. I really don't have one. I didn't understand it. I read it twice when I was preparing the report, and twice yesterday, and I still don't understand it"), and has not bothered to read the Court's claim construction (*id.* at 40:11-13).

- While Mr. Mossinghoff admits that for an undisclosed reference to be material, it must be non-cumulative (*id.* at 58:14-25), his report contains no mention of a consideration of cumulativeness.

Mr. Mossinghoff cannot even be said to offer an opinion on the quality or accuracy of the Peters opinion on materiality. He admits he did not read or understand the entire Peters report, reading only the section on materiality, and relying solely on the one paragraph Mr. Mossinghoff quotes in paragraph 17 of his report. *Id.* at 41:13-24; 42:15-16. Most strikingly, Mr. Mossinghoff admits that even if Mr. Peters were to admit that his materiality analysis is wrong, and that the prior art cited to the PTO did disclose the use of user profiles, Mr. Mossinghoff would not reach any independent conclusions. He would rely on whatever explanation Mr. Peters would give for the error. *Id.* at 100:11-22.

Thus, Mr. Mossinghoff's "opinion" is nothing more than: (1) a restatement or a clear rule of law; and (2) a restatement of another expert's opinion, without any independent analysis of that opinion. Mr. Mossinghoff's "opinion" is thus irrelevant, as it contributes nothing to the understanding of the trier of fact, and cannot be said to apply relevant reliable (or really any) "principles and methods reliably to the facts of the case," as required by Rule 702. The opinion neither "rests on a reliable foundation" nor and "is relevant to the task at hand" as required by *Daubert*, and should be excluded.

The opinion is moreover wholly cumulative, as it merely repeats the conclusions of another expert without adding anything to or providing an independent evaluation of that opinion, and should be excluded on that basis as well. *See North American Oil Co., Inc. v. Star Brite*, 46 Fed.Appx. 629, 632 (Fed. Cir. 2002) (Expert's opinion properly excluded as cumulative, absent showing that expert had special expertise or knowledge different from previously engaged expert); *Robert S. v. Stetson School, Inc.*, 256 F.3d 159, 170 (3d Cir. 2001) (holding that trial court did not abuse its discretion in excluding expert testimony where the expert "addressed the same issues" as another witness); C*olon ex rel. Molina v. BIC USA, Inc*., 199 F.Supp.2d 53, 96 (S.D.N.Y. 2001) ("Expert testimony presents no exception" to the "general rule" that a "district judge has discretion to exclude evidence if it is cumulative of evidence already in the record").

### III. Mr. Mossinghoff's New Opinion That the Dasan and Siefert Patents Are Material Because They Are Inconsistent With Positions Taken By The Applicant Should Be Excluded As Untimely.

Federal Rule of Civil Procedure 26(2)(B)(i) requires expert testimony to be disclosed in a written report containing "a complete statement of all opinions the witness will express and all the basis and reasons for them." At his deposition, Mr. Mossinghoff disclosed for the first time a new opinion, not included in his expert report: that the Dasan

9

and Siefert patents are material under the Rule 56 standard that "information is material to patentability when . . . [i]t refutes, or is inconsistent with, a position the applicant takes in . . . asserting an argument of patentability. MPEP 1.56 (Rule 56) at (b)(2)(ii); 37 CFR § 1.56. Mr. Mossinghoff's new opinion is that this standard for materiality is met because the "missing references" would have been inherently inconsistent with Mr. Geller and his attorney's claims of patentability. Mossinghoff Dep. at 46:12-22.

As an initial matter, it is important to note that this new opinion is again nothing but the restatement of the regulations defining materiality, and the restatement of Mr. Peters' opinion that the "missing references" are in fact material.

However, even if there were any additional content to this opinion beyond the restatement of law and of the Peters' opinion, Mr. Mossinghoff's new opinion would nevertheless still be untimely, because it is not disclosed in his Rule 26 expert report. *See* Mossinghoff Dep. at 47:21-49:17 ("Yeah, I don't see that I've disclosed it specifically here."); 50:25-51:9 ("That part of it is not . . . specifically articulated in my report, and that's why I want to be very clear at this deposition that is my opinion, and I would propose to testify to that effect.").

Mr. Mossinghoff claims that, even though the new opinion is admittedly not "specifically" disclosed in his report, it is not new, because it is *inherent* in his citation of Peters' opinion that the Dasan and Siefert patents render the '067 patent obvious, when combined with his citation to *Digital Control Inc. v. The Charles Machine Works*, 437 F.3d 1309 (Fed. Cir. 2006), because *Digital Control* "said that submitting a claim, and in effect, telling the Patent Office that it's an allowable claim, and not disclosing references which would make it not allowable, is inconstant with a position the applicant took."

Mossinghoff Dep. at 47:21-48:13. First of all, this argument again emphasizes that Mr. Mossinghoff's "opinions" are nothing more than the application of clearly stated regulations or case law to another experts' opinion, and therefore lack any independent utility or relevance. Second of all, while Mr. Mossinghoff does quote extensively from *Digital Control* in his report (Mossinghoff Report, ¶ 12), he does not quote or cite to *Digital Control* for a rule that "not disclosing references which would make [an application] not allowable, is inconstant with position the applicant took." Mr. Mossinghoff's claim that by citing to one holding in a case, he has disclosed an opinion that *might* be derived from another holding in the same case, simply vitiates the disclosure requirements of Rule 26.

**IV.   Mr. Mossinghoff's Recitation of Patent Law and Procedures Would Not Aid the Court as Finder of Fact and Should be Excluded as Well.**

Besides his non-opinion, Mossinghoff's report offers little more than recitations of patent law and procedures, relying primarily on extensive summaries of and quotations from readily available sources such as the U.S. Code, Manual of Patent Examining Procedure, CFR, and federal case law. *See, e.g.,* Mossinghoff Report, ¶ 7, 11, 12, 15, 19. While there may be some circumstances involving complex questions of internal USPTO procedure to which an expert having experience with such procedures might speak, Mr. Mossinghoff's testimony that material references (assuming they are truly material) should be disclosed simply recites the plain rule of law and does not assist the trier of fact (the Court). *See, e.g., Corning Inc. v. SRU Biosystems*, 2004 WL 5523178 (D. Del., Nov. 5, 2004) (excluding expert report and testimony of Mossinghoff on internal patent procedures). Mr. Mossinghoff's entire report and testimony, including that related to patent law and regulations, should be excluded.

## V. Conclusion.

For the foregoing reasons, the Court should exclude the testimony of Mr. Mossinghoff regarding inequitable conduct.

Dated: February 19, 2010

Andrew W. Spangler
LEAD COUNSEL
SPANGLER LAW P.C.
208 N. Green Street, Suite 300
Longview, Texas 75601
(903) 753-9300
(903) 553-0403 (fax)
spangler@spanglerlawpc.com

David M. Pridham
LAW OFFICE OF DAVID PRIDHAM
25 Linden Road
Barrington, Rhode Island 02806
(401) 633-7247
(401) 633-7247 (fax)
david@pridhamiplaw.com

John M. Bustamante
Texas Bar No. 24040618
BUSTAMANTE, P.C.
54 Rainey Street, No. 721
Austin, Texas 78701
Tel. 512.940.3753
Fax. 512.551.3773
Email:jmb@BustamanteLegal.com

Kip Glasscock
Texas State Bar No. 08011000
KIP GLASSCOCK P.C.
550 Fannin, Suite 1350
Beaumont, TX 77701
Tel: (409) 833-8822
Fax: (409) 838-4666
Email: kipglasscock@hotmail.com

Respectfully submitted,

By: /s/ Adam Hoffman

Marc A. Fenster, CA Bar No. 181067
CA Bar No. 181067
mfenster@raklaw.com
Andrew Weiss
CA Bar No. 232974
aweiss@raklaw.com
Adam Hoffman
CA Bar No. 218740
ahoffman@raklaw.com
RUSS, AUGUST & KABAT
12424 Wilshire Blvd., 12th Floor
Los Angeles, CA 90025
(310) 826-7474
(310) 826-6991 (fax)

Patrick R. Anderson
PATRICK R. ANDERSON PLLC
4225 Miller Rd, Bldg. B-9, Suite 358
Flint, MI 48507
(810) 275-0751
(248) 928-9239 (fax)
patrick@prapllc.com

Debera W. Hepburn,
Texas Bar No. 24049568
HEPBURN LAW FIRM PLLC
P.O. Box 118218
Carrollton, TX 75011
Telephone: 214/403-4882
Facsimile: 888/205-8791
Email: dhepburn@heplaw.com

Elizabeth A. Wiley
Texas State Bar No. 00788666
THE WILEY FIRM PC
P.O. Box. 303280
Austin, Texas 78703-3280
Telephone: (512) 420.2387
Facsimile: (512) 551.0028
Email: lizwiley@wileyfirmpc.com

**CERTIFICATE OF SERVICE**

I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served today with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

\s\ Adam Hoffman  
Adam Hoffman