IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PA ADVISORS, LLC, <br>     Plaintiff, <br><br> v. <br><br> GOOGLE INC., et al., <br><br>     Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Civil Action No. 2:07-cv-480-RRR <br><br> JURY TRIAL DEMANDED |

## **nXn TECH, LLC'S MOTIONS IN LIMINE**

nXn Tech, LLC (f/k/a PA Advisors, LLC) ("nXn") respectfully files these pre-trial motions in limine, before the commencement of the voir dire examination of the jury panel, and respectfully requests that by an appropriate order this Court:

(1) Instruct the attorneys for Defendants Google Inc. ("Google") and Yahoo!, Inc. "Yahoo") (collectively, "Defendants" or singularly "Defendant") to refrain from mentioning, referring to, or bringing before the jury, directly or indirectly, upon voir dire examination, reading of the pleadings, statement of the case, interrogation of the witnesses, argument, objections before the jury, or in any other manner whatsoever, any of the matters set forth herein, unless such matters have first been called to the Court's attention out of the presence of the jury and a favorable ruling received on the admissibility and relevance of such matters; and

(2) Instruct the attorneys for Defendants to inform Defendants and all witnesses called by or on behalf of either Defendant, either to refrain from mentioning or referring to, in any way, in the presence of hearing of the jury, any of the matters set forth herein unless specifically permitted to do so by an express ruling from the Court.

The matters listed below on which nXn files these motions in limine are inadmissible for any purpose because, unless otherwise shown below: (i) they have no bearing on the issues in this case or on the rights of the parties to this suit and (ii) are inherently prejudicial and therefore not curable. Permitting interrogation of witnesses, comments to jurors or prospective jurors, or offers of evidence concerning any of these matters will prejudice the jury. Sustaining objections to such questions, comments, or offers will not cure the prejudice, but would only reinforce the impact of that prejudice on the jurors.

1. Any reference to any other lawsuits filed by nXn or by companies affiliated with nXn. Other lawsuits filed by nXn or its affiliates have no relevance to the merits of this case. Fed. R. Evid. 402. Any alleged probative value that the other lawsuits could have is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or the risk of misleading the jury. Fed. R. Evid. 403.

        Granted: _____      Denied: _____

2. Any attempt to refer to the corporate structure of nXn or the corporate structure of any companies affiliated with nXn.

        Granted: _____      Denied: _____

3. Any negative references to the United States Patent and Trademark Office (PTO). Fed. R. Evid. 402. Defendants, their witnesses and attorneys should not be permitted to testify, make statements or question witnesses in such a manner as to state or imply that the PTO Examiners somehow did not do their jobs properly, have limited time to do their jobs, or are incompetent or impaired in doing their jobs. *See, e.g., Applied Materials, Inc. v. Advanced Semiconductors Materials Am., Inc.*, No. C 92-20643 RMW, 1995 WL 261407, at *3 (N.D. Cal. Apr. 25, 1995) (excluding expert testimony concerning overwork at the PTO and other matters

insinuating that the PTO does not do its job properly as "irrelevant speculation"); *Bausch & Lomb, Inc. v. Alcon Labs., Inc*., 79 F. Supp. 2d 252, 255-56 (W.D.N.Y. 2000) (ruling inadmissible testimony on "the problems Examiners encounter with the completeness or 'file integrity' of the 'shoes' maintained at the PTO," "the difficulties Examiners face in discovering and obtaining prior art references other than patents," and "the time constraints under which Examiners in the PTO must operate"; "generalized testimony about 'problems' in the PTO is not admissible"). Such statements or questions improperly attempt to imply that the PTO Examiners did not do their job properly in allowing the patent-in-suit to issue. Defendants should not be permitted to challenge the presumption of administrative correctness associated with the issuance of the patent-in-suit based upon rumor, innuendo, or speculation. Any probative value that these references arguably may have is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or the risk of misleading the jury. Fed. R. Evid. 403.

Granted: _____   Denied: _____

4. Any references to settlement, or offer of settlement by nXn or by any other party relating to the patent in suit including without limitation:

   i. nXn's licensing philosophy or strategy and any offers to settle any litigation made by nXn or its affiliates;

   ii. Any communications or correspondence from nXn or its attorneys related to or arising from any settlement, or offer of settlement;

   iii. Any references to the fact that this lawsuit could have been but was not settled, compromised, or resolved, including the comment that some cases have to be brought to a jury, or other similar comments.

Granted: _____     Denied: _____

5. Any reference to the fact that nXn has entered into a compromise settlement agreement, license, or other similar transaction after an allegation of infringement or filed a dismissal with or without prejudice against any entity, wherein a lawsuit has been filed or threatened against any party, potential party, or potential licensee. In addition to violating Fed. R. Evid. 408, which prohibits admissibility of this subject matter, these settlement agreements, licenses, and similar transactions have no relevance to any claim or defense in this lawsuit. Fed. R. Evid. 402. Any probative value that these matters could arguably have is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or the risk of misleading the jury. Fed. R. Evid. 403. *See also Cornell Univ. v. Hewlett-Packard*, No. 01-CV-1974, Slip Op. at 8 (E.D.N.Y. May 8, 2008 (Order on Motion in Limine) ("Because the offers were made and licenses signed under threat of litigation, the offer and license amounts do not speak to "the amount which a prudent licensee—who desired, as a business proposition, to obtain a license to manufacture and sell a particular article embodying the patented invention—would have been willing to pay as a royalty." *Georgia-Pacific*, 318 F. Supp. at 1120. Accordingly, the offer and license amounts were eroded by litigation and are therefore irrelevant and inadmissible.").

Accordingly, unless either of the Defendants presents to this Court a specific admissible and particularized basis under Rule 408 of the Federal Rules of Evidence for each proffered settlement or offer for settlement, nXn requests that *at least* the following agreements be deemed inadmissible for any purpose

| Licensor | Licensee | Agreement Date | Bates Range |
|---|---|---|---|
| PA Advisors | ContextWeb, Inc. | Sept. 11, 2008 | PA 0001259 0001273 |
| PA Advisors | Specific Meida, Inc. | Sept. 3, 2008 | PA 0001244 0001258 |
| PA Advisors | Seevast Corporation, and Pulse 360, Inc., | Aug. 20, 2008 | PA 0001230 0001243 |
| PA Advisors | 24/7 Real Media, Inc., | Sept. 18, 2008 | PA 0001274 0001287 |

4

Granted: _____    Denied: _____

6. Any reference to, or any attempt to elicit testimony about, claim construction issues other than the specific definitions adopted by the Court. Claim construction is matter of law for the Court *Markman v. Westview Instruments, Inc*., 517 U.S. 370, 390-91 (1996).

Granted: _____    Denied: _____

7. Any reference to any jury verdict in any other case involving Google and Yahoo, particularly in which Google or Yahoo prevailed, either in defending an infringement allegation or asserting an invalidity allegation, including but not limited to the jury's verdict of non-infringement as to Google in *Function Media, LLC v. Google, Inc*., 2:07-cv-279 (E.D. Tex.).

Granted: _____    Denied: _____

8. Any reference to patents held by companies affiliated with nXn. Fed. R. Evid. 402, 403.

Granted: _____    Denied: _____

*9.* Any references to nXn or its affiliates as patent "trolls" or "pirates" or "playing the lawsuit lottery" or "corporate shall game" or non-practicing entities" or "holding companies" or similar terms. *See, e.g., Hynix Semiconductor Inc. v. Rambus Inc.,* 5:05cv334-RMW, C-06-00244 RMW, 2008 WL 350654, at *3 (N.D. Cal. Feb. 3, 2008) (granting motion in limine and ordering, based on party agreement, that all parties to refrain from using the terms "patent troll" and "submarine patent" before the jury). Such references have no relevance to any claim or defense in this lawsuit. Fed. R. Evid. 402. Moreover, any probative value that these references arguably may have is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or the risk of misleading the jury. Fed. R. Evid. 403.

Granted: _____     Denied: _____

10. Any reference to a patent "monopoly." S*ee generally Jamesbury Corp. v. Litton Indus. Prods., Inc*., 756 F.2d 1556, 1559 (Fed. Cir. 1985) (term "monopoly" is "likely to be prejudicial and should be avoided"); *Panduit Corp. v. Stahlin Bros. Fibre Works, Inc*., 575 F.2d 1152, 1160 n.8 (6th Cir. 1978) (noting "monopoly" is a "pejorative term").

Granted: _____     Denied: _____

11. Any reference to the wealth or net worth of nXn or its principals or any affiliated entity and its principals, including Erich and/or Audrey Spangenberg. Fed. R. Evid. 402, 403.

Granted: _____     Denied: _____

12. Any reference to nXn counsel or any change in representation, including any references concerning the time or circumstances under which nXn employed its attorneys or whether nXn has previously been represented by other attorneys in this cause and/or the reasons for change in representation. Such evidence is inadmissible and is irrelevant and prejudicial to nXn's right to a fair and impartial trial. Fed. R. Evid. 402. The probative value of any such matter, if any, would be greatly outweighed by the danger of unfair prejudice, confusion of the issues, and/or misleading the jury. Fed. R. Evid. 403.

Granted: _____     Denied: _____

13. Any reference to any evidence, statements or questions that indicates or suggests that nXn and nXn's attorneys have a contingent fee arrangement in this case. These matters are generally inadmissible, irrelevant and prejudicial to nXn's right to a fair and impartial trial. Fed. R. Evid. 402. The probative value, if any, of any such matter would be greatly outweighed by the danger of unfair prejudice, confusion of the issues, and/or misleading the jury. Fed. R. Evid. 403.

Granted: _____     Denied: _____

14.     Any references or testimony related to information or opinions not included in an expert report exchanged between the parties is not the proper subject for Google, or Google's experts, or Yahoo, or Yahoo's experts. Fed. R. Civ. P. 26. Such references have no relevance to any claim or defense in this lawsuit. Fed. R. Evid. 402. Moreover, any probative value that the other matters arguably may have is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or the risk of misleading the jury. Fed. R. Evid. 403.

Granted: _____     Denied: _____

15.     Any references by Google or Yahoo comparing the functionality of any accused Google product or Yahoo product in relation to any purported prior art system or other prior art. It is a fundamental tenet of patent law that claims, not accused systems, are to be compared to the prior art when analyzing validity. Yahoo and/or Google's purported defense of "practicing the prior art" is not a defense under United States patent law. *Tate Access Floors, Inc. v. Interface Architectural Res., Inc*., 279 F.3d 1357, 1365 (Fed. Cir. 2002). Such references, therefore, have no relevance to any claim or defense in this lawsuit. Fed. R. Evid. 402. Moreover, any probative value that the other matters arguably may have is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or the risk of misleading the jury. Fed. R. Evid. 403.

Granted: _____     Denied: _____

16.     Any reference to multiple versions of any prior art system that Google or Yahoo claims invalidates any claim of the Geller patent unless it has been charted and timely disclosed. See*, e.g., Immersion Corp. v. Sony Computer Entm't Am., Inc*., No. C 02-0710 CW, Slip Op. at 3 (N.D. Cal. July 6, 2004) (precluding Sony from relying any prior art not disclosed in its final invalidity contentions).

Granted: _____     Denied: _____

17.  Any reference to or testimony on the legal standards governing inequitable conduct or reference to the conduct of the inventors or the prosecuting attorneys of the patent-in-suit with respect to inequitable conduct in the prosecution of the application that resulted in the patent in suit (including any related patent applications).  Inequitable conduct is a legal issue for the Court and any reference to inequitable conduct is not relevant to any claim or defense that will be submitted to a jury in this lawsuit.  *Gardco Mfg., Inc. v. Herst Lighting Co*., 820 F.2d 1209, 1212-13 (Fed. Cir. 1987) (noting inequitable conduct claim is "equitable in nature and thus does not give rise to the right of trial by jury"; no abuse of discretion; no abuse of discretion trying issue to the court).  Thus, any reference to inequitable conduct can have no probative value to any factual determinations for the jury and instead presents the danger of unfair prejudice, confusion of the issues, and a risk of misleading the jury in violation of Fed. R. Evid. 403.

Granted: _____     Denied: _____

18.  Any reference by Google or Yahoo to invalidity of claims that were not charted and timely disclosed in the Defendants' P.R. 3-3 Invalidity Contentions.  *See, e.g*., *TiVo v. EchoStar Commcn's Corp*., No. 2:04~cv-l-DF, at 5 (E.D. Tex. Jan. 26, 2006) (precluding EchoStar's experts from referring to reverse doctrine of equivalents because of failure to appropriately disclose opinions)

Granted: _____     Denied: _____

19.  Any reference by any expert witness, Google, or Yahoo, or counsel for Google or Yahoo, to advertising product revenue breakdowns, when Google or Yahoo could not produce detailed information during discovery.  Neither Defendant may now, after discovery is closed, remedy the lack of such information in discovery by producing detailed information at trial.  *See,*

*e.g., LAM, Inc. v. Johns-Manville Corp.*, 718 F.2d 1056, 1065 (Fed. Cir. 1983). Any adverse consequences for the failure to identify more specific financial information must lie with the defendant failing to produce such information during discovery. *See id*. (citing *Milgo Elec. Corp. v. United Business Commc'ns*, 623 F.2d 645, 663 (10th Cir. 1980) ("any adverse consequences must rest on the infringer when the inability to ascertain [damages] is due to the infringer's own failure to keep accurate or complete records").

Granted: _____ Denied: _____

20. Any reference by Google or Yahoo, or any testimony relating to arising from information obtained by or through fact witnesses that were not timely identified in Google's or Yahoo's disclosures during general fact discovery. *See* Fed. R. Civ. P. 37(c)(1).

Granted: _____ Denied: _____

21. Any references by Google or Yahoo to documents or other materials not produced by Defendants, including specifically but not limited to references or citations to source code not produced in this case during the discovery period, including the discovery period as extended by the Court beyond December 21, 2009. *See* Fed. R. Civ. P. 37(c)(1).

Granted: _____ Denied: _____

22. Any reference to the fact that Defendants filed a motion for sanctions pre-trial, i.e., Dkt. No. 364, concerning acts by or involving Mr. Erich Spangenberg individually and that such acts formed the basis of a motion for sanctions. Fed. R. Evid. 403. This motion in limine does not preclude Defendants from introducing evidence at trial, subject to the rules of evidence and privilege insofar as applicable, concerning the facts or information set forth in that motion, as nXn recognizes the Court's observation at the January 29, 2010 hearing that such information could potentially be introduced at trial.

Granted: _____     Denied: _____

23. No testimony from any expert witness from Defendants that has relied on an incorrect standard or incomplete factual foundation required to provide a conclusion, specifically, but not limited to, Defendants' invalidity expert the Honorable Gerald Mossinghoff with regard to inequitable conduct, or Mr. Peters with regard to his opinion on enablement, written description, obviousness, or utility, and materiality for the inequitable conduct allegations in this case.

Granted: _____     Denied: _____

24. As to Mr. Peters for example:

a. Mr. Peters recognizes the claim language but nevertheless purports to opine on lack of enablement because he did not think the document would actually correspond to user's background and profile, a fact that is not required by the claim. For purposes of this Motion in Limine, Plaintiff would refer the Court to, and incorporates by reference for all purposes, the legal arguments and authorities, exhibits, and references included in nXn's Motion in Limine and Motion to Strike any testimony from Mr. Peters for the reasons stated in that Motion. *See* Dkt. No. (tbd) (filed on February 19, 2010). Mr. Peters should be precluded from testifying because he is not properly applying the legal standard for what constitutes lack of enablement to the actual claim language.

Granted: _____     Denied: _____

b. Mr. Peters also should be precluded from testifying because he failed to offer any analysis regarding experimentation required to support a conclusion of lack of enablement. *In re '318 Patent Infringement Litig.*, 583 F.3d 1317, 1323 (Fed. Cir.

2009) ("The enablement requirement of 35 U.S.C. § 112, ¶ 1 requires that the specification adequately discloses to one skilled in the relevant art how to make, or in the case of a process, how to carry out, the claimed invention without undue experimentation.").

        Granted: _____        Denied: _____

c.    Mr. Peters also should be precluded from testifying given his lack of factual foundation or analysis behind conclusion and reciting legal standards concerning his opinion as to obviousness and the failure to specify combinations and, instead, rely on a vague, unspecific, "exponential" number of combinations. For purposes of this Motion in Limine, Plaintiff would refer the Court to, and incorporates by reference for all purposes, the legal arguments and authorities, exhibits, and references included in nXn's Motion in Limine and Motion to Strike any testimony from Mr. Peters for the reasons stated in that Motion. *See* Dkt. No. (tbd) (filed on February 19, 2010).

        Granted: _____        Denied: _____

d.    Mr. Peters also should be precluded from testifying regarding utility given the incorrect legal standard applied for his utility opinion. For purposes of this Motion in Limine, Plaintiff would refer the Court to, and incorporates by reference for all purposes, the legal arguments and authorities, exhibits, and references included in nXn's Motion in Limine and Motion to Strike any testimony from Mr. Peters for the reasons stated in that Motion. *See* Dkt. No. (tbd) (filed on February 19, 2010).

        Granted: _____        Denied: _____

e. Mr. Peters also should be precluded from testifying given the incorrect legal applied for his opinions concerning materiality vis-à-vis Dasan and Siefert. For purposes of this Motion in Limine, Plaintiff would refer the Court to, and incorporates by reference for all purposes, the legal arguments and authorities, exhibits, and references included in nXn's Motion in Limine and Motion to Strike any testimony from Mr. Peters for the reasons stated in that Motion. *See* Dkt. No. (tbd) (filed on February 19, 2010).

    Granted: _____      Denied: _____

25. As to the Honorable Mr. Mossinghoff, for example:

a. Mr. Mossinghoff should be precluded from testifying given that he offers no independent opinion that would be helpful to the jury, the purpose of expert testimony as a threshold matter. Mr. Mossinghoff only repeats and affirms the opinion of Mr. Peters, whose own opinion, for the reasons stated above, fail to meet the threshold requirements for admissibility and must be excluded as noted above. For purposes of this Motion in Limine, Plaintiff would refer the Court to, and incorporates by reference for all purposes, the legal arguments and authorities, exhibits, and references included in nXn's Motion in Limine and *Daubert* Motion to Strike any testimony from Mr. Mossinghoff for the reasons stated in that Motion. *See* Dkt. No. (tbd) (filed on February 19, 2010).

    Granted: _____      Denied: _____

b. Mr. Mossinghoff also should be precluded from testifying given that he offers an opinion that is merely cumulative of Mr. Peters' opinion and therefore is fails under Federal Rule of Evidence 403. For purposes of this Motion in Limine, Plaintiff

would refer the Court to, and incorporates by reference for all purposes, the legal arguments and authorities, exhibits, and references included in nXn's Motion in Limine and *Daubert* Motion to Strike any testimony from Mr. Mossinghoff for the reasons stated in that Motion. *See* Dkt. No. (tbd) (filed on February 19, 2010).

    Granted: _____    Denied: _____

    c.    Mr. Mossinghoff should be precluded from testifying given that he offered at his deposition regarding the materiality of the Dasan and Siefert patents as prior art are not within his expert report and are therefore improper subject matter for any testimony at trial. For purposes of this Motion in Limine, Plaintiff would refer the Court to, and incorporates by reference for all purposes, the legal arguments and authorities, exhibits, and references included in nXn's Motion in Limine and *Daubert* Motion to Strike any testimony from Mr. Mossinghoff for the reasons stated in that Motion. *See* Dkt. No. (tbd) (filed on February 19, 2010).

    Granted: _____    Denied: _____

26.    Any reference to any other claims not asserted in this case for trial, or claims held to be not infringed, or other rulings relevant to or encompassed in the Court's rulings on motions for summary judgment filed by Defendants Google and Yahoo.

    Granted: _____    Denied: _____

27.    Any reference to other litigations involving Mr. Erich Spangenberg, regardless of whether that involvement or connection to that lawsuit is in his individual or his managerial or other corporate capacity.

    Granted: _____    Denied: _____

Dated: February 19, 2010             Respectfully submitted,

| | |
|---|---|
| Andrew W. Spangler<br>LEAD COUNSEL<br>SPANGLER LAW P.C.<br>208 N. Green Street, Suite 300<br>Longview, Texas 75601<br>(903) 753-9300<br>(903) 553-0403 (fax)<br>spangler@spanglerlawpc.com | By:  /s/ Elizabeth A. Wiley<br><br>Marc A. Fenster, CA Bar No. 181067<br>CA Bar No. 181067<br>mfenster@raklaw.com<br>Andrew Weiss<br>CA Bar No. 232974<br>aweiss@raklaw.com |
| David M. Pridham<br>LAW OFFICE OF DAVID PRIDHAM<br>25 Linden Road<br>Barrington, Rhode Island 02806<br>(401) 633-7247<br>(401) 633-7247 (fax)<br>david@pridhamiplaw.com | Adam Hoffman<br>CA Bar No. 218740<br>ahoffman@raklaw.com<br>RUSS, AUGUST & KABAT<br>12424 Wilshire Blvd., 12th Floor<br>Los Angeles, CA 90025<br>(310) 826-7474<br>(310) 826-6991 (fax) |
| John M. Bustamante<br>Texas Bar No. 24040618<br>BUSTAMANTE, P.C.<br>54 Rainey Street, No. 721<br>Austin, Texas 78701<br>Tel. 512.940.3753<br>Fax. 512.551.3773<br>Email:jmb@BustamanteLegal.com | Patrick R. Anderson<br>PATRICK R. ANDERSON PLLC<br>4225 Miller Rd, Bldg. B-9, Suite 358<br>Flint, MI 48507<br>(810) 275-0751<br>(248) 928-9239 (fax)<br>patrick@prapllc.com |
| Kip Glasscock<br>Texas State Bar No. 08011000<br>KIP GLASSCOCK P.C.<br>550 Fannin, Suite 1350<br>Beaumont, TX 77701<br>Tel: (409) 833-8822<br>Fax: (409) 838-4666<br>Email: kipglasscock@hotmail.com | Debera W. Hepburn,<br>Texas Bar No. 24049568<br>HEPBURN LAW FIRM PLLC<br>P.O. Box 118218<br>Carrollton, TX 75011<br>Telephone: 214/403-4882<br>Facsimile: 888/205-8791<br>Email: dhepburn@heplaw.com |
| | Elizabeth A. Wiley<br>Texas State Bar No. 00788666<br>THE WILEY FIRM PC<br>P.O. Box. 303280<br>Austin, Texas 78703-3280<br>Telephone: (512) 420.2387<br>Facsimile: (512) 551.0028<br>Email: lizwiley@wileyfirmpc.com |

**CERTIFICATE OF SERVICE**

I certify that the foregoing Plaintiff's Motions in Limine were served on counsel for Defendants pursuant to Rule 5(b) of the Federal Rules of Civil Procedure, by electronic mail, on this 19th day of February 2010.

\s\ Elizabeth A. Wiley
Elizabeth A. Wiley