UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PA ADVISORS, LLC | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Civil Action No. 2:07-cv-480 RRR |
| | ) |
| GOOGLE INC., et al. | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANT YAHOO! INC.'S**

**MOTIONS *IN LIMINE***

## TABLE OF CONTENTS

Page

I.  INTRODUCTION .................................................................................................1

II. ARGUMENT AND AUTHORITIES...............................................................................1

    Motion in Limine No. 1.    Plaintiff Should Be Precluded from Entering Evidence of Yahoo's Overall Revenue and Market Capitalization .........................................1

    Motion in Limine No. 2.    Plaintiff Should Be Barred From Offering Arguments or Evidence Regarding Source Code and Discovery Related Issues. ......................3

    Motion in Limine No. 3.    Plaintiff Should Be Precluded From Offering Testimony or Argument Regarding "Copying" or "Imitating" by Yahoo. ..............5

    Motion in Limine No. 4.    Plaintiff Should be Barred from Offering any Evidence or Testimony that Yahoo had Constructive Notice of the '067 Patent ....................7

    Motion in Limine No. 5.    Plaintiff's Experts Should be Barred from Offering any Testimony Beyond the Opinions Expressed in Their Expert Reports .....................7

III. CONCLUSION....................................................................................................8

# TABLE OF AUTHORITIES

35 U.S. § 281 .................................................................................................................4

*Amsted Industrial Inc. v. Buckeye Steel Castings Co.*,
   24 F.3d 178 (Fed. Cir. 1994)..........................................................................................7

*Blue Cross & Blue Shield, Inc. v. Philip Morris, Inc.*,
   2000 WL 1805359 (E.D.N.Y. Dec. 11, 2000) ...............................................................5

*Burke v. Deere & Co.*,
   6 F.3d 497 (8th Cir. 1993) .............................................................................................2

*Cooper Tire and Rubber Co. v. Farese*,
   2008 WL 5382416 (N.D. Miss. Dec. 19, 2008)............................................................2

*Eason v. Fleming Companies., Inc.*,
   No. 92-1390, 1993 WL 13015208 (5th Cir. Aug. 24, 1993) ........................................3

*Green v. Baca*,
   226 F.R.D. 624 (C.D. Cal. 2005).................................................................................4

*Iron Grip Barbell Co. v. USA Sports, Inc.*,
   392 F.3d 1317 (Fed. Cir. 2004).....................................................................................6

*Miller v. Ford Motor Co.*,
   2004 WL 4054843 (M.D. Fla. July 22, 2004) ..............................................................5

## STATUTES

Fed. R. Civ. P. 37............................................................................................................4

Fed. R. Civ. P. 403..........................................................................................................5

Fed. R. Evid. 401 ............................................................................................................4

Fed. R. Evid. 402 ........................................................................................................2, 4

Fed. R. Evid. 403 ............................................................................................................5

## I. INTRODUCTION

Pursuant to the Proposed Agreed Amended Docket Control Order, [Dkt. No. 415] Defendant Yahoo! Inc. ("Yahoo") hereby files these motions *in limine* seeking an Order instructing counsel and all witnesses called by or on behalf of either party not to mention, discuss, or allude to any of the following issues, whether in *voir dire*, opening statement, examination of witnesses, offering of evidence, interposing or arguing objections, eliciting testimony, closing argument, or any other manner.

The following issues, if introduced into the trial of the case, would be so prejudicial that the Court could not alleviate the prejudice with appropriate instructions. Sustaining objections to questions, comments, or offers of evidence as to these issues would not cure, but would instead reinforce the prejudicial impact of such matters on the jurors. Curative instructions would be equally ineffective in preventing the prejudicial impact on jurors. Argument, introduction of evidence, or comments concerning any of the following issues should be barred for at least the reason that the issues would be irrelevant under Federal Rules of Evidence 401 and 402, and/or improper under Federal Rule of Evidence 403 as being unfairly prejudicial, misleading, confusing to the jury, or a waste of time. Additional grounds supporting exclusion are set forth separately below.

## II. ARGUMENT AND AUTHORITIES

### Motion in Limine No. 1. Plaintiff Should Be Precluded from Entering Evidence of Yahoo's Overall Revenue and Market Capitalization

The Court should exclude evidence of Yahoo's market capitalization and overall revenue because they are irrelevant to the damages analysis and unduly prejudicial to Yahoo. Plaintiff nXn Tech, LLC's (f/k/a PA Advisors, LLC) ("Plaintiff") damages expert, Dr. Becker, indicates that that Plaintiff may intend to introduce evidence of Yahoo's market capitalization and overall

revenues to sway the jury's sympathy or to somehow bolster its damages claims. Specifically, Dr. Becker sets forth in his expert report Yahoo's worldwide annual revenues of approximately $30 billion and states that Yahoo's annual revenues have grown from $3.6 billion in 2004 to more than $7.2 billion in 2008. (White Decl., Ex. 1) (Dr. Becker's Expert Report ¶ 21.) Dr. Becker also notes in his Report that Yahoo's worldwide gross profits were more than $17.5 billion during this time. (*Id.*)

Under Federal Rule of Evidence 402, evidence that is not relevant is not admissible. Evidence of Yahoo's market capitalization and overall revenue is "totally irrelevant to the issue of compensatory damages." *See Burke v. Deere & Co.*, 6 F.3d 497, 513 (8th Cir. 1993). Indeed, references to a party as a "wealthy, thriving, large company" and references to a company's finances and size have been held irrelevant and excludable at the motion *in limine* stage. *See Cooper Tire and Rubber Co. v. Farese*, 2008 WL 5382416, at *3 (N.D. Miss. Dec. 19, 2008).

The only revenue figures that are relevant to the determination of reasonable royalty damages attributable to the alleged infringement of the '067 patent are revenues from Yahoo's three accused products (Sponsored Search, Content Match and Behavioral Targeting). (White Decl., Ex. 2) (Report, Exhibit SLB-YAH-1.) Accordingly, Dr. Becker's damages calculations apply his asserted reasonable royalty rate only to the revenues from the three accused advertising products. (White Decl., Ex. 1) (Report ¶ 11.) Thus, the Court should exclude any reference Yahoo's total revenues or overall market capitalization because they are not relevant. *See* Fed. R. Evid. 402.

The Court should also exclude evidence of Yahoo's total revenues and market capitalization under Federal Rule of Evidence 403. When analyzing whether to exclude evidence under Federal Rule of Evidence 403, courts balance the probative value of the proffered

evidence against its potential prejudicial effect. *Eason v. Fleming Companies., Inc.*, No. 92-1390, 1993 WL 13015208, at *4 (5th Cir. Aug. 24, 1993). Because Plaintiff makes no claim of a reasonably royalty on Yahoo's total revenues, evidence of Yahoo's total revenues or market capitalization are not probative to any issue in the case. Furthermore, such evidence would be unduly prejudicial to Yahoo.

### Motion in Limine No. 2. Plaintiff Should Be Barred From Offering Arguments or Evidence Regarding Source Code and Discovery Related Issues.

The Court should preclude Plaintiff from arguing or providing evidence regarding the time and manner in which Yahoo provided source code and other discovery related issues as they are irrelevant to any allegation or defense. Yahoo would be highly prejudiced if Plaintiff were to argue that the Yahoo's production of source code, and alleged lack thereof, is the reason why Plaintiff lacks evidence to prove infringement.

During the December 28, 2009 hearing, the Court instructed Yahoo to work with Plaintiff to provide the remaining source code that Plaintiff believed it needed. (White Decl., Ex. 3 at 38-48). Plaintiff provided a list of outstanding requests, which Yahoo accommodated. (White Decl., Ex. 4, Email correspondence between Andrew Weiss and Jason White.) The deadline for Plaintiff's infringement expert report was extended accordingly.

Even so, the report of Plaintiff's expert Dr. V. Thomas Rhyne contains a number of footnotes and references to source code Plaintiff believes was "have been requested from Yahoo! but have not been produced pursuant to the protective order." (White Decl., Ex. 5 at fn. 41) Dr. Rhyne also references a "Bates stamped version of this code had not been produced at the time that this expert report was served." (White Decl., Ex. 5 at fn. 65.) To Yahoo's knowledge, each of Plaintiff's outstanding document and source code requests – including requests for print-outs pursuant to the protective order – has been met or otherwise addressed.

Plaintiff cannot assert that Yahoo has not fully complied with its discovery obligations in this litigation. In fact, Yahoo has gone above and beyond in giving Plaintiff the discovery it needed, and accommodating its requests, including late requests. Even assuming Plaintiff somehow has a basis for this assertion, it would not be relevant to any issues before the jury, such as Plaintiff's infringement allegations or Yahoo's invalidity defenses. Fed. R. Evid. 401; Fed. R. Evid. 402.

While Plaintiff might argue that evidence of discovery conduct would be relevant to a determination of sanctions under Fed. R. Civ. P. 37 or enhanced damages under 35 U.S. § 281, these determinations would be within the exclusive province of the Court and should be resolved by other means, not in front of the jury during trial. Plaintiff should not be permitted to argue or imply that Yahoo's purported discovery failures excuse its failure to meet its burden of proof with respect to its infringement allegations. Accordingly, Plaintiff should be precluded under Federal Rule of Evidence 402 from introducing evidence or argument during trial relating to source code, or the lack thereof, and any additional discovery related issues.

Plaintiff's allegations that Yahoo did not produce relevant source code may lead the jury to incorrectly assume that Yahoo intentionally attempted to conceal evidence of wrongdoing, or otherwise prejudice the jury against Yahoo. While such assertions are wholly untrue and unsupportable, they may make it appear to the jury that Yahoo was hiding something or being less than forthcoming. This could result in bias against Yahoo, as the jury might not only believe that Plaintiff is correct – which it is not. Absent evidence of bad faith or wrongdoing, which is wholly absent here, Plaintiff may not draw the adverse jury inference by introducing evidence of alleged discovery misconduct. *See, e.g., Green v. Baca*, 226 F.R.D. 624, 642-43 (C.D. Cal.

2005) (holding that absent evidence of conscious wrongdoing, evidence of discovery disputes and initial failure to produce documents is inadmissible).

Such allegations will also result in a waste of time and sidetrack the trial from the actual issues in the case. Plaintiff's allegations regarding the time and manner in which Yahoo produced source code and related documents should therefore be excluded under Fed. R. Civ. P. 403. *See, e.g., id.* (evidence of defendant's purported discovery violations excluded under Fed. R. Evid. 403 because their probative value was substantially outweighed by the danger of unfair prejudice); *Miller v. Ford Motor Co.*, 2004 WL 4054843, at *10 (M.D. Fla. July 22, 2004) (granting defendants' motion *in limine* to exclude reference or evidence regarding Defendants' alleged misuse of discovery practices); *Blue Cross & Blue Shield, Inc. v. Philip Morris, Inc.*, 2000 WL 1805359, at *2 (E.D.N.Y. Dec. 11, 2000) (granting defendants' motion *in limine* to exclude references to alleged discovery abuses).

For the foregoing reasons, Yahoo respectfully requests that the Court bar Plaintiff's from introducing evidence or argument during trial relating to source code, or the lack thereof, and any additional discovery related issues.

**Motion in Limine No. 3.**     **Plaintiff Should Be Precluded From Offering Testimony or Argument Regarding "Copying" or "Imitating" by Yahoo.**

The Court should preclude Plaintiff from offering testimony or argument regarding "copying" by Yahoo. Yahoo would be highly prejudiced if Plaintiff were to allege that Yahoo copied the '067 patent or Mr. Geller's invention ("the invention") in the presence of the jury given that there is no evidence whatsoever that Yahoo copied Plaintiff's patent or the inventor's software when developing Yahoo services and products. As alleged evidence of possible copying, the only fact Plaintiff cites is that Mr. Geller may have met Yahoo's co-defendant Google, Inc.'s ("Google") inventor at a conference and possibly sent him an e-mail. White

Decl., Ex. 6 at 95:16-25; 97:24-99:25. Such facts, however, do not demonstrate anything about defendant Yahoo copying the '067 patent or Yahoo even being aware of software created by either of the inventor's companies, Mightiest Logicon Unisearch ("MLU") or Lexiclone.

Any evidence offered by Plaintiff of "copying" is insufficient for the issue to be tried before the jury. The Federal Circuit has clearly stated, "copying requires the replication of a specific [patented] product." *Iron Grip Barbell Co. v. USA Sports, Inc*., 392 F.3d 1317, 1325 (Fed. Cir. 2004) (rejecting copying allegation). "This may be demonstrated either through [1] internal documents; [2] direct evidence such as disassembling a patented prototype, photographing its features, and using the photograph as a blueprint to build a virtually identical replica; or [3] access to, and substantial similarity to, the patented product (as opposed to the patent)." *Id*. (internal citations omitted). Plaintiff provides no such evidence in this case. The only evidence Plaintiff has identified relates to a purported meeting with Google, not Yahoo. White Decl., Ex. 6 at 95:16-25; 97:24-99:25. Plaintiff offers no additional evidence – no internal documents, no direct evidence, and no evidence of access between itself and Yahoo. Plaintiff, therefore, cannot demonstrate that Yahoo "copied" or "imitated" the '067 patent or any Lexiclone or MLU products.

Yahoo will be materially prejudiced if Plaintiff is permitted to offer attorney argument, statements, or implications that Yahoo "copied" or "imitated" the '067 patent or the invention when there is no evidence in the record. For the foregoing reasons, Yahoo respectfully requests that the Court preclude Plaintiff from offering attorney argument or testimony that Yahoo copied the '067 patent.

### Motion in Limine No. 4. Plaintiff Should be Barred from Offering any Evidence or Testimony that Yahoo had Constructive Notice of the '067 Patent

The Court should preclude Plaintiff from offering any evidence or argument that Yahoo received constructive notice of the '067 patent. Plaintiff's discovery responses, 30(b)6 witness, and experts do not offer any basis for the position that Plaintiff marked its products with the '067 patent number.

Constructive notice requires the patentee, or its licensee, to mark its own products embodying the patented technology with the patent number. *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994) ("The correct approach to determining notice under section 287 must focus on the action of the patentee, not the knowledge or understanding of the infringer.") The patentee bears the burden of showing compliance with the marking statute, which gives rise to constructive notice. *Id*. In this case, the patentee is unable to marshal any evidence showing that it marked its own products, or that any marking were "substantially consistent and continuous." *Id*. According, Yahoo respectfully requests that the Court preclude Plaintiff from offering evidence, attorney argument, or testimony that Yahoo has constructive notice of the '067 patent.

### Motion in Limine No. 5. Plaintiff's Experts Should be Barred from Offering any Testimony Beyond the Opinions Expressed in Their Expert Reports

On February 17, 2010 the Court ruled that Plaintiff may not file a motion for summary judgment on the issue of anticipation. [Dkt. No. 411]. In this order the Court held that "expert testimony at trial will be limited to the four corners of [an] expert report." For this reason, Yahoo believes that the Court has already limited the testimony of Plaintiff's experts to the opinions contained in their reports.

However, to the extent necessary, Yahoo hereby move to limit the testimony of Plaintiff's experts Dr. V. Thomas Rhyne, Allan H. Gordon, and Stephen L. Becker, to the

opinions expressed in their expert reports.  *See* FED. R. CIV. P. 26 and 37.[1]  Specifically, Yahoo requests that the Court limit the direct testimony of Plaintiff's experts to those opinions set forth in their expert reports and preclude them from offering any opinions not explicitly addressed in their expert reports, for example, an opinion of infringement under the Doctrine of Equivalents.

## III. CONCLUSION

For the reasons stated above, Yahoo respectfully asks the Court to grant its motions *in limine*.

---

[1] If it would please the Court, Defendants can provide a fully briefed motion *in limine* on this issue.

Dated: February 19, 2010                /s/ Jennifer H. Doan
William C. Rooklidge
Email: rooklidgew@howrey.com
State Bar No. 134483
Howrey, LLP
4 Park Plaza, Suite 1700
Irvine CA 92614-2559
Telephone: (949) 721-6900

Jason C. White
Email: whitej@howrey.com
State Bar No. 6238352
Howrey, LLP
321 N. Clark Street, Suite 3400
Chicago IL 60654
Telephone: (312) 595-1239

Brian A.E. Smith
Email: smithbrian@howrey.com
State Bar No. 188147
Howrey LLP
525 Market Street, Suite 3600
San Francisco CA 94105-2708
Telephone: (415) 848-4900

Jennifer H. Doan
Email: jdoan@haltondoan.com
State Bar No. 08809050
Joshua Reed Thane
Email: jthane@haltondoan.com
State Bar No. 24060713
John Scott Andrews
Email: sandrews@haltondoan.com
State Bar No. 24064823
Halton & Doan
Crown Executive Center, Suite 100
6500 Summerhill Road
Texarkana TX 75503
Telephone: (903) 255-1000

*Attorneys for Defendant Yahoo! Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this the 19th day of February, 2010.

/s/ Jennifer H. Doan
Jennifer H. Doan