PA Advisors, LLC v. Google Inc. et al

Doc. 420 Att.

# EXHIBIT 3

Dockets.Justia.com

1

IN THE U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF

TEXAS, MARSHALL DIVISION

```
--------------------------:
                          :
PA ADVISORS,              :
                          :
         Plaintiff,       : Civil Docket No.
                          :
     vs.                  : 2:07-cv-00480-RRR
                          :
GOOGLE, INC., et al.,     :
                          :
         Defendant.       :
                          :
--------------------------:
```

Washington, D.C.

Monday, December 28, 2009

The above-entitled matter came on for Pretrial Conference, pursuant to Notice.

BEFORE: HONORABLE RANDALL R. RADER, Judge

38

1  a big surprise, you know, in that -- in that brief that
2  we file on the 15th.
3      JUDGE RADER: Well, let's do this. Let's stick
4  with my original schedule, 25 -- 15-25-29. If there is
5  some undue hardship, the Court can entertain a -- a
6  motion that can even be made verbally, if necessary.
7      Remember, if you're going to contact the Court
8  verbally, you need to go through Jinrong, my assistant,
9  and you would need the other party on the line, but I'm
10 sure these are standard procedures.
11     So let's stick with the 15th, 25, 29 for the
12 summary judgments.
13     Excuse me. Who left?
14     MR. WHITE: Your Honor, that was Bill Rooklidge,
15 it sounds like.
16     JUDGE RADER: Oh, okay. His party's still
17 represented. We're fine.
18     Let's move on to the motions to compel. Mr.
19 Fenster, these are your motions. You're seeking source
20 code and some kind of financial information, right?
21     MR. FENSTER: Yes, Your Honor. First, --
22     JUDGE RADER: Why do you need source code?

39

1      MR. FENSTER: Source code. That -- that is the
2  most critical. Your Honor, it's -- it's difficult to
3  display dates, to be telling you this, but we still don't
4  have complete source codes for the accused
5  instrumentality.
6      The source code production didn't get started
7  until late. It's kind of a product of the difficult meet
8  and confer or the stringent meet and confer requirements.
9  We asked for production, we get a production, we meet and
10 confer about it, he has a motion to compel, and
11 Defendants would agree to produce. Then they produce,
12 then we'd get, review that source code. It's a difficult
13 process to review.
14     This went on for months, Your Honor, and we --
15     JUDGE RADER: Well, that's history. Do we all
16 understand we're going to be in trial in three months?
17     MR. FENSTER: Yes, Your Honor, and I have a
18 proposal to get there. I -- we have specific portions of
19 code that have been -- that are missing. We -- what I
20 propose, Your Honor, is that we have a date certain, that
21 you fix a date certain by which all code be produced and
22 allow us to supplement the expert reports which will be

40

1  produced on the 4th per the parties' agreement, if the
2  Court agrees, within three weeks after that date, and
3  this will push us close, bumping up, and it's a difficult
4  schedule, but we can still get to early March, but we
5  need a date certain by which the Defendants have to
6  produce complete source code for the accused
7  instrumentalities and then thereafter be precluded from
8  referencing any source code or arguing about source code
9  that they didn't produce.
10     JUDGE RADER: Well, let me hear from Mr. Cannon
11 and Mr. White.
12     MR. CANNON: Your Honor, this is Brian Cannon.
13 Just I know you don't want to review the history, Your
14 Honor, but --
15     JUDGE RADER: No, I don't.
16     MR. CANNON: -- it has been produced repeatedly.
17 It was made available in the spring of this year, the
18 onsite inspections again in July, and by our count, there
19 have been over 16 mandated inspections. There have been,
20 I think, 40 individual inspection sessions. There have

41

1  behalf of Google in providing the source code. There was
2  no motion to compel ever filed throughout this case. On
3  the very last day of discovery, December 21st, Plaintiff
4  filed its first motion to compel.
5      So we believe we've done a good job. We've
6  continued to make source code available this week, as we
7  did last week, even though discovery is closed. So we
8  believe we've done a very good job providing discovery.
9      We would like the opportunity to respond in
10 writing to the -- to the motion that has been filed.
11     The other thing that would make this --
12     JUDGE RADER: Is there something that you can't
13 disclose --
14     MR. CANNON: If we could do the source code
15 inspection in Northern California? Google source code is
16 located in Mountain View, California. Per Judge Olson's
17 order about a year and a half ago, the inspection had to
18 take place in Dallas, Texas.
19     Coming up on trial and with the logistics of
20 trying to provide the Plaintiff the source code it
21 believes it needs, we would request that the most
22 efficient way to get this done is have the inspection

42

1  take place in Northern California.
2         JUDGE RADER: Mr. Fenster, any problem with
3  going to California?
4         MR. FENSTER: We have code reviewers and a
5  process that's been in place. We'll go wherever we need
6  to go if you'll order that we have complete source code
7  and then give us a reasonable time to supplement the
8  expert report after that, but, you know, as Mr. Cannon
9  referenced, production is going on to this day. We got
10 source code yesterday or today from Yahoo. We've been
11 getting source code on the 18th of December, the 21st of
12 December.
13        Source code is still coming in that needs to be
14 processed and because it's in bits and pieces, we need a
15 complete set because what happens is the code reviewers
16 will find a function and then they have to go to the
17 definition of the function code. Well, if that
18 definition isn't in the code that's provided, they hit a
19 dead end. We ask for the code from Google and then when
20 they get it, when we get it, we have to go back and
21 review the same code again.
22        It's a recursive process, but, yes, we'll go

43

1  anywhere that Your Honor wants us to, as long as we have
2  complete access to the code for the accused
3  functionality.
4         JUDGE RADER: I'm glad to hear that, but I'm a
5  little troubled here. It's a little strange for me to
6  have summary judgment motions coming in when discovery's
7  not even complete.
8         MR. CANNON: Your Honor, this is Brian Cannon.
9  Can -- can I address this for a moment?
10        JUDGE RADER: Yes. I'm -- I haven't had a trial
11 like this that I can recall and I've done many.
12        MR. CANNON: Your Honor, we believe discovery --
13 this is Brian Cannon for Google. We believe discovery is
14 and should be closed. Plaintiff has taken multiple
15 depositions from Google engineers and from Google
16 corporate witnesses on the functionality of the source
17 code.
18        We've produced, I think, over 1.5 million pages
19 and documents. We've produced however many millions of
20 lines of source code. One of the issues and one of the

44

1  10th, we filed a motion on behalf of Google to -- to
2  compel the Plaintiff to actually come clean with a theory
3  of infringement and we believe that there is no, you
4  know, infringement case here and so we think Plaintiff
5  should -- should commit to its case.
6         We think we can present summary judgment papers
7  that will lead to a finding of non-infringement of Claim
8  1 and Claim 45 and so we think that, you know, saying
9  that more code is needed is really not a -- not an excuse
10 to delay any summary judgment proceedings. We think
11 discovery has been taken. We're happy to provide more
12 code on an ongoing basis and we've been doing so, as
13 Plaintiff requested.
14        If they're willing to come to California, that
15 will make this much more efficient and we can continue to
16 provide the code, but we believe everything has been
17 provided so far, demonstrates how Google's systems work
18 in great detail and demonstrates that there is no
19 infringement here. We'd like to present that to Your
20 Honor.
21        JUDGE RADER: Thank you, Mr. Cannon. Now, I
22 presume all this is occurring under a proper protective

45

1  order and that my counsel are following that order
2  religiously.
3         MR. FENSTER: Absolutely, Your Honor. There are
4  very stringent -- there's a very stringent protective
5  order in place and that is being followed.
6         MR. CANNON: Your Honor, this is Brian Cannon.
7  We've had some issues with that, especially since the
8  source code inspection is taking place out of state.
9  We're doing our best to resolve them and if we can
10 continue to resolve them, I don't think we'll need to
11 bring it to Your Honor, but as Your Honor is aware,
12 Google source code, as I'm sure Yahoo's is, is absolutely
13 invaluable and cannot be compromised.
14        So the parties are working to -- to make this --
15 to make this happen, and I think a Northern California
16 inspection would -- would actually benefit that aspect,
17 as well.
18        JUDGE RADER: I think the Northern Californian's
19 is done. The question I have now is do I need a claim
20 chart or some infringement specifics from Mr. Fenster.

46

1  infringement contentions, following the Markman.  Those
2  are the subject of a motion, as Mr. Cannon mentioned.
3         We -- we have come clean, as Mr. Cannon
4  suggests, with our theory.  We have a very
5  straightforward theory against four accused products for
6  Google and four accused products for Yahoo and we show
7  where in the documents and the source code that has been
8  produced to date that appears and the expert report will
9  include further source code that has been produced since
10 those last pics were produced.
11        We're happy to do -- you know, I think that the
12 final infringement contention will be -- the expert
13 report will have the complete recitation of all source
14 codes that matches up with every line.  It shows exactly
15 which function corresponds to the user profiles, which
16 functions and source codes corresponds to the first
17 similarity factor, the second similarity factor, the
18 final match factor, exactly how that's done.
19        But we need complete source code to line up what
20 we've --
21        JUDGE RADER:  What source code is missing?
22        MR. FENSTER:  So, Your Honor, this is laid out

47

1  in the emergency motion, for example, for Google, at Page
2  7.
3         JUDGE RADER:  Just a second.  I'll try and find
4  that here.  Yeah.  That is the sealed motion which I've
5  had a little trouble getting access to in my current
6  location.
7         MR. FENSTER:  If you need courtesy copies of any
8  of the sealed pleadings, please let us know, we'll be
9  happy to provide them.
10        JUDGE RADER:  Well, I'll -- I'll have the copies
11 coming.  My appointment here is rather recent and I had
12 to get some specific codes to get into the record and
13 that's just happening now.  But -- so I'll have that
14 information.
15        MR. FENSTER:  Well, Your Honor, --
16        JUDGE RADER:  Let me -- let me trust my counsel
17 here and their ability to work together.  Let me order
18 without even needing to issue an order, just by my word,
19 that, Mr. Fenster, you take your team to Northern
20 California to visit Mr. Cannon and his team where Mr.
21 Cannon and his team will cooperate to supply you with

48

1  have a dispute, you know how to get me.
2         MR. FENSTER:  Your Honor, can we have a date
3  certain for a complete production and to have access?
4         JUDGE RADER:  Well, --
5         MR. FENSTER:  Extended hours.
6         JUDGE RADER:  -- didn't -- I had a proposed
7  deadline of the 4th.  Mr. Cannon, can you make that?
8         MR. CANNON:  We'll do our absolute best, Your
9  Honor.
10        JUDGE RADER:  Well, let me give you till the
11 6th.  I know I'm going to ruin somebody's New Year's Eve
12 here.
13        MR. FENSTER:  So, Your Honor, if we have
14 production by the 6th, can we have extended hours,
15 including weekends, maybe till 10 o'clock at night, maybe
16 8 in the morning till 10 o'clock at night, to have access
17 to the code?
18        JUDGE RADER:  Why don't you gentlemen work that
19 out?
20        MR. FENSTER:  Okay.  And then --
21        JUDGE RADER:  I'm sure that you can find ways

49

1         MR. CANNON:  I agree, Your Honor.  This is Brian
2  Cannon.  And I would like to add that when counsel says
3  complete source code, I mean we've given millions of
4  lines of source code and we continue to provide it.
5         It's not organized in a fashion where you can
6  just burn a CD and provide it.  A lot of the code is
7  interdependent with different files and directories.  So
8  when -- so it is -- it has been somewhat of an iterative
9  process.
10        When Plaintiff asks for a particular
11 functionality or asks for a particular directory, we've
12 been able to provide that in a timely fashion, but it's
13 not as simple.  It's not like I've got a CD of all of
14 Google source code sitting on my desk and I'm just sort
15 of not providing it.
16        There is significant effort that goes on to
17 provide the code that is requested and, as Your Honor
18 pointed out, we will work with Plaintiff to provide it to
19 them and I think having the inspection up here in
20 Northern California will make this go more smoothly.
21        JUDGE RADER:  Okay.  Well, then that can happen.