UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PA ADVISORS, L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE INC., et al., <br><br> Defendants. | Civil Action No. 2:07-CV-480 RRR |

**DEFENDANTS' MOTION *IN LIMINE* NO. 1: MOTION TO PRECLUDE EVIDENCE OF DEFENDANTS' ALLEGED INDUCED OR CONTRIBUTORY INFRINGEMENT**

## Introduction

Defendants hereby move to limit the evidence of Plaintiff to the facts and arguments expressed in Plaintiff's interrogatory responses, infringement contentions, and expert reports regarding allegations of induced or contributory infringement. Specifically, defendants request that the Court preclude Plaintiff from offering any evidence on the issue of the defendants' alleged induced or contributory infringement of the '067 patent.

## Background

Since filing the Second Amended Complaint, Plaintiff has not made any allegations of induced or contributory infringement. Specifically, Plaintiff has not provided the defendants with any basis for an allegation of induced and contributory infringement in its Preliminary Infringement Contentions, Amended Infringement Contentions, or reports from its technical expert, Dr. V. Thomas Rhyne. Defendants will be materially prejudiced if Plaintiff is permitted to offer evidence or testimony that was not disclosed to defendants on the issue of induced or contributory infringement. Accordingly, Plaintiff should be precluded from offering any evidence or testimony on these issues at trial.

## Argument

Under Rule 26 of the Federal Rules of Civil Procedure, a party must supplement or correct an interrogatory response. FED. R. CIV. P. 26(e); *see, e.g.*, *Colon-Millin v. Sears Roebuck De Puerto Rico, Inc.*, 455 F.3d 30, 37 (1st Cir. 2006) (cited by *Wright & Miller*). Specifically, Rule 26(e) states, in part:

> A party who has . . . responded to an interrogatory . . . must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

1

FED. R. CIV. P. 26(e). This requirement to supplement an interrogatory is automatic; the serving party does not need to ask the responding party for any supplementation. *Johnson v. United Parcel Service, Inc.*, 236 F.R.D. 376 (E.D. Tenn. 2006).

Rule 37(c) is the enforcement mechanism for Rule 26(e):

> If a party fails to provide information or identify a witness as required by Rule 26(a) or 26(e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless.

FED. R. CIV. P. 37(c). Further, the exclusion of this evidence at trial is also automatic; no prior motion to compel is necessary. *See* 1993 ADVISORY COMM. NOTES TO FED. R. CIV. P. 37(c). A party may only avoid exclusion of this evidence if its failure was harmless. *McGuire v. Cirrus Design*, No. 07-CV-683, 2009 WL 383541, at *2 (E.D. Tex. Feb. 13, 2009). However, that party bears the burden of proving that its failure was harmless. *See, e.g.*, *Tobias v. Davidson Plywood*, 241 F.R.D. 590 (E.D. Tex. 2007).[1]

In this case, the defendants propounded interrogatories to discover the evidentiary bases underlying Plaintiff's allegations of induced and contributory infringement. In response, Plaintiff has not provided any basis to support these contentions. Moreover, Plaintiff has not updated or supplemented its interrogatory responses, or otherwise informed defendants of the evidence the Plaintiff intends to present at trial to support its allegation of induced or contributory infringement.

## **Conclusion**

Plaintiff's failure to inform the defendants of its bases for its allegations of induced and contributory infringement is not substantially justified or harmless. Thus, the defendants will

---

[1] In evaluating whether a violation of Rule 26 is harmless, the Fifth Circuit has instructed the trial court to consider: (1) the importance of the evidence; (2) the prejudice to the opposing party of allowing the witness to testify; (3) the possibility for curing such prejudice by granting a continuance; and (4) the explanation, if any, for the party's failure to comply with the disclosure requirements. *See Texas A & M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003); *see also Heidtman v. County of El Paso*, 171 F.3d 1038, 1040 (5th Cir. 1999).

suffer material prejudice if Plaintiff is allowed to surprise defendants at trial with evidence not presented in Plaintiff's responses to Defendants' interrogatories. Accordingly, Plaintiff should be barred from introducing any evidence at trial to support its allegations that defendants engaged in induced or contributory infringement.

Dated: February 19, 2010

| APPROVED AS TO FORM AND SUBSTANCE: | APPROVED AS TO FORM AND SUBSTANCE: |

/s/ David Perlson

/s/ Jennifer Doan

Charles K. Verhoeven
Email: charlesverhoeven@quinnemanuel.com
State Bar No. 170151
David A. Perlson
Email: davidperlson@quinnemanuel.com
State Bar No. 209502
Quinn Emanuel Urquhart Oliver & Hedges LLP
50 California St.
San Francisco, CA 94111
Telephone: (415) 875-6600

Brian C. Cannon
Email: briancannon@quinnemanuel.com
State Bar No. 193071
Andrea Pallios Roberts
Email: andreaproberts@quinnemanuel.com
State Bar No. 228128
Quinn Emanuel Urquhart Oliver & Hedges LLP
555 Twin Dolphin Dr. Ste. 560
Redwood Shores, CA 94065
Telephone: (650) 801-5000

Harry L. Gillam, Jr.
State Bar No. 07921800
Email: gil@gillamsmithlaw.com
Melissa R. Smith
State Bar No. 24001351
Email: melissa@gillamsmithlaw.com
Gillam & Smith, L.L.P.
303 South Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450

*Counsel for Google Inc*.

William C. Rooklidge
Email: rooklidgew@howrey.com
State Bar No. 134483
Howrey, LLP
4 Park Plaza, Suite 1700
Irvine CA 92614-2559
Telephone: (949) 721-6900

Jason C. White
Email: whitej@howrey.com
State Bar No. 6238352
Howrey, LLP
321 N. Clark Street, Suite 3400
Chicago IL 60654
Telephone: (312) 595-1239

Brian A.E. Smith
Email: smithbrian@howrey.com
State Bar No. 188147
Howrey LLP
525 Market Street, Suite 3600
San Francisco CA 94105-2708
Telephone: (415) 848-4900

Jennifer Doan
Email: jdoan@haltondoan.com
State Bar No. 08809050
Joshua Reed Thane
Email: jthane@haltondoan.com
State Bar No. 24060713
John Scott Andrews
Email: sandrews@haltondoan.com
State Bar No. 24064823
Halton & Doan
Crown Executive Center, Suite 100
6500 Summerhill Road
Texarkana TX 75503
Telephone: (903) 255-10002

*Counsel for Yahoo! Inc*.

4

## CERTIFICATE OF SERVICE

I certify that a copy of **DEFENDANTS' MOTION IN LIMINE NO. 1: MOTION TO PRECLUDE EVIDENCE OF DEFENDANTS' ALLEGED INDUCED OR CONTRIBUTORY INFRINGEMENT** was served upon counsel of record via CM/EFC on February 19, 2010.

                                                /s/ David Perlson
                                                  David Perlson