IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PA ADVISORS, LLC | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:07-cv-480 RRR |
| | ) | |
| GOOGLE INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS' MOTION *IN LIMINE* NO. 2: MOTION TO PRECLUDE EVIDENCE OR TESTIMONY OF A PRIORITY DATE THAT WAS NOT CONTAINED IN PLAINTIFF'S INTERROGATORY RESPONSES**

1

Defendants Yahoo! Inc. ("Yahoo") and Google Inc. ("Google") hereby move to limit the evidence of plaintiff nXn Tech. LLC (f/k/a PA Advisors, LLC) ("Plaintiff") to the facts and arguments expressed by Plaintiff during discovery. Specifically, Defendants request that the Court limit Plaintiff's evidence and testimony to those facts and opinions set forth in its interrogatory responses and preclude Plaintiff from offering any evidence or testimony not specifically disclosed during discovery about the priority date of U.S. Patent No. 6,199,067 ("the '067 patent").

I.  **BACKGROUND**

Defendants served their first set of interrogatories on plaintiff on November 17, 2008. Defendants' interrogatory number 2 stated: "[d]escribe in detail the dates and circumstances of conception and reduction to practice of each claim of the '067 patent, by identifying any relevant documents, and all persons involved, and for each such person, the time period and nature of that person's involvement." White Decl, Ex. 1. On December 22, 2008, Plaintiff responded by stating:

> The asserted claims of the '067 patent claim priority to U.S. Patent Application No. 08/853,074 and U.S. Provisional Application 60/116,582, which was filed on January 20, 1999. Upon information and belief, each asserted claim is entitled, via its earliest effective filing date, at least to the priority date of at least January 20, 1999. PA acquired the '067 patent on October 23, 2007. PA was not involved in the conception or reduction to practice of the invention(s) claimed by the '067 patent. Accordingly, regarding the facts related to conception and reduction to practice, PA reserves the right to rely upon the testimony of the inventor.
>
> PA reserves the right to supplement this response as appropriate as discovery in this case proceeds. To the extent PA's expert disclosures relate to the information sought by this interrogatory, they will be incorporated herein by reference.
> White Decl., Ex. 2.

Plaintiff never changed this interrogatory response during its supplementation on December 21, 2009, nor provided an earlier priority date during fact discovery, which closed in December.

1

When Yahoo and Google deposed the actual inventor of the '067 patent, he could only tangentially support the alleged conception date provided by Plaintiff. When Mr. Geller, the sole inventor of the '067 patent, was questioned on this topic during his deposition, he could not remember any specific date. Instead, he stated:

> Okay. You have this patent. It is before you. So finally of course I had this idea. You have something here. Right? Before you. So finally I came to the idea, but I don't remember when. I cannot say you exactly day, months or a year. It was somewhere in '99 or '98. I don't remember exactly.

White Decl., Ex. 3 at 29:9-15; *see also* 25:9-18 (explaining that it is impossible to say exactly when because conception is a long process.) Thus, by the close of discovery, the only concrete date that Defendants' could rely on was January 20, 1999, the date stated in Plaintiff's interrogatory response.

Trial is now set for April 12, 2010, and Defendants' will be materially prejudiced if plaintiff is permitted to offer evidence or testimony that was not disclosed to Defendants' in the interrogatory response. Plaintiff should be barred from offering evidence or testimony of a priority date prior to the only concrete priority date that Yahoo or Google have ever been provided during the course of discovery. Specifically, Plaintiff should be limited to January 20, 1999, the date disclosed in their interrogatory response.

## II. ARGUMENT

### A. Plaintiff may not offer evidence beyond its interrogatory response.

Plaintiff should be limited to its interrogatory response because any new arguments or testimony about an earlier priority date will prejudice Defendants' at trial. Under Rule 26 of the Federal Rules of Civil Procedure, a party must supplement or correct an interrogatory response. Fed. R. Civ. P. 26(e); *see, e.g.*, *Colon-Millin v. Sears Roebuck De Puerto Rico, Inc.*, 455 F.3d 30, 37 (1st. Cir. 2006). Specifically, Rule 26(e) states, in part:

2

> A party who has . . . responded to an interrogatory . . . must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing. Fed. R. Civ. P. 26(e).

This requirement to supplement an interrogatory is automatic; the serving party does not need to ask the serving party for any supplementation. *Johnson v. United Parcel Service, Inc.*, 236 F.R.D. 376 (E.D. Tenn. 2006).

Rule 26(e) is enforced through Rule 37(c)(1) of the Federal Rules of Civil Procedure, which provides that the failure to disclose information under Rule 26(e), without substantial justification, results in a bar to offering that evidence at trial unless this failure is harmless. Specifically, Rule 37(c) states, in part:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or 26(e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c).

Further, the exclusion of this evidence is also automatic; no prior motion to compel is necessary. *See* 1993 Advisory Comm. Notes to Fed. R Civ. P. 37(c)(1). A party may avoid exclusion only if the failure was harmless. *McGuire v. Cirrus Design*, No. 07-CV-683, 2009 WL 383541, at *2 (E.D. Tex. Feb. 13, 2009). However, that party bears the burden of proving that its failure was harmless. *See, e.g., Tobias v. Davidson Plywood*, 241 F.R.D. 590 (E.D. Tex. 2007).[1]

In this case, Plaintiff never updated its interrogatory response to include an earlier priority date. The testimony of the sole inventor shows there is no logical basis for a priority date before the affirmative act of filing the provisional application on January 20, 1999. Because there is no basis for an earlier filing date, and because Yahoo and Google are only aware of the

---

[1] In evaluating whether a violation of Rule 26 is harmless, the Fifth Circuit has instructed the trial court to consider: (1) the importance of the evidence; (2) the prejudice to the opposing party of allowing the witness to testify; (3) the possibility for curing such prejudice by granting a continuance; and (4) the explanation, if any, for the party's failure to comply with the disclosure requirements. *See Texas A & M Research Foundation v. Magna Transportation, Inc.*, 338 F.3d 394, 402 (5th Cir.2003); *see also Heidtman v. County of El Paso*, 171 F.3d 1038, 1040 (5th Cir. 1999).

January 20, 1999 date stated in plaintiff's interrogatory response, Plaintiff should be limited to this date. Defendants will be prejudiced by any argument or testimony about an earlier date because neither Yahoo nor Google sought additional discovery on an earlier date. Thus, Plaintiff must be limited to only offering evidence or testimony of the concrete January 20, 1999 date that was stated in their interrogatory response. Specifically, Plaintiff must not be allowed to rely on an earlier priority date that has no support in the inventor's own testimony.

**B.     Conclusion.**

Plaintiff never updated its interrogatory response and the use of any evidence or testimony not disclosed in this interrogatory response should be barred. Yahoo and Google will be materially prejudiced if Plaintiff is allowed to offer any evidence or present testimony that is not clearly and completely stated in Plantiff's interrogatories. For the foregoing reasons, Defendants respectfully request that the Court limit Plaintiff to only offering evidence and testimony contained in their interrogatory response, namely the January 20, 1999 priority date of the '067 patent, and preclude Plaintiff from offering evidence or testimony beyond that expressed in their interrogatory response regarding the priority date of the '067 patent.

Dated: February 19, 2010

| APPROVED AS TO FORM AND SUBSTANCE: | APPROVED AS TO FORM AND SUBSTANCE: |
|---|---|
| /s/ David Perlson | /s/ Jennifer Doan |

Charles K. Verhoeven
Email: charlesverhoeven@quinnemanuel.com
State Bar No. 170151
David A. Perlson
Email: davidperlson@quinnemanuel.com
State Bar No. 209502
Quinn Emanuel Urquhart Oliver & Hedges LLP
50 California St.
San Francisco, CA 94111
Telephone: (415) 875-6600

Brian C. Cannon
Email: briancannon@quinnemanuel.com
State Bar No. 193071
Andrea Pallios Roberts
Email: andreaproberts@quinnemanuel.com
State Bar No. 228128
Quinn Emanuel Urquhart Oliver & Hedges LLP
555 Twin Dolphin Dr. Ste. 560
Redwood Shores, CA 94065
Telephone: (650) 801-5000

Harry L. Gillam, Jr.
State Bar No. 07921800
Email: gil@gillamsmithlaw.com
Melissa R. Smith
State Bar No. 24001351
Email: melissa@gillamsmithlaw.com
Gillam & Smith, L.L.P.
303 South Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450

*Counsel for Google Inc*.

William C. Rooklidge
Email: rooklidgew@howrey.com
State Bar No. 134483
Howrey, LLP
4 Park Plaza, Suite 1700
Irvine CA 92614-2559
Telephone: (949) 721-6900

Jason C. White
Email: whitej@howrey.com
State Bar No. 6238352
Howrey, LLP
321 N. Clark Street, Suite 3400
Chicago IL 60654
Telephone: (312) 595-1239

Brian A.E. Smith
Email: smithbrian@howrey.com
State Bar No. 188147
Howrey LLP
525 Market Street, Suite 3600
San Francisco CA 94105-2708
Telephone: (415) 848-4900

Jennifer Doan
Email: jdoan@haltondoan.com
State Bar No. 08809050
Joshua Reed Thane
Email: jthane@haltondoan.com
State Bar No. 24060713
John Scott Andrews
Email: sandrews@haltondoan.com
State Bar No. 24064823
Halton & Doan
Crown Executive Center, Suite 100
6500 Summerhill Road
Texarkana TX 75503
Telephone: (903) 255-10002

*Counsel for Yahoo! Inc*.

# CERTIFICATE OF SERVICE

I certify that a copy of **DEFENDANTS' MOTION IN LIMINE NO. 2: MOTION TO PRECLUDE EVIDENCE OR TESTIMONY OF A PRIORITY DATE THAT WAS NOT CONTAINED IN PLAINTIFF'S INTERROGATORY RESPONSES** was served upon counsel of record via CM/EFC on February 19, 2010.

                                                  /s/ David Perlson
                                                         David Perlson