# Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PA ADVISORS, LLC | |
| v. | No. 2:07-CV-480-DF |
| GOOGLE, INC., et al. | |

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES

Plaintiff, PA Advisors, LLC ("PA"), objects and responds to the Defendants' first set of interrogatories, as follows:

### GENERAL STATEMENTS

1. No incidental or implied admissions are intended by the responses herein. The fact that PA has responded to or objected to any discovery request should not be taken as an admission that PA accepts or admits the existence of any "fact" set forth or assumed by the same. The fact that PA has responded to part or all of any discovery request is not intended to be, and shall not be construed to be, a waiver by PA of any part of any objection to the discovery request. The fact that PA states a willingness to produce any documents in his possession, custody or control should not be taken as an indication that any such documents exist. The fact that PA reserves the right to rely upon testimony and/or to supplement should not be taken as a statement that PA is obligated to do so.

2. These responses are made solely for the purpose of this action and they are designated for attorney's eyes only. Each response is subject to all objections as to competence, relevance, materiality, propriety, and admissibility, and to any other objections on any grounds that would require the exclusion of any information produced at time of trial. By responding to the discovery requests, PA does not waive any objection that may be applicable to: (1) the use, for

1

The post-litigation investigations of PA's outside counsel regarding the Accused Instrumentalities are privileged for at least the same reasons stated relative to the pre-suit investigation.

To the extent PA's expert disclosures in this case constitute "investigations" covered by this interrogatory, they will be timely made in accordance with the Court's schedule and procedures.

**INTERROGATORY NO. 2:**

Describe in detail the dates and circumstances of conception and reduction to practice of each claim of the '067 PATENT, by identifying any relevant DOCUMENTS, and all PERSONS involved, and for each such PERSON, the time period and nature of that PERSON'S involvement.

RESPONSE:

Subject to and without waiving the general objections, PA objects to this interrogatory because it has multiple discreet subparts, at least according to the interpretation of subparts asserted by Defendants relative to PA's interrogatories. PA also objects to this interrogatory to the extent it requests information covered by the attorney-client privilege and/or work product doctrine. PA further objects to this interrogatory because it is premature in advance of inventor depositions and/or testimony, and/or premature in advance of expert disclosures. In addition, PA objects to this interrogatory to the extent it is unduly burdensome, including because it seeks information from PA which is more properly the subject of inventor and/or expert testimony.

==Subject to and without waiving the general and specific objections, PA responds as follows:==

The asserted claims of the '067 patent claim priority to U.S. Patent Application No. 08/853,074 and U.S. Provisional Application 60/116,582, which was filed on January 20, 1999. Upon information and belief, each asserted claim is entitled, via its earliest effective filing date, at least to the priority date of at least January 20, 1999.

PA acquired the '067 patent on October 23, 2007. PA was not involved in the conception or reduction to practice of the invention(s) claimed by the '067 patent. Accordingly, regarding the facts related to conception and reduction to practice, PA reserves the right to rely upon the testimony of the inventor.

PA reserves the right to supplement this response as appropriate as discovery in this case proceeds. To the extent PA's expert disclosures relate to the information sought by this interrogatory, they will be incorporated herein by reference.

**INTERROGATORY NO. 3:**

Describe with particularity the first offer for sale, first public use, or first public disclosure of any apparatus and/or method for the use of user profiles in connection with searching the Internet (including without limitation any product or process embodying any claim of the '067 PATENT), including without limitation the date of such offer to sell, sale, public use, or public disclosure, the identity of the product or process that was the subject of the offer to sell, sale, public use, or public disclosure, and the identity of the PERSON to whom the offer to sell, sale, public use, or public disclosure was made, and identify any DOCUMENTS or other resources used to determine the response to this interrogatory.

ATTORNEY'S EYES ONLY