UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

PA ADVISORS, L.L.C.,

        Plaintiff,

v.

GOOGLE INC., et al.,

        Defendants.

Civil Action No. 2:07-CV-480 RRR

**DEFENDANTS' MOTION *IN LIMINE* NO. THREE:  MOTION TO PRECLUDE CERTAIN EVIDENCE AND ARGUMENT REGARDING ILYA GELLER, INVENTOR OF THE PATENT-IN-SUIT**

**Introduction**

Plaintiff nXn Tech LLC should be precluded from introducing irrelevant, prejudicial evidence regarding the inventor of the patent-in-suit, Ilya Geller. During the litigation, Plaintiff has made clear that it intends to introduce a wealth of background facts regarding Mr. Geller to win the jury's sympathy. Plaintiff should not be permitted to do so with facts and assertions that are irrelevant to any issue in this case, highly prejudicial to the Defendants, and in some cases baseless. Specifically, Plaintiff should be precluded from introducing: a) evidence of Mr. Geller's multiple sclerosis; b) evidence of Mr. Geller's experience with anti-Semitism and the fact that his parents are survivors of the Holocaust; and c) argument that Google and Yahoo! somehow drove Mr. Geller into poverty through their actions.

**Background**

Throughout discovery, Plaintiff pursued a course of delay and obstruction with respect to Ilya Geller, the sole named inventor of the patent at issue in this case.[1] Given its conduct, one would think that Plaintiff was attempting to deflect attention away from Mr. Geller. Yet, even while Plaintiff dithered in providing Mr. Geller for deposition, failed to produce relevant documents involving him, and apparently engaged in the spoliation of related evidence, Plaintiff has also made clear that it intends to make Mr. Geller the centerpiece of its case against Defendants.

For example, Plaintiff opened its claim construction brief with a lengthy digression into

---

[1] The detailed factual background of Plaintiff's conduct with respect to Mr. Geller has already been set forth in several motions before this Court, and is currently the subject of a pending Motion for Sanctions. *See* Google Inc.'s Motion to Quash and for Protective Order to Preclude Deposition of Its Co-Founder and President (Dkt. No. 250), at 3-9; Google Inc.'s Motion to Compel Production of Documents and the Deposition of Gopal Sadagopal (Dkt. No. 343) at 4-5; Defendants' Motion for Sanctions Based Upon Spoliation of Evidence and Untimely Production of Evidence of Payments to Fact Witness (Dkt. No. 364). At the January 29, 2009 teleconference, the Court carried the Motion for Sanctions.

Mr. Geller's background, characterizing him as "a Russian immigrant who came to the United States to follow his dream of becoming a computer scientist." (Dkt. No. 248 at 1.) Plaintiff referenced Mr. Geller's "years of hard work without any compensation whatsoever," and stated that he "spent . . . his life savings" to create a product embodying his invention and obtain the patent-in-suit. (*Id.*) Plaintiff also stated – despite having no supporting evidence – that "[r]ather than forge a partnership with Ilya, Google, along with other companies in the computer search field such as co-defendant Yahoo, instead appropriated Ilya's technology without any compensation, and ultimately drove Ilya back into the poverty that he fled the Soviet Union to avoid." (*Id.*)

Furthermore, at Mr. Geller's August 19th deposition – where Plaintiff insisted on having equal time to question its own witness – Plaintiff's counsel elicited lengthy testimony from Mr. Geller about his background, his family, his struggle with anti-Semitism, his immigration to the United States, his financial means, and the fact that his parents were survivors of the Holocaust. (Ex. A at 128-134; 145-146; 149-150.)   For example, the deposition included the following exchange between Plaintiff's counsel and Mr. Geller:

> **Q.** And tell me a little bit about your – your mother and father, if you can, sort of their background.
>
> **A.** Nothing special.  My father was just a manager, civil engineer.  He managed something called factory.  Factories.  He built factories and my mother, she was just a teacher.  Nothing – nothing extraordinary.  Nothing – nothing that special.
>
> **Q.** *Were your parents survivors of the concentration camps?*
>
> **A.** Yes, my mother was in a concentration camp but, fortunately for her, she survived.  She was two years old and – when it began and actually she lost a lot in the concentration camp.
>
> My father, he was more lucky than my mother.  He was lucky – luckier than my mother.  He could escape Germans and spend what time in the part that wasn't occupied.  So I was just – my parents were lucky, yes, and

> – but, actually, my parents' families were killed by Germans in concentration camps and during the war. Yes.
>
> **Q.** *What was it like for you growing up as a Jewish person in – in Russia?*
>
> **A.** Not pleasant, not pleasant at all because all the – of the anti-Semitism. And also I grew up in a small provincial town and it was awful. Because you see I had nothing to do. I am a creator. I have a spirit of creator. I – yes, and it wasn't – could I ask the translator?
>
> (Speaks Russian.)
>
> **Translator:** It was a very stifling atmosphere I grew up.

(Ex. A at 131:6-132:13) (emphasis added).

## Argument

"Evidence which is not relevant is not admissible." Fed. R. Evid. 402. Evidence may be excluded even if relevant "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." Fed. R. Evid. 403. Evidence may be unfairly prejudicial if it "appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish, triggers other mainsprings of human action, or may cause a jury to base its decision on something other than the established propositions of the case." *Moore v. Ashland Chemical, Inc.*, 126 F.3d 679, 692 (5th Cir. 1997). Although a party is entitled to establish certain background facts, a trial court can exclude background information that has an inherent "tendency toward prejudice." *Yumich v. Cotter*, 452 F.2d 59, 64 (7th Cir. 1971).

### I. PLAINTIFF SHOULD NOT BE PERMITTED TO INTRODUCE EVIDENCE REGARDING MR. GELLER'S ILLNESS.

Defendants understand that Mr. Geller has multiple sclerosis. However, while Mr. Geller's illness has figured prominently in several discovery disputes surrounding Mr. Geller's availability to sit for a deposition, it is obviously irrelevant to any issue in this case. Nor does it appear necessary to explain any disability that may be obvious to the jury should Mr. Geller take

the stand at trial. Testimony regarding Mr. Geller's medical condition should thus be excluded as irrelevant under Fed. R. Evid. 401.

Furthermore, any discussion of Mr. Geller's illness at trial can only be intended to arouse the sympathies of the jury in precisely the manner that Fed. R. Evid. 403 is intended to prevent. Plaintiff's questioning of Mr. Geller at his August 19, 2009 deposition, discussed above, makes clear that Plaintiff intends to influence the sympathies of the jury with respect to Mr. Geller and his background. Plaintiff should not be permitted to do so with facts that are highly prejudicial to Defendants and have minimal, if any, probative value in this litigation. Even if Mr. Geller's multiple sclerosis has some relevance to some peripheral issue in this case, it should still be excluded as unfairly prejudicial. At the very least, Plaintiff's counsel should be precluded from commenting on Mr. Geller's health during opening and closing arguments.

II. **PLAINTIFF SHOULD NOT BE PERMITTED TO INTRODUCE EVIDENCE OF ANTI-SEMITISM AND THE FACT THAT MR. GELLER'S PARENTS ARE HOLOCAUST SURVIVORS.**

As discussed above, during Mr. Geller's August 19, 2009 deposition, Plaintiff's counsel spent time questioning Mr. Geller on his background, at one point specifically asking whether Mr. Geller's parents were "survivors of the concentration camps," asking what it was like "growing up as a Jewish person . . . in Russia," and eliciting testimony that Mr. Geller was forced to battle anti-Semitism. (Ex. A at 131:14-132:18.) This testimony has no connection to any issue in this case, and introducing it can only be a cynical attempt to win the jury's sympathy. This evidence should be excluded under Fed. R. Evid. 401 as irrelevant, or under Fed. R. Evid. 403 as unfairly prejudicial.

### III. PLAINTIFF SHOULD NOT BE PERMITTED TO ASSERT THAT DEFENDANTS' ACTIONS "DROVE [MR. GELLER] INTO POVERTY."

Plaintiff's opening claim construction brief claims, without any justification, that "[r]ather than forge a partnership with Ilya, Google, along with other companies in the computer search field such as co-defendant Yahoo, instead appropriated Ilya's technology without any compensation, and ultimately drove Ilya back into the poverty that he fled the Soviet Union to avoid." (Dkt. No. 248 at 1.) As discussed at length in Google's Motion in Limine No. 2 and Yahoo!'s Motion in Limine No. 3, Plaintiff has introduced <u>no</u> evidence that either Google or Yahoo! "appropriated" Mr. Geller's technology. Thus, there is no basis for the inflammatory claim that Google or Yahoo! did anything to "drive" Mr. Geller "into poverty." Plaintiff should be precluded from making any such claim at trial, whether through witness testimony or attorney argument. Fed. R. Evid. 403.

### Conclusion

For the foregoing reasons, Defendants respectfully request that the Court grant its motion *in limine* to preclude Plaintiff from introducing certain evidence and argument regarding inventor Ilya Geller, specifically: a) evidence of Mr. Geller's multiple sclerosis; b) evidence of Mr. Geller's experience with anti-Semitism and the fact that his parents are survivors of the Holocaust; and c) argument that Google and Yahoo! somehow drove Mr. Geller into poverty through their actions.

Dated: February 19, 2010

Respectfully submitted,

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By  /s/ *David A. Perlson*

David A. Perlson
Email: davidperlson@quinnemanuel.com
State Bar No. 209502
Charles K. Verhoeven
Email: charlesverhoeven@quinnemanuel.com
State Bar No. 170151
Quinn Emanuel Urquhart Oliver & Hedges LLP
50 California St.
San Francisco, CA 94111
Telephone: (415) 875-6600

Brian C. Cannon
Email: briancannon@quinnemanuel.com
State Bar No. 193071
Andrea Pallios Roberts
Email: andreaproberts@quinnemanuel.com
State Bar No. 228128
Quinn Emanuel Urquhart Oliver & Hedges LLP
555 Twin Dolphin Dr. Ste. 560
Redwood Shores, CA 94065
Telephone: (650) 801-5000

Harry L. Gillam, Jr.
State Bar No. 07921800
Email: gil@gillamsmithlaw.com
Melissa R. Smith
State Bar No. 24001351
Email: melissa@gillamsmithlaw.com
Gillam & Smith, L.L.P.
303 South Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450

*Counsel for Google Inc*.

William C. Rooklidge
Email: rooklidgew@howrey.com
State Bar No. 134483
Howrey, LLP
4 Park Plaza, Suite 1700
Irvine CA 92614-2559
Telephone: (949) 721-6900

Jason C. White
Email: whitej@howrey.com
State Bar No. 6238352
Howrey, LLP
321 N. Clark Street, Suite 3400
Chicago IL 60654
Telephone: (312) 595-1239

Brian A.E. Smith
Email: smithbrian@howrey.com
State Bar No. 188147
Howrey LLP
525 Market Street, Suite 3600
San Francisco CA 94105-2708
Telephone: (415) 848-4900

Jennifer Doan
Email: jdoan@haltondoan.com
State Bar No. 08809050
Joshua Reed Thane
Email: jthane@haltondoan.com
State Bar No. 24060713
John Scott Andrews
Email: sandrews@haltondoan.com
State Bar No. 24064823
Halton & Doan
Crown Executive Center, Suite 100
6500 Summerhill Road
Texarkana TX 75503
Telephone: (903) 255-10002

*Counsel for Yahoo! Inc*.

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served today with a copy of this document via the Court's ECF system per Local Rule CV-5(a)(3), as well as by electronic mail. Any other counsel of record will be served via electronic mail, facsimile transmission and/or first class mail on today's date.

      By   */s/ David A. Perlson*
           David A. Perlson