UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PA ADVISORS, L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE INC., et al., <br><br> Defendants. | § <br> § <br> § Civil Action No. 2:07-CV-480 RRR <br> § <br> § <br> § <br> § <br> § <br> § |

## DEFENDANTS' MOTION FOR ADDITIONAL TRIAL DAYS

**Introduction**

At the December 28, 2009 teleconference, the Court scheduled a four-day trial in this case, to begin on April 12, 2010. (Novikov Decl., Ex. A at 65:10-66:17.) Four trial days, equally divided between the sides, would leave Defendants Google Inc. and Yahoo! Inc. two days – one day per Defendant – to present their case, less the Defendants' portions of the time spent selecting a jury. In light of the pre-trial disclosures submitted on Wednesday, February 17, the number of claims asserted, and the variety of different products accused, Defendants do not believe that they can present clear and complete non-infringement and invalidity defenses in the time allotted. Accordingly, Defendants respectfully request that the Court permit the parties four additional trial days, resulting in an eight-day trial.

**Argument**

**I. THE COURT'S ORDER LEAVES DEFENDANTS WITH TWO TRIAL DAYS TO PRESENT THEIR NON-INFRINGEMENT AND INVALIDITY DEFENSES AND EXAMINE APPROXIMATELY TWENTY WITNESSES.**

Plaintiff has broadly accused a wide variety of Google and Yahoo software products, each of which operates differently, of infringing eight claims of the '067 patent. The report of Plaintiff's expert Dr. Rhyne alone accuses four Google search and advertising products: Google Search, Google AdWords, Google AdSense for Search and Google AdSense for Content. (Novikov Decl., Ex. B at 17-23.) With respect to Yahoo!, Dr. Rhyne's report accuses three separate search and advertising products: Yahoo! Sponsored Search, Yahoo! Content Match, and Yahoo! Behavioral Targeting. (White Decl., Ex. 1 at 15-19.) It is unclear whether Plaintiff intends to present non-expert testimony regarding additional accused products. Plaintiff's Preliminary Infringement Contentions listed several products not found in Dr. Rhyne's reports, including Google Toolbar, Gmail, Yahoo! Shopping, and Yahoo! Personals. Google and Yahoo!

are both tasked with demonstrating to the jury that each of their respective software products does not infringe the patent-in-suit, which will require extensive testimony on the details of the products' operation. Additionally, the Defendants must present their invalidity defense, on which they bear the burden of proof.

According to the Defendants' Fed. R. Civ. P. 26(a)(3) pre-trial disclosures, and excluding "may call" witnesses, Google intends to present ten witnesses at trial, while Yahoo! intends to present seven. (Novikov Decl., Ex. C at 2-3, 4-5.) Two of those witnesses, experts Gerard Mossinghoff and Stanley Peters, are common to both Defendants, leaving a total of fifteen witnesses between Google and Yahoo!. (*Id.*) In light of the variety of accused products that currently remain in the case, the Defendants believe that each of these witnesses is necessary for them to present a complete defense to Plaintiff's broad allegations.

Plaintiff has indicated that it intends to call five live witnesses at trial, in addition to <u>twelve</u> witnesses by deposition designation. (Novikov Decl., Ex. D.) Plaintiff's witnesses include the inventor and three experts. This brings the total number of "will call" witnesses at the trial to twenty – which Defendants believe cannot realistically be accomplished in four trial days.

Assuming six trial hours per day and two total trial days allotted to Google and Yahoo, Defendants will have twelve trial hours. Taking into account jury selection and opening and closing arguments likely means that Defendants will have no more than nine hours to present and cross-examine witnesses. With twenty total witnesses, this amounts to an average of less than a half hour per witness, with that time split between the Defendants for cross-examination of Plaintiff's witnesses. This does not account for the possibility that one or more of the

Defendants may find it necessary to present witnesses from their respective "will call" lists or to play deposition designations.

## II. DEFENDANTS CANNOT PRESENT A CLEAR AND COMPLETE DEFENSE WITHIN THAT TIMEFRAME.

Defendants do not believe that this timeframe is realistic. District courts undeniably have the right to manage the presentation of evidence at trial, including imposing reasonable time limits. *Deus v. Allstate Ins. Co.,* 15 F.3d 506, 520 (5th Cir. 1994). However, "[w]hen the manner of the presentation of information to a jury is judicially restricted to the extent that the information becomes incomprehensible then the essence of the trial itself has been destroyed." *Sims v. ANR Freight System, Inc.,* 77 F.3d 846, 849 (5th Cir. 1996). Given the number and complexity of the accused software systems (which do not overlap between Google and Yahoo!), the number of claims that remain asserted in the case, the breadth of Plaintiff's infringement allegations, and the necessity of presenting an invalidity defense, Defendants believe that they will not be able to present a complete and lucid case in the two days the Court has given them.

Of the fifteen "will call" witnesses listed on the Defendants' pre-trial disclosures, nine are technical fact witnesses who will need to testify in detail regarding the operation of the Defendants' enormously complex accused software systems. Six more are experts. Plaintiff intends to put up the inventor, Ilya Geller – a crucial witness necessitating thorough examination – as well as its three expert witnesses. Plaintiff's technical expert, Dr. Rhyne, has alone submitted three reports totaling over 200 pages and sat for two days of deposition. Plaintiff's damages expert, Dr. Becker, submitted two reports totaling over 100 pages.

In light of this, Defendants do not believe that two trial days – likely averaging out to less than thirty minutes per witness – will be sufficient to permit them to comprehensibly present their case to the jury. However, Defendants believe that four additional trial days, equally

3

divided among the parties – resulting in an eight-day trial – would allow them to present a complete defense. Defendants submit that an eight-day trial is reasonable here in light of the number of claims asserted, the number of products accused, and the fact that two Defendants remain in the case.

**Conclusion**

Defendants respectfully request that the Court permit the parties four additional trial days, for a total of eight trial days.

Dated: February 23, 2010

Respectfully submitted,

| | |
|---|---|
| QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP<br><br>By  /s/ *David A. Perlson*<br><br>David A. Perlson<br>Email: davidperlson@quinnemanuel.com<br>State Bar No. 209502<br>Charles K. Verhoeven<br>Email: charlesverhoeven@quinnemanuel.com<br>State Bar No. 170151<br>Quinn Emanuel Urquhart Oliver & Hedges LLP<br>50 California St.<br>San Francisco, CA  94111<br>Telephone:  (415) 875-6600<br><br>Brian C. Cannon<br>Email: briancannon@quinnemanuel.com<br>State Bar No.  193071<br>Andrea Pallios Roberts<br>Email: andreaproberts@quinnemanuel.com<br>State Bar No.  228128<br>Quinn Emanuel Urquhart Oliver & Hedges LLP<br>555 Twin Dolphin Dr. Ste. 560<br>Redwood Shores, CA  94065<br>Telephone:  (650) 801-5000<br><br>Harry L. Gillam, Jr.<br>State Bar No. 07921800<br>Email:  gil@gillamsmithlaw.com<br>Melissa R. Smith<br>State Bar No. 24001351<br>Email:  melissa@gillamsmithlaw.com<br>Gillam & Smith, L.L.P.<br>303 South Washington Avenue<br>Marshall, TX 75670<br>Telephone:  (903) 934-8450<br><br>*Counsel for Google Inc*. | William C. Rooklidge<br>Email: rooklidgew@howrey.com<br>State Bar No. 134483<br>Howrey, LLP<br>4 Park Plaza, Suite 1700<br>Irvine CA 92614-2559<br>Telephone: (949) 721-6900<br><br>Jason C. White<br>Email: whitej@howrey.com<br>State Bar No. 6238352<br>Howrey, LLP<br>321 N. Clark Street, Suite 3400<br>Chicago IL 60654<br>Telephone: (312) 595-1239<br><br>Brian A.E. Smith<br>Email:  smithbrian@howrey.com<br>State Bar No. 188147<br>Howrey LLP<br>525 Market Street, Suite 3600<br>San Francisco CA 94105-2708<br>Telephone:  (415) 848-4900<br><br>Jennifer Doan<br>Email:  jdoan@haltondoan.com<br>State Bar No. 08809050<br>Joshua Reed Thane<br>Email:  jthane@haltondoan.com<br>State Bar No. 24060713<br>John Scott Andrews<br>Email:  sandrews@haltondoan.com<br>State Bar No. 24064823<br>Halton & Doan<br>Crown Executive Center, Suite 100<br>6500 Summerhill Road<br>Texarkana TX 75503<br>Telephone: (903) 255-10002<br><br>*Counsel for Yahoo! Inc*. |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served today with a copy of this document via the Court's ECF system per Local Rule CV-5(a)(3), as well as by electronic mail. Any other counsel of record will be served via electronic mail, facsimile transmission and/or first class mail on today's date.

By  */s/ David A. Perlson*
    David A. Perlson


## CERTIFICATE OF CONFERENCE

On February 22, I participated in a meet-and-confer with Plaintiff's counsel Andrew Spangler and David Pridham, Google's local counsel Gil Gillam, and Yahoo!'s counsel Jennifer Doan and Jason White. At the conference, this Motion for Additional Trial Days was discussed, and the parties could not reach agreement.

By  */s/ David A. Perlson*
    David A. Perlson