UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PA ADVISORS, LLC | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. 2:07-cv-480 RRR |
| | § | |
| GOOGLE INC., et al. | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT YAHOO! INC.'S
MOTION FOR SEVERANCE AND A SEPARATE TRIAL**

**I.   INTRODUCTION**

Defendant Yahoo! Inc. ("Yahoo!") moves for severance and a separate trial from its co-defendant Google, Inc. ("Google") to avoid prejudice and jury confusion arising from the differences in Yahoo!'s and Google's accused products, and plaintiff nXn Tech LLC's ("plaintiff") separate and factually distinct allegations of infringement and willful infringement against each defendant. This lawsuit is actually two distinct actions involving separate and unrelated parties, separate and unrelated products, separate allegations of infringement, and separate allegations of willful infringement wrapped up in a single proceeding.

Plaintiff filed a complaint on November 2, 2007 against defendants, Yahoo! and Google, alleging infringement of United States Patent No. 6,199,067, ("the '067 patent"). Plaintiff accuses Yahoo!'s products: Sponsored Search, Content Match, and Behavioral Targeting; and Google's products: Google Accounts, Google Search, AdWords, and AdSense. It is undisputed that Yahoo! and Google are separate and unrelated parties, that Yahoo!'s and Google's accused products are different and unrelated and that plaintiff's infringement allegations are different as

to Yahoo!'s and Google's accused products. In addition, plaintiff's allegations of willful infringement against Google are substantially different from plaintiff's allegations of willful infringement against Yahoo!. Therefore, to avoid prejudice and jury confusion, Yahoo! moves for severance and a separate trial.

## II. FACTUAL BACKGROUND

Plaintiff acquired the '067 patent from its named inventor, Ilya Geller, for an initial lump sum payment of $100,000, and twenty percent in royalties collected from settlements, licensing agreements, or lawsuits. Only two of the initial thirteen defendants remain: Yahoo! and Google. Plaintiff accuses three Yahoo! products of infringing the '067 patent: Sponsored Search, Content Match, and Behavioral Targeting. Against Google, however, plaintiff alleges infringement by four different products, namely Google Accounts, Google Search, AdWords, and AdSense. These accused products and services offered by Yahoo! and Google are separate and have no relationship with each other. Further, Yahoo! and Google are not partnered in any way and are competitors.

In its amended complaint, Plaintiff alleges infringement of the '067 patent by both Yahoo! and Google and states "[t]o the extent that facts learned in discovery show that Defendants' infringement is or has been willful, Plaintiff reserves the right to request such a finding at time of trial." (Dkt. 187.) In the first status conference before Judge Rader, plaintiff stated its plan to allege willfulness against, at least, defendant Google:

> "This is a willfulness case. The patent was provided early on to Google and so that will be part of the case and I can answer any other questions, but I'll leave it there for now."

(White Decl, Ex. A.) Plaintiff alleges that Google had prior notice of the '067 patent. Plaintiff alleges that Mr. Geller spoke with a Google inventor at a conference he attended prior to the

filing of this lawsuit. (White Decl, Ex. B.) Plaintiff also alleges that Mr. Geller sent Google a letter dated July 27, 2001 prior to filing this action. (*Id.* at 143:22-145:22.)

Unlike its allegations of willful infringement against Google, plaintiff does not allege that Yahoo! had any contact with Mr. Geller prior to the filing of this lawsuit. In addition, plaintiff does not allege that it sent any letter to Yahoo! regarding the '067 patent prior to the filing of the lawsuit. Moreover, plaintiff has not alleged any facts that Yahoo! had any notice of the '067 patent prior to the filing of the lawsuit. Despite this, plaintiff has indicated that it may allege willfulness against Yahoo!:

> Q. Is Plaintiff contending that Yahoo has willfully infringed the '067 patent?
>
> A. Plaintiff understands that, again, infringement and willfulness of that infringement are legal terms. Again, the Court will make an ultimate determination as to whether or not Yahoo is legal -- is willfully infringing. And, again, we rely upon our counsel and our experts as we retain them for advice along those lines. However, nXn does understand that at least since November 2, 2007 Yahoo has been on notice as to the existence of the '067 patent.
>
> Q. So my question was is nXn contending that Yahoo has willfully infringed the '067 patent?
>
> MR. PRIDHAM: Object to form.
>
> A. Again, I'm not going to make statements about legal terms. I can tell you that nXn believes that Yahoo has been on notice since at least the filing date of the complaint and perhaps earlier of the existence of the '067 patent. To the extent that that leads to an allegation of willful infringement, that is a decision that nXn will rely upon its counsel and its experts for.
>
> BY MR. WHITE:
> Q. You mentioned possibly prior to the filing date that Yahoo had notice of the '067 patent. What did you mean?
>
> MR. PRIDHAM: Object to form.
>
> A. nXn understands that Mr. Geller was in contact with the co-defendant, Google, prior to the filing in suit and may well have also been in contact with Yahoo, but will rely upon the testimony of Mr. Geller as to those facts.

> BY MR. WHITE:
> Q. Does nXn have any facts or evidence to show that Mr. Geller was in contact with Yahoo prior to the filing of the lawsuit?
>
> A. Again, it has no relevant, nonprivileged information about Mr. Geller's contacts and is going to rely upon Mr. Geller's testimony.
>
> Q. Does the Plaintiff have privileged information -- just a yes-or-no answer – about whether or not Mr. Geller contacted Yahoo prior to filing the patent lawsuit?
>
> MR. PRIDHAM: Objection, privilege, instruction not to answer.

(White Decl, Ex. C.) In Mr. Sheafe's response to a question regarding prior notice to Yahoo!, he cited Mr. Geller's contact with Google, and intertwined "potential" contact Mr. Geller may have had with Yahoo! without citing any factual basis. (*Id.* at 263:6-15.)

Even plaintiff's response to Yahoo!'s interrogatory on the basis for any willful infringement fails to identify any facts supporting a claim of willfulness. Yahoo!'s interrogatory specifically requested the date and manner in which plaintiff alleges that Yahoo! was first notified. In response, plaintiff only cited to the unsupported testimony by its 30(b)(6) witness, Mr. Bradley Sheafe and identified the filing date of this lawsuit as Yahoo!'s first notification (emphasis added):

> "nXn objects to this request to the extent that it requests information protected from discovery by the attorney-client privilege and/or work product doctrine. nXn further objects to this request to the extent it is unduly burdensome, overbroad, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. In addition, nXn objects to this request as being premature inasmuch as it seeks expert evidence prior to the time for disclosure of such evidence under the Court's docket control order.
>
> Subject to and without waiving the foregoing specific and general objections, nXn responds as follows:
>
> **Yahoo has been aware of nXn's infringement allegations at least as early as November 2, 2007 when the complaint for this litigation was first filed. nXn incorporates the deposition testimony of its 30(b)(6) witness, Mr. Bradley Sheafe.** nXn reserves the right to supplement this interrogatory response as

appropriate, including incorporation of its expert reports as completed in accordance with the federal and local rules."

(White Decl. Ex. D.)

Thus, for any willfulness allegation, plaintiff relies solely on Mr. Geller's testimony. Mr. Geller has never testified he was in contact with Yahoo!, nor has Plaintiff asserted any factual basis of prior notice upon Yahoo!.

## III. LEGAL STANDARDS

### A. Motion for Severance and a Separate Trial

Rule 21 provides that "any claim against a party may be severed and proceeded with separately." Fed. R. Civ. P. 21. Where joinder is inappropriate, the Fifth Circuit has noted that "[t]he trial court has broad discretion to sever issues to be tried before it." *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir.1994) (citing Fed. R. Civ. P. 21).

Proper joinder under Rule 20(a) requires that claims arise out of the "same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A).[1] "Allegations of infringement against two unrelated parties based on different acts do not arise from the same transaction" as required under Rule 20. *Reid v. GMC Corp.*, 240 F.R.D. 260, 263 (E.D. Tex. 2007) (quoting *Philips Elecs. N. Am. Corp. v. Contec Corp.*, 220 F.R.D. 415, 417 (D. Del. 2004)); *see also Pergo, Inc. v. Alloc, Inc.*, 262 F. Supp. 2d 122, 127-28 (S.D.N.Y. 2003)("the fact that two parties may manufacture or sell similar products, and these sales or production may have infringed the identical patent owned by the plaintiffs is not sufficient to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a).")

---

[1] The same provision of the Federal Rules also requires there to be a "question of law or fact common to all defendants." *See* Fed. R. Civ. P. 20(a)(2)(B).

The Court may also order separation of claims pursuant to Federal Rule 20(b) or 42(b). Rule 20(b) permits the Court to "order separate trials or make other orders to prevent delay or prejudice." Fed. R. Civ. P. 21; *Reid*, 240 F.R.D. at 263. Rule 42(b) also permits the Court to order separate trials, and provides in pertinent part that:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims or issues …

Fed. R. Civ. P. 42; *See Stambler v. RSA Security*, 2003 U.S. Dist. LEXIS 2555 at *6 (D. Del. Feb. 20, 2003) (finding separate trials is appropriate to avoid jury confusion in a case with complex technology and numerous accused products as to each defendant).

## III. ARGUMENT

### A. Severance and Separate Trials against Yahoo! from Google Avoids Prejudice and Minimizes Juror Confusion

Yahoo! is entitled to severance and a separate trial due to the likely confusion and prejudice that would result if plaintiff's claims against Yahoo! and Google were tried to the same jury. *Stambler v. RSA Security*, 2003 U.S. Dist. LEXIS 2555 at *6. Further, plaintiff never alleged facts that make it appropriate to join the two defendants. *See Reid*, 240 F.R.D. at 263; *Philips Elecs.*, 220 F.R.D. at 417 (D. Del. 2004).

Just as in the *Stambler* case, the accused products in this case are complex, sophisticated products composed of numerous components. Moreover, they are specifically adapted for each defendant's company, with different architectures, functions and designs. The individualized aspects of Yahoo!'s products will undoubtedly raise distinct legal and factual issues that will be inapplicable to Google (and vice versa). Separate trials would logically and properly partition and simplify these complex technical issues. *See also Loral Fairchild Corp. v. Victor Co. of*

*Japan,* 931 F. Supp. 1014, 1018 (E.D.N.Y. 1996) (ordered separate trials for six core manufacturing defendants -- Sony, Sanyo, Toshiba, Hitachi, NEC, and OKI in a patent case where patentee alleged the infringement of two patents against all defendants).

By contrast, at a single trial involving the alleged infringement by both defendants, a jury is highly likely to tangle the details of Yahoo! and Google's different accused products and confuse the distinct facts alleged against each defendant. This is a particular concern to Yahoo! in this case, because plaintiff alleges facts of prior notice of the '067 patent against Google, but has not alleged or found those same facts against Yahoo!. First, plaintiff alleges that Mr. Geller spoke with a Google inventor prior to the filing of this lawsuit. White Decl, Ex. B. Second, plaintiff alleges Mr. Geller sent Google a letter prior to the filing of this lawsuit. *Id.* While plaintiff asserts these two factual allegations of willful infringement against Google, plaintiff does not allege that Yahoo! had any contact with Mr. Geller prior to the filing of this lawsuit. Nor does plaintiff allege that either plaintiff or Mr. Geller sent any letter to Yahoo! regarding the '067 patent prior to the filing of the lawsuit. Moreover, plaintiff has not alleged any facts that Yahoo! had any notice of the '067 patent prior to the filing of the lawsuit.

Despite this, plaintiff's 30(b)(6) witness indicated that plaintiff may allege willfulness against Yahoo!. (White Decl, Ex. C.) When responding to a question regarding prior notice to Yahoo!, plaintiff's 30(b)(6) witness illustrated the risk of both defendants being tarred with the same brush when his response to a question solely about Yahoo! included facts referring to contact between Mr. Geller and Google. (*Id.* at 263:6-15.) Mr. Geller has never testified that he was in contact with Yahoo! prior to the filing of this suit. By conducting the case with both defendants, there is a substantial and unnecessary risk that the jury will impute evidence and facts relating to Google's alleged willful infringement upon Yahoo!. *Philips Electronics*, 220

F.R.D. at 418 Severance and separate trials under Rule 21 or 42(b) is the proper remedy to avoid such risks.

Specifically, Yahoo! suggests that plaintiff first proceed with trial against Google to be followed by its trial against Yahoo! If this Court awards severance and separate trials in this order, Yahoo! will agree to be bound by the findings on invalidity and unenforceability in plaintiff's trial against Google.[2]

Moreover, while denial of this motion for separate trials would greatly prejudice Yahoo!, granting the motion to sever would cause little to no prejudice to plaintiff. The only practical effect on the plaintiff is that they would go to trial as scheduled on April 12, 2010 against just one of the defendants as opposed to both. Under the circumstances, there can hardly be an argument that this motion would prejudice trial preparations. *Philips Electronics*, 220 F.R.D. at 417. Yahoo! has expended significant resources in developing its non-infringement positions and should not be prejudiced by the presence of an additional defendant.

## IV. CONCLUSION

To avoid prejudice and jury confusion, Yahoo! respectfully requests severance and a separate trial pursuant to Rule 21 or 42(b).

---

[2] Google does not join in this motion. Therefore, it does not make the same stipulation were plaintiff's trial against Yahoo! to proceed prior to its trial against Google.

Respectfully submitted,

/s/ Jennifer H. Doan
Jennifer Doan
John Scott Andrews
HALTOM & DOAN
Crown Executive Center, Suite 100
6500 Summerhill Road
Texarkana, TX 75503
Tel: (903) 255-1002
Fax: (903) 255-0800
jdoan@haltomdoan.com
sandrews@haltomdoan.com

Jason C. White
HOWREY LLP
321 N. Clark Street, Suite 3400
Chicago, IL 60654
Tel: (312) 595-1239
Fax: (312) 595-2250
whitej@howrey.com

**ATTORNEYS FOR DEFENDANT YAHOO! INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this the 23rd day of February, 2010.

/s/ Jennifer H. Doan
Jennifer H. Doan

## CERTIFICATE OF CONFERENCE

Counsel for Yahoo conferred with plaintiff's counsel on February 22, 2010 and did not reach an agreement. Therefore, this motion is filed as opposed.

/s/ Jennifer H. Doan
Jennifer H. Doan