PA Advisors, LLC v. Google Inc. et al

Doc. 438 Att.

# EXHIBIT A

Dockets.Justia.com

1

IN THE U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF

TEXAS, MARSHALL DIVISION

```
--------------------------:
                          :
PA ADVISORS,              :
                          :
         Plaintiff,       : Civil Docket No.
                          :
     vs.                  : 2:07-cv-00480-RRR
                          :
GOOGLE, INC., et al.,     :
                          :
         Defendant.       :
                          :
--------------------------:
```

                              Washington, D.C.

                       Monday, December 28, 2009

        The above-entitled matter came on for Pretrial
 Conference, pursuant to Notice.

        BEFORE:  HONORABLE RANDALL R. RADER, Judge

14

1 basically that requires entering a search query.
2      Claim 45 does not have any similar requirement
3 and is also performed by the Defendant.
4      JUDGE RADER: Let me look at Claim 45 for a
5 second, if I may. Okay. I looked at that.
6      As for Claim 1, Mr. Fenster, I happened to look
7 at a federal circuit case today entitled BMC Resources v.
8 Paymentech. It requires all the steps of any claim that
9 is purported to be in French to be performed by a single
10 user.
11      How would you surmount Paymentech for Claim 1?
12      MR. FENSTER: Yes, Your Honor. Your Honor,
13 there is -- I am familiar with the case law and generally
14 the law does require that all steps be performed by a
15 single party, but they are -- they require all
16 substantive steps and there is case law that has been
17 developed, as well, where there is an insubstantial step.
18 For example, the provision of a browser.
19      JUDGE RADER: Is there such a thing as a
20 substantial or essential or other more important
21 limitation than other limitations in the claim?
22      MR. FENSTER: Your Honor, I think that what the

15

1 case law requires is that all of the essential steps of
2 the method be performed by a single actor.
3      JUDGE RADER: Now I'm aware that Japanese law
4 makes a distinction between essential claim elements and
5 inessential claim elements. I'm not aware that U.S. law
6 does that. Am I missing something?
7      MR. FENSTER: I -- I think that what the case
8 law provides in the U.S. is that all of the -- the
9 essence of this method is provided. All of the
10 computational aspects of this method are performed by the
11 Defendant.
12      The only thing that is provided by the user is
13 the search request. The -- that is, the user has to
14 provide --
15      JUDGE RADER: But if that's a limitation of the
16 claim, it would have to be satisfied. Am I right, Mr.
17 Fenster?
18      MR. FENSTER: Yes, Your Honor.
19      JUDGE RADER: I -- I noticed that in the
20 Paymentech case, the federal circuit suggested that
21 claims should be drafted to require a single person to --

16

1      Is it a drafting problem, you think, in your
2 Claim 1 that has more than one user?
3      MR. FENSTER: Well, the method and the system
4 can certainly be drafted to require only a single user,
5 evidence of Claim 45. This Claim 1 could have been
6 drafted that way by instead of saying providing by a
7 user, receiving from a user.
8      JUDGE RADER: Yes. The Paymentech makes that
9 point itself, I think.
10      MR. FENSTER: Yes.
11      JUDGE RADER: Well, all right. Is there
12 anything further, Mr. Fenster? I don't want to cut off
13 your commentary here.
14      MR. FENSTER: So in early 2000, Google and Yahoo
15 started personalizing Google before Yahoo and the -- we
16 have the various accused products of asserting infringing
17 Claims 1 and 45 and various dependent claims, as well.
18      ==This is a willfulness case. The patent was==
19 ==provided early on to Google and so that will be part of==
20 ==the case and I can answer any other questions, but I'll==
21 ==leave it there for now.==

17

1 Fenster. That gives me an overview of -- of your case
2 and let's move on. I'm not sure whether to acknowledge
3 Google or Yahoo first. Would you two help me make that
4 decision?
5      MR. VERHOEVEN: Sure, Your Honor. This is Mr.
6 Verhoeven --
7      JUDGE RADER: Okay.
8      MR. VERHOEVEN: -- right here, representing
9 Google. I'll just start and Yahoo can fill in, if that's
10 okay.
11      JUDGE RADER: We'll give them their own separate
12 time, Mr. Verhoeven, but you go ahead for now.
13      MR. VERHOEVEN: Thank you. We'll keep this
14 really brief.
15      The 065 patent is very -- bear with me here. I'm
16 dealing with my computer. Has gotten very detailed
17 claims, Your Honor, and it appears to us when we analyze
18 the patent that the innovation, the alleged innovation
19 surrounds the notion of this phrase �linguistic
20 patterns.�