EXHIBIT D

requests will be made subject to and without waiver of the general and specific objections. The failure to include any general objection in response to any request shall not constitute a waiver of any general objection to that request. From time to time, a specific objection may restate a general objection for emphasis or some other reason. By making a specific objection to a particular request, nXn does not imply that the specific objection is not applicable to any other request, or that the general objections are not applicable to that request.

## RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1:

Identify all bases for PLAINTIFF's allegation that YAHOO's alleged infringement has been willful, malicious and otherwise without justification or excuse, including without limitation, stating the date and manner in which YOU contend YAHOO was first notified or became aware it was allegedly infringing the '067 PATENT.

RESPONSE:

nXn objects to this request to the extent that it requests information protected from discovery by the attorney-client privilege and/or work product doctrine. nXn further objects to this request to the extent it is unduly burdensome, overbroad, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. In addition, nXn objects to this request as being premature inasmuch as it seeks expert evidence prior to the time for disclosure of such evidence under the Court's docket control order.

Subject to and without waiving the foregoing specific and general objections, nXn responds as follows:

Yahoo has been aware of nXn's infringement allegations at least as early as November 2, 2007 when the complaint for this litigation was first filed. nXn incorporates the deposition testimony of its 30(b)(6) witness, Mr. Bradley Sheafe. nXn reserves the right to supplement this

5

interrogatory response as appropriate, including incorporation of its expert reports as completed in accordance with the federal and local rules.

**INTERROGATORY NO. 2:**

Identify, with respect to each ASSERTED PATENT CLAIM of the '067 PATENT, every one of YAHOO's products that YOU allege infringes each such claim, by explaining fully and completely how each such product allegedly infringes any such claim, including, without limitation, an explanation of whether such alleged infringement is direct or indirect and whether it is literal or by the doctrine of equivalents.

RESPONSE:

nXn objects to this request to the extent that it requests information protected from discovery by the attorney-client privilege and/or work product doctrine. nXn further objects to this request to the extent it is unduly burdensome, overbroad, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. In addition, nXn objects to this request as being premature inasmuch as it seeks expert evidence prior to the time for disclosure of such evidence under the Court's docket control order.

Subject to and without waiving the foregoing specific and general objections, nXn responds as follows:

nXn has set forth the Accused Instrumentalities that infringe its patent in its complaint and infringement contentions which it incorporates herein. nXn reserves the right to supplement this interrogatory response as appropriate, including incorporation of its expert reports as completed in accordance with the federal and local rules.

**INTERROGATORY NO. 3:**

For each element or step of each claim identified in YOUR response to Interrogatory No. 2, identify who or what entity is providing or performing said element or step and state whether you contend said entity is providing or performing said element or step under the "direction or control" of another entity.