PA Advisors, LLC v. Google Inc. et al
Doc. 440 Att. 2

# EXHIBIT A

Dockets.Justia.com

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

FUNCTION MEDIA, L.L.C., )(
)( CIVIL DOCKET NO.
)( 2:07-CV-279-CE
VS. )( MARSHALL, TEXAS
)(
GOOGLE, INC., AND )( JANUARY 12, 2010
YAHOO, INC. )( 1:30 P.M.

MOTIONS HEARING

BEFORE THE HONORABLE JUDGE CHAD EVERINGHAM

UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

FOR THE PLAINTIFFS: (See Attorney Sign-In Sheet)

FOR THE DEFENDANTS: (See Attorney Sign-In Sheet)

COURT REPORTER: MS. SHELLY HOLMES, CSR
Deputy Official Court Reporter
2593 Myrtle Road
Diana, Texas 75640
(903) 663-5082

(Proceedings recorded by mechanical stenography, transcript produced on a CAT system.)

# I N D E X

January 12, 2010


| | Page |
|---|---|
| Appearances | 1 |
| Hearing | 3 |
| Court Reporter's Certificate | 67 |

COURT SECURITY OFFICER: All rise.

THE COURT: Please be seated.

I've got a motions hearing set in Function Media versus Google. It's 2:07-CV-279.

What says the plaintiff?

MR. TRIBBLE: Your Honor -- Your Honor, good afternoon, Max Tribble for the plaintiff. Plaintiff is ready.

THE COURT: For the defendant?

MR. GILLAM: Gil Gillam, Charlie Verhoeven, and Amy Candido for Google. We're ready.

THE COURT: All right. Several matters to take up today. The first one is the motion to seal and close the courtroom. Tell me -- the way this is ordinarily handled is that if there's some portion that comes up during the trial of the case that is -- you feel is necessary to close the courtroom, bring it to my attention, I'll do it. I'll give you a certain amount of time to, you know, identify those portions of the record that need to be maintained under seal once -- once you get your copies of the record, as well as whatever exhibits. I'll have the clerk, you know, hold the exhibits and not release the exhibits to the public for a certain after the trial, but what's the matter with that procedure?

MR. VERHOEVEN: That procedure is perfect, Your Honor. That's all we -- that's all we seek, and I will point out that the parties have agreed for direct examination purposes to provide each other with a notice the day before of the exhibits that they intend to use. And we -- hopefully we can meet and confer that evening, next morning and -- and if there is an issue, present it to you with the most efficient and nondestructive manner possible.

THE COURT: I mean, I've -- I've read the papers. My -- my concern is that -- my real concern is that my experience with this procedure has resulted in very limited periods of time that the courtroom has been closed because the courtroom is presumptively open. And what I don't want to have happen is every third question, we have an interrupt the flow of the proceedings and --

MR. VERHOEVEN: I hear you, Your Honor. We have no intent to do that, and we're perfectly happy with the procedures you've outlined and, you know, we filed -- we filed our motion, just by way of explanation, Your Honor, a few months -- a couple of months ago, I think. Hadn't exchanged exhibit lists. We just wanted to make sure that we had on the record this is a concern of ours. As long as we can work

agreement says no exchange of exhibits for any witness or demonstratives for cross witnesses.

THE COURT: Well...

MR. VERHOEVEN: I'm going to have to read this, Your Honor. I -- there may be a mistake. I thought we had reached agreement on that, but I think that's sort of a side issue --

THE COURT: Well --

MR. VERHOEVEN: Don't need to take Your Honor's time on that. If we need to, we can address the efficient handling of exhibits -- hopefully the parties can work out an arrangement there. But what Your Honor has suggested in terms of handling what we believe to be trade secret information -- to protect Google's trade secret information, we would suggest would work.

THE COURT: Well, that's -- that's the procedure I'm going to adopt. And if it for some reason becomes unworkable during the course of the trial for whatever reason, lack of agreement as to how to implement it or whatever, I'll deal with that during the course of the trial.

So I guess for the purposes of the record, the motion is granted in part and denied in part to the extent I've just outlined.

Next issue that I've got on my plate is

CERTIFICATION

I HEREBY CERTIFY that the foregoing is a true and correct transcript from the stenographic notes of the proceedings in the above-entitled matter to the best of my ability.

SHELLY HOLMES Date
Deputy Official Reporter
State of Texas No.: 7804
Expiration Date: 12/31/10

f7286c71-e4f7-4528-8d00-7f9547aae420