UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PA ADVISORS, LLC., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE INC., et al., <br><br> Defendants. | Civil Action No. 2:07-CV-480 RRR |

# DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE AND DAUBERT MOTION TO EXCLUDE TESTIMONY OF HON. GERALD J. MOSSINGHOFF

Defendants Google Inc. and Yahoo! Inc. (collectively "Defendants") submit their Response Brief to Plaintiff nXn Tech, LLC's (f/k/a PA Advisors, LLC.") ("Plaintiff") Motion *in Limine* and Daubert Motion to Exclude Testimony of Hon. Gerald J. Mossinghoff ("Motion to Exclude").

## **INTRODUCTION**

Plaintiff's Motion mischaracterizes the testimony proffered by the Honorable Gerald J. Mossinghoff regarding patent procedure as "restatements" of the rule of law, and "restatements" of another expert's opinion. (Pl. Mot. 3) (Dkt. No. 419). Contrary to Plaintiff's allegations, both Hon. Mossinghoff's deposition testimony and his expert report are based on his specialized knowledge of the United States Patent and Trademark Office's ("USPTO") practice and procedures. In particular, Hon. Mossinghoff has offered his opinion on the duty of candor and good faith owed to the USPTO. (Hofman Decl. Ex. A, ¶4). Under Rule 702, this is proper testimony. Fed. R. Evid. 702.

Hon. Mossinghoff's report and testimony analyze events that transpired during the process of procuring U.S. Patent No. 6,199,067 ("the '067 patent"). Hon. Mossinghoff does not opine on "materiality" because Hon. Mossinghoff is not the expert who can, or should, determine materiality. (Hofman Decl., Ex. A, ¶¶17-18.) Rather, Hon. Mossinghoff correctly relies on Dr. Stanley J. Peters, an expert in the subject matter of the '067 patent, for the materiality component of his inequitable conduct opinion. Hon. Mossinghoff then relied on his own expert knowledge it forming his opinion about the duty of candor and good faith, which is the proper limit his knowledge of the USPTO practice and procedures. (Id.)

Moreover, Hon. Mossinghoff's opinion is relevant in this case because Hon. Mossinghoff's expertise will provide the Court with sufficient information to make a finding of fact regarding the difficult issues of USPTO practice and procedure. Particularly in this case, his

testimony would be relevant as an expert who can give more insight and explanation as to the patent system and procedures than what is currently disclosed in the record.

Plaintiff also cites Rule 403 as grounds for exclusion, but the testimony will not prejudice the jury because Plaintiff has its own patent procedure expert, Alan H. Gordon, who has reviewed Hon. Mossinghoff's report and provided his own rebuttal report on the same issues. Fed. R. Civ. P. 403. In addition, Plaintiff has deposed Hon. Mossinghoff and will have another opportunity to cross-examine him at trial, and therefore, will not be prejudiced.

## BACKGROUND

Hon. Mossinghoff was registered to practice before the United States Patent and Trademark Office ("USPTO") in 1961. (Hofman Decl. Ex. A, ¶2.) Before that 1957 to 1961, Hon. Mossinghoff was a Patent Examiner in the USPTO. (*Id.*) Between 1965 to 1967, Hon. Mossinghoff was Director of Legislative Planning in the USPTO. (*Id.*) Between June 30, 1981 and January 19, 1985, Hon. Mossinghoff served as the Commissioner of Patents and Trademarks. (*Id.*)

Between the years of 2000 to 2008, Hon. Mossinghoff served three terms on the Patent Public Advisory Committee, established pursuant to P.L. 106-113, to advise the Under Secretary of Commerce on the policies, goals, and performance of the USPTO. (*Id.*) In 2007 Hon. Mossinghoff was inducted into the Intellectual Property Hall of Fame. (*Id.*) In addition, Hon. Mossinghoff currently teaches intellectual property law at the George Washington University Law School. (*Id.*)

Hon. Mossinghoff is an expert in USPTO practice and procedure and his expert report and opinions are limited to his expertise. (*Id.*, ¶4) Hon. Mossinghoff relies on a technical expert for any opinions that require technical expertise. (*Id.*, ¶17-18)

## ARGUMENT

### A. Mossinghoff's Opinion Properly Focuses on the "Breach of the Duty of Candor and Good Faith" and Not Upon Issues of Law

Contrary to Plaintiff's assertions in its Motion to Exclude, Hon. Mossinghoff's opinion is more than a "restatement" of the law. In fact, Hon. Mossinghoff's report is broken down into the following categories: (1) his background information (Hofman Decl. Ex. A, ¶¶1-5); (2) overview of patent examination procedures (*Id.*, ¶¶6-8); (3) factual background regarding the '067 patent (*Id.*, ¶¶9-10); (4) the duty of candor and good faith owed to the USPTO (*Id.*, ¶¶11-12); (5) review of the relevant facts regarding the duty of candor and good faith owed to the USPTO (*Id.*, ¶¶13-20). All of these categories are proper for this Court to consider under the Federal Rules of Evidence 702 because Hon. Mossinghoff has specialized knowledge regarding the practice and procedures at the USPTO.

This specialized knowledge and understanding of the USPTO's policies and procedures will assist the Court to understand the evidence regarding the prosecution of the '067 patent and will help this Court determine whether the applicant or his attorney breached his duty of candor and good faith to the USPTO during the prosecution. Hon. Mossinghoff will be able to present the information of the prosecution history in a meaningful format with analysis for the Court, explain the procedural background, and testify as to whether the conduct was consistent with patent prosecution procedures. Furthermore, his analysis will aid the Court's understanding of USPTO practice and procedures, and what type of references would be material to a reasonable patent examiner.

Plaintiff alleges that Hon. Mossinghoff's opinion on inequitable conduct should excluded because he relies on a technical expert's opinion on whether or not prior art is "material." (Pl. Mot. 7-8.) First, Hon. Mossinghoff is not being offered as a technical expert and correctly

admits he does not have the technical expertise, and therefore, Hon. Mossinghoff relies on Dr. Peters' opinion only as to materiality. (Hofman Decl. Ex. A, ¶¶17-18.)

Second, Hon. Mossinghoff's expert report includes facts describing the timing and procedure of an International Search report being delivered to the prosecuting attorney during the prosecution of the '067 patent. (*Id.*, ¶¶11-16.) These facts have nothing to do with materiality, but are facts necessary to determine whether there was a breach of the duty of good faith and candor owed to the USPTO. Unlike Plaintiff's allegations, primarily that Hon. Mossinghoff's opinion is irrelevant and does not "rest on [a] reliable foundation" (Pl. Mot. 9), Hon. Mossinghoff's opinion rests on multiple facts required to determine whether the duty was breached and correctly relies on a technical expert as to materiality.

Third, any argument that Plaintiff makes regarding the materiality of the Dasan and Siefert prior art should not be in a motion to exclude Hon. Mossinghoff's testimony. (Pl. Mot. 8.) Plaintiff attempts to exclude Hon. Mossinghoff's opinion because his testimony for the materiality element is based in his reliance upon a separate technical expert. If Plaintiff does not find the opinion on materiality reliable, it should move to exclude or strike that opinion, not Hon. Mossinghoff for relying on that opinion.

Additionally, the law cited by Plaintiff is inapplicable. The issue here is not whether this Court should allow cumulative evidence that is already in the record. (Pl. Mot. 9.) Hon. Mossinghoff's testimony and report are based on his personal knowledge of USPTO practice and procedures, which no other expert has opined about. For example, Dr. Peters cannot claim expertise on how one could procure a patent at the USPTO because he is a technical expert in the subject matter of the '067 patent. In fact, Hon. Mossinghoff's opinion on this very subject has been admissible by other courts. *IGT v. Alliance Gaming Corp.*, 2008 U.S. Dist. LEXIS 111779

(D. Nev. Oct. 21, 2008) (denying a motion to exclude Hon. Mossinghoff from testifying as to patent office procedures, the patents-in-suit, and present his interpretation of the potential breach of candor and good faith at the PTO, while limiting references to the applicable law where he will defer to rulings of the Court); *see also Star Scientific, Inc., v. R.J. Reynolds Tobacco Co.,* Case No. MJG-01-1504 (D. Md. Dec. 6, 2004).

Finally, even if the Court finds that a portion of Hon. Mossinghoff's opinion or testimony expresses an opinion of law, the Court "has complete discretion to adopt the expert legal opinion as its own, find guidance from it, or to ignore it." *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 983 (Fed. Cir. 1995); *see also Becton Dickinson & Co. v. C.R. Bard, Inc.*, 922 F.2d 792, 797 (Fed. Cir. 1990). Therefore, it is in the Court's discretion to allow, or even adopt the testimony of Hon. Mossinghoff, even if the Court found such testimony to include legal conclusions.

### B. Hon. Mossinghoff's Opinions Were Disclosed in His Expert Report and Were Timely

Although Plaintiff attempts to argue that the opinion proffered at his deposition was untimely, Plaintiff admits Hon. Mossinghoff's "new" opinion discloses nothing new. (Pl. Mot. 10.) Plaintiff claims that the new opinion relates to the materiality of the missing references, which are inherently inconsistent with Mr. Geller and his attorney's claims of patentability. (Pl. Mot. 9). In order to explain this opinion in his report and accurately respond to Plaintiff's questions about the report, Hon. Mossinghoff provides a detailed explanation of his report in his deposition. (Ex. A Mossinghoff Dep. 46:12-47:9.) Indeed, Hon. Mossinghoff even testifies during his deposition that the information is inherent in his report. (*Id.* at 52:10-55:13.)

Furthermore, the Court should not exclude his testimony because this testimony that can be inferred from his expert report and the record itself. Instead, "examination rather than

exclusion of the evidence is the remedy." *Montagne v. Safeco Ins., Co.*, 06-cv-00246-JWS, 2008 U.S. Dist. LEXIS 42243, 2008 WL 2225770 *5 (D. Alaska May 27, 2008) (not excluding expert testimony and holding that "examination rather than exclusion of the evidence is the remedy here, if it be thought that inaccurate inferences would be drawn by the fact finder").

### C. Hon. Mossinghoff's Report Will Assist the Court in Analyzing the Duty of Good Faith and Candor Required by the PTO

Plaintiff lastly argues that the Hon. Mossinghoff's report "offers little more than recitations of patent law and procedure." This is false. Hon. Mossinghoff's report and opinion rely primarily on the facts in this case, and on the USPTO practice and procedures as outlined in the law, which he discloses in his report. His report offers an opinion based on his specialized knowledge combined with the facts of this case.

### D. Plaintiff Provides a Report on the Same Subject Matter as Mossinghoff

Plaintiff must believe that an expert such as Mossinghoff can assist the Court in analyzing USPTO practice and procedure because it offers its own expert, Alan Gordon, for the same purpose.

Gordon also relies on Plaintiff's technical witness Dr. Rhyne. Specifically, his opinion that the Dasan and Siefert patents are cumulative is "informed by the opinions of PA's technical expert, Thomas Rhyne. Mr. Rhyne is of the opinion that . . . ." (Ex. B ¶ at 41.)[1]

---

[1] Similarly, Plaintiff's damages expert Dr. Becker relies heavily on Plaintiff's technical expert Dr. Rhyne in forming his damages opinion. Thus, if relying on another expert is a basis to exclude, as Plaintiff suggests in their motion, then Dr. Becker's opinions should also be excluded.

These two expert reports cover the same topics. Therefore, Plaintiff's allegation that Hon. Mossinghoff's report or opinion cannot assist the Court is contradicted by the fact that it offers its own expert on the same subject.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion to Exclude.

Dated: February 24, 2010

| Respectfully submitted, | /s/ Jason C. White |
|---|---|

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By   /s/ *David A. Perlson*

David A. Perlson
Email: davidperlson@quinnemanuel.com
State Bar No. 209502
Charles K. Verhoeven
Email: charlesverhoeven@quinnemanuel.com
State Bar No. 170151
Quinn Emanuel Urquhart Oliver & Hedges LLP
50 California St.
San Francisco, CA  94111
Telephone:  (415) 875-6600

Brian C. Cannon
Email: briancannon@quinnemanuel.com
State Bar No.  193071
Andrea Pallios Roberts
Email: andreaproberts@quinnemanuel.com
State Bar No.  228128
Quinn Emanuel Urquhart Oliver & Hedges LLP
555 Twin Dolphin Dr. Ste. 560
Redwood Shores, CA  94065
Telephone:  (650) 801-5000

Harry L. Gillam, Jr.
State Bar No. 07921800
Email:  gil@gillamsmithlaw.com
Melissa R. Smith
State Bar No. 24001351
Email:  melissa@gillamsmithlaw.com
Gillam & Smith, L.L.P.
303 South Washington Avenue
Marshall, TX 75670
Telephone:  (903) 934-8450

*Counsel for Google Inc*.

William C. Rooklidge
Email: rooklidgew@howrey.com
State Bar No. 134483
Howrey, LLP
4 Park Plaza, Suite 1700
Irvine CA 92614-2559
Telephone: (949) 721-6900

Jason C. White
Email: whitej@howrey.com
State Bar No. 6238352
Howrey, LLP
321 N. Clark Street, Suite 3400
Chicago IL 60654
Telephone: (312) 595-1239

Brian A.E. Smith
Email:  smithbrian@howrey.com
State Bar No. 188147
Howrey LLP
525 Market Street, Suite 3600
San Francisco CA 94105-2708
Telephone:  (415) 848-4900

Jennifer Doan
Email:  jdoan@haltondoan.com
State Bar No. 08809050
Joshua Reed Thane
Email:  jthane@haltondoan.com
State Bar No. 24060713
John Scott Andrews
Email:  sandrews@haltondoan.com
State Bar No. 24064823
Halton & Doan
Crown Executive Center, Suite 100
6500 Summerhill Road
Texarkana TX 75503
Telephone: (903) 255-10002

*Counsel for Yahoo! Inc*.

## CERTIFICATE OF SERVICE

I certify that a copy of **DEFENDANTS REPLY TO PLAINTIFF'S MOTION IN LIMINE AND DAUBERT MOTION TO EXCLUDE TESTIMONY OF HON. GERALD J. MOSSINGHOFF** was served upon counsel of record via CM/EFC on February 24, 2010.

/s/ David A. Perlson<br>
David A. Perlson