# EXHIBIT A

1     IN THE UNITED STATES DISTRICT COURT
2          EASTERN DISTRICT OF TEXAS
3             MARSHALL DIVISION
4
5 _____
6
7  PA ADVISORS, LLC
8                Plaintiff
9       -v-          Civil Action No. 2-07CV480-RRR
10 GOOGLE, INC., et al.
11               Defendants
12
13 _____
14
15              DEPOSITION OF
16       HON. GERALD J. MOSSINGHOFF
17
18              VOLUME 1 OF 1
19
20          Friday, February 12, 2010
21          11:09 A.M. TO 2:48 P.M.
22
23                held at
24     Washington, District of Columbia
25

1   that was set forth in Mr. Peters' -- and that the
2   reasonable examiner would want to know about
3   these cases; and also the second standard that,
4   if, as he said, the missing documents -- the
5   documents that the patentee's attorney knew
6   about, but didn't cite to the Patent and
7   Trademark Office, that that would have rendered
8   obvious the claims of the '067 patent.
9           So really, I applied both standards:
10  The prima facie case of unpatentability, and the
11  reasonable examiner's test.
12      Q.  Do you have any opinion on whether the
13  patentee refuted or was inconsistent before the
14  PTO?  That prong of the test?
15          MS. ROBERTS:  Objection, form.
16      A.  I think the answer is yes.  By urging
17  the allowance of claims which would otherwise be
18  determined as being obvious, I think the attorney
19  satisfied both tests of what a reasonable
20  examiner would want to know, and the question of
21  whether the missing references would have been
22  inconsistent with positions they took.
23          And I use as my basis for that the
24  actual Digital Control case, which actually said
25  something like that, that by urging the allowance

1  of a claim, which an attorney does when he
2  includes a claim in an application supported by a
3  declaration and submits it to the office, that
4  that attorney is urging the allowance of that
5  claim; that the prima facie case of
6  unpatentability is satisfied, and the test of
7  whether or not the lack of submitting the
8  documents was inconsistent with positions that
9  the examiner -- or that the applicant took.
10             (DEPOSITION EXHIBIT 3
11         MARKED FOR IDENTIFICATION)
12         MR. GIZA: The witness has been handed
13 Exhibit 3. It is a copy of the Mossinghoff
14 report.
15 BY MR. GIZA:
16     Q.    Mr. Mossinghoff, can you confirm what
17 that document is?
18     A.    This is the first part of my expert
19 report in this case. I now have Exhibits E and
20 D. There is A, B and C missing at this point.
21     Q.    So, can you point out for me where in
22 your report you make the argument that the
23 applicant was either refuted or was inconsistent
24 in the positions it took before the PTO?
25             MR. YOVITS: Objection to the form of

```
 1              AFTERNOON SESSION
 2                 12:44 P.M.
 3         THE VIDEO OPERATOR:  This begins
 4  videotape number 2 in the deposition of Gerald J.
 5  Mossinghoff.  The time is now 12:44 P.M.  We are
 6  back on the record.
 7  BY MR. GIZA:
 8       Q.    Good afternoon.
 9       A.    Good afternoon.
10       Q.    Right before we broke for lunch, we --
11  you articulated a new opinion about the
12  undisclosed prior art being inconsistent with or
13  refuting a position that the applicant took.
14             Was there any reason why --
15             MR. YOVITS:  Objection -- sorry.
16  BY MR. GIZA:
17       Q.    -- the opinion was not in your report?
18             MR. YOVITS:  Objection to the form of
19  the question.
20       A.    Yeah, I wouldn't say it's a new
21  opinion.  I think it's inherent in my report.
22  The fact is by quoting Mr. Peters, and by quoting
23  and referring to the Digital Control case, I
24  think it's there.
25  BY MR. GIZA:
```

```
1    Q.    So where exactly in your report is it?
2    A.    Well, I just --
3          MS. ROBERTS:  Objection to form.
4    A.    Just the fact that they're -- my
5    paragraph 18, I point out that they breached
6    their Duty of Candor and Good Faith after I've
7    outlined that duty being defined in the original
8    Rule 56, and in the 1992 amended Rule 56.
9          So I point out what the duty is, but
10   very specifically.  And I said, I believe in my
11   opinion that the -- Mr. Geller and his attorney
12   Mr. Edkin breached their Duty of Candor and Good
13   Faith in failing to do it.
14         So I think a fair reading of my report
15   is that, having defined what the duty is, under
16   Digital Control, and I said they breached the
17   duty, that I was applying both the pre and the
18   post-rule as I articulated that rule in the
19   earlier parts of my report.
20         Now, you indicated that you didn't
21   think that was the case, and I wanted to be sure
22   that this record was clear that I do believe that
23   the two aspects of the 1992 rule were breached,
24   and I used Digital Control, in effect, as
25   authority for saying that, if you are urging the
```

1 allowance of a claim, as you are when you file it
2 in the Patent and Trademark Office, and the
3 material not disclosed is inconsistent with that,
4 that that does breach the Duty of Candor and Good
5 Faith.
6 　　　　　So I wouldn't characterize as a new
7 position, but I want to make sure that that is my
8 position, and articulate that at this deposition.
9 BY MR. GIZA:
10 　Q.　　So is there anywhere in your report
11 that you expressly discuss that the undisclosed
12 prior art refutes, or is inconsistent with a
13 position that the applicant took?
14 　　　　　MS. ROBERTS:　Objection, form.
15 　A.　　I believe it's inherent in my report
16 where I do talk about the Digital Control case,
17 which is where they make that statement.
18 　　　　　And I quote, in my paragraph 11 on
19 page 8, that, "Under the section information is
20 material to patentability, when it is cumulative
21 to information -- when it is not cumulative to
22 information already of record, and it establishes
23 by itself or in combination with other
24 information a prima facie case of unpatentability
25 or it refutes or is in consistent with a position

1  that the applicant takes in opposing an argument
2  of unpatentability" -- I don't think he's done
3  that -- "or asserting an argument of
4  patentability."
5           I think under Digital Control, they
6  say that urging the allowance of a claim which
7  you do when you file it in a patent application
8  that has an oath and declaration with it, you're
9  doing that.  So I'd say asserting an argument of
10 patentability is covered, and it's covered under
11 Digital Control.  That's why they say that
12 Digital Control has both -- the new and the old
13 rule are still applicable.
14   BY MR. GIZA:
15   Q.    Okay.  I understand your current
16 belief that it is inherent in your report.
17           Is there anywhere that the argument
18 that the undisclosed prior art refutes or is
19 inconsistent with the position that the applicant
20 took, expressly made in your report?
21           MS. ROBERTS:  Objection, form.
22   A.    I'd say yes, and it's expressly made
23 in the quotation of Mr. Stanley Peters, where he
24 says, "The prior art patents cited in the '067
25 patent in combination with Dasan and Siefert