IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PA ADVISORS, LLC, <br>   Plaintiff, <br><br> v. <br><br> GOOGLE INC., et al., <br><br>   Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Civil Action No. 2:07-cv-480-RRR <br><br> JURY TRIAL DEMANDED |

### nXn TECH, LLC'S RESPONSE TO DEFENDANTS' MOTION IN LIMINE NO. 5: MOTION TO PRECLUDE EVIDENCE AND ARGUMENT REGARDING CORPORATE RESIDENCY

nXn Tech, LLC (f/k/a PA Advisors, LLC) ("nXn") respectfully files this response in opposition to Defendants' Motion in Limine No. Five ("Motion") seeking to avoid reference to corporate residence and, specifically, that nXn is a Texas company. Defendants' Motion (Dkt. No. 429) is without merit and should be denied.

**I.  INTRODUCTION AND SUMMARY OF ARGUMENT**

Defendants object to Plaintiff's making reference at all to the fact it is a Texas company or the fact of either Defendant's corporate residence. The Defendants offer no motion in limine authority for this position because no authority justifies a prohibition of such basic information that simply identifies a party. None of Defendants' authorities are motion in limine or Rule 403 cases. They are cases that, at the appellate review phase, were decided on a complete record. Only on a complete record could those courts review the allegedly improper impact of *cumulative* prejudicial statements that, based on a complete record, demonstrated the jury's verdict was due to passion or prejudice. Nor do Defendants have any real argument under Rule 403 to exclude such references. Indeed, they cannot make such an argument because the

1

information is altogether too benign at this phase to justify finding undue prejudice by merely mentioning, for example, that the plaintiff is a Texas company. Because none of Defendants' cases support that the relief they seek is appropriate as a motion in limine—and none of them addresses this issue in terms of Rule 403 and the balancing of relevant evidence versus its prejudicial effect—there is no basis to support a motion in limine on this topic.

## II. ARGUMENT

Although Defendants do not suggest or imply that any of the cases were done to foreclose such references, the fact that none of these cases forbade such evidence at the outset is telling. Generally, such a reference must be viewed against the record as a whole, and one comment, in isolation, will rarely cast a pall over the entire trial and undermine the integrity of the verdict. In *Westbrook v. General Tire & Rubber Co*., 754 F.2d 1233, 1238 (5th Cir.1985), for example, the Fifth Circuit noted the practice of the district court's function to instruct or admonish the jury on certain issues. Thus, in that case the court found "prejudicial arguments ***remained uncorrected*** and combined with other improper closing argument, "obviously bloated the damage award." *Id*. at 1238. Based on the entire trial record, and compared against the jury's verdict, a new trial was warranted.

Similarly, in *Hall v. Freese*, 735 F.2d 956, 961 (5th Cir. 1984) the Fifth Circuit compared the entire record, including (i) no rebuttal expert testimony to challenge damages for the plaintiff's long-term and severe disability, (ii) the jury's very low damages award, and (iii) an improper remark. The improper remark, that the plaintiff was not from the area and was, by implication an outsider, would not by itself be untoward. But along with other "tactics," as well as unrebutted expert testimony of damages contrasted against a relatively negligible jury award, the record supported finding a new trial was warranted. Likewise in *Cleveland v. Peter Kiewet*

2

*Sons*, 624 F.2d 749 (6th Cir. 1980), the court held it was not necessary to "rely on any of the ***individual*** instances or types of impropriety"; instead, the comments deemed to be prejudicial "***permeated the entire trial***, from opening statement through closing argument, in "a continuing pattern of misconduct." *Id*. at 758 (emphasis added). Thus, there too, only on a complete record and comparing the cumulative effect of the allegedly improper statements to the jury's verdict could any impropriety be discerned. *See also Johnson v. Parrish*, 827 F.2d 988, 991 (4th Cir. 1987) (affirming district court's conclusion that jury's verdict was product of passion and prejudice even though appellate court "might disagree with the district court's conclusion" reviewing court could not find abuse of discretion by the district court).

Lastly, Defendants invoke Rule 403 as an independent basis to foreclose reference to this corporate residence information without any analysis whatsoever. It is difficult, however, particularly with the benign nature of the evidence and at the pre-trial phase, to envision any concern such as Defendants raise that "the introduction of such information could confuse the issues and prejudice the jury against Google and Yahoo." Motion at 3. Rule 403 by its terms favors admissibility over exclusion given its requirement that the relevance of the information must be "substantially outweighed" by the danger of prejudice.[1] On that standard "a slight danger that the admission of such evidence will cause unfair prejudice is to be ignored."[2] In this regard, Defendants resort to arguing no probative value to any issue in the case that nXn is a Texas company. In doing so Defendants reiterate an illogical theme that runs throughout their motions in limine: the only evidence they consider probative or relevant in an infringement case

---

[1] *Gross v. Black & Decker*, 695 F.2d 858, 863 (5th Cir. 1983) ("Probative evidence will frequently be prejudicial to a party, but that does not mean that it will cause the factfinder to ground a decision on an emotional basis."…)).

[2] *Id*.

3

is evidence that bears directly on infringement, validity, and enforceability. Defendants' scenario of a trial, however, is a trial "sanitized" and devoid of any real-life context for who the parties are and why they are there.[3] This is not the purpose of Rule 403's exclusionary principles.[4]

### III. CONCLUSION

For the above-stated reasons, nXn opposes Defendants' request to address this issue in terms of a motion in limine and requests that the Court deny Defendants' Motion in Limine Number 5.

---

[3] "Unless trials are to be conducted as scenarios, or unreal facts tailored and sanitized for the occasion" exclusion under Rule 403 must be kept to its limited and primary function: to exclude "matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *Barrera v. E. I. Du Pont De Nemours and Co.,* 653 F.2d 915, 921 n.6 (5th Cir. 1981); *United States v. Pace*, 10 F.3d 1106, 1116 (5th Cir.1993) (same)

[4] *See id.*

Dated: February 25, 2010    Respectfully submitted,

| | |
|---|---|
| Andrew W. Spangler<br>LEAD COUNSEL<br>SPANGLER LAW P.C.<br>208 N. Green Street, Suite 300<br>Longview, Texas 75601<br>(903) 753-9300<br>(903) 553-0403 (fax)<br>spangler@spanglerlawpc.com | By: /s/ Elizabeth A. Wiley<br><br>Elizabeth A. Wiley<br>Texas State Bar No. 00788666<br>THE WILEY FIRM PC<br>P.O. Box. 303280<br>Austin, Texas 78703-3280<br>Telephone: (512) 560.3480<br>Facsimile: (512) 551.0028<br>Email: lizwiley@wileyfirmpc.com |
| David M. Pridham<br>LAW OFFICE OF DAVID PRIDHAM<br>25 Linden Road<br>Barrington, Rhode Island 02806<br>(401) 633-7247<br>(401) 633-7247 (fax)<br>david@pridhamiplaw.com | Marc A. Fenster, CA Bar No. 181067<br>CA Bar No. 181067<br>mfenster@raklaw.com<br>Andrew Weiss<br>CA Bar No. 232974<br>aweiss@raklaw.com |
| John M. Bustamante<br>Texas Bar No. 24040618<br>BUSTAMANTE, P.C.<br>54 Rainey Street, No. 721<br>Austin, Texas 78701<br>Tel. 512.940.3753<br>Fax. 512.551.3773<br>Email:jmb@BustamanteLegal.com | Adam Hoffman<br>CA Bar No. 218740<br>ahoffman@raklaw.com<br>RUSS, AUGUST & KABAT<br>12424 Wilshire Blvd., 12th Floor<br>Los Angeles, CA 90025<br>(310) 826-7474<br>(310) 826-6991 (fax) |
| Kip Glasscock<br>Texas State Bar No. 08011000<br>KIP GLASSCOCK P.C.<br>550 Fannin, Suite 1350<br>Beaumont, TX 77701<br>Tel: (409) 833-8822<br>Fax: (409) 838-4666<br>Email: kipglasscock@hotmail.com | Patrick R. Anderson<br>PATRICK R. ANDERSON PLLC<br>4225 Miller Rd, Bldg. B-9, Suite 358<br>Flint, MI 48507<br>(810) 275-0751<br>(248) 928-9239 (fax)<br>patrick@prapllc.com |
| | Debera W. Hepburn,<br>Texas Bar No. 24049568<br>HEPBURN LAW FIRM PLLC<br>P.O. Box 118218<br>Carrollton, TX 75011<br>Telephone: 214/403-4882<br>Facsimile: 888/205-8791<br>Email: dhepburn@heplaw.com |

## **CERTIFICATE OF SERVICE**

I certify that the foregoing Response to Defendants' Motion in Limine No. 5 was served via the Court's CM/ECF electronic filing system on this 25th day of February 2010.

\s\ Elizabeth A. Wiley
Elizabeth A. Wiley