IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PA ADVISORS, LLC,<br>　　　Plaintiff,<br><br>v.<br><br>GOOGLE INC., et al.,<br><br>　　　Defendants. | Civil Action No. 2:07-cv-480-RRR<br><br>JURY TRIAL DEMANDED |

## nXn TECH, LLC'S RESPONSE TO DEFENDANTS' MOTION IN LIMINE NUMBER 4: MOTION TO PRECLUDE TESTIMONY AND EVIDENCE REGARDING PLAINTIFF'S SALE OF ITS OWN PRODUCTS OR SERVICES

nXn Tech, LLC (f/k/a PA Advisors, LLC) ("nXn") respectfully files this response in opposition to Defendants Google Inc.'s and Yahoo! Inc's Motion in Limine No. 4, seeking to avoid mention of nXn's products and its contractual business relationships (the "Motion").

### I.　INTRODUCTION AND SUMMARY

The Defendants, through their Motion, seek to preclude evidence be it testimony or documents, relating to lost profits given that Plaintiff seeks a reasonable royalty, and all expert discovery goes only to a reasonable royalty. Plaintiff has clearly stated that it does not now by any means intend to introduce a line of argument or evidence concerning a lost profits damages model. Plaintiff does, however, take issue with Defendants' intent to foreclose any mention by Plaintiff of the fact that it does have business/contractual relationships and that some of those are with the United States Government. This evidence is merely indicative of what the Plaintiff does and would be particularly important in light of Defendants' opposition to Plaintiff's Motion in Limine Number 9 (Dkt. No. 419), which would have precluded Defendants from making what could only be pejorative references to the corporate structure of nXn, i.e., a limited liability company, and any references to nXn as "playing the lawsuit lottery" or "corporate shall game" or

1

any reference to non-practicing entities" or "holding companies" or similar terms. *See* Dkt. No. 419 at 5.

## II. ARGUMENT

Defendants' primary argument that Plaintiff cannot discuss its business, if it chooses to spend its allotted trial time in that manner, should be rejected. Just because a patent owner is not seeking lost profits damages does not mean that any information as to what it does and what type of business dealings it has becomes "not relevant" and excluded from trial. A party is entitled to explain what it does if it chooses to do so in the presentation of its case. The jury will no doubt be familiar with companies such as Yahoo and Google and what they do in general terms. Plaintiff should be entitled to provide any such information it deems appropriate for the jury to know about its own operations.

Defendants hark back to efforts during fact discovery to secure financial information relevant to lost profits, but those issues, as they recognize, were resolved once Plaintiff stated on the record that it was not seeking lost profits damages but would be relying on a reasonable royalty model. Defendants suggest incorrectly that as a result of this procedural background they are left without evidence to prepare for whatever evidence Plaintiff may choose to present describing its business ventures. This is false – Plaintiff long ago produced thousands of pages of materials related to its products, research and development and customers. Insofar as Defendants consider this realm of questioning troublesome because they find it not-compelling or not credible that Plaintiff has business/contractual relationships, they may use the very evidence they have cited to question those business relationships. Motion at 2-3, 6 (citing testimony of Mr. Sheafe). Defendants rely, for example, on Mr. Sheafe's deposition testimony in part, and Plaintiff intends to call Mr. Sheafe, Plaintiff's Vice-President of Technology, as a

2

live witness at trial and Defendants can question, impeach, and undermine that evidence in any way they choose through cross-examination.

Between Defendants' motion seeking to preclude (i) any reference that Plaintiff is a Texas company (Defendants' Motion in Limine No. 5; Dkt. No.429), and (ii) this motion barring any reference to what nXn does in terms of its business relationships or business ventures, one might be led to think a plaintiff cannot say anything about itself at all at trial simply because it is not evidence relating to infringement, validity, or enforceability. Defendants' strict view of what constitutes probative evidence, repeated throughout their motions in limine,[1] leaves very little to constitute a trial, and they are incorrect in taking such a narrow view.

Background information to provide context for the issues, which must necessarily and logically include the parties, is entirely appropriate, relevant, and admissible evidence. *See, e.g., Novartis Pharms. Corp. v. Teva Pharms. USA, Inc.*, No. 05-CV-1887, 2009 WL 3754170, at *4 (D.N.J. Nov. 5, 2009) (in motion in limine context recognizing background information appropriate as context and allowing before jury: "Testimony concerning generic drugs and the Hatch-Waxman Act will likely aid in the jury in understanding the context in which the case arises. Further, given that this testimony concerns background information…"); *Khan v. HIP Centralized Lab. Servs., Inc.*, No. CV-03-2411, 2009 WL 2259643, at *3 (E.D.N.Y. July 29, 2009) ("Even if plaintiff were asserting only his retaliation claims, some investigation into his general employment history with CIS would have been necessary to provide background and context."); *United States v. Hollis*, 490 F.3d 1149, 1153 (9th Cir. 2007) (affirming admission of

---

[1] *E.g.*, Motion at 5 ("Here, Plaintiff's sale of any product or service, including any government contracts, and the alleged usefulness of the '067 patent to national security has no bearing on issues of infringement, invalidity, or reasonable royalty."); *see also* Defendants' Motion in Limine No. 5 (Dkt. No. 429) at 1 ("Because the parties' corporate residencies **have no bearing on patent validity or infringement**…") (emphasis added).

evidence and noting limiting instruction avoided any prejudice: "[The district court] found the evidence to have little prejudice but to *be helpful in providing the jury with the necessary background* to put the charged transactions between Hollis and the cooperating witness into context. In addition, the court gave the jury a limiting instruction to consider the testimony only on the question of Hollis's intent or knowledge, not for any other purpose.") (emphasis added).

Nor is there a Rule 403 issue with regard to nXn's contracts with the United States government to which Plaintiff's manager testified. *See* Motion at 3. It not credible to suggest the jury could believe that Yahoo and Google are threatening national security by challenging the validity of a patent. The validity challenge would not undermine the government's ability to enter into a contract with nXn or use the technology. It would affect only nXn at most, in marketing efforts that might involve touting the fact that the technology at issue is patented, but it would not render the technology un-useable. For this and all other references that Defendants seek to preclude prematurely, a limiting instruction may be permissible to ensure the jury understands the background information for what it is and does not ponder untenable possibilities regarding national security.

### III. CONCLUSION

For the above-stated reasons, Plaintiff nXn requests that the Court deny Defendants' Motion in Limine No. 4.

Dated: February 25, 2010   Respectfully submitted,

Andrew W. Spangler
LEAD COUNSEL
SPANGLER LAW P.C.
208 N. Green Street, Suite 300
Longview, Texas 75601
(903) 753-9300
(903) 553-0403 (fax)
spangler@spanglerlawpc.com

David M. Pridham
LAW OFFICE OF DAVID PRIDHAM
25 Linden Road
Barrington, Rhode Island 02806
(401) 633-7247
(401) 633-7247 (fax)
david@pridhamiplaw.com

John M. Bustamante
Texas Bar No. 24040618
BUSTAMANTE, P.C.
54 Rainey Street, No. 721
Austin, Texas 78701
Tel. 512.940.3753
Fax. 512.551.3773
Email:jmb@BustamanteLegal.com

Kip Glasscock
Texas State Bar No. 08011000
KIP GLASSCOCK P.C.
550 Fannin, Suite 1350
Beaumont, TX 77701
Tel: (409) 833-8822
Fax: (409) 838-4666
Email: kipglasscock@hotmail.com

By: /s/ Elizabeth A. Wiley

Elizabeth A. Wiley
Texas State Bar No. 00788666
THE WILEY FIRM PC
P.O. Box. 303280
Austin, Texas 78703-3280
Telephone: (512) 420.2387
Facsimile: (512) 551.0028
Email: lizwiley@wileyfirmpc.com

Marc A. Fenster
CA Bar No. 181067
mfenster@raklaw.com
Andrew Weiss
CA Bar No. 232974
aweiss@raklaw.com
Adam Hoffman
CA Bar No. 218740
ahoffman@raklaw.com
RUSS, AUGUST & KABAT
12424 Wilshire Blvd., 12th Floor
Los Angeles, CA 90025
(310) 826-7474
(310) 826-6991 (fax)

Patrick R. Anderson
PATRICK R. ANDERSON PLLC
4225 Miller Rd, Bldg. B-9, Suite 358
Flint, MI 48507
(810) 275-0751
(248) 928-9239 (fax)
patrick@prapllc.com

Debera W. Hepburn,
Texas Bar No. 24049568
HEPBURN LAW FIRM PLLC
P.O. Box 118218
Carrollton, TX 75011
Telephone: 214/403-4882
Facsimile: 888/205-8791
Email: dhepburn@heplaw.com

## CERTIFICATE OF SERVICE

I certify that the foregoing Response to Defendants' Motion in Limine was served via the Court's CM/ECF system, as none of the information cited herein constitutes confidential information subject to a protective order, on this 25th day of February 2010.

<u>\s\ Elizabeth A. Wiley</u>
Elizabeth A. Wiley