IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PA ADVISORS, LLC, <br> Plaintiff, <br><br> v. <br><br> GOOGLE INC., et al., <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Civil Action No. 2:07-cv-480-RRR <br><br> JURY TRIAL DEMANDED |

## nXn TECH, LLC'S RESPONSE TO DEFENDANTS' MOTION IN LIMINE NO. 6: MOTION TO PRECLUDE EVIDENCE AND ARGUMENT REGARDING THE SPANGENBERG FAMILY FOUNDATION AND ITS TIES TO PLAINTIFF

nXn Tech, LLC (f/k/a PA Advisors, LLC) ("nXn") respectfully files this response in opposition to Defendants' motion in limine No. 6, which seeks to foreclose any reference to or argument concerning the Spangenberg Family Foundation (the "Motion"), a charitable entity that derives some monies for its work from, for example, the Plaintiff in this case.

### I. ARGUMENT

Two legal impediments suggest Defendants' Motion should be denied. First, Defendants improperly rely on vacated case law for their Rule 403 authority. *Moore v. Ashland Chem., Inc.*, 126 F.3d 679, 692 (5th Cir. 1997). The decision the Defendants cite was vacated and then reheard en banc. The *en banc* decision, 151 F.3d 269 (5th Cir. 1998) (en banc) does not include the language on which Defendants rely, which is from in the earlier, vacated decision. In any event, there is no other sufficient legal basis to remove this benign reference from the jury's consideration, particularly in light of Defendants' opposition to refraining from references regarding nXn's corporate structure or, for example, other litigations concerning Mr. Spangenberg, whose name is also part of the Foundation's name. *See* Plaintiff's Motion in

Limine (Dkt. No. 419, nos. 2 & 27). Second, Defendants rely on a Seventh Circuit standard for how Rule 403 should be applied. Specifically, Defendants argue that a mere "tendency toward prejudice" will support Rule 403 exclusion, but this standard is from a Seventh Circuit decision and cannot trump controlling Fifth Circuit authority.[1] *See* Defendants' Motion in Limine No. 6 at 2 (stating standard for exclusion as evidence that has "tendency toward prejudice" and citing *Yumich v. Cotter*, 452 F.2d 59, 64 (7th Cir. 1971)).

By contrast, the Fifth Circuit recognizes that by the language of Rule 403 there is a preference for inclusion of evidence. This derives in part from recognition that "[p]robative evidence will frequently be prejudicial to a party"—but that "***does not mean*** that it will cause the factfinder to ground a decision on an emotional basis." *Gross v. Black & Decker*, 695 F.2d 858, 863 (5th Cir. 1983) (emphasis added). Because of this maxim, the proper Rule 403 test is whether the "prejudice" is unfair. And because the rule requires that evidence be excluded only if it is ***substantially*** outweighed by the danger of prejudice, Fifth Circuit law states that "the rule favors admissibility of relevant evidence," *Gross*, 695 F.2d at 863, such that "a slight danger that the admission of such evidence will cause unfair prejudice is to be ignored." *Id*.

Defendants cannot meet this test for evidence that is relevant under Rule 401. This evidence is relevant, even though it does not speak to the narrow terms in which Defendants define relevance—relating solely to the technical matters of infringement, validity, and enforceability—particularly of Defendants' opposition to Plaintiff's Motion in Limine Number 9 (Dkt. No. 419). That Motion in Limine seeks to preclude precluded Defendants from making pejorative references to the corporate structure of nXn, i.e., a limited liability company, and any

---

[1] Evidentiary matters in a patent case are decided under regional circuit law. *Sulzer Textil A.G. v. Picanol N.V.*, 358 F.3d 1356, 1363 (Fed. Cir. 2004) (noting that evidentiary rulings reviewed under law of regional circuit).

references to nXn as "playing the lawsuit lottery" or "corporate shall game" or any reference to non-practicing entities" or "holding companies" or similar terms. *See* Dkt. No. 419 at 5. That the Plaintiff is far more than that, but involved in charitable endeavors and has contractual/business ventures[2] shows that Defendants' manifested intent to paint a pejorative picture of Plaintiff and its business must be properly rebutted and refuted.

nXn has attempted, in good faith, to work with the Defendants to resolve this issue. For example, during a meet and confer on this issue nXn stated that it may be amenable to entering into a bi-lateral Motion in Limine that covered testimony related to the charitable operations of both nXn and the Defendants as long as such language was identical for each party. The Defendants rejected nXn's offer at compromise. *See* Wiley Decl. (attached).

## II. CONCLUSION

For the above-stated reasons, Defendants' Motion in Limine Number Six should be denied.

---

[2] *See, e.g.*, Plaintiff's Response to Defendants' Motion in Limine No. 4, incorporated by reference herein, regarding importance of background evidence and basic information about the party to provide context).

Dated: February 25, 2010  Respectfully submitted,

| | |
|---|---|
| Andrew W. Spangler<br>LEAD COUNSEL<br>SPANGLER LAW P.C.<br>208 N. Green Street, Suite 300<br>Longview, Texas 75601<br>(903) 753-9300<br>(903) 553-0403 (fax)<br>spangler@spanglerlawpc.com | By: /s/ Elizabeth A. Wiley<br><br>Elizabeth A. Wiley<br>Texas State Bar No. 00788666<br>THE WILEY FIRM PC<br>P.O. Box. 303280<br>Austin, Texas 78703-3280<br>Telephone: (512) 420.2387<br>Facsimile: (512) 551.0028<br>Email: lizwiley@wileyfirmpc.com |
| David M. Pridham<br>LAW OFFICE OF DAVID PRIDHAM<br>25 Linden Road<br>Barrington, Rhode Island 02806<br>(401) 633-7247<br>(401) 633-7247 (fax)<br>david@pridhamiplaw.com | Marc A. Fenster, CA Bar No. 181067<br>CA Bar No. 181067<br>mfenster@raklaw.com<br>Andrew Weiss<br>CA Bar No. 232974<br>aweiss@raklaw.com |
| John M. Bustamante<br>Texas Bar No. 24040618<br>BUSTAMANTE, P.C.<br>54 Rainey Street, No. 721<br>Austin, Texas 78701<br>Tel. 512.940.3753<br>Fax. 512.551.3773<br>Email:jmb@BustamanteLegal.com | Adam Hoffman<br>CA Bar No. 218740<br>ahoffman@raklaw.com<br>RUSS, AUGUST & KABAT<br>12424 Wilshire Blvd., 12th Floor<br>Los Angeles, CA 90025<br>(310) 826-7474<br>(310) 826-6991 (fax) |
| Kip Glasscock<br>Texas State Bar No. 08011000<br>KIP GLASSCOCK P.C.<br>550 Fannin, Suite 1350<br>Beaumont, TX 77701<br>Tel: (409) 833-8822<br>Fax: (409) 838-4666<br>Email: kipglasscock@hotmail.com | Patrick R. Anderson<br>PATRICK R. ANDERSON PLLC<br>4225 Miller Rd, Bldg. B-9, Suite 358<br>Flint, MI 48507<br>(810) 275-0751<br>(248) 928-9239 (fax)<br>patrick@prapllc.com |
| | Debera W. Hepburn,<br>Texas Bar No. 24049568<br>HEPBURN LAW FIRM PLLC<br>P.O. Box 118218<br>Carrollton, TX 75011<br>Telephone: 214/403-4882<br>Facsimile: 888/205-8791<br>Email: dhepburn@heplaw.com |

## CERTIFICATE OF SERVICE

I certify that the foregoing Response to Defendant's Motion in Limine No. 6 was served pursuant to the Court's CM/ECF system, given that none of the information cited or stated in here is confidential, on this 25th day of February 2010.

\s\ Elizabeth A. Wiley
Elizabeth A. Wiley