IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PA ADVISORS, LLC, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 2:07-cv-480-RRR |
| | § | |
| GOOGLE, INC., et al., | § | |
| | § | JURY TRIAL DEMANDED |
|     Defendants. | § | |
| | § | |

**nXn TECH, LLC'S RESPONSE TO GOOGLE INC.'S MOTION *IN LIMINE* NO. SEVEN**

    nXn Tech, LLC (f/k/a PA Advisors, LLC) ("nXn") respectfully files this response to Defendants' Motion *In Limine* No. Seven (the "Motion") in which Defendants seek to preclude evidence and arguments regarding willful infringement filed by Google, Inc. ("Google") and Yahoo! Inc. ("Yahoo") (collectively "Defendants"). Defendants' arguments for excluding such evidence include an alleged failure to state a claim, the fact that Defendants' have raised defenses to nXn's claims of infringement, and the fact that nXn did not seek a preliminary injunction. However, as demonstrated herein, these arguments are entirely without merit, and the Defendants' Motion should be denied.

**I.  INTRODUCTION: DEFENDANTS' MOTION IS AN IMPROPER MOTION FOR SUMMARY ADJUDICATION ON WILFULLNESS AND SHOULD BE DENIED AS LATE AND BECAUSE FACTUAL ISSUES PRECLUDE SUMMARY ADJUDICATION. nXn HAS SUFFICIENT EVIDENCE TO GO TO THE JURY ON WILLFULNESS.**

    Defendants' motion is predicated on Federal Rule of Evidence 403, which only permits the Court to preclude evidence if "its probative value is *substantially outweighed* by the danger of unfair prejudice." Fed. R. Evid. 403 (emphasis added). However, the Motion fails to address

any specific evidence that it seeks to be precluded, or alleged to unfairly prejudice either defendant. Rather, Defendants argue that "there is no basis for awarding Plaintiff enhanced willfulness damages." Motion at 1. The logic is, according to Defendants, if nXn is precluded from arguing willful infringement, then any evidence of willful infringement would necessarily lack any probative value, effectively turning the Motion into a request for partial summary judgment. The request is based on three distinct arguments. First, Defendants argue that nXn's willfulness allegation "fails to state a claim for willful infringement." Motion at 4. However, Google's response to nXn's willfulness allegation demonstrates that Google fully understood nXn's claim of willful infringement.[1] Further, Google never raised this alleged failure to state a claim under Fed. R. Civ. P. 12(b)(6) until now, and therefore has waived this defense. Second, Defendants advance the novel theory that they have advanced "legitimate" defenses to nXn's allegations of infringement. However, a jury has yet to determine the merits of any proof either in favor of or against infringement. Moreover, there is nothing novel about a defendant responding to an infringement complaint by alleging that it does not infringe the patent, and that the asserted claims are invalid. Under Defendants' standard, willfulness could be dismissed summarily solely based on a simple denial of the allegations raised by the patent owner. Third, Defendants claim that nXn waived its right to prove willfulness by not moving for a preliminary injunction. However, Defendants' argument relies on a misleading and mistaken explanation of alleged "**controlling** Federal Circuit precedent." Motion at 6 (emphasis added). Google and Yahoo attempt to mislead this Court by asserting that certain *dictum* of the Federal Circuit as

---

[1] As explained in more detail herein, Yahoo responded to nXn's allegations differently. However, nXn contends that there are still sufficient grounds to deny the Motion as to both Defendants.

controlling law, when that is not the case. Such blatant misrepresentations should not be countenanced. For these reasons, as set forth more fully below, the Motion should be denied.

## II. GOOGLE HAS WAIVED ITS 12(B)(6) DEFENSES

First, Defendants incorrectly assert that nXn never pled willful infringement. Motion at 4. nXn's Second Amended Complaint specifically states: "To the extent that facts learned in discovery show that Defendants' infringement is or has been willful, Plaintiff reserves the right to request such a finding at time of trial." Anderson Decl., Ex. C ¶19. Google responded to this allegation, stating:

> Google denies any infringement and denies any actions could constitute willful infringement. Therefore, Google denies the allegations in paragraph 19 of the SAC.
> Anderson Decl. Ex. A ¶ 19.

Despite this, Defendants argue that nXn "has *never* alleged willful infringement in its complaints" and characterize nXn's allegation as "a right to request a finding at trial." Motion at 4. However, the purpose of pleading is to put a defendant on notice of what the pleader intends to seek at trial. *See St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 434 (5th Cir. 2000) ("The notice pleading requirements of Federal Rule of Civil Procedure 8 and case law do not require an inordinate amount of detail or precision."); *Id.* (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 604 (5th Cir. 1981)). The Federal Rules only require "a short and plain statement," and have long since done away with any requirement of ritualistic incantations in order to seek relief. Fed. R. Civ. P 8(a). For example, the Supreme Court recognized in Twombly that the language of Rule 8 "did not come about by happenstance and its language is not inadvertent. The English experience with Byzantine special pleading rules-illustrated by the hypertechnical Hilary rules of 1834 made obvious the appeal of a pleading standard that was easy for the common litigant." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 573-74 (2007).

"Under the relaxed pleading standards of the Federal Rules, … [t]he merits of a claim would be sorted out … through the crucible of trial." *Id*. at 575. *See also Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 604 (5th Cir. La. 1981) ("The form of the complaint is not significant"); Fed. R. Civ. P. 8(d)(1) ("Each allegation must be simple, concise, and direct. *No technical form is required*.") (emphasis added); *and* 8(e) ("Pleadings must be construed so as to do justice.")

The cases cited by Defendants likewise do not warrant excluding evidence of willfulness. For example in *Nichia*, the complaint alleged that the company who supplied the Defendant with the infringing product knew of the patent, but not that Defendant knew. Because the complaint did not "include any allegation that Creative Defendants had knowledge of such patents, nor [did] it include any other allegation that, if proven, might support an award of treble damages." *Nichia Corp. v. Seoul Semiconductor, Ltd*, No.C-06-0162-MMC, 2006 U.S. Dist LEXIS 29959 at *6 (N.D. Cal May 9, 2006). *See* Anderson Decl., Ex. D. Similarly, the Federal Circuit's decision in *Revolution Eyewear* merely dealt with the application of enhanced damages when willful infringement was not pleaded or agued. *Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, 563 F.3d 1358, 1373 (Fed. Cir. 2009) ("The most important fact here is that Contour failed to plead a claim for willful infringement.") In the present case, Defendants cannot deny having notice of nXn's intent to seek a finding of willful infringement if it is so entitled.[2]

Further, reviewing the rest of Google's response to nXn's Second Amended Complaint, Google raises affirmative defenses of non-infringement, invalidity, enforceability, lack of standing, and unclean hands. Anderson Decl., Ex. A at 4. Google also raises counterclaims of

---

[2] Further, Defendants did not dispute Mr. Fenster's statement in December 2009 that willfulness would be part of nXn's case. Anderson Decl., Ex. E (Transcript of December 28, 2009 Hearing) at 16:18-21 ("This is a willfulness case. The patent was provided early on to Google and so that will be part of the case and I can answer any other questions, but I'll leave it there for now.")

4

non-infringement, invalidity, and unenforceability. Anderson Decl., Ex. A at 5-6. However, nowhere in the response does Google argue that any of nXn's claims, willful infringement or otherwise, fail to state a claim. Therefore, Google has waived its right to present this defense now. Fed. R. Civ. P. 12(b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed."). To preserve this defense, Google was obligated to raise it along with these other defenses, either by motion or in the answer, which it failed to do. *Id.*[3]

### III. GOOGLE CANNOT PRECLUDE EVIDENCE OF WILLFULNES BY MERELY DENYING INFRINGEMENT

Defendants argue that they have "advanced several legitimate defenses to infringement, thereby *foreclosing an argument*" that Defendants acted willfully. Motion at 5 (emphasis added). However, whether Defendants' defenses are legitimate or not is a question for the jury to decide. The mere fact that Defendants have defenses to present regarding nXn's claims does not, by itself, foreclose any possibility of willful infringement. In fact, the Federal Circuit has suggested that avoiding a charge of willfulness might be rebutted by showing a "*substantial question about invalidity or infringement*" rather than mere possession of an allegedly "legitimate" defensive theory. In re Seagate, 497 F.3d 1360, 1374 (Fed. Cir. 2007) (emphasis added).

Defendants alternatively argue that nXn has no evidence to support willfulness. However, the evidence Defendants refer to is the subject of a separate motion, which nXn also opposes. In fact, nXn is in possession of direct evidence demonstrating Google's prior

---

[3] Google's response to nXn's willfulness allegations should be contrasted with Yahoo, which specifically pleaded failure to state a claim as an affirmative defense. Anderson Decl., Ex. B (Yahoo's Answer) at 5. For all of the other reasons set forth herein, the Court should nevertheless dismiss the Motion as to Yahoo as well.

knowledge of the patent, access to explanations of the patented invention by the inventor, and evidence supporting the conclusion that Google knew of, and intentionally copied the patented invention. *See* nXn's SEALED Opposition to Google's Motion *In Limine* No. Two.

IV. **GOOGLE MISTAKENLY ASSERTS DICTUM AS "CONTROLLING" LAW.**

Defendants claim that nXn waived its right to prove willfulness by not moving for a preliminary injunction. To make such a statement, Defendants' assert that "**controlling** Federal Circuit precedent," holds the failure to so move is conclusively fatal. Motion at 6 (citing *Seagate*, 490 F.3d at 1374) (emphasis added). However, the falsity of their assertion is recognizable to even a first-year law student.

*Seagate* addressed the scope of waiver associated with reliance of opinions of counsel in defense of willful infringement claims. *Seagate,* 497 F.3d. at 1374 ("In sum, we hold, as a general proposition, that asserting the advice of counsel defense … do not constitute waiver of the attorney-client privilege for communications with trial counsel."). The issue of whether the *Seagate* plaintiff was predicating willfulness on pre or post-litigation conduct was not addressed by the court. In addition, any relationship of willfulness to the decision of whether to seek preliminary relief is set forth in a hypothetical discussion. Specifically, the court stated:

> By contrast, when an accused infringer's post-filing conduct is reckless, a patentee *can* move for a preliminary injunction, which generally provides an adequate remedy for combating post-filing willful infringement. …. A patentee who does not attempt to stop an accused infringer's activities in this manner *should* not be allowed to accrue enhanced damages based solely on the infringer's post-filing conduct. Similarly, if a patentee attempts to secure injunctive relief but fails, it is likely the infringement did not rise to the level of recklessness.

*Seagate*, 497 F.3d at 1374 (emphasis added).

Defendants attempt to mislead this Court by asserting that this *dictum* constitutes **controlling** law, when that is not the case. First, *Seagate* only addresses post-filing willfulness.

6

Even if it were the holding of the case, it would not preclude nXn's willfulness case here, which are based in part on evidence of Google's pre-filing knowledge of the patent, as described above. Moreover, *Seagate* did not hold that even post-filing willfulness is foreclosed in every case in which the patentee does not seek a preliminary injunction.[4] Even in *Seagate*, the Federal Circuit specifically "recognize[d] that in some cases a patentee may be denied a preliminary injunction despite establishing a likelihood of success on the merits, … [and i]n that event, whether a willfulness claim … is sustainable *will depend on the facts of each case*." *Id*. nXn urges the Court to recognize that nXn's willfulness allegations deserve to be addressed on their merits, as contemplated in *Seagate*. *Id*.

## V. Conclusion

For the above-stated reasons, nXn respectfully requests that the Court deny Defendants' Motion.

---

[4] Such a rule would be at odds with common practice and would foreclose post-filing willfulness in all but a few cases, as preliminary relief is rarely sought in patent cases.

Dated: February 25, 2010                    Respectfully submitted,

| | |
|---|---|
| Andrew W. Spangler<br>LEAD COUNSEL<br>SPANGLER LAW P.C.<br>208 N. Green Street, Suite 300<br>Longview, Texas 75601<br>(903) 753-9300<br>(903) 553-0403 (fax)<br>spangler@spanglerlawpc.com<br><br>David M. Pridham<br>LAW OFFICE OF DAVID PRIDHAM<br>25 Linden Road<br>Barrington, Rhode Island 02806<br>(401) 633-7247<br>(401) 633-7247 (fax)<br>david@pridhamiplaw.com<br><br>John M. Bustamante<br>Texas Bar No. 24040618<br>BUSTAMANTE, P.C.<br>54 Rainey Street, No. 721<br>Austin, Texas 78701<br>Tel. 512.940.3753<br>Fax. 512.551.3773<br>Email:jmb@BustamanteLegal.com<br><br>Kip Glasscock<br>Texas State Bar No. 08011000<br>KIP GLASSCOCK P.C.<br>550 Fannin, Suite 1350<br>Beaumont, TX 77701<br>Tel: (409) 833-8822<br>Fax: (409) 838-4666<br>Email: kipglasscock@hotmail.com | By: /s/ Patrick R. Anderson<br>Patrick R. Anderson<br><br>Marc A. Fenster, CA Bar No. 181067<br>CA Bar No. 181067<br>mfenster@raklaw.com<br>Andrew Weiss<br>CA Bar No. 232974<br>aweiss@raklaw.com<br>Adam Hoffman<br>CA Bar No. 218740<br>ahoffman@raklaw.com<br>RUSS, AUGUST & KABAT<br>12424 Wilshire Blvd., 12th Floor<br>Los Angeles, CA 90025<br>(310) 826-7474<br>(310) 826-6991 (fax)<br><br>Patrick R. Anderson<br>PATRICK R. ANDERSON PLLC<br>4225 Miller Rd, Bldg. B-9, Suite 358<br>Flint, MI 48507<br>(810) 275-0751<br>(248) 928-9239 (fax)<br>patrick@prapllc.com<br><br>Debera W. Hepburn,<br>Texas Bar No. 24049568<br>HEPBURN LAW FIRM PLLC<br>P.O. Box 118218<br>Carrollton, TX 75011<br>Telephone: 214/403-4882<br>Facsimile: 888/205-8791<br>Email: dhepburn@heplaw.com<br><br>Elizabeth A. Wiley<br>Texas State Bar No. 00788666<br>THE WILEY FIRM PC<br>P.O. Box. 303280<br>Austin, Texas 78703-3280<br>Telephone: (512) 420.2387<br>Facsimile: (512) 551.0028<br>Email: lizwiley@wileyfirmpc.com |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                                                 \s\ Patrick R. Anderson
                                                   Patrick R. Anderson