**EXHIBIT C**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PA ADVISORS, LLC<br><br>      Plaintiff,<br><br>  v.<br><br>GOOGLE INC., et al.,<br><br>      Defendants. | No. 2:07-cv-480-TJW<br><br>JURY TRIAL DEMANDED |

## SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which PA Advisors, LLC ("PA Advisors") makes the following allegations against Google Inc., Yahoo! Inc., Facebook, Inc., ContextWeb, Inc., Specific Media, Inc., and 24/7 Real Media, Inc. (collectively the "Defendants").

## PARTIES

1.      Plaintiff PA Advisors, LLC ("PA Advisors") is a Texas limited liability company with its principal place of business at 207 C North Washington Avenue, Marshall, Texas 75670.

2.      On information and belief, Defendant Google Inc. ("Google") is a Delaware corporation with its corporate headquarters and principal place of business at 1600 Amphitheater Parkway, Mountain View, California, 94043.  Google has answered and appeared in this suit.

3.      On information and belief, Defendant Yahoo! Inc. ("Yahoo") is a Delaware corporation with its corporate headquarters and principal place of business at 701 First Avenue, Sunnyvale, California 94089.  Yahoo has answered and appeared in this suit.

4.      On information and belief, Defendant Facebook, Inc. ("Facebook") is a Delaware corporation with its corporate headquarters and principal place of business at 471 Emerson Street, Palo Alto, California 94301.  Facebook has answered and appeared in this suit.

5. On information and belief, Defendant ContextWeb, Inc. ("ContextWeb") is a Delaware corporation with its corporate headquarters and principal place of business at 22 Cortlandt Street, New York, New York 10007. ContextWeb has answered and appeared in this suit.

6. On information and belief, Defendant Specific Media, Inc. ("Specific Media") is a California corporation with its corporate headquarters and principal place of business at 4 Park Plaza, Suite 1900, Irvine, California 92614. Specific Media has answered and appeared in this suit.

7. On information and belief, Defendant 24/7 Real Media, Inc. ("24/7 Real Media") is a Delaware corporation with its corporate headquarters and principal place of business at 132 West 31st Street, New York, New York 10001. 24/7 Real Media has answered and appeared in this suit.

## JURISDICTION AND VENUE

8. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, each Defendant has a regular and established place of business in this district, has transacted business in this district, and has committed, contributed to, and/or induced acts of patent infringement in this district.

10. On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including: (i) at least a portion of the

infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this judicial district.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 6,199,067

11. PA Advisors is the owner by assignment of United States Patent No. 6,199,067 ("the '067 Patent") entitled "System and Method for Generating Personalized User Profiles and for Utilizing the Generated User Profiles to Perform Adaptive Internet Searches." The '067 Patent issued on March 6, 2001. A true and correct copy of the '067 Patent is attached as Exhibit A.

12. Mr. Ilya Geller is listed as the inventor on the '067 Patent.

13. Upon information and belief, Defendant Google has been and now is directly, literally and/or, upon information and belief, jointly, equivalently and/or indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '067 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by providing, among other things, methods and systems (including, but not limited to, Google Search, Google AdWords, Google AdSense, Google AdSense for Content, and Google Accounts' personalized features) implemented by and through various websites (including, but not limited to, www.google.com, www.google.com/ig, http://mail.google.com, and http://toolbar.google.com) that comprise systems and methods for automatically generating personalized user profiles and for utilizing the generated profiles to perform adaptive Internet or computer data searches as covered by one or more claims of the '067 Patent. Defendant Google is thus liable for infringement of the '067 Patent pursuant to 35 U.S.C. § 271. If Google is not

deemed to directly infringe the asserted claims, those who Google induces to infringe and/or whose infringement to which Google contributes are the end users of the above-referenced methods and systems, and/or, on information and belief, any web hosts or other service providers who make or use the Accused Instrumentalities.

14. Upon information and belief, Defendant Yahoo has been and now is directly, literally and/or, upon information and belief, jointly, equivalently and/or indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '067 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by providing, among other things, methods and systems (including, but not limited to, Yahoo! Search Marketing, Sponsored Search, Y!Q Search, Yahoo! Behavioral Targeting, Fusion, Impulse, Shoppers, Engagers, Yahoo! Publisher Network, and Yahoo! Accounts' personalized features) implemented by and through various websites (including, but not limited to, www.yahoo.com, http://search.yahoo.com, http://cm.my.yahoo.com, http://yq.search.yahoo.com, http://myweb2.search.yahoo.com, and http://toolbar.yahoo.com) that comprise systems and methods for automatically generating personalized user profiles and for utilizing the generated profiles to perform adaptive Internet or computer data searches as covered by one or more claims of the '067 Patent. Defendant Yahoo is thus liable for infringement of the '067 Patent pursuant to 35 U.S.C. § 271. If Yahoo is not deemed to directly infringe the asserted claims, those who Yahoo induces to infringe and/or whose infringement to which Yahoo contributes are the end users of the above-referenced methods and systems, and/or, on information and belief, any web hosts or other service providers who make or use the Accused Instrumentalities.

15. Upon information and belief, Defendant Facebook has been and now is directly, literally and/or, upon information and belief, jointly, equivalently and/or indirectly infringing by

way of inducing infringement by others and/or contributing to the infringement by others of the '067 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods and systems (including, but not limited to, Facebook Ads and Facebook Beacon) implemented by and through various websites (including, but not limited to, www.facebook.com) that comprise systems and methods for automatically generating personalized user profiles and for utilizing the generated profiles to perform adaptive Internet or computer data searches as covered by one or more claims of the '067 Patent. Defendant Facebook is thus liable for infringement of the '067 Patent pursuant to 35 U.S.C. § 271. If Facebook is not deemed to directly infringe the asserted claims, those who Facebook induces to infringe and/or whose infringement to which Facebook contributes are the end users of the above-referenced methods and systems, and/or, on information and belief, any web hosts or other service providers who make or use the Accused Instrumentalities.

16.   Upon information and belief, Defendant ContextWeb has been and now is directly, literally and/or, upon information and belief, jointly, equivalently and/or indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '067 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by providing, among other things, methods and systems (including, but not limited to, ContextAd, ADSDAQ, Selling Desk, and Buying Desk) implemented by and through various websites that comprise systems and methods for automatically generating personalized user profiles and for utilizing the generated profiles to perform adaptive Internet or computer data searches as covered by one or more claims of the '067 Patent. Defendant ContextWeb is thus liable for infringement of the '067 Patent pursuant to 35 U.S.C. § 271. If ContextWeb is not deemed to directly infringe the asserted claims, those who ContextWeb induces to infringe

and/or whose infringement to which ContextWeb contributes are the end users of the above-referenced methods and systems, and/or, on information and belief, any web hosts or other service providers who make or use the Accused Instrumentalities.

17.     Upon information and belief, Defendant Specific Media has been and now is directly, literally and/or, upon information and belief, jointly, equivalently and/or indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '067 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by providing, among other things, methods and systems (including, but not limited to, Demographic Targeting, Demographic Prediction System/Technology, Behavioral Targeting, Behavioral Targeting Index, Contextual Targeting, Geographic Targeting, and Retargeting) implemented by and through various websites that comprise systems and methods for automatically generating personalized user profiles and for utilizing the generated profiles to perform adaptive Internet or computer data searches as covered by one or more claims of the '067 Patent.  Defendant Specific Media is thus liable for infringement of the '067 Patent pursuant to 35 U.S.C. § 271.  If Specific Media is not deemed to directly infringe the asserted claims, those who Specific Media induces to infringe and/or whose infringement to which Specific Media contributes are the end users of the above-referenced methods and systems, and/or, on information and belief, any web hosts or other service providers who make or use the Accused Instrumentalities.

18.     Upon information and belief, Defendant 24/7 Real Media has been and now is directly, literally and/or, upon information and belief, jointly, equivalently and/or indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '067 Patent in the State of Texas, in this judicial district, and elsewhere in the

United States by providing, among other things, methods and systems (including, but not limited to, Open AdStream) implemented by and through various websites that comprise systems and methods for automatically generating personalized user profiles and for utilizing the generated profiles to perform adaptive Internet or computer data searches as covered by one or more claims of the '067 Patent. Defendant 24/7 Real Media is thus liable for infringement of the '067 Patent pursuant to 35 U.S.C. § 271. If 24/7 Real Media is not deemed to directly infringe the asserted claims, those who 24/7 Real Media induces to infringe and/or whose infringement to which 24/7 Real Media contributes are the end users of the above-referenced methods and systems, and/or, on information and belief, any web hosts or other service providers who make or use the Accused Instrumentalities.

19. To the extent that facts learned in discovery show that Defendants' infringement is or has been willful, Plaintiff reserves the right to request such a finding at time of trial.

20. On information and belief, to the extent any marking was required by 35 U.S.C. § 287, predecessors in interest to the '067 Patent complied with such requirements.

21. As a result of these Defendants' infringement of the '067 Patent, PA Advisors has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

22. Unless a permanent injunction is issued enjoining these Defendants and their agents, servants, employees, attorneys, representatives, affiliates, and all others acting on their behalf from infringing the '067 Patent, PA Advisors will be greatly and irreparably harmed.

**PRAYER FOR RELIEF**

WHEREFORE, PA Advisors respectfully requests that this Court enter:

1. A judgment in favor of PA Advisors that Defendants have infringed, directly, jointly, and/or indirectly, by way of inducing and/or contributing to the infringement of the '067 Patent;

2. A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert or privity with any of them from infringing, directly, jointly, and/or indirectly, by way of inducing and/or contributing to the infringement of the '067 Patent;

3. A judgment and order requiring Defendants to pay PA Advisors its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '067 Patent as provided under 35 U.S.C. § 284;

4. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to PA Advisors its reasonable attorneys' fees; and

5. Any and all other relief to which PA Advisors may show itself to be entitled.

**DEMAND FOR JURY TRIAL**

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: August 27, 2008                              Respectfully submitted,

                                                    **PA ADVISORS, LLC**

                                                    By: /s/ Michael T. Cooke

                                                    **Andrew Wesley Spangler**
                                                    SPANGLER LAW P.C.
                                                    208 N. Green St, Suite 300

Longview, TX  75601
Ph.  903-753-9300
Fax: 903-553-0403
E-mail:  spangler@spanglerlawpc.com

**Jonathan T. Suder**
**Michael T. Cooke**
FRIEDMAN SUDER & COOKE
Tindall Square Warehouse No. 1
604 East 4th Street, Suite 200
Fort Worth, TX  76102
Ph.  817-334-0400
Fax: 817-224-0401
E-mail:  jts@fsclaw.com
E-mail:  mtc@fsclaw.com

**David Michael Pridham**
LAW OFFICE OF DAVID PRIDHAM
25 Linden Road
Barrington, RI  02806
Ph.  401-633-7247
Fax: 401-633-7247
E-mail:  david@pridhamiplaw.com

**Joseph Diamante**
JENNER & BLOCK LLP
919 Third Avenue, 37th Floor
New York, New York 10022-3908
Telephone: (212) 891-1600
Facsimile:  (212) 891-1699
E-mail:  jdiamante@jenner.com

**Patrick Rolf Anderson**
PATRICK R. ANDERSON PLLC
4225 Miller Rd., Bldg. B-9, Suite 358
Flint, MI 48507
Ph.  517-303-4806
Fax  248-928-9239
E-mail:  patrick@prapllc.com

*ATTORNEYS FOR PLAINTIFF*
*PA ADVISORS, LLC*

**CERTIFICATE OF SERVICE**

  I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served today with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

Dated: August 27, 2008            /s/ Michael T. Cooke