UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

PA ADVISORS, L.L.C.,                    §
                                        §
                    Plaintiff,          §          Civil Action No. 2:07-CV-480 RRR
                                        §
            v.                          §
                                        §
GOOGLE INC., et al.,                    §
                                        §
                    Defendants.         §
_____

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE

**1.** **"Reference to Other Lawsuits Filed by nXn or Affiliated Companies"**:

This Motion should be denied as vague and overbroad. As in many of Plaintiff's Motions *in Limine*, Plaintiff does not identify specific evidence that it requests to have excluded, and is simply attempting to enforce a general proposition. Defendants cannot anticipate all of the different contexts in which other lawsuits could possibly be relevant. For example, Defendants could wish to cross-examine one of Plaintiff's experts on that expert's prior testimony in a lawsuit filed by nXn or one of its affiliates, or prior testimony against one of the Defendants. Thus, this Motion should be denied. To the extent this issue arises in a specific context at trial, the Court can rule on party objections in the regular course.

Furthermore, this issue could be resolved by a reciprocal agreement that before either party references some other case, either on argument, direct or cross exam, it must either (i) have precleared it with the other side; or (ii) request to approach the bench. Moreover, in the spirit of cooperation, Yahoo offered a reciprocal limine for any reference or testimony regarding any other lawsuits or verdicts obtained by or against PA Advisors/nXn and/or Yahoo or by or against companies affiliated with PA Advisors/nXn and/or Yahoo. This does not include the cross-examination of any expert regarding bias or work for or against PA Advisors/nXn, Yahoo, Google and/or any of their affiliated companies, nor does it preclude Yahoo or Google from cross-examining Geller or Spangenberg on the documents and issues covered in defendants' motion for sanctions as ordered by Judge Rader. Plaintiff never responded.

**2.** **"Reference to Corporate Structure of nXn or Affiliates Companies"**:

Defendants object to this motion on the grounds that Plaintiff did not provide any basis for why testimony or evidence on this subject should be excluded under the Federal Rules of

Evidence. In addition to that failure, this motion *in limine* is vague because it is unclear which entities the Plaintiff believes are affiliated with to nXn.

On the other hand, Defendants should be permitted to elicit testimony or submit evidence on this subject because it is not prejudicial to the Plaintiff and it is relevant to elicit testimony or submit evidence that the Plaintiff does not practice its own patent.

Finally, this motion should not be granted because such a ruling must wait until the Court hears what evidence on this subject will be offered at trial.

3. **"Negative Reference to the United States Patent and Trademark Office"**:

Defendants do not oppose an order precluding "criticisms" of the United States Patent and Trademark Office ("PTO") generally or its employees, such as evidence and argument that the Patent Office and its examiners lack expertise or are not diligent during the examination of patent applications. However, Defendants are entitled to inform the jury that the PTO and its examiners have limited time and resources to devote to examining patent applications. For example, Defendants may seek to introduce expert testimony that the PTO spends an average of only twenty hours examining each patent application. Such evidence is necessary to prevent the jury from erroneously assuming that each patent application—including Plaintiff's application—receives unlimited time and resources for examination.

The Federal Circuit has ruled that defendants in patent infringement lawsuits are entitled to introduce evidence to rebut the presumption that an asserted patent is valid. *See Cornwall v. U.S. Const. Mfg., Inc.*, 800 F.2d 250, 251 (Fed. Cir. 1986) (district court abused its discretion in not allowing defendant to amend its answer to assert invalidity defense). The Federal Circuit has also noted that it is error to presume that a patent examiner presented with a large number of prior art references has had "adequate time, to have found the critical data," because "[i]t ignores

the real world conditions under which examiners work." *Rohm & Haas Co. v. Crystal Chem. Co.*, 722 F.2d 1556, 1573 (Fed. Cir. 1983). Accordingly, it is proper for a qualified expert to testify regarding patent examiners' limited time and resources. *See Boehringer Ingelheim Vetmedica, Inc. v. Schering-Plough Corp.*, 68 F. Supp. 2d 508, 525-26 (D.N.J. 1999) (relying on expert's testimony that the typical examiner "only dedicates 15 to 17 hours to each patent"); *see also* Fed. R. Evid. 702 (a qualified expert may testify as to any matter that will "assist the trier of fact to understand the evidence or to determine a fact in issue").

The only cases cited by Plaintiff are not to the contrary. In *Applied Materials, Inc. v. Advanced Semiconductors Materials Am., Inc.*, No. C 92-20643 RMW, 1995 WL 216407, at *3 (N.D. Cal. Apr. 25, 1995), the court excluded insinuation "that the Patent Office does not do its job properly." Specifically, the court excluded as "irrelevant speculation" argument concerning "overwork, quotas, awards or promotions," or "the number of patents that issue annually." *Id.* Likewise, in *Bauch & Lomb, Inc. v. Alcon Labs., Inc.*, 79 F. Supp. 2d 252, 255-56 (W.D.N.Y. 2000), the court excluded "generalized testimony about 'problems' in the PTO."

As stated above, Defendants will not seek to introduce any aspersions or criticisms of the PTO. Rather, Defendants only seek to introduce evidence regarding the real-world circumstances in which examiners work, including the limited time and resources they have to examine patent applications. Therefore, Plaintiff's Motion should be denied.

### 4. **"Reference to Settlements Relating to the Patent-in-Suit"**:

Plaintiff argues that references to settlement, or offer of settlement regarding the patent-in-suit should be excluded. Defendants' oppose this motion because consideration of license agreements entered into as a part of litigation settlement as to the patent-in-suit may aid the determination of a reasonable royalty rate. While Defendants agree that the parties should be

bound by Fed. R. Evid. 408, which excludes evidence of settlement agreements when offered for the purpose of proving the validity or amount of a claim, a settlement agreement may be relevant evidence as part of a reasonable royalty determination. Georgia-Pacific Corp. v. U.S Plywood Corp., 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970). The settlement agreements are not offered to prove the amount of the claim. Rather, they are a relevant data point to assist the fact-finder in determining a royalty rate that would be reasonable to compensate the patent holder. The Federal Circuit recently observed in a similar case that "the most reliable license in this record arose out of litigation." ResQNet.com, Inc. v. Lansa, Inc., 2010 WL 396157, at *11 (Fed. Cir. Feb. 5, 2010). Of course, Defendants are willing to limine any reference or testimony regarding settlement or offer of settlement by PA Advisors/nXn, Yahoo and/or Google regarding this lawsuit, including without limitation: i) any communications or correspondence between PA Advisors/nXn, Yahoo, or Google or their attorneys regarding any offer of settlement in this case; or ii) any references to the fact that this lawsuit could have been but was not settled, compromised, or otherwise resolved. This does not include any licenses obtained by or included in any settlement with PA Advisors/nXn regarding the patents in suit. Therefore, Plaintiff's motion, as written, should be denied.

5.    **"Reference to Litigation Settlements"**:

Plaintiff argues that Defendants should be prohibited from making "[a]ny reference to the fact that nXn has entered into a compromise settlement agreement, license, or other similar transaction after an allegation of infringement or filed a dismissal with or without prejudice against any entity, wherein a lawsuit has been filed or threatened against any party, potential party, or potential licensee." Defendants agree that the parties should be bound by Fed. R. Evid. 408, which excludes evidence of settlement agreements when offered for the purpose of proving

the validity or amount of a claim. However, a settlement agreement may be relevant evidence as part of a *reasonable royalty determination* under *Georgia-Pacific*. In this sense, the agreement is not offered to prove the amount of the claim. Rather, it is a relevant data point to assist the fact-finder in determining a royalty rate that would be reasonable to compensate the patent holder. For example, license agreements that Google has entered into in settlement of litigation may be relevant to the rates paid "for the use of other patents comparable to the patents in suit," while prior nXn licenses entered into in settlement of litigation are relevant to "royalties received by the patentee for the licensing of the patent in suit." *Georgia-Pacific Corp. v. U.S Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970). Indeed, under *Georgia-Pacific*, settlement agreements alone would not suffice to prove a reasonable royalty without consideration of other relevant agreements as well as any evidence relating to the other thirteen *Georgia-Pacific* factors. Thus, settlement agreements would not be offered to ***prove*** the amount of Plaintiff's claim for infringement and should not be excluded under Rule 408 of the Federal Rules of Evidence. Having recently considered this question, the Federal Circuit did not categorically rule out the use of settlement agreements to help determine a reasonable royalty. *ResQNet.com, Inc. v. Lansa, Inc.*, 2010 WL 396157, at *11 (Fed. Cir. Feb. 5, 2010).

Furthermore, Plaintiff's motion is so broad as to be indeterminate, in particular in its request that any reference to "a compromise settlement agreement, license *or other similar transaction*" be excluded. (Motion in Limine at 4) [Dkt. No. 419.] Additionally, Defendants note that under Fifth Circuit law, the Court may inform the jury of settlements between the Plaintiff and further Defendants in order to prevent jury confusion. *See Kennon v. Slipstreamer, Inc.*, 794 F.2d 1067, 1070 (5th Cir. 1986) ("In a case such as this one, where the absence of defendants previously in court might confuse the jury, the district court may, in its discretion,

inform the jury of the settlement in order to avoid confusion.").  Therefore this Motion *in limine* should be denied.

6. **"Reference to Claim Construction Issues"**:

Plaintiff seeks to exclude "[a]ny reference to, or any attempt to elicit testimony about, claim construction issues other than the specific definitions adopted by the Court."  (Motion in Limine at 5) [Dkt. No. 419.]  Plaintiff does not specify any specific "claim construction issues" that it wishes to exclude.  Defendants are concerned that Plaintiff's broad motion *in limine*, if granted, would preclude reference certain claim construction-related disputes that remain notwithstanding the Court's order.  For example, Plaintiff's expert Dr. Rhyne recently opined to Plaintiff's new theory that the term "user" means something different in the context of claim 1 (someone entering search requests) than it does in the context of claim 45 (the author of a text on the website).  (Ex. A at ¶ 49 ("…a user enters a search request (a 'query'); Ex. B at 129:7-11.) Additionally, in its summary judgment opposition briefing, and at Dr. Rhyne's deposition, Plaintiff has raised a new contention that the claims' requirement that the profiles and search results generated by the patented invention correspond to a "user's social, cultural, educational and economic background, as well as the user's psychological profile" is not actually a claim limitation, but rather is superfluous.  (Dkt. No. 400 at 14-17; Ex. B at 107:18-109:5.)  Defendants believe that these and other such disputes may be precluded by Plaintiff's broad Motion *in limine*, and therefore oppose it.

7. **"Reference to Jury Verdicts in Cases Involving Google or Yahoo"**:

Defendants oppose this motion as overbroad.  For example, to the extent that the Court is inclined to grant Plaintiff's request for an adverse inference due to Google's supposed failure to produce an expert report from *Function Media, LLC v. Google, Inc.*, 2:07-cv-279 (E.D. Tex.)

(*see* Dkt. No. 396), Google should be able to respond with relevant information about the *Function Media* case, including information about the jury verdict, if appropriate. Nevertheless, Defendants believe a reasonable resolution to this motion could be to approach the bench as further described above in Defendants' Response to Motion *in Limine* 1.

8. **"Reference to Patents Held by Companies Affiliated with nXn"**:

Defendants oppose this Motion as overbroad and indeterminate. Plaintiff has not provided a list of the patents it wishes to exclude. Defendants have no way of knowing what patents may be held by companies "affiliated with" Plaintiff. Thus it is not clear what relief this Motion *in Limine* is seeking, and it should be denied.

9. **Reference to 'Patent Trolls'**:

Defendants do not oppose this Motion to the extent that it seeks to preclude use of the terms "troll" and "pirate." Defendants have no intention of using such inflammatory rhetoric. However, to the extent that this Motion seeks to preclude Defendants from using the terms "non-practicing entity" or "holding company" or from introducing evidence that Plaintiff or the previous holders of the patent-in-suit did not practice the inventions claimed in the patent, it should be denied. The fact that the inventor and Plaintiff did not and do not practice the invention claimed in the patent-in-suit is relevant at least to determining alleged reasonable royalty damages, validity issues and the availability of injunctive relief.

Plaintiff may contend that the fact that named inventor Ilya Geller never produced a commercially successful or satisfactory system is irrelevant because such a system is not necessary to prove either actual or construction reduction to practice. But, this fact is relevant to other issues in dispute, such as alleged damages and lack of enablement. For example, that neither the inventor nor Plaintiff ever had a commercially viable system or ever offered such a

system for sale or lease is relevant to a reasonable royalty analysis under *Georgia-Pacific*. As the *Georgia-Pacific* court explained, the outcome of a hypothetical negotiation depends on factors such as "the anticipated amount of profits that the prospective licensor reasonably thinks he would lose as a result of licensing the patent as compared to the anticipated royalty income." 318 F. Supp. at 1120. Here, because Mr. Geller never had a commercially viable system, he did not stand to lose any profits as a result of licensing the patent, which counsels for a lower royalty. *Cf. Rite-Hite Corp. v. Kelley Co.,* 56 F.3d 1538, 1554-55 (Fed. Cir. 1995) (en banc) (finding that the district court properly considered that the patentee "had consistently followed a policy of exploiting its own patents, rather than licensing to competitors" as a factor in setting a higher reasonable royalty).

Moreover, Mr. Geller's attempts to create a commercial system—although ultimately unsuccessful—are relevant to the issue of enablement. Evidence relating to the inventor's unsuccessful attempts to create a commercial system tend to prove that more than routine experimentation was needed to make the invention work and, thus, that the invention was not enabled. *See, e.g., Ormco Corp. v. Align Tech. Inc.*, 498 F.3d 1307, 1319 (Fed. Cir. 2007) ("If an inventor attempts but fails to enable his invention in a commercial product that purports to be an embodiment of the patented invention, that is strong evidence that the patent specification lacks enablement.").

Given the relevance of this evidence and the lack of any identified unfair prejudice of risk of confusion, this Motion should be denied in so far as it seeks to limit use of the terms "non-practicing entity" or "holding company" or the introduction of evidence that Plaintiff or the previous holders of the patent-in-suit did not practice the inventions claimed in the patent-in-suit.

10. **"Reference to Patent Monopoly"**:

Defendants agree that a patent is not an unqualified monopoly. Defendants, however, object to this motion on the grounds that it is overly broad and vague. Specifically, neither the *Jamesbury* nor *Panduit* case stand for the proposition that the word "monopoly" is strictly prohibited. Instead, in *Jamesbury*, the court only discusses a jury instruction that the jury must give "careful scrutiny" before "endorsing" the "patent monopoly." It does not read so broadly as to preclude an attorney from using the word "monopoly" or "patent monopoly" in argument or questioning. Thus, Plaintiff has not provided any case which holds that use of the word "monopoly" is strictly prohibited under the Federal Rules of Evidence.

Further, the term "monopoly" is often used in the patent law context. The grant of a patent is described as a monopoly granted by the government for a limited time which prohibits infringement of the patent rights. Numerous cases refer to this right to exclude. *See, e.g.*, *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 US 722, 730 (2002) ("The patent laws "promote the Progress of Science and useful Arts" by rewarding innovation with a temporary monopoly. U. S. Const., Art. I, § 8, cl. 8. The monopoly is a property right.")

Therefore, Plaintiff's attempt to bind and restrict Defendants' word choice is inappropriate because their request to strictly limit any use of the term "monopoly" is overly broad and vague.

11. **"Reference to Wealth of Net Worth of Plaintiff or Its Affiliates"**:

Defendants do not oppose any reference or testimony regarding the wealth, net worth, size, market capitalization or overall revenues of PA Advisors/nXn, Google or Yahoo or any of their founders, principals, attorneys or law firms, and any revenues from Defendants' products and services not accused of infringement. This does not include the revenues from the products

and services accused of infringement in this litigation. (*See* Google's Motion in Limine No. 3 [Dkt. No. 424], and Yahoo!'s Motion in Limine No. 1 [Dkt. No. 420].)

12.     **"Reference to nXn Counsel and Change in Representation"**:

Defendants oppose this Motion *in Limine* as overbroad.  For example,  in its Opposition to Plaintiff's Motion for Sanctions on the basis of spoliation, Plaintiff represented that the inventor of the patent-in-suit, Ilya Geller, deleted blog postings subject to a subpoena in this case at the suggestion of his personal counsel, Joseph Diamante.  Mr. Diamante is also former counsel of record for Defendants in this case.  The Court has ruled that this spoliation evidence will be admissible for impeachment at trial.  (Ex. C at 120:14-121:4.)  Accordingly, Mr. Diamante's status as Mr. Geller's counsel and former counsel for Plaintiff may become relevant during trial, and should not be precluded.  Other unforeseen issues may also arise during the trial.  Objections regarding this issue should be dealt with if and when it arises at trial.  Plaintiff's motion *in limine* is overbroad and should be denied.

13.     **"Reference to Contingency Fee Arrangement"**:

Defendants agree that, in the presence of the jury, the parties should not make any reference to or testimony regarding any attorney fee agreement or arrangement  (including the size, amount, or whether hourly or contingent) of PA Advisors/nXn, Google or Yahoo in this case.

14.     **"Reference to Information Not Included in an Expert Report"**:

Plaintiff seeks to exclude "[a]ny references or testimony related to information or opinions not included in an expert report exchanged between the parties."  The Court reminded the parties in its February 17, 2010 Order that "any expert testimony at trial will be limited to the four corners of their expert report."  (Dkt. No. 411.)  To the extent that Plaintiff's Motion seeks

to reiterate and enforce the Court's admonishment, the Motion is redundant and unnecessary and should be denied for that reason. To the extent that Plaintiff seeks additional limitations on testimony or argument (such as with respect to "information" as opposed to "opinions," whatever that may mean), Plaintiff has not proffered any justification for such an additional limitation, and Plaintiff's Motion should also be denied.

15. **"Reference Comparing the Functionality of Any Accused Product to a Prior Art System"**:

While Defendants' agree that "practicing the prior art" is not a defense under the current Federal Circuit law, Plaintiff's request is overly broad. In its request, Plaintiff would like to exclude any references by Google or Yahoo comparing their products and prior art systems. In teaching the jury about the claimed invention, it is necessary to introduce the prior art so that the jury can better understand the limitations of the '067 patent and the relevant claims. Then to decide whether the accused products meet the limitations, the jury would be best served if it could use its understanding from the prior art and the claimed invention. Defendants' are weary that even this analysis would be excluded by Plaintiff's broad motion.

Defendants' appreciate that " [l]iteral infringement exists if each of the limitations of the asserted claim(s) read on, that is, are found in, the accused device. Questions of obviousness in light of the prior art go to validity of the claims, not to whether an accused device infringes." *Baxter Healthcare Corp. v. Spectramed, Inc.*, 49 F.3d 1575, 1583 (Fed. Cir. 1995). For the jury to understand each of the limitations that must be found in the accused device, Defendants' want to provide the jury with ample information to understand the claimed invention, the prior art, and the accused devices. To distinguish the claimed invention from the prior art, or the claimed invention from the accused devices, it may be necessary to reference the prior art's functionality

to that of Google or Yahoo's products. For example, if Plaintiff's infringement position renders the claimed invention identical to a piece of prior act, Defendants should be able to point that out, with reference to Google and Yahoo's products if necessary. Thus, Defendants' object to this motion as overly broad and the Court should deny Plaintiff's broad motion to exclude any reference by Defendant's to their products and prior art systems.

16. **"Reference to Multiple Versions of Any Prior Art System Not Disclosed"**:

Plaintiff seeks to preclude "any reference to multiple versions of any prior art system that Google or Yahoo claims invalidates any claim of the Geller patent unless it has been charted and timely disclosed." This Motion should be denied as vague. Plaintiff's one-sentence Motion does not identify any prior art that has not been charted and timely disclosed, or specify any particular evidence Plaintiff seeks to exclude. Google and Yahoo are not aware of any prior art that they have failed to chart and timely disclose. Additionally, Google and Yahoo do not understand Plaintiff's reference to "multiple versions" of prior art systems.

Pursuant to P.R. 3-3, Google and Yahoo submitted their joint invalidity contentions on November 14, 2008. In their contentions, Google and Yahoo included the title, date, author, and publication information for each of their prior art references. Google and Yahoo then sought leave to amend their contentions on December 18, 2009, and Plaintiff did not file an opposition. (Dkt. No. 334.)

Thus, there can be no allegation that Defendants have surprised Plaintiff with new prior art references after the close of discovery. Defendants have timely disclosed and charted their prior art references, and do not understand exactly what Plaintiff seeks to preclude through this Motion. If Plaintiff has specific concerns, it should raise them with Google and/or Yahoo and, if necessary, present them to the Court. Otherwise, Plaintiff's vague Motion should be denied.

17. **"Reference Before the Jury to Inequitable Conduct"**:

Plaintiff seeks to preclude "any reference to or testimony on the legal standards governing inequitable conduct or reference to the conduct of the inventors or the prosecuting attorneys of the patent-in-suit with respect to inequitable conduct."  This Motion should be denied both because the information it seeks to preclude is relevant to certain jury issues, and because it is premature.

First, the failure of the inventor and the prosecuting attorneys to bring certain prior art to the attention of the PTO during the prosecution of the '067 patent is relevant to the jury's consideration of validity.  Google and Yahoo contend that the same prior art that demonstrates the invalidity of the patents-in-suit also shows that inequitable conduct occurred during prosecution, rendering the patent unenforceable.  Just as the jury will consider the factual issue of the similarity between the asserted claims and the prior art for validity, the same factual considerations are necessary to determine the materiality of that same prior art for purposes of inequitable conduct.  Accordingly, that the asserted claims read on these prior art references is a key issue for both invalidity and inequitable conduct.  Plaintiff's Motion should thus be denied because the evidence it seeks to preclude is relevant to the issue of invalidity.

Second, a blanket order prohibiting testimony or evidence on inequitable conduct is premature.  If this Court determines that the Plaintiff may put on testimony and evidence regarding willful infringement, Google and Yahoo should be permitted to inform the jury that they considered the '067 patent unenforceable due to inequitable conduct.  Further, although equitable issues are generally reserved for the court, Federal Rule of Civil Procedure 39(c)(1) permits a court to empanel an advisory jury on an equitable issue.  *Sheila's Shine Products, Inc. v. Sheila Shine, Inc.*, 486 F.2d 114, 122 (5th Cir. 1973) (discussing procedure and weight of

advisory jury verdicts). Thus this Court, in its discretion, could empanel a jury to issue an advisory verdict on the materiality of the art withheld from the PTO. Because these determinations have not yet been made, Plaintiff's Motion should be denied as premature.

18. **"Reference to Invalidity Claims that Were Not Charted and Timely Disclosed"**:

Plaintiff seeks to exclude "[a]ny reference by Google or Yahoo to invalidity of claims that were not charted and timely disclosed in the Defendant's P.R. 3-3 Invalidity Contentions." Plaintiff's one-sentence Motion does not identify specific evidence it seeks to exclude and does not provide the Court with any legal justification for placing the requested limitation on Defendants' case.

The unpublished court order that Plaintiff cites *denies* a plaintiff's motion *in limine* seeking preclusion of argument regarding the reverse doctrine of equivalents. *TiVo v. EchoStar Commc'n Corp.*, No. 2:04-cv-1-DF, at 4-6 (E.D. Tex. Jan. 26, 2006). The court ordered the defendant to file a supplemental interrogatory response providing more details about its reverse doctrine of equivalents defense as a prerequisite to presenting argument about the doctrine. *Id.* at 5-6. The court then precluded the defendant's experts from testifying about the doctrine because they had not previously provided opinions concerning the doctrine. *Id.*

In any event, if Plaintiff has specific concerns, it should raise them with Defendants and, if necessary, present them to the Court. Otherwise, Plaintiff's overbroad Motion should be denied.

19.    **"Reference to Produce Revenue Breakdowns Based on Information Not Produced During Discovery"**:

Plaintiff seeks to preclude any references to Google or Yahoo's advertising product revenue breakdowns by contending that Google and Yahoo did not produce sufficiently detailed information during discovery.  Plaintiff's Motion does not reference any specific late production, or specify exactly what Plaintiff seeks to exclude.  Again, these attempts to enforce general discovery limitations and Court orders via motion *in limine*, without reference to any specific dispute, are inappropriate.  If Plaintiff has specific concerns, it should raise them with Defendants, and if necessary with the Court.  This Motion should be denied.

20.    **"Testimony from Information Obtained Through Fact Witnesses Not Timely Identified in Disclosures"**:

Plaintiff seeks to exclude "any testimony relating to or arising from information obtained by or through fact witnesses that were not timely identified in Google's or Yahoo's disclosures during general fact discovery," apparently without having anyone specific in mind.  Again, this sort of attempt to generically enforce the Federal Rules via a blanket motion *in limine* is inappropriate.  In any case, a blanket exclusionary order such as the one requested by Plaintiff is not warranted because it would prevent the Court from assessing whether any alleged untimely disclosure was substantially justified, or whether such late disclosure resulted in prejudice to the Plaintiff.  This Motion should therefore be denied as overbroad and vague.

For example, under Federal Rule of Civil Procedure 37(c)(1), exclusion of evidence is not warranted when the failure to provide information pursuant to Rule 26(a) or (e) was substantially justified or harmless.  *See* Fed. R. Civ. P.37(c)(1); *see also 3 COMP Corp. v. Realtek Semiconductor Corp.*, No. C 03-2177, 2008 WL 783383, at *5 (N.D. Cal. Mar. 24, 2008)

(refusing to exclude documents produced after the discovery deadline where plaintiff would not be prejudiced); *Semi-Tech Litig. LLC v. Bankers Trust Co.*, 219 F.R.D. 324, 325 (S.D.N.Y. 2004) (denying request to prohibit plaintiff from offering expert testimony because there was "no evidence that this failure to prepare in a timely and diligent manner was a product of bad faith"); *Integra Lifesciences I, Ltd. v. Merck*, 190 F.R.D. 556, 562 (S. D. Cal. 1999) (refusing to exclude document at trial because plaintiffs failed to show that they were prejudiced by defendant's improper issuance of a subpoena after the discovery cutoff). Because Plaintiff's one-sentence Motion fails to identify any specific "testimony relating to or arising from information obtained by or through fact witnesses that were not timely identified" that it believes should be excluded, the Court cannot perform the evidence-specific analysis required by Rule 37(c)(1). Plaintiff's requested blanket Motion should thus be denied as overbroad.

If Plaintiff has specific concerns, it should raise them with Defendants and, if necessary, present them to the Court. Otherwise, Plaintiff's vague Motion should be denied.

**21. <u>"References to Materials Not Produced by Defendants"</u>:**

Once again, Plaintiff's general attempt to enforce discovery limitations without identifying any specific evidence or materials it seeks to exclude is inappropriate or unnecessary. If Plaintiff is concerned about particular documents or materials, it should say so. If this issue comes up in a specific context during trial, the Court can consider it at that time. Defendants do not understand Plaintiff's reference to "source code not produced in this case during the discovery period." This Motion should be denied.

**22. <u>"Reference to Defendants' Motion for Sanctions"</u>:**

On January 25, 2010, Defendants filed a motion for sanctions based on Plaintiff and Ilya Geller's spoliation of evidence, and Erich Spangenberg's payments to Mr. Geller in an apparent

attempt to obtain favorable testimony at trial. (Dkt. No. 364.) Plaintiff now seeks to exclude any reference to that Motion. However, the Court specifically left the issue of the Motion for Sanctions open. (Ex. C at 120:14-121:9.) The Court also explicitly stated that it was "making everything here available to both parties to use to discuss the relationship between Mr. Spangenberg and Mr. Geller. . . ." (*Id.* at 120:21-121:1.) Defendants cannot anticipate the precise context in which this may arise, or whether reference to the Motion for Sanctions will be necessary. In light of the Court's express decision to admit this subject matter and leave the Motion pending, the Court should deny this Motion *in Limine*.

### 23. **"Expert Testimony relying on an Incorrect Standard or Incomplete Factual Foundation"**:

This Motion appears to recite some version of the Fed. R. Evid. 702 and *Daubert* standards, and seek to generally enforce it against Google's experts, in particular Gerard Mossinghoff and Stanley Peters. This attempt at a "catch-all" *Daubert* motion is inappropriate. To the extent this Motion is meant to incorporate by reference Plaintiff's Motions to Exclude the Testimony of Messrs. Mossinghoff and Peters (Dkt. Nos. 418 and 433), Defendants refer Plaintiff and the Court to their Oppositions to those Motions. (Dkt. Nos. 446 and 447.) To the extent this Motion is intended to exclude these experts' testimony for additional reasons not given in Plaintiff's *Daubert* briefing, it should be denied.

### 24. **"The Testimony of Stanley Peters"**:

This Motion, which contains four sub-parts, appears to simply duplicate the arguments made in Plaintiff's Motion to Exclude the Testimony of Stanley Peters. (Dkt. No. 433.) Defendants' oppose this Motion for the reasons given in its Opposition to Plaintiff's Motion to Exclude. (Dkt. No. 446.)

25. **"The Testimony of the Honorable Gerard Mossinghoff."**:

This Motion, which contains three sub-parts, appears to simply duplicate the arguments made in Plaintiff's Motion to Exclude the Testimony of Gerard Mossinghoff. (Dkt. No. 418.) Defendants' oppose this Motion for the reasons given in its Opposition to Plaintiff's Motion to Exclude. (Dkt. No. 447.)

26. **"Reference to Other Claims Not Asserted in This Case"**:

Defendants oppose this motion as vague and overbroad. Reference to claims not asserted in the case could be relevant for various purposes such as claim differentiation. Further, should the Court issue a summary judgment ruling of non-infringement for one or more claims, this could impact, for example, the damages analysis of the parties' damages experts. Accordingly, this Motion *in limine* should be denied. Should this issue come up at trial, the Court can rule on specific objections in the regular course.

27. **"Reference to Other Litigations Involving Erich Spangenberg"**:

Plaintiff seeks to exclude "[a]ny reference to other litigations involving Mr. Erich Spangenberg, regardless of whether that involvement or connection to that lawsuit is in his individual or his managerial or other corporate capacity." As with the majority of Plaintiff's motions *in limine*, the Motion does not identify specific evidence it seeks to exclude, and is overbroad. Defendants cannot anticipate all the various contexts in which this issue might come up. For example, the fact that Mr. Spangenberg was sanctioned for witness tampering may become relevant should Mr. Spangenberg take the stand, or should the question of Mr. Spangenberg's payments to Ilya Geller become an issue at trial. *Taurus IP, LLC v. Daimlerchrysler Corp.*, 559 F.Supp.2d 947 (W.D. Wisc. 2008). Plaintiff's overbroad Motion *in Limine* should thus be denied.

APPROVED AS TO FORM AND
SUBSTANCE:
_____/s/_____
Charles K. Verhoeven
Email:
charlesverhoeven@quinnemanuel.com
State Bar No. 170151
David A. Perlson
Email: davidperlson@quinnemanuel.com
State Bar No. 209502
Quinn Emanuel Urquhart Oliver & Hedges
LLP
50 California St.
San Francisco, CA  94111
Telephone:  (415) 875-6600

Brian C. Cannon
Email: briancannon@quinnemanuel.com
State Bar No. 193071
Andrea Pallios Roberts
Email: andreaproberts@quinnemanuel.com
State Bar No.  228128
Quinn Emanuel Urquhart Oliver & Hedges
LLP
555 Twin Dolphin Dr. Ste. 560
Redwood Shores, CA  94065
Telephone:  (650) 801-5000

Harry L. Gillam, Jr.
State Bar No. 07921800
Email:  gil@gillamsmithlaw.com
Melissa R. Smith
State Bar No. 24001351
Email:  melissa@gillamsmithlaw.com
Gillam & Smith, L.L.P.
303 South Washington Avenue
Marshall, TX 75670
Telephone:  (903) 934-8450

*Counsel for Google Inc.*

APPROVED AS TO FORM AND
SUBSTANCE:
_____/s/_____
William C. Rooklidge
Email: rooklidgew@howrey.com
State Bar No. 134483
Howrey, LLP
4 Park Plaza, Suite 1700
Irvine CA 92614-2559
Telephone: (949) 721-6900

Jason C. White
Email: whitej@howrey.com
State Bar No. 6238352
Howrey, LLP
321 N. Clark Street, Suite 3400
Chicago IL 60654
Telephone: (312) 595-1239

Brian A.E. Smith
Email:  smithbrian@howrey.com
State Bar No. 188147
Howrey LLP
525 Market Street, Suite 3600
San Francisco CA 94105-2708
Telephone:  (415) 848-4900

Jennifer Doan
Email:  jdoan@haltomdoan.com
State Bar No. 08809050
Joshua Reed Thane
Email:  jthane@haltomdoan.com
State Bar No. 24060713
John Scott Andrews
Email:  sandrews@haltomdoan.com
State Bar No. 24064823
Haltom & Doan
Crown Executive Center, Suite 100
6500 Summerhill Road
Texarkana TX 75503
Telephone: (903) 255-10002

*Counsel for Yahoo! Inc.*

## CERTIFICATE OF SERVICE

       This is to certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 25th day of February, 2010.  Any other counsel of record will be served via first class U.S. mail.

                                          /s/ Jennifer H. Doan
                                           Jennifer H. Doan