# EXHIBIT B

```
                                                              1

            UNITED STATES DISTRICT COURT
             EASTERN DISTRICT OF TEXAS
               MARSHALL DIVISION

---------------------------
                              :   NO.2:07-CV-480-DF
PA ADVISORS, LLC,             :
                              :
            Plaintiff,        :
                              :
      VS.                     :
                              :
GOOGLE INC., et al.,          :
                              :
            Defendants.       :
                              :
- - - - - - - - - - - - - - -

              DATE:  August 19, 2009

              TIME:  9:47 a.m.


         Deposition of ILYA GELLER, taken by and

before JOYCE SILVER, a Certified Shorthand Reporter

and Notary Public of the State of New York, and,

PHILIP GLAUBERSON, Videographer, held at the office

of STROOCK, STROOCK & LAVAN, 767 Third Avenue, New

York, New York.






     Job No.: 212395
```

ILYA GELLER
Q. What did you need the money for?
A. For Russian, because the treatment in Russia is astronomically expensive. It's outrageously expensive. Right. It's so expensive.
Q. And you didn't have money to pay for the treatment?
A. No, not at all. I had only Social Security and disability and my annual income from social security by disability is enough only for -- for two -- my social security by disability for two years is enough to come to Russia once, so I didn't have any money. I didn't have any money. I couldn't get money from anywhere because I couldn't go even to work because, listen, I was -- I was a long time. So the patent was the only commodity what I could sell.
Q. And what do you think would have happened to you if you didn't get --
THE VIDEOGRAPHER: I'm sorry, we need to change tape. This will end videotape number three of the deposition of Ilya Geller. We are going off the record at approximately 3:37 p.m., August 19, 2009.
(A discussion is held off the record.)
THE VIDEOGRAPHER: We are now on the record, beginning approximately 3:45 p.m., August 19,

ILYA GELLER
2009. This will begin videotape number four of the deposition of Ilya Geller.
BY MR. FENSTER:
Q. Mr. Geller, referring back to Exhibit 16, the patent purchase agreement, Google's counsel referred you to Section 2.2?
A. Uh-huh.
Q. Do you see that?
A. Uh-huh.
Q. What's your understanding of that provision?
A. Actually, I rely on my legal counsel. He did everything.
Q. Do you understand that you're entitled to a portion of any proceeds that are generated, either from this lawsuit or from your patents?
MR. CANNON: Objection, leading.
A. Yes, I do.
Q. Did you have any other way to monetize your patents when you sold it?
MR. CANNON: Objection, leading.
A. No.
MR. FENSTER: Let me ask the court reporter to mark as Exhibit 25, a collection of

ILYA GELLER
documents bearing Bates Nos. PA 1419 through 1530
(Exhibit 25, Documents Bates Nos. PA 0001419-1530 is received and marked for identification.)
Q. Mr. Geller, could you look through Exhibit 25 and tell me if you recognize it.
A. I recognize page number one of one. It's Unisearch my site before LexiClone came. It's Unisearch.
Q. Are those printouts of the Unisearch -- do you recognize these as printouts of your website unisearch.net at various points in time?
MR. CANNON: Objection, leading. Form.
A. Yes, these unisearch.net. Searched on the Internet.
Q. And do you recognize this? Do they look like accurate copies of your website?
MR. CANNON: Objection, form.
A. I'm not quite sure because a lot of time passed away -- passed away but I think, yes, because I have this Internet search. I remember. Search on the Internet trial version. And also I remember this presentation of the Unisearch, right. Yes. And I remember this article. It's in Russian. Right.

ILYA GELLER
It's my old Unisearch.
Q. I'll represent to you, Mr. Geller, that these are printouts from the way back machine which is an Internet archive. Looking, for example, at the second page which is PA 1420, do you see that?
A. 1420, yes, I do.
Q. Does this look to be a copy of your website as it existed on November 28, 1999? And I'm referring to the date that's listed in the url at the bottom of the page?
MR. CANNON: Objection, leading.
A. Excuse me, I'm confused. Which date, this -- this one (indicating).
Q. I am referring you to the url at the bottom which is http?
A. This one. Uh-huh. Yes, exactly. Yes, it is. Yes.
MR. FENSTER: Brian, as I mentioned during the break, the witness informed me that he's not feeling well and would like to adjourn soon. So I'm going to have to reserve my time. I had about 50 minutes by my count or so. But out of respect for the -- the witness' request and your request to do another five minutes, I'm going to adjourn now and