UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

PA ADVISORS, LLC,

        Plaintiff,

                            CASE NO. 2-07-CV-480-RRR

GOOGLE INC., ET AL.,

        Defendants.

**JOINT FINAL PRE-TRIAL ORDER**

This cause came before the Court at a pre-trial management conference held on March 1, 2010, pursuant to Local Rule CV-16 and Rule 16 of the Federal Rules of Civil Procedure.

## A.    COUNSEL FOR THE PARTIES

Plaintiff:

**Marc A. Fenster**
Lead Counsel
Email: mfenster@raklaw.com
CA Bar No. 181067
**Alexander C.D. Giza**
Email: agiza@raklaw.com
CA Bar No. 212327
**Andrew Weiss**
Email: aweiss@raklaw.com
CA Bar No. 232974
**Adam Hoffman**
Email: ahoffman@raklaw.com
CA Bar No. 218740
Russ, August & Kabat
12424 Wilshire Blvd., 12th Floor
Los Angeles, CA 90025
(310) 826-7474
(310) 826-6991 (fax)

**Andrew W. Spangler**
Email: spangler@spanglerlawpc.com
State Bar No. 24041960
Spangler Law P.C.
104 E. Houston Street, Ste. 135
Marshall, Texas 75670
Telephone: (903) 935-3443
Facsimile: (903) 938-7843

**David M. Pridham**
Email: david@pridhamiplaw.com
Rhode Island Bar No. 6625
Law Office of David Pridham
25 Linden Road
Barrington, Rhode Island 02806
Telephone: (401) 633-7247

Facsimile: (401) 633-7247

**Harold Kip Glasscock, Jr.**
Email: kipglasscock@hotmail.com
State Bar No. 08011000
Kip Glasscock Attorney at Law
550 Fannin, Suite 1350
Beaumont, Texas 77701
Telephone: (409) 833-8822
Facsimile: (409) 838-4666

**Patrick R. Anderson**
Email: patrick@prapllc.com
Patrick R. Anderson PLLC
4225 Miller Rd, Bldg. B-9, Suite 358
Flint, MI 48507
(810) 275-0751
(248) 928-9239 (fax)

**John M. Bustamante**
Email:jmb@BustamanteLegal.com
Texas Bar No. 24040618
Bustamante, P.C.
54 Rainey Street, No. 721
Austin, Texas 78701
Tel. 512.940.3753
Fax 512.551.3773

**Elizabeth A. Wiley**
Email: lizwiley@wileyfirmpc.com
Texas State Bar No. 00788666
The Wiley Firm P.C.
P.O. Box 303280
Austin, Texas 78703-3280
Telephone: (512) 560.3480
Facsimile: (512) 551.0028

Defendant Google:

**Charles K. Verhoeven**
Lead Counsel
Email:
charlesverhoeven@quinnemanuel.com
State Bar No. 170151
**David A. Perlson**
Email: davidperlson@quinnemanuel.com
State Bar No. 209502
**Eugene Novikov**
Email: eugenenovikov@quinnemanuel.com
State Bar No. 257849
**Margaret P. Kammerud**
Email: megkammerud@quinnemanuel.com
State Bar No. 254773
Quinn Emanuel Urquhart Oliver & Hedges
LLP
50 California St.
San Francisco, CA  94111
Telephone:  (415) 875-6600

**Brian C. Cannon**
Email: briancannon@quinnemanuel.com
State Bar No.  193071
**Andrea Pallios Roberts**
Email: andreaproberts@quinnemanuel.com
State Bar No.  228128
Quinn Emanuel Urquhart Oliver & Hedges
LLP
555 Twin Dolphin Dr. Ste. 560
Redwood Shores, CA  94065
Telephone:  (650) 801-5000

**Harry L. Gillam, Jr.**
State Bar No. 07921800
Email:  gil@gillamsmithlaw.com
**Melissa R. Smith**
State Bar No. 24001351
Email:  melissa@gillamsmithlaw.com
GILLAM & SMITH, L.L.P.
303 South Washington Avenue
Marshall, TX 75670
Telephone:  (903) 934-8450

Defendant Yahoo! Inc.:

**William C. Rooklidge**
Lead Counsel
Email: rooklidgew@howrey.com
State Bar No. 134483
Howrey, LLP
4 Park Plaza, Suite 1700
Irvine CA 92614-2559
Telephone: (949) 721-6900

**Jason C. White**
Email: whitej@howrey.com
State Bar No. 6238352
Howrey, LLP
321 N. Clark Street, Suite 3400
Chicago IL 60654
Telephone: (312) 595-1239

**Brian A.E. Smith**
Email:  smithbrian@howrey.com
State Bar No. 188147
Howrey LLP
525 Market Street, Suite 3600
San Francisco CA 94105-2708
Telephone:  (415) 848-4900

**Jennifer Doan**
Email:  jdoan@haltomdoan.com
State Bar No. 08809050
**John Scott Andrews**
Email:  sandrews@haltomdoan.com
State Bar No. 24064823
Haltom & Doan
Crown Executive Center, Suite 100
6500 Summerhill Road
Texarkana TX 75503
Telephone: (903) 255-10002

## B.    STATEMENT OF JURISDICTION

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271 *et seq.* This Court has personal jurisdiction over all the Parties.

Venue is proper in the United States District Court for the Eastern District of Texas, Marshall Division.

## C.    NATURE OF ACTION

This is an action for alleged infringement of Plaintiff nXn Tech, LLC's (f/k/a/ PA Advisors, LLC) ("nXn") patent, wherein nXn will seek to prove that Defendants Google Inc. ("Google") and Yahoo! Inc. ("Yahoo") (collectively "Defendants") infringed certain asserted claims of United States Patent No. 6,199,067 (the '067 patent).   nXn seeks damages to compensate for Google's and Yahoo's alleged infringement and other appropriate relief.

Google and Yahoo deny all allegations of infringement and assert various affirmative defenses, including the invalidity and unenforceability of the '067 patent.  Google and Yahoo counterclaim for declaratory judgments of non infringement, invalidity, and unenforceability of the '067 patent.

## D.    CONTENTIONS OF THE PARTIES

Plaintiff's Contentions:[1]

---

[1]   Defendants object to the form and content of Plaintiff's Contentions.  Plaintiff fails to clarify that each statement in its contentions is just that: mere contention.  Further, Plaintiff inappropriately raises new facts and legal theories, which have not been previously pled or disclosed in the case.  Plaintiff also includes extensive legal argument in the contentions instead of presenting its contentions in a short, plain manner.  Plaintiff includes contentions regarding the doctrine of equivalents, *see* § D.3, a theory the Court struck from this case when it struck all portions of Plaintiff's expert report from Dr. V. Thomas Rhyne discussing the doctrine.  Finally, Plaintiff includes numerous references to Defendants' alleged willful infringement, *see, e.g.* § D.20, and Defendants maintain that Plaintiff neither pleaded a claim for willful infringement nor produces *any* evidence in support for such a theory.  *See* Defendants' Motion *in Limine* No. 7.  Plaintiff disputes Defendants' objection on two grounds: (i) Plaintiff objects to the timing of this objection made in a draft presented the day the pre-trial order must be finalized for filing and therefore

*(continued...)*

1.      nXn is the owner by assignment of the '067 patent, entitled *System and Method for Generalized Personal User Profiles and for Utilizing the Generated User Profiles to Perform Adaptive Internet Searches* and continues to hold all rights and interest in the '067 patent.

2.      Google has infringed and/or presently infringes at least the Asserted Claims through various accused products – Google Search, AdWords, AdSense for Search, and AdSense for Content – including the systems and software identified in nXn's P.R. 3-1 Infringement Contentions and in its Amended Infringement Contentions (collectively "Google's Accused Products"). Yahoo has infringed and/or presently infringes at least the Asserted Claims through various accused products – Yahoo! Sponsored Search; Yahoo!'s Content Match; and Yahoo!'s Behavioral Targeting, when used by, for example, the Guaranteed and Non-Guaranteed Delivery Ad Servers – including the systems and software identified in nXn's P.R. 3-1 Infringement Contentions and in its Amended Infringement Contentions (collectively "Yahoo's Accused Products"). In relying on these defined terms for the separate categories of Accused Products, nXn incorporates by reference the detailed descriptions of the accused infringing products, systems, and software that comprise these defined terms found in nXn's P.R. 3-1 Infringement Contentions served on Yahoo on August 22, 2008 and its Amended Infringement Contentions served on Yahoo December 21, 2009, which Amended Contentions the Court ordered would be considered nXn's contentions as to Yahoo (Dkt. No. 392), and nXn's P.R. 3-1 Infringement Contentions served on Google on August 22, 2008 and its

lack of adequate notice to Plaintiff to allow it to address it on the merits, if necessary; and (ii) Plaintiff considers its contentions proper and in keeping with contentions in pre-trial orders that it has prepared for submission to Courts in this District.

Amended Infringement Contentions served on Google October 30, 2009, which Amended Contentions the Court also ordered would be considered nXn's contentions as to Google. Dkt. No. 392.

3.      The Asserted Claims are directly infringed by Google and Yahoo by their making, using, selling, exporting and offering for sale their respective Accused Products pursuant to 35 U.S.C. §§ 271(a) & (f), both literally and under the doctrine of equivalents.

4.      Further details concerning the Accused Yahoo and Google Products are set forth in the expert reports of nXn's infringement expert V. Thomas Rhyne (including the initial report served on January 4, 2010 and the supplemental report served on January 22, 2010), infringement charts, and deposition testimony of Dr. Rhyne, all of which is incorporated by reference.[2]

5.      nXn contends that direct infringement by Google and Yahoo also exists for Step 1(c) – "providing, by the user to the local computer system, search request data representative of the user's expressed desire to locate data substantially pertaining to said search request data."  Google and Yahoo perform this step because in the Accused Products, Google and Yahoo each do the providing: search terms are entered by the user into a search box provided by Google's HTML code and Yahoo's HTML Code, but it is Google's and Yahoo's code that provides those terms to the remote computer system.[3]  In addition,

---

[2] Defendants object to Plaintiff incorporating additional documents into this joint pre-trial order. Plaintiff objects to not having additional time to address this objection and reserved the right to address and/or respond as may be appropriate.

[3] Defendants object to Plaintiff restating this argument as direct infringement when Plaintiff originally couched the argument as indirect infringement, which was stricken by this Court. [01/29/10 Tr. p. 76 ].  Plaintiff objects to not having additional time to address this objection and reserved the right to address and/or respond as may be appropriate.

Defendants are liable for direct infringement because they each direct the user's entry of search request data as the "mastermind" of the claimed data processing method.

6.  Further details concerning nXn's contentions regarding Google's performance of Step 1(c) may be found in nXn's response to Google's Motion for Summary Judgment on Divided Infringement, Dkt. No. 366 and attached exhibits, all of which nXn incorporates herein by reference. Further details concerning nXn's contentions regarding Yahoo's performance of Step 1(c) may be found in nXn's Response to Yahoo's Motion for Summary Judgment on Divided Infringement, Dkt. No. 368 and attached exhibits, all of which nXn incorporates by reference.

7.  Further details concerning nXn's contentions regarding why a fact issue exists concerning Yahoo's infringement of the Asserted Claims may be found in nXn's February 10, 2010 response (Dkt. No. 399) to Yahoo's Motion for Summary Judgment of Non-Infringement (Dkt. No. 390), which response and attached exhibits nXn incorporates herein by reference. Further details concerning nXn's contentions regarding why a fact issue exists concerning Google's infringement of the Asserted Claims, may be found in nXn's February 10, 2010 response (Dkt. No. 400) to Google's Motion for Summary Judgment of Non-Infringement (Dkt. No. 386), which response and exhibits and evidence in support nXn incorporates herein by reference.

8.  To the extent that any marking was required by 35 U.S.C. § 287, all predecessors in interest to the '067 patent complied with such requirements, if any.

9.  As a result of Google infringement of the Asserted Claims of the '067 patent, nXn is entitled to damages in the form of a reasonable royalty, in the form of a running royalty of 0.5% applied as to each of the Accused Google Products – Google.com; AdSense for

Search; and AdSense for Content – results in a damages calculation of $121,510,642.00 (Becker Report (Google), Ex. 1), plus prejudgment interest, which was calculated based on the information available at the time, in the report of nXn's damages expert, Stephen Becker, dated January 4, 2010, which nXn incorporates herein by reference. Further details concerning the damages calculation may be found in nXn's Proposed Supplement regarding opinion of Google damages expert Michael Wagner, which is Exhibit 1 to nXn's Motion for Sanctions Against Google Based Upon Failure to Produce Relevant Damages Opinion, filed February 8, 2010, which nXn also incorporates by reference for all purposes.

10.    nXn contends that because the monetization of Google Search occurs through Google's advertising products, the appropriate royalty base for the alleged infringement by Google Search is the revenues associated with Google AdWords and Google AdSense for Search. Becker Report (Google) at ¶ 29.

11.    As a result of Yahoo's infringement of the Asserted Claims of the '067 patent, nXn is entitled to damages in the form of a reasonable royalty on Yahoo's accused U.S. advertising products, at the following rate for each of the Accused Products:

     a. Sponsored Search: 0.5%

     b. Content Match: 1.0%

     c. Behavioral Targeting: 2.0%

Becker Report (Yahoo) at 7 & ¶ 132.

12.    As a result of Yahoo's infringement of the Asserted Claims of the '067 patent, nXn is entitled to damages in the form of a reasonable royalty, in the form of a running royalty as noted above on each Accused Product, which results in a damages amount of

$49,269,869 (Becker Report (Yahoo) Ex. 1), as that calculation was made, based on the information available at the time, in the report of nXn's damages expert, Stephen Becker, dated January 4, 2010, which report as to Yahoo and attached exhibits and supporting documentation nXn incorporates herein by reference. Further details concerning nXn's contentions as to damages may be found in the updated report by Mr. Becker regarding Yahoo, which specifically incorporates and reflect late-produced financial data regarding the Yahoo Accused Products, and which has been stipulated as timely on February 16, 2010.

13.     In addition, an award of prejudgment interest on the damages assessed by the jury based on the above-referenced running royalty as to either Yahoo or Google should be interest computed at the Prime Rate and compounded quarterly. Becker Report (Yahoo) at 7 (see also Becker Report, Ex. 1); Becker Report (Google) at 7 & ¶ 116.

14.     Additional details regarding nXn's damages contentions can be found in the January 4, 2010 expert report and accompanying charts of nXn damages expert, Stephen L. Becker, Ph.D., in addition to the supplemental expert reports and charts of Stephen L. Becker whose reports as to Google and Yahoo, including all attached documentation and exhibits and the supplemental charts, nXn incorporates herein by reference.

15.     nXn also contends that in light of Google's failure to disclose the expert opinion of Michael Wagner, regarding a reasonable royalty regarding the same products accused in this case – AdSense and AdWords – sanctions in the form of an adverse inference are warranted. nXn contends that the appropriate reasonable royalty calculation is based on a running royalty, as further supported by Google's expert witness in *Function Media, LLC v. Google, Inc.*, 2:07-cv-279 (E.D. Tex.), in which Mr. Wagner opined at trial that a

reasonable royalty regarding AdSense and AdWords would be a running royalty at 0.25%.

16. nXn seeks damages adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention, together with interest and costs as fixed by the court, in accordance with 35 U.S.C. § 284, as well as any supplemental damages for post-verdict infringement, to be determined in an accounting.[4] nXn also is entitled to "increase[d] damages" to be assessed by the Court pursuant to 35 U.S.C. § 284 and attorneys' fees pursuant to 35 U.S.C. § 285 on the ground that this is an "exceptional" case.

17. nXn also is entitled from Yahoo and Google, in addition to a reasonable royalty and prejudgment interest, to damages comprising costs, expenses, and post-judgment interest, which are compensable under 35 U.S.C. § 284.

18. nXn will continue to suffer such monetary damages in the future unless the Court permanently enjoins (a) Google's and/or Yahoo's infringing activities and (b) Google's and/or Yahoo's agents, servants, employees, representatives and all others acting in concert or privity with Google and/or Yahoo from infringing the '067 patent. If the Court does not enjoin post-judgment infringement, nXn entitled, in the alternative, to an enhanced ongoing, running royalty.[5] *See Paice LLC v. Toyota Motor Corp.,* 504 F.3d 1293, 1315 (Fed. Cir. 2007).

---

[4] Defendants object to Plaintiff's claim of "supplemental damages" and "an accounting" as Plaintiff has not plead for nor opined on either claim. Plaintiff objects to not having additional time to address this objection and reserved the right to address and/or respond as may be appropriate.

[5] Defendant's object to Plaintiff's claim of running royalty as Plaintiff has not plead nor opined on this theory. Plaintiff objects to not having additional time to address this objection and reserved the right to address and/or respond as may be appropriate.

19. As a result of Google's and Yahoo's infringement of the Asserted Claims of the '067 patent, nXn is entitled to restitution[6] of the benefits Google and/or Yahoo has gained through unfair, deceptive, or illegal acts.

20. Google's and Yahoo's infringement was willful.[7]

21. The '067 patent is valid and neither Google nor Yahoo has rebutted the presumption of validity accorded the '067 patent under 35 U.S.C. § 282.

22. None of the Asserted Claims are invalid as anticipated under 35 U.S.C. § 102 because no expert testimony exists – by Google's and Yahoo's expert's admission at the February 9, 2010 deposition or in the expert report—to support an anticipation defense. Therefore, no question may be submitted to the jury on anticipation.

23. None of the Asserted Claims are invalid as obvious 35 U.S.C. § 103. Google's and Yahoo's expert has failed to make a prima facie case that any of the Asserted Claims are obvious. Therefore, no question should be submitted to the jury as to whether any of the Asserted Claims are invalid for obviousness.

24. None of the Asserted Claims are invalid for lack of adequate written description under 35 U.S.C. § 112. Google's and Yahoo's expert Mr. Peters failed to offer a proper or accurate assessment of the requirement of 35 U.S.C. § 112 and both experts lack the appropriate qualifications or experience to opine on the written description requirement of 35 U.S.C. § 112. Neither of Defendants'experts, Mr. Peters or Mr. Fox, can proffer clear and

---

[6] Defendant's object to Plaintiff's claim of restitution as Plaintiff has not plead nor opined on this theory. Plaintiff objects to not having additional time to address this objection and reserved the right to address and/or respond as may be appropriate.

[7] Defendant's object to Plaintiff's claim of willful infringement as Plaintiff has not plead or opined to this theory in this case. Plaintiff objects to not having additional time to address this objection and reserved the right to address and/or respond as may be appropriate.

convincing evidence require to prove invalidity for lack of adequate written description. Additional details for why the Asserted Claims are not invalid for lack of an adequate written description may be found in the rebuttal report of nXn's expert V. Thomas Rhyne, dated February 4, 2010, which nXn incorporates by reference for all purposes.

25. None of the Asserted Claims are invalid for lack of enablement under 35 U.S.C. § 112. Google's and Yahoo's expert Mr. Peters and Mr. Fox failed to offer a proper or accurate assessment of the requirement of 35 U.S.C. § 112 regarding enablement and both experts lack the appropriate qualifications or experience to opine on the enablement requirement of 35 U.S.C. § 112.

26. None of the Asserted Claims are invalid for lack of utility or other conditions of patentability under 35 U.S.C. § 101. Defendants'expert report concerning utility from Mr. Peters is conclusory and cannot provide the evidence required to prove lack of utility. Further details regarding why none of the Asserted Claims are invalid for lack of utility may be found in the rebuttal report of nXn's expert V. Thomas Rhyne, dated February 4, 2010, which nXn incorporates by reference for all purposes.

27. Additional and further details concerning nXn's contentions concerning both validity and patentability also may be found in the deposition testimony of Thomas Rhyne, which nXn incorporates herein by reference.

28. Neither Yahoo nor Google has proffered clear and convincing evidence demonstrating that the '067 patent is unenforceable because of inequitable conduct of the inventor or any person associated with the prosecution of the '067 patent.

29. Balancing the equities, as an inequitable conduct allegation requires, results in finding the '067 patent should not be declared unenforceable.

30.    No factual or legal issues that concern exclusively the inequitable conduct allegation in this case may be presented before the jury. All factual matters concerning the inequitable conduct claim must be presented outside the presence of the jury and/or as part of a bifurcated proceeding to proceed exclusively before the Court.

<u>Defendant Google's Contentions</u>:

1.    Google contends that it does not directly or indirectly literally infringe the asserted claims of the '067 patent, listed below:

    a.    Claim 1

    b.    Claim 3

    c.    Claim 4

    d.    Claim 6

    e.    Claim 43

    f.    Claim 45

    g.    Claim 47

2.    Google contends that the asserted claims of the '067 patent are invalid as anticipated under 35 U.S.C. § 102, as obvious under 35 U.S.C. § 103, and for failure to satisfy the written description and enablement requirements of 35 U.S.C. § 112.[8]

3.    Google contends that the '067 patent is unenforceable due to inequitable conduct by the applicant and/or his agents during prosecution of the patent, specifically through their

---

[8] Plaintiff objects to Defendants' claims of invalidity under 35 U.S.C. §102, as obvious under 35 U.S.C. §103 as Defendant has not plead for nor opined on either claim.

intentional, material misrepresentations and/or omissions related to the true nature and scope of the prior art.[9]

4.    Google contends that the '067 patent is unenforceable due to Plaintiff's unclean hands, including Plaintiff's conduct with respect to the sole named inventor of the '067 patent, Ilya Geller.[10]

5.    Google contends that Plaintiff is not entitled to injunctive relief with respect to the '067 patent, including because Plaintiff does not satisfy the requirements established by *eBay Inc. v. Merc Exchange, LLC*, 547 U.S. 388 (2006).

6.    Plaintiff does not own an apparatus, product, device, process, method, act, or other instrumentality that practices the invention claimed by the '067 patent.

7.    Google contends that this is an exceptional case entitling Google to attorneys' fees, costs, and interest.

8.    Google contends that Plaintiff is not entitled to any enhancement of actual damages.

9.    Google contends that Plaintiff is not entitled to a finding that would warrant Plaintiff being awarded its attorneys' fees.

10.   Google contends pre-complaint damages are barred due to laches.

11.   Google contends Plaintiff is not entitled to any damages, but in the event of the finding of infringement, Google's position is that the reasonable royalty would result from a hypothetical negotiation would be a lump sum amount, and because of nominal proof, Plaintiff is limited to nominal damages

---

[9] Plaintiff objects to Defendants' claims of unenforceability as Defendant has not plead for nor opined on either claim.

[10] Plaintiff objects to Defendants' claims of unenforceability as Defendant has not plead for nor opined on either claim.

1.      Yahoo contends that it does not directly or indirectly literally infringe the asserted claims of the '067 patent, listed below:

        a.      Claim 1

        b.      Claim 3

        c.      Claim 4

        d.      Claim 6

        e.      Claim 43

        f.      Claim 45

        g.      Claim 47

2.      Yahoo contends that the asserted claims of the '067 patent are invalid as anticipated under 35 U.S.C. §102, as obvious under 35 U.S.C. §103, and for failure to satisfy the written description and enablement requirements of 35 U.S.C. §112.[11]

3.      Yahoo contends that the '067 patent is unenforceable due to inequitable conduct by the applicant and/or his agents during prosecution of the patent, specifically through their intentional, material misrepresentations and/or omissions related to the true nature and scope of the prior art.[12]

4.      Yahoo contends that the '067 patent is unenforceable due to Plaintiff's unclean hands, including Plaintiff's conduct with respect to the sole named inventor of the '067 patent, Ilya Geller.

---

[11] Plaintiff objects to Defendants' claims of invalidity under 35 U.S.C. §102, as obvious under 35 U.S.C. §103 as Defendant has not plead for nor opined on either claim.

[12] Plaintiff objects to Defendants' claims of unenforceability as Defendant has not plead for nor opined on either claim.

5.     Yahoo contends that Plaintiff is not entitled to injunctive relief with respect to the '067 patent, including because nXn does not satisfy the requirements established by *eBay Inc. v. Merc Exchange, LLC,* 547 U.S. 388 (2006).

6.     Plaintiff does not own an apparatus, product, device, process, method, act, or other instrumentality that practices the invention claimed by the '067 patent.

7.     Yahoo contends that Plaintiff is not entitled to a finding that would warrant Plaintiff being awarded its attorneys' fees.

8.     Yahoo contends that Plaintiff is not entitled to any enhancement of actual damages.

9.     Yahoo contends that this is an exceptional case entitling Yahoo to attorneys' fees, costs, and interest.

10.    Yahoo contends pre-complaint damages are barred due to laches.

11.    Yahoo contends Plaintiff is not entitled to any damages, but in the event of the finding of infringement, Yahoo's position is that the reasonable royalty would result from a hypothetical negotiation would be a lump sum amount, and because of nominal proof, Plaintiff is limited to nominal damages.

**E.     STIPULATIONS AND UNCONTESTED FACTS**

1.     United States Patent 6,199,067, entitled "System and Method for Generating Personalized User Profiles and for Utilizing the Generated User Profiles to Perform Adaptive Internet Searches" was issued by the United States Patent and Trademark Office on March 6, 2001.

2.     The application which issued as the '067 patent was filed on October 21, 1999.

3.     The '067 patent claims priority to Provisional application No. 60/116,582, filed on January 20, 1999.

4.       Jurisdiction is proper in this Court.

5.       Venue is proper in the United States District Court for the Eastern District of Texas, Marshall Division.

6.       For this case only, Defendant Google does not dispute personal jurisdiction in the Eastern District of Texas.

7.       For this case only, Defendant Yahoo does not dispute personal jurisdiction in the Eastern District of Texas.

8.       Defendant Google is a Delaware corporation with its corporate headquarters and principal place of business at 1600 Amphitheater Parkway, Mountain View, California.

9.       Defendant Yahoo is a Delaware corporation with its corporate headquarters and principal place of business at 701 First Avenue, Sunnyvale, California.

10.      Plaintiff nXn is a Texas limited liability corporation organized and existing under the laws of the State of Texas.

## F.     CONTESTED ISSUES OF FACT AND LAW

Plaintiff's Contested Issues:

1.       Whether Yahoo's Accused Products infringe the asserted claims of the '067 patent.

2.       Whether Google's Accused Products infringe the asserted claims of the '067 patent.

3.       Whether Yahoo and Google have each waived their invalidity arguments as to anticipation, and are estopped to argue or contest validity on the grounds of anticipation, because their invalidity expert Mr. Peters has admitted, and as his Expert Report of January 4, 2010 reflects and his deposition testimony confirms, he cannot provide any testimony or evidence that any claim of the '067 patent is anticipated, and because Yahoo

and Google have disclosed no other expert testimony as to the '067 patent being anticipated pursuant to 35 U.S.C. § 102.

4. Whether Yahoo and Google have each waived their invalidity arguments as to obviousness, and are estopped to argue or contest validity on the ground of obviousness, because of deficiencies in the invalidity report of Mr. Peters, demonstrating that he cannot provide the necessary evidence that any claim of the '067 patent is obvious, and because Yahoo and Google have disclosed no other expert testimony as to the '067 patent being obvious under 35 U.S.C. § 103.

5. Whether Defendants have failed to meet their burden of proving invalidity by clear and convincing evidence under 35 U.S.C. § 102.

6. Whether Defendants have failed to meet their burden of proving invalidity by clear and convincing evidence under 35 U.S.C. § 103.

7. If Yahoo and/or Google is found to infringe any of the Asserted Claims of the '067 patent, what are the appropriate damages to be awarded nXn on a reasonable royalty basis, including the appropriate approach to apply and the date on which a hypothetical negotiation would have occurred.

8. Whether upon proof of infringement, nXn is entitled to damages for Yahoo's and/or Google's infringing activities that occurred in the six years preceding the filing of the Original Complaint in this case and up through trial.

9. Whether either the inventor Ilya Geller or any other person substantively involved in the prosecution of the '067 patent committed acts of inequitable conduct and whether Defendants have proffered clear and convincing evidence to support this allegation.

10. nXn disputes Yahoo's and Google's characterization of asserted prior art references, as well as allegations of invalidity on obviousness grounds of any Asserted Claim of the '067 patent.

11. Whether nXn and its predecessors in interest to the '067 Patent complied with marking requirements.

12. Whether Google's and Yahoo's infringement was willful.[13]

13. Whether, if Yahoo's and/or Google infringed the '067 patent, nXn is entitled to receive an award of restitution of the benefits[14] Yahoo and/or Google has gained through any unfair, deceptive, or illegal acts.

14. Whether Google and Yahoo each directly perform Claim step 1(c), and/or whether they direct the user's entry of search request data as the "mastermind" of the claimed data processing method.

15. Whether this case is exceptional and nXn should be awarded its reasonable attorneys' fees as to Google and/or as to Yahoo pursuant to 35 U.S.C. § 285.

16. Whether nXn has been injured and is entitled to damages, costs, expenses, and prejudgment and post-judgment interest under 35 U.S.C. § 284, including a reasonable royalty based on a running royalty approach.

17. Whether nXn is entitled to a permanent injunction against Google's and/or Yahoo's activities concerning the infringement of the '067 patent.

---

[13] Defendants' object to Plaintiff's claim of willful infringement as Plaintiff has not plead or opined to this theory in this case.

[14] Defendants' object to Plaintiff's claim of restitution as Plaintiff has not plead or opined to this theory in this case.

<u>Defendant Google's Contested Issues:</u>

1.      Whether Google infringes any of the asserted claims of the '067 patent, listed below:

        a.  Claim 1

        b.  Claim 3

        c.  Claim 4

        d.  Claim 6

        e.  Claim 43

        f.  Claim 45

        g.  Claim 47

2.      Whether the asserted claims of the '067 patent are invalid as anticipated under 35 U.S.C. § 102, as obvious under 35 U.S.C. § 103, or for failure to satisfy the written description and enablement requirements of 35 U.S.C. § 112.

3.      Whether, and to what extent nXn is entitled to damages if Google's Search, AdWords and AdSense for Content systems are found to infringe the '067.

4.      Whether nXn is entitled to an injunction if Google's Search, AdWords, or AdSense for Content systems are found to infringe the '067 patent.

5.      Whether the '067 patent is unenforceable due to inequitable conduct and/or nXn's unclean hands.

6.      Whether enforcement of the '067 patent is barred by laches.

7.      Whether this is an exceptional case that entitles Google to attorneys' fees, costs, and interest.

Defendant Yahoo's Contested Issues:

1. Whether Yahoo literally[15] infringes any of the asserted claims of the '067 patent, listed below:

      a. Claim 1

      b. Claim 3

      c. Claim 4

      d. Claim 6

      e. Claim 43

      f. Claim 45

      g. Claim 47

2. Whether the asserted claims of the '067 patent are invalid as anticipated under 35 U.S.C. § 102, as obvious under 35 U.S.C. § 103, or for failure to satisfy the written description and enablement requirements of 35 U.S.C. § 112.

3. Whether, and to what extent nXn is entitled to damages if Yahoo's Sponsored Search, Content Match and/or Behavioral Targeting products are found to infringe the '067 patent.

4. Whether nXn is entitled to an injunction if Yahoo's Sponsored Search, Content Match and Behavioral Targeting products are found to infringe the '067 patent.

5. Whether the '067 patent is unenforceable due to inequitable conduct and/or nXn's unclean hands.

6. Whether enforcement of the '067 patent is barred by laches.

---

[15] This Court has ruled that Plaintiff's expert is barred from opining as to the doctrine of equivalents. [1/29/10 Tr. p. 76].

7.      Whether this is an exceptional case that entitles Yahoo to attorneys' fees, costs, and interest.

## G.      LIST OF WITNESSES

Plaintiff:

Plaintiff's witness list is appended hereto as Exhibit 1.  Plaintiff's deposition designations are appended hereto as Exhibit 2.  Defendants' objections and counter-designations to Plaintiff's designations are appended hereto as Exhibit 3. [16]

Defendants Google and Yahoo:

Defendants' witness list is appended hereto as Exhibit 4.   Defendants' deposition designations are appended hereto as Exhibit 5. Plaintiff's counter-designations to Defendant's designations are appended hereto as Exhibit 6.[17]

The parties will continue to meet and confer regarding their respective objections and counter-designations. [18]

## H.      LIST OF EXHIBITS

Plaintiff:

---

[16] Defendants raised the objection to a number of Plaintiff's designations in a meet and confer on the ground that it designated nearly the whole transcript.  It is nXn's position that nXn's designations of these witnesses' testimony is relevant and admissible, and nXn stands by those designations.  As to Defendant Yahoo, nXn raised the issue with Yahoo concerning the propriety of Yahoo's designations of its corporate witnesses, and Yahoo indicated that it will respond to this objection.

[17] Plaintiff failed to provide objections to Defendants' designations. Plaintiff contends that under the local rules, objections not made at the deposition are waived and that objections made at the deposition are preserved.  Defendants dispute that interpretation of Local Rule CV-30.  Plaintiff stands on the objections it made during depositions and does not waive any of these objections at this time. Plaintiff objects to all new objections raised by Defendants that were not raised during each respective deposition.

[18]   As set forth in Exhibit 3, Defendants object to some, if not all, of Plaintiff's counter-designations on the ground that they are not true counter-designations, in that they are not necessary to complete testimony on a given topic; they are objectionable under the Rules of Evidence, and they fall within the subject matter of several of Defendants' pending motions *in limine*.  Plaintiff's position is that all of its counter-designations are proper, and Defendants have raised no objections with Plaintiff.  .

Plaintiff's exhibit list is appended hereto as Exhibit 7. Defendants' objections to Plaintiff's exhibit list is appended hereto as Exhibit 8.

<u>Defendants Google and Yahoo</u>:

Defendants' exhibit list is appended hereto as Exhibit 9. Plaintiff's objections to Defendants' exhibit list is appended hereto as Exhibit 10.

The parties will continue to meet and confer regarding their respective objections.

## I.  LIST OF ANY PENDING MOTIONS

<u>Plaintiff's Motions</u>:

1.  Motion for Sanctions Against Google Based Upon Failure to Produce Relevant Damages Opinion. (DKT #396).

2.  Motions in Limine (DKT #419).

3.  Motion in Limine and Daubert/Rule 702 Motion regarding Defendants' Expert Mr. Gerald Mossinghoff (DKT #418).

4.  Motion in Limine and Daubert/Rule 702 Motion regarding Defendants' Expert Mr. Stanley Peters (DKT #433).

5.  Motion to Withdraw as Attorney (DKT #470).

6.  Motion for Leave to Supplement the Record in Support of Plaintiff's Response to Yahoo!'s Second Motion for Summary Judgment (DKT #476).

<u>Defendant Google's Motions</u>:

1.  Google's Motion for Summary Judgment of Non-Infringement Based on Divided Infringement (DKT #355).

2.  Google's Motion for Summary Judgment of Non-Infringement (DKT #386).

3.      Google's Motion *in Limine* No. 1:  Motion to Preclude Evidence and Argument Regarding Late-Produced Documents or Source Code (DKT #422).

4.      Google's Motion *in Limine* No. 2:  Motion to Preclude Evidence and Argument that Ilya Geller Communicated with Sergey Brin and that Google Copies Ilya Geller's Invention (DKT #423).

5.      Google's Motion *in Limine* No. 3:  Motion to Exclude Evidence of Google's Size, Wealth and Overall Revenues (DKT #424).

6.      Google's Motion to Exclude Testimony and Opinions of Dr. V. Thomas Rhyne (DKT # 441).

7.      Google's Motion to Supplement the Record on Summary Judgment (DKT #466).

8.      Google's Motion *in Limine* No. 4: Motion to Exclude Dr. V. Thomas Rhyne From Offering An Opinion of Infringement As to Claim 1 of the '067 Patent (DKT #468).

Defendant Yahoo's Motions

1.      Yahoo's Motion for Summary Judgment of Non-Infringement (DKT #356)

2.      Yahoo's Second Motion for Summary Judgment of Non-Infringement (DKT #390)

3.      Yahoo's Motions *in Limine* (DKT #420).

4.      Yahoo's Motion to Sever and for Separate Trial (DKT #438).

5.      Yahoo's Motion to Exclude Testimony and Opinions of Dr. V. Thomas Rhyne (DKT # 442).

6.      Yahoo's Motion for Leave to File Supplemental Brief in Support of Its Motions for Summary Judgment (DKT #471).

7.      Yahoo's Motion *in Limine* No. 6: Motion to Exclude Dr. V. Thomas Rhyne from Offering an Opinion of Infringement as to Claim 1 of the'067 Patent (DKT #474).

Defendants' Joint Motions

1.      Defendants' Motions *in Limine* No. 1: Motion to Preclude Evidence of Defendants' Alleged Induced or Contributory Infringement (DKT# 425).

2.      Defendants' Motions *in Limine* No. 2: Motion to Preclude Evidence or Testimony of a Priority Date that was Not Contained in Plaintiff's Interrogatory Responses (DKT #426)

3.      Defendants' Motions *in Limine* No. 3: Motion to Preclude Certain Evidence and Argument Regarding Ilya Geller, Inventor of the Patent-in-Suit (DKT #427).

4       Defendants' Motions *in Limine* No. 4: Motion to Preclude Testimony and Evidence Regarding Plaintiff's Sale of Its Own Products or Services (DKT #428).

5.      Defendants' Motions *in Limine* No. 5: Motion to Preclude Evidence and Argument Regarding Corporate Residency (DKT # 435).

6.      Defendants' Motions *in Limine* No. 6: Motion to Preclude Evidence and Argument Regarding the Spangenberg Family Foundation and Its Ties to Plaintiff (DKT # 430).

7.      Defendants' Motion *in Limine* No. 7: Motion to Preclude Evidence and Argument Regarding Plaintiff's Allegations of Willful Infringement (DKT. # 431)

8.      Defendants' Motion *in Limine* No. 8: Motion to Preclude Plaintiff from Asserting Any "Secondary Considerations" of Non-Obviousness (DKT. #432)

9.      Defendants' Motion for Additional Trial Days (DKT. #436).

10.     Defendants' Motion to Seal and Close the Courtroom (DKT #440).

11.     Defendants' Motion to Exclude Testimony and Opinions of Dr. V. Thomas Rhyne (DKT # 443).

12.     Defendants' motion for sanctions [Dkt. No. 364] was discussed at the January 29, 2010 hearing and the Court declined to issue sanctions at that time.  Pursuant to the Court's statement at the hearing, Defendants contend the Court left the issue open to be addressed at a later state should the need arise. [01/29/10 Tr, pp. 120-121].  Plaintiff disputes the propriety of including this as a pending motion.

<u>Parties' Joint Motions</u>

1.     Joint Request to Correct Docket Control Order (DKT #445).

2.     Agreed Motion to Extend Time to File Oppositions to Motions in Limine (DKT #449).

**J.     PROBABLE LENGTH OF TRIAL**

At the January 7, 2010 teleconference, the Court ordered that the trial should last four court days, with the time equally divided among the parties.  However, Google and Yahoo have asked the Court to extend this time, as it will not be possible to present all of the evidence necessary to its case in the four-day timeframe.  [Dkt. No. 436].  Plaintiff opposes this request and will file a response to the pending motion on that issue.

**K.     BIFURCATION**

Plaintiff requests that issues specific to Defendants' inequitable conduct defense be tried outside the presence of the jury.     Defendants oppose this request i) due to the issues being intertwined in that the material withheld references are also a prior art basis for invalidity, and ii) limited presentation time in Court.  Further, Defendants note that Plaintiff has not moved on this issue or met and conferred with Defendants.  Plaintiff disputes Defendants' opposition to this

request.  It is Plaintiff's position that the issue was presented in Plaintiff's initial draft of the pre-trial order and Plaintiff received no objection at that time or other indication that there was any debate or dispute necessary on this matter.  Plaintiff's first indication of any dispute on this point was a revised draft of the pretrial order presented for review on the day the parties' joint proposed order must be presented to the Court.  Therefore, Plaintiff disputes Defendants' position suggesting the parties have not adequately discussed the issue.

**L.      SEVERANCE**

Defendant Yahoo requests that the trial be severed and separate trial held for each Defendant.  *See* DKT #438, 439 (Motion to Sever).  Plaintiff opposes Yahoo's pending motion on this issue and will file a response within the briefing timetable for motion practice under the local rules of the Eastern District of Texas.

**M.      MANAGEMENT CONFERENCE LIMITATIONS**

None.

**N.      CERTIFICATIONS**

The undersigned counsel for each of the parties in this action do hereby certify and acknowledge the following:

(1)      Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure and the Court's standing orders.

(2)      Discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders have been complied with and not altered by agreement or otherwise;

(3)      Each exhibit in the List of Exhibits herein:

(a)      is in existence;
(b)      is numbered; and
(c)      has been disclosed and shown to opposing counsel pursuant
to the exhibits lists exchanged by the parties.

This Joint Pre-Trial Order is hereby approved.

Dated: _____

_____
The Honorable Randall R. Rader

**APPROVED AS TO FORM AND SUBSTANCE:**

/s/ Marc A.Fenster *with permission*
Marc A. Fenster
Lead Counsel
Email: mfenster@raklaw.com
CA Bar No. 181067
Alexander C.D. Giza
Email: agiza@raklaw.com
CA Bar No. 212327
Andrew Weiss
Email: aweiss@raklaw.com
CA Bar No. 232974
Adam Hoffman
Email: ahoffman@raklaw.com
CA Bar No. 218740
Russ, August & Kabat
12424 Wilshire Blvd., 12th Floor
Los Angeles, CA 90025
(310) 826-7474
(310) 826-6991 (fax)

Andrew W. Spangler
Email: spangler@spanglerlawpc.com
State Bar No. 24041960
Spangler Law P.C.
104 E. Houston Street, Ste. 135
Marshall, Texas 75670
Telephone: (903) 935-3443
Facsimile: (903) 938-7843

David M. Pridham
Email: david@pridhamiplaw.com
Rhode Island Bar No. 6625
Law Office of David Pridham
25 Linden Road
Barrington, Rhode Island 02806
Telephone: (401) 633-7247
Facsimile: (401) 633-7247

Harold Kip Glasscock, Jr.
Email: kipglasscock@hotmail.com
State Bar No. 08011000
Kip Glasscock Attorney at Law
550 Fannin, Suite 1350
Beaumont, Texas 77701
Telephone: (409) 833-8822
Facsimile: (409) 838-4666

Patrick R. Anderson
Email: patrick@prapllc.com
Patrick R. Anderson PLLC
4225 Miller Rd, Bldg. B-9, Suite 358
Flint, MI 48507
(810) 275-0751
(248) 928-9239 (fax)

John M. Bustamante
Email:jmb@BustamanteLegal.com
Texas Bar No. 24040618
Bustamante, P.C.
54 Rainey Street, No. 721
Austin, Texas 78701
Tel. 512.940.3753
Fax 512.551.3773

Elizabeth A. Wiley
Email: lizwiley@wileyfirmpc.com
Texas State Bar No. 00788666
The Wiley Firm P.C.
P.O. Box 303280
Austin, Texas 78703-3280
Telephone: (512) 560.3480
Facsimile: (512) 551.0028

***Counsel for Plaintiff***

**APPROVED AS TO FORM AND SUBSTANCE:**

/s/ Charles K. Verhoeven *with permission*
Charles K. Verhoeven
Lead Counsel
Email:  charlesverhoeven@quinnemanuel.com
State Bar No. 170151
David A. Perlson
Email: davidperlson@quinnemanuel.com
State Bar No. 209502
Quinn Emanuel Urquhart Oliver & Hedges LLP

50 California St.
San Francisco, CA 94111
Telephone: (415) 875-6600

Brian C. Cannon
Email: briancannon@quinnemanuel.com
State Bar No. 193071
Andrea Pallios Roberts
Email: andreaproberts@quinnemanuel.com
State Bar No. 228128
Quinn Emanuel Urquhart Oliver & Hedges LLP
555 Twin Dolphin Dr. Ste. 560
Redwood Shores, CA 94065
Telephone: (650) 801-5000

Harry L. Gillam, Jr.
State Bar No. 07921800
Email: gil@gillamsmithlaw.com
Melissa R. Smith
State Bar No. 24001351
Email: melissa@gillamsmithlaw.com
Gillam & Smith, L.L.P.
303 South Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450

**Counsel for Google Inc.**

**APPROVED AS TO FORM AND SUBSTANCE:**

/s/ Jennifer H. Doan *with permission by William C. Rooklidge*
William C. Rooklidge
Lead Counsel
Email: rooklidgew@howrey.com
State Bar No. 134483
Howrey, LLP
4 Park Plaza, Suite 1700
Irvine CA 92614-2559
Telephone: (949) 721-6900

Jason C. White
Email: whitej@howrey.com
State Bar No. 6238352
Howrey, LLP
321 N. Clark Street, Suite 3400
Chicago IL 60654
Telephone: (312) 595-1239

Brian A.E. Smith
Email: smithbrian@howrey.com
State Bar No. 188147
Howrey LLP

525 Market Street, Suite 3600
San Francisco CA 94105-2708
Telephone: (415) 848-4900

Jennifer Doan
Email: jdoan@haltomdoan.com
State Bar No. 08809050
Joshua Reed Thane
Email: jthane@haltomdoan.com
State Bar No. 24060713
John Scott Andrews
Email: sandrews@haltomdoan.com
State Bar No. 24064823
Haltom & Doan
Crown Executive Center, Suite 100
6500 Summerhill Road
Texarkana TX 75503
Telephone: (903) 255-1002

***Counsel for Yahoo! Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2010, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Texas, using the electronic filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

/s/ Jennifer H. Doan
Jennifer H. Doan