# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PA ADVISORS, LLC, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 2:07-cv-480-RRR |
| | § | |
| GOOGLE, INC., et al., | § | |
| | § | JURY TRIAL DEMANDED |
| Defendants. | § | |
| | §§ | |

## nXn TECH, LLC'S PROPOSED POST-TRIAL JURY INSTRUCTIONS

nXn Tech, LLC (f/k/a PA Advisors, LLC) ("nXn") files this set of proposed jury instructions to ensure compliance with the docket control order. In light of the meeting and conferring on many issues in preparation for the pre-trial conference on March 1, 2010, and in light of formatting and structural differences between the type of instructions proposed

nXn reserves the right to revise, supplement, and otherwise amend these instructions as the case progresses through trial and through any additional pre-trial conferences with the court concerning the specific matter of jury instructions.

# CLOSING JURY INSTRUCTIONS
## GENERAL INSTRUCTIONS

### Introduction

Members of the jury, now I will provide you with the final instructions on the law. As you are aware from the presentation of the evidence, we must address several areas of the law. I will identify each issue, the parties' contentions as to that issue, the particular questions you will answer during your deliberations, and the law you must follow. You have a copy of these final instructions for reference. I ask you to read along as I give these instructions.

Please listen very carefully to everything I say.

You will be provided with copies of a verdict form. You must answer each and every one of those questions unless the verdict form instructs to skip a question. Your foreperson must sign and date the form.

### Juror's Duties

You have two main duties as jurors. First, you must decide what the facts are from the evidence that you saw and heard here in court. Second, you must take the law that I give you, apply it to the facts, and answer the questions in the verdict form. It is my job to instruct you about the law. You are bound by the oath that you took at the beginning of the trial to follow these instructions. My instructions include an instruction on the meaning of the patent claims.

### Evidence Defined

You must make your decision based only on the evidence that you saw and heard here in court. The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, the stipulations that the lawyers agreed to, and the facts that I will instruct you to take as true.

Nothing else is evidence. The lawyers' questions, objections, statements and arguments are not evidence. My legal rulings are not evidence. Any of my comments and questions are not evidence. You should use your common sense in weighing the evidence. Consider it in light of your everyday experience and give it whatever weight you believe it deserves.

## Witnesses

In determining the weight to give the testimony of a witness, you should ask yourself whether the evidence tended to show that the witness testified falsely about some fact, or whether the evidence showed that at some other time the witness said or did something, or failed to say or do something that was different from the testimony at trial.

When specialized knowledge or experience about a particular matter may be helpful to the jury, a person who has special training or experience in that technical field—called an expert witness—may state his opinion on those matters. You need not accept the opinion of any of these expert witnesses. As with any other witness, you are free to decide whether to rely upon that testimony.

## Claim Interpretation

Because only the claims of a patent can be infringed, you must understand the scope and meaning of the claims before undertaking any infringement analysis. It is my duty to interpret the claims for you. It is your duty to apply my interpretation of the meanings of the claims.

I have given you a handout that explains the meaning of some of the words of the claims in this case. As I have previously instructed you, you must accept my definition of these words in the claims as correct. For any words in the claim for which I have not provided you with a definition, you should apply their plain English meaning. You should not take my definition of the language of the claims as an indication that I have a view regarding how you should decide

AUS:619242.2

that issues that you are being asked to decide, such as infringement and invalidity. Those issues are yours to decide.

Be sure that you follow the definitions given for each individual claim, as some words have different definitions depending upon the claim.

## Burdens of Proof

nXn has the burden of proving infringement and damages regarding the Geller patent by what is called "preponderance of the evidence." That means nXn has to produce evidence which, when considered in light of all the facts, leads you to believe that what nXn claims is more likely true than not. To put it differently, if you were to put nXn's evidence one side of a scale, and Google's evidence or Yahoo's evidence on the opposite side of a scale, the evidence supporting nXn's claims would have to make the scales tip on nXn's side. If you believe that nXn has met its burden of proving patent infringement and damages by a preponderance of the evidence, you must find in favor of nXn for the Geller patent. If you believe that nXn has not met its burden of proof for the Geller patent as to Google, you must find in favor of Google. If you believe that nXn has not met its burden of proof for the Geller patent as to Yahoo, you must find in favor of Yahoo.

nXn must prove willful infringement by "clear and convincing evidence." Clear and convincing evidence is a higher standard of proof and is evidence that produces an abiding conviction that the truth of a factual contention is highly probable. Proof by clear and convincing evidence is thus a higher burden of proof than proof by a preponderance of the evidence.

A patent is presumed to be valid. In this case, both Defendants, Yahoo and Google, are urging that the asserted claims of the Geller patent are invalid. Accordingly, Yahoo and Google

4

have the burden of proving that each of the asserted claims of the Geller patent are invalid by clear and convincing evidence. Therefore, for Google and Yahoo to prevail, you must be persuaded that it is highly probable that what Google and Yahoo seek to prove is true. If you believe that Google and Yahoo have met their burden of proving patent invalidity by clear and convincing evidence, you must find in favor of Google and Yahoo. If you believe that Google and Yahoo have not met their burden of proof by producing clear and convincing evidence, you must find in favor of nXn on the issue of validity.

Those of you who are familiar with the criminal cases will have heard the term "proof beyond a reasonable doubt." That burden does not apply in a civil case and you should, therefore, put it out of your mind in considering whether or not nXn or Google or Yahoo has met its burden of proof.

## Issues To Be Decided

You must decide the following issues concerning the patent-in-suit: infringement, validity, damages, and willful infringement.

Infringement is assessed on a claim-by-claim basis; therefore, there may be infringement as to one claim but not infringement as to another. In this case, there are two possible ways that a claim may be directly infringed by the accused infringer: (i) literal infringement and (ii) infringement under the doctrine of equivalents. I will explain the meaning of these types of direct infringement to you later in more detail.

## Direct Infringement

I will now instruct you how to decide whether or not Google, Yahoo, or both have directly infringed the asserted claims of the Geller patent. Do not answer the questions in

**Section B** (*Questions 1A, 1B, 2A, and 2B*) until you have read **Section C**, "The Law To Be Applied In Answering the Above Questions."

### A.  The Parties' Contentions

nXn contends that Yahoo directly infringes claims 1, 3, 4, 6, 43, 45 and 47 of the Geller patent through the use, sale, or offer for sale of certain Yahoo products and the methods performed by those products.  The Yahoo products/systems that nXn has accused of infringement are: Yahoo! Sponsored Search; Yahoo!'s Content Match; and Yahoo!'s Behavioral Targeting, when used by, for example, the Guaranteed and Non-Guaranteed Delivery Ad Servers.  nXn contends that:

1)  Yahoo! Sponsored Search infringes claims 1, 3, 4, 6, and 43 of the Geller patent; and

2)  Yahoo!'s Content Match and Yahoo!'s Behavioral Targeting (when used by, for example, the Guaranteed and Non-Guaranteed Delivery Ad Servers) infringe claims 45 and 47 of the Geller patent.

I may in these instructions refer to Yahoo! Sponsored Search, Yahoo!'s Content Match, and Yahoo!'s Behavioral Targeting as the "Yahoo Accused Products" or "Yahoo's Accused Products."

nXn contends that Google directly infringes claims 1, 3, 4, 6, 43, 45 and 47 of the Geller patent through the use, sale, or offer for sale of certain Google products and the methods performed by those products.  The Google products that nXn has accused of infringement are: Google Search, AdWords, AdSense for Search, and AdSense for Content.  nXn contends that:

1)  Google AdWords, and AdSense for Search infringe claims 1, 3, 4, 6, 43, 45 and 47of the Geller patent; and

2)  Google Search infringes claims 1, 3, 4, 6 and 43; and

AUS:619242.2

3) Google's Ad Sense for Content infringes claims 45 and 47.

## B. Questions You Must Answer

Question No. 1A.    Has nXn proven by, a preponderance of the evidence that Google directly infringes any claim of the Geller patent either literally or under the doctrine of equivalents?

YES    _____

NO    _____

*If you answered "Yes" to this question, you must answer Question 2A.*

Question No. 1B.    Has nXn proven by, a preponderance of the evidence that Yahoo directly infringes any claim of the Geller patent either literally or under the doctrine of equivalents?

YES    _____

NO    _____

*If you answered "Yes" to this question, you must answer Question 2B.*

Question No. 2A.    Please check all claims of the Geller patent that you find Google directly infringes, either literally or under the doctrine of equivalents, for each of the following Google Products.

### **Google Search**

Claim 1    _____

Claim 3    _____

Claim 4    _____

Claim 6    _____

Claim 43    _____

**AdWords**

Claim 1 _____

Claim 3 _____

Claim 4 _____

Claim 6 _____

Claim 43 _____

Claim 45 _____

Claim 47 _____

**AdSense for Search**

Claim 1 _____

Claim 3 _____

Claim 4 _____

Claim 6 _____

Claim 43 _____

Claim 45 _____

Claim 47 _____

**Google's AdSense for Content**

Claim 45 _____

Claim 47 _____

AUS:619242.2

Question No. 2B.     Please check all claims of the Geller patent that you find Yahoo! directly infringes, either literally or under the doctrine of equivalents, for each of the following Accused Yahoo! Products.

**Yahoo! Sponsored Search**

Claim 1        _____

Claim 3        _____

Claim 4        _____

Claim 6        _____

Claim 43       _____

**Yahoo! Content Match**

Claim 45       _____

Claim 47       _____

**Yahoo! Behavioral Targeting**

Claim 45       _____

Claim 47       _____

AUS:619242.2

### C.  The Law To Be Applied In Answering the Above Questions

Only the claims of a patent can be infringed.  Neither the specification, which is the written description of the invention, nor the drawings of a patent can be infringed.  Although there are different types of infringement, there is only one type of infringement at issue in this case, and that is direct infringement.  Direct infringement can occur in two ways: (1) literal infringement, and (2) infringement under the doctrine of equivalents.

#### 1.  Direct Infringement

As for the Yahoo Accused Products and the Google Accused Products, nXn must prove that Yahoo and/or Google infringes the Geller patent either literally or under the doctrine of equivalents.

To prove literal infringement of the Geller patent, nXn has the burden of proving by a preponderance of the evidence that during the lifetime of the patent Yahoo and/or Google made, used, sold or offered to sell within the United States or its territories, or export outside of the United States or its territories, a product that meets all the requirements of a claim and did so without the permission of nXn.  In your analysis of whether nXn meets its burden of proof, you must compare the Yahoo Accused Products and/or the Google Accused Products with each and every one of the requirements of a claim to determine whether all the requirements of that claim are met.

The following instruction applies only to claim step 1(c) of the Geller patent:

If there are others apart from Yahoo and/or Google who performed one or more steps of the claim, there can be no infringement unless nXn proves that Yahoo or Google controlled or directed the activity of the others who performed the steps (or the others performed the steps on behalf of Yahoo or Google) so that every step is attributable to Yahoo or Google as a

"mastermind." In this situation, but, again, with regard to claim step 1(c) only, in which there are others apart from Yahoo or Google who performed on or more steps of the claim, mere arms-length cooperation between Yahoo or Google and the others who performed the steps is not enough to establish direct infringement.

Now I will describe to you the second way in which direct infringement can occur—infringement under the doctrine of equivalents. Under the doctrine of equivalents, nXn bears the burden of proving by a preponderance of the evidence that the differences between the claimed product or process and an Accused Yahoo Product or Google Product are insubstantial. nXn must prove that each limitation in claims 1, 3, 4, 6, 43, 45 and 47 of the Geller patent is found, at least equivalently, in an Accused Yahoo Product or Google Product. In other words, nXn must prove that it is more likely than not that a Yahoo or Google Accused Product has an alternative feature that is "equivalent" to the unmet claim requirement. An alternative is "equivalent" to an unmet requirement of a claim if a person having ordinary skill in the patent's field of technology would have considered the differences between them to be insubstantial at the time of the alleged infringement. In your analysis of whether an alternative feature is equivalent, you may consider whether the alternative feature and unmet requirement perform substantially the same function and work in substantially the same way to achieve substantially the same result.

For the Yahoo or Google Accused Products, a claim step is "equivalent" to a claim step that I have defined as being described in the patent if a person having ordinary level of skill in the field of technology of the patent would have considered the differences between them to be insubstantial at the time the alleged infringement occurred. In this case, I have determined that a person having an ordinary level of skill in this field would be an individual who as of 1999 had earned at least an accredited bachelor's degree in computer science, computer engineering, or

11

electrical engineering and had at least two years of software development experience which includes some experience with the Internet and searching. In all instances, the person of ordinary skill in the art would have access to a library of relevant technical publications, periodicals, and textbooks.

If you find that nXn has met its burden of proof as to an Accused Yahoo or Google Product, either under literal infringement or infringement under the doctrine of equivalents, you must find for nXn. If you find that nXn has not met its burden of proof regarding a Yahoo Accused Product, you must find for Yahoo. If you find that nXn has not met its burden of proof regarding a Google Accused Product, you must find for Google.

## Validity: Written Description

### A. The Parties' Contentions

Yahoo and Google contend that certain claims of the Geller patent are invalid because a person of ordinary skill reading the patent application as originally filed would not recognize that it describes the invention as claimed in the issued patent. Do not answer the Questions in **Section B** (Questions 3A, 3B, 4A, 4B) until you have read **Section C**, "The Law To Be Applied In Answering the Above Questions."

### B. Questions You Must Answer

Question No. 3A.      Have Yahoo proven, by clear and convincing evidence, that claim 1 or claim 45 of the Geller patent is invalid for failure to satisfy the written description requirement?

    YES      _____

    NO      _____

*If you answered "Yes" to this question, you must answer Question 4A.*

<u>Question No. 3B.</u>     Has Google proven, by clear and convincing evidence, that claim 1 or claim 45 of the Geller patent is invalid for failure to satisfy the written description requirement?

YES     _____

NO     _____

*If you answered "Yes" to this question, you must answer Question 4B.*

<u>Question No. 4A.</u>     Please check which claims, if any, of the Geller patent that you find Yahoo has proven by clear and convincing evidence is invalid for failure to satisfy the written description requirement

Claim 1     _____

Claim 45     _____

<u>Question No. 4B</u>**.**     Please check which claims, if any, of the Geller patent that you find Google has proven by clear and convincing evidence is invalid for failure to satisfy the written description requirement

Claim 1     _____

Claim 45     _____

## C.   The Law To Be Applied In Answering the Above Questions

The purpose of the written description requirement is to ensure that the patent provides an adequate description of the invention and to ensure the scope of the claims that are eventually issued remain within the scope of the written description of the invention that was provided with the application as it was first filed.  The written description may be satisfied by the words, structures, figures, diagrams, formulas, etc., in the patent application, and any combination of them, as understood by one of ordinary skill in the field of technology of the invention.  A requirement in a claim need not be expressly disclosed in the patent application as originally

filed; provided persons of ordinary skill in the field would have understood that the missing requirement is inherent in the written description in the patent application.

If you find that Yahoo and/or Google has shown by clear and convincing evidence that the written description of the Geller patent is inadequate for a specific claim then you must find that claim of the Geller patent invalid.  If you find that Yahoo has not met its burden of proof then you must find for nXn.  If you find that Google has not met its burden of proof, then you must find for nXn.

AUS:619242.2

## Validity: Enablement

### A. The Parties' Contentions

Yahoo and Google argue that certain claims of the Geller patent are invalid because they do not contain a sufficiently full and clear description of the claimed invention.

### B. Questions You Must Answer

Question No. 5A.     Has Yahoo proven, by clear and convincing evidence, that Claim 1 or Claim 45 of the Geller patent is invalid for failure to satisfy the enablement requirement?

YES     _____

NO     _____

*If you answered "Yes" to this question, you must answer Question 6A.*

Question No. 5B.     Has Google proven, by clear and convincing evidence, that Claim 1 or Claim 45 of the Geller patent is invalid for failure to satisfy the enablement requirement?

YES     _____

NO     _____

*If you answered "Yes" to this question, you must answer Question 6B.*

Question No. 6A.     Please check which claims, if any, of the Geller patent that you find Yahoo has proven by clear and convincing evidence is invalid for failure to satisfy the enablement requirement

Claim 1     _____

Claim 45     _____

<u>Question No. 6B</u>.     Please check which claims, if any, of the Geller patent that you find Google has proven by clear and convincing evidence is invalid for failure to satisfy the enablement requirement

Claim 1          _____

Claim 45          _____

## C.   The Law To Be Applied In Answering the Above Question

To be enabling, the patent must permit persons of ordinary skill in the field of technology of the patent to make and use the invention without having to conduct undue experimentation. However, some amount of experimentation to make and use the invention is allowable.  In your analysis of whether a person of ordinary skill in the field of technology would have to unduly experiment to make and use the invention in the Geller patent, you may consider any of the following factors:

    1.     the time and cost of any necessary experimentation;

    2.     how routine any necessary experimentation is in the field;

    3.     whether the patent discloses specific working examples of the claimed invention;

    4.     the amount of guidance presented in the patent;

    5.     the nature and predictability of the field;

    6.     the level of ordinary skill in the field; and

    7.     the scope of the claimed invention.

No one or more of these factors is alone decisive and your decision must be whether or not the degree of experimentation required is excessive.

If you find that Yahoo has proven in the context of this invention and the state of the art at the time that a person of ordinary skill in the field of technology would have had to experiment

excessively to make and use the claimed invention, then you must find that claim of the Geller patent is invalid.

If you find that Google has proven in the context of this invention and the state of the art at the time that a person of ordinary skill in the field of technology would have had to experiment excessively to make and use the claimed invention, then you must find that claim of the Geller patent is invalid. If you find that Yahoo has not met its burden of proof then you must find for nXn. If you find that Google has not met its burden of proof, then you must find for nXn.

## Validity: Obviousness

### A. The Parties' Contentions

Yahoo and Google contend that certain claims of the Geller patent are invalid because they are obvious. Under the patent laws, a person is entitled to a patent only if the invention claimed in the patent is not obvious to a person of ordinary skill in the field of the invention at the time it was made. The issue is not whether the claimed invention would have been obvious to you as a layman, to me as a Judge, or to a genius in the art, but whether it would have been obvious to one of ordinary skill in the art.

Yahoo and Google bear the burden of proving their obviousness defense by clear and convincing evidence. In determining whether or not Yahoo and Google have proven obviousness of a claim of the Geller patent, you must consider the following:

(1) The scope and content of the prior art put into evidence in this case;

(2) The differences, if any, between each claim of the patent and that prior art;

(3) The level of ordinary skill in the art at the time the invention was made; and

AUS:619242.2

(4) Any objective indications of non-obviousness including certain secondary considerations, described below, which may give light to the circumstances surrounding the origination of the subject matter of the patent-in-suit.

I will describe in more detail below in Section C, "The Law To Be Applied In Answering the Above Questions," these four specific determinations you must make in deciding whether or not the claimed invention would have been obvious. Do not answer the Questions in **Section B** until you have ready **Section C**.

**B. Questions You Must Answer Only If You Answered "Yes" to Question 1A and/or 1B**

Question No. 7A.        Has Google proven, by clear and convincing evidence, that any claim of the Geller patent is obvious in light of one piece of prior art, or a combination of prior art references?

        YES        _____

        NO        _____

*If you answered "Yes" to this question, you must answer Question 8A.*

*If you answered "No" to this question, skip to Question 9A (Damages: Reasonable Royalty).*

Question No. 7B.        Has Yahoo proven, by clear and convincing evidence, that any claim of the Geller patent is invalid in light of one piece of prior art, or a combination of prior art references?

        YES        _____

        NO        _____

*If you answered "Yes" to this question, you must answer Question 8B.*

*If you answered "No" to this question, skip to Question 9B  (Damages: Reasonable Royalty).*

<u>Question No. 8A.</u>    Please check those claims that you find that Google has proven by clear and convincing evidence are invalid because the claim was obvious in light of one piece of prior art, or a combination of prior art references?

Claim 1 _____

Claim 3 _____

Claim 4 _____

Claim 6 _____

Claim 43 _____

Claim 45 _____

Claim 47 _____

<u>Question No. 8B.</u>    Please check the those claims that you find that Yahoo has proven by clear and convincing evidence are invalid because the claim was obvious in light of one piece of prior art, or a combination of prior art references?

Claim 1 _____

Claim 3 _____

Claim 4 _____

Claim 6 _____

Claim 43 _____

Claim 45 _____

Claim 47 _____

**C. The Law To Be Applied In Answering the Above Questions**

Obviousness is determined from the perspective of a person of ordinary skill in the prior art. The issue is not whether the claimed invention would have been obvious to you as a layman,

to me as a Judge, or to a genius in the art, but whether it would have been obvious to one of ordinary skill in the art. Yahoo and Google bear the burden of proving the obviousness defense by clear and convincing evidence.

You must not use hindsight when comparing the prior art to the invention for obviousness. In making a determination of obviousness or non-obviousness, you must consider only what was known before the invention was made. A patent composed of several elements is not proved obvious merely by demonstrating that each of its elements was, independently, known in the prior art. You may not judge the invention in light of present day knowledge or by what you learned from or about the patents during trial.

## 1. The Scope and Content of the Prior Art

The first question you must answer in determining whether or not the invention was obvious is the scope and content of the prior art at the time the invention was made. The prior art includes the following items entered into evidence during the trial:

[*Defendants to propose*]

You must determine whether these specific references relied on by Yahoo and Google in this case are prior art to the invention described in the asserted claims of the Geller patent. Once you decide whether are not those specific references are prior art, you also must decide what those references would have disclosed or taught to one having ordinary skill in the field of technology of the patent at the time the invention was made.

In order for a reference to be relevant for you to consider in deciding whether or not the claims of the Geller patent would have been obvious, the reference must be within the field of the inventors' endeavor or if it is from another field of endeavor, the reference must be

AUS:619242.2

reasonably related to the particular problem or issue the inventors faced or addressed when making the inventions described in the asserted claims.

## 2. Differences Over the Prior Art

The second question you must answer in determining whether or not the invention was obvious at the time it was made is what differences there are between the prior art and the patented invention. In determining the differences between the invention covered by the patent claims and the prior art, you should not focus solely on the differences between the prior art and the invention because the test is not whether there are differences. You must consider the claimed invention as a whole and determine whether or not it would have been obvious to one having ordinary skill in view of the prior art at the time the invention was made.

In analyzing the relevance of the differences between the claimed invention and the prior art, you do not need to look for precise teaching in the prior art directed to the subject matter of the claimed invention. You may take into account the inferences and creative steps that a person of ordinary skill in the art would have employed in reviewing the prior art at the time of the invention. For example, if the claimed invention combined elements known in the prior art and the combination yielded results that were predictable to a person of ordinary skill in the art at the time of the invention, then this evidence would make it more likely that the claim was obvious. On the other hand, if the combination of known elements yielded unexpected or unpredictable results, or if the prior art teaches away from combining the known elements, then this evidence would make it more likely that the claim that successfully combined those elements was not obvious.

Importantly, a claim is not proved obvious merely by demonstrating that each of the elements was independently known in the prior art. Most, if not all, inventions rely on building

blocks long since uncovered, and claimed discoveries almost of necessity will likely be combinations of what is already known. Therefore, you should consider whether a reason existed at the time of the invention that would have prompted a person of ordinary skill in the art in the relevant field to combine the known elements in the way the claimed invention does. The reason could come from the prior art, the background knowledge of one of ordinary skill in the art, the nature of the problem to be solved, market demand, or common sense.

If you find that a reason existed at the time of the invention to combine the elements of the prior art to arrive at the claimed invention, this evidence would make it more likely that the claimed invention was obvious.

Again, you must undertake this analysis separately for each claim that Yahoo and Google contend is obvious.

### 3. Level of Ordinary Skill in the Art

The third question for determining obviousness requires you to consider the perspective of a person of ordinary skill in the art  The ordinary skilled person is a person of average education and training in the field of the invention and is presumed to be aware of all relevant prior art.  The actual inventor's skill is irrelevant to this inquiry.  As noted in previous instructions, I have determined that a person having an ordinary level of skill in this field would be "an individual who as of 1999 had earned at least an accredited bachelor's degree in computer science, computer engineering, or electrical engineering and had at least two years of software development experience which includes some experience with the Internet and searching.  In all instances, the person of ordinary skill in the art would have access to a library of relevant technical publications, periodicals, and textbooks.

### 4. Additional Considerations

AUS:619242.2

[*nXn reserves the right, as trial preparation continues, to adjust the factors that should be submitted for the jury's consideration.*]

The fourth question you must answer in determining whether or not the invention was obvious at the time it was made is what evidence there is, if any, of additional considerations relating to the obviousness or non-obviousness of the invention. You may consider in your analysis the presence or absence of the following factors in deciding whether or not the invention would have been obvious at the time it was made:

(1)     Whether or not the invention proceeded in a direction contrary to accepted wisdom in the field;

(2)     Whether or not there was long felt but unresolved need in the art that was satisfied by the invention;

(3)     Whether or not others had tried but failed to make the invention;

(4)     Whether or not others copied the invention;

(5)     Whether or not the invention achieved any unexpected results;

(6)     Whether or not the invention was praised by others;

(7)     Whether or not others have taken licenses to use the invention;

(8)     Whether or not experts or those skilled in the art at the making of the invention expressed surprise or disbelief regarding the invention;

(9)     Whether or not products incorporating the invention have achieved commercial success; and

(10)     Whether or not others having ordinary skill in the field of the invention independently made the claimed invention at about the same time the inventors made the invention.

## Damages

nXn argues that it is entitled to damages in the form of a reasonable royalty based on Yahoo's infringement of the Geller patent. nXn also argues that it is entitled to damages in the form of a reasonable royalty based on Google's infringement of the Geller patent.

If you find that Yahoo or Google infringed any valid claim of the Geller patent, you must then determine the amount of money damages, if any, to be awarded to nXn for Yahoo's or Google's infringement. The amount of those damages, if any, must be adequate to compensate nXn for the infringement, but in no event less than a reasonable royalty for the use made of the invention by Yahoo or Google.

The damages you award are meant to compensate the patent holder and not to punish an infringer. Your damages award, if you reach this issue, should put the patent holder, nXn, in approximately the same financial position that it would have been in had the infringement not occurred, but in no event may the damages be less than a reasonable royalty for the use made of the invention.

nXn has the burden to establish the amount of its damages by a preponderance of the evidence. nXn must prove the amount of damages with reasonable certainty, but mathematical precision is not required. Although nXn is not entitled to damages that are remote or speculative, any uncertainty in the amount of damages, for example due to inaccurate or incomplete records or the incomplete production of either Google or Yahoo, must be resolved against the infringer.

## Damages: Reasonable Royalty

A royalty is a payment made to a patent holder in exchange for the right to make, use or sell the claimed invention. A reasonable royalty is the amount of royalty payment that a patent holder and the infringer would have agreed to in a hypothetical negotiation taking place at the

time when the infringement first began. In considering this hypothetical negotiation, you should focus on what the expectations of the patent holder and the infringer would have been had they entered into an agreement at that time, and had they acted reasonably in their negotiations.

You must also assume that both parties believed the patent was valid and infringed. In addition, you must assume that patent holder and infringer were willing to enter into an agreement. Your role is to determine what that agreement would have been. The measure of damages is what royalty would have resulted from the hypothetical negotiation, and not simply what royalty either party would have preferred.

In this trial, you have heard evidence of things that happened after the infringement began. That evidence can be considered only to the extent that the evidence aids in you assessing what royalty would have resulted from a hypothetical negotiation. Such evidence that you may consider in assessing a reasonable royalty resulting from a hypothetical negotiation includes the negotiators' knowledge, based on their knowledge and experience, of future potential sales of the product as well as evidence of what those future sales actually were. Although evidence of the actual profits Google made on the Google Accused Products may aid you in determining the anticipated profits at the time of the hypothetical negotiation, you may not limit or increase the royalty based on the actual profits that Google made. Likewise, although evidence of the actual profits that Yahoo made on the Yahoo Accused Products may aid you in determining the anticipated profits at the time of the hypothetical negotiation, you may not limit or increase the royalty based on the actual profits that Yahoo made.

In determining the reasonable royalty, you should consider all the facts known and available to the parties at the time the infringement began. Some of the kinds of factors that you may consider in making your determination are:

- the nature of the commercial relationship between the patent holder and the licensee, such as whether they were competitors or whether their relationship was that of an inventor and a promoter;

- the established profitability of the product made under the patent, its commercial success, and its current popularity; the utility and advantages of the patented property over the old modes or devices, if any, that had been used for working out similar results;

- the effect of selling the patented product in promoting sales of other products of the licenses, the existing value of the invention to the licensor as a generator of sales of its non-patented items; and the extent of such collateral sales.

- the nature of the patented invention; and the benefits to those who have used the invention;

- the extent to which the infringer has made use of the invention; and any evidence probative of the value of that use;

- the portion of the profit or of the selling price that may be customary in the particular business or in comparable businesses to allow for the use of the invention or analogous inventions, or the portion of the realizable profit that should be credited to the invention as distinguished from non-patented elements, the manufacturing process, business risks, or significant features or improvements added by the infringer;

- any other factors which in your mind would have increased or decreased the royalty the infringer would have been willing to pay and the patent holder would have been willing to accept, acting as normally prudent business people;

26

- the opinion testimony of qualified experts as to what would be a reasonable royalty."

### **Damages Question**

<u>Question No. 9A</u>    If you find any claim of the Geller patent to be infringed by Google and valid, state the amount of damages in the form of a reasonable royalty you find nXn has proven by a preponderance of the evidence.

=   $ _____

<u>Question No. 9B</u>    If you find any claim of the Geller patent to be infringed by Yahoo and valid, state the amount of damages in the form of a reasonable royalty you find nXn has proven by a preponderance of the evidence.

=   $ _____

### **Willful Infringement**

**A.   The Parties' Contentions**

nXn contends that both Yahoo and Google have infringed and that Yahoo and Google infringed willfully.

If you have decided that Yahoo and/or Google has infringed at least one valid claim of the Geller patent, you must now decide the additional issue of whether or not Yahoo's and/or Google's infringement was willful.

Do not answer the questions in **Section B** until you have read **Section C**, "The Law To Be Applied In Answering the Above Questions."

**B.   Question You Must Answer**

<u>Question No. 10A.</u>    Has nXn proven, by clear and convincing evidence, that Google has willfully infringed the Geller patent?

YES    _____

NO        _____

<u>Question No. 10B.</u>        Has nXn proven, by clear and convincing evidence, that Yahoo has willfully infringed the Geller patent?

YES        _____

NO        _____

## C. The Law To Be Applied In Answering the Above Question

### 1. Willful Infringement—Yahoo

nXn has the burden of proving willful infringement by clear and convincing evidence. First, nXn must prove that Yahoo acted despite an objectively high likelihood that a Yahoo Accused Product infringed the Geller patent and the Geller patent was valid and enforceable. This occurred if a reasonable person in the position of Yahoo could not have reasonably believed that it did not infringe the Geller patent or the patent was invalid or unenforceable. The state of mind of Yahoo is not relevant to this inquiry. Second, nXn must prove that Yahoo actually knew, or it was so obvious that Yahoo should have known, of this objectively high likelihood. You may consider Yahoo's own belief in this inquiry. If nXn does not prove any of these, you must find for Yahoo.

In deciding whether or not Yahoo's infringement was willful, you must consider all of the facts, including but not limited to:

1. Whether or not Yahoo intentionally copied the Geller patent;

2. Whether or not Yahoo reasonably believed it had a substantial defense to infringement and reasonably believed that the defense would be successful if litigated;

AUS:619242.2

3. Whether or not Yahoo made a good faith effort to avoid infringing the patent (i.e. whether Yahoo took remedial action upon learning of the Geller patent by ceasing infringing activity or attempting to design around the patent);

4. Whether or not Yahoo tried to cover up its infringement;

5. Whether or not Yahoo relied on a legal opinion that appeared to be well-supported and believable and advised Yahoo that its products did not infringe the Geller patent or that the Geller patent was invalid and unenforceable.

In deciding whether Yahoo willfully infringed the Geller patent you need not find that all of these factors are present. In addition, no one factor is more important than the others.

## 2. Willful Infringement—Google

nXn has the burden of proving willful infringement by clear and convincing evidence. First, nXn must prove that Google acted despite an objectively high likelihood that a Google Accused Product infringed the Geller patent and the Geller patent was valid and enforceable. This occurred if a reasonable person in the position of Google could not have reasonably believed that it did not infringe the Geller patent or the patent was invalid or unenforceable. The state of mind of Google is not relevant to this inquiry. Second, nXn must prove that Google actually knew, or it was so obvious that Google should have known, of this objectively high likelihood. You may consider Google's own belief in this inquiry. If nXn does not prove any of these, you must find for Google.

In deciding whether or not Google's infringement was willful, you must consider all of the facts, including but not limited to:

1. Whether or not Google intentionally copied the Geller patent;

2. Whether or not Google reasonably believed it had a substantial defense to infringement and reasonably believed that the defense would be successful if litigated;

3. Whether or not Google made a good faith effort to avoid infringing the patent (i.e. whether Google took remedial action upon learning of the Geller patent by ceasing infringing activity or attempting to design around the patent);

4. Whether or not Google tried to cover up its infringement;

5. Whether or not Google relied on a legal opinion that appeared to be well-supported and believable and advised Google that its products did not infringe the Geller patent or that the Geller patent was invalid and unenforceable.

In deciding whether Google willfully infringed the Geller patent you need not find that all of these factors are present. In addition, no one factor is more important than the others.

## Deliberation and Verdict

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A corporation or similar entity is entitled to the same fair trial as a private individual. All persons, including corporations, and other organizations stand equal before the law and are to be treated as equals. This is true in patent cases between corporations, partnerships, or individuals. A patent owner is entitled to protect its patent rights under the United States Constitution. This includes bringing

suit in a United States District Court for money damages for infringement. This may be done regardless of whether the owner of the patent is an individual, a partnership, a limited liability company, a bank, a small company or a large company. The law recognizes no distinction among types of patent owners.

That concludes the part of my instructions explaining the rules for considering the testimony and evidence. Now let me conclude by explaining some things about your deliberations in the jury room, and your possible verdicts.

You are now free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence to make every reasonable effort you can to reach unanimous agreement. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. Your verdict, however, must be unanimous.

However, once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer **[NAME OF JURY OFFICER].** [NAME OF JURY OFFICER] will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that you are split (*i.e.* 6-5 or 8-3) or whatever your vote happens to be. That should stay secret until you are finished.

AUS:619242.2

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise.

You may now retire to the jury room to deliberate.

AUS:619242.2

Dated: March 1, 2010                          Respectfully submitted,


                                              By: /s/ Elizabeth A. Wiley_
                                              Elizabeth A. Wiley

Andrew W. Spangler
SPANGLER LAW P.C.                             Marc A. Fenster, CA Bar No. 181067
208 N. Green Street, Suite 300                CA Bar No. 181067
Longview, Texas 75601                         mfenster@raklaw.com
(903) 753-9300                                Andrew Weiss
(903) 553-0403 (fax)                          CA Bar No. 232974
spangler@spanglerlawpc.com                    aweiss@raklaw.com
                                              Adam Hoffman
David M. Pridham                              CA Bar No. 218740
LAW OFFICE OF DAVID PRIDHAM                   ahoffman@raklaw.com
25 Linden Road                                RUSS, AUGUST & KABAT
Barrington, Rhode Island 02806                12424 Wilshire Blvd., 12th Floor
(401) 633-7247                                Los Angeles, CA 90025
(401) 633-7247 (fax)                          (310) 826-7474
david@pridhamiplaw.com                        (310) 826-6991 (fax)

John M. Bustamante                            Patrick R. Anderson
Texas Bar No. 24040618                        PATRICK R. ANDERSON PLLC
BUSTAMANTE, P.C.                              4225 Miller Rd, Bldg. B-9, Suite 358
54 Rainey Street, No. 721                     Flint, MI 48507
Austin, Texas 78701                           (810) 275-0751
Tel. 512.940.3753                             (248) 928-9239 (fax)
Fax. 512.551.3773                             patrick@prapllc.com
Email:jmb@BustamanteLegal.com

Kip Glasscock                                 Elizabeth A. Wiley
Texas State Bar No. 08011000                  Texas State Bar No. 00788666
KIP GLASSCOCK P.C.                            THE WILEY FIRM PC
550 Fannin, Suite 1350                        P.O. Box. 303280
Beaumont, TX 77701                            Austin, Texas 78703-3280
Tel: (409) 833-8822                           Telephone: (512) 420.2387
Fax: (409) 838-4666                           Facsimile: (512) 551.0028
Email: kipglasscock@hotmail.com               Email: lizwiley@wileyfirmpc.com

AUS:619242.2

**CERTIFICATE OF SERVICE**

I certify that this set of proposed post-trial jury instructions is being served on all parties who have consented to electronic filing, pursuant to the Court's CM/ECF system on this 1st day of March 2010.

\s\ Elizabeth A. Wiley
Elizabeth A. Wiley

AUS:619242.2