**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PA ADVISORS, LLC, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 2:07-cv-480-RRR |
| | § | |
| GOOGLE, INC., et al., | § | |
| | § | JURY TRIAL DEMANDED |
|     Defendants. | § | |
| | §§ | |

# nXn TECH, LLC'S PROPOSED JURY INSTRUCTIONS FOR USE AS PRE-TRIAL INSTRUCTIONS TO THE JURY

nXn Tech, LLC (f/k/a PA Advisors, LLC) ("nXn") files this set of proposed pre-trial jury instructions to ensure compliance with the docket control order. The parties continue to meet and confer with regard to jury instruction matters, along with other issues identified in the joint pre-trial order filed today in connection with the Pre-Trial Conference.

nXn reserves the right to revise, supplement, and otherwise amend these instructions as the case progresses through trial and through any additional pre-trial conferences with the Court concerning the specific matter of jury instructions.

Good morning, Ladies and Gentlemen of the Jury. Let me give you a brief summary of what to expect here today and for the next three days of this trial. Very shortly, I will give you some preliminary instructions, which are general and apply to this case and other cases tried in this Court. It will not give you a detailed explanation of the law that applies to this case. That will be done at the conclusion of the case before closing arguments to assist you in carrying out your duties as members of this jury. After I give the preliminary instructions, I have given each side [__] minutes to make an opening statement. As you recall, the party that brings the lawsuit is referred to as the Plaintiff. The Plaintiff has the burden of going forward in this case. So the Plaintiff will present opening statements first and witnesses first. A witness is initially taken on what we call direct examination. After direct examination, there is cross-examination by the Defendants, the Defendants being the two parties here against whom the lawsuit is brought. This entire process repeats itself until the Plaintiff rests its case. Then the Defendants will call witnesses on direct examination. The Plaintiff will be able to cross-examine those witnesses until each Defendant rests its case. Then there can be rebuttal testimony by the Plaintiff. After that process is completed, I will give you the final jury charge and there will be closing statements. Each party has been allotted a certain amount of time to conduct its direct examination, cross-examination, and rebuttal. Opening statements are not counted against that time. If you have any difficulty understanding any of the witnesses or the lawyers, please let me know. You will soon be given jury notebooks, which will contain information that has been allowed by the Court, in which there is room for you to take notes in addition to other information that you may find helpful in remembering the witnesses and their testimony throughout the trial. With those comments, I will now give you your preliminary jury instructions.

It will be your duty to find from the evidence what the facts are. You and you alone will be the judges of the facts. The jury is the judge of the facts. And then the final jury charge, I will give you some detailed instructions on how to judge the credibility of witnesses. I'm the judge of the law, and I will apply the law that is appropriate in this case through my initial instructions and through my final jury charge. You will then have to apply to those facts the law as the Court will give it to you. You must follow that law whether you agree with it or not. Nothing the Court may say or do during the course of the trial is intended to indicate or should be taken by you as indicating what your verdict should be. The evidence from which you will find the facts will consist of the testimony of witnesses, items that we call exhibits that are received into evidence, and any stipulations that are entered into by the attorneys. A stipulation is essentially an agreement that if testimony was taken on a certain topic, the testimony would result in a finding as stipulated by the parties.

There are certain things that you should not consider in arriving at your verdict. Statements, arguments, and questions by lawyers are not to be considered by you as evidence. You may have the question of "why do we have an opening statement or a closing statement if you cannot consider it in arriving at your verdict?" The answer is that an opening statement is designed to allow the attorneys to outline what they expect their case to be, what they expect the testimony to be, and perhaps what the exhibits are to show. It is only an outline. It should not be relied upon by you in reaching your verdict.

Similarly, objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe the evidence that the other side has offered is improper under our rules. You should not be influenced by the objection or by the Court's ruling on it. If the objection is sustained, you must ignore the question. If it is overruled, you must

treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction. Testimony that the Court has excluded or told you to disregard is not evidence and should not be considered by you in reaching your verdict. In addition, anything you may have seen or heard outside the courtroom is not evidence. It must be disregarded. You are to decide this case solely on the evidence presented here in the courtroom. Do not do any research concerning this case on the Internet or otherwise, and do not try to do any independent investigation as Members of the Jury. You are to decide this case based upon what takes place in the courtroom.

When we talk about evidence, you need to know that there are two types of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. I will give you further instructions on these, as well as other matters at the end of the case, but keep in mind that you may consider both types of evidence in arriving at your verdict. It will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject. I will give you guidelines for determining the credibility of witnesses at the conclusion of the case.

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means that you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true. You should base your decision on all of the evidence, regardless of which party presented it. When a party has the burden of proving any claim or defense by clear and convincing evidence. This burden of proof means that in order to find for that party you must have an abiding conviction that the truth of the party's factual contentions are highly probable. Such evidence requires a higher standard of proof than

proof by a preponderance of the evidence. You should base your decision on all the evidence, regardless of which party presented it. When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field, called an expert witness, is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it or not.

During the trial of this case, certain testimony may be read to you by way of deposition. The testimony of a witness who, for some reason, cannot be present to testify from the witness stand, is usually presented in writing under oath in the form of a deposition. Such testimony is entitled to the same consideration and, as far as possible, is to be judged as to the credibility and weighed and otherwise considered by the jury in the same way as if the witness had been present and had given, from the witness stand, the testimony read to you from the deposition. Some of these depositions may be shown by video.

Let me briefly now summarize the parties and the nature of the case. The Plaintiff, or the company that filed the lawsuit, is nXn Tech, LLC, a company that will be referred to during this trial as "nXn." Now you have hear references as well to another name—PA Advisors, LLC, or "PA Advisors." That company changed its name to nXn Tech, LLC after this lawsuit was filed. So do not be confused that some of the documents you may be presented with, or some of the evidence you may hear in this case, refers to "PA Advisors"—nXn and PA Advisors are the same company. The company just changed its name, and the company's name is now "nXn." The Defendants in this case are Yahoo! Inc. and Google Inc., who will be referred to during this case as "Yahoo" and "Google." nXn is seeking damages for both Yahoo's infringement and Google's infringement of United States Patent No. 6,199,067. Because sometimes a patent is

referred to by the last three numbers, you will hear considerable evidence about the "'067 patent," which also may be referred to as the "Geller patent." "Geller" refers to the last name of the inventor, Ilya Geller. A copy of the Geller patent is in each of your jury notebooks. You will have many chances during this trial to familiarize yourself with the patent.

nXn further alleges that the alleged infringement has been willful. Yahoo and Google each seeks a declaratory judgment of non-infringement and invalidity. Both of the Defendants deny nXn's willfulness allegation. At the conclusion of the trial, when I give you your final jury instructions, I will explain the appropriate burden to apply to each of the claims and defenses brought by the parties.

I will now explain generally the United States patent system, the parts of the patent, and how a person receives a patent. Patents are issued by the United States Patent and Trademark Office, and we commonly refer to that as the "PTO." The PTO is part of the United States government. The government is authorized by the United States Constitution to enact patent laws and issue patents to protect inventions. Inventions that are protected by patents may be of products or of methods for doing something. A patent is granted for a set period of time. During the term of the patent, if another person makes, uses, offers to sell or sells something that is covered by the patent without the patent owner's consent, that person is said to have infringed the patent. The patent owner enforces a patent against persons believed to be infringers in a lawsuit in a federal court, such as this one. To be entitled to patent protection, an invention must be new and non-obvious. A patent cannot legally take away from people the right to use that which was known or that which was obvious from what was known before the invention was made. That which was already known at the time of the invention is called "prior art." You will hear about the prior art relating to the patents in suit during the trial, and I will give you more instruction

about what constitutes prior art at the end of the case. Patents issued by the United State Patent Office are presumed to be valid. In this case, the validity of the patent in suit will be disputed, and it is ultimately your job to determine whether the patent is valid or invalid.

I will now give you some general directions about your conduct as members of this jury. First, I instruct you that during the trial, you are not to discuss the case with anyone or permit anyone to discuss it with you. Until you retire to the jury room at the conclusion of the case to deliberate on your verdict, you are simply not to talk about the case. Second, do not read or listen to anything touching on this case in any way. If anyone should try to talk to you about it, bring it to the Court's attention promptly. Third, do not try to do research or make any investigation about the case on your own. Finally, do not form any opinion until all the evidence is in.

Keep an open mind until you start your deliberations at the conclusion of the case. If you wish, you may take notes, but if you do so, leave them in the jury room when you leave at night and remember that they are for your own personal use. I leave it to your discretion to determine much or how little note-taking you wish to do concerning a witness' testimony. It often occurs at the conclusion of the case, when the jury goes in the jury room, the jurors request the transcribed testimony of a witness. You should know that this information is often not available. Therefore, your notes can be very important in refreshing your memory. The trial will begin very shortly, and this is what you can expect.

First, each side will make an opening statement. An opening statement is neither evidence nor argument. It is an outline of what the parties intend to prove, offered to help you follow the evidence. Next, the Plaintiff, nXn, will present its witnesses, and the Defendants may cross-examine those witnesses. Then Yahoo and Google will present their witnesses, and the

Plaintiff may cross-examine those witnesses. The Plaintiff nXn may then present witnesses to rebut Defendants' evidence, and Defendants may cross-examine those witnesses as well. During the course of the trial, the attorneys may take a few minutes to make interim statements. These statements are intended to explain or clarify previous or anticipated testimony. The ground rules for such statements is that a party planning to make an interim statement must inform the Court at the close of testimony the day before and also inform opposing party, so the opposing party can choose to respond or give a separate statement. After both parties have presented all of their evidence, the attorneys will make their closing arguments to summarize and interpret the evidence for you, and the Court will give you instructions on the law. You will then retire to deliberate on your verdict.

Dated: March 1, 2010              Respectfully submitted,

Andrew W. Spangler              By: /s/ Elizabeth A. Wiley
SPANGLER LAW P.C.               Elizabeth A. Wiley
208 N. Green Street, Suite 300
Longview, Texas 75601           Marc A. Fenster, CA Bar No. 181067
(903) 753-9300                  CA Bar No. 181067
(903) 553-0403 (fax)            mfenster@raklaw.com
spangler@spanglerlawpc.com      Andrew Weiss
                                CA Bar No. 232974
David M. Pridham                aweiss@raklaw.com
LAW OFFICE OF DAVID PRIDHAM     Adam Hoffman
25 Linden Road                  CA Bar No. 218740
Barrington, Rhode Island 02806  ahoffman@raklaw.com
(401) 633-7247                  RUSS, AUGUST & KABAT
(401) 633-7247 (fax)            12424 Wilshire Blvd., 12th Floor
david@pridhamiplaw.com          Los Angeles, CA 90025
                                (310) 826-7474
John M. Bustamante              (310) 826-6991 (fax)
Texas Bar No. 24040618
BUSTAMANTE, P.C.                Patrick R. Anderson
54 Rainey Street, No. 721       PATRICK R. ANDERSON PLLC
Austin, Texas 78701             4225 Miller Rd, Bldg. B-9, Suite 358
Tel. 512.940.3753               Flint, MI 48507
Fax. 512.551.3773               (810) 275-0751
Email:jmb@BustamanteLegal.com   (248) 928-9239 (fax)
                                patrick@prapllc.com
Kip Glasscock
Texas State Bar No. 08011000
KIP GLASSCOCK P.C.              Elizabeth A. Wiley
550 Fannin, Suite 1350          Texas State Bar No. 00788666
Beaumont, TX 77701              THE WILEY FIRM PC
Tel: (409) 833-8822             P.O. Box. 303280
Fax: (409) 838-4666             Austin, Texas 78703-3280
Email: kipglasscock@hotmail.com Telephone: (512) 420.2387
                                Facsimile: (512) 551.0028
                                Email: lizwiley@wileyfirmpc.com

# CERTIFICATE OF SERVICE

I certify that this set of proposed post-trial jury instructions is being served on all parties who have consented to electronic filing, pursuant to the Court's CM/ECF system on this 1st day of March 2010.

\s\ Elizabeth A. Wiley
Elizabeth A. Wiley