# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PA ADVISORS, L.L.C.,<br><br>       Plaintiff,<br><br>   v.<br><br>GOOGLE INC., et al.,<br><br>       Defendants. | Civil Action No. 2:07-CV-480 RRR |

# **DEFENDANTS' PROPOSED PRELIMINARY JURY INSTRUCTIONS**

Defendants Google Inc. and Yahoo!, Inc. ("Defendants") propose the following preliminary jury instructions. Defendants' proposal of preliminary jury instructions is without waiver of Defendants' pending motions, which if granted will likely render portions of the following instructions unnecessary. Defendants further reserve the right to amend, supplement, or modify these preliminary instructions in light of expert reports which have not been disclosed, further developments including the pre-trial conference, and any remaining fact or expert discovery. Defendants file these jury instructions separately from Plaintiff because of the differences in format and structure of their respective proposed instructions, but will continue to meet and confer on this issue.

## 1. PRELIMINARY INSTRUCTIONS - GENERAL[1]

MEMBERS OF THE JURY:

You have now been sworn as the jury to try this case. As the jury, you will decide the disputed questions of fact.

As the Judge, I will decide all questions of law and procedure. From time to time during the trial and at the end of the trial, I will instruct you on the rules of law that you must follow in making your decision.

Keep an open mind during the trial. Do not decide any fact until you have heard all of the evidence, the closing arguments, and my instructions.

### 1.1. Nature of the Case and Parties

The parties in this case are the plaintiff, nXn Tech, LLC ("Plaintiff" or "nXn Tech"), and the defendants, Google Inc. and Yahoo!, Inc. The case involves a patent obtained by Ilya Geller, and

---

[1] Defendants' proposed instructions are adapted from the Model Patent Jury Instructions prepared by The National Jury Instruction Project and published June 17, 2009 (available at http://www.nationaljuryinstructions.org/) and the 2006 Fifth Circuit Civil Pattern Jury Instructions (available at http://www.lb5.uscourts.gov/juryinstructions/).

transferred by Geller to nXn Tech. The patent involved in this case is United States Patent No. 6,199,067. For convenience, the parties and I will often refer to this patent as the '067 patent. This patent discloses a system and method for automatically generating personalized user profiles representative of the user's overall linguistic patterns and for utilizing multiple generated profiles to perform adaptive Internet searches by cross matching profiles to present the user with data matching the user's specific request and corresponding to the user's cultural, educational and social backgrounds as well as the user's psychological profile. During the trial, the parties will offer testimony to familiarize you with this technology. For your convenience, we have for you a notebook that contains the patent, as well as a glossary of some of the technical terms to which the parties may refer during the trial.

Plaintiff, nXn Tech, contends that Defendants, Google and Yahoo, infringe certain claims of the '067 patent, specifically, claims 1, 3, 4, 6, 43, 45, and 47, by making a product that includes all of the requirements of those claims. Google and Yahoo deny nXn Tech's allegations of infringement, and contend that the '067 patent is invalid.

### 1.2. Juror's Duties

You have two main duties as jurors. First, you must decide what the facts are from the evidence that you will see and hear in court. Second, you must take the law that I give you, apply it to the facts, and answer the questions in the verdict form. To fulfill your duties as jurors, you must decide whether claims 1, 3, 4, 6, 43, 45, and 47 of the '067 patent have been infringed and whether those claims are invalid. If you decide that any claim of the '067 patent has been infringed and is valid, you will then need to decide any money damages to be awarded to nXn Tech to compensate for that infringement.

### 1.3. Evidence

The evidence in this case includes only what the witnesses say while they are testifying under oath, the exhibits that I allow into evidence, the stipulations that the lawyers agree to, and the facts that I will instruct you to take as true. Nothing else is evidence. The lawyers' questions, objections, statements and arguments are not evidence. My legal rulings are not evidence. Any of my comments and questions are not evidence.

In making your decision, you must consider only the evidence in this case. However, you should use your common sense in weighing the evidence. Consider it in light of your everyday experience and give it whatever weight you believe it deserves.

### 1.4. Witnesses

In determining the weight to give the testimony of a witness, you should ask yourself whether the evidence tended to show that the witness testified falsely about some fact, or whether the evidence showed that at some other time the witness said or did something, or failed to say or do something that was different from the testimony at trial.

When specialized knowledge or experience about a particular matter may be helpful to the jury, a person who has special training or experience in that technical field—called an expert witness—may state his opinion on those matters. You need not accept the opinion of any of these expert witnesses. As with any other witness, you are free to decide whether to rely upon that testimony.

### 1.5. Depositions

Certain testimony may be presented to you through a deposition. Some of that deposition testimony may be presented by video. A deposition is the sworn, recorded answers to questions asked a witness in advance of the trial. Under some circumstances, if a witness cannot be present to

testify from the witness stand, that witness' testimony may be presented, under oath, in the form of a deposition. Some time before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. A videographer may have also recorded the testimony. The questions and answers will be read or shown to you. This deposition testimony is entitled to the same consideration as if the witness had been present and had testified from the witness stand in court.

### 1.6. Interrogatories

Evidence may be presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers have been given in writing and under oath, before the actual trial, in response to questions which were submitted in writing under established court procedures. The answers are entitled to the same consideration and are to be judged as to credibility and weight, and otherwise considered by you, insofar as possible, as if the answers were made from the witness stand.

### 1.7. Burden of Proof – Preponderance of the Evidence Standard

nXn Tech has the burden of proving infringement and damages regarding the '067 patent by what is called "preponderance of the evidence." That means nXn Tech has to produce evidence which, when considered in light of all the facts, leads you to believe that what nXn Tech claims is more likely true than not. To put it differently, if you were to put nXn Tech's and Google's or Yahoo's evidence on the opposite sides of a scale, the evidence supporting nXn Tech's claims would have to make the scales tip to nXn Tech's side.

You should base your decision on all of the evidence, regardless of which party presented it. If you believe that nXn Tech has met its burden of proving patent infringement and damages by a preponderance of the evidence, you must find in favor of nXn Tech for the '067 patent. If you

believe that nXn Tech has not met its burden of proof for the '067 patent, you must find in favor of Google and Yahoo.

### 1.8. Burden of Proof – Clear and Convincing Evidence Standard

A patent is presumed to be valid. In this case, Google and Yahoo contend that the asserted claims of the '067 patent are invalid. Accordingly, Google and Yahoo have the burden of proving that each of the asserted claims of the '067 patent are invalid by "clear and convicing evidence." This standard is stricter than the "preponderance of the evidence" standard. Therefore, for Google and Yahoo to prevail, you must be persuaded that it is highly probable that what Google and Yahoo seek to prove is true.

If you believe that Google and Yahoo have met their burden of proving patent invalidity by clear and convincing evidence, you must find in favor of Google and Yahoo. Again, you should base your decision on all of the evidence, regardless of which party presented it. If you believe that Google and Yahoo have not met their burden of proof, you must find in favor of nXn Tech on the issue of validity.

Those of you who are familiar with the criminal cases will have heard the term "proof beyond a reasonable doubt." That burden does not apply in a civil case and you should, therefore, put it out of your mind in considering whether or not Google, Yahoo, or nXn Tech has met its burden of proof.

### 1.9. No Transcript Available to Jurors

Even though the court reporter is making stenographic notes of everything that is said, a typewritten copy of the testimony will not be available for your use during deliberations. On the other hand, any exhibits introduced during the trial will be available to you during your deliberations.

### 1.10. Questions by Jurors Prohibited

Only the lawyers and I are permitted to ask questions of witnesses. You are not permitted to ask questions of witnesses. Please do not interrupt the lawyers during their examination of witnesses. If you are unable to hear a witness or a lawyer, please raise your hand immediately and I will see that this is corrected.

### 1.11. Taking Notes

If you would like to take notes during the trial, you may do so. If you do take notes, be careful not to get so involved in note taking that you become distracted and miss part of the testimony. Your notes are to be used only as aids to your memory, and if your memory should later be different from your notes, you should rely on your memory and not on your notes. If you do not take notes, rely on your own independent memory of the testimony. Do not be unduly influenced by the notes of other jurors. A juror's notes are not entitled to any greater weight than the recollection of each juror concerning the testimony.

### 1.12. Conduct of the Jury During Trial

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence. Do not discuss the case even with the other jurors until all of the jurors are in the jury room actually deliberating at the end of the case. If anyone should attempt to discuss this case or to approach you concerning the case, you should inform the Court immediately.

Though it is a normal human tendency to converse with people with whom one is thrown into contact, please do not, during the time you serve on the jury, converse, whether in or out of the courtroom, with any of the parties or their attorneys or any witnesses. By this I mean not only do not converse about the case, but do not converse at all. It is important not only that you be fair and impartial, but also that you appear to be fair and impartial.

Do not make any independent investigation of any fact or matter in this case. You are to be guided solely by what you see and hear in this trial.

## 2. PRELIMINARY INSTRUCTIONS – PATENT SPECIFIC

### 2.1. What a Patent is and How One Is Obtained

This case involves a dispute over a United States patent. Before summarizing the positions of the parties and the legal issues involved in the dispute, I want to explain what a patent is and how one is obtained.

The United States Constitution grants Congress the powers to enact laws "to promote the progress of science and useful arts, by securing for limited times to authors and inventors the exclusive right to their respective writings and discoveries." Using this power, Congress enacted the patent laws.

Patents are granted by the United States Patent and Trademark Office (sometimes called "the PTO"). A valid United States patent gives the patent holder certain rights. The patent holder may prevent others from making, using, offering to sell, or selling the patented invention within the United States or from importing it into the United States without the patent holder's permission. A violation of the patent holder's rights is called infringement. The patent holder may try to enforce a patent against persons believed to be infringers by a lawsuit filed in federal court.

The process of obtaining a patent is called "patent prosecution." To obtain a patent, one must file an application with the PTO. The application includes a section called the "specification," which must contain a written description of the claimed invention telling what the invention is, how it works, and how to make and use it, so others skilled in the field will know how to make and use it. The specification concludes with one or more numbered sentences. These are the patent "claims." When the patent is eventually granted by the PTO, the claims define the boundaries of its protection

and give notice to the public of those boundaries. Claims can be independent or dependent. An independent claim is self-contained. A dependent claim refers back to an earlier claim and includes the requirements of the earlier claim.

After the applicant files a patent application, a PTO patent examiner reviews it to determine whether the claims are patentable and whether the specification adequately describes the invention claimed. In examining a patent application, the patent examiner reviews records available to the PTO for what is referred to as "prior art." The examiner will also review prior art if it is submitted to the PTO by the applicant. Prior art is defined by law, and, at a later time, I will give you specific instructions on what constitutes prior art. However, in general, prior art includes things that existed before the claimed invention, that were publicly known or used in a publicly accessible way in this country, or that were patented or described in a publication in any country. The examiner considers, among other things, whether each claim defines an invention that is new, useful, and not obvious when compared with the prior art. A patent lists the prior art the examiner considered; this list is called the "cited references."

After the prior art search and examination of the application, the patent examiner then informs the applicant in writing what the examiner has found and whether any claim is patentable, and thus will be "allowed." This writing from the patent examiner is called an "office action." If the examiner rejects the claims, the applicant then responds and sometimes changes the claims or submits new claims. This process, which takes place only between the examiner and the patent applicant, may go back and forth for some time until the examiner is satisfied that the application and claims meet the requirements for a patent. The papers generated during this time of communicating back and forth between the patent examiner and the applicant make up what is called

the "prosecution history." All of this material becomes available to the public no later than the date when the PTO grants the patent.

Just because the PTO grants a patent does not necessarily mean that any invention claimed in the patent is, in fact, legally entitled to the protection of a patent. For example, the examiner may not have had available all the information that will be presented to you. A person accused of infringement has the right to argue here in federal court that a claimed invention in the patent is not entitled to patent protection because it does not meet the requirements for a patent. In other words, an accused infringer may defend a suit for patent infringement on the grounds that the patent is invalid.

**2.2. The Contents of a Patent**

During the trial, you will hear references made to the various sections of the patent. The different parts of a patent follow a standard format. The cover page of a patent identifies the date the patent was granted and the patent number along the top, as well as the inventor's name, the filing date, and a list of the references considered by the PTO during the prosecution of the patent.

The specification of a patent begins with an abstract, also found on the cover page. The abstract is a brief statement about the subject matter of the invention. Next come the drawings. The drawings illustrate various aspects or features of the invention. The written description of the invention appears next and is organized into two columns on each page. The specification ends with numbered sentences. These numbered sentences are the patent claims.

The claims of a patent are a main focus of a patent case because it is the claims that define the patent owner's rights under the law. That is, the claims define what the patent owner may exclude others from doing during the term of the patent.

The claims of a patent serve two purposes. First, they set out the boundaries of the invention covered by the patent. Second, they provide notice to the public of those boundaries. Thus, when a product is accused of infringing a patent, it is the patent claims that must be compared to the accused product to determine whether or not there is infringement. It is the claims of the patent that are infringed when patent infringement occurs. The claims are at issue as well when the validity of a patent is challenged. In reaching your determinations with respect to infringement and invalidity, you must consider each claim separately.

The language of patent claims may not be clear to you, or its meaning may be disputed by the parties. I will instruct you at the end of the case about the meaning of some of the claim language. You must use the meanings that I give you when you decide the issues of infringement and invalidity.

### 2.3. Glossary of Patent Terms

To assist you in your deliberations, we have a Glossary of Patent Terms that identifies terms used in patent matters and gives you a definition of those terms. The Glossary is included in your notebook.

**GLOSSARY OF PATENT TERMS**

**Application** – The initial papers filed by the applicant with the United States Patent and Trademark Office (also called the Patent Office or PTO).

**Claims** – The numbered sentences appearing at the end of the patent that define the invention. The words of the claims define the scope of the patent holder's exclusive rights during the life of the patent. Claims can be independent or dependent. An independent claim is self-contained. A dependent claim refers back to an earlier claim and includes the requirements of the earlier claim.

**File wrapper** – Another term for the "prosecution history" defined later.

**License** – Permission to use or make the patented invention, or perform any of the other exclusive rights granted by the patent, which may be granted by a patent holder (or a prior licensee) in exchange for a fee called a "royalty" or other types of payment.

**Office action** – Communication from the patent examiner regarding the patent application.

**Ordinary skill in the art** – The level of experience, education, and/or training that those individuals who worked in the area of the invention ordinarily possessed at the time of the effective filing date of the patent application.

**Patent and Trademark Office ("PTO")** – The office of the United States Government charged with examining applications for patents and issuing patents.

**Patent examiners** – Personnel employed by the PTO who review (or examine) patent applications to determine whether the claims of a patent application are patentable and whether the specification adequately describes and enables the claimed invention.

**Prior art** – Prior art is not art as one might generally understand the word art. Rather, prior art is a technical term relating to patents. In general, it includes things that existed before the claimed invention and might typically be a patent or a printed publication. I will give you a more specific definition of prior art later.

**Prosecution history** – The written record of proceedings between the applicant and the PTO, including the original patent application and later communications between the PTO and applicant.

**Reexamination** – A process undertaken by the PTO after a patent is issued to verify that the claimed subject matter is patentable. For a patent to be reexamined, an party must submit prior art to the PTO that raises a substantial new question of patentability not raised during the original prosecution of the patent.

**Specification** – The information that appears in the patent and concludes with one or more claims. The specification includes the written text and the drawings or figures. In the specification, the inventor should provide a description telling what the invention is, how it works, and how to make and use it so as to enable others skilled in the art to do so, and what the inventor believed at the time of filing to be the best way of making the invention.

## 3. PRELIMINARY INSTRUCTIONS – CONDUCT OF TRIAL

### 3.1. The Positions of the Parties

I will now give you a summary of the positions of the parties. Plaintiff, nXn Tech, contends that Defendants, Google and Yahoo, infringe certain claims of the '067 patent, specifically, claims 1, 3, 4, 6, 43, 45, 47, and 61. nXn Tech has the burden of proving that Defendants infringe any of these claims by the preponderance of the evidence. That means that nXn Tech must show that it is more likely than not that Defendants' accused products infringe the claims.

Google and Yahoo deny that they are infringing any claims of the '067 patent. Defendants also contend that the '067 patent is invalid. Invalidity is a defense to infringement. Even though the Patent and Trademark Office has allowed the claims of the '067 patent, you, the jury, have the ultimate responsibility for deciding whether the claims of the patents are valid. Defendants bear the burden of proving invalidity by clear and convincing evidence. This does not require proof beyond a reasonable doubt. Clear and convincing evidence is evidence that shows it is highly probable that the claims are invalid.

At the end of the trial, I will instruct you on the rules of law that you must follow in making your decisions. Your job will be to decide whether or not the contested claims of the '067 patent have been infringed and whether or not those claims are invalid.

If you decide that any claim of the '067 patent has been infringed and also that an infringed claim is valid, then you will then need to decide money damages to be awarded to nXn Tech. nXn Tech, Google and Yahoo will each present testimony and evidence as to the proper amount of damages for any infringement of the patents.

### 3.2. Conduct of the Trial

In a few moments, the trial will begin. The lawyers for each of the parties will make what is called an opening statement. Opening statements are intended to assist you in understanding the evidence. What the lawyers say is not evidence. After the opening statements, the plaintiff will call witnesses and present evidence. Then, Defendants will have an opportunity to call witnesses and present evidence. After the parties' main case is completed, Plaintiff may be permitted to present rebuttal evidence. After all the evidence is presented, I will instruct you on the applicable law. Then the lawyers will again address you to make closing statements. You will then retire to deliberate on a verdict.