# EXHIBIT B

Dockets.Justia.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

PA ADVISORS, L.L.C.,

                Plaintiff,

      v.

GOOGLE INC., et al.,

                Defendants.

Civil Action No. 2:07-CV-480 RRR

## <u>DEFENDANTS' PROPOSED POST-TRIAL JURY INSTRUCTIONS</u>

Defendants Google, Inc. and Yahoo!, Inc. ("Defendants") propose the following post-trial jury instructions. Defendants' proposal of post-trial jury instructions is without waiver of Defendants' pending motions, which if granted will likely render portions of the following instructions unnecessary. Defendants further reserve the right to amend, supplement, or modify these post-trial instructions in light of expert reports which have not been disclosed, further developments including the pre-trial conference, any remaining fact or expert discovery, and based on the evidence and arguments presented at trial. Defendants file these jury instructions separately from Plaintiff because of the differences in format and structure of their respective proposed instructions, but will continue to meet and confer on this issue.

## 1. FINAL INSTRUCTIONS - GENERAL[1]

MEMBERS OF THE JURY:

Now that you have heard all the evidence and the arguments of the attorneys, it is my duty to instruct you on the law which applies to this case. It is your duty to find the facts from all the evidence in the case. To those facts, you will apply the law as I give it to you. You must not read into these instructions, or into anything the Court may have said or done, any suggestion as to what verdict you should return – that is a matter entirely up to you. You are instructed that all persons, including the Plaintiff and Defendants in this case, stand equal before the law, and are to be dealt with as equals in this Court. The law is no respecter of persons.

---

[1] Defendants' proposed instructions are adapted from the Model Patent Jury Instructions prepared by The National Jury Instruction Project and published June 17, 2009 (available at http://www.nationaljuryinstructions.org/), the 2006 Fifth Circuit Civil Pattern Jury Instructions (available at http://www.lb5.uscourts.gov/juryinstructions/) and AIPLA's Model Patent Jury Instructions, March 2008 (available at http://www.aipla.org/).

## 1.1. Plaintiff's Claims and Defendants' Defenses

I will now summarize the contentions of the parties before I provide you instructions on the law to apply during your deliberations. Plaintiff, nXn Tech, contends Defendants, Google and Yahoo, infringe certain claims of its United States patent, specifically, claims 1, 3, 4, 6, 43, 45, 47, and 61 of U.S. Patent No. 6,199,067, which has been referred to as "the '067 patent." Specifically, nXn Tech contends that Google directly infringes claims 1, 3, 4, 6, 43, 45, and 47 by providing AdWords and AdSense for Search, claims 1, 3, 4, 6, and 43 by providing Google Search, and claims 45 and 47 by providing AdSense for Content. nXn Tech also contends that Yahoo directly infringes claims 1, 3, 4, 6, 43 and 61 of the '067 patent by providing Sponsored Search, and claims 45 and 47 by providing Content Match, and Behavioral Targeting. nXn Tech seeks damages in the form of a reasonable royalty to compensate it for Google and Yahoo's alleged infringement.

Google and Yahoo deny nXn Tech's assertions. Specifically, Google and Yahoo deny that they directly infringe claims 1, 3, 4, 6, 43, 45, 47, and 61 of the '067 patent. Google and Yahoo also contend that the asserted claims of the '067 patent are invalid.

nXn Tech bears the burden of proof by a preponderance of the evidence that Google and Yahoo directly infringe the asserted claims of the '067 patents. nXn Tech also has the burden of proving by a preponderance of the evidence the amount of damages caused by Google and Yahoo's alleged infringement. Google and Yahoo bear the burden of proof by clear and convincing evidence that the asserted claims of the patent are invalid.

I will now give you instructions and definitions to help you in answering the questions to follow.

**1.2. Claim Interpretation**

nXn Tech contends that Google and Yahoo committed patent infringement. To decide the question of infringement, you must first understand what the claims of the patent cover, that is, what they prevent anyone else from doing. This is called "claim interpretation."

It is my duty under the law to interpret what the words used in the patent claims mean. I have made my determination, and I will instruct you accordingly. You must apply the meaning I give the patent claims to your decisions on infringement and validity. For any words in the claim for which I have not provided you with a definition, you should apply their plain English meaning. You should not take my definition of the language of the claims as an indication that I have a view regarding how you should decide the issues that you are being asked to decide, such as infringement and invalidity. Those issues are yours to decide.

I will now instruct you how those words are to be construed and understood when deciding the issues of infringement and validity. You have been provided with written copies of the '067 patent and copies of these claim term definitions, and you may use them during your deliberations. Be sure that you follow the definitions given for each individual claim, as some words have different definitions depending upon the claim.

"Data Item" means "a document, website, or other textual data that may be subjected to a search by a user or on behalf of a user."

"Data Item Profile" means "electronic information containing a data item address, at least one linguistic pattern of a data item, and the frequency with which that linguistic pattern recurs."

"Linguistic Pattern" means "a combination of various parts of speech (nouns, verbs, adjectives, etc.)."

"Psychological Profile" means "information regarding characteristic traits of personality, mental processes, or both."

"Search Request Data" means "a search string entered by a user to the system that is representative of the data or information that the user desires to locate."

"Search Request Profile" means "electronic information representative of linguistic patterns in search request data."

"Segment" means "one or more parts of speech arranged in an order."

"Text Item" means "a series of words that can be split into at least one sentence."

"User Linguistic Data" means "textual data supplied by the user, or adopted by the user, that contains at least one linguistic pattern, wherein the supplying or adopting can be done manually or automatically."

"User Profile"/"User Data Profile" means "electronic information representative of one or more linguistic patterns associated with a user and the frequencies with which the linguistic patterns recur."

## 2. PATENT INFRINGEMENT

### 2.1. Direct Infringement – Literal Infringement

#### 2.1.1. Questions You Must Answer

**QUESTION NO. 1.**
Has nXn Tech proven, by a preponderance of the evidence, that Google has directly infringed any claim of U.S. Patent No.6,199,067 ("the '067 patent")?

YES     _____ (For nXn Tech)

NO     _____ (For Google)

*If you answered "Yes" to Question 1, you must answer Question 2.*
*If you answered "No" to Question 1, skip to Question 3.*

**QUESTION NO. 2.**

For each accused product or services listed below, please check all claims of the '067 patent that you find that product directly infringes.

Google Search:
Claim 1: _____
Claim 3: _____
Claim 4: _____
Claim 6: _____
Claim 43: _____

Google AdWords:
Claim 1: _____
Claim 3: _____
Claim 4: _____
Claim 6: _____
Claim 43: _____
Claim 45: _____
Claim 47: _____

Google AdSense for Content:
Claim 45: _____
Claim 47: _____

Google AdSense for Search:
Claim 1: _____
Claim 3: _____
Claim 4: _____
Claim 6: _____
Claim 43: _____
Claim 45: _____
Claim 47: _____

**QUESTION NO. 3.**

Has nXn Tech proven, by a preponderance of the evidence, that Yahoo has directly infringed any claim of U.S. Patent No.6,199,067 ("the '067 patent")?

YES _____ (For nXn Tech)

NO _____ (For Yahoo)

*If you answered "Yes" to Question 3, you must answer Question 4.*
*If you answered "No" to Question 3, skip to Question 5.*

**QUESTION NO. 4.**
For each accused products or services listed below, please check all claims of the '067 patent that you find that product directly infringes.

Yahoo Sponsored Search:
Claim 1: _____
Claim 3: _____
Claim 4: _____
Claim 6: _____
Claim 43: _____
Claim 61: _____

Yahoo Content Match:
Claim 45: _____
Claim 47: _____

Yahoo Behavioral Targeting:
Claim 45: _____
Claim 47: _____

### 2.1.2.  Parties' Contentions and Law To Be Applied In Answering the Above Questions

#### 2.1.2.1.  Literal Infringement

You must decide whether Google and/or Yahoo have made, used, sold, or offered for sale within the United States, or imported into the United States, a product covered by claims 1, 3, 4, 6, 43, 45, 47, or 61 of the '067 patent.  nXn Tech contends that Google directly infringes claims 1, 3, 4, 6, 43, 45, and 47 by providing AdWords and AdSense for Search, claims 1, 3, 4, 6, and 43 by providing Google Search, and claims 45 and 47 by providing AdSense for Content.  You must compare each claim to Google Search, Google AdWords, Google AdSense for Search, and Google AdSense for Content to determine whether each and every requirement of the claim is included in the accused products or services.  Plaintiff contends that Yahoo's Sponsored Search infringes claims 1, 3, 4, 6, 43, and 61.  Plaintiff contends that Yahoo's Content Match infringes claim 45 and 47.  You must compare claims 1, 3, 4, 6, 43 and 61 to Yahoo's Sponsored Search

product and compare claims 45 and 47 to Yahoo's Content Match and Behavioral Targeting products to determine whether each and every requirement of the claim is included in the accused products.

To prove literal infringement, nXn Tech must prove that it is more probable than not that Google's and/or Yahoo's products or services include every requirement in the patent claim. If Google's and/or Yahoo's products or services fail to include even one requirement recited in the patent claim, Google and/or Yahoo do not infringe that claim.

### 2.1.2.2.    Divided Infringement

Direct infringement requires a party to perform or use each and every step of a claimed method.  Where no single party performs all of the steps of a claimed method, but multiple parties combine to perform every step of the method, that claim is not directly infringed unless, in addition, one party exercises control or direction over the entire method so that every step is attributable to the controlling party.[2]  Mere arms-length cooperation between the parties is not enough to establish direct infringement.

nXn Tech must prove that it is more probable than not that Google and/or Yahoo exercise control or direction over every party among those who, in combination, perform each and every step of claims 1, 3, 4, 6, 43, or 61 of the '067 patent.

### 2.1.2.3.    Infringement Limited to Activities within the United States

A claimed method is used within the United States only if every step of the claimed method is performed within the United States.  nXn Tech must prove that it is more probable than not that every step of the claimed method occurs within the United States for the claimed method to infringe.[3]

---

[2]  *BMC Resources Inc. v. Paymentech LP*, 498 F.3d 1373, 1379-80 (Fed. Cir. 2007)
[3]  *NTP, Inc. v. Research in Motion, Ltd.*, 418 F.3d 1282 (Fed. Cir. 2005); *see also Uniloc*

### 2.1.2.4.    Comprising Claims

The asserted claims use the word "comprising."  When a claim uses the word "comprising," "comprising" means "including" or "containing."  A claim that uses the word "comprising" or "comprises" is not limited to products or methods having only the elements that are recited in the claim, but also covers products or methods that add additional elements.

Let's take as an example a claim that covers a table.  If the claim recites a table "comprising" a tabletop, legs, and glue, the claim will cover any table that contains these structures, even if the table also contains other structures, such as a leaf or wheels on the legs.

### 2.1.2.5.    Dependent Claims

So far, my instructions on infringement have applied to what are known as independent claims. The '067 patent also contains dependent claims.  An independent claim does not refer to any other claim of the patent.  Thus, it is not necessary to look at any other claim to determine what an independent claim covers.  Claims 1 and 45 of the '067 patent are independent claims.  A dependent claim refers to at least one other claim in the patent.  A dependent claim includes each of the elements of the other claim to which it refers, plus additional elements recited in the dependent claim itself.  Some dependent claims are dependent on other dependent claims, which are themselves dependent upon an independent claim.

Claim 3  of the '067 patent is a dependent claim that depends on claim 1.  In order for you to find that claim 3 of the '067 patent is infringed, you must first find that claim 1 is infringed.  If you find that independent claim 1 of the '067 patent is not infringed, you must find that dependent claim 3 is not infringed.

Claim 4  of the '067 patent is a dependent claim that depends on claim 1.  In order for you to find that claim 4 of the '067 patent is infringed, you must first find that claim 1 is

*USA, Inc. v. Microsoft Corp.*, 632 F. Supp. 2d 147, 156-57 (D.R.I. 2009).

infringed. If you find that independent claim 1 of the '067 patent is not infringed, you must find that dependent claim 4 is not infringed.

Claim 6 of the '067 patent is a dependent claim that depends on claim 1. In order for you to find that claim 6 of the '067 patent is infringed, you must first find that claim 1 is infringed. If you find that independent claim 1 of the '067 patent is not infringed, you must find that dependent claim 6 is not infringed.

Claim 43 of the '067 patent is a dependent claim that depends on claim 1. In order for you to find that claim 43 of the '067 patent is infringed, you must first find that claim 1 is infringed. If you find that independent claim 1 of the '067 patent is not infringed, you must find that dependent claim 43 is not infringed.

Claim 47 of the '067 patent is a dependent claim that depends on claim 45. In order for you to find that claim 47 of the '067 patent is infringed, you must first find that claim 45 is infringed. If you find that independent claim 45 of the '067 patent is not infringed, you must find that dependent claim 47 is not infringed.

Claim 61 of the '067 patent is a dependent claim that depends on claim 1. In order for you to find that claim 61 of the '067 patent is infringed, you must first find that claim 1 is infringed. If you find that independent claim 1 of the '067 patent is not infringed, you must find that dependent claim 61 is not infringed.

## 3. INVALIDITY

### 3.1. Invalidity - Generally

Patent invalidity is a defense to patent infringement. Even though the Patent and Trademark Office has allowed the claims of a patent, you have the ultimate responsibility for deciding whether the claims of the patent are valid. Google and Yahoo contend that the asserted

claims of the '067 patent are invalid. A patent issued by the United States Patent Office is presumed to be valid. In order to rebut this presumption, Google and Yahoo must establish by clear and convincing evidence that the asserted claims of the '067 patent are not valid.

I will now instruct you on the invalidity issues you should consider. As you consider these issues, remember that Google and Yahoo bear the burden of proving by clear and convincing evidence that the claims of the '067 patent are invalid.

### 3.2. Utility

#### 3.2.1. Question You Must Answer

**QUESTION NO. 5.**
Do you find that Google and Yahoo have proven, by clear and convincing evidence, that any of the following claims of the '067 patent are invalid for the following reasons?

*"Yes" means the claims are invalid.*
*"No" means the claims are valid.*

D. Because it lacks utility?
Answer "Yes" or "No" for each claim.

Claim 1: _____
Claim 3: _____
Claim 4: _____
Claim 6: _____
Claim 43: _____
Claim 45: _____
Claim 47: _____
Claim 61: _____

#### 3.2.2. Parties' Contentions and the Law To Be Applied In Answering The Above Question

Google and Yahoo contend that the '067 patent is invalid because it is not useful. In order to be "useful," as that word is used in the patent laws, the achievement must have practical application or utility in the same art - that is to say that the achievement will operate or function

in the manner claimed and produce a useful result calculated by the invention. To establish that

the patent is invalid for lack of utility, Google and Yahoo must prove by clear and convincing

evidence that the '067 patent is incapable of achieving any of the patents' aims, under any

conditions. Perfection is not required, nor is a commercially successful product required.

Evidence of commercial success, however, may support a finding that there may be utility.

### 3.3. Enablement and Written Description

#### 3.3.1. Question You Must Answer

**QUESTION NO. 5.**
Do you find that Google and Yahoo have proven, by clear and convincing evidence, that any of the following claims of the '067 patent are invalid for the following reasons?

*"Yes" means the claims are invalid.*
*"No" means the claims are valid.*

C. Because it is insufficiently enabled and has inadequate written description?
Answer "Yes" or "No" for each claim.

Claim 1: _____
Claim 3: _____
Claim 4: _____
Claim 6: _____
Claim 43: _____
Claim 45: _____
Claim 47: _____
Claim 61: _____

#### 3.3.2. Parties; Contentions and the Law To Be Applied In Answering the Above Question

##### 3.3.2.1. Enablement

Google and Yahoo contend that the '067 patent are invalid because the patent does not

disclose sufficient information to enable one skilled in the field of the invention, at the time the

application was filed, to make and use the claimed invention. This requirement is known as the

enablement requirement. If a patent claim is not enabled, it is invalid. Each claim must be

analyzed for compliance with the enablement requirement. Google and Yahoo must prove that it is highly probable that the claim was not enabled.

To be enabling, the patent must permit persons of ordinary skill in the field of technology of the patent to make and use the invention without having to conduct undue experimentation. However, some amount of experimentation to make and use the invention is allowable. In your analysis of whether a person of ordinary skill in the field of technology would have to unduly experiment to make and use the invention in the '067 patent, you may consider any one of the following factors:

- the quantity of experimentation necessary;

- the amount of direction or guidance disclosed in the patent;

- the presence or absence of working examples in the patent;

- the nature of the invention;

- the state of the prior art;

- the relative skill of those in the art;

- the predictability of the art; and

- the breadth of the claims.

If you find that one or more of these claims did not comply with the enablement requirement, you must find each such claim invalid.

### 3.3.2.2.    Written Description

Google and Yahoo contend that claims 1, 3, 4, 6, 43, 45, 47, and 61 of the '067 patent are invalid for failure of the patent to provide an adequate written description of the claimed invention. Google and Yahoo  must prove that it is highly probable these claims lacked an adequate written description.

The written description requirement is satisfied if a person of ordinary skill in the field, reading the patent application as originally filed, would recognize that the patent application described the invention of these claims, even though the description might not use the exact words found in the claim. The written description is adequate only if it shows that the inventor was in possession of each claim of the invention at the time the application for the patent was filed, even though the claim may have been changed or new claims added during the prosecution of the application. It is not necessary that each and every aspect of the claim be explicitly discussed, as long as a person of ordinary skill would understand that any aspect not expressly discussed is implicit in the patent application as originally filed. If you find that one or more of the claims challenged by Google and Yahoo lacked an adequate written description, you must find each such claim invalid.

### 3.4. Anticipation – Publicly Used, Known or Previously Published

#### 3.4.1. Question You Must Answer

**QUESTION NO. 5.**

Do you find that Google and Yahoo have proven, by clear and convincing evidence, that any of the following claims of the '067 patent are invalid for the following reasons?

*"Yes" means the claims are invalid.*
*"No" means the claims are valid.*

A. Because it is anticipated by the prior art?
Answer "Yes" or "No" for each claim.

Claim 1: _____
Claim 3: _____
Claim 4: _____
Claim 6: _____
Claim 43: _____
Claim 45: _____
Claim 47: _____
Claim 61: _____

### 3.4.2.  Parties' Contentions and The Law To Be Applied In Answering the Above Question

The patent laws of the United States require that an invention must be new for a person to be entitled to a patent. Google and Yahoo contend that the asserted claims are invalid because they were not new or lacked novelty.  For a claim to be invalid because it is not new, all of its requirements must have existed in a single device or method that predates the claimed invention, or must have been described in a single previous publication or patent that predates the claimed invention. In patent law, such previous device, method, publication or patent is called a "prior art reference." If a patent claim is not new, we say it is "anticipated" by a prior art reference.

The disclosure in the prior art reference does not have to be in the same words as the claim, but all of the requirements of the claim must be there, either stated or necessarily implied, so that someone of ordinary skill in the art of looking at that one reference would be able to make and use at least one embodiment of the claimed invention.

Anticipation also occurs when the claimed invention inherently, or necessarily, results from practice of what is disclosed in the written reference, even if the inherent disclosure was unrecognized or unappreciated by one of ordinary skill in the art of the invention.

Here is a list of the ways that Google and Yahoo can show that a patent claim was not new because the invention described in such claim was publicly used, known or previously published:

- if the claimed invention was already publicly known or publicly used by others in the United States earlier than the date of the inventors' invention;

- if the claimed invention was already patented or described in a printed publication anywhere in the world earlier than the date of the inventors' invention. An electronic

publication, including an on-line or internet publication, is a "printed publication" if it is

at least reasonably accessible to those interested in the field, even if it is difficult to find.;

- if the claimed invention was already described in another published U.S. patent

  application or issued U.S. patent that was based on a patent application filed earlier than

  the date of the inventors' invention.

If a patent claim is not new, as explained above, you must find that claim invalid.

3.5. <u>Anticipation – Statutory Bars</u>

Google and Yahoo contend that the claims of the '067 patent are invalid because each

claim failed to meet one of several statutory provisions in the patent laws.  These provisions are

called "statutory bars."  For a patent claim to be invalid because of a statutory bar, all of its

requirements must have been present in one prior art reference dated more than one year before

the effective filing date of the patent application.  Google and Yahoo bear the burden of proving

that it is highly probable that the patent claims are invalid.

If Google and Yahoo can show that the patent application was not filed within one year

of the occurrence of any of the following events, then the patent application was not timely filed:

- if the claimed invention was already patented or described in a printed publication

  anywhere in the world earlier than one year before the effective filing date of the patent.

  An electronic publication, including an on-line or internet publication, is a "printed

  publication" if it is at least reasonably accessible to those interested in the field, even if it

  is difficult to find.

- if the claimed invention was already being publicly or commercially used in the United

  States earlier than one year before the effective filing date of the patent, and that use was

not primarily an experimental use controlled by the inventor to test whether the invention worked for its intended purpose;

- if a device or method using the claimed invention was sold or offered for sale in the United States, and that claimed invention was ready for patenting, earlier than one year before the effective filing date of the patent. The claimed invention is ready for patenting if it was actually built, or if the inventor had prepared drawings or other descriptions of the claimed invention that were sufficiently detailed to enable a person of ordinary skill in the art of the invention to make and use the invention based on them.

For a claim to be invalid because of a statutory bar, all of the claimed requirements must have been either (1) disclosed in a single prior art reference or (2) implicitly disclosed in a single prior art reference as viewed by one of ordinary skill in the art. The disclosure in a reference does not have to be in the same words as the claim, but all of the requirements of the claim must be described in enough detail, or necessarily implied by or inherent in the reference, to enable someone of ordinary skill in the art of the invention looking at the reference to make and use at least one embodiment of the claimed invention.

A prior art reference also invalidates a patent claim when the claimed invention necessarily results from practice of the subject of the prior art reference, even if the result was unrecognized and unappreciated by one of ordinary skill in the art of the invention.

If you find that all of a patent claim's requirements were present in a prior art reference dated more than one year before the effective filing date of the patent application, you must find the patent claim to be invalid.

### 3.6. Obviousness[4]

#### 3.6.1. Question You Must Answer

<u>QUESTION NO. 5.</u>

Do you find that Google and Yahoo have proven, by clear and convincing evidence, that any of the following claims of the '067 patent are invalid for the following reasons?

*"Yes" means the claims are invalid.*
*"No" means the claims are valid.*

B. Because it is rendered obvious by the prior art?
Answer "Yes" or "No" for each claim.

Claim 1: _____
Claim 3: _____
Claim 4: _____
Claim 6: _____
Claim 43: _____
Claim 45: _____
Claim 47: _____
Claim 61: _____

#### 3.6.2. Parties' Contentions and the Law To Be Applied In Answering the Above Question

Google and Yahoo also contend that the asserted claims of the '067 patents are invalid because the invention was obvious. A patent claim is invalid if the claimed invention would have been obvious to a person of ordinary skill in the field of the invention at the time the original patent application was filed. This means that even if all the requirements of the claim cannot be found in a single prior art reference that would anticipate the claim or constitute a statutory bar to that claim, a person of ordinary skill in the field of the invention who knew about all of the prior art would have come up with the claimed invention. The jury's verdict on the issue of obviousness is advisory only.

---

[4] *KSR Intern. Co. v. Teleflex, Inc.*, 550 U.S. 398 (2007).

A patent claim composed of several requirements is not proved obvious merely by demonstrating that each of its requirements was independently known in the prior art. Although common sense directs one to look with care at a patent application that claims as innovation the combination of known requirements according to their established functions to produce a predictable result, it can be important to identify a reason that would have prompted a person of ordinary skill in the relevant field to combine the requirements in the way the claimed new invention does. This is so because inventions in most, if not all, instances rely upon building blocks long since uncovered, and claimed discoveries almost of necessity will be combinations of what, in some sense, is already known. Accordingly, you may evaluate whether there was some teaching, suggestion, or motivation to arrive at the claimed invention before the time of the claimed invention, although proof of this is not a requirement to prove obviousness. Teachings, suggestions, and motivations may be found in written references including the prior art itself.

Therefore, in evaluating whether such a claim would have been obvious, you should consider a variety of factors, including:

1. Whether Google and Yahoo have identified a reason that would have prompted a person of ordinary skill in the field of the invention to combine the requirements or concepts from the prior art in the same way as in the claimed invention. There is no single way to define the line between true inventiveness on one hand (which is patentable) and the application of common sense and ordinary skill to solve a problem on the other hand (which is not patentable). For example, market forces or other design incentives may be what produced a change, rather than true inventiveness.

2. Whether the claimed invention applies a known technique that had been used to improve a similar device or method in a similar way.

3. Whether the claimed invention would have been obvious to try, meaning that the claimed innovation was one of a relatively small number of possible approaches to the problem with a reasonable expectation of success by those skilled in the art.

You should put yourself in the position of a person of ordinary skill in the field of the invention at the time the claimed invention was made, and you should not consider what is known today or what is learned from the teaching of the patent.

The ultimate conclusion of whether a claim is obvious should be based on your determination of several factual issues:

1.    You must decide the level of ordinary skill in the field of the invention that someone would have had at the time the claimed invention was made.

2.    You must decide the scope and content of the prior art. In determining the scope and content of the prior art, you must decide whether a reference is pertinent, or analogous, to the claimed invention. Pertinent, or analogous, prior art includes prior art in the same field of endeavor as the claimed invention, regardless of the problems addressed by the reference, and prior art from different fields reasonably pertinent to the particular problem with which the claimed invention is concerned. Remember that prior art is not limited to patents and published materials, but includes the general knowledge that would have been available to one of ordinary skill in the field of the invention.

3.    You must decide what difference, if any, existed between the claimed invention and the prior art.

Finally, you should consider any of the following factors that you find have been shown by the evidence:

A.    Factors tending to show nonobviousness:

1.    commercial success of a product due to the merits of the claimed invention;

2.    a long-felt, but unsolved, need for the solution provided by the claimed invention;

3.    unsuccessful attempts by others to find the solution provided by the claimed invention;

4.    copying of the claimed invention by others;

5.    unexpected and superior results from the claimed invention;

      6.      acceptance by others of the claimed invention as shown by praise from others in the field of the invention or from the licensing of the claimed invention;

      7.      disclosures in the prior art that criticize, discredit, or otherwise discourage the claimed invention and would therefore tend to show that the invention was not obvious; and

      8.      other evidence tending to show nonobviousness.

B.      Factors tending to show obviousness

      1.      independent invention of the claimed invention by others before or at about the same time as the named inventor thought of it; and

      2.      other evidence tending to show obviousness.

You may consider the presence of any of the A.1-8 factors as an indication that the claimed invention would not have been obvious at the time the claimed invention was made. And you may consider the presence of the B.1-2 factors as an indication that the claimed invention would have been obvious at such time. Although you should consider any evidence of these factors, the relevance and importance of any of them to your decision on whether the claimed invention would have been obvious is up to you.

Google and Yahoo must prove that it is highly probable that a claimed invention was obvious. If you find that a claimed invention was obvious as explained above, you must find that claim invalid.

## 4. DAMAGES

### 4.1. Questions You Must Answer

**QUESTION NO. 6.**

If you find any claim of the '067 patent to be infringed and valid, state the amount of damages, if any, either in the form of a lump sum amount or a running royalty that would fairly and adequately compensate nXn Tech for what it has proven by a preponderance of evidence against Google.

Lump sum amount, if any, against Google      $   _____

<u>OR, IN THE ALTERNATIVE</u>

Running royalty, if any, against Google

|  | $ | _____ | Royalty Base |
| x (times) | % | _____ | Royalty Rate |
| = | $ | _____ | Damages against Google |

## QUESTION NO. 7.

If you find any claim of the '067 patent to be infringed and valid, state the amount of damages, if any, either in the form of a lump sum amount or a running royalty that would fairly and adequately compensate nXn Tech for what it has proven by a preponderance of evidence against Yahoo.

Lump sum amount, if any, against Yahoo          $          _____

<u>OR, IN THE ALTERNATIVE</u>

Running royalty, if any, against Yahoo

|  | $ | _____ | Royalty Base |
| x (times) | % | _____ | Royalty Rate |
| = | $ | _____ | Damages against Yahoo |

### 4.2. Parties' Contentions and the Law To Be Applied To The Above Questions

#### 4.2.1.  Damages – Generally

I will now instruct you as to the calculation of damages should you find that nXn Tech has met its burden on any of its claims.  If you find that Google and/or Yahoo have infringed any of the asserted claims of nXn Tech's patent, and that these claims are valid, then you should consider the amount of money nXn Tech should receive as damages – that is, you must determine a reasonable royalty.  By instructing you on damages, I do not suggest that one or the other party should prevail.  These instructions are provided to guide you on the calculation of

damages in the event you find infringement of a valid patent claim and thus must address the damages issue.

The amount of damages must be adequate to compensate nXn Tech for the infringement, but it may not be less than a "reasonable royalty." A reasonable royalty can be either a lump sum amount or a running royalty. Your damages determination must not include additional sums to punish Defendants or to set an example. You may award compensatory damages only for the loss that nXn Tech proves was more likely than not caused by Defendants' infringement.

### 4.2.2. Damages – Burden of Proof

Where the parties dispute a matter concerning damages, it is nXn Tech's burden to prove that it is more probable than not that its version is correct. nXn Tech must prove the amount of damages with reasonable certainty, but need not prove the amount of damages with mathematical precision. However, nXn Tech is not entitled to damages that are remote or speculative.

### 4.2.3. Damages – Limited to Activities within the United States

If you choose to award nXn Tech damages, you must remember that nXn Tech is entitled only to damages due to infringement occurring within the United States. In determining whether infringement occurs within the United States, you must determine whether each and every step of the claimed method is performed within this country.[5] nXn Tech must prove that it is more probable than not that compensatory damages are due to infringement occurring within the United States.

---

[5] *NTP, Inc. v. Research in Motion, Ltd.*, 418 F.3d 1282 (Fed. Cir. 2005).

#### 4.2.4. When Damages Began

If you find infringement of a valid claim of the '067 patent, you should assess damages beginning from November 2, 2007, the date this lawsuit was filed.

#### 4.2.5. Reasonable Royalty

A royalty is a payment made to a patent holder in exchange for rights to make, use or sell the claimed invention. A reasonable royalty is the payment that would have resulted from a hypothetical negotiation between a patent holder and the infringer.

If you chose to award nXn Tech damages, you must decide what reasonable royalty would have resulted from a hypothetical negotiation between nXn Tech and Google, and between nXn Tech and Yahoo, taking place just before the time when the infringing sales first began.

In considering the nature of this negotiation, the focus is on what the expectations of the patent holder and infringer would have been had they entered into an agreement at that time and acted reasonably in their negotiations. You must assume that both parties believed the patent was valid and infringed. In addition, you must assume that patent holder and infringer were willing to enter into an agreement -- your role is to determine what that agreement would have been. The test for damages is what royalty would have resulted from the hypothetical negotiation and not simply what either party would have preferred.

In determining the royalty that would have resulted from the hypothetical negotiation you may consider real world facts including the following to the extent they are helpful to you:

- Licenses or offers to license the patent at issue in this case

- The alleged infringer's licenses involving comparable patents

- The licensing history of the parties

- Licensing practices in the relevant industry

- Whether the patent owner had an established policy of refusing to license the patent at issue.

- The relationship between the patent owner and alleged infringer, including whether or not they were competitors

- The significance of the patented technology in promoting sales of the alleged infringer's products and earning it profit

- Alternatives to the patented technology and advantages provided by the patented technology relative to the alternatives.

- The portion of the alleged infringer's profit that should be credited to the invention as distinguished from nonpatented features, improvements or contributions.

### 4.2.6. The Amount of Profit a Reasonable Licensee Would Be Willing to Pay the Patentee

You have heard testimony regarding the amount of their profits that Defendants would have been willing to pay nXn Tech as part of the hypothetical negotiation. You must keep in mind that in industries in which there a lot of patents covering various nuances of technology, a hypothetical licensee is usually not willing to pay as much to any individual patentee because it is likely that other patentees will also come forward to demand a share of the licensee's profits.[6] Therefore, if you find that the field of Internet advertising technology is crowded with many patents, you may find that Defendants would have paid less in its hypothetical negotiation than it would have paid in a non-crowded field.

---

[6] *See Integra Lifesciences I, Ltd. v. Merck KGaA,* 331 F.3d 860, 872 (Fed. Cir. 2003) (reversed on other grounds).

### 4.2.7. Apportionment of Damages Based on the Contribution of the Patented Technology to the Infringing Products

You have heard testimony from the damages experts regarding the amount of benefit the Defendants realized from using the technology of the patent. Keep in mind that the reasonable royalty analysis must take into account the contribution of the patented technology as compared to the contributions of non-patented technology or contributions of patents held by the Defendants or others.[7]

The patentee has the burden to establish this relative contribution.[8] If you find that nXn Tech's damages expert has not properly considered the value of the patent to the infringing products as compared to other technology, his testimony is not reliable and you must not consider it.

### 4.2.8. The Expert's Testimony Must Be Relevant and Reliable

The law strictly requires that you may consider the testimony of the damages experts only if it is relevant and reliable. If you find that the testimony of one or both of the damages experts is not relevant and reliable, you may not consider it in deciding the amount of the reasonable royalty.[9]

To be relevant and reliable, the testimony of the expert must be "tied to the facts of the case" and not simply general testimony that does not relate to the industry at issue or the parties in the case. Furthermore, to be considered reliable, the expert must be expressing more

---

[7] *Cornell Univ. v. Hewlett-Packard Co.,* 2008 U.S. Dist. LEXIS 41848, at *6 (S.D.N.Y. May 27, 2008); *Riles v. Shell Exploration & Prod. Co.,* 298 F.3d 1302, 1311 (Fed. Cir. 2002).
[8] *Garretson v. Clark,* 111 U.S. 120, 121 (1884); *Suffolk Co. v. Hayden,* 70 U.S. 315, 319-20 (1865); *Mowry v. Whitney,* 81 U.S. 6230, 651 (1871).
[9] *See Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579, 589 (1993).

than simply his own speculation or subjective belief.   If you find that his testimony is based only on speculation, you may not consider it.[10]

Expert testimony is not reliable if the expert cannot connect the data upon which he relies to his testimony in a concrete way.[11]  An expert must have "good grounds" for his opinion, and his opinion must be closely tied to the facts in a case.[12]  Even though the law recognizes that the damages expert my need to approximate in some instances, his testimony must be based on sound economics and facts.[13]

### 4.2.9.  The Expert's Testimony Must Be Based on Data from the Appropriate Time Period

As I explained earlier, in determining a reasonable royalty, you are to consider a hypothetical negotiation between the licensor and licensee at the time when infringement first began.   Therefore, it is important that the damages expert base his opinions on data from the right time period.   If you find that the damages experts did not base their opinions on data from the right time period, it is not reliable, and you must not consider it.[14]  If you find that the Internet advertising industry was a rapidly developing industry between the time of the hypothetical negotiation and the time of the data the expert used, it is particularly important that you not consider the expert's testimony.[15]

## 5.   FINAL INSTRUCTIONS – DELIBERATION

Nothing that I may have said or done during the course of this trial is intended to indicate

---

[10]  *DSU Medical Corp. v. JMS Co., Ltd.,* 471 F.3d 1293, 1309 (Fed. Cir. 2006).
[11]  *General Elec. Co. v. Joiner,* 552 U.S. 136 (1997).
[12]  *Daubert*, 509 U.S. at 590.
[13]  *Cornell Univ. v. Hewlett-Packard Co.,* 2008 U.S. Dist. LEXIS 41848, at *2 (S.D.N.Y. May 27, 2008) (citing *Riles v. Shell Exploration & Prod. Co.,* 298 F.3d 1302, 1311 (Fed. Cir. 2002)).
[14]  *Riles v. Shell Exploration & Prod. Co.,* 298 F.3d 1302, 1313 (Fed. Cir. 2002).
[15]  *See Integra Lifesciences I, Ltd. v. Merck KGaA,* 331 F.3d 860, 872 (Fed. Cir. 2003) (reversed on other grounds).

any view of mine as to which party should, or should not, win this case. As I instructed you previously, the jury is the sole judge of the credibility of the testimony and the weight to be given the evidence. These instructions are given to you as a whole, and you are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. You have heard all of the evidence in the case and you have heard the argument of counsel. The court has given you the charge in this case.

In a few moments you will retire to the jury room, select one of your members to act as foreperson, and begin performing the function for which you have been chosen and for which you have been empanelled, in accordance with the oath you took as jurors. You will remember that at the beginning of the trial, the court admonished you not to discuss the case with each other until it was submitted to you. Now is the time for you to begin your discussion, and you certainly may express an opinion from the evidence that you have heard and use any reasonable means to persuade other members of the jury to your convictions and to your honest opinion. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

You are to reach a verdict which speaks the truth, and which does justice to all parties without favor, bias, or prejudice in any particular way, either for or against any party to this lawsuit. The law does not permit jurors to be governed by sympathy or prejudice. A corporation and all other persons, including the plaintiff and defendants in this case, are equal before the law and must be treated as equals in a court of justice.

The verdict must represent the considered judgment of each juror. In order to return

a verdict, it is necessary that each juror agree thereto.  Your verdict must be unanimous.  As soon as you have reached a verdict, you will let this fact be known to the officer who will be waiting upon you and he will report to the court.

Your verdict will be in the form of Questions for you to answer.  You will take these Questions to the jury room, and when you have reached a unanimous agreement as to your verdict, you will have your foreperson fill in, date, and sign the form and then advise the court Security Officer that you have reached a verdict. During your deliberations, you may have any of the exhibits which have been offered into evidence, and the court will send them to you upon written request.

If you desire further instructions, your foreperson may make this known in writing, and the court will try to comply with your wishes.  All communications with the court must be in writing, but at no time should you indicate to the court or to anyone else how the jury is divided in answering any particular Question.

Any notes that you have taken during this trial are only aides to memory.  If your memory should differ from your notes, then you should rely on your memory and not on the notes.  The notes are not evidence.  A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any greater weight than the recollection or impression of each juror concerning the testimony.

I now hand the Questions to the court Security Officer, and you will follow him to the jury room, select one of your members as foreperson, and begin your deliberations.


SIGNED this day of April, 2010.